UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANICE C. AMARA, individually | : | CIVIL ACTION NO. |
| and on behalf of others similarly | : | 3:01-CV-2361 (DJS) |
| situated, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CIGNA CORP. AND CIGNA | : | |
| PENSION PLAN, | : | |
| | : | |
| Defendants. | : | APRIL 28, 2004 |

**PLAINTIFF'S RESPONSE TO  DEFENDANTS'
MOTION TO AMEND ANSWER/MOTION TO DEFER DECISION**

Plaintiffs hereby respond to defendant's motion to amend its answer by moving

that the Court defer decision on defendant's motion until the conclusion of discovery.

Under this Court's referral (#76), Magistrate  Judge Martinez is considering

Plaintiff's motion to compel the  production of documents that Defendants asserted were

privileged. The Plaintiff class intends to conduct limited additional discovery when those

issues are decided, after which the class will move for leave to amend the Complaint to

conform with all the evidence. Amendments of complaints are not unusual at the

conclusion of discovery or summary judgment stage. See, e.g.,Wright & Miller, Federal

Practice &  Procedure, § 1488 ("need to amend may not appear until after discovery has

been completed"). To the extent that Plaintiff's counsel have

identified respects in which the Complaint needs to be clarified,  Defendants have already

been placed on notice through the reports of  Plaintiff's actuarial and communications

experts, through the matters  identified in Plaintiff's Rule 30(b)(6) deposition notice, and

through  Plaintiff's answers to Defendants' interrogatories of the likelihood of a motion to

amend the complaint. Plaintiff respectfully submits that it will be more efficient for the Court to consider both Plaintiff's motion for leave to amend the complaint and Defendants' motion for leave to supplement their answer at the same time. Indeed, the amendment of Plaintiff's complaint may cause Defendants to seek to amend their answer again. Defendants articulate no purpose to be served by deciding their motion for leave to supplement their answer before discovery is concluded, and the Plaintiff class will not going to contend that it was prejudiced by a deferral. Defendants did not confer before filing their motion, and Plaintiff asked Defendants to consent to Plaintiff's deferral proposal but Defendants declined to do so without offering a substantive explanation why handling both issues at the same time would prejudice Defendants.

THE PLAINTIFF

By <u>/s/ Thomas G. Moukawsher</u>
Thomas G. Moukawsher
Fed. Bar. No.: ct08940
Moukawsher & Walsh, LLC
21 Oak Street, Suite 209
Hartford, CT 06106
(860) 278-7003

Stephen R. Bruce (Proc Hac Vice)
Suite 210
805 15th St., NW
Washington, DC 20005
(202) 371-8013

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed on

this date to the defendant at:

Christopher A. Parlo
Morgan, Lewis & Bockius
101 Park Avenue
New York, NY 10178

Joseph J. Costello
Jeremy P. Blumenfeld
Morgan, Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103-2921

Dated this 28th day of April, 2004.

/s/ Thomas G. Moukawsher
Thomas G. Moukawsher