## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANICE C. AMARA, individually and on behalf of others similarly situated, | : : : | 3:01 CV 2361 (DJS) |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| CIGNA CORP. AND CIGNA PENSION PLAN, | : : | |
| Defendants. | : | APRIL 6, 2004 |

### SUPPLEMENTAL ANSWER AND AFFIRMATIVE DEFENSES OF
### DEFENDANTS CIGNA CORPORATION AND
### CIGNA PENSION PLAN TO FIRST AMENDED COMPLAINT

Defendants CIGNA Corporation ("CIGNA") and CIGNA Pension Plan ("the Plan") (collectively "Defendants"), by and through their attorneys, hereby respond to the numbered paragraphs of Plaintiff Janice Amara's ("Plaintiff") First Amended Complaint as follows:

### Nature of the Complaint

1.  Defendants admit that the First Amended Complaint purports to be about retirement benefits Plaintiff alleges she and similarly situated employees are entitled to receive under the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  Defendants deny the remaining allegations of paragraph 1.

### Jurisdiction Venue and Service of Process

2.  Paragraph 2 states conclusions of law to which no responsive pleading is required.

3.  Paragraph 3 states conclusions of law to which no responsive pleading is required.

4.  Paragraph 4 states conclusions of law to which no responsive pleading is required.

## The Parties

5.  Upon information and belief, Defendants admit the allegation contained in Paragraph 5.

6.  Defendants admit that Plaintiff was employed by Connecticut General Life Insurance Company ("CGLIC"), a subsidiary of CIGNA. Defendants further admit that Plaintiff has worked for CGLIC for at least 26 years. Defendants deny the remaining allegations of paragraph 6.

7.  Defendants admit that Plaintiff is a participant in the Plan. The remaining allegations of Paragraph 7 state conclusions of law to which no responsive pleading is required.

8.  Defendants admit that some employees of CIGNA or its subsidiaries earn and receive benefits under the Plan in Connecticut. The remaining allegations of Paragraph 8 state conclusions of law to which no responsive pleading is required.

9.  Defendants admit that CIGNA is a corporation organized under the laws of the State of Delaware, and that it is qualified to do business and does business in the State of Connecticut. Defendants deny the remaining allegations of paragraph 9.

10. Defendants admit that CIGNA functions as plan sponsor for the Plan and that the CIGNA Corporation Corporate Benefit Plan Committee is the named fiduciary for the

Plan. Defendants deny that CIGNA is the plan administrator or the named fiduciary for the Plan. The remaining allegations of Paragraph 10 state conclusions of law to which no responsive pleading is required.

### Class Action Allegations

11. Paragraph 11 states conclusions of law to which no responsive pleading is required.

12. Paragraph 12 states conclusions of law to which no responsive pleading is required.

13. Paragraph 13 states conclusions of law to which no responsive pleading is required.

14. Paragraph 14 states conclusions of law to which no responsive pleading is required.

15. Paragraph 15 states conclusions of law to which no responsive pleading is required.

16. Paragraph 16 states conclusions of law to which no responsive pleading is required.

### Statement of Facts

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff was born on April 3, 1950. Defendants admit that Plaintiff has worked for CGLIC from July 17, 1972 to August 10, 1995 and from September, 1998 to September, 2003. Defendants deny the remaining allegations of paragraph 17.

18. Defendants admit the allegations in the first and second sentences of paragraph 18. Defendants further admit that Plaintiff is an NASD principal for the client services organization of CIGNA's Retirement and Investment Services, as well as a client executive in charge of accounts. Defendants deny the remaining allegations of paragraph 18.

19. Defendants admit that effective January 1, 1998, CIGNA adopted a cash balance pension plan, referred to herein as "Part B." Defendants deny the remaining allegations of paragraph 19.

20. Defendants admit that effective January 1, 1998, certain categories of employees, including some who met age and service requirements, remained in the part of the Plan referred to herein as "Part A." Defendants deny the remaining allegations of paragraph 20.

21. Defendants admit that Plaintiff has participated in Part B since September, 1998. Defendants deny the remaining allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22; such allegations purport to characterize the contents of the Part A and Part B Plan documents, which documents speak for themselves.

23. Defendants admit that CIGNA sent Plaintiff a letter on or about December 14, 1995, a copy of which is attached to the First Amended Complaint as Exhibit 1. Defendants deny the remaining allegations of paragraph 23; such allegations purport to characterize the contents of Exhibit 1 to the First Amended Complaint, which document

4

speaks for itself. Furthermore, Defendants deny that CIGNA notified Plaintiff on December 14, 1995 about her "accrued benefits."

24. Defendants admit that CIGNA sent Plaintiff a letter on or about February 23, 2001, a copy of which is attached to the First Amended Complaint as Exhibit 2. Defendants deny the remaining allegations of paragraph 24; such allegations purport to characterize the contents of Exhibit 2 to the First Amended Complaint, which document speaks for itself.  Furthermore, Defendants deny that CIGNA decreased Plaintiff's benefits under the Plan.

25. Defendants admit that Plaintiff questioned the amount of her retirement benefits and that Andrew Hodges, an actuary for CIGNA Retirement & Investment Services, sent an email dated April 20, 2001, a copy of which is attached to the First Amended Complaint as Exhibit 3.  Whether ERISA Section 204(g), 29 U.S.C. § 1054(g), prohibits decreases in accrued benefits as a result of plan amendments is a conclusion of law to which no responsive pleading is required. Defendants deny the remaining allegations of paragraph 25; such allegations purport to characterize the contents of Exhibit 3 to the First Amended Complaint, which document speaks for itself.

26. Defendants admit that a plan specialist of CIGNA Retirement & Investment Services sent Plaintiff a letter on or about July 6, 2001, a copy of which is attached to the First Amended Complaint as Exhibit 4. Defendants deny the remaining allegations of the first sentence of paragraph 26; such allegations purport to characterize the contents of Exhibit 4 to the First Amended Complaint, which document speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 26.

27. Denied.

28. Defendants deny the allegations of the first and third sentences of paragraph 28; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself Defendants deny the allegations of the second sentence of paragraph 28.

29. Defendants deny the allegations of paragraph 29; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.

## Claim One: Offering Benefit Accruals That Are Conditional Does Not Satisfy ERISA's Nonforfeitability Standard.

30. Defendants admit that CIGNA's CEO, Wilson H. Taylor, approved Part B in 1997 and signed a copy of the Part B plan documents on or about December 21, 1998. Defendants deny the remaining allegations of paragraph 30; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.

31. Defendants deny the allegations of paragraph 31; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.

32. Defendants deny the allegations of paragraph 32; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.

33. To the extent that paragraph 33 states conclusions of law, no responsive pleading is required. Defendants deny the remaining allegations of paragraph 33.

34. To the extent that paragraph 34 states conclusions of law, no responsive pleading is required. Defendants deny the remaining allegations paragraph 34.

35. Defendants deny the allegations of the first sentence of paragraph 35; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself. To the extent that the second sentence of paragraph 35 states conclusions of law, no responsive pleading is required. Defendants deny the remaining allegations of paragraph 35.

36. Paragraph 36 states conclusions of law to which no responsive pleading is required.

37. Paragraph 37 states conclusions of law to which no responsive pleading is required.

38. Denied.

### Count Two:  Failure to Disclose Conditions on New Accruals In the Statutorily-Required Summary Plan Description.

39. Paragraph 39 states conclusions of law to which no responsive pleading is required.

40. Defendants admit that CIGNA distributed a summary plan description ("SPD") to participants in the Plan in October, 1998 and again in September, 1999. Defendants deny the remaining allegations of paragraph 40; such allegations purport to characterize the contents of the SPDs, which documents speaks for itself.

41. To the extent Paragraph 41 states conclusions of law, no responsive pleading is required. Defendants deny the remaining allegations of Paragraph 41.

## Count Three:  Reductions in the Rate of Benefit Accruals Because of Age.

42. To the extent Paragraph 42 states conclusions of law, no responsive pleading is required. Defendants deny the remaining allegations of Paragraph 42.

43. To the extent that the first and second sentences of paragraph 43 purport to describe every cash balance plan, Defendants lack knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 43. To the extent that the first and second sentences of paragraph 43 purport to characterize the terms of the Part A and Part B Plan documents, Defendants deny the allegations, as such documents speak for themselves. To the extent that the third sentence of Paragraph 43 states conclusions of law, no responsive pleading is required. Defendants deny the remaining allegations of Paragraph 43.

44. Defendants deny the allegations of paragraph 44; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.

45. Defendants deny the allegations of paragraph 45; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.

46. Defendants deny the allegations of paragraph 46; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself

47. To the extent Paragraph 47 states conclusions of law, no responsive pleading is required.  Defendants deny the remaining allegations of Paragraph 47.

## Prayer For Relief

48. Defendants deny that Plaintiff is entitled to any relief or damages, including the relief described in paragraph 48.

WHEREFORE, Defendants respectfully request that the First Amended Complaint be dismissed with prejudice, that judgment be entered in their favor, and that Defendants be awarded the costs of this action, attorneys' fees and such other relief as this Court deems appropriate.

## FIRST DEFENSE

The First Amended Complaint fails to state any claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff has failed to exhaust administrative remedies.

## FOURTH DEFENSE

Plaintiff is not entitled to relief beyond that which is authorized by ERISA Section 502(a)(3).

## FIFTH DEFENSE

Plaintiff is not entitled to a jury trial on any of her claims.

## SIXTH DEFENSE

Plaintiff's claims are barred by the defenses of release and/or waiver pursuant to the Agreement and Release she executed. Further, Plaintiff agreed to arbitrate anything

"related in any way to the validity of [the Agreement and Release] or how it is interpreted

or implemented."

## SEVENTH DEFENSE

Retroactive relief is not available on the claims asserted in this action.

RESPECTFULLY SUBMITTED,
DEFENDANTS
CIGNA CORPORATION & CIGNA
PENSION PLAN

James A. Wade (ct00086)
jwade@rc.com
Erin O'Brien Choquette (ct 18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (869) 275-8299

Christopher A. Parlo (CT-04700)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
(212) 309-6062
(212) 309-6273 (fax)

Joseph J. Costello
Jeremy P. Blumenfeld
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-
2921
(215) 963-5295/5258

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 6th day of

April, 2004, via facsimile and first class mail, postage prepaid, upon the following:

Thomas G. Moukawsher
Moukawsher & Walsh, LLC
328 Mitchell Street
Groton, CT  06340

and upon:

Stephen R. Bruce
805 15th Street, NW
Suite 210
Washington, DC 20005

Erin O'Brien Choquette