UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JUN -7  A 11: 03

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| JANICE C. AMARA, individually and on behalf of others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>CIGNA CORP. AND CIGNA PENSION PLAN,<br>      Defendants. | :<br>:<br>: 3:01 CV 2361 (DJS)<br>:<br>:<br>:<br>:<br>:<br>:<br>: JUNE 7, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
DEFENDANTS TO DECERTIFY THE CLASS**

Defendants CIGNA Corp. and CIGNA Pension Plan (the "Plan") (collectively, the "Defendants") submit this Memorandum of Law in support of their Motion to Decertify the Class.

## I. INTRODUCTION

Plaintiff Janice Amara's claims are brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq. Specifically, Plaintiff alleges in Counts I and III of the First Amended Complaint (the "Complaint") that the terms of the Plan, as drafted, violate various provisions of ERISA. In Count II, Plaintiff alleges that the summary plan description ("SPD") for the Plan was misleading and inaccurate.

On December 20, 2002, this Court granted Plaintiff's motion for class certification and certified a class of all former or current CIGNA employees who participated in the Plan before January 1, 1998 and who participated in Part B of the Plan at any time since January 1, 1998. See Amara v. CIGNA Corp., 01-CV-2361, 2002 WL 31993224 (D. Conn. Dec. 20, 2002).

On September 22, 2003, almost two years after first filing her original complaint, Plaintiff (like many others) volunteered to be laid off by CIGNA. In exchange for severance pay of over $100,000, she signed an Agreement and Release ("Release") in which she agreed "that [she] will not file (or ask or let anyone file for [her]) any charge, complaint, claim or lawsuit of any kind in connection with any claim released by this Agreement. . . ." (Release, ¶ 5(a), attached as Exhibit 1). Plaintiff further agreed to "release and discharge" any "Claims," defined in the Release as "any and all claims, demands and causes of action of whatever kind, including any claims for attorney's fees, that you now have, or at any time had, against any Released Persons, but only to the extent they arise out of or relate in any way to your employment or termination of employment with the Company and its affiliates." (Release, ¶ 5(e)).[1] Plaintiff also agreed in the Release to "arbitrate anything: (1) related in any way to the validity of this Agreement or how it is interpreted or implemented (including the validity of [her] ADEA Waiver)." (Release, ¶ 9(a)). On April 6, 2004, Defendants filed a motion to amend their answer to assert an affirmative defense based on the release. This Court granted Defendants' motion on May 3, 2004.

Because Plaintiff executed a Release, and obligated herself to arbitrate any disputes related to the validity or interpretation of her release, Plaintiff's claims are no longer typical of the class she seeks to represent, nor is she an adequate class

---

[1] The Release contains an exception for, among other things, "claims for benefits under any retirement, savings, or other employee benefit programs." (Release, ¶5(f)). As explained herein, Plaintiff's claims in this lawsuit are not "claims for benefits under" the Plan. Rather, Plaintiff asserts in this lawsuit that the Plan is unlawful and that she is entitled to monies in addition to the benefits provided under the Plan.

representative. Accordingly, Defendants respectfully submit that this Court should revisit its original class certification decision and decertify the class.

## II. ARGUMENT

### A. The Court Has Broad Power To Reassess Its Class Certification Decision.

"[A] district court's order denying or granting class status is inherently tentative." Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 n.11 (1978). Indeed, the Second Circuit has held that "courts are <u>required</u> to reassess their class rulings as the case develops." Boucher v. Syracuse Univ., 164 F.3d 113, 118 (2d Cir. 1999) (emphasis added; citations and quotations omitted). To that end, Rule 23(c)(1) provides that any order involving class status can be "altered or amended before final judgment." See Fed. R. Civ. P. 23(c)(1)(C).

Because a class action binds non-participants to the results of litigation purportedly brought in their interests, courts must at all stages be alert for "potential unfairness to the class members brought by the judgment if the framing of the class is overbroad . . . and the error of the tacit assumption underlying the across-the-board rule that all will be well [for class members] for surely the plaintiff will win and manna will fall on all members of the class." Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982) (emphasis added) (internal citation and quotations omitted). (internal citation and quotation omitted). Recognizing this concern, the Supreme Court held in Falcon that a class action can only be maintained "if the trial court is satisfied, <u>after a rigorous analysis</u>, that the prerequisites of Rule 23(a) have been satisfied." Id. (emphasis added).[2]

---

[2] See also Sheehan v. Purolator, Inc., 839 F.2d 99, 103 (2d Cir.) (same).

3

In the December 20, 2002 Order certifying the class in this case, this Court recognized that "[i]n order to obtain class certification, plaintiff <u>must satisfy each</u> of the four prerequisites set forth in Rule 23(a) of the Federal Rules of Civil Procedure . . . . numerosity, commonality, typicality and adequacy of representation." See <u>Amara</u>, 2002 WL 3199.3224, *2 (emphasis added; internal citations and quotations omitted). Here, because of changed circumstances, namely Plaintiff's execution of a release in exchange for ample consideration and her agreement to arbitrate any dispute related to the validity or interpretation of that release, Plaintiff's claims are no longer typical of those of the class, nor is she an adequate class representative.[3]

**B.   Plaintiff's Claims Are Not Typical Of The Claims Of The Class, Nor Is Plaintiff An Adequate Class Representative, Because Of The "Unique Defense" Applicable To Plaintiff Based On The Release She Executed.**

It is well-settled that "class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." <u>Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 222 F.3d 52, 59 (2d Cir. 2000) (internal citation and quotations omitted). <u>See also</u> <u>Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 903 F.2d 176, 180 (2d Cir. 1990) (same); <u>Stevelman v. Alias Research Inc.</u>, No. 5:91-CV-682, 2000 WL 888385, at *3 (D. Conn. June 22, 2000) ("Proposed plaintiffs may not be named to represent the interests of

---

[3]   Cf. <u>Amchem Products, Inc. v. Windsor</u>, 521 U.S. 591, 626 n.20 (1997) ("The adequacy-of-representation requirement tends to merge with the commonality and typicality criteria of Rule 23(a), which serve as guideposts for determining whether maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.") (internal citations, quotations, and ellipsis omitted); <u>Falcon</u>, 457 U.S. at 157 n.13 (same).

4

absent class members where their claims are subject to unique defenses."). The reason is simple:

> Regardless of whether the issue is framed in terms of the typicality of the representative's claim, or the adequacy of its representation, <u>there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.</u>

Gary Plastic Packaging Corp., 903 F.2d at 176 (emphasis added). See also Baffa, 222 F.3d at 60 (same). Importantly, "whether these defenses will be successful is of no matter. The fact that plaintiffs will be subject to such defenses renders their claims atypical of other class members." Landry v. Price Waterhouse Chartered Accountants, 123 F.R.D. 474, 476 (S.D.N.Y. 1989). Indeed, in the Court's December 20 Order certifying the class in this case, this Court correctly ruled that:

> **the presence <u>of even an arguable defense</u> peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation.**

See Amara, 2002 WL 31993224, *3 (emphasis added; quotation and citation omitted). See also In re Independent Energy Holdings PLC Sec. Litig., No. 00-CIV-6689, 2002 WL 1059086, at *4 (S.D.N.Y. May 28, 2002) ("Moreover, a unique defense need not be proven in order to defeat class certification."); Beck v. Status Game Corp., No. 89-CIV-2923, 1995 WL 422067, at *4 (S.D.N.Y. July 14, 1995) ("[I]t does not matter whether a unique defense ultimately will prove meritorious because the fact remains that [plaintiff] will be required to devote considerable time to rebut the unique defense.") (internal quotations omitted).

Here, Plaintiff is subject to a "unique defense" inapplicable to the class.[4] Specifically, Plaintiff executed a general release in exchange for severance benefits in excess of $100,000. Under well-settled Second Circuit jurisprudence, this release is valid if it was "knowing and voluntary" which, in turn, requires examination of the following factors:

> (1) the plaintiff's education and business experience, (2) the amount of time the plaintiff had possession of or access to the agreement before signing it, (3) the role of plaintiff in deciding the terms of the agreement, (4) the clarity of the agreement, (5) whether the plaintiff was represented by or consulted with an attorney, [as well as whether an employer encouraged the employee to consult an attorney and whether the employee had a fair opportunity to do so] and (6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law.

Finz v. Schlesinger, 957 F.2d 78, 82 (2d Cir. 1992) (internal citation omitted). See also Laniok v. Advisory Committee of the Brainerd Mfg. Co. Pension Plan, 935 F.2d 1360 (2d Cir. 1991) ("knowing and voluntary" standard governs whether employee can prospectively waive rights to participate in a pension plan); Sharkey v. Ultramar Energy

---

[4] Defendants are not presently asking the Court to rule on the merits of Defendants' defense based on the release. To the contrary, an inquiry into the merits would be inappropriate at the class certification stage. As Plaintiff herself recognized in her motion for class certification, parties do not "have an obligation to prove their cases at the class certification stage" because "[t]he Supreme Court has found that 'nothing in either the language or history of Rule 23 gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.'" See Plaintiff's Motion for Class Certification at 5, quoting Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 (1974). See also Walker v. Asea Brown Boveri, Inc., 214 F.R.D. 58, 65 (D. Conn. Feb. 25, 2003) (denying class certification and refusing to rule on the enforceability of a release at the class certification stage because "[t]he court perceives the plaintiffs' argument as an invitation to proceed into the merits of the general release issue. This is an inquiry that the court is unwilling to approach at this juncture."). Here, moreover, the validity and interpretation of the Release are matters for an arbitrator to decide. See Release, ¶9(a).

Ltd., 70 F.3d 226, 230-231 (2d Cir. 1995) ("knowing and voluntary" standard applies to release of claims for benefits under plans that were adopted after the release was signed).[5]

By its very nature, Defendants' defense based on the Release is a fact intensive inquiry that uniquely affects Plaintiff. See Walker v. Asea Brown Boveri, Inc., 214 F.R.D. 58, 66 (D. Conn. Feb. 25, 2003) ("[T]he court concludes that determining whether either of the named plaintiffs knowingly and voluntarily waived his right to being a claim for pension benefits will necessarily require a fact-specific inquiry."). A trier of fact – here, an arbitrator – will have to analyze each and every one of the "knowing and voluntary" factors to determine the impact of the Release on Plaintiff's claims.

Moreover, the scope and enforceability of the Release, although irrelevant to the claims of the class, are critical issues for Plaintiff. Needless to say, if the release is valid, Plaintiff cannot maintain this action even on her own behalf.[6] Conversely, under the express terms of the Release, if the waiver of claims provision is determined to be unenforceable, Plaintiff must repay to CIGNA all of the benefits (over $100,000) she received under the Release. See Release, ¶ 13. Thus, Plaintiff must consider the impact of the Release throughout these proceedings, including at summary judgment, trial, and

---

[5] The Second Circuit recently reaffirmed that the "knowing and voluntary" standard applies to the waiver of ERISA claims. See Yablon v. Stroock and Stroock & Lavan Retirement Plan and Trust, No. 02-7820, 2004 WL 1147075, *1 (2d Cir. May 21, 2004) (UNPUBLISHED).

[6] A strong argument exists that these Plaintiffs ratified the releases by not tendering back the consideration she received. See, e.g., Harless v. Research Inst. of Am., 1 F. Supp. 2d 235, 242-243 (S.D.N.Y. 1998) (rejecting challenge to the validity of a release because the "plaintiff has failed to tender back and has ratified the Release"); Bittinger v. Tecumseh Prods. Co., 83 F. Supp. 2d 851, 871-72 (E.D. Mich. 1998) (plaintiff cannot challenge the validity of a release as to ERISA claims because he did not tender back the consideration received for executing the

7

in any settlement discussions the parties might have. In turn, every step Plaintiff takes in this litigation – and every decision she makes – will be colored by the Release she executed. The class, however, should not be burdened with Plaintiff's tainted view. As one court explained in denying class certification in similar circumstances:

> [Defendant's] objection to typicality is based on the fact that [plaintiff] executed a release in [Defendant's] favor prior to receiving his lump sum distribution which, it contends, covers his claims in this suit. ERISA claims may be released, and in general, a claim lacking merit disqualifies a named plaintiff as a proper class representative.
>
> * * *
>
> Here, [plaintiff] executed what appears to be a general release of all claims. A general release has been held to include all claims a signing party has actual knowledge of and those he could have discovered upon reasonable inquiry. This court include therefore an ERISA claim such as [plaintiff's] in this case. He must consider [defendant's] affirmative release defense in evaluating his claim. His primary interest, as it should be, is of course to collect on his own claim. He is not in the same boat as others who possess the same claim but did not execute a release. A class representative is not just a figurehead whose role is to represent others. The reason for entrusting a claim representative with responsibility for the class claims is because his selfish interests are the same as the absent class members so that when he acts in his own interest he necessarily acts in their interest also. For this reason, the court does not believe that [plaintiff], if he exercises the self interest that can rightfully be expected of him, can adequately represent the class.

Mathews v. Sears Pension Plan, No. 95-C-1988, 1996 WL 199746, at *5 (N.D. Ill. Apr. 23, 1996) (emphasis added). See also Beaver Falls Thrift Corp. v. Commercial Credit Bus. Loans, 563 F. Supp. 68, 72 (W.D. Pa. 1983) (class certification denied where plaintiff executed release that putative class members did not execute because "the potential this situation raises for subordination of the interests of the class in favor of the

---

release), aff'd, 201 F.3d 440 (6th Cir. 1999). This issue also must be arbitrated under the terms of the Release.

8

plaintiff's individual case mandates a finding that this plaintiff's claim may be subject to a unique defense and therefore, that [plaintiff] is an inappropriate class representative").

As the Second Circuit has explained, because of the importance of this Release to Plaintiff's claims, "there is a danger that absent class members will suffer if [Plaintiff] is preoccupied with defenses unique to [her]." Gary Plastic Packaging Corp., 903 F.2d at 176. See also Baffa, 222 F.3d at 60 (same). Indeed the Court in Walker[7] denied class certification where the named plaintiffs executed general releases specifically because the releases at issue rendered the plaintiffs' claims atypical of those of the class:

> The court concludes that the named plaintiffs have not satisfied the typicality requirement because they are subject to unique defenses [based on the releases they executed] which threaten to become the focus of the litigation. Further, it is possible that the named plaintiffs are precluded from bringing these claims by virtue of the general releases that they both signed.

Walker, 214 F.R.D. at 66.[8] Likewise here, because of the Release she executed, the unique importance of that Release to her own claims, and Plaintiff's obligation to

---

[7]  Walker also involved a challenge to a cash balance plan, although the plaintiffs' claims were directed to different aspects the plan's design than those at issue in this case.

[8]  See also Ciarlante v. Brown & Williamson Tobacco Corp., No. 95-4646, 1995 WL 764579, at *2 (E.D. Pa. Dec. 18, 1995) ("With respect to the employees who signed releases, however, the threshold issue of whether those releases should be declared invalid or rescinded would assume major importance. That issue is ill-suited to class treatment, since the state of mind of each individual signer would presumably need to be explored."); Melong v. Micronesian Claims Comm'n, 643 F.2d 10, 15 (D.C. Cir. 1980) (plaintiff who did not execute release cannot represent class members who did execute releases; holding "[t]he executing of a release does not conclusively bar prosecution of the underlying claim. The release itself may be found to be defective and therefore void. The point made in the above class action cases, however, is simply that the existence of such releases adds new and significant issues to actions brought on the underlying claims."); Swoope v. Bellsouth Telecomms., Inc., No. 1:97-CV-181-D-D, 1998 WL 433952, at *2 (N.D. Miss. June 23, 1998) (plaintiff who did not execute release cannot

arbitrate any dispute related to the Release, Plaintiff is not an adequate representative for the class, nor are her claims typical of the putative class' claims. The class should be decertified.

### III.   CONCLUSION

For each and all of the foregoing reasons, Defendants respectfully submit that their Motion to Decertify the Class should be granted and that this case should proceed on behalf of Plaintiff individually.

---

represent class members who did execute releases because "the claims or defenses of the named plaintiffs are not typical of the claims or defenses of the class. This is so because none of the named plaintiffs signed a release of his or her claims against [defendant], whereas most of the rest of the proposed class did sign releases") (internal quotations and citations omitted); Killian v. McCulloch, 873 F. Supp. 938, 945 (E.D. Pa. 1995) (plaintiff who signed release cannot represent class members who did not sign releases), aff'd, 82 F.3d 406 (3d Cir. 1996).

DEFENDANTS
CIGNA CORPORATION & CIGNA
PENSION PLAN

*Erin B Choquette* (signature)

James A. Wade (ct00086)
jwade@rc.com
Erin O'Brien Choquette (ct 18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (869) 275-8299

Christopher A. Parlo (CT-04700)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
(212) 309-6062
(212) 309-6273 (fax)

Joseph J. Costello
Jeremy P. Blumenfeld
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5295/5258

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 7th day of June, 2004, via telecopy and first class mail upon the following:

> Thomas G. Moukawsher
> Moukawsher & Walsh, LLC
> 328 Mitchell Street
> Groton, CT 06340

and upon:

> Stephen R. Bruce
> 805 15th Street, NW
> Suite 210
> Washington, DC 20005

_____
Erin O'Brien Choquette

2