UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANICE C. AMARA, individually and on behalf of others similarly situated, | : : : | CIVIL ACTION NO. 3:01-CV-2361 (DJS) |
| Plaintiff, | : : | |
| v. | : : | |
| CIGNA CORP. AND CIGNA PENSION PLAN, | : : : | |
| Defendants. | : | AUGUST 3, 2004 |

**PLAINTIFF'S SURREPLY BRIEF IN SUPPORT OF**
**OBJECTION TO DEFENDANTS' MOTION TO DECERTIFY CLASS**

CIGNA's reply brief propounds a different basis for distinguishing the exception in the Release than was offered in the initial memorandum. Footnote 1 on page 2 of CIGNA's initial memorandum stated that Amara's claims are not covered by the exception to the release (which explicitly exempts "any claims for benefits under retirement ... programs") because Amara seeks "monies in addition to the benefits." Plaintiff's response demonstrated that Amara does not seek such "monies" because ERISA does not allow money damage claims and CIGNA's own opposition to the class certification motion recognized that Amara can "only recover "appropriate equitable relief"-not damages-on any of the claims asserted in the Complaint." Pltf. Opp. at 4 (quoting CIGNA's June 7, 2002 Brief at 8-10).

CIGNA now wants to drop that distinction *sub silencio* and substitute another. CIGNA's reply brief proposes that the Court distinguish between "statutory claims" for benefits and "non-statutory" claims for benefits. Reply at 5-7. While claims for benefits can be parsed on this basis (the Supreme Court once referred to "ordinary benefit claims" as opposed to ones dressed in

"fiduciary duty clothing," See Varity Corp. v. Howe, 516 U.S. 489, 514 (1996)), the simple answer is that the exception in CIGNA's form release covers "any claims for benefits under any retirement ... programs." The exception's sweep is not limited to "any non-statutory claims for benefits," nor does the language of the Release otherwise indirectly remove "any statutory claims for benefits" from the exception.

Plaintiff calls the Court's attention to two additional analogous cases. In Carter v. AT&T, 870 F.Supp. 1438, 1442 (S.D. Ohio 1994), a district court rejected the employer's claim that a plaintiff released her rights to bring a lawsuit to recover additional pension benefits on the basis of violations of the Pregnancy Discrimination Act, ERISA and the Equal Pay Act when she signed a general release that contained an exception for "any rights I may have for benefits under the ... Pension Plan." The court held "this is exactly the exception that was provided for in the release."

In DePace v. Matsushita Elec. Corp., 257 F. Supp. 2d 543, 555-57 (E.D.N.Y. 2004), one of the cases that CIGNA cites in its Reply, Judge Korman held that an ostensibly sweeping release may be unenforceable if there is a mistake about the scope of the causes of action that are encompassed because this means the release was not "knowing and voluntary." Judge Korman expounded on this ruling in an unpublished July 16, 2004 decision (2004 U.S. Dist. LEXIS 13316 at *50-51, 2004 WL 1588312 at *17). Here, even if CIGNA could turn the language of the exception on its head, it would not lead to a "knowing and voluntary" release of the claims in this lawsuit. The language of the exception and the changing nature of CIGNA's reasons undermine any contention that CIGNA engaged in a knowing effort to have Janice Amara release a subset of her "claims for benefits," much less that there was a knowing release by Amara of any subset of her claims for benefits. If it will assist the Court, Mrs. Amara can file a certification on her part to that effect. CIGNA is simply trying

to contrive a defense here and it should not be allowed.

                THE PLAINTIFF

           By___/s/ Thomas G. Moukawsher_____
              Thomas G. Moukawsher
              Fed. Bar. No.: ct08940
              Moukawsher & Walsh, LLC
              21 Oak Street, Suite 209
              Hartford, CT 06106
              (860) 278-7003

              Stephen R. Bruce (Proc Hac Vice)
              Suite 210
      805 15th St., NW
              Washington, DC 20005
              (202) 371-8013

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed on this date to the defendant at:

        Christopher A. Parlo
        Morgan, Lewis & Bockius
        101 Park Avenue
        New York, NY 10178

        Joseph J. Costello
        Jeremy P. Blumenfeld
        Morgan, Lewis & Bockius
        1701 Market Street
        Philadelphia, PA 19103-2921

Dated this 3rd day of August, 2004.

              _____/s/ Thomas G. Moukawsher_____
              Thomas G. Moukawsher