UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JANICE C. AMARA, individually and on behalf of others similarly situated,** : | |
| Plaintiff : | |
| v. : | No. 3:01CV2361 (DJS) |
| **CIGNA CORPORATION AND CIGNA PENSION PLAN,** : | |
| Defendants. : | |

## MEMORANDUM OF DECISION

Plaintiffs have commenced the above-captioned lawsuit, styled as class action, pursuant to the Employee Retirement Income Security Act ("ERISA") and Age Discrimination in Employment Act ("ADEA"), seeking equitable relief for alleged failure to comply with ERISA's non-forfeiture and age discrimination provisions.  Pending before the court is defendants' motion to de-certify the class.  For the reasons set forth herein, this motion (dkt. # 82) is **DENIED**.

Plaintiffs' claims arise from defendant CIGNA's conversion of its prior traditional defined benefit pension plan, CIGNA Pension Plan Part A ("Part A"), into a defined benefit cash balance pension plan, CIGNA Pension Plan Part B ("Part B"). This conversion changed the method of calculating and accounting for annuity benefits by basing the amount of the annuity upon a hypothetical individual account balance.  This hypothetical

balance is derived from "credits" reflecting a predetermined percentage of the employee's salary ("benefit credit") and interest at a predetermined rate ("interest credit").  Thus, the cash balance plan resembles a defined contribution plan, but remains a defined benefit plan.  Plaintiffs challenge this conversion and contend that Part B fails to meet the requirements governing defined benefit plans set forth in ERISA, the Internal Revenue Code ("IRC"), and the ADEA.

On December 20, 2002, the court certified a class of plaintiffs consisting of "[a]ny and all persons who: 1. [a]re former and current CIGNA employees; 2.  [p]articipated in the CIGNA Pension Plan before January 1, 1998; and 3. [h]ave participated in the 'Part B' CIGNA Pension Plan at any time since January 1, 1998."  Defendants have filed a motion to decertify this class (dkt. # 82).

In their moving papers, defendants argue that, because the lead plaintiff, Janice Amara, executed an "Agreement and Release" ("release") on September 22, 2003 contemporaneous with her separation from her employment with Connecticut General Life Insurance Company, she is barred from bringing the ERISA claims set forth in the complaint, and, therefore, she may no longer bring claims on behalf of the class.  Specifically, defendants contend that Amara's execution of the release renders her claims atypical of those claims alleged by the class and renders her an

unfit class representative pursuant to the standard set forth in Rule 23 of the Federal Rules of Civil Procedure.

The existence of a defense unique to the class representative could pose problems for the class as a whole. "While it is settled that the mere existence of individualized factual questions with respect to the class representative's claim will not bar class certification, . . . class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation. . . ." Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 180 (2d Cir. 1990). "Regardless of whether the issue is framed in terms of the typicality of the representative's claims, Rule 23(a)(3), Fed.R.Civ.P., or the adequacy of its representation, Rule 23(a)(4), Fed.R.Civ.P., there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." Id.; cf. Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147, 170 (2d Cir. 2001) ("Two factors generally inform whether class representatives satisfy the Rule 23(a)(4) requirement: '(1) absence of conflict and (2) assurance of vigorous prosecution.'") (quoting 1 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 3.22, at 3-126 (3d ed. 1992)). The court is charged with ensuring that the class representative is acting in the best interest of the class members.

At this juncture, however, defendants have not demonstrated that their defense based upon Amara's execution of the release will become the focus of this litigation. Amara contends that, by its own terms, the release does not apply to the claims set forth in the complaint. Defendants disagree and claim that the scope of the lease is a subject for arbitration. Although the court does not determine the merits of the parties' contentions at this point, the court notes that the possibility that defendants' defense against Amara could subsume this litigation is remote because, if the parties maintain their current positions, the merits of the parties' contentions would be decided in an arbitration proceeding unrelated to this litigation.

Although defendants point out the potential for disruption and conflict caused by their defense based upon the release, a more convincing demonstration is required before this class is decertified. Because Amara claims that the release does not apply to her claims asserted in this action, she is not deterred from seeking relief from this court. Should Amara's position regarding the release change, or should further developments bring the subject of the release from the background to the foreground, the court retains the authority to take appropriate action.

Therefore, for the reasons set forth herein, defendants' motion to decertify the class (dkt. # 82) is **DENIED**.

**IT IS SO ORDERED** at Hartford, Connecticut, this \_\_\_\_\_ day of October, 2004.

/s/DJS
_____
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**