UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANICE C. AMARA, individually and on behalf of others similarly situated, | : : : : | |
| Plaintiff, | : : | 3:01 CV 2361 (MRK) |
| v. | : : | |
| CIGNA CORP. and CIGNA PENSION PLAN, | : : | |
| Defendants. | : | MARCH 4, 2005 |

**JOINT STATUS REPORT**

Plaintiff Janice C. Amara ("Plaintiff") and Defendants CIGNA Corporation ("CIGNA") and CIGNA Pension Plan ("the Plan") (collectively the "Defendants"), by and through counsel, submit this Joint Status Report pursuant to the Court's Order of February 8, 2005.

    **A.    Discovery Dispute About Documents On Defendants' Privilege Logs**

The parties propose that the discovery dispute regarding the 448 documents on Defendants' three privilege logs[1] be resolved as follows:

    1.    The Plaintiff class stipulates that any documents which Defendants' privilege logs describe as related to the "litigation"

---

[1] The three privilege logs are dated August 22, 2002 (16 documents); May 27, 2003 (165 documents); and July 29, 2003 (267 documents). The July 29, 2003 log included a series of 118 documents that were previously identified to counsel for Plaintiff on a privilege log in another case, Depenbrock v. CIGNA.

or "claims" filed by John Depenbrock need not be produced. These include Document Nos. 139-42, 166, 276, 309, D1 - D36 and D115 - 117.

2. For the Court's information, the parties believe that the Third Circuit's recent decision in <u>Depenbrock v. CIGNA</u>, 389 F.3d 78 (3d Cir. 2004), in which the parties were represented by the same lead counsel, may moot the claims of 179 class members, including the named Plaintiff, Janice Amara. The judgment, entered by Judge Robert Kelly on January 31, 2005, orders CIGNA to reinstate Mr. Depenbrock under CIGNA's traditional pension formula. CIGNA subsequently decided that 178 other current and former employees who were rehired in 1998-including named Plaintiff Amara-could be affected by the Third Circuit's decision. The parties have agreed to attempt to negotiate a stipulation addressing the mootness of the claims of these 179 class members and the possible need for Plaintiff's counsel to identify an additional class representative(s). The parties will file a stipulation, or memoranda of law if a stipulation cannot be not reached, by May 2, 2005.

3. The parties believe the outstanding documents can be divided into the following categories:

   a. Documents dated before January 1, 1998 which Defendants' privilege logs describe as related to the "design" of the cash balance changes that CIGNA placed into effect on that date.

   b. Documents dated on or after January 1, 1998 which Defendants' privilege logs also describe as related to the "design" of the cash balance changes which became effective on that date.

   c. Documents dated before December 21, 1998 which Defendants' privilege logs describe as related to the "drafting" of the Plan document adopted by CIGNA on that date.

   d. Documents dated on or after December 21, 1998 which Defendants' privilege logs describe as related to plan "design," "plan amendments" or "drafting."

   e. Documents which Defendants' privilege logs describe as related to submissions to the Internal Revenue Service or

    other compliance-related matters, such as "nondiscrimination testing" of benefit accruals.

  f. Documents which Defendants' privilege logs describe as related to the "Amara claim."

  g. Documents related to other internal claim reviews which are dated before court complaints, if any, were filed.

4. For each category of documents (a - g) above, the parties request that the Court review and rule upon exemplars, i.e., decide: (1) whether Defendants' claims of privilege were waived for any exemplars within the range from Document Nos. 166 to 314 or D1 to D118; (2) if privilege is not waived, decide whether the exemplars are privileged under the attorney-client privilege or work-product doctrine, and (3), if they are, decide whether the exemplars are subject to the "fiduciary exception" to such privileges.

5. The Plaintiff Class proposes that the following 72 documents be reviewed as exemplars of the documents in each category:

  a. Document Nos. 11, 16, 30, 212-15, 219, 222-23, 231, D38, D42, D45, D61, and D63.

      b.      Document Nos. 38, 42, 230, 241, 292, 298, 306, and D118.

      c.      Document Nos. 18, 45, 53-54, 63, 252, D79, D89, and D92.

      d.      Document Nos. 122-24, 126-29, 132-36, 182, 188, 237, 248, 259, 264, 311, and D94.

      e.      Document Nos. 137, 146, 152, and 185-86.

      f.      Document Nos. 277-79, 293, 307 and the documents dated 10/22/01, 10/23/01, 12/4/01, and 12/5/01 on Defendants' initial Privilege Log.

      g.      Document Nos. 275, 298-99, and 312-13.

6.    Subject to the Court's schedule, an in-camera review of the exemplars will be conducted with counsel for both parties present in March or April 2005. After the Court rules, the documents which are not privileged shall be produced and counsel for the parties shall apply the rulings to the other documents in those categories and re-submit any documents on which they cannot agree within 20 days after the Court's rulings.

7. Defendants are willing to use Plaintiff's proposed procedures, including the exemplars selected by the Plaintiff, if the Court deems this to be the most effective and efficient manner for resolving this discovery dispute. Defendants believe, however that this dispute can be resolved more efficiently if the parties jointly reach agreement as to a few (e.g., 1 or 2) exemplars from each category, which decisions would be <u>binding</u> on the remaining documents in that category.

8. In preparation for the Court's rulings, the parties agree to sort all of the documents into categories a - g above by March 15, 2005. The parties stipulate that the sorting of documents into these categories shall not constitute an admission as to the content of a particular document.

9. Defendants further agree to identify by March 25, 2005 any documents for which Defendants will withdraw their assertions of attorney-client privilege. Such documents shall be produced to Plaintiff within 10 days after such determination.

10. Plaintiff agrees to identify by March 25, 2005 those documents for which Plaintiff shall withdraw her motion to compel.

**B.    Proposed Schedule**

The parties propose the following schedule for the remainder of this case:

1. Any motion for leave to amend the complaint and any motion to add additional named representatives shall be filed by May 2, 2005. Defendants state that they will oppose any amendment to the complaint.

2. Any motions in limine about the relevance of direct testimony to "likely prejudice" under Burke v. Kodak Ret. Inc. Plan, 336 F.3d 103, 113-14 (2d Cir. 2003), shall also be filed by May 2, 2005.

3. Discovery shall be completed by June 30, 2005.

4. The parties shall follow the Court's Instructions for Joint Trial Memorandum (rev'd 11/03). The Plaintiff class shall serve its proposed findings of fact and conclusions of law on the Defendants on August 5, 2005, including witness statements and exhibits as provided in the Court's Instructions. Defendants shall serve their answering proposals, including witness statements and exhibits, on August 31, 2005. The parties shall submit the Joint Trial Memorandum on September 15, 2005. A written stipulation of uncontroverted facts and agreed principles of law shall accompany the Joint Trial Memorandum. To the

extent not stipulated, each party shall submit proposed findings of fact, including witness statements, and conclusions of law. Any objection to the admissibility of any exhibit must be stated in the Joint Trial Memorandum, with a brief statement from the proponent regarding admissibility. Each party shall submit a pre-trial brief with motion(s) in limine addressing any other anticipated evidentiary problems with the Joint Trial Memorandum.

5. The parties shall be ready for trial on or after October 31, 2005. The parties shall file such post-trial briefs as the Court directs.

C.   **Settlement Referral**

The parties do not believe that a settlement conference with Magistrate Judge Garfinkel would be productive at this juncture.

Dated: March 4, 2005

                                        FOR THE PLAINTIFF (on behalf of all parties):

                                        By: /s/ Thomas G. Moukawsher
                                        Thomas G. Moukawsher ct08940
                                        Ian O. Smith ct24135
                                        Moukawsher & Walsh, LLC
                                        21 Oak Street
                                        Hartford, CT 06106
                                        (860) 278-7000
                                        tmoukawsher@mwlawgroup.com

        Stephen R. Bruce ct 23534 (pro hac vice)
Suite 210
805 15th St., NW
Washington, DC 20005
(202) 371-8013
stephen.bruce@prodigy.net

## CERTIFICATION

I certify that a copy of the foregoing has been mailed on this date to the defendant at:

        Joseph J. Costello
Jeremy P. Blumenfeld
Morgan, Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103-2921

        Christopher A. Parlo
Morgan, Lewis & Bockius
101 Park Avenue
New York, NY 10178

Dated this 4th day of March, 2005.

        /s/ Thomas G. Moukawsher
Thomas G. Moukawsher