Exhibit 1

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Jeremy P. Blumenfeld**
215.963.5258
jblumenfeld@morganlewis.com

March 21, 2003

### VIA OVERNIGHT MAIL

Thomas G. Moukawsher
Moukawsher & Walsh, LLC
328 Mitchell St.
Groton, CT 06340

Re:   Amara v. CIGNA
      3:01-CV-2361 (DJS)

Dear Tom:

Enclosed please find Defendants' Amended Responses to Plaintiffs' First Request for the Production of Documents, as well as the following documents:

1.   CIGNA's Application for Determination to the IRS (Amara 00692-01251); and

2.   Operations Manual for the CIGNA Pension Plan, Vol. 2 of 2 (D03922-D04271);

3.   "A CIGNA Traditional Plan" dated 6/14/99 (D03555-D03921);

4.   Actuarial Valuation Report for the Cigna Pension Plan for years 1996-2001 (D03237-D03554);

5.   IRS Form 5500s for years 1996-2001 (D02510-D03236);

6.   Documents regarding the drafting of SPDs (D04613-D05102);

7.   Operations Manual for the CIGNA Pension Plan, Vol. 1 of 2 (D05103-D05530);

8.   Documents regarding the CIGNA Pension Plan (D05531-D05550);



Thomas G. Moukawsher
March 21, 2003
Page 2

Additional documents will be produced today under separate cover. Still others will be made available for inspection and copying at CIGNA's various offices where the documents are maintained. A supplemental privileged log will be forthcoming, as will a proposed Confidentiality Order.

Lastly, we have not received any written confirmation from you that you have produced all documents you have that are responsive to our requests, nor have we received a privilege log from you. Accordingly, please provide the same.

Thank you very much for your consideration of this matter.

Sincerely,

Jeremy P. Blumenfeld
JPB/sdm

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------X
:
JANICE C. AMARA, individually,           :
and on behalf of others similarly        :
situated,                                :
                                         :
                    Plaintiff,           :    3:01 CV 2361 (DJS)
                                         :
            v.                           :    March 21, 2003
                                         :
CIGNA CORP. AND CIGNA                    :
PENSION PLAN,                            :
                                         :
                    Defendants.          :
                                         :
---------------------------------------------------X

## DEFENDANTS' AMENDED RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendants CIGNA Corporation ("CIGNA") and CIGNA Pension Plan (the "Plan") (collectively "Defendants"), by and through their counsel, hereby make the following objections and responses to Plaintiff's First Requests for Production of Documents.

### GENERAL OBJECTIONS

1.  Defendants object to the Requests to the extent they call for documents or information which is subject to one or more privileges, including, but not limited to, the attorney-client privilege, or any information which constitutes or reflects the work product of Defendants' attorneys.

2.  Defendants object to the Instructions in the Requests to the extent that they seek to impose any obligation on Defendants that is inconsistent with, or in addition to, obligations imposed by the Federal Rules of Civil Procedure or other Rule or Order of the Court.

3.  Defendants object generally to producing documents or providing information

which is confidential, proprietary or sensitive in nature to Defendants or the employees or customers of Defendants without execution of an appropriate Stipulation of Confidentiality and Protective Order.

## SPECIFIC OBJECTIONS AND RESPONSES

1. All document, data compilations, or tangible things described in Defendants' initial disclosures under Fed.R.Civ.P. 26(a), which were dated April 15, 2002.

**Response:** Defendants will produce for inspection and copying at a mutually convenient time and location any documents identified in their Initial Disclosures dated April 15, 2002.

2. All documents in the files of Stewart Beltz; Gerald Meyn, or John Arko (the three persons identified in Defendants' initial disclosures as reasonably likely to have discoverable information) related to the Cigna Pension Plan.

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Defendants further object on the grounds that the request is vague and ambiguous. Subject to these objections and without waiver thereof, Defendants will produce for inspection and copying at a mutually convenient time and location a copy of documents "in the files" of Stewart Beltz, Gerald Meyn, or John Arko regarding the CIGNA Pension Plan.

3. All documents in the files of Stewart Beltz, Gerald Meyn, or John Arko which may be used to support any claim or defense in this matter, or which are related to any fact which Defendants denied in their Answer to the Complaint, including but not limited to the denial that Plaintiff's annual accruals are conditional on foregoing part of her previously earned benefits or only taking a distribution at normal retirement age (see Defs. Answer to Par. 38 of the Complaint).

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Defendants further object to Request No. 3 on the ground that that Defendants do not yet know which documents "may be used to support any claim or defense in this matter." Subject to these objections and without waiver thereof, Defendants will make appropriate

2

disclosures as and when required by the Federal Rules of Civil Procedure or other Rule or Order of the Court, and will produce for inspection and copying at a mutually convenient time and location a copy of the documents "in the files" of Stewart Beltz, Gerald Meyn, or John Arko regarding the Plan.

4. All documents related to the Cigna Pension Plan that were transmitted to or from the following individuals since 1996: Robert Steele, Andy Hodges, Mark Lynch, Tom Malloy, Bill Farquahar, or Dave Nocera.

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Defendants further object on the grounds that the request is vague and ambiguous. Subject to these objections and without waiver thereof, Defendants will produce for inspection and copying at a mutually convenient time and location a copy of documents related to the CIGNA Pension Plan that were transmitted to or from Robert Steele, Andy Hodges, Mark Lynch, Tom Malloy, Bill Farquahar or Dave Nocera since 1996.

5. All actuarial valuation reports about the Cigna Pension Plan prepared after 1996.

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Subject to these objections and without waiver thereof, Defendants will produce for inspection and copying at a mutually convenient time and location a copy of actuarial valuation reports about the Cigna Pension Plan prepared after 1996.

6. All cost estimates related to the Cigna Pension Plan that were prepared after 1996.

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Defendants further object on the grounds that the request is vague and ambiguous. Subject to these objections and without waiver thereof, Defendants will produce for inspection

3

and copying at a mutually convenient time and location a copy of "cost estimates" related to the Cigna Pension Plan that were prepared after 1996.

7. All documents related to the Cigna Pension Plan that were transmitted to Don Levinson after 1996 or that were used in any presentation or meeting with him after that date.

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Defendants further object on the grounds that the request is vague and ambiguous. Subject to these objections and without waiver thereof, responsive documents will be produced for inspection and copying at a mutually convenient time and location.

8. All documents related to the Cigna Pension Plan that were transmitted to Wilson H. Taylor after 1996, or that were used in any presentation or meeting with him after that date.

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Defendants further object on the grounds that the request is vague and ambiguous. Subject to these objections and without waiver thereof, responsive documents will be produced for inspection and copying at a mutually convenient time and location.

9. All documents related to the Cigna Pension Plan that were transmitted to the People Resources Committee or CIGNA's Board of Directors after 1996, or that were used in any presentation to the PRC or the Board after that date.

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Defendants further object on the grounds that the request is vague and ambiguous. Subject to these objections and without waiver thereof, responsive documents will be produced for inspection and copying at a mutually convenient time and location.

10. Any and all drafts of Plan documents for the Cigna Pension Plan that were prepared between July 1997 and the December 21, 1998, and any documents related to those drafts, such as cover letters or memos.

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Defendants further object on the grounds that the request is vague and ambiguous. Subject to these objections and without waiver thereof, responsive documents will be produced for inspection and copying at a mutually convenient time and location.

11. Any Application for Determination for the Cigna Pension Plan, with attachments or related correspondence, submitted to the IRS after 1996.

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Subject to these objections and without waiver thereof, responsive documents will be produced for inspection and copying at a mutually convenient time and location.

12. All Form 5500's for the Cigna Pension Plan, with attachments, filed after 1996.

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Subject to these objections and without waiver thereof, responsive documents will be produced for inspection and copying at a mutually convenient time and location.

13. All documents, including notes or other records, relating to communications between CIGNA and Federal governmental officials, departments or agencies, including but not limited to the United States Department of Treasury and the Internal Revenue Service, related to cash balance pension plans.

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Subject to these objections and without waiver thereof, responsive documents will be produced for inspection and copying at a mutually convenient time and location.

14. Any and all legal advice, analyses, memos or other documents prepared on behalf of the Cigna Pension Plan or the Plan's fiduciaries relating to the Plan's compliance with ERISA which were prepared after 1996.

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Defendants further object on the grounds that the request is vague and ambiguous. Subject to these objections and without waiver thereof, responsive documents will be produced for inspection and copying at a mutually convenient time and location.

15. All spreadsheets, analyses, or other documents prepared after 1996 related to the Cigna Pension Plan's compliance with ERISA's vesting or benefit accrual rules including but not limited to ERISA's rules on forfeitures of accrued benefits or its 133 1/3% accrual rule.

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Defendants further object on the grounds that the request is vague and ambiguous. Subject to these objections and without waiver thereof, responsive documents will be produced for inspection and copying at a mutually convenient time and location.

16. All spreadsheets, analyses, or other documents related to rates of benefit accrual under the Cigna Pension Plan, Part B.

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Defendants further object on the grounds that the request is vague and ambiguous. Subject to these objections and without waiver thereof, responsive documents will be produced for inspection and copying at a mutually convenient time and location.

17. Any and all documents related to the Cigna Pension Plan's method of preserving the benefits protected by ERISA Section 204(g), including but not limited to any documents related to the Plan's compliance with Treas. Reg. I .40 l(a)(4)-13(c)(4)(ii).

**Objections and Response:** Defendants incorporate by reference herein their General Objections

Nos. 1-3. Defendants further object on the grounds that the request is vague and ambiguous. Subject to these objections and without waiver thereof, responsive documents will be produced for inspection and copying at a mutually convenient time and location.

18. All business requirements, algorithms, software programs, or other procedures related to the administration of the Cigna Pension Plan after January 1, 1998.

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Subject to these objections and without waiver thereof, responsive documents will be produced for inspection and copying at a mutually convenient time and location.

19. All documents related to the valuation of previously earned benefits for the purpose of establishing initial cash balance accounts under the Cigna Pension Plan, including but not limited to documents related to different options for valuing those benefits.

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Defendants further object on the grounds that the request is vague and ambiguous. Subject to these objections and without waiver thereof, responsive documents will be produced for inspection and copying at a mutually convenient time and location.

20. All documents related to the provisions on payment of pensions in Article VII of the Cigna Pension Plan, Part B.

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Defendants further object on the grounds that the request is vague and ambiguous. Subject to these objections and without waiver thereof, responsive documents will be produced for inspection and copying at a mutually convenient time and location.

21. All annuity tables or early retirement factors used to convert cash balance account

balances to annuity form since January 1, 1998.

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Subject to these objections and without waiver thereof, such information has previously been disclosed.

22. All forms and related documents, including benefit commencement and election forms, that have been used in the administration of the Cigna Pension Plan since January 1, 1998.

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Defendants further object on the grounds that the request is vague and ambiguous. Subject to these objections and without waiver thereof, responsive documents will be produced for inspection and copying at a mutually convenient time and location.

23. All documents related to the disclosures about the Part B Cigna Pension Plan in the Retirement Information Kits prepared in 1997 or the Summary Plan Descriptions prepared in 1998 and 1999.

**Objections and Response:** Defendants incorporate by reference herein their General Objections Nos. 1-3. Defendants further object on the grounds that the request is vague and ambiguous. Subject to these objections and without waiver thereof, responsive documents will be produced for inspection and copying at a mutually convenient time and location.

24. All documents related to Janice Amara's pension benefits, including but not limited to all records related to the conversion of her benefits to cash balance and the protection of her previously earned benefits as required by ERISA Section 204(g).

**Objections and Response:** Defendants incorporate by reference herein their General Objection No. 1. Subject to these objections and without waiver thereof, responsive documents have previously been produced.

8

25. All documents related to questions, claims, or complaints from employees about cash balance pensions or the requirements for remaining under the prior plan's benefit formula.

**Objections:** Defendants incorporate by reference herein their General Objections Nos. 1-3. . Defendants further object on the grounds that the request is vague and ambiguous. Subject to these objections and the Court's modification of this Request, and without waiver thereof, responsive documents will be produced for inspection and copying at a mutually convenient time and location.

Dated: March 21, 2003

MORGAN, LEWIS & BOCKIUS LLP

By: _____
Joseph J. Costello
Jeremy P. Blumenfeld
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5295/5258

Christopher A. Parlo (CT-04700)
101 Park Avenue
New York, New York 10178
(212) 309-6062
(212) 309-6273 (fax)

**ROBINSON & COLE**

James A. Wade (CT # 00086)
280 Trumbull Street
Hartford, Connecticut 06103
(860) 275-8270
(860) 275-8299

Attorneys for Defendants
CIGNA Corporation and CIGNA Pension Plan