Exhibit 3

Law Offices

# Moukawsher & Walsh, L.L.C.

Joseph E. Moukawsher
Michael J. Walsh
Thomas G. Moukawsher
D. Lincoln Woodard
Ann Walsh Henderson
Ian O. Smith
Karolina Kolodziej
Ryan P. Barry

21 Oak Street
Suite 209
Hartford, CT 06106
(860) 278-7000

Fax (860) 548-1740

Reply to:

GROTON

October 10, 2003

The Honorable Dominic J. Squatrito
United States District Court Judge
District of Connecticut
450 Main Street
Hartford, CT 06103

RE:   Amara v. Cigna Corp. and Cigna Pension Plan
      Docket No. 3:01 CV 2361 (DJS)

Dear Judge Squatrito:

  This letter is submitted in response to Defendant's letter to the Court dated October 3, 2003. While ostensibly written as a cover letter to accompany the delivery of documents pursuant to the August 27, 2003 order requiring an in camera inspection, the letter makes objectionable representations and argument concerning a discovery ruling in Depenbrock v. Cigna Corp., No. 01-6161 (E.D.Pa.). CIGNA contends that a one-paragraph order in that case concerning some of the documents which it has logged as "D1 - D118" should be followed in this case without further consideration. CIGNA already attached the same order as Exhibit 8 to its opposition and argued on page 21 of the opposition that it should influence the Court's determinations with respect to "many of the" documents listed in its First Supplemental Privilege Log.

  Plaintiff feels compelled to object to the renewed and amplified suggestion in Defendants' cover letter. The ruling in Depenbrock was in a different jurisdiction, it was not accompanied by any written or oral explanation, and it is currently on appeal to the Third Circuit (03-3575). As such, it is obviously not binding upon this Court. Furthermore, enumeration of the documents listed in the order shows that it covers 51 documents, whereas CIGNA asserts privilege for 118 in its "D1 - D118" series.

  As to persuasive value, a one-paragraph order can hardly be persuasive in the absence of any record of the court's reasoning. Without such elaboration, this Court cannot know to what extent the Depenbrock court considered the fiduciary exception to the attorney-client privilege, or to what extent the court's ruling turned upon contrasting facts and legal issues

# Moukawsher & Walsh, L.L.C.

The Honorable Dominic J. Squatrito
October 10, 2003
PAGE TWO

presented by the Depenbrock case. Accordingly, Plaintiff respectfully submits that the improper suggestion of deference to the Depenbrock ruling in CIGNA's letter should be rejected.

    Plaintiff also points out that CIGNA has submitted close to two and one-half times as many documents for in camera inspection as were listed in its original privilege log and First Supplemental Privilege Log. The 267 additional documents that CIGNA submitted under cover of a "Second Supplemental Privilege Log" (118 in the D1-D118 series, plus 149 others) are even more untimely than the 165 documents in CIGNA's First Supplemental Log. The Second Supplemental Privilege Log was not even submitted to the Court with CIGNA's opposition to Plaintiff's motion to enforce the Court's earlier February 19, 2003 Order (which originally directed CIGNA to produce documents responsive to Plaintiff's document requests, with certain exceptions not relevant here). On the basis of the cases cited on pages 5 - 6 of the Plaintiff's memorandum, Defendants have waived any claim of privilege with respect to these documents by the untimely assertion of privilege.

Very truly yours,

Thomas G. Moukawsher

mrm/
enclosure
cc: Counsel