UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

Janice C. Amara, individually and           :
on behalf of others similarly situated,     :
                                            :
            Plaintiffs,                      :
                                            :
v.                                          :     Civil No. 3:01-CV-2361 (MRK)
                                            :
CIGNA Corp. and CIGNA Pension Plan, :              May 6, 2005
                                            :
            Defendants.                      :
_____   :


## PLAINTIFF CLASS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT

Stephen R. Bruce Ct 23534
Suite 210
805 15th St., NW
Washington, DC 20005
(202) 371-8013

Thomas G. Moukawsher Ct 08940
Moukawsher & Walsh, LLC
21 Oak Street
Hartford, CT 06106
(860) 278-7000

Attorneys for the Plaintiff Class

**ORAL ARGUMENT REQUESTED**

## Table of Contents

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.     Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.    Application of the Law on Leave to Amend Factual Allegations and Legal
       Theories . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.   Application of the Law on Adding New Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

i

# Table of Authorities

## Federal Cases

*Adams v. Gould*, 739 F.2d 858 (3d Cir. 1984) ......................................................... 9

*Amchem Products, Inc. v. Windsor*, 512 U.S. 591 (1997) .................................... 14

*Arkwright Mutual Ins. Co. v. Nat'l Union Fire Ins. Co.*, 1995
  WL 3006, 1995 U.S. Dist. LEXIS 11 (S.D.N.Y. 1995) ..................................... 6

*Birmingham Steel Corp. v. TVA*, 353 F.3d 1331 (11th Cir. 2003) ....................... 13

*Bleiler v. Cristwood Contracting Co.*, 868 F. Supp. 461 (D.Conn. 1994) ............. 8

*Block v. First Blood Associates*, 988 F.2d 344 (2d Cir. 1993) ........................... 1, 7

*Burstein v. Retirement Ins. Plan for Employees of Allegheny Health
  Ed. & Resources Fdn.*, 334 F.3d 365 (3d Cir. 2003) ...................................... 10

*Donahue v. Unisys Corp.*, 1991 WL 537530, 1991 U.S. Dist. LEXIS 21106
  (D.Conn. 1991) ............................................................................................. 12

*Engers v. AT&T Corp.*, 2000 U.S. Dist. LEXIS 10937 (D.N.J. 2000) ................. 13

*Foman v. Davis*, 371 U.S. 178 (1962) ................................................................ 1, 5

*Grand Light and Supply Co., Inc. v. Honeywell, Inc.*, 80 F.R.D. 699
  (D.Conn. 1978) ................................................................................................. 5

*Gumer v. Shearson, Hammill & Co.*, 516 F.2d 283 (2d Cir. 1974) ....................... 1

*Harris Trust v. Salomon Smith Barney*, 530 U.S. 238 (2000) ................................ 9

*Harrison v. Rubin*, 174 F.3d 249 (D.C. Cir. 1999) .............................................. 10

*Int'l Union of Bricklayers and Allied Craftsmen Local No. 5 v.
  Hudson Valley Dist. Council Bricklayers and Allied Craftsmen Joint
  Benefit Funds*, 162 F.R.D. 17 (S.D.N.Y. 1995) ............................................... 12

*Koch v. Dwyer*, 2001 WL 289972 (S.D.N.Y. 2001) ............................................. 12

*Kuczynski v. Ragen Corp.*, 732 F. Supp. 378 (S.D.N.Y. 1989) .............................. 7

*Leyda v. AlliedSignal, Inc.*, 322 F.3d 199 (2d Cir. 2003) ........................................ 9

*Masella v. Blue Cross & Blue Shield of Connecticut*, 936 F.2d 98
(2d Cir. 1991) ....................................................................................................... 9

*McCoy v. Laborers Local 222 Pension Plan*, 1888 F. Supp. 2d 461 (D.N.J.
2002), *aff'd*, 2003 WL 1512167 (3d Cir. 2003) ................................................. 6

*McDonald v. Pension Plan of the NYSA-ILA Trust Fund*, 320 F.3d 151
(2d Cir. 2003) ....................................................................................................... 8

*Messier v. Southbury Training School*, 1999 WL 20907, 1999 U.S. Dist.
LEXIS 6992 (D.Conn. 1999) ...................................................................... 13, 14

*Monahan v. New York City Department Of Corrections*, 214 F.3d 275
(2d Cir. 2000) ................................................................................... 1, 5, 6, 10

*Nerney v. Valente & Sons Repair Shop*, 66 F.3d 25 (2d Cir. 1995) ....................... 8

*Parry v. SBC Corp.*, __ F. Supp. 2d __, 2005 WL 742680 (D. Conn.
March 31, 2005) ................................................................................................... 6

*Richstone v. Chubb Colonial Life Insurance*, 1999 WL 287332, 1999 U.S.
Dist. LEXIS 6776 (S.D.N.Y. 1999) ................................................................... 8

*Robinson v. Metropolitan North Commuter R.R.*, 267 F.3d 147
(2d Cir. 2001) ..................................................................................................... 14

*S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28 (2d Cir. 1979) ..... 12

*Staggers v. Otto Gerdau Co.*, 359 F.2d 292 (2d Cir. 1966) ................................. 12

*Stang v. American Express Co.*, 1995 WL 617312, 1995 U.S. Dist. LEXIS
15540 (S.D.N.Y. 1995) ....................................................................................... 8

*State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843 (2d Cir. 1981) .......... 5, 6, 10

*Swierkiewicz v. Sorema*, 534 U.S. 506 (2002) ....................................................... 4

iii

*Tokio Marine & Fire v. Employers Insurance of Wausau*, 786 F.2d 101
    (2d Cir. 1986) ..................................................................................................... 5

*United States v. Continental Ill. National Bank & Trust Co.*, 889 F.2d 1248
    (2d Cir. 1989) ................................................................................................... 11

*Victor G. Reiling Assocs. v. Fisher-Price, Inc.*, 2004 WL 2381719, 2004
    U.S. Dist. LEXIS 21091 (D.Conn. Sept. 30, 2004) .......................................... 5

*Wells v. Harris*, 185 F.R.D. 128 (D.Conn. 1999) ............................................. 1, 11

*Wolf v. National Shopmen Pension Fund*, 728 F.2d 182 (3d Cir. 1984) ............... 6

## Federal Statutes

ERISA § 204(g), 29 U.S.C. § 1054(g) ..................................................................... 4

ERISA § 204(h), 29 U.S.C. § 1054(h) ............................................................... 3, 4

26 C.F.R. 1.401(a)-20 ............................................................................................. 4

## Miscellaneous

Wright and Miller, *Federal Practice and Procedure* ........................................ 5, 12

*Manual for Complex Litigation, Fourth* ..................................................................13

## Introduction

The Plaintiff Class requests that the Court grant leave to amend the Complaint to supplement existing factual allegations to conform with discovery and to add alternative legal theories based on the factual allegations in the complaint concerning: (1) Cigna's failure to give employees advance notice of benefit reductions, (2) its failure to protect previously accrued benefits, and (3) its failure to disclose the "relative values" of benefit options with unequal value. The Plaintiff Class also requests leave to amend the Complaint to add Ms. Gisela R. Broderick, a class member, as a named plaintiff.

Leave to amend a complaint is liberally granted when appropriate. See, e.g., *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Monahan v. New York City Dept. Of Corrections,* 214 F.3d 275, 283 (2d Cir. 2000); *Gumer v. Shearson, Hammill & Co.*, 516 F.2d 283, 287 (2d Cir. 1974). Federal Rule 15(a) is "broadly construed to comport with the general policy of the Federal Rules to permit and encourage disposition of litigation on the merits. This is well settled law." *Wells v. Harris*, 185 F.R.D. 128, 131 (D.Conn. 1999). Indeed, "[i]t is rare that leave to amend should be denied." Id. (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).

"The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Here, Defendants will suffer no undue prejudice because the amended Complaint does not contain any new line of factual

1

allegations; rather, it supplements the existing factual allegations in ¶¶20-25 of the Complaint about lower rates of accruals and the "flaw" in Cigna's system for minimum benefits to conform with the evidence produced in discovery. Discovery unearthed additional documents related to the reduction in benefits under the cash balance formula and the gaps in Cigna's protection of already-earned benefits. The proposed amended pleading offers alternative legal theories based on those factual allegations. During the initial February 8, 2005 conference call with your Honor, Defendants' counsel admitted they have been on notice of these theories for a "couple of years."

There is ample authority, discussed below, that leave should be freely granted to supplement existing factual allegations based on discovery and to assert alternative legal theories arising from the facts already pled. In addition to the Proposed Complaint that accompanies this Motion, a red-lined version is attached as Ex. 1 for the Court's convenience.

## I.     Statement of Facts

When Plaintiffs Janice Amara and Gisela Broderick returned to work for Cigna, they were required to participate in Cigna's new "Part B" cash balance plan rather than resume participation under Cigna's "Part A" traditional defined benefit plan. Under the cash balance plan, Ms. Amara and Ms. Broderick experienced a significant decrease in their future rates of benefit accrual and new conditions on the receipt of even those reduced rates.

2

The existing Complaint alleges that the new plan offered lower benefits. ¶¶20-22. Discovery has unearthed additional evidence not only that benefit rates were lower, but that Cigna and its primary consultant, the William Mercer Company, intentionally designed those reductions while keeping the information from the employees. The proposed amendment conforms the Complaint with this evidence and specifically alleges that Cigna has violated ERISA § 204(h), 29 U.S.C. § 1054(h), by converting to a cash balance pension formula with reduced benefits without providing notice of the significant reduction in the future rate of accruals at least 15 days before the amendments' effective date.

Early on, Ms. Amara, who has some work experience in the pension compliance area, complained that the retirement benefits she earned before the cash balance conversion were not being protected as required by ERISA § 204(g), which prohibits decreases in accrued benefits as a result of plan amendments. An in-house consulting actuary told her the omission of her pre-1998 benefits was attributable to a "flaw" in the "conversion record." ¶¶23-25. Discovery reveals that the "flaw" was actually one of several systemwide holes in Cigna's protection of those benefits. Cigna's computer systems were designed so that plan participants under the age of 55 – as Ms. Amara was when she made her inquiries – would not be notified that they retain rights to protected annuity benefits under Part A, including to early retirement subsidies and a "free 30%" joint and survivor benefit. Moreover, Cigna did not disclose to participants that options

3

based on the "minimum benefits" that they earned before the 1998 cash balance conversion could have a higher relative value than a lump sum payment of their cash balance account. At the April 20, 2005 privilege hearing, this Court ordered CIGNA to produce several documents which appear to contain legal advice related to "minimum benefits" which was used in administration of the plan. Accordingly, the amended Complaint specifically alleges that Cigna has violated ERISA § 204(g)'s anti-cutback rule and a related rule on disclosing the relative value of benefit options.

Given that the amended Complaint expands on existing factual allegations to conform with discovery and offers alternative legal theories founded on those allegations, leave to amend should be freely given. Here, Claims Four and Five of the amended Complaint are closely related to the existing claims and they build on the factual allegations about lower benefits and the "flaw" in the system for minimum benefits already in the Complaint. See First Amended Complaint ¶¶ 20, 22, 25. The only missing elements were specification of the ERISA sections that are violated (a deficiency that the amended pleading corrects by specifying ERISA § 204(h) and § 204(g), and 26 C.F.R. 1.401(a)-20, Q&A 36).

## II.     Application of the Law on Leave to Amend Factual Allegations and Legal Theories

The Supreme Court's decision in *Swierkiewicz v. Sorema*, 534 U.S. 506, 513-14 (2002), holds that a party does not have to plead each factual or legal element of a claim in order to give "fair notice." As the Second Circuit has consistently recognized, Rule 15

4

"reflects two of the most important principles behind the Federal Rules: pleadings are to

serve the limited role of providing the opposing party with notice of the claim or defense

to be litigated, and mere technicalities should not prevent cases from being decided on the

merits." *Monahan*, supra, 214 F.3d at 283 (citations omitted); see also *Victor G. Reiling*

*Assocs. v. Fisher-Price, Inc*., 2004 WL 2381719, \*2, 2004 U.S. Dist. LEXIS 21091, \*4

(D.Conn. Sept. 30, 2004) (plaintiff must be "afforded an opportunity to test his claim on

the merits"). "Rule 15(a) does not require plaintiff to prove its case before submission of

amended pleadings." *Grand Light and Supply Co., Inc. v. Honeywell, Inc*., 80 F.R.D. 699,

700 (D.Conn. 1978).

The Federal Rules are particularly amenable to adding alternative legal theories.

As *Wright and Miller* state: The Federal Rules do "not require the claimant to settle upon

a theory of his case at the pleading stage." *Federal Practice and Procedure* § 1377. In

*Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court unanimously held that a

district court erred in denying leave when "the amendment would have done no more than

state an alternate theory of recovery." 371 U.S. 178, 182 (1962). In *State Teachers Ret.*

*Bd. v. Fluor Corp*., 654 F.2d 843, 856 (2d Cir. 1981), the Second Circuit applied *Foman*

and granted leave to amend where "the amended claim was obviously one of the objects

of discovery and related closely to the original claim." See also *Tokio Marine & Fire v.*

*Employers Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986) (allowing defendants leave

to amend answer to add affirmative defenses where defenses "were an object of

5

discovery" and were "explicitly foreshadowed" at oral argument). Indeed, "[w]hen a

plaintiff seeks to add a new theory upon which relief can be granted, designed merely to

buttress or enhance the chances of recovery and not to add new factual allegations,

amendment should be freely allowed." *Arkwright Mutual Ins. Co. v. Nat'l Union Fire Ins.

Co..*, 1995 WL 3006, *2, 1995 U.S. Dist. LEXIS 11, *7 (S.D.N.Y. 1995). There is even

authority that a motion for summary judgment can itself be construed as a motion to

amend to assert an alternative legal theory. See *Monahan*, supra, 214 F.3d at 283

(especially if no undue prejudice, bad faith, dilatory motive or undue delay of the

proceedings).[1]

　　In this instance, Defendants have long been on notice that the protection of

accrued benefits and the failure to notify participants of such reduction are at issue. The

First Amended Complaint refers to the lower benefits under the cash balance formula and

to Cigna's failure to protect previously accrued benefits as required by ERISA. ¶¶ 20-25.

The amended claims were "obviously one of the objects of discovery" and they are

"closely related to the original claim[s]." *State Teachers Ret. Bd. v. Fluor*, supra, 654 F.2d

at 856. Discovery produced internal Cigna documents related to both the "much higher"

---

[1] In a related vein, the ERISA principle of claim exhaustion does not require plaintiffs to "raise every legal theory on which they base their claim for benefits in order to exhaust." *Parry v. SBC Corp.*, ___ F.Supp.2d ___, 2005 WL 742680, *22 (D. Conn. March 31, 2005); see also *Wolf v. Nat'l Shopmen Pension Fund*, 728 F.2d 182, 186 (3d Cir. 1984) ("ERISA does not require either issue or theory exhaustion, it requires only claim exhaustion"); *McCoy v. Laborers Local 222 Pension Plan*, 1888 F.Supp.2d 461, 467 (D.N.J. 2002), aff'd, 2003 WL 1512167 (3d Cir. 2003).

benefits under the traditional defined benefit plan and the holes in Cigna's protection of previously accrued benefits, which Cigna calls "minimum benefits." Plaintiff's Rule 30(b)(6) notice of deposition, which was filed on May 27, 2003, and the resulting deposition, addressed whether Cigna gave the required ERISA § 204(h). Ex. 2 and Ex. 3. In addition, Plaintiff's June 16, 2003 subpoena duces tecum to the William M. Mercer/Mercer Human Resource Consulting sought production of documents related to compliance with both ERISA § 204(g) and § 204(h). Ex. 4. Plaintiff's actuarial and communications experts, Claude Poulin and Professor James Stratman, have covered these issues in their expert reports and in depositions taken by Cigna's counsel.[2] Finally, as mentioned before, Cigna's counsel told this Court in the Court's initial February 8, 2005 conference call with the parties that Cigna has known about these claims for a "couple of years."

Therefore, Defendants have long had fair notice of the claims in the amended Complaint. See, e.g, *Block v. First Blood,* supra, 988 F.2d at 350-51 (allowing defendants to assert affirmative defense in their motion for summary judgment four years after complaint filed because plaintiffs had knowledge of facts giving rise to defense); *Kuczynski v. Ragen Corp.,* 732 F.Supp. 378, 382 (S.D.N.Y. 1989) (defendants were not deprived of fair notice where "the essential facts which now form the basis for the new

---

[2] The expert reports are attached as Ex. 1 and Ex. 10 to the Class' May 6, 2005 memorandum on the "likely prejudice"standard in *Burke v. Kodak*.

RICO claims are 'closely related' to those contained in earlier complaints").

In addition to the authorities cited above, there is authority specifically in ERISA cases to support leave to amend. In *Nerney v. Valente & Sons Repair Shop*, 66 F.3d 25, 28-29 (2d Cir. 1995), the Second Circuit, noting that "amendment should normally be permitted," allowed the plaintiff to add a claim for breach of fiduciary duty where a genuine issue of material fact existed as to that allegation. In *Bleiler v. Cristwood Contracting Co.*, 868 F.Supp. 461, 464 (D.Conn. 1994), the plaintiff was granted leave to allege that a defendant was liable as an "employer" under ERISA because the additional claim arose "from similar facts and a similar time as the existing claims." In *Stang v. American Express Co.*, 1995 WL 617312, *5, 1995 U.S. Dist. LEXIS 15540, *13-14 (S.D.N.Y. 1995), the Southern District of New York granted plaintiff leave to add an ERISA claim where it was "based on identical facts and essentially identical discovery, and thus presents neither surprise nor significant prejudice." Accord *Richstone v. Chubb Colonial Life Ins.*, 1999 WL 287332, *3, 1999 U.S. Dist. LEXIS 6776, *8-9 (S.D.N.Y. 1999) (finding that defendant had fair notice of plaintiff's ERISA claim where plaintiff filed an affidavit and memorandum in an earlier action that provided a detailed basis of the claim).

In *McDonald v. Pension Plan of the NYSA-ILA Trust Fund*, 320 F.3d 151, 160 (2d Cir. 2003), still another ERISA case, the Second Circuit held that even in an instance where leave to amend was never sought, the appellate court "is not limited to the

8

particular legal theories advanced by the parties." The Second Circuit therefore permitted the <u>defendants</u> to raise new legal arguments on appeal, noting that the parties were "entitled to a resolution in this case that accommodates all relevant portions of ERISA." Accord *Harris Trust v. Salomon Smith Barney*, 530 U.S. 238, 245 n.2 (2000) (even if a petition for certiorari "did not pellucidly articulate this theory," the "tenor" of the legal argument was communicated to the appeals court; "Once a federal claim is properly presented, a party can make any argument in support of that claim").

The instances where parties have been denied the opportunity to advance alternative legal theories are ones in which the legal arguments were not presented at all in the district court. Compare *Leyda v. AlliedSignal, Inc.*, 322 F.3d 199, 207 (2d Cir. 2003) (rejecting alternative defense raised on appeal because "[w]e normally will not reverse a judgment on the basis of an argument that was not made to the district court"); *Masella v. Blue Cross & Blue Shield of Connecticut*, 936 F.2d 98, 107-108 (2d Cir. 1991) (district court correctly waived claim where defendant failed to raise it until post-trial submissions).

Consistent with the Second Circuit, other circuits have liberally allowed amendments at the summary judgment stage to plead alternative legal theories. In *Adams v. Gould*, 739 F.2d 858, 868-69 (3d Cir. 1984), the Third Circuit held in an ERISA case that: "It would be unusual for a district court not to allow leave to amend" where the district court rejects the legal theory of the complaint but an alternative legal theory "has

9

been raised, which on the same facts, is legally sufficient." See also *Burstein v. Ret. Ins. Plan for Employees of Allegheny Health Ed. & Res. Fdn.*, 334 F.3d 365, 386-87 (3d Cir. 2003) (granting leave to amend an ERISA fiduciary breach claim to plead detrimental reliance where the plaintiff conceded the pleading "cannot be read" to allege it–even though the district court had denied leave in its discretion); *Harrison v. Rubin*, 174 F.3d 249, 252 (D.C. Cir. 1999) ("Unless a defendant is prejudiced on the merits by a change in legal theory...a plaintiff is not bound by the legal theory on which he or she originally relied" where the plaintiff seeks to "add no new factual allegations").

Defendants will not suffer any undue prejudice from Plaintiff's conforming the pleadings with discovery and adding alternative legal theories. "Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Ret. Bd. v. Fluor*, supra, 654 F.2d at 856. "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Id. In determining what constitutes undue prejudice, the Second Circuit considers "whether the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial, (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Monahan*, supra, 214 F.3d at 284.

In this instance, none of these conditions are present. As *Foman* and the related

10

circuit decisions establish, it would be "unusual" to find "undue prejudice" from raising alternative legal theories at the summary judgment stage. Here, Defendants themselves moved to amend their Answer on April 6, 2004 to raise additional defenses (dkt. #77 and 78). In an April 28, 2004 response, counsel for the Class did not oppose the motion outright, but asked the Court to defer that decision on the ground that Plaintiff intended to seek leave to amend at the conclusion of discovery.[3] As indicated, Defendants recently conceded that they were on notice of these claims for a "couple of years" and Defendants have not demonstrated that they will be required to spend significant additional resources, or that resolution of the dispute will be delayed by amendment. See *Wells,* supra, 185 F.R.D. at 132 ("defendant is not prejudiced by an amendment adding allegations of further wrongful conduct by the defendant against the background of many similar allegations"). As established above, documentary discovery, depositions, and expert testimony have been taken regarding ERISA §§ 204(g) and 204(h). Even if the Defendants were to need limited additional discovery, discovery is not scheduled to be complete in this case until June 30, 2005 and "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *United States v. Continental Ill. Nat'l Bank & Trust Co.,* 889 F.2d 1248, 1255

---

[3] Plaintiff's response (dkt. #79) states that "Defendants have already been placed on notice" of some of the "respects in which the Complaint needs to be clarified" "through the reports of Plaintiff's actuarial and communications experts, through the matters identified in Plaintiff's Rule 30(b)(6) deposition notice, and through Plaintiff's answers to Defendants' interrogatories."

11

(2d Cir. 1989); *S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979); *Donahue v. Unisys Corp.*, 1991 WL 537530, \*9, 1991 U.S. Dist. LEXIS 21106 (D.Conn. 1991) (despite defendant's argument that it would need to conduct additional discovery as to new claim, court found that "inconvenience" of adding new count "does not amount to undue prejudice within the meaning of *Foman*," especially "[i]n light of the liberalizing spirit of the Federal Rules").

## III.   The Law on Adding New Parties

The Second Circuit recognizes that "Rule 15(a) may be used to substitute new plaintiffs." *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966) (holding that plaintiffs' application to amend complaint to name new plaintiffs should have been granted "pursuant to Rule 15 of the Federal Rules"); *Int'l Union of Bricklayers and Allied Craftsmen Local No. 5 v. Hudson Valley District Council Bricklayers and Allied Craftsmen Joint Benefit Funds*, 162 F.R.D. 17, 24 (S.D.N.Y. 1995) ("Parties may move pursuant to Rule 15(a), Fed R. Civ. P., to amend their pleadings to add new plaintiffs to the litigation"); see also *Wright and Miller, Federal Practice and Procedure* § 1474 ("a party may make a Rule 15(a) amendment to add, substitute, or drop parties to the action").

"[The] liberality in granting leave to amend also applies to amending a complaint to add new parties." *Koch v. Dwyer*, 2001 WL 289972, \*6, 2001 U.S. Dist. LEXIS 4085, \*19 (S.D.N.Y. 2001). "We evaluate a request to add new plaintiffs to the action under the same standard under which we analyzed plaintiffs' request to add new claims."*Hudson*

12

*Valley*, supra, 24. In *Messier v. Southbury Training School*, 1999 WL 20907, \*4, 1999 U.S. Dist. LEXIS 6992, \*12-13 (D.Conn. 1999) (unpublished), this District granted the plaintiff class leave to file a fourth amended complaint to add a new named plaintiff where defendants had placed all but one named plaintiff into the community after the litigation began, "thereby jeopardizing the future certification of the plaintiff class" regarding community placement issues. The court found that the addition of a new named plaintiff would not be prejudicial because defendants would not have to spend "significant additional resources" to conduct further discovery, nor would any significant delay result. Id. See also *Engers v. AT&T Corp.*, 2000 U.S. Dist. LEXIS 10937, \*9-10 (D.N.J. 2000) (unpublished) (allowing a motion to amend to add a new named plaintiff who was already a member of the class and who was the only member to have filed an EEOC charge; the court found that defendants would not be prejudiced or suffer any unfair disadvantage); *Manual for Complex Litigation, Fourth*, §21.26 (if named plaintiff's claims are no longer typical, additional class members can be invited); *Birmingham Steel Corp. v. TVA*, 353 F.3d 1331, 1339-40 (11th Cir. 2003).

In this instance, Gisela Broderick is already a member of the certified class. Because Defendants now contend whether Ms. Amara's claims will be "moot" as a result of applying the Third Circuit's favorable *Depenbrock v. Cigna* decision, which will place her back under the "much higher" Part A benefit formula, the Plaintiff Class seeks to change Ms. Broderick's formal status in the litigation to that of a named plaintiff. The

13

addition of Ms. Broderick as a named plaintiff will "ensure that there are named plaintiffs with representative claims throughout this litigation." *Messier*, supra, 1999 WL 20907 at *1; *Robinson v. Metro North Commuter R.R.*, 267 F.3d 147, 171 (2d. Cir. 2001) ("A class representative must be part of the class and possess the same interest and suffer the same injury as the class members," quoting *Amchem Prods, Inc. v. Windsor*, 512 U.S. 591, 625-26 (1997)). Defendants will suffer no undue prejudice as a result of the addition Ms. Broderick as an additional named plaintiff and Defendants' counsel previously indicated that they will not oppose it.

## Conclusion

For the foregoing reasons, the Plaintiff class respectfully requests that their motion for leave to amend be granted because it supplements the factual allegations in the Complaint based on discovery and advances alternate legal theories "related closely" to the ones already pled. The amendment will not prejudice the Defendants who have been on notice of these legal theories for a "couple of years." The amendment also adds a named plaintiff who is already a member of the class, which Defendants previously indicated they will not oppose.

Dated: May 6, 2005

Respectfully submitted,

By: /s/ Thomas G. Moukawsher
Thomas G. Moukawsher ct08940
Ian O. Smith ct24135
Moukawsher & Walsh, LLC

14

21 Oak Street
Hartford, CT 06106
(860) 278-7000
tmoukawsher@mwlawgroup.com

Stephen R. Bruce ct23534 (pro hac vice)
Suite 210
805 15th St., NW
Washington, DC 20005
(202) 371-8013
stephen.bruce@prodigy.net

15

## CERTIFICATION OF SERVICE

I certify that a copy of the Plaintiff Class' Motion for Leave to Amend Complaint,

the Memorandum in Support thereof, and the Proposed Second Amended Class Action

Complaint have been mailed on this date by FedEx next day delivery or hand-delivery to

counsel for the Defendants at:

> Joseph J. Costello
> Jeremy P. Blumenfeld
> Morgan, Lewis & Bockius
> 1701 Market St.
> Philadelphia, PA 19103-2921
> (215) 963-5295
>
> Elizabeth A. Fowler
> Erin O'Brien Choquette
> Robinson & Cole, LLP
> 280 Trumbull Street
> Hartford, CT 06103-3597
> (860) 275-8200

Dated this 6th day of May, 2005.

> /s/ Thomas G. Moukawsher
> Thomas G. Moukawsher