Exhibit 4

# Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF Eastern District of Pennsylvania

Janice Amara,

v.

CIGNA Corporation, et al.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] 3:01CV2361(DJS)

(Pending in the U.S. District Court, District of Connecticut)

TO: William M. Mercer/ Mercer Human Resource Consulting
1717 Arch Street, 27th Floor
Philadelphia, PA 19103

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "A" attached.

| PLACE | DATE AND TIME |
|---|---|
| Barbin & O'Connell<br>608 Huntingdon Pike, Rockledge, PA 19046-4490 | July 15, 2003<br>10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 6/16/03 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Thomas G. Moukawsher, Esq. Moukawsher & Walsh, LLC, 328 Mitchell Street, P.O. Box 966, Groton, CT 06340 (860) 445-1809

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## EXHIBIT "A"

## DEFINITIONS

The term "DOCUMENT" or "DOCUMENTS" as used herein shall mean and include any and all records or COMMUNICATIONS which would be a "writing" within the meaning of the Federal Rules of Evidence and shall include without limitation, papers, photographs, films, recordings, memoranda, books, records, accounts, spreadsheets, COMMUNICATIONS, writings, letters, telegrams, correspondence, notes of meetings or of conversations either in writing or upon any mechanical or electronic devices, notes, accountants' statements or summaries, work papers, reports, canceled checks, check stub receipts, bank statements, vouchers, minutes of meetings, manuals, notebooks, worksheets, contracts, agreements, receipts, time sheets, promissory notes, diaries, desk calendars, circulars, charts, ledgers, schedules, licenses, appointment books, payment records, stenographer notebooks, punch cards, computer data bases (regardless of how maintained or stored), computer print-out sheets, telephone bills, transfer books, logs, and any information stored in any media (whether magnetic, electronic, photographic, paper or otherwise, without limitation, tape recordings, computer discs), and all drafts, revisions and differing versions of the foregoing whether denominated formal, informal, draft, or otherwise, as well as copies and or duplicates of any and all of the foregoing which differ in any way from the original in your actual or constructive possession, custody, care or control.

The term "RELATED TO" means concerning, referring to, describing, evidencing or constituting.

The term "CIGNA" means CIGNA Corp. and CIGNA Pension Plan and/or their parents, subsidiaries, agents, employees, affiliates, predecessors, successors and assigns.

The term "Mercer" means William M. Mercer, Mercer Human Resource Consulting and/or their parents, subsidiaries, agents, employees, affiliates, predecessors, successors and assigns.

## DOCUMENTS TO BE PRODUCED

1. All documents generated between 1996 and the present related to consulting services performed by Mercer for CIGNA related to cash balance pension plans, including but not limited to all documents related to comparisons between cash balance pension options and other pension benefits, including benefits from plans then being sponsored by CIGNA.

2. All documents prepared or employed (other than copies of statutes, case law, treatises or regulations) in conjunction with Mercer's provision of services to CIGNA related to the compliance of cash balance pension options with applicable laws, including but not limited to compliance with ERISA Section 204(b), 29 U.S.C. §1054(b), ERISA Section 204(g), 29 U.S.C. §1054 (g), or ERISA Section 204(h), 29 U.S.C. §1054 (h).

3. All documents generated between 1996 and the present related to consulting services performed by Mercer for CIGNA to assist with pension-related communications between CIGNA and its employees, including but not limited to any documents related to newsletters, brochures, booklets, summary plan descriptions, cash

balance account statements, or any other documents designed to inform CIGNA employees about CIGNA's cash balance pension plan and its impact upon them.

4. All documents generated between 1996 and the present by Robert Aglira, Lea Peterson, Mike Thomas, or Jon Gross related to consulting services performed by Mercer for CIGNA.

5. All documents prepared for or related to a meeting or meetings between Mercer and CIGNA at Eagle Lodge in Pennsylvania in May or July of 1997 to discuss cash balance pension proposals for CIGNA.