# EXHIBIT 7

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANICE C. AMARA, individually
and on behalf of all others similarly
situated,

      Plaintiff,

v.   :   3:01 CV 2361 (DJS)

CIGNA CORP. AND CIGNA   :   March 8, 2004
PENSION PLAN,

      Defendants.

**PLAINTIFF'S ANSWERS TO SECOND SET OF INTERROGATORIES
AND DOCUMENT REQUESTS FROM DEFENDANT CIGNA**

**General Objections:**

Many Federal court decisions hold that "damages" are not recoverable as such under ERISA. See, e.g., *Mertens v. Hewitt Associates*, 508 U.S. 248 (1993). To the extent Cigna's second set of interrogatories and requests ask for information about "damages," the requests are misplaced. A party's obligation to answer interrogatories asking for quantification of the liabilities the opposing parties may incur from equitable relief sought in a class action is also necessarily limited because: (1) there is no obligation to quantify the liabilities resulting from equitable relief for the opposing parties, (2) most of the information and custom software needed to quantify the aggregate liabilities resides with the opposing parties (Cigna and the Cigna Pension Plan), (3) the relief stage of the action has not been reached, and (4) the work papers and other material prepared to date that relate to remedial relief are work-product. In addition, when the relief stage of the action

is reached, a complete plan of relief may require additional discovery and actuarial and administrative analysis, particularly where the opposing parties have, to that juncture, held most of the individual data and other information. Subject to these objections, the following answers are made based on information currently available to the class counsel. Counsel's right to modify or supplement the ultimate requests for relief is not limited by these responses.

**Interrogatories**

1. Describe in detail the alleged damages and/or remedy sought based on the allegations in Count 1 of the Amended Complaint.

Answer: The relief for Count 1 is:

(1) A declaration that benefit accruals under the "Part B" cash balance formula for the Cigna Pension Plan, i.e., the annual benefit accruals for each year beginning with 1998, must be unconditionally payable without regard to whether a participant elects to receive his or her previously-earned benefits in the protected annuity form or as a converted cash balance amount,

(2) An injunction prohibiting Cigna's application of conditions on the payability of the annual benefit accruals earned under the Part B formula beyond those permitted for nonforfeitable benefits, including relief for conditions imposed on individuals who separated from service before the date of the Court order,

(3) Appropriate equitable and remedial relief to ensure that the relief is implemented on a class wide basis, and

2

(4) Such other equitable and remedial relief as the Court deems appropriate.

2. Describe in detail whether and how the damages and/or remedy sought for each member of the class based on the allegations in Count 1 of the Amended Complaint exceeds the benefits to which that class member was entitled under the terms of the Plan.

Answer: The benefits to which each member of the class is entitled are determined under the terms of the Plan, except that the unlawful conditions or contingencies on payment are eliminated. The relief for each class member is to eliminate, prospectively and retrospectively (if a class member has already separated from service), the unlawful conditions or contingencies on the payment of their new cash balance benefit accruals in conjunction with their previously-earned benefits. For class members who have separated from service, the difference in value between any option they should have been able to elect and the option they chose will be paid.

3. Describe in detail the method by which the damages and/or remedy sought based on the allegations in Count 1 of the Amended Complaint were computed.

Objection: Work product protection.
Answer: The actuarial report of Claude Poulin, F.S.A., demonstrates in Paragraphs

3

24-35 how compliance with ERISA's benefit accrual and nonforfeitability rules requires Cigna to give participants at least A + B, where A = the previously-earned annuity benefit for years of service through 1997, and B = each year's cash balance accruals beginning with 1998. Mr. Poulin's report shows how Cigna has instead given participants only the options of receiving A (the protected minimum annuity benefit alone, with no additional accruals) or A* (i.e., "A" <u>discounted</u> and converted to an initial cash balance, in some instances, as low as ½ of A, without protection of the benefit in annuity form) + B.

The class has not received the data necessary to compute the relief for each class member on an individual basis. But if a class member has retired and been given the options of only receiving A alone or A* + B, the remedy is to ensure that each class member receives the difference in value between A + B and the option chosen. To illustrate, Janice Amara will have to be paid her cash balance accruals for the years 1998 - 2003, in addition to the $1,833.65 she had already earned for her service through 1997. When she retired in 2003, she was only offered the latter amount. Mrs. Amara's pay credits and interest for the years 1998 - 2003 were over $46,000.

4. Describe in detail the alleged damages and/or remedy sought based on the allegations in Count 2 of the Amended Complaint.

4

Answer: The relief for Count 2 is declaratory and injunctive relief to prohibit Cigna's application of conditions on payment of benefit accruals earned under the Part B formula without the statutorily-required disclosures to participants. The relief includes appropriate equitable and remedial relief to remedy past violations and ensure that the relief is implemented on a class-wide basis, and such other equitable and remedial relief as the Court deems appropriate.

David Durham's deposition and documents produced in discovery reveal that Cigna's conversion to cash balance reduced future rates of benefit accrual compared to the plan's prior benefit formulas. Reports prepared by the William Mercer consulting company and Cigna's own Excel spreadsheets show the reductions. Paragraphs 20-35 of Mr. Poulin's expert report also analyzes the ways in which benefits are reduced going forward and in setting up initial account balances (with undisclosed discounts and without protection of the benefits in annuity form). Professor Stratman's expert report describes how the SPD and other written materials failed to give participants understandable notice of those reductions. Because ERISA Sections 102 and 204(h) require notice, the class seeks declaratory and injunctive relief requiring that notice of the reductions be given, with appropriate equitable and remedial relief to remedy more than five years of violations.

5

The documentary evidence and Mr. Poulin's and Professor Stratman's expert reports further show that Cigna has offered benefit options to participants who separate from service without disclosing the amount of their protected annuity option (also described as their "minimum benefits") or the higher value that option can have compared to the cash balance options. Cigna also failed to disclose that the "Free30%" survivor annuity was no longer offered under cash balance. The class seeks a declaration and injunctive relief requiring that such notice be given and appropriate equitable and remedial relief to remedy the losses that resulted from benefit elections made without adequate information.

5. Describe in detail whether and how the damages and/or remedy sought for each member of the class based on the allegations in Count 2 of the Amended Complaint exceeds the benefits to which that class member was entitled under the terms of the Plan.

Answer: The remedies sought for each member of the class conform with the Plan's terms, except to eliminate unlawful conditions on the payment of benefits and offer appropriate remedies for undisclosed reductions and undisclosed benefit options.

6. Describe in detail the method by which the damages and/or remedy sought based on the allegations in Count 2 of the Amended Complaint were computed.

Objection: Work product protection.

Answer: Mr. Poulin's actuarial report shows, in Paragraphs 24-35, that the failure to disclose conditions or contingencies on payment can be avoided, prospectively and retrospectively, by ensuring that each participant receives at least A + B, where A = the previously-earned annuity benefit for years of service through 1997, and B = each year's cash balance accruals beginning with 1998. The class has not received the data necessary to compute the individual relief for each class member. But the illustration for Janice Amara in response to Interrogatory No. 3 applies here as well.

Violations of the disclosure rules for SPDs are remedied by refusing to enforce undisclosed reductions or restrictions on benefits. Likewise, Section 204(h) and the case law provide that the remedy for failure to disclose reductions in future rates of benefit accrual is to provide the benefits to which participants would have been entitled if the prior formulas continued without reduction. Because Cigna did not give the statutorily-required notice of the reductions, the reductions are ineffective and the prior formulas are required to be continued until notice is given. To illustrate with Janice Amara, her benefit accruals for the years 1998 through 2003 are required to continue under the prior "Tier 1"/ 2% of final average pay formula. This will increase her benefits from $1,833 per month at age 55 (earned as of the end of 1995) to approximately $3,750 per month. The increase is due to five additional years of credited service, salary increases, and the final

average pay feature of the prior benefit formula. If a participant's prior benefit formula was the "Tier 2"/ 1.67% of final pay formula, this formula will be required to continue until notice of the reductions is given as required. To the extent that Cigna is already required to pay cash balance accruals for those years to remedy other violations, the relief under the SPD rules and Section 204(h) is the difference between those accruals and the accruals under the prior formula.

The remedy for failure to disclose the amounts and relative values of benefit options is to offer such notice prospectively and provide participants who have already made elections any difference in value that they gave up without notice. To illustrate, when Janice Amara's job was eliminated at the end of 2003, Cigna mailed her a benefit commencement package dated December 10, 2003 that omits any mention of her previously-earned $1,833 per month "minimum benefits." If she had elected the $915.65 per month annuity option offered in that package, or the $164,610.18 cash balance lump sum, she would have given up over 50% of the value of her benefits. She only received the higher amount because she already knew about her minimum benefits from this litigation and insisted that Cigna revise the benefit commencement package.

7. Describe in detail the alleged damages and/or remedy sought based on the allegations in Count 3 of the Amended Complaint.

8

Answer: The relief for Count 3 is declaratory and injunctive relief prohibiting Cigna's reductions in the rate of benefit accruals under the "Part B" formula of the Cigna Pension Plan based on age. The relief includes appropriate equitable and remedial relief to remedy past violations and ensure that the relief is implemented on a class-wide basis, and such other equitable and remedial relief as the Court deems appropriate.

8. Describe in detail whether and how the damages and/or remedy sought for each member of the class based on the allegations in Count 3 of the Amended Complaint exceeds the benefits to which that class member was entitled under the terms of the Plan.

Answer: Mr. Poulin's expert report demonstrates in Paragraphs 13-23 and Exhibits D - F how the rates of benefit accrual for older employees under the cash balance formula are lower than those applicable to younger employees. Cigna's Excel spreadsheets show the same reductions. To eliminate the violations, the rates for older employees must be raised to the rates offered to younger employees. To the extent that the benefit accrual rates for older employees are already required to be raised to that level, or above, because of other violations, the relief would not be duplicated.

9. Describe in detail the method by which the damages and/or remedy sought based on the allegations in Count 3 of the Amended Complaint were computed.

9

Objection: Work product protection.

Answer: The class has not received the data needed to compute the individual relief for each class member. But Mr. Poulin's actuarial report shows the differences in benefit accrual rates between younger and older employees. To illustrate with the named Plaintiff, the rate of benefit accrual available to a younger employee with the same salary will be computed and extended to Ms. Amara's years of service under the cash balance formula. Mr. Poulin's tables show that the rate of benefit accrual for an age 30 employee with 9 years of service and a salary of $40,000 is 1.79% of pay. Exh. F-1. Changing the salary to $100,000 to be consistent with Mrs. Amara's salary, the rate of accrual for the younger employee is 2.12%. By comparison, Exhibit D to Mr. Poulin's report shows that Janice Amara's rates of benefit accrual decrease with age from 1.59% at age 48 down to 1.27% at age 53, and are subject to a condition on payment. Her accrual rates for each of those years will have to be raised to at least 2.12%. To the extent her benefit accrual rates are already required to be raised to that level, or above, to remedy other violations, the relief will not be duplicated.

**Document Requests**

1. Any and all documents identified by you in your answers to Defendant CIGNA Corporation's Second Set of Interrogatories.

10

Response: The documents identified in the answers have already been provided or are being provided.

2. All documents that relate or refer to the damages and/or remedy sought in Count 1 of the Amended Complaint, including the method by which such damages were calculated.

Objection: Work product protection.

Response: Plaintiffs are producing additional individual benefit records and estimates and related materials.

3. All documents that relate or refer to the damages and/or remedy sought in Count 2 of the Amended Complaint, including the method by which such damages were calculated.

Objection: Work product protection.

Response: Plaintiffs are producing additional individual benefit records and estimates and related materials.

4. All documents that relate or refer to the damages and/or remedy sought in Count

11

2 of the Amended Complaint, including the method by which such damages were calculated.

Objection: Work product protection.

Response: Plaintiffs are producing additional individual benefit records and estimates and related materials.

DATED: March 8, 2004

s/ Thomas G. Moukawsher
Thomas G. Moukawsher Ct08940
Moukawsher & Walsh, LLC
328 Mitchell St.
Groton, CT 06430


s/Stephen R. Bruce
Stephen R. Bruce
805 15th St., NW, Suite 210
Washington, DC 20005

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing PLAINTIFF'S ANSWERS TO SECOND SET OF INTERROGATORIES AND DOCUMENT REQUESTS FROM DEFENDANT CIGNA was served by e-mail with PDF attachments and first-class mail on March 8, 2004, addressed to:

> Christopher A. Parlo
> Morgan, Lewis & Bockius
> 101 Park Avenue
> New York, NY 10178
> (cparlo@morganlewis.com)
>
> Joseph J. Costello
> Jeremy P. Blumenfeld
> Morgan, Lewis & Bockius
> 1701 Market St.
> Philadelphia, PA 19103
> (jcostello@morganlewis.com
> jblumenfeld@morganlewis.com)

> s/ Stephen Bruce
> Stephen Bruce