# EXHIBIT 8

EXHIBIT

122198

# CIGNA PENSION PLAN

## PART B

### (Amended and Restated Effective January 1, 1998)

## RECITALS

As of the dates shown below, Aetna Insurance Company, Connecticut General Life Insurance Company, and INA Corporation or their respective predecessors established programs for providing retirement benefits and other benefits for certain of their employees and their beneficiaries and certain employees of their participating subsidiaries and affiliates (the "Prior Plans").

> Aetna Insurance Company Retirement Plan ("Aetna Plan") - August 1, 1934

> Connecticut General Life Insurance Company Retirement Plan ("CG Plan") - January 1, 1933

> United States Pension Plan of INA Corporation and Affiliated Companies ("INA Plan") - October 27, 1943

Effective as of January 1, 1983, the Aetna Plan and CG Plan were merged into the INA Plan, and the INA Plan was amended and restated in its entirety as the United States Pension Plan of CIGNA Corporation and Affiliated Companies and is hereinafter referred to as the "Plan". The Plan is a continuation of the Prior Plans.

Effective as of January 1, 1989, the Plan was amended and restated in compliance with the Tax Reform Act of 1986 and other laws and regulations, and a new, separate benefit accrual formula was adopted for employees whose service commenced after December 31, 1988, and for certain other employees described in the Plan (referred to as "New Formula Participants").

Effective January 1, 1991, the Pension Plan of CIGNA Healthplan, Inc. (the "CHP Plan") was merged into this Plan, and the CHP Plan became a Prior Plan.

Effective as of September 1, 1992, the Plan was renamed the CIGNA Pension Plan.

Effective as of December 31, 1993, the Plan was amended to change from the elapsed time method of counting service to the "hours of service" method; to permit certain Participants whose

ARTICLE XIII – Plan Administration

13.1    Appointment and Acceptance

The Committee shall delegate to a Plan Administrator the duties, authority and functions set forth in this Article XIII.

13.2    Duties and Authority; Discretionary Authority

The Plan Administrator shall administer the Plan on behalf of CIGNA Corporation in a nondiscriminatory manner for the exclusive benefit of Participants and their Beneficiaries. The Plan Administrator shall perform all such duties as are necessary to operate, administer and manage the Plan in accordance with the its terms, including but not limited to the following:

(a)    To determine all questions relating to a Participant's participation and benefits under the Plan;

(b)    To maintain or cause to be maintained all necessary records for the administration of the Plan;

(c)    To compute and authorize the payment of retirement income and other benefit payments to eligible Participants and beneficiaries;

(d)    To interpret and construe the provisions of the Plan and to make regulations which are not inconsistent with the terms thereof;

(e)    To advise or assist Participants regarding any rights, benefits or elections available under the Plan;

(f)    To provide the Participant an appropriate, written explanation in non-technical terms, within a reasonable period prior to the Benefit Commencement Date, of the notice required by paragraph 7.1(b) and paragraph 8.3(c);

(g)    To take such actions as are necessary to establish and maintain the Plan as a retirement program which is at all times in full and timely compliance with any law or regulation having pertinence to this Plan;

(h)    To have reasonable powers necessary or appropriate to accomplish its duties as a Plan Administrator, including delegation to, employment of, or contracting for the services of, others to assist in performing its duties; and

PHBF1\562521\6

-60-

D00329

(i)   To determine whether a domestic relations order served upon the Plan is a Qualified Domestic Relations Order, to place in escrow any benefits payable during the period of such determination, and to take such actions as may·be necessary to comply with a Qualified Domestic Relations Order.

The Plan Administrator shall have sole discretion to carry out its responsibilities under this Article XIII, including responsibility to determine whether a person is eligible to participate in the Plan or eligible to receive benefits under the Plan; to determine the amount of benefits to which any Participant, Beneficiary, surviving Spouse, or contingent survivor might be entitled under the Plan; to make findings of fact needed to make such determinations; and to interpret Plan terms and provisions, including disputed and doubtful terms. The Plan Administrator's decisions on all such matters, including any· determinations, findings and interpretations, shall be final and binding on all parties.

## 13.3   Expenses and Assistance

All reasonable expenses necessary to operate and administer the Plan shall be borne by the Plan unless CIGNA Corporation elects to pay them. CIGNA Corporation shall furnish the Plan Administrator with such clerical and other assistance as is required in the performance of its duties.

## 13.4   Participants and Other Payees - Data

Participants and other persons affected by the Plan shall furnish the Plan Administrator upon request such documents, evidence or information which the Plan Administrator considers necessary or desirable for the purpose of administering the Plan. The Plan Administrator may cause to be withheld any benefit payment, otherwise due the Participant or other person, until the required document, evidence or other information is so furnished.

## 13.5   Claims Procedure

(a)   Filing a Claim for Benefits. A Participant or Beneficiary shall notify the Plan Administrator or its delegate of a claim for benefits under the Plan. Such request may be in any form adequate to give reasonable notice to the Plan Administrator or its delegate and shall set forth the basis of such claim and shall authorize the Plan Administrator or its delegate to conduct such examinations as may be necessary to determine the validity of the claim and to take such steps as may be necessary to facilitate the payment of any benefits to which the Participant or Beneficiary may be entitled under the Plan. The Plan Administrator shall make all determinations as to the right of any person to a benefit under the Plan.

(b)   Denial of Claim. If the Plan Administrator denies in whole or in part any claim for benefits under the Plan by any Participant or Beneficiary, the Plan Administrator shall furnish the claimant with written notice of the decision not

later than ninety (90) days after receipt of the claim, unless special circumstances require an extension of time for processing the claim. If such an extension of time for processing is required, written notice of the extension shall be furnished to the claimant before the end of the initial ninety- (90-) day period. In no event shall such extension exceed the period of ninety (90) days from the end of the initial period. The extension notice shall indicate the special circumstances requiring an extension of time and the date by which the Plan Administrator expects to render the final decision.

The written notice of the denial of a claim shall set forth in a manner calculated to be understood by the claimant:

(1)     The specific reasons or reasons for the denial;

(2)     Specific reference to the pertinent Plan provisions on which the denial is based;

(3)     A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and

(4)     Appropriate information as to the steps to be taken if the claimant wishes to submit his claim for review.

(c)     Appeals Procedure. A claimant or his authorized representative may request a review of the denied claim by the Plan Administrator. Such request shall be made in writing and shall be presented to the Plan Administrator not more than sixty (60) days after receipt by the claimant of written notice of the denial of the claim. The claimant shall have the right to review the pertinent documents and to submit issues and comments in writing. The Plan Administrator shall make its decision on review not later than sixty (60) days after receipt of the claimant's request for review, unless special circumstances require an extension of time, in which case a decision shall be rendered as soon as possible, but not later than 120 days after receipt of the request for review. The decision on review shall be in writing and shall include the specific reasons for the decision, written in a manner calculated to be understood by the claimant, and specific references to pertinent Plan provisions on which the decision is based.

The Plan claims procedure shall be administered in accordance with the applicable regulations of the Department of Labor.

13.6    Clerical Error

If any fact pertaining to eligibility for an amount of benefits payable under the Plan to a Participant or other payee has been misstated, or in the event of clerical error, the benefits

will be adjusted by the Plan Administrator or its delegate on the basis of the correct facts in a manner precluding individual selection.

D00332