**Jeremy P. Blumenfeld**
215.963.5258
jblumenfeld@morganlewis.com
eFax: 877.432.9652

FILED

JUL 13  6 16 PM '05

**Via Facsimile & First-class Mail**

July 13, 2005

Honorable Mark R. Kravitz
United States District Court Judge
141 Church Street, New Haven, Connecticut 06510

Re:   Janice Amara v. CIGNA Corp., and CIGNA Pension Plan
      Civil No. 3:01-CV-2361 (DJS)

Dear Judge Kravitz,

Unfortunately, the parties were not able to reach agreement on a proposed Case Management Schedule in the above-referenced matter. Accordingly, attached please find Defendants' proposal. There are three specific points in the proposed Schedule that Defendants would like to address.

First, Defendants intend to seek discovery from individual class members as to their detrimental reliance or harm, likely prejudice, and/or actual prejudice. These issues, although individualized, bear directly on each class member's claims based on inadequate disclosures.[1]

Second, Defendants intend to submit a supplemental expert report in light of the new claims in the Second Amended Complaint. That expert report also may supplement Defendants' initial expert report as to the claims in the First Amended Complaint.

Lastly, Defendants have proposed a date for the submission of dispositive motions. Although Defendants are cognizant of the Court's suggestion that the parties forgo dispositive motions in favor of a bench trial to the Court, Defendants wish to reserve the right to file a dispositive motion to narrow or eliminate issues for trial, particularly in light of the new claims in the Second Amended Complaint.

---

[1]   Detrimental reliance or other extraordinary circumstances is an element of claims based on inadequate disclosures. See, e.g., Herter v. Dick's Clothing & Sporting Goods, Inc., 58 F.Supp.2d 306, 310 (S.D.N.Y. 1999) ("Technical violations of ERISA's disclosure requirements do not themselves create a cause of action. A plaintiff must show more than mere technical or procedural violations. In fact, in order to recover for a technical violation of the ERISA disclosure requirements, a plaintiff must demonstrate extraordinary circumstances, such as bad faith, active concealment or detrimental reliance." (internal quotation and citation omitted).

Honorable Mark R. Kravitz
July 13, 2005
Page 2


If the Court believes it appropriate, Defendants are happy to discuss the matter during a teleconference. Thank you for your consideration of this matter.


Respectfully submitted,

*[signature] on behalf of*

Jeremy P. Blumenfeld


cc:     Stephen Bruce, Esq.
        Thomas G. Moukawsher, Esq.