UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Janice C. Amara, Gisela R. Broderick, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CIGNA Corp. and CIGNA Pension Plan,<br><br>Defendants. | Civil No. 3:01-CV-2361 (MRK)<br><br><br><br>July 12, 2005 |

**SURREPLY MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S
MOTION IN LIMINE ON DIRECT TESTIMONY RELEVANT
TO THE "LIKELY PREJUDICE" STANDARD IN BURKE V. KODAK**

The "likely prejudice" standard articulated by the Second Circuit in <u>Burke v. Kodak Retirement Income Plan</u>, 336 F.3d 103 (2d Cir. 2003) and <u>Weinreb v. Hospital For Joint Diseases Orthopaedic Institute</u>, 404 F.3d 167 (2d Cir. 2005), is an individualized inquiry based on each participant's own facts and circumstances, and requiring each participant to prove that he or she likely was harmed by the failure to disclose certain required information in a summary plan description ("SPD"). In rejecting a detrimental reliance standard in favor of the likely prejudice standard, the Second Circuit reasoned that it would be too "harsh" to require a participant to prove that he actually relied on information in an SPD and suffered detriment as a result of such reliance. See <u>Burke</u>, 336 F.3d at 113. Nevertheless, under <u>Burke</u> a participant must still make an "initial showing that he was likely to have been harmed" by the omission of required information from an SPD. <u>Id.</u> at 113-14. Even under the likely prejudice standard, therefore, a participant's mere expectation that he or she would receive a greater benefit is insufficient. Because Defendants addressed these principles in detail in

their Brief in Response to Plaintiff's Motion in Limine, they will not repeat those arguments here. However, Plaintiff raises four points in her Reply Brief that, Defendants submit, necessitate a specific response.

First, Plaintiff argues that the Third Circuit in Burstein v. Retirement Account Plan For Employees Of Allegheny Health Educ. & Research Fund, 334 F.3d 365 (3d Cir. 2003), "adopts a presumption [of reliance] parallel to the securities disclosure cases," which, Plaintiff argues, is essentially what she seeks here. (Reply Brief at 13). Plaintiff's characterization of Burstein is simply wrong. The Third Circuit in Burstein held that where a plaintiff seeks benefits based on an SPD that conflicts with the terms of a plan document, the claim is contractual in nature; therefore, reliance is not an element of the claim. See Burstein, 334 F.3d at 381 ("Upon consideration of the 'reliance' issue, we now hold that a plan participant who bases a claim for plan benefits on a conflict between an SPD and plan document need neither plead nor prove reliance on the SPD [because] [c]laims for ERISA plan benefits under ERISA § 502(a)(1)(B) are contractual in nature.").[1] Contrary to Plaintiff's statements in her Reply Brief, there is no discussion – let alone a holding – in Burstein about whether a participant is entitled to a presumption of reliance; in fact, the case was decided on a motion to dismiss so the existence of an evidentiary "presumption" of reliance was not even at issue in the case. See Burstein, 334 F.3d at 389.[2]

---

[1] This is different from the Second Circuit rule in Burke and Weinreb, which requires a plaintiff to prove "likely prejudice" to prevail based on an SPD. Of course, this Court is bound by Burke and Weinreb, not Burstein.

[2] It bears note, moreover, that the Third Circuit's decision in Burstein puts it in the distinct minority of Courts of Appeals that have addressed whether reliance or prejudice is an element of a claim based on an SPD. Compare Mauser v. Raytheon Co. Pension Plan for Salaried Employees, 239 F.3d 51, 55 (1st Cir. 2001); Burke v. Kodak Retirement Income Plan, 336 F.3d 103, 112 (2d Cir.

2

Plaintiff also argues that Defendants "misread" the Second Circuit's decision in Weinreb, 404 F.3d 167. In particular, Plaintiff suggests that the Second Circuit held in Weinreb that the plaintiff had proven likely prejudice, but that the defendant had properly rebutted any such showing of prejudice. (Reply Brief at 8). This is a mischaracterization of the holding in Weinreb. In Weinreb, the defendant violated ERISA's SPD disclosure requirements by not producing an SPD at all. The Second Circuit concluded that this "error" was harmless as to the participant in question because the defendant had notified that participant (via a telephone call and letters) of the steps he needed to take – filling out an enrollment form – to become eligible for benefits. See Weinreb, 404 F.3d at 172. The Second Circuit reasoned that these individualized disclosures precluded the plaintiff from proving "likely prejudice." Specifically, the Second Circuit held that "the district court properly found that Mrs. Weinreb failed to raise any material issue of fact demonstrating *likely prejudice* from the absence of an SPD." Weinreb, 404 F.3d at 172 (emphasis added). Thus, the individualized disclosures precluded a finding of likely prejudice, and the Second Circuit in Weinreb did not need to reach the question of actual prejudice to affirm summary judgment. See id. Consistent with Weinreb, the

---

2003); Aiken v. Policy Management Systems Corp., 13 F.3d 138, 141 (4th Cir. 1993); Health Cost Controls of Illinois, Inc. v. Washington, 187 F.3d 703, 711 (7th Cir. 1999); Dodson v. Woodmen of the World Life Ins. Society, 109 F.3d 436, 439 (8th Cir. 1997); Chiles v. Ceridian Corp., 95 F.3d 1505, 1519 (10th Cir. 1996); Branch v. G. Bernd Co., 955 F.2d 1574, 1578-80 (11th Cir. 1992) (all requiring some proof of reliance or prejudice to prevail based on an SPD) with Edwards v. State Farm Mutual Auto. Ins. Co., 851 F.2d 134 (6th Cir.1988) (claim based on an SPD that conflicts with a plan document does not require proof of reliance or prejudice). Notably, none of these Courts of Appeals have held that reliance or prejudice can be presumed, as Plaintiff suggests.

3

individualized disclosures and circumstances of each participant in this case bear directly on whether that participant has met his burden of proving likely prejudice.[3]

In addition, Plaintiff's assertion that Defendants have undercut their position on "likely prejudice" by objecting to certain discovery sought by Plaintiff misses the mark. Plaintiff fails to point out that the individualized discovery she seeks is unrelated to the "likely prejudice" issue. Plaintiff has requested all of the following information for each of the thousands of individual class members: "name, address, gender, social security number, birth date, hire date 1, termination date 1, hire date 2 (if any) termination date 2 (if any), normal retirement date, prior pension plan code, final average eligible earnings (before conversion), annual accrued benefit (before conversion) conversion date, conversion interest rate, conversion present value factor, credited service, credited service @conversion date, CIGNA Pension Plan opening account balance, eligible salary for each year after conversion, benefit credits and interest credits for each year, pension commencement date, account balance @ pension commencement date, forms of benefits offered, form of benefit elected, and the benefit amount." (Reply Brief at 7, citing Defendants' Response to Plaintiffs' Second Request for Documents, Request No. 4).[4] Plaintiff offers no explanation in her Reply Brief as to why she needs this information for

---

[3] As Defendants explained in their Opposition Brief, there is nothing that any participant could have done to obtain additional pension benefits even had the SPD contained the information Plaintiff claims is lacking. Accordingly, each participant's claim should fail as a matter of law because the omission of any language from the SPD could not possibly (let alone "likely") cause any prejudice. Even where a participant could demonstrate likely prejudice, <u>Weinreb</u> instructs that this analysis depends on that participant's own circumstances and disclosures made to that participant.

[4] Plaintiff also sought information about the calculation of each participant's individual pension benefit account balance. (Defendants' Response to Plaintiffs' Second Request for Documents, Request No. 6). The same objection was made for the same reasons.

each participant, nor has she raised this issue in discovery with Defendants. This information plainly has no bearing on the "likely prejudice" issue. Moreover, as explained in Defendants' responses to Plaintiff's Request for Documents, if Plaintiff's other claims are appropriate for class treatment, then all of this information should not be required for each participant.[5] There is no inconsistency by Defendants; only an ad hominem attack by Plaintiff.

Lastly, Plaintiff mischaracterizes the SPD disclosure requirements in support of her claim that CIGNA was required to include in the SPD a comparison of the old and new plans. Specifically, Plaintiff asserts that an SPD is supposed to disclose "reductions," which Plaintiff implies, requires a comparison of the old plan to a new plan. (Reply Brief at 4). Again, this is wrong. Plaintiff takes the word "reduction" in the SPD regulations completely out of context. The regulations require that an SPD:

> identify[] circumstances which may result in disqualification, ineligibility, or denial, loss, forfeiture, suspension, offset, *reduction*, or recovery (e.g., by exercise of subrogation or reimbursement rights) *of any benefits that a participant or beneficiary might otherwise reasonably expect the plan to provide on the basis of the description of benefits required by paragraphs (j) and (k) of this section*.

29 C.F.R. § 2520.102-3(l) (emphasis added). Thus, where an SPD is "required by paragraphs (j) and (k)" of the regulations to describe certain benefits, paragraph (l) of the regulations requires the SPD to describe any "circumstances which may result in . . . reduction" *of those benefits*.[6] See id. Both paragraphs (j) and (k), in turn, require an SPD

---

[5]  Judge Squatrito specifically stated in his original class certification Order that he would revisit his decision on class certification if individualized proof was required to prevail on a claim based on an SPD. See Order of December 20, 2002 at 7, n.4.

[6]  For example, the Part B SPD states that a participant who is disabled and eligible for long term disability benefits will stop earning benefit credits, but will continue to earn interest credits. (SPD, p. 7, attached).

5

to disclose information about the current operative plan. See, e.g., 29 C.F.R. § 2520.102-3(j) (requiring disclosure of "[t]he plan's requirements respecting eligibility for participation and for benefits. . . . For employee pension benefit plans, it shall also include a statement describing the plan's normal retirement age, as that term is defined in section 3(24) of the Act, and a statement describing any other conditions which must be met before a participant will be eligible to receive benefits");[7] 29 C.F.R. § 2520.102-3(k) ("In the case of an employee pension benefit plan, a statement describing any joint and survivor benefits provided under the plan, including any requirement that an election be made as a condition to select or reject the joint and survivor annuity."). Because paragraphs (j) and (k) of the regulations do not require an SPD to describe the terms of a prior plan, paragraph (l) of the regulations does not require disclosure of any "reduction" compared with the prior plan. Plaintiff's reliance on the word "reduction" in ERISA's SPD disclosure regulations is grossly misguided.[8]

Moreover, the regulations governing the content of an SPD specifically provide that "[t]he summary plan description must accurately reflect the contents of the plans *as of the date not earlier than 120 days prior to the date such summary plan description is disclosed.*" 29 C.F.R. § 2520.102-3 (emphasis added). Thus, it is the terms of the current plan that must be disclosed, not the prior plan. The regulations further state that an SPD

---

[7] Subparagraph (j) is not quoted in its entirety herein. Much of the provision addresses the summary plan description requirements for a welfare plan. The Cigna Pension Plan is a pension plan, not a welfare plan, so these provisions are inapposite. See 29 C.F.R. § 2520.102-3(j)(2) and (j)(3).

[8] Plaintiff's reliance on the word "reduction" in 29 C.F.R. § 2520.102-2 is similarly misplaced. That regulation is titled, and addresses, the "Style and format of summary plan description[s]," not the content of summary plan descriptions. 29 C.F.R. § 2520.102-3, cited and quoted supra, is titled and addressed the required "Contents of summary plan description[s]." Thus, Section 102-3 addresses what "reductions" must be described and Section 102-2 addresses how those reductions (that are required by § 102-3) should be formatted in the SPD.

6

"may omit information which is not applicable to the class of participants or beneficiaries to which it is furnished." See 29 C.F.R. § 2520.102-4. Indeed, where, as here, a pension plan is amended as to only some participants (i.e., those being moved into Part B), the regulations provide that the SPD for those participants need only include information applicable to them. See 29 C.F.R. § 2520.102-4. Nor is this surprising. As the term itself suggests, an SPD summarizes and describes the plan, not the benefits that were previously available under a prior plan. In short, nothing in ERISA's statutory or regulatory framework requires disclosure in an SPD of benefits under a prior plan or a comparison of the old plan to a new plan.

For each of these reasons, and those in Defendants' Opposition Brief, Defendants respectfully request that Plaintiff's Motion in Limine be denied.

Dated: July 22, 2005

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**
By:_____
Joseph J. Costello
Jeremy P. Blumenfeld
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5295/5258

**ROBINSON & COLE**

BY:____/s/_____
James A. Wade (CT # 00086)
Elizabeth A. Fowler (CT # 23584)
Bradford S. Babbitt (CT # 13938)
280 Trumbull Street
Hartford, Connecticut 06103
(860) 275-8270
(860) 275-8299
Attorneys for Defendants
CIGNA Corporation and CIGNA Pension Plan

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 12TH day of July, 2005, via first-class mail upon the following:

> Thomas G. Moukawsher, Esq.
> Moukawsher & Walsh, LLC
> 328 Mitchell Street
> Groton, CT 06340

and upon:

> Stephen R. Bruce, Esq.
> 805 15th Street, NW
> Suite 210
> Washington, DC 20005

_____/s/_____
Bradford S. Babbitt