UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANICE C. AMARA, individually and on behalf of others similarly situated, | : : : : | |
| Plaintiff, | : | 3:01 CV 2361 (MRK) |
| v. | : : | |
| CIGNA CORP. and CIGNA PENSION PLAN, | : : | |
| Defendants. | : | |

**Plaintiff's Response to Defendants' Proposed Case Management Schedule**

Pursuant to the Court's July 18, 2005 Order, Plaintiff's counsel file this response to the Case Management Schedule that Defendants proposed on July 13, 2005. In brief, the dates in Defendants' Proposed Case Management Schedule have been unnecessarily moved back. Plaintiff's position is that discovery can still be completed in the Fall of this year and that this case can be tried in early 2006.

In both the Joint Status Report filed on June 1, 2005 and in Plaintiff's Scheduling Proposal filed on July 13, 2005, Plaintiff's counsel proposed to take five depositions and to compel Defendants to produce documents in response to the requests that were already served in May and June of 2005. Defendants, in turn, needed to take a deposition of Gigi Broderick, the proposed additional representative, and the deposition of any other person who Plaintiff proposes as an additional named representative. In their opposition to Plaintiff's motion for leave to amend, Defendants also indicated that they wanted to take discovery on the Section 204(h) notice claim and the claim about CIGNA's failure to

disclose the relative value of benefit options. Plaintiff's Scheduling Proposal proposed that Defendants take discovery on those issues by questionnaire or one-hour depositions from seven additional class members.

Rather than conducting limited discovery and moving the case forward, Defendants' Proposed Case Management Schedule is filled with unnecessarily extended dates and items that gainsay prior rulings about the filing of dispositive motions and motions in limine, the designation of experts, and the subjects and conduct of discovery. In essence, Defendants again seek to grind these proceedings to a halt.

Below, Plaintiff's counsel respond to Defendants' Proposed Case Management Schedule by paragraph number:

¶1. <u>CIGNA's proposed production of documents by September 15, 2005</u>. CIGNA's production of documents in response to Plaintiff's Second Set of Requests was due June 16, 2005. CIGNA's production in response to Plaintiff's Third Request (which consists of a single request for documents related to CIGNA's Answers to Interrogatories) was due July 6, 2005. In response to most of the requests, CIGNA has objected and refused to produce documents on grounds of relevance or overbreadth. In fact, CIGNA has made no responsive documents whatsoever available for inspection and copying to this date. Plaintiff's Scheduling Proposal already offered an extension to July 22, 2005 for the actual production of responsive documents. There is no justification for moving production back to September 15, 2005. CIGNA's refusal to produce documents

on grounds of relevance and overbreadth will already require Plaintiff to file her third Motion to Compel in this case.

¶2. <u>CIGNA's proposed Answer to the Second Amended Complaint by October 12, 2005</u>. The Court's June 20, 2005 Order granted leave to amend the Complaint as proposed, with decision reserved on the addition of Gisela Broderick as a named Plaintiff until CIGNA deposes her. Plaintiff's counsel offered a schedule for her deposition in Plaintiff's Scheduling Proposal and in a July 15, 2005 e-mail to Defendants' counsel. No response to the proposal or e-mail was received. Fed. R. Civ. P. 15(a) already establishes a 10-day period to answer the Second Amended Complaint once the Court directs the Clerk that it be filed.

¶3. <u>The proposed discovery completion date of April 30, 2006</u>. As indicated, the proposed date is unnecessarily moved back by six months.

¶4. <u>Proposed discovery from absent class members through April 30, 2006</u>. CIGNA's proposal to take written discovery from absent class members under Rules 33 and 34 followed by depositions under Rule 30 ignores the discussion in the *Manual for Complex Litigation* (Section 21.41 in the Fourth edition) and in the case law about the limited extent to which absent class members should be required to respond to formal discovery requests. Both the *Manual for Complex Litigation* and the case law demonstrate concern with saddling absent class members with the obligation to respond to formal interrogatories and document requests. The *Manual for Complex Litigation*

states that "Post-certification discovery directed at individual class members (other than named plaintiffs) should be conditioned on a showing that it serves a legitimate purpose." In a telephone conversation, CIGNA's counsel state an intention to serve up to 150 individuals and to sanction any individual who does not respond with dismissal of their claims. Judge Eginton rejected this approach in *McCarthy v. Paine Webber*, 164 FRD 309, 313 (D. Conn. 1995). He held that dismissal of absent class members for not responding to proposed questionnaires has the effect of requiring class members to opt into the class and is contrary to the policy of Rule 23.

The letter to the Court from CIGNA's counsel dated July 13, 2005 indicates, furthermore, that the written discovery that CIGNA wants from absent class members is not even about the "alternative theories" in the Second Amended Complaint, but about individual class members' "detrimental reliance or harm, likely prejudice, and/or actual prejudice" from the SPD, which has been the subject of this litigation from the beginning and involves the issues directly presented by Plaintiff's motion in limine about the Second Circuit's decision in *Burke v. Kodak*. The citation in the July 13th letter to *Herter v. Dick's Clothing & Sporting Goods*, a pre-*Burke* decision from the Southern District of New York which required a demonstration of extraordinary circumstances including detrimental reliance, further indicates that CIGNA wants to take discovery that could only be relevant if *Burke* was modified or overturned.

¶¶5-8. <u>Proposed supplemental expert reports and depositions by January 15, 2006</u>. Defendants propose that Plaintiff's experts prepare supplemental expert reports and be deposed once again. Plaintiff's actuarial and communications experts have already prepared reports related to both the existing and the "alternative theories" and have already been deposed on their entire reports.

For their own part, Defendants propose to offer supplemental expert reports and testimony that is not limited to the alternative theories in the Second Amended Complaint. Defendants want to designate additional experts to offer testimony about both the existing claims and the alternative theories.[1] Defendants have already had a well-known pension actuary prepare an expert report on the existing claims and they deliberately decided not to designate a communications expert to respond to Plaintiff's communications expert. Given that the time for designating experts expired in 2003 (dkt entry #66), Defendants should be required to make a proffer to this Court of the expert testimony which they seek to present before any such report or testimony is scheduled in order to ensure that Defendants: (1) are not doubling back on expert reports and depositions that have already been completed, and (2) are limiting any supplemental

---

[1] The July 13, 2005 letter to the Court from Defendants' counsel suggests a single expert, but the proposed schedule and a telephone conversation with Plaintiff's counsel indicated more than one.

5

reports to matters related to the alternative theories about which expert testimony would assist the Court.[2]

¶¶9-10. <u>Proposed dispositive motions and motions in limine by May 16, 2006</u>. At this Court's request, the parties agreed that dispositive motions would not be filed, but that the Court would conduct a bench trial. Motions in limine were scheduled in the Joint Status Report which this Court approved and entered as a Scheduling Order on March 21, 2005. Under that Schedule, Plaintiff filed the motion in limine on the impact of *Burke v. Kodak*. Defendants did not schedule or file any motions in limine, but filed both an opposition and a surreply in response to Plaintiff's motion. Now Defendants want to revisit their decision not to file separately, as well as the agreement with the Court about not filing dispositive motions (which Defendants now seek to diminish as a "suggestion").

¶¶11-13. <u>Proposed pretrial memoranda and trial dates</u>. Defendants' proposed schedule is unnecessarily extended and does not adhere to this Court's Instructions on filing proposed findings of fact and conclusions of law first followed by Joint Trial Memoranda.

---

[2] Plaintiff's counsel may request to be allowed to submit rebuttal reports if Defendants are allowed to offer additional experts. But there is no way for Plaintiff's experts to anticipate as yet unoffered expert testimony for the Defendants.

Dated: August 3, 2005

FOR THE PLAINTIFF:


By: _____
Thomas G. Moukawsher ct08940
Ian O. Smith ct24135
Moukawsher & Walsh, LLC
21 Oak Street
Hartford, CT 06106
(860) 278-7000
tmoukawsher@mwlawgroup.com

Stephen R. Bruce ct 23534 (pro hac vice)
Suite 210
805 15th St., NW
Washington, DC 20005
(202) 371-8013
stephen.bruce@prodigy.net

## CERTIFICATE OF SERVICE

This certifies that copies of the foregoing Plaintiff's Response to Defendants' Proposed Case Management Schedule were sent on this 3rd day of August, 2005 by e-mail as a PDF attachment addressed to:

>Joseph J. Costello
>Jeremy P. Blumenfeld
>Morgan Lewis & Bockius
>1701 Market St.
>Philadelphia, PA 19103-2921
>jcostello@morganlewis.com
>jblumenfeld@morganlewis.com

>Christopher A. Parlo
>Morgan Lewis & Bockius
>100 Park Ave.
>New York, NY 10178
>cparlo@morganlewis.com

Elizabeth A. Fowler
Robinson & Cole
280 Trumbell St.
Hartford, CT 06103-3597
efowler@rc.com

_____
Thomas G. Moukawsher