UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANICE C. AMARA, individually and on behalf of others similarly situated, | : |
| Plaintiff, | : 3:01 CV 2361 (MRK) |
| v. | : |
| CIGNA CORP. and CIGNA PENSION PLAN | : |
| Defendants. | : August 4, 2005 |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S SCHEDULING PROPOSAL

Defendants CIGNA Corp. and CIGNA Pension Plan (collectively "Defendants") submit this Response to Plaintiff's Scheduling Proposal in accordance with the Court's Order, dated July 18, 2005 [doc. #137]. For the reasons set forth below, Defendants object to the dates proposed in paragraphs 2-9 of Plaintiff's Scheduling Proposal.

On May 6, 2005, Plaintiff sought leave to amend her Complaint to assert new claims, which challenged different aspects of the Plan and the sufficiency of communications to participants that were not previously at issue [doc. #112]. Defendants opposed Plaintiff's motion on the grounds that such an amendment would prejudice Defendants because substantial fact and expert discovery would be required to address these new claims [doc. #117]. At oral argument, the Court indicated that it was inclined to grant Plaintiff leave to amend, but assured Defendants that they would be given sufficient time to pursue further discovery and identify additional experts in light of Plaintiff's new claims. Indeed, the Court specifically suggested that an additional six to nine months of discovery might be appropriate.

Accordingly, on June 21, 2005, the Court granted Plaintiff leave to amend her complaint, and requested that the parties "jointly file, on or before July 13, 2005, a new proposed case management schedule that accounts for <u>any additional discovery that either party desires to take as a result of Plaintiffs' amendment to the Complaint.</u>" Order dated June 21, 2005 (emphasis added) [doc #123]. Thus, the Court acknowledged that additional time for discovery was acceptable and would be granted.

Despite this, Plaintiff refused to consent to a joint proposed schedule that permitted Defendants a reasonable period for the additional discovery they "desire [] to take as a result of Plaintiffs' amendment to the Complaint." Instead, Plaintiff's Scheduling Proposal effectively affords <u>no additional time</u> for discovery [doc. #133]. Plaintiff has still not filed her Second Amended Complaint (a point she fails to address in her scheduling proposal), yet she would close discovery as of September 30, 2005. Such a schedule would plainly prejudice Defendants, as it would deny Defendants the opportunity to pursue the additional discovery and marshall the expert testimony that the Court acknowledged might be appropriate in light of Plaintiff's new allegations. This would include the following:

    1.    Defendants intend to depose Gisela Broderick and any other class representatives proposed by Plaintiff to determine whether they are appropriate class representatives under Fed. R. Civ. P. 23(a).

    2.    Defendants intend to serve interrogatories and document requests on individual class members addressing the questions of detrimental reliance or harm, likely prejudice, and/or actual prejudice. Defendants will then pursue depositions of certain class members, as necessary, to further explore these issues, which bear directly on each class member's claims based on inadequate disclosures. See <u>Weinreb v. Hospital for Joint Diseases Orthopaedic Institute</u>, 404 F.3d 167, 172 (2d Cir. 2005) (recognizing that individual disclosures can foreclose a finding of "likely prejudice" in the face of an allegedly inadequate summary plan description); <u>Hexter v. Dick's Clothing & Sporting Goods, Inc.</u>, 58 F. Supp. 2d 306, 310 (S.D. N.Y. 1999) ("In fact, in order to recover for a technical violation of the ERISA disclosure requirements, a plaintiff must demonstrate

extraordinary circumstances, such as bad faith, active concealment or detrimental reliance"); In re Unisys Corp. Retiree Medical Benefits ERISA Litigation, MDL No. 969, 2003 WL 252106, at *4-5 n. 9, 12, 14 (E.D. Pa. February 4, 2003) (relying on individualized discovery to class members in decertifying class in ERISA disclosure case).

3. A number of class members signed releases at the time their employment with CIGNA Corporation ended in exchange for valuable severance benefits. It is Defendants' position that these releases are a complete defense to all of the new claims in the Second Amended Complaint (and, depending on the relief sought, to the original claims as well). To the extent class members challenge the applicability of the release to their claims, discovery on that issue may be necessary.

4. Defendants intend to submit additional expert reports (and supplement their original report) in light of the new claims in the Second Amended Complaint. Plaintiff will presumably do the same. Additional expert depositions will therefore likely be necessary.[1]

In summary, Plaintiff cannot have it both ways. Given her insistence on raising new claims, Plaintiff cannot then deny Defendants the right to pursue discovery and marshall expert testimony in response to those claims. Defendants' proposed schedule is reasonable given the enormous scope of this litigation and Plaintiff's recently expanded Complaint. For each and all of the foregoing reasons, therefore, Defendants respectfully

---

[1] Defendants have also proposed a date for the submission of dispositive motions. Although Defendants are mindful of the Court's suggestion that the parties forgo dispositive motions in favor of a bench trial to the Court, Defendants respectfully request that they be permitted to reserve the right to file a dispositive motion to narrow or eliminate issues for trial, particularly in light of the new claims in the Second Amended Complaint.

request that the Court adopt Defendants' Proposed Case Management Schedule and reject paragraphs 2-9 of Plaintiff's Scheduling Proposal.

Dated: August 4, 2005                    Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

Joseph J. Costello
Jeremy P. Blumenfeld
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5295/5258

**ROBINSON & COLE**

By: _____
Bradford S. Babbitt (CT #13939)
Elizabeth A. Fowler (CT # 23584)
James A. Wade (CT # 00086)
280 Trumbull Street
Hartford, Connecticut 06103
(860) 275-8270
(860) 275-8299

Attorneys for Defendants
CIGNA Corporation and CIGNA Pension Plan

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 4th day of August, 2005, via facsimile and first-class mail upon the following:

Thomas G. Moukawsher, Esq.
Moukawsher & Walsh, LLC
328 Mitchell Street
Groton, CT 06340

and upon:

Stephen R. Bruce, Esq.
805 15th Street, NW, Suite 210
Washington, DC 20005

_____
James A. Wade