# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

-----------------------------------------------------X
                                   :

| | |
|---|---|
| JANICE C. AMARA, individually, and on behalf of others similarly situated, | :      3:01 CV 2361 (MRK) |
|                Plaintiff, | : |
| v. | : |
| CIGNA CORP. AND CIGNA PENSION PLAN, | : |
|              Defendants. | :      October 3, 2005 |

-----------------------------------------------------X

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS CIGNA CORPORATION AND CIGNA PENSION PLAN TO SECOND AMENDED CLASS ACTION COMPLAINT

Defendants CIGNA Corporation ("CIGNA") and CIGNA Pension Plan ("the Plan") (collectively "Defendants"), by and through their attorneys, hereby respond to the numbered paragraphs of Plaintiffs Janice Amara and Gisela Broderick's ("Plaintiffs") Second Amended Complaint as follows:

### Nature of the Complaint

1.      Defendants admit that the Second Amended Complaint purports to be about retirement benefits Plaintiffs allege they and similarly situated employees are entitled to receive under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Defendants deny the remaining allegations of paragraph 1.

## Jurisdiction, Venue and Service of Process

2.      Paragraph 2 states conclusions of law to which no responsive pleading is required.

3.      Paragraph 3 states conclusions of law to which no responsive pleading is required.

4.      Paragraph 4 states conclusions of law to which no responsive pleading is required.

## The Parties

5.      Defendants admit that Plaintiff Janice C. Amara resides at 39 Town Beach Road, Old Saybrook, CT 06475 and that she was employed by Connecticut General Life Insurance Company ("CGLIC"), a subsidiary of CIGNA, until October 2003. Defendants further admit that Plaintiff Amara is entitled to certain benefits under the Plan. The remaining allegations of paragraph 5 state conclusions of law to which no responsive pleading is required.

6.      Defendants admit that Plaintiff Gisela R. Broderick resides at 143 Old Post Road, Tolland, CT 06084. Defendants further admit that Plaintiff Broderick worked for Cigna's individual life insurance business, which was sold to Lincoln National Life on January 1, 1998, and that she terminated December 31, 1997 from participation in the Cigna Pension Plan. Defendants further admit that Plaintiff Broderick worked for a company that is affiliated with CIGNA from June 2000 until March 2004. Defendants further admit that Plaintiff Broderick is entitled to certain benefits under the Plan. The remaining allegations of paragraph 6 state conclusions of law to which no responsive pleading is required.

7.     Defendants admit that some employees of CIGNA or its subsidiaries or affiliates earn and receive benefits under the Plan in Connecticut. The remaining allegations of paragraph 7 state conclusions of law to which no responsive pleading is required.

8.     Defendants admit that CIGNA is a corporation organized under the laws of the State of Delaware, and that it is qualified to do business and does business in the State of Connecticut. Defendants deny the remaining allegations of paragraph 8.

9.     Defendants admit that CIGNA functions as plan sponsor for the Plan and that the CIGNA Corporation Corporate Benefit Plan Committee is the named fiduciary for the Plan. Defendants deny that CIGNA is the plan administrator or the named fiduciary for the Plan. The remaining allegations of paragraph 9 state conclusions of law to which no responsive pleading is required.

## Class Action Allegations

10.     The allegations of paragraph 10 state conclusions of law to which no responsive pleading is required.

11.     The allegations of paragraph 11 state conclusions of law to which no responsive pleading is required.

12.     The allegations of paragraph 12 state conclusions of law to which no responsive pleading is required.

13.     The allegations of paragraph 13 state conclusions of law to which no responsive pleading is required.

14.     The allegations of paragraph 14 state conclusions of law to which no responsive pleading is required.

15.     The allegations of paragraph 15 state conclusions of law to which no responsive pleading is required.

## Statement of Facts

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Amara was born on April 3, 1950. Defendants admit that Plaintiff Amara worked for CGLIC from July 17, 1972 to August 10, 1995 and from September, 1998 to October 2003. Defendants further admit the allegations of the third and fourth sentences of paragraph 16. Defendants further admit that Plaintiff Amara was at her separation one of the NASD principals for the client services organization of CIGNA's Retirement and Investment Services, as well as a client executive in charge of accounts. Defendants deny the remaining allegations of paragraph 16.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Broderick was born on March 12, 1944. Defendants admit that Plaintiff Broderick worked for Cigna's individual life insurance business, which was sold to Lincoln National Life on January 1, 1998, and that she terminated December 31, 1997 from participation in the Cigna Pension Plan. Defendants further admit that Plaintiff Broderick worked for a company that is affiliated with CIGNA from June 2000 until March 2004. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17.

18.     Defendants admit that CIGNA adopted a cash balance pension plan, referred to herein as "Part B," and that the Plan document was executed on

December 21, 1998. Defendants further admit that CIGNA adopted an amendment freezing benefits for certain participants effective December 31, 1997. Defendants deny the remaining allegations of paragraph 18.

19. Defendants admit that effective January 1, 1998, certain categories of employees remained in CIGNA's prior pension plan, referred to herein as "Part A," which document speaks for itself. Defendants deny the remaining allegations of paragraph 19.

20. Defendants admit that Plaintiff Amara was moved to Part B pursuant to a rehire rule, but she was subsequently and retroactively moved to Part A. Defendants further admit that Plaintiff Broderick was moved to Part B pursuant to the rehire rule. Defendants further admit that both Plaintiffs were hired before 1989 and had a combination of age and service in excess of 45 points. Defendants deny the remaining allegations of paragraph 20; such allegations purport to characterize the contents of the Parts A and B Plan documents, which documents speak for themselves.

21. Defendants deny the allegations of paragraph 21; such allegations purport to characterize the contents of the Part A and Part B Plan documents, which documents speak for themselves.

22. Defendants deny the allegations of the first and second sentences of paragraph 22. Defendants deny the remaining allegations of paragraph 22; such allegations purport to characterize the contents of the Part A and Part B Plan documents, which documents speak for themselves.

23. Defendants admit that CIGNA sent Plaintiff Amara a letter on or about December 14, 1995, a copy of which is attached to the First Amended Complaint

as Exhibit 1. Defendants deny that CIGNA notified Plaintiff Amara on December 14,

1995 about her "accrued benefits." Defendants deny the remaining allegations of

paragraph 23; such allegations purport to characterize the contents of Exhibit 1 to the

First Amended Complaint, which document speaks for itself.

24.    Defendants admit that CIGNA sent Plaintiff Amara a letter on or

about February 23, 2001, a copy of which is attached to the First Amended Complaint as

Exhibit 2. Defendants deny that CIGNA decreased Plaintiff Amara's benefits under the

Plan. Defendants deny the remaining allegations of paragraph 24; such allegations

purport to characterize the contents of Exhibit 2 to the First Amended Complaint, which

document speaks for itself.

25.    Defendants admit that Plaintiff Amara questioned the amount of

her retirement benefits and that Andrew Hodges, an actuary for CIGNA Retirement &

Investment Services, sent an email dated April 20, 2001, a copy of which is attached to

the First Amended Complaint as Exhibit 3. Whether ERISA Section 204(g), 29 U.S.C. §

1054(g), prohibits decreases in accrued benefits as a result of plan amendments is a

conclusion of law to which no responsive pleading is required. Defendants deny the

remaining allegations of paragraph 25; such allegations purport to characterize the

contents of Exhibit 3 to the First Amended Complaint, which document speaks for itself.

26.    Denied.

27.    Whether the valuable early retirement subsidies or the free 30%

joint and survivor benefit are protected against elimination by plan amendment under

ERISA Section 204(g) is a conclusion of law to which no responsive pleading is required.

Defendants deny the remaining allegations of paragraph 27; such allegations purport to

characterize the contents of the Part A and Part B Plan documents, which documents speak for themselves.

28.    Defendants deny the allegations of paragraph 28; such allegations purport to characterize the contents of the Part B Plan document and the Summary Plan Description ("SPD"), which documents speak for themselves.

29.    Defendants admit that a plan specialist of CIGNA Retirement & Investment Services sent Plaintiff Amara a letter on or about July 6, 2001, a copy of which is attached to the First Amended Complaint as Exhibit 4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 29. Defendants deny the remaining allegations of paragraph 29; such allegations purport to characterize the contents of Exhibit 4 to the First Amended Complaint, which document speaks for itself.

30.    Denied.

31.    Defendants deny the allegations of the second sentence of paragraph 31. Defendants deny the remaining allegations of paragraph 31; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.

32.    Defendants admit that Plaintiff Amara was offered $1,833 per month under the terms of Part B, that her benefit was subsequently and retroactively increased, and that she is now currently receiving a monthly benefit of $4,302.25, with an age 65 reduction to $3,556. Defendants deny the allegations of the first and second sentences of paragraph 32; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself. Defendants deny the remaining

allegations of paragraph 32; such allegations purport to characterize the contents of the written benefits estimates, which documents speak for themselves.

33.    Defendants deny the allegations of paragraph 33; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.

### Claim One: Conditioning Receipt Of Benefit Accruals Which Are Necessary To Satisfy ERISA's Anti-Backloading Rules Violates The Anti-Backloading Rules And The Nonforfeitability Standard.

34.    Defendants admit that CIGNA's CEO, Wilson H. Taylor, approved Part B in 1997 and signed a copy of the Part B Plan document on or about December 21, 1998. Defendants deny the remaining allegations of paragraph 34; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.

35.    Defendants deny the allegations of paragraph 35; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.

36.    Defendants deny that "CIGNA" has interpreted Section 1.28. Defendants deny the remaining allegations of paragraph 36; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.

37.    To the extent that the allegations of paragraph 37 state conclusions of law, no responsive pleading is required. Defendants deny the remaining allegations of paragraph 37.

38.    To the extent that the allegations of paragraph 38 state conclusions of law, no responsive pleading is required. Defendants deny the remaining allegations

paragraph 38.

       39.     Defendants deny the allegations of the first and second sentences of paragraph 39; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.  To the extent that the allegations of the third sentence of paragraph 39 state conclusions of law, no responsive pleading is required.  Defendants deny the remaining allegations of paragraph 39.

       40.     The allegations of paragraph 40 state conclusions of law to which no responsive pleading is required.

       41.     The allegations of paragraph 41 state conclusions of law to which no responsive pleading is required.

       42.     Denied.

**Claim Two:  ERISA Requires That Benefit Reductions,
Conditions On Receipt Of Additional Accruals And Other
Disadvantages Be Disclosed In The Summary Plan Description.**

       43.     The allegations of paragraph 43 state conclusions of law to which no responsive pleading is required.

       44.     Defendants admit that CIGNA distributed a SPD to participants in the Plan in October, 1998 and again in September, 1999.  Defendants deny the remaining allegations of paragraph 44; such allegations purport to characterize the contents of the SPDs, which documents speak for themselves.

       45.     To the extent that the allegations of paragraph 45 state conclusions of law, no responsive pleading is required.  Defendants deny the remaining allegations of paragraph 45.

**Claim Three:  The Rate of Benefit Accruals**
**After 1998 Is Reduced Because of Age.**

46.     To the extent that the allegations of paragraph 46 state conclusions of law, no responsive pleading is required.  Defendants deny the remaining allegations of paragraph 46.

47.     To the extent that the allegations of the first and second sentences of paragraph 47 purport to describe every cash balance plan, Defendants lack knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 47.  To the extent that the first and second sentences of paragraph 47 purport to characterize the terms of the Part A and Part B Plan documents, Defendants deny the allegations, as such documents speak for themselves.  To the extent that the allegations of the third sentence of paragraph 47 state conclusions of law, no responsive pleading is required.  Defendants deny the remaining allegations of paragraph 47.

48.     Defendants deny the allegations of paragraph 48; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.

49.     Defendants deny the allegations of paragraph 49; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.

50.     To the extent that the allegations of paragraph 50 state conclusions of law, no responsive pleading is required.  Defendants deny the remaining allegations of paragraph 50.

**Claim Four:  CIGNA Did Not Give Participants**

**Timely Or Adequate Advance Notice Of**
**Benefit Reductions As Required By ERISA Section 204(h).**

51.    Defendants admit that Plan participants were notified about the
terms of Part B and benefits thereunder.  Defendants deny the allegations of the second
sentence of paragraph 51; such allegations purport to characterize a written newsletter,
which document speaks for itself.  Defendants deny the remaining allegations of
paragraph 51.

52.    Defendants deny the allegations of paragraph 52; such allegations
purport to characterize the contents of written SPDs and a deposition transcript, which
documents which speak for themselves.

53.    To the extent that the allegations of paragraph 53 state conclusions
of law, no responsive pleading is required.  Defendants deny the remaining allegations of
paragraph 53.

54.    Defendants admit that the rehire rule was amended as part of Part
B, and that Part B was signed on December 21, 1998.  To the extent that the allegations
of the first sentence of paragraph 54 suggest that there was a separate amendment
amending the rehire rule, they are denied.  Defendants deny the allegations of the second
sentence of paragraph 54.  Defendants admit that Part B Plan participants, including
rehires, were notified of the terms of Part B and benefits thereunder, and that Defendants
satisfied their disclosure obligations under ERISA.  Defendants deny the remaining
allegations of paragraph 54.

55.    To the extent that the allegations of paragraph 55 state conclusions
of law, no responsive pleading is required.  Defendants deny the remaining allegations of
paragraph 55.

**Claim Five:  CIGNA Has Reduced Previously Earned Benefits
In Violation Of ERISA Section 204(g)'s Anti-Cutback Rule.**

56.    Defendants deny the allegations of paragraph 56; such allegations purport to characterize the contents of written documents, which documents speak for themselves.  To the extent that the allegations of paragraph 56 state conclusions of law, no responsive pleading is required.  Defendants deny the remaining allegations of paragraph 56.

57.    Defendants deny the allegations of paragraph 57; such allegations purport to characterize the contents of written documents, which documents speak for themselves.  To the extent that the allegations of paragraph 57 state conclusions of law, no responsive pleading is required.  Defendants deny the remaining allegations of paragraph 57.

## Prayer For Relief

Defendants deny that Plaintiff is entitled to any relief or damages, including the relief described in paragraphs A-D of the Prayer for Relief.

WHEREFORE, Defendants respectfully request that the Second Amended Complaint be dismissed with prejudice, that judgment be entered in their favor, and that Defendants be awarded the costs of this action, attorneys' fees and such other relief as this Court deems appropriate.

## FIRST DEFENSE

The Second Amended Complaint fails to state any claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs and Class members' claims are barred in whole or in part by the

12

applicable statutes of limitations.

### THIRD DEFENSE

Plaintiffs and certain Class members have failed to exhaust administrative remedies.

### FOURTH DEFENSE

Plaintiffs and Class members are not entitled to relief beyond that which is authorized by ERISA Section 502(a)(3).

### FIFTH DEFENSE

Plaintiffs and Class members are not entitled to a jury trial on any of their claims.

### SIXTH DEFENSE

Plaintiffs and certain Class members' claims are barred by the releases signed with Defendants.

13

DEFENDANTS
CIGNA CORPORATION & CIGNA
PENSION PLAN

James A. Wade (ct00086)
jwade@rc.com
Erin O'Brien Choquette (ct 18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597
Tel. No.: (860) 275-8200
Fax No.: (869) 275-8299

Christopher A. Parlo (CT-04700)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY  10178
Tel. No.: (212) 309-6062
Fax No.: (212) 309-6273

Joseph J. Costello
Jeremy P. Blumenfeld
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel. No.: (215) 963-5295
Fax. No.: (215) 963-5001

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served this 3rd

day of October, 2005, via facsimile and first class U.S. mail, prepaid, upon the following:

Thomas G. Moukawsher
Moukawsher & Walsh, LLC
328 Mitchell Street
Groton, CT  06340

Stephen R. Bruce
805 15th Street, NW
Suite 210
Washington, DC 20005

Erin O'Brien Choquette