UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Janice C. Amara, Gisela R. Broderick, individually and on behalf of others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>CIGNA Corp. and CIGNA Pension Plan,<br><br>          Defendants. | Civil No. 3:01-CV-2361 (MRK)<br><br>January 9, 2006 |

**PLAINTIFF CLASS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR LEAVE TO AMEND COMPLAINT
TO ADD ADDITIONAL NAMED REPRESENTATIVE**

Stephen R. Bruce Ct 23534
Suite 210
805 15th St., NW
Washington, DC 20005
(202) 371-8013

Thomas G. Moukawsher Ct 08940
Moukawsher & Walsh, LLC
21 Oak Street
Hartford, CT 06106
(860) 278-7000

Attorneys for the Plaintiff Class

## Table of Contents

Introduction .................................................................. 1

I.     Statement of facts ...................................................... 2

II.    The liberality in granting leave to amend applies to amendments to a complaint to add new named representatives; this Court already indicated that the Class would be permitted to add named plaintiffs to address Defendants' "standing" arguments; Defendants will not be unduly prejudiced by the addition of Ms. Glanz who is already a member of the certified class .................................................. 4

III.   Leave to amend to add new named plaintiffs should be granted to ensure there are named plaintiffs with representative claims throughout the litigation ..................... 6

Conclusion .................................................................. 8

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Abrahamson v. Bd. of Educ. of the Wappingers Central Sch. District*, 2002 WL 1354711, 2002 U.S. Dist. LEXIS 11054 (S.D.N.Y. 2002); *aff'd in part, rev'd in part on other grounds*, 374 F.3d 66 (2d Cir. 2004) .................................................... 5

*Amara v. Cigna Corp.*, 2002 WL 31993224 (D.Conn. 2002) .......................................... 6

*Amchem Products, Inc. v. Windsor*, 512 U.S. 591 (1997) ................................................ 6

*Baffa v. Donaldson*, 222 F.3d 52 (2d Cir. 2000) ............................................................... 6

*Birmingham Steel Corp. v. TVA*, 353 F.3d 1331 (11th Cir. 2003) .................................... 7

*Block v. First Blood Associates*, 988 F.2d 344 (2d Cir. 1993) ......................................... 1

*Coan v. Nightingale Home Healthcare, Inc.*, 2005 WL 1799454, 2005 U.S. Dist. LEXIS 15475 (S.D.Ind. 2005) ........................................................................................ 5

*Cortigiano v. Oceanview Manor Home for Adults*, 227 F.R.D. 194 (E.D.N.Y. 2005) ..... 6

*Doe v. Pataki*, 3 F. Supp. 2d 456 (S.D.N.Y. 1998) ........................................................... 6

*Engers v. AT&T Corp.*, 2000 U.S. Dist. LEXIS 10937 (D.N.J. 2000) ............................. 5

*Foman v. Davis*, 371 U.S. 178 (1962) .............................................................................. 1

*Gumer v. Shearson, Hammill & Co.*, 516 F.2d 283 (2d Cir. 1974) .................................. 1

*Int'l Union of Bricklayers and Allied Craftsmen Local No. 5 v. Hudson Valley District Council Bricklayers and Allied Craftsmen Joint Benefit Funds*, 162 F.R.D. 17 (S.D.N.Y. 1995) ............................................................................................................ 4

*Koch v. Dwyer*, 2001 WL 289972, 2001 U.S. Dist. LEXIS 4085 (S.D.N.Y. 2001) ..... 2, 4

*Marisol A. v. Giuliani*, 126 F.3d 372 (2d Cir. 1997) ....................................................... 6

*Messier v. Southbury Training School*, 1999 WL 20907, 1999 U.S. Dist. LEXIS 6992 (D.Conn. 1999) ............................................................................................ 5, 7

*Monahan v. New York City Department Of Corrections*, 214 F.3d 275 (2d Cir. 2000) ... 1

*Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119 (2d Cir. 1991) ................................... 1

*Robinson v. Metropolitan North Commuter R.R.*, 267 F.3d 147 (2d. Cir. 2001) ............. 6

*Schlick v. Penn-Dixie Cement Corp.*, 551 F.2d 531 (2d Cir. 1977) ............................... 1, 7

*Smith v. Bowers*, 337 F. Supp. 2d 576 (S.D.N.Y. 2004) ...................................................... 5

*Staggers v. Otto Gerdau Co.*, 359 F.2d 292 (2d Cir. 1966) ............................................ 2, 4

*United States v. Continental Ill. Bank & Trust Co.*, 889 F.2d 1248 (2d Cir.1989) ........... 5

*Wells v. Harris*, 185 F.R.D. 128 (D.Conn. 1999) ............................................................... 1

## MISCELLANEOUS

Herbert Newberg and Alba Conte, *Newberg on Class Actions* ........................................... 7

*Manual for Complex Litigation, Fourth* ............................................................................. 7

Wright and Miller, *Federal Practice and Procedure* ......................................................... 4

**Introduction**

The Plaintiff Class requests that the Court grant leave to amend the Complaint to add Ms. Annette S. Glanz, who is a member of the already certified class, as an additional named Plaintiff. During the June 20, 2005 conference call on leave to amend to add the ERISA §§204(g) and 204(h) claims as alternative legal theories for recovery, Defendants contested the standing of Ms. Amara, the original named representative, and Ms. Broderick, the named representative who was added with the Second Amended Complaint to raise the ERISA §204(h) notice claim. In response to Defendants' arguments, Your Honor indicated that Plaintiff's counsel could introduce as many additional named Plaintiffs as needed to address Defendants' standing challenges concerning the §204(h) claim. See *Schlick v. Penn-Dixie Cement Corp.*, 551 F.2d 531, 533 (2d Cir. 1977) (courts may substitute or add new named plaintiffs to bolster representation).

Under Federal Rule 15(a), leave to amend a complaint is liberally granted when appropriate. See, e.g., *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Monahan v. New York City Dept. Of Corrections,* 214 F.3d 275, 283 (2d Cir. 2000); *Gumer v. Shearson, Hammill & Co.*, 516 F.2d 283, 287 (2d Cir. 1974). Rule 15(a) is "broadly construed to comport with the general policy of the Federal Rules to permit and encourage disposition of litigation on the merits." *Wells v. Harris*, 185 F.R.D. 128, 131 (D.Conn. 1999) ("It is rare that leave to amend should be denied," citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

The Second Circuit has specifically held that "Rule 15(a) may be used to substitute new

plaintiffs." *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966). Accordingly, "[the] liberality in granting leave to amend also applies to amending a complaint to add new parties." *Koch v. Dwyer*, 2001 WL 289972, *6 (S.D.N.Y. 2001).

The proposed amended Complaint merely adds Ms. Ganz as an additional named representative and sets out factual allegations related to her employment and benefits. See Proposed Amended Complaint ¶¶7, 19, 37-38, and 54. It does not set forth new claims.

## I. Statement of facts

During the June 20, 2005 conference call on leave to amend, Defendants contested Ms. Amara's and Ms. Broderick's standing to bring the ERISA §204(h) notice claim. Plaintiffs' counsel pointed out that Ms. Broderick was, in fact, an active employee during the time period when the ERISA §204(h) notice of reductions should have been distributed. The Court indicated that if Defendants' challenge was based on "standing," the Plaintiffs could also add additional named representatives from the certified class to address this defense. At the same time, the Court's June 21, 2005 Ruling and Order "reserve[d] ruling on Plaintiffs' request to substitute Gisela Broderick as a class representative until after Ms. Broderick has been deposed." Dkt. #123. Defendants did not notice or otherwise ask to take Ms. Broderick's deposition in the following month and have still not noticed her deposition. Defendants' July 13, 2005 case management scheduling proposal proposed to answer the Second Amended Complaint by October 12, 2005, with no reservation about the addition of Ms. Broderick as a named Plaintiff.[1]

---

[1] Defendants' August 4, 2005 Response to Plaintiff's Scheduling Proposal states that "Defendants intend to depose Gisela Broderick and any other class representatives proposed by Plaintiff to determine whether they are appropriate class representatives." Dkt. # 140 at 2. No dates were proposed for doing this other than before the close of discovery. See *id.*

2

Following the August 10, 2005 teleconference on scheduling, this Court ordered Defendants to answer the Second Amended Complaint on or before October 1, 2005. Dkt. # 142. CIGNA's answer, filed on October 4, 2005 (dkt. #145) does not specifically challenge Ms. Amara's or Ms. Broderick's standing. *Id.*

Defendants' supplemental expert report by Actuary Lawrence Sher dated October 31, 2005 indicated, however, that Defendants still intend to challenge whether either Ms. Amara or Ms. Broderick possesses "standing" to raise the ERISA §204(h) claim. Accordingly, Plaintiffs seek leave to amend the complaint to add an additional named Plaintiff to ensure adequate representation of the already certified class. Granting leave to amend to add Ms. Glanz will not be prejudicial because discovery is not yet complete in this case, and any additional discovery Defendants require is minimal. The computations of Ms. Glanz's benefits before and after the cash balance conversion were already examined by the Plaintiffs' actuarial expert in his Supplemental Declaration served on January 3, 2006. Plaintiffs' counsel are concurrently producing the papers that Ms. Glanz has supplied to counsel.

Proposed named plaintiff Annette Glanz worked for CIGNA for close to 16 years, from August 8, 1988 to June 18, 2004, as a senior health plan reserve consultant and later a project controller in the Health Care division. She was a participant in the CIGNA pension plan for the entirety of her employment. Proposed Amended Complaint ¶¶ 7 and 19.

As recounted before, Cigna converted to a "Part B" cash balance pension plan to replace its traditional defined benefit pension plan ("Part A"), effective January 1, 1998. Employees who had a specified combination of age and service in excess of 45 points and who were hired before 1989 were "grand-fathered" under the prior pension formula. Cigna transferred Ms. Glanz to the

3

Part B cash balance plan because she did not have a combination of age and service in excess of 45 points. At the time the cash balance plan became effective, Ms. Glanz had 42 age and service points. ¶23.

Like the other named Plaintiffs, Ms. Glanz experienced a significant decrease in her future rates of benefit accrual under the cash balance plan. See ¶¶ 37-38. Compared with the 1.55% accrual rate which she enjoyed under the prior Part A formula, the new formula translates to a benefit accrual rate equal to 0.9% of Ms. Glanz's final average earnings of approximately $78,900 (over the years from July 2001 to June 2004). *Id.*

II. **The liberality in granting leave to amend applies to amendments to a complaint to add new named representatives; this Court already indicated that the Class would be permitted to add named plaintiffs to address Defendants' "standing" arguments; Defendants will not be unduly prejudiced by the addition of Ms. Glanz, who is already a member of the certified class**

The Second Circuit recognizes that "Rule 15(a) may be used to substitute new plaintiffs." *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966) (holding that plaintiffs' application to amend complaint to name new plaintiffs should have been granted "pursuant to Rule 15 of the Federal Rules"); *Int'l Union of Bricklayers and Allied Craftsmen Local No. 5 v. Hudson Valley District Council Bricklayers and Allied Craftsmen Joint Benefit Funds*, 162 F.R.D. 17, 24 (S.D.N.Y. 1995) ("Parties may move pursuant to Rule 15(a), Fed R. Civ. P., to amend their pleadings to add new plaintiffs to the litigation"); *Wright and Miller, Federal Practice and Procedure* § 1474 ("party may make a Rule 15(a) amendment to add, substitute, or drop parties to the action").

Accordingly, "[the] liberality in granting leave to amend also applies to amending a complaint to add new parties." *Koch v. Dwyer*, 2001 WL 289972, *6 (S.D.N.Y. 2001);

*Abrahamson v. Bd. of Educ. of the Wappingers Cent. Sch. Dist.*, 2002 WL 1354711, *12 (S.D.N.Y. 2002), aff'd in part, rev'd in part on other grounds, 374 F.3d 66 (2d Cir. 2004) (permitting leave to add additional plaintiffs "[s]ince leave to amend should be freely granted when justice so requires"); *Coan v. Nightingale Home Healthcare, Inc.*, 2005 WL 1799454, *3 (S.D.Ind. 2005) (leave to amend to add additional plaintiffs "should be freely granted").

Here, Defendants will suffer no undue prejudice as a result of the addition of Ms. Glanz, who is already a member of the certified class, as a named plaintiff. This Court placed Defendants on notice during the June 20, 2005 conference call that it would allow additional named Plaintiffs to be added to address any "standing" arguments on the ERISA §204(h) claim. Discovery is not scheduled to be complete in this case until February 28, 2006, and "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *United States v. Continental Ill. Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989). In *Messier v. Southbury Training School*, 1999 WL 20907, *4 (D.Conn. 1999) (unpublished), Judge Burns granted the plaintiff class leave to file a fourth amended complaint to add a new named plaintiff, holding that the addition of a new named plaintiff would not be prejudicial because defendants would not have to spend "significant additional resources" to conduct further discovery, nor would any significant delay result. See also *Smith v. Bowers*, 337 F. Supp. 2d 576, 579 n.1 (S.D.N.Y. 2004) (granting leave to amend complaint to add additional plaintiff where "no prejudice would result to defendants"); *Engers v. AT&T Corp.*, 2000 U.S. Dist. LEXIS 10937, *9-10 (D.N.J. 2000) (unpublished) (allowing a motion to amend to add a new named plaintiff who was already a member of the class and who was the only member to have filed an EEOC charge; the court found that defendants would not be prejudiced

5

or suffer any unfair disadvantage); *Doe v. Pataki*, 3 F.Supp 2d 456, 473-74 (S.D.N.Y. 1998) (granting leave to amend complaint to add proposed additional class of plaintiffs and new named plaintiffs where defendants did not establish, *inter alia*, undue prejudice or delay).

Based on Lawrence Sher's Supplemental Expert Report dated October 31, 2005, it appears that CIGNA intends to continue to challenge both Amara's and Broderick's standing to raise the ERISA §204(h) claim. Plaintiffs' proposed amended complaint simply adds a new named Plaintiff and the factual allegations relevant to her circumstances.

### III.    Leave to amend to add new named plaintiffs should be granted to ensure there are named plaintiffs with representative claims throughout the litigation

Class representatives are generally found to be adequate based on the typicality of their claims, the absence of conflicts with the class, and the adequacy of their counsel. See *Baffa v. Donaldson*, 222 F.3d 52, 60 (2d Cir. 2000); *Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997); *Amara v. Cigna Corp.*, 2002 WL 31993224, *2-3 (D.Conn. 2002). As the factual allegations in the proposed amended complaint indicate, Ms. Glanz satisfies those criteria. Her career with CIGNA and claims to retirement benefits are "substantially similar, if not identical, to those of the named plaintiffs." *Cortigiano v. Oceanview Manor Home for Adults*, 227 F.R.D. 194, 202 (E.D.N.Y. 2005); see also *Robinson v. Metro North Commuter R.R.*, 267 F.3d 147, 171 (2d. Cir. 2001) ("A class representative must be part of the class and possess the same interest and suffer the same injury as the class members," quoting *Amchem Prods, Inc. v. Windsor*, 512 U.S. 591, 625-26 (1997)).

Because Defendants, via their expert's Supplemental Report, now contest whether Ms. Amara or Ms. Broderick were entitled to the ERISA §204(h) notice of significant reductions in

future benefits, the Plaintiff Class proposes to elevate Ms. Glanz's status in the litigation to that of a named representative to "ensure that there are named plaintiffs with representative claims throughout this litigation." *Messier*, supra, 1999 WL 20907 at *1. If a named plaintiff's claims are not typical, "courts generally allow class counsel time to make reasonable efforts to recruit and identify a new representative who meets the Rule 23(a) requirements." *Manual for Complex Litigation, Fourth*, §21.26. See also 1 Herbert Newberg & Alba Conte, Newberg on Class Actions, § 3.42 (3d ed. 1992) (in cases where problems of inadequate representation arise, "Rule 23 has built-in safeguards...The court may invite interventions to bolster or substitute for class representation"); *Schlick v. Penn-Dixie Cement Corp.*, 551 F.2d 531, 533 (2d Cir. 1977) (recognizing court's ability to "substitute [a] class representative if the court finds the named plaintiff to be in a conflicting or untenable position either for the conduct of the trial or settlement"); *Birmingham Steel Corp. v. TVA*, 353 F.3d 1331, 1342 (11th Cir. 2003) (finding that "the efficient administration of justice and the interest of the class were not served" when district court decertified class without allowing "reasonable period of time" for substitution of new class representative). In *Messier v. Southbury Training School*, supra, 1999 WL 20907, defendants had placed all but one named plaintiff into the community after the litigation over the disability rights litigation began, "thereby jeopardizing the future certification of the plaintiff class" regarding community placement issues. The court recognized that "[w]ithout a new named plaintiff, the plaintiffs could be left without a named plaintiff with representative claims of the class, after over four years of litigation." *4.

In this instance, a Plaintiff class of over 27,500 current and former employees has already been certified (the count is based on a list of class members recently produced by CIGNA). In

light of Defendants' continuing challenge to the "standing" of the named Plaintiffs, even after the addition of Ms. Broderick, the addition of Ms. Glanz will ensure that the claims of the certified class continue to be represented. As indicated, Your Honor invited Plaintiff's counsel to add named Plaintiffs until the Defendants' arguments over class representatives' standing to raise the ERISA §204(h) claim were addressed.

**Conclusion**

For the foregoing reasons, the Plaintiff class respectfully requests that their motion for leave to amend be granted. The amendment adds a named plaintiff who is already a member of the class, and her addition will not unduly prejudice the Defendants.

Dated: January 9, 2006

Respectfully submitted,

By: /s/ Thomas G. Moukawsher
Thomas G. Moukawsher ct08940
Ian O. Smith ct24135
Moukawsher & Walsh, LLC
21 Oak Street
Hartford, CT 06106
(860) 278-7000
tmoukawsher@mwlawgroup.com

Stephen R. Bruce ct23534 (pro hac vice)
Suite 210
805 15th St., NW
Washington, DC 20005
(202) 371-8013
stephen.bruce@prodigy.net