UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------X
:
JANICE C. AMARA, GISELA : 3:01 CV 2361 (MRK)
R. BRODERICK, individually, :
and on behalf of others similarly situated, :
:
Plaintiffs, :
:
v. :
:
CIGNA CORP. AND CIGNA :
PENSION PLAN, :
:
Defendants. :
: January 30, 2006
------------------------------------------------------X

### RESPONSE OF DEFENDANTS CIGNA CORPORATION AND CIGNA PENSION PLAN TO PLAINTIFFS' MOTION TO AMEND COMPLAINT TO ADD ADDITIONAL NAMED REPRESENTATIVE

**I.   INTRODUCTION**

Defendants CIGNA Corporation and CIGNA Pension Plan ("CIGNA"), by the undersigned attorneys, hereby submit this response to Plaintiff Class' Motion for Leave to Amend Complaint to Add Additional Named Representative, and Memorandum of Law ("MOL") in support thereof. (See dkt #155, 154).

In short, CIGNA does not oppose adding Ms. Annette S. Glanz as an additional Named Plaintiff so long as the Court permits sufficient time for discovery to avoid any prejudice to CIGNA. At this stage, it is premature for the Court to act on Plaintiffs' suggestion that Ms. Glanz be designated as a Class Representative. As Plaintiffs' MOL explained, the parties and this Court have long been mindful of the possibility that additional Named Plaintiffs would be

required given the "standing" deficiencies in the claims of Plaintiff Janice C. Amara. Moreover, since Plaintiffs first proposed adding Gisela R. Broderick as a Named Plaintiff, CIGNA has at all times reserved the right to challenge her suitability as a Class Representative.[1] Plaintiffs suggest that Ms. Glanz would be a suitable Class Representative, but have not presented sufficient evidence under Rule 23 of the Federal Rules of Civil Procedure for the Court to decide if she would be appropriate. The Court should defer the Class Representative question until CIGNA has had an opportunity to conduct discovery concerning Ms. Glanz.

## II.    ARGUMENT

### A.    CIGNA DOES NOT OPPOSE MS. GLANZ'S DESIGNATION AS AN ADDITIONAL NAMED PLAINTIFF.

So long as CIGNA will not be prejudiced by the belated addition of an additional Named Plaintiff, CIGNA does not oppose Plaintiffs' Motion for Leave to Amend the Complaint to add Ms. Glanz as a Named Plaintiff. Discovery is currently set to close on February 28, 2005, which is less than one month away. CIGNA will be severely prejudiced if it is not permitted the opportunity to complete full discovery, including conducting Ms. Glanz's deposition with the benefit of her written discovery responses and responsive documents. Nonetheless, CIGNA does not foresee a problem in completing discovery within a reasonable timeframe, assuming Plaintiffs' counsel's cooperation.[2] Accordingly, CIGNA does not oppose the addition of Ms. Glanz as a Named Plaintiff.

---

[1]    Contrary to Plaintiffs' counsel's representations, CIGNA's counsel has requested of Plaintiffs' counsel available dates for Ms. Broderick's deposition, and is waiting to notice her deposition until the parties decide upon a mutually-agreeable schedule.

[2]    Based on statements made by the Court during a telephone conference with the parties on November 29, 2005, the parties have been attempting to negotiate a stipulation that would limit discovery to a small subset of the class, extend the discovery deadline without affecting the trial date, and provide for a more

### B. CIGNA CANNOT DETERMINE AT THIS TIME WHETHER MS. GLANZ IS AN APPROPRIATE CLASS REPRESENTATIVE.

Although the Motion is couched only in terms of naming an additional Plaintiff, it also suggests that the Court rule that Ms. Glanz satisfies the conditions for a Class Representative. (See MOL at 6-8). CIGNA opposes the designation of Ms. Glanz as a class representative at this point. The Court should defer ruling and wait until the parties have explored the question through discovery and can present briefing to the Court.

CIGNA must conduct discovery and depose Ms. Glanz to fully understand the circumstances of her employment and whether she would be an appropriate Class Representative. To date, Plaintiffs have failed to make any showing in that regard that would satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure. Indeed, there are a number of circumstances that appear to pose obstacles to Ms. Glanz serving as a Class Representative. For example, Ms. Glanz, like Ms. Amara and Ms. Broderick, executed an Agreement and Release with the Connecticut General Life Insurance Company ("CGLIC"), wherein she released certain claims against CGLIC and its parent, CIGNA. (See Agreement and Release, dated April 22, 2004, attached at Exhibit A).[3] Given these circumstances, it would be premature for the Court to designate Ms. Glanz as a Class Representative.

---

manageable trial presentation while preserving the parties' rights. The parties contemplate making a submission to the Court in that regard no later than the week of February 6, 2006.

[3] This Court has already recognized the potential problems in this litigation posed by a Class Representative's individualized factual issue, such as the execution of a release of claims. See Amara v. CIGNA Corp., No. 3:01CV2361 (DJS), 2004 WL 2381733, *1 (D.Conn. Oct. 13, 2004). Although Ms. Glanz's release expressly excludes "any claims for benefits under any retirement, savings or other employee benefit programs," she and the Plaintiffs make no claims for benefits under any CIGNA plan. To the contrary, they challenge the legality of the design of CIGNA's existing plan, and also assert separate claims attacking the adequacy of the summary plan description and alleging violation of Section 204(h) of ERISA. Id. at *1 ("Plaintiff's challenge this conversion and contend that Part B fails to meet the requirements governing defined benefit plans set forth in ERISA, the Internal Revenue Code. . ., and the ADEA."). It is CIGNA's position that all of these claims are barred by the release.

### III.    CONCLUSION

For the foregoing reasons, CIGNA does not oppose the Court's granting Plaintiffs leave to amend their Complaint to add Ms. Annette S. Glanz as a Named Plaintiff so long as CIGNA is not prejudiced by this belated addition.  However, CIGNA respectfully requests that the Court refrain from prematurely designating Ms. Glanz as a Class Representative before CIGNA has the opportunity to conduct discovery to explore whether she is appropriate for that role.

Dated:  January 30, 2006

    /s/  Erin O'Brien Choquette
Erin O'Brien Choquette (ct 18585)
echoquette@rc.com
James A. Wade (ct 00086)
jwade@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597
Tel. No.: (860) 275-8200
Fax No.: (869) 275-8299

Christopher A. Parlo (ct 04700)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY  10178-0600
Tel. No.: (212) 309-6062
Fax No.: (212) 309-6273

Joseph J. Costello
Jeremy P. Blumenfeld
Jamie M. Kohen
*admitted pro hac vice*
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
Tel. No.: (215) 963-5295/5258/5472
Fax. No.: (215) 963-5001

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was filed electronically and was served this 30th day of January, 2006 via first-class U.S. mail, prepaid, upon each of the following:

      Thomas G. Moukawsher
      Moukawsher & Walsh, LLC
      328 Mitchell Street
      Groton, CT  06340

      Stephen R. Bruce
      805 15th Street, NW
      Suite 210
      Washington, DC 20005

                             /s/  Erin O'Brien Choquette
                              Erin O'Brien Choquette