EXHIBIT D

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com



Morgan Lewis
COUNSELORS AT LAW

Jamie M Kohen
215.963.5472
jkohen@morganlewis.com
eFax: 877.432.9652

November 23, 2005

**VIA FACSIMILE AND FEDERAL EXPRESS**

Stephen R. Bruce
805 15th Street, NW
Suite 210
Washington, DC 20005

Re:   Amara v. Cigna Corp. and Cigna Pension Plan; Civil Action No. 3:01 CV 2361

Dear Mr. Bruce:

In our continuing effort to conciliate your discovery concerns, and pursuant to your telephone conversation with Jeremy P. Blumenfeld, we write to provide additional information in response to your written discovery requests, as you requested.

Enclosed please find documents Bates-numbered SuppD1100-1902, which are responsive to your Document Requests Nos. 23-26.

The CRIS employees transferred were in fact offered to cash out or roll over, and information on such options would have been included in the packets received, such as SuppD0413, a May 10, 2004 disclosure. As you requested, enclosed please find an unredacted copy of the CRIS package provided to CIGNA employees when they were transferred to Prudential. (See SuppD1903-1927.)

We are also writing to confirm that we have already produced, in response to Interrogatory No. 3, all documents we have reflecting legal advice from William Mercer Company.

As to Document Request No. 16, you asked if there was a Plan Amendment whereby persons who are rehired in 1998-2000 will not receive the free 30% joint & survivor's annuity. We write to confirm that there was not a Plan Amendment that mandated that the 1998-2000 rehires did

Morgan Lewis
COUNSELORS AT LAW

not get free 30%. This change was made pursuant to the cash balance conversion, and, as such, all relevant documents already have been produced.

Enclosed please also find Supplemental Interrogatory Responses to Nos. 4 and 14, as requested.

As you know, we are in the process of preparing a Class List with further information for each Class Member. This list shall contain as much of the information you requested as is retained in Cigna or Prudential's computer systems. Additionally, we are in the process of reconciling the reason for the inadvertent omission of the Depenbrock class members from the list we previously provided to you.

Should you have any further questions or concerns, please call me or Jeremy P. Blumenfeld (215) 963-5258.

Sincerely,

Jamie M Kohen

Enclosures

c:   Thomas G. Moukawsher, Esquire (w/o encl.)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------X
:
JANICE C. AMARA, GISELA                          :    3:01 CV 2361 (MRK)
R. BRODERICK individually,                       :
and on behalf of others similarly situated,      :
                                                 :
                Plaintiffs,                      :
                                                 :
        v.                                       :
                                                 :
CIGNA CORP. AND CIGNA                            :
PENSION PLAN,                                    :
                                                 :
                Defendants.                      :
                                                 :    November 23, 2005
-----------------------------------------------------X

## DEFENDANTS' OBJECTIONS AND SUPPLEMENTAL RESPONSES
## TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendants Cigna Corp. and Cigna Pension Plan, by and through the undersigned counsel, hereby provide supplemental responses in accordance with the requirements of Rule 33 of the Federal Rules of Civil Procedure. Defendants reserve the right to supplement its responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure to include or reflect information subsequently acquired if, based upon that information, it is determined that the disclosed information is incomplete or incorrect in some material respect.

### GENERAL OBJECTIONS

1.    Defendants object to the Interrogatories to the extent they call for documents or information which is subject to one or more privileges, including, but not limited to, the attorney-client privilege, or any information which constitutes or reflects the work product of Defendants' attorneys.

2.      Defendants object to the Instructions in the Interrogatories to the extent that they seek to impose any obligation on Defendants that is inconsistent with, or in addition to, obligations imposed by the Federal Rules of Civil Procedure or other Rule or Order of the Court.

3.      Defendants object generally to producing documents or providing information which is confidential, proprietary or sensitive in nature to Defendants or the employees or customers of Defendants without execution of an appropriate Stipulation of Confidentiality and Protective Order.

4.      Defendants object to Plaintiff's Interrogatories to the extent they are not limited to the operation of Part B of the Plan and its impact on participants.

5.      Defendants incorporate these objections into each of their responses below.

## SPECIFIC OBJECTIONS AND SUPPLEMENTAL RESPONSES

4.      Did the CIGNA Pension Plan administrator apply a pre-retirement mortality discount to convert participants' previously-earned annuity benefits to opening cash balance accounts? If not, please describe the basis for your answer in detail. If so, please identify documents related to the CIGNA Pension Plan administrator's authority to apply a pre-retirement mortality discount in that conversion.

**Objection and Supplemental Response:** Defendants object to this Interrogatory to the extent it does not define a "pre-retirement mortality discount" as it is not clear whether Defendants' understanding of this term is the same as that intended by Plaintiff. Subject to these objections and without waiver thereof, no, a specific "pre-retirement" mortality discount was not applied. The Plan provides in Section 1.28 that a participant's Initial Retirement Account shall be calculated using the "Applicable Mortality Table," a defined term in the Plan. The Plan provides the authority for the Plan Administrator to use the Applicable Mortality Table in calculating an employee's Initial Retirement Account.

14.     Identify all disclosures and other materials related to retirement benefits that were distributed within the fourth quarter of 1997 to employees who were transferred from CIGNA employment to employment with Lincoln National at the end of 1997. Do Defendants contend that the burgundy "Information Kits" about the CIGNA cash balance plan were distributed to these employees? If so, please explain the basis for that position, including but not limited to describing which versions of those Information Kits were distributed to which employees.

**Objection and Supplemental Response:** Defendants object to this Interrogatory on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence. The Lincoln National employees did not participate in Plan B and are not members of the class. Subject to and without waiving the foregoing objections, Defendants do not believe that Gisela Broderick received a copy of the "Information Kits" that were distributed at the end of 1997.

Dated: November 23, 2005

_____
Joseph J. Costello
Jeremy P. Blumenfeld
Jamie M. Kohen
*admitted pro hac vice*
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel. No.: (215) 963-5295
Fax. No.: (215) 963-5001

Attorneys for Defendants

## VERIFICATION OF JOHN ARKO

I, John Arko, hereby verify that I am employed by Cigna Corporation as Benefits Strategy Director, and that the facts contained in DEFENDANTS' OBJECTIONS AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, is true and correct based upon personal knowledge obtained by me in the performance of my duties.

I make this statement under penalty of perjury pursuant to 28 U.S.C. § 1746.

11/22/2005
Date

John Arko

## CERTIFICATE OF SERVICE

I, Jamie M. Kohen, hereby certify that a true and correct copy of DEFENDANTS' OBJECTIONS AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, was served this 23rd day of November, 2005, via facsimile and federal express, prepaid, upon each of the following:

> Thomas G. Moukawsher
> Moukawsher & Walsh, LLC
> 328 Mitchell Street
> Groton, CT 06340
>
> Stephen R. Bruce
> 805 15th Street, NW
> Suite 210
> Washington, DC 20005

_____