EXHIBIT G



November 12, 2004

HEALTH

# Cigna Loses in Case on Change In an Older Employee's Pension

By ELLEN E. SCHULTZ
Staff Reporter of THE WALL STREET JOURNAL
November 12, 2004

DOW JONES REPRINTS

This copy is for your personal, non-commercial use only. To order presentation-ready copies for distribution to your colleagues, clients or customers, use the Order Reprints tool at the bottom of any article or visit: www.djreprints.com.

• See a sample reprint in PDF format.
• Order a reprint of this article now.

A federal appeals court ruled Wednesday that **Cigna** Corp. had wrongly forced an older employee to switch to a cash-balance pension plan, a move that reduced his pension significantly.

The court, reversing a lower-court decision in favor of Cigna, ruled that the company had adopted a rule that retroactively prevented certain long-service employees from qualifying for a "grandfather" clause, which would have allowed them to remain under the older, more-generous pension formula.

"This case is a by-product of corporate America's recent effort to curb costs by ... scaling back the benefits provided under pension plans," wrote Circuit Judge Max Rosenn in the decision by the three-judge panel in the Third Circuit in Philadelphia. The ruling doesn't involve age discrimination, which is a central issue in several suits regarding cash-balance pensions.

"We believe [the appeals-court ruling] really impacts only the one plaintiff," said Joseph Mondy, Cigna spokesman, though he adds that the company is reviewing whether other people would be affected by the ruling.

The plaintiff, John Depenbrock, began working for Cigna in 1983, when it had a traditional pension, which calculates benefits by multiplying years of service and average salary.

In 1998, the company converted the pension to a cash-balance plan, which freezes the pension growth under the old pension, so that additional years on the job don't boost the pension. Instead, the pension grows only with annual "credits" based on pay, plus interest.

When longer-service employees are switched to a cash-balance plan, their expected pensions are typically reduced by 20% or more. To protect older workers, some companies adopt "grandfather" clauses, allowing older workers to stay in the prior pension and earn higher benefits.

Mr. Depenbrock would have qualified for the grandfather provision, but he resigned from Cigna Jan. 2, 1998. He was rehired by Cigna Nov. 30, 1998.

Twenty-two days after Mr. Depenbrock returned to work, Cigna adopted a "rehire rule," which stated that long-term employees who left Cigna but were re-employed Jan. 1, 1998, or later would

immediately be transferred into the cash-balance plan.

This rule prevented Mr. Depenbrock from qualifying to remain under the prior pension. The court decision notes that one of Cigna's actuaries estimated that transferring Mr. Depenbrock from the prior pension plan to the cash-balance plan would result in his losing $800,000 in benefits, assuming he continued to work at Cigna until age 55.

Cigna argued that even though it hadn't formally implemented the rehire rule until Dec. 21, 1998, it had planned to adopt the rehire rule, and had informed employees about it the prior year. As a result, the company said, the rule was effective Jan. 1, 1998, the day before Mr. Depenbrock resigned.

Mr. Depenbrock, who said he was never informed of the company's plan to implement the rehire rule, sued Dec. 11, 2001, and sought to compel Cigna to produce documents regarding its decisions with respect to the cash-balance plan.

Cigna argued that because it was a fiduciary, the documents were protected by attorney-client privilege. The lower court subsequently denied Mr. Depenbrock's motion to compel discovery of the documents, "without offering any explanation for its finding," the appeals-court decision said, and granted judgment in favor of Cigna on July 31, 2003.

The appeals court criticized the lower court's finding. It noted that while the law allows companies to cut benefits going forward, it doesn't allow companies to cut benefits retroactively. And it concluded that the "rehire rule" was effective Dec. 21, 1998.

Meanwhile, Cigna is defending a pending class-action suit alleging that its cash-balance plan violated age-discrimination and other provisions.

**Write to** Ellen E. Schultz at ellen.schultz@wsj.com[1]

URL for this article:
http://online.wsj.com/article/0,,SB110021352988371944,00.html

Hyperlinks in this Article:
(1) mailto:ellen.schultz@wsj.com

Copyright 2004 Dow Jones & Company, Inc. All Rights Reserved

This copy is for your personal, non-commercial use only. Distribution and use of this material are governed by our Subscriber Agreement and by copyright law. For non-personal use or to order multiple copies, please contact Dow Jones Reprints at 1-800-843-0008 or visit www.djreprints.com.

# courant.com

http://www.courant.com/business/hc-cigna0212.artfeb12,0,2369608.story?coll=hc-headlines-business

# CIGNA Workers' Pensions Restored

## Rehired Employees Win Standard Plan

By DIANE LEVICK
Courant Staff Writer

February 12 2005

CIGNA Corp., vanquished in court last fall, has notified 178 current and former employees that they will be switched back to a traditional pension plan - a victory that could restore millions of dollars in benefits to them.

The affected workers were those who left the company but were rehired between Jan. 1, 1998, and Dec. 21, 1998, and were transferred from the traditional pension plan to a new "cash balance" plan.

Cash balance plans can significantly reduce benefits of older, longer-service employees, and have sparked controversy and major lawsuits across the nation as workers and retirees fight to protect the pension benefits they were promised.

In letters received this week, CIGNA explained to the plan members - many of them in Connecticut - that their benefits are being recalculated in light of a federal appeals court ruling last November.

"It's a big win for the wee folk over the big conglomeration," said John Lamb of Winsted, a former CIGNA employee, who does not know yet what the increase in his pension will be.

"This case is a by-product of corporate America's recent effort to curb costs by scaling back the benefits provided under pension plans," the court decision said.

In cash balance plans, the employer typically promises to contribute an annual percentage of salary, plus a fixed percentage of interest. Traditional plans are based on final years of pay, which benefits older workers with more years of service.

Under the traditional CIGNA plan in question, the formula was 2 percent of final average pay for each year of service, minus an offset for Social Security.

Plaintiff John Depenbrock's pension will more than double as a result of a switch back to the traditional pension, said Stephen R. Bruce, one of his attorneys.

One of CIGNA's actuaries had estimated Depenbrock would lose $800,000 in pension benefits because of his transfer to the cash balance plan, according to the appeals court opinion.

Bruce estimated it will take $10 million to $20 million to correct pension benefits for all 178 people. But

CIGNA spokesman Joe Mondy said the estimate is "well off the mark" and the actual figure will probably be "a fraction" of that amount.

A person will have the choice of staying in the cash balance plan if in that person's case the cash balance plan offers higher benefits than the old plan, Mondy noted.

The affected people include some who worked in CIGNA's retirement services division, which was sold to Prudential Financial last April.

The court case did not rule on the merits of traditional pension vs. cash balance plans. Instead, it came down to a matter of timing and workers' rights.

On Nov. 4, 1997, CIGNA proposed amendments to its pension plan to take effect Jan. 1, 1998. One of the proposed changes was that long-term employees who left the company and were re-hired after Dec. 31, 1997, would be transferred to the cash balance plan.

However, CIGNA did not formally adopt the new rules until Dec. 21, 1998, when the chief executive signed off on them, the appeals court decision says.

Depenbrock quit CIGNA Jan. 2, 1998, and was rehired Nov. 30 that year. So he argued the new rules did not apply to him because their formal adoption came 22 days after he returned to CIGNA.

CIGNA, though, considered the effective date of the new rule on rehired workers to be Jan. 1, 1998.

Depenbrock sued CIGNA in U.S. District Court in Philadelphia in December 2001, alleging the company violated the federal Employee Retirement Income Security Act. The court sided with CIGNA in July 2003. The plaintiff appealed and won the 3rd Circuit Court of Appeals decision last November.

The Depenbrock case was not a class action. However, a class action is pending in U.S. District Court in Hartford accusing CIGNA of discriminating against older workers in the way it converted its pension plan.

*Copyright 2005, Hartford Courant*