EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

Janice C. Amara,
individually and on behalf of all others
similarly situated,

Plaintiff,

vs.

CIGNA Corp. and CIGNA Pension Plan,

Defendants.

Civil No. 3:01-CV-2361 (MRK)

### DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendants CIGNA Corporation ("CIGNA") and CIGNA Pension Plan (the "Plan") (collectively "Defendants"), by and through their counsel, hereby make the following supplemental objections and responses to Plaintiff's Second Requests for Production of Documents.

### GENERAL OBJECTIONS

1.      Defendants object to the Requests to the extent they call for documents or information which is subject to one or more privileges, including, but not limited to, the attorney-client privilege, or any information which constitutes or reflects the work product of Defendants' attorneys.

2.      Defendants object to the Instructions in the Requests to the extent that they seek to impose any obligation on Defendants that is inconsistent with, or in addition to, obligations imposed by the Federal Rules of Civil Procedure or other Rule or Order of the Court.

3.      Defendants object generally to producing documents or providing

information which is confidential, proprietary or sensitive in nature to

Defendants or the employees or customers of Defendants without

execution of an appropriate Stipulation of Confidentiality and Protective

Order.

4.    Defendants object to Plaintiff's Requests to the extent they are not limited

to the operation of Part B of the Plan and to the extent they seek

documents that are particular to individual participants.

5.    Defendants object to producing documents at the time and place sought by

Plaintiff.  Defendants will make available for inspection and copying

responsive documents at a mutually convenient date, time and location.

6.    Defendants incorporate these objections into each of their responses

below.

## SPECIFIC OBJECTIONS AND RESPONSES

1.    All documents that supplement, within the meaning of Rule 26(e),
Defendants' production in response to the Plaintiff's First Requests for Production of
Documents, including but not limited to any additional documents related to complaints
or claims from current or former employees about their pensions.


**Objections and Response:**  Defendants hereby incorporate their General Objections.

Because this Request is unclear, Defendants further object to this Request to the extent it

seeks to impose an obligation on Defendants beyond the obligations imposed by the

Federal Rules of Civil Procedure.  Subject to these objections and without waiver thereof,

Defendants will make available for inspection and copying claims and appeals files

regarding claims for benefits made by current or former participants in Part B that relate

2

to any of the claims in Plaintiff's Second Amended Complaint, as well as any releases signed by class members.

      2.     All legal advice, analyses, memos or other documents that the Plan administrator for the CIGNA Pension Plan or any other fiduciary used or relied on in considering whether implementation of the 1998 changes to the Pension Plan complied with ERISA, including but not limited to compliance with ERISA Sections 102, 204(b)(1)(B), 204(b)(1)(H), 204(g), 204(h), and 205(g).

**Objections and Response:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence. Defendants also object to this Request on the grounds that it is overbroad. Plaintiff's claims in this lawsuit are limited to only certain provisions of ERISA and, accordingly, to the extent Plaintiff seeks information related to provisions of ERISA other than those at issue in this case, Plaintiff's request is overbroad. Moreover, the legal advice the Plan Administrator (or other fiduciary) received regarding implementation of the Plan is irrelevant to whether the Plan's provisions comply with ERISA. Defendants further object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Subject to these objections and without waiver thereof, Defendants have produced documents responsive to this Request that the Court ordered Defendants to produce during the Court's ruling on Defendants' attorney-client and work product privilege objections.

      3.     All files related to the CIGNA Pension plan that are in the possession, custody or control of Michael Bell, Frank Lamay or Mordecai Schwartz, including but

3

not limited to all documents related to the CIGNA Pension Plan that were transmitted to
or from Messrs. Bell, Lamay or Schwartz since January 1, 1997.

**Objections and Response:** Defendants hereby incorporate their General Objections.

Defendants further object to this Request on the grounds that it seeks information that is

neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery

of admissible evidence. Defendants also object to this Request on the grounds that it is

overbroad and purports to required Defendants to produce documents in the possession,

custody, or control of parties other than Defendants. Subject to these objections, and

without waiver thereof, Defendants will produce non-privileged documents in

Defendants' possession that are in the files of Michael Bell, Frank Lamay or Mordecai

Schwartz and that relate to the claims in the Second Amended Complaint.

       4.      A class list, in electronic form, with the data contained in the CIGNA
pension system for each class member, including but not limited to name, address,
gender, social security number, birth date, hire date 1, termination date 1, hire date 2 (if
any), termination date 2 (if any), normal retirement date, prior pension plan code, final
average eligible earnings (before conversion), annual accrued benefit (before
conversion), conversion date, conversion interest rate, conversion present value factor,
credited service, credited service @conversion date, CIGNA Pension Plan opening
account balance, eligible salary for each year after conversion, benefit credits and interest
credits for each year, pension commencement date, account balance @ pension
commencement date, forms of benefit offered, form of benefit elected, and the benefit
amount.

**Objections and Response:** Defendants hereby incorporate their General Objections.

Defendants further object to this Request to the extent it calls for Defendants to create a

document that does not currently exist. Defendants object to this Request on the grounds

that it is unduly burdensome and that the information requested is overbroad and

irrelevant to the extent Plaintiff seeks information about every member of the class. The

purpose of a class action is to enable the Court to decide the relevant issues without

having to consider the facts and circumstances of each individual participant. Subject to

4

these objections, and without waiver thereof, Defendants will work with Plaintiff to

provide reasonable documentation in electronic form to the extent such documents exist.

For example, Defendants will provide information regarding exemplar participants to be

negotiated with counsel for Plaintiff. Defendants also have made available to Plaintiff

the software used to administer the Plan.


5.    All documents related to Gisela R. Broderick's pension benefits, including
but not limited to all records related to the conversion of her pre-1998 benefits to cash
balance and to the protection of the benefits she earned before 1998.

**Objections and Response:** Defendants hereby incorporate their General Objections.

Defendants object to this Request on the grounds that the information requested is

overbroad and that the Request seeks documents that are protected from disclosure by the

attorney client privilege and/or constitute work product. Subject to these objections, and

without waiver thereof, Defendants will produce documents reflecting Ms. Broderick's

pension benefits, as well as her claims and appeal file.


6.    All documents related to the calculations of opening account balances that
were distributed in May 1998 and all documents or files related to those calculations that
still exist.

**Objections and Response:** Defendants hereby incorporate their General Objections.

Defendants further object to this Request on the grounds that it seeks information that is

neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery

of admissible evidence. Defendants also object to this Request on the grounds that it is

overbroad and unduly burdensome to the extent Plaintiff seeks particular information

about every member of the class. The purpose of a class action is to enable the Court to

decide the relevant issues without having to consider the particular facts and

circumstances of each individual participant. Subject to these objections, and without

waiver thereof, Defendants have already produced a copy of the Plan and the manual

which describe the procedures for creating opening account balances. Defendants also

have made available to Plaintiff the software used to administer the Plan.


      7.     All documents related to the conversion factors used for International
Rehabilitation Associates ("Intracorp") employees described in an April 3, 2000 letter
from Stewart Beltz to Intracorp employees (Bates numbered as D028621-23), including
but not limited to the Plan amendment which supports those factors.

**Objections and Response:** Defendants hereby incorporate their General Objections.

Defendants further object to this Request on the grounds that it seeks information that is

neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery

of admissible evidence. Subject to these objections and without waiver thereof,

Defendants will produce a copy of the Plan Amendment reflecting the conversion factors

for International Rehabilitation Associates employees.


8.     All documents reflecting or related to any disclosure to participants:

(a)     that the 1998 cash balance conversion changed the Plan's benefit formula from
one based on a highest average of pay to one based on year-by-year salary; or

(b)     that the cash balance conversion eliminated early retirement subsidies.

**Objections and Response:** Defendants hereby incorporate their General Objections.

Defendants further object to this Request on the grounds that it seeks information that is

neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery

of admissible evidence. Defendants also object to this Request on the grounds that it is

overbroad. Subject to these objections, and without waiver thereof, Defendants have

6

already produced copies of communications sent to participants describing Part B,

including the Retirement Information Kits, newsletters, SPDs, and other communications.

        9.     All documents reflecting or related to any disclosure to participants:

        (a)    about how participants can compute the retirement benefits that their cash balance accounts will support in the form of annuities beginning at age 55 or older;

        (b)    about qualifications, limitations, or restrictions on the statement that "Each dollar's worth of credit is a dollar of retirement benefits payable to you after you are vested"; or

        (c)    about qualifications, limitations or restrictions on the statement that "Under the plan, your benefit will grow steadily throughout your career as credits are added to your account."

**Objections and Response:** Defendants hereby incorporate their General Objections.

Defendants further object to this Request on the grounds that it seeks information that is

neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery

of admissible evidence. Defendants also object to this Request on the grounds that it is

overbroad. Subject to these objections, and without waiver thereof, Defendants have

already produced copies of communications sent to participants describing Part B,

including the Retirement Information Kits, newsletters, SPDs, and other communications.

        10.    All disclosures and other materials related to retirement benefits that were given employees in the fourth quarter of 1997 who were being transferred to Lincoln National.

**Objection:** Defendants hereby incorporate their General Objections. Defendants further

object to this Request on the grounds that it seeks information that is neither relevant to

the claims or defenses of the parties, nor likely to lead to the discovery of admissible

evidence. The Lincoln National employees did not participate in Part B and are not members of the class.

11.    Readable and complete originals of the benefit comparisons performed by the William Mercer Company portions of which were Bates numbered as D14036-66 and D12357-90 and MER 777-823, and all letters, memoranda or other communications related to those comparisons.

**Objection and Response:** Defendants hereby incorporate their General Objections.

Defendants further object to this Request on the grounds that it seeks information that is

neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery

of admissible evidence. Defendants further object to this Request on the grounds that it is

overbroad. To the extent this Request seeks information about any cash balance benefit

formula other than the one actually adopted by CIGNA, the information sought has no

bearing on the issues in this case. Subject to these objections, and without waiver

thereof, Defendants will make available for inspection and copying documents Bates

numbered D12357-90 and MER 777-823.

12.    All recalculations and other documents related to the 178 class members potentially affected by the *Depenbrock v. Cigna* decision, including all documents related to the 35 class members potentially affected by the *Depenbrock* decision who have already been paid cash balance lump sums as stated in Joseph Costello's 2/1/2005 e-mail.

**Objections and Response:** Defendants hereby incorporate their General Objections.

Defendants further object to this Request on the grounds that it is unduly burdensome and

that the information requested is overbroad and irrelevant to the extent Plaintiff seeks

information about every person "potentially affected by" the Depenbrock v. CIGNA

decision. Subject to these objections, and without waiver thereof, Defendants will

8

provide copies of the communications sent to the 178 persons affected by the

Depenbrock decision, as well as documents, if any, reflecting a recalculation of the

benefits for these persons.


13.    All documents related to notifications about "old Plan benefits" that the
October 1998 and September 1999 SPDs state will be given by the Retirement Service
Center to participants if the "minimum benefits rule applies to you ... when you request a
distribution."

**Objections and Response:**  Defendants hereby incorporate their General Objections.

Defendants further object to this Request on the grounds that it is overbroad and

production would be unduly burdensome to the extent this Request seeks documents

particular to individual participants.  Subject to these objections and without waiver

thereof, Defendants will produce exemplars of responsive documents sent to particular

participants.


14.    All documents related to the circumstances under which lump sum
distributions offered before age 55 are based on a participant's "old Plan benefits" or
"minimum benefits," including but not limited to all documents related to the issues
discussed in the e-mails Bates numbered as D028193-95.

**Objections and Response:**  Defendants hereby incorporate their General Objections.

Defendants further object to this Request to the extent is seeks documents that are not

related to the allegations in Plaintiff's Second Amended Complaint.  Defendants object to

this Request on the grounds that it is overbroad and production would be unduly

burdensome to the extent this Request seeks documents particular to individual

participants.  Subject to these objections and without waiver thereof, Defendants have

produced a copy of the Plan and made available a copy of the software used to calculate

employees' benefits.  Defendants further direct Plaintiff to their Response to Plaintiff's

First Set of Interrogatories, Interrogatory No. 11.

9

15.    All documents related to how deferred benefit estimates are prepared for employees who are younger than age 55 and all documents related to the projected interest credit rate and conversion interest rate assumptions on which any such estimates are based.

**Objections:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence. Defendants object to this Request on the grounds that it is overbroad and production would be unduly burdensome to the extent this Request seeks documents particular to individual participants.

16.    All documents related to the statement on page 18 of the November 2000 Summary Plan Description for Part A participants that persons who are rehired in 1998-2000 will not receive the free 30% joint & survivor's annuity, including any documents related to the authority in the Plan document for doing this.

**Objections and Response:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence. The request also is overbroad and production would be unduly burdensome to the extent this Request seeks documents particular to individual participants. Subject to these objections and without waiver thereof, Defendants have produced a copy of the Plan and the SPD.

17.    All documents related to any "rollover" options that CIGNA offered to Retirement & Investment Division employees after the 2004 sale of that division to Prudential.

**Objections:**  Defendants hereby incorporate their General Objections.  Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence.  Defendants object to this Request on the grounds that it is overbroad and production would be unduly burdensome to the extent this Request seeks documents particular to individual participants.

     18.     All documents related to any revisions or modifications of the commencement forms or related materials that have been made to date to comply with Treasury Regulations on benefit options with unequal relative values.

**Objections and Response:**  Defendants hereby incorporate their General Objections.  Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence.  Defendants object to this Request on the grounds that it is overbroad and production would be unduly burdensome to the extent this Request seeks documents particular to individual participants.  Subject to these objections and without waiver thereof, Defendants will produce exemplars of commencement forms and other documents advising participants about the relative value of their benefit options.

     19.     All documents related to the Exhibit I "story" as referenced in the March 5, 2002 e-mail Bates numbered as D023886 (and included in Plaintiff's Dep. Ex. 50), including but not limited to all documents related to Section 4.9 or Exhibit I to the Part A Plan document and Section 4.1(e) or Exhibit I to the Part B Plan document.

**Objections:**  Defendants hereby incorporate their General Objections.  Defendants further object to this Request on the grounds that this Request seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery

11

of admissible evidence. This Request relates to a Plan provision that did not become effective and is unrelated to any of the claims in this case.

20.    All documents related to how the amounts contained in the CIGNA Total Compensation reports that "CIGNA pays" for pension benefits are calculated.

**Objections:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence and is overbroad. This case involves allegations that the terms of Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy the SPD disclosure requirements, Section 204(h) notice requirements, and certain regulations regarding the relative value of benefit options available under Part B. This Request seeks information that has no bearing on the issues in this case.

21.    All documents that support, or tend to support, the statement in Gerald T. Meyn's October 30, 1997 letter that the new plan was expected "to be a plus for most employees."

**Objections:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence and is overbroad. This case involves allegations that the terms of Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy the SPD disclosure requirements, Section 204(h) notice requirements, and certain regulations regarding the relative value of benefit options available under Part B. This Request seeks information that has no bearing on the issues in this case.

12

22.    All documents that support, or tend to support, the statement that CIGNA was "not changing the plan [to cash balance] to cut costs" in Gerald Meyn's 11/3/97 memo to CIGNA managers or the statement in the November 1997 Special Edition of the Signature Benefits Newsletter that "One advantage the company will not get from the retirement program changes is cost savings."

**Objections:**  Defendants hereby incorporate their General Objections.  Defendants

further object to this Request on the grounds that it seeks information that is neither

relevant to the claims or defenses of the parties, nor likely to lead to the discovery of

admissible evidence and is overbroad.  This case involves allegations that the terms of

Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy

the SPD disclosure requirements, Section 204(h) notice requirements, and certain

regulations regarding the relative value of benefit options available under Part B.  This

Request seeks information that has no bearing on the issues in this case.


23.    All documents related to the "retirement plan communications survey" summarized on March 3, 1998 in the document Bates numbered as D00518 et seq. and all documents related to any surveys related to retirement plan communications conducted subsequent to that time.

**Objections:**  Defendants hereby incorporate their General Objections.  Defendants

further object to this Request on the grounds that it seeks information that is neither

relevant to the claims or defenses of the parties, nor likely to lead to the discovery of

admissible evidence and is overbroad.  This case involves allegations that the terms of

Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy

the SPD disclosure requirements, Section 204(h) notice requirements, and certain

regulations regarding the relative value of benefit options available under Part B.  This

Request seeks information that has no bearing on the issues in this case.

13

24.    All documents related to the "employee survey" on the cash balance plan "following implementation" which is described in the document entitled "Cash Balance Pension Plans Background December 2002" Bates numbered as D029352-54.

**Objections:** Defendants hereby incorporate their General Objections. Defendants

further object to this Request on the grounds that it seeks information that is neither

relevant to the claims or defenses of the parties, nor likely to lead to the discovery of

admissible evidence and is overbroad. This case involves allegations that the terms of

Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy

the SPD disclosure requirements, Section 204(h) notice requirements, and certain

regulations regarding the relative value of benefit options available under Part B. This

Request seeks information that has no bearing on the issues in this case.


25.    All documents related to the "focus groups" conducted in the May - July 1997 time frame that are referenced in the document Bates numbered as D12096 (and marked as Plaintiff's Dep. Ex. 67).

**Objections:** Defendants hereby incorporate their General Objections. Defendants

further object to this Request on the grounds that it seeks information that is neither

relevant to the claims or defenses of the parties, nor likely to lead to the discovery of

admissible evidence and is overbroad. This case involves allegations that the terms of

Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy

the SPD disclosure requirements, Section 204(h) notice requirements, and certain

regulations regarding the relative value of benefit options available under Part B. This

Request seeks information that has no bearing on the issues in this case.

14

26.    All documents related to the "discussions with groups of managers" or "focus groups with managers" referenced in the document which is Bates numbered as D11934-36 (and marked as Plaintiff's Dep. Ex. 68).

**Objections:**  Defendants hereby incorporate their General Objections.  Defendants

further object to this Request on the grounds that it seeks information that is neither

relevant to the claims or defenses of the parties, nor likely to lead to the discovery of

admissible evidence and is overbroad.  This case involves allegations that the terms of

Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy

the SPD disclosure requirements, Section 204(h) notice requirements, and certain

regulations regarding the relative value of benefit options available under Part B.  This

Request seeks information that has no bearing on the issues in this case.

27.    All documents related to accounting losses or gains that CIGNA recognized as a result of the 1998 conversion of the pension plan to a cash balance arrangement.

**Objections:**  Defendants hereby incorporate their General Objections.  Defendants

further object to this Request on the grounds that it seeks information that is neither

relevant to the claims or defenses of the parties, nor likely to lead to the discovery of

admissible evidence and is overbroad.  This case involves allegations that the terms of

Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy

the SPD disclosure requirements, Section 204(h) notice requirements, and certain

regulations regarding the relative value of benefit options available under Part B.  Any

accounting gains or losses that CIGNA recognized have no bearing on the issues in this

case.

15

28. All documents related to any ERISA Section 204(h) notice that was given to Part A participants about benefit changes made effective January 1, 2005.

**Objections:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence and is overbroad. This case involves allegations that the terms of Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy the SPD disclosure requirements, Section 204(h) notice requirements as to members of the Class, and certain regulations regarding the relative value of benefit options available under Part B. This Request seeks information that has no bearing on the issues in this case. In particular, changes made to Part A of the Plan are irrelevant to the members of the class, all of whom are in Part B of the Plan.

29. All documents related to the matching contributions that CIGNA has made since 1997 under the variable SIP match which is described, inter alia, in the November 1997 Special Edition of the Signature Benefits Newsletter.

**Objections:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence and is overbroad. This case involves allegations that the terms of Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy the SPD disclosure requirements, Section 204(h) notice requirements, and certain regulations regarding the relative value of benefit options available under Part B.

16

Matching contributions under the variable SIP – a different plan than the CIGNA Pension

Plan – has no bearing on any of the issues in this case.


     30.     All documents evidencing or related to the designations or appointments
of Stewart Beltz, Gerald Meyn and John Arko as "Plan administrator."

**Objections and Response:**  Defendants hereby incorporate their General Objections.

Defendants further object to this Request to the extent it is overbroad.  Subject to these

objections and without waiver thereof, Defendants will produce documents sufficient to

reflect that Stewart Beltz, Gerald Meyn, and John Arko were designated or appointed as

Plan Administrator.


                                  **MORGAN, LEWIS & BOCKIUS LLP**

                                  By: _____
                                  Joseph J. Costello
                                  Jeremy P. Blumenfeld
                                  1701 Market Street
                                  Philadelphia, Pennsylvania  19103-2921
                                  (215) 963-5295/5258

                                  **ROBINSON & COLE**
                                  James A. Wade (CT # 00086)
                                  280 Trumbull Street
                                  Hartford, Connecticut  06103
                                  (860) 275-8270
                                  (860) 275-8299

                                  Attorneys for Defendants
                                  CIGNA Corporation and CIGNA Pension Plan

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 8th

day of July, 2005, via regular mail upon the following:

> Thomas G. Moukawsher
> Moukawsher & Walsh, LLC
> 328 Mitchell Street
> Groton, CT  06340

and upon:

> Stephen R. Bruce
> 805 15th Street, NW
> Suite 210
> Washington, DC 20005