EXHIBIT E

```
 1                    UNITED STATES DISTRICT COURT

 2                      DISTRICT OF CONNECTICUT

 3
     * * * * * * * * * * *  *Civil Docket
 4                          *      No. 3:01CV2361(MRK)
     JANICE C. AMARA, et al  *
 5             Plaintiffs    *
                             * April 20, 2005
 6        vs.                * 1:05 o'clock p.m.
                             *
 7   CIGNA CORPORATION, et al,*
               Defendant     *
 8                           *
     * * * * * * * * * * *  *New Haven, Connecticut
 9
                         ORAL ARGUMENT
10
             BEFORE THE HONORABLE MARK R. KRAVITZ
11              UNITED STATES DISTRICT JUDGE

12   Appearances:

13   For the Plaintiffs:      STEPHEN R. BRUCE, ESQ.
                              805 15th Street N.W. Suite 210
14                            Washington, D.C., 20005

15                            THOMAS G. MOUKAWSHER, ESQ.
                              Moukawsher & Walsh
16                            Capitol Place
                              21 Oak Street, Suite 209
17                            Hartford, CT 06106

18
     For the Defendants:      JEREMY BLUMENFELD, ESQ.
19                            Morgan, Lewis & Bockius LLP
                              1701 Market Street
20                            Philadelphia, PA 19103-2921

21

22   Court Reporter:          Thea Finkelstein RMR, CRR
                              141 Church Street
23                            New Haven, CT 06510
                              203.777.3487
24                            Theafinkelstein@aol.com

25   Proceedings recorded by mechanical stenography, transcript
     produced by computer.
```

1  basically, you knew about the Depenbrock documents from the
2  Depenbrock litigation and therefore, -- unless you were
3  thinking, aha, these people were thinking, were asleep at the
4  switch in the Connecticut action, you would have known that
5  they took the position that these documents were privileged?
6      MR. BRUCE: And when CIGNA started producing
7  documents in this case, they produced all of the Depenbrock
8  documents over again and then their privilege log listed a
9  large number of the Depenbrock documents that were listed on
10 the Depenbrock privilege logs and I went through those and
11 figured out which ones were not being listed and said, what's
12 going on here? If the document production is complete, why
13 haven't we received these documents?
14     THE COURT: When you said that, they sent you a new
15 privilege log?
16     MR. BRUCE: When we said that, they filed an
17 opposition which did not say that that was going to be part of
18 the new privilege log but then it was part of the new
19 privilege log after all the briefing was complete.
20     THE COURT: All right. Let me just say, Mr.
21 Blumenfeld, you and your firm don't appear here that often,
22 but I really hate discovery wrangling and disputes. I really
23 want cases to move forward, I want people to act in good
24 faith.
25     I don't want defendants basically coming up with an

```
 1   answer that merely says, you know, beyond the scope of
 2   discovery; object, overbroad; go pound sand, and then forcing
 3   them to move to compel.
 4           That whole process of discovery gotcha and discovery
 5   games is very distasteful to me.  I don't like it, I don't put
 6   up with it and I don't accept it by people in front of me.
 7           I have to say by and large, the people who have
 8   appeared in front of me, either they know that or they are
 9   just good, honest practitioners because they don't play games.
10   If they're going to file a privilege log, they know they have
11   to file a privilege log so they let the other side know.
12           I understand you can't usually put the privilege log
13   and file it on the same day you file your objections, I think
14   that's kind of unrealistic because you are probably logging
15   documents, making choices, right up to the time you put your
16   response together but I do expect counsel to be talking to one
17   another and say, hey, you will get it in a month or you will
18   get it in 60 days or something like that and it's going to be
19   as complete as we can make it and it's not going to be
20   dribbled out, you know, bit by bit, in response to repeated
21   motions for sanctions.  I really just don't like it.
22           What I'm going to do is this:  I'm not going to find
23   a blanket waiver with respect to all these documents.  What I
24   will say, Mr. Bruce, is I will entertain, it just needs to be
25   buttressed with an affidavit, I will entertain a motion for
```

```
 1   monetary sanctions, you know, to the extent that you've had to
 2   file motions just to extract out a complete log from the
 3   defendants, then that's defendant's bad, so far as I can see.
 4           I'm not prejudging.  The defendants may have a
 5   reasonable response to it.  But it just seems to me people
 6   should not have to file motions to compel or motions for
 7   sanctions to get that which our local rules and the Federal
 8   Rules give you an absolute right to.
 9           And so I will entertain a motion for monetary
10   sanctions for the efforts that had to be incurred just to get
11   that which our local rules say you have an absolute right to
12   and I will tell both of you, I don't mean by my denial of the
13   motion that I don't take the privilege log seriously.  I do
14   take it seriously.  It's absolutely essential to the proper
15   assertion of the privilege but I think since I hadn't been
16   involved in this case before and Judge Squatrito had these
17   variety of issues before and hasn't imposed sanctions, I just
18   feel it would not be appropriate.
19           But believe me, Mr. Blumenfeld, you can let your
20   people know at your firm and your client that if they're
21   before me from the get-go on a case, and it takes a year or
22   more or something like that just to get a complete privilege
23   log out in a case, I will find waiver and I'm prepared to find
24   waiver as well as imposing monetary sanctions.  That's not
25   right.  It doesn't take that long.
```

```
 1              I know this is a complex case but it just doesn't
 2   take that long and it shouldn't require any motions whatsoever
 3   for somebody to get a privilege log in a relatively timely
 4   fashion.  What's timely is going to depend on the case and the
 5   volume, but nobody should have to file motions in order to
 6   extract a privilege log and the privilege logs that come ought
 7   to be as complete as possible from the get-go so we can
 8   resolve this issue once and not multiple times.  That's my
 9   ruling on waiver.
10              Now I'm going to proceed to resolve the assertions
11   of privilege with respect to the various categories and I
12   guess I should say, just formally for the record, therefore, I
13   don't know where we are right now.  Do either of you believe
14   there is a motion extant related to waiver, for example, that
15   I need to deny?
16              I guess the earlier motion was document 68 but I
17   don't think there's anything beyond that.  You've asserted it
18   in your briefs, I'm rejecting the claim and we'll leave it at
19   that.
20              So now I'll go through these individual documents.
21   Let me just say, while there are differences on the margins,
22   it looks like everybody seems to be on the same page about
23   what the law is that I'm supposed to apply in the sense that I
24   take it that the employer, even in the context of an employee
25   benefit plan, can have, they're invoking attorney-client
```