EXHIBIT M

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------X
JANICE C. AMARA, individually,            :       No.: 3:01 CV 2361 (DJS)
and on behalf of others similarly         :
situated,                                 :
                                          :
                    Plaintiff,            :
        v.                                :
                                          :
CIGNA CORP. AND CIGNA                     :
PENSION PLAN,                             :
                                          :
                    Defendants.           :       July 21, 2003
------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO ENFORCE ORDER COMPELLING
PRODUCTION AND TO CONTEST ASSERTIONS OF PRIVILEGE**

**I.   INTRODUCTION**

Plaintiff's motion can be broken down into three separate components. First, Plaintiff asserts that Defendants have not complied with the Court's previous Order granting her motion to compel. Plaintiff also contends that this Court should find that Defendants have waived the attorney-client and work-product privileges because they purportedly did not comply with the Court's Local Rules by timely producing a privilege log. Lastly, Plaintiff contends that the attorney-client privilege does not apply to certain documents identified on Defendants' privilege logs. These assertions are without merit.

Specifically, Defendants complied with the Court's Order to respond to Plaintiff's document requests. Defendants diligently searched for and gathered documents responsive to Plaintiff's requests. As required by Rule 26(e), when additional documents have been discovered, Defendants have produced them. To date, <u>Defendants have produced over 20,000 pages of documents regarding the Plan.</u> Moreover, as Plaintiff

ORAL ARGUMENT REQUESTED            1

date was reviewed rather than the date it was created. These documents therefore did not print with the correct date. Defendants' counsel did not recognize this issue when it occurred and does not comprehend Plaintiff's counsel's suggestion that Defendants print these documents without opening them. (Pl. Mot. at 3). Accordingly, in an effort to resolve this issue (as well as several others), Defendants have agreed to produce electronic copies of the documents previously printed, along with their attachments.

3. **Social Security Number Printouts.**

Plaintiff has requested that Defendants produce electronically a 2,000-page document containing over 50,000 social security numbers, dates or birth, and dates of hire. Although this personal information is wholly irrelevant to Plaintiff's claims, in order to resolve this issue, Defendants have agreed to produce a copy of this spreadsheet electronically.

4. **Documents From The Files Of Stewart Beltz, Gerry Meyn, Robert Steele, and Mark Lynch.**

Defendants have searched for and produced all documents responsive to Plaintiff's requests for documents from any of these individuals. Nonetheless, in response to Plaintiff's articulated concern, and in order to confirm (again) that CIGNA's production is complete, Defendants will conduct another search for the documents requested by Plaintiff. Pursuant to Rule 26(e), Defendants will supplement their production should any additional documents be discovered.

5. **Communications With The Federal Government Regarding Cash Balance Plans.**

Defendants previously produced on March 21 a copy of CIGNA's Application for Determination for the CIGNA Pension Plan as well as the Plan's form 5500s. These are the only documents of which Defendants are aware that Defendants submitted to the

6

federal government, i.e., the IRS, regarding CIGNA's cash balance plan. If Plaintiff believes there should be additional documents, she should identify what those documents are. Without any additional information, however, Defendants do not know what additional documents Plaintiff seeks and believe they have fully complied with Plaintiff's requests.

### 6. Benefit Calculation and Administration Software.

As Plaintiff admits, Defendants previously offered to let Plaintiff examine and use CIGNA's benefit calculation and administration software. (Pl. Mot. at 4). To date, however, Plaintiff has refused this offer. Rule 34 only obligates Defendants to make the software available for inspection. Defendants are not required to expend their own resources to copy this proprietary software for Plaintiff. Moreover, Defendants already investigated Plaintiff's request and understand that this software cannot be copied onto a typical personal computer in any useable form.[4] Defendants' offer to let Plaintiff inspect and utilize the software, however, remains.

### 7. Consideration of Cash Balance Conversion Alternatives.

Defendants previously produced documents provided to CIGNA by William H. Mercer, Inc. ("Mercer") which reference a number of cash balance plan options and alternatives. See Ex. 3. Indeed, Plaintiff's counsel already has used this documents as an exhibit in depositions. Other documents analyzing alternative cash balance proposals also have been produced. Defendants do not have any additional documents that have

---

[4] Although the software is run through a Windows-based-computer, Defendants' counsel understands that the software is proprietary and cannot be easily copied and installed onto other machines. Defendants' counsel further understands that the software is not stand-alone, but rather requires interaction with other CIGNA computer systems to, for example, obtain data.

7

### III. CONCLUSION

For each and all of the foregoing reasons, Defendants respectfully request that Plaintiff's motion be denied. Alternatively, however, Defendants request that the Court review the documents challenged by Plaintiff *in camera* in order to evaluate Defendants' privilege assertions and Plaintiff's claim that such documents are subject to the fiduciary exception.

RESPECTFULLY SUBMITTED,
DEFENDANTS
CIGNA CORPORATION & CIGNA
PENSION PLAN

_____
James A. Wade (ct00086)
jwade@rc.com
Erin K. O'Brien (ct 18585)
eobrien@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (869) 275-8299

Christopher A. Parlo (CT-04700)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
(212) 309-6062
(212) 309-6273 (fax)

Joseph J. Costello
Jeremy P. Blumenfeld
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5295/5258