UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

JANICE C. AMARA et al.

          Plaintiffs,

v.

CIGNA CORP. AND CIGNA
PENSION PLAN,

          Defendants.

---

3:01 CV 2361 (DJS)

March 6, 2006

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
CIGNA CORPORATION AND CIGNA PENSION PLAN
TO THIRD AMENDED CLASS ACTION COMPLAINT**

Defendants CIGNA Corporation ("CIGNA") and CIGNA Pension Plan ("the Plan") (collectively "Defendants"), by and through their attorneys, hereby respond to the numbered paragraphs of Plaintiffs Janice Amara, Gisela Broderick's, and Annette Glanz ("Plaintiffs") Third Amended Complaint as follows:

### Nature of the Complaint

1.    Defendants admit that the Third Amended Complaint purports to be about retirement benefits Plaintiffs allege they and similarly situated employees are entitled to receive under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Defendants deny the remaining allegations of paragraph 1.

### Jurisdiction, Venue and Service of Process

2.    Paragraph 2 states conclusions of law to which no responsive pleading is required.

3. Paragraph 3 states conclusions of law to which no responsive pleading is required.

4. Paragraph 4 states conclusions of law to which no responsive pleading is required.

**The Parties**

5. Defendants admit that Plaintiff Janice C. Amara resides at 39 Town Beach Road, Old Saybrook, CT 06475 and that she was employed by Connecticut General Life Insurance Company ("CGLIC"), a subsidiary of CIGNA, until October 2003. Defendants further admit that Plaintiff Amara is entitled to certain benefits under the Plan. The remaining allegations of paragraph 5 state conclusions of law to which no responsive pleading is required.

6. Defendants admit that Plaintiff Gisela R. Broderick resides at 143 Old Post Road, Tolland, CT 06084. Defendants further admit that Plaintiff Broderick worked for CIGNA's individual life insurance business, which was sold to Lincoln National Life on January 1, 1998, and that she terminated December 31, 1997 from participation in the CIGNA Pension Plan. Defendants further admit that Plaintiff Broderick worked for a company that is affiliated with CIGNA from June 2000 until March 2004. Defendants further admit that Plaintiff Broderick is entitled to certain benefits under the Plan. The remaining allegations of paragraph 6 state conclusions of law to which no responsive pleading is required.

7. Defendants admit that Plaintiff Glanz worked for CIGNA, primarily in Connecticut, from August 8, 1988 to June 18, 2004. Defendants further admit that Plaintiff Glanz is entitled to certain benefits under the Plan. Defendants are

without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Glanz's residence. The remaining allegations of paragraph 7 state conclusions of law to which no responsive pleading is required.

8. Defendants admit that some employees of CIGNA or its subsidiaries or affiliates earn and receive benefits under the Plan in Connecticut. The remaining allegations of paragraph 8 state conclusions of law to which no responsive pleading is required.

9. Defendants admit that CIGNA is a corporation organized under the laws of the State of Delaware, and that it is qualified to do business and does business in the State of Connecticut. Defendants deny the remaining allegations of paragraph 9.

10. Defendants admit that CIGNA functions as plan sponsor for the Plan and that the CIGNA Corporation Corporate Benefit Plan Committee is the named fiduciary for the Plan. Defendants deny that CIGNA is the plan administrator or the named fiduciary for the Plan. The remaining allegations of paragraph 10 state conclusions of law to which no responsive pleading is required.

### Class Action Allegations

11. The allegations of paragraph 11 state conclusions of law to which no responsive pleading is required.

12. The allegations of paragraph 12 state conclusions of law to which no responsive pleading is required.

13. The allegations of paragraph 13 state conclusions of law to which no responsive pleading is required.

14.     The allegations of paragraph 14 state conclusions of law to which no responsive pleading is required.

15.     The allegations of paragraph 15 state conclusions of law to which no responsive pleading is required.

16.     The allegations of paragraph 16 state conclusions of law to which no responsive pleading is required.

**Statement of Facts**

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Amara was born on April 3, 1950. Defendants admit that Plaintiff Amara worked for CGLIC from July 17, 1972 to August 10, 1995 and from September, 1998 to October 2003. Defendants further admit the allegations of the third and fourth sentences of paragraph 17. Defendants further admit that Plaintiff Amara was at her separation one of the NASD principals for the client services organization of CIGNA's Retirement and Investment Services, as well as a client executive in charge of accounts. Defendants deny the remaining allegations of paragraph 17.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Broderick was born on March 12, 1944. Defendants admit that Plaintiff Broderick worked for CIGNA's individual life insurance business, which was sold to Lincoln National Life on January 1, 1998, and that she terminated December 31, 1997 from participation in the CIGNA Pension Plan. Defendants further admit that Plaintiff Broderick worked for a company that is affiliated with CIGNA from June 2000 until March 2004. Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18.

19.  Defendants admit the allegations in the second and third sentences of paragraph 19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19.

20.  Defendants admit that CIGNA adopted a cash balance pension plan, referred to herein as "Part B," and that the Plan document was executed on December 21, 1998. Defendants further admit that CIGNA adopted an amendment freezing benefits for certain participants effective December 31, 1997. Defendants deny the remaining allegations of paragraph 20.

21.  Defendants admit that effective January 1, 1998, certain categories of employees remained in CIGNA's prior pension plan, referred to herein as "Part A," which document speaks for itself. Defendants deny the remaining allegations of paragraph 21.

22.  Defendants admit that Plaintiff Amara was moved to Part B pursuant to a rehire rule, but she was subsequently and retroactively moved to Part A. Defendants further admit that Plaintiff Broderick was moved to Part B pursuant to the rehire rule. Defendants further admit that both Plaintiffs were hired before 1989 and had a combination of age and service in excess of 45 points. Defendants deny the remaining allegations of paragraph 22; such allegations purport to characterize the contents of the Parts A and B Plan documents, which documents speak for themselves.

23.  Defendants admit that CIGNA moved Plaintiff Glanz to Part B on January 1, 1998. Defendants further admit that Plaintiff Glanz had 42 age and service

5

points at the time the cash balance plan became effective. Defendants deny the remaining allegations of paragraph 23; such allegations purport to characterize the contents of the Parts A and B Plan documents, which documents speak for themselves.

      24.     Defendants deny the allegations of paragraph 24; such allegations purport to characterize the contents of the Part A and Part B Plan documents, which documents speak for themselves.

      25.     Defendants deny the allegations of the first and second sentences of paragraph 25. Defendants deny the remaining allegations of paragraph 25; such allegations purport to characterize the contents of the Part A and Part B Plan documents, which documents speak for themselves.

      26.     Defendants admit that CIGNA sent Plaintiff Amara a letter on or about December 14, 1995, a copy of which is attached to the First Amended Complaint as Exhibit 1. Defendants deny that CIGNA notified Plaintiff Amara on December 14, 1995 about her "accrued benefits." Defendants deny the remaining allegations of paragraph 26; such allegations purport to characterize the contents of Exhibit 1 to the First Amended Complaint, which document speaks for itself.

      27.     Defendants admit that CIGNA sent Plaintiff Amara a letter on or about February 23, 2001, a copy of which is attached to the First Amended Complaint as Exhibit 2. Defendants deny that CIGNA decreased Plaintiff Amara's benefits under the Plan. Defendants deny the remaining allegations of paragraph 27; such allegations purport to characterize the contents of Exhibit 2 to the First Amended Complaint, which document speaks for itself.

28. Defendants admit that Plaintiff Amara questioned the amount of her retirement benefits and that Andrew Hodges, an actuary for CIGNA Retirement & Investment Services, sent an email dated April 20, 2001, a copy of which is attached to the First Amended Complaint as Exhibit 3. Whether ERISA Section 204(g), 29 U.S.C. § 1054(g), prohibits decreases in accrued benefits as a result of plan amendments is a conclusion of law to which no responsive pleading is required. Defendants deny the remaining allegations of paragraph 28; such allegations purport to characterize the contents of Exhibit 3 to the First Amended Complaint, which document speaks for itself.

29. Denied.

30. Whether the valuable early retirement subsidies or the free 30% joint and survivor benefit are protected against elimination by plan amendment under ERISA Section 204(g) is a conclusion of law to which no responsive pleading is required. Defendants deny the remaining allegations of paragraph 30; such allegations purport to characterize the contents of the Part A and Part B Plan documents, which documents speak for themselves.

31. Defendants deny the allegations of paragraph 31; such allegations purport to characterize the contents of the Part B Plan document and the Summary Plan Description ("SPD"), which documents speak for themselves.

32. Defendants admit that a plan specialist of CIGNA Retirement & Investment Services sent Plaintiff Amara a letter on or about July 6, 2001, a copy of which is attached to the First Amended Complaint as Exhibit 4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 32. Defendants deny the remaining allegations of

7

paragraph 32; such allegations purport to characterize the contents of Exhibit 4 to the First Amended Complaint, which document speaks for itself.

33. Denied.

34. Defendants deny the allegations of the second sentence of paragraph 34. Defendants deny the remaining allegations of paragraph 34; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.

35. Defendants admit that Plaintiff Amara was offered $1,833 per month under the terms of Part B, that her benefit was subsequently and retroactively increased, and that she is now currently receiving a monthly benefit of $4,302.25, with an age 65 reduction to $3,556. Defendants deny the allegations of the first and second sentences of paragraph 35; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself. Defendants deny the remaining allegations of paragraph 35; such allegations purport to characterize the contents of the written benefits estimates, which documents speak for themselves.

36. Defendants deny the allegations of paragraph 36; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.

37. Defendants admit that on January 1, 1998, Plaintiff Glanz's Part B opening account balance was $10,005.70. Defendants deny that on December 31, 2004, Glanz's Part B account balance was $43,971.80. Defendants deny the remaining allegations of paragraph 37; such allegations purport to characterize the contents of the Part A and Part B Plan documents, which documents speak for themselves.

38. Defendants deny the allegations of paragraph 38, such allegations purport to characterize the contents of the Part A and Part B Plan documents and the Supplemental Declaration of Claude Poulin, which documents speaks for themselves.

**Claim One:  Conditioning Receipt Of Benefit Accruals Which Are Necessary To Satisfy ERISA's Anti-Backloading Rules Violates The Anti-Backloading Rules And The Nonforfeitability Standard.**

39. Defendants admit that CIGNA's CEO, Wilson H. Taylor, approved Part B in 1997 and signed a copy of the Part B Plan document on or about December 21, 1998.  Defendants deny the remaining allegations of paragraph 39; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.

40. Defendants deny the allegations of paragraph 40; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.

41. Defendants deny that "CIGNA" has interpreted Section 1.28. Defendants deny the remaining allegations of paragraph 41; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.

42. To the extent that the allegations of paragraph 42 state conclusions of law, no responsive pleading is required.  Defendants deny the remaining allegations of paragraph 42.

43. To the extent that the allegations of paragraph 43 state conclusions of law, no responsive pleading is required.  Defendants deny the remaining allegations paragraph 43.

9

44. Defendants deny the allegations of the first and second sentences of paragraph 44; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself. To the extent that the allegations of the third sentence of paragraph 44 state conclusions of law, no responsive pleading is required. Defendants deny the remaining allegations of paragraph 44.

45. The allegations of paragraph 45 state conclusions of law to which no responsive pleading is required.

46. The allegations of paragraph 46 state conclusions of law to which no responsive pleading is required.

47. Denied.

**Claim Two: ERISA Requires That Benefit Reductions, Conditions On Receipt Of Additional Accruals And Other <u>Disadvantages Be Disclosed In The Summary Plan Description.</u>**

48. The allegations of paragraph 48 state conclusions of law to which no responsive pleading is required.

49. Defendants admit that CIGNA distributed a SPD to participants in the Plan in October, 1998 and again in September, 1999. Defendants deny the remaining allegations of paragraph 49; such allegations purport to characterize the contents of the SPDs, which documents speak for themselves.

50. To the extent that the allegations of paragraph 50 state conclusions of law, no responsive pleading is required. Defendants deny the remaining allegations of paragraph 50.

### Claim Three: The Rate of Benefit Accruals After 1998 Is Reduced Because of Age.

51.     To the extent that the allegations of paragraph 51 state conclusions of law, no responsive pleading is required. Defendants deny the remaining allegations of paragraph 51.

52.     To the extent that the allegations of the first and second sentences of paragraph 52 purport to describe every cash balance plan, Defendants lack knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 52. To the extent that the first and second sentences of paragraph 52 purport to characterize the terms of the Part A and Part B Plan documents, Defendants deny the allegations, as such documents speak for themselves. To the extent that the allegations of the third sentence of paragraph 52 state conclusions of law, no responsive pleading is required. Defendants deny the remaining allegations of paragraph 52.

53.     Defendants deny the allegations of paragraph 53; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.

54.     Defendants deny the allegations of paragraph 54; such allegations purport to characterize the contents of the Part B Plan document, which document speaks for itself.

55.     To the extent that the allegations of paragraph 55 state conclusions of law, no responsive pleading is required. Defendants deny the remaining allegations of paragraph 55.

## Claim Four: CIGNA Did Not Give Participants
## Timely Or Adequate Advance Notice Of
## Benefit Reductions As Required By ERISA Section 204(h).

56.  Defendants admit that Plan participants were notified about the terms of Part B and benefits thereunder. Defendants deny the allegations of the second sentence of paragraph 56; such allegations purport to characterize a written newsletter, which document speaks for itself. Defendants deny the remaining allegations of paragraph 56.

57.  Defendants deny the allegations of paragraph 57; such allegations purport to characterize the contents of written SPDs and a deposition transcript, which documents which speak for themselves.

58.  To the extent that the allegations of paragraph 58 state conclusions of law, no responsive pleading is required. Defendants deny the remaining allegations of paragraph 58.

59.  Defendants admit that the rehire rule was amended as part of Part B, and that Part B was signed on December 21, 1998. To the extent that the allegations of the first sentence of paragraph 59 suggest that there was a separate amendment amending the rehire rule, they are denied. Defendants deny the allegations of the second sentence of paragraph 59. Defendants admit that Part B Plan participants, including rehires, were notified of the terms of Part B and benefits thereunder, and that Defendants satisfied their disclosure obligations under ERISA. Defendants deny the remaining allegations of paragraph 59.

60. To the extent that the allegations of paragraph 60 state conclusions of law, no responsive pleading is required. Defendants deny the remaining allegations of paragraph 60.

### Claim Five: CIGNA Has Reduced Previously Earned Benefits In Violation Of ERISA Section 204(g)'s Anti-Cutback Rule.

61. Defendants deny the allegations of paragraph 61; such allegations purport to characterize the contents of written documents, which documents speak for themselves. To the extent that the allegations of paragraph 61 state conclusions of law, no responsive pleading is required. Defendants deny the remaining allegations of paragraph 61.

62. Defendants deny the allegations of paragraph 62; such allegations purport to characterize the contents of written documents, which documents speak for themselves. To the extent that the allegations of paragraph 62 state conclusions of law, no responsive pleading is required. Defendants deny the remaining allegations of paragraph 62.

### Prayer For Relief

Defendants deny that Plaintiff is entitled to any relief or damages, including the relief described in paragraphs A-D of the Prayer for Relief.

WHEREFORE, Defendants respectfully request that the Third Amended Complaint be dismissed with prejudice, that judgment be entered in their favor, and that Defendants be awarded the costs of this action, attorneys' fees and such other relief as this Court deems appropriate.

## FIRST DEFENSE

The Third Amended Complaint fails to state any claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs and Class members' claims are barred in whole or in part by the applicable statutes of limitations.

## THIRD DEFENSE

Plaintiffs and certain Class members have failed to exhaust administrative remedies.

## FOURTH DEFENSE

Plaintiffs and Class members are not entitled to relief beyond that which is authorized by ERISA Section 502(a)(3).

## FIFTH DEFENSE

Plaintiffs and Class members are not entitled to a jury trial on any of their claims.

## SIXTH DEFENSE

The claims of Plaintiffs and certain Class members' claims are barred by releases signed at the conclusion of their employment with CIGNA.

**SEVENTH DEFENSE**

Some of Plaintiffs' Claims are barred because, to the extent CIGNA's disclosures were inadequate and Plaintiffs can prove "likely prejudice," this constituted harmless error.

Dated: March 6, 2006.                    Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ Jeremy P. Blumenfeld
Christopher A. Parlo (CT-04700)

101 Park Avenue
New York, New York  10178
(212) 309-6062
(212) 309-6273 (fax)

Joseph J. Costello
Jeremy P. Blumenfeld
1701 Market Street
Philadelphia, Pennsylvania  19103-2921
(215) 963-5295/5258

**ROBINSON & COLE**
James A. Wade (CT # 00086)
280 Trumbull Street
Hartford, Connecticut  06103
(860) 275-8270
(860) 275-8299

Attorneys for Defendants
CIGNA Corporation and CIGNA Pension Plan

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendants CIGNA Corporation and CIGNA Pension Plan To the Third Amended Class Action Complaint was served on March 6, 2006, via telecopier and overnight mail upon the following:

>Thomas G. Moukawsher
>Moukawsher & Walsh, LLC
>328 Mitchell Street
>Groton, CT  06340

and upon:

>Stephen R. Bruce
>805 15th Street, NW
>Suite 210
>Washington, DC  20005


:/s/ Jeremy P. Blumenfeld