UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANICE C. AMARA, GISELA R. BRODERICK, ANNETTE S. GLANZ, individually, and on behalf of others similarly situated,

Plaintiffs,

v.

CIGNA CORP. and CIGNA PENSION PLAN,

Defendants.

3:01 CV 2361 (MRK)

March 10, 2006

**STIPULATION AND JOINT MOTION ON CONDUCT OF DISCOVERY AND TRIAL ON "LIKELY PREJUDICE" AND "HARMLESS ERROR" ISSUES CONNECTED WITH SECOND AND FOURTH CLAIMS FOR RELIEF**

Plaintiffs and Defendants, by and through counsel, hereby stipulate to, and jointly move the Court to approve, the following procedures to govern discovery and trial of the "likely prejudice" and "harmless error" issues connected with the Second and Fourth Claims for Relief based on the alleged violations of ERISA's Summary Plan Description ("SPD") rules and its Section 204(h) notice requirements. See *Frommert v. Conkright*, 433 F.3d 254, 266-67 (2d Cir. 2006); *Weinreb v. Hosp. for Joint Diseases Orthopaedic Inst.*, 404 F.3d 167, 171 (2d Cir. 2005); *Burke v. Kodak Ret. Income Plan*, 336 F.3d 103, 112-13 (2d Cir. 2003), *cert. denied*, 540 U.S. 1105 (2004).

1. Plaintiffs will select 8 class members (in addition to Janice Amara and Gisela Broderick) from whom discovery may be taken on the issues of "likely prejudice" or "harmless error." Defendants also will select 8 persons from among the absent class

members in this case. Each party will select two class members from each of the following four categories:

(a) Tier 1 rehires with over 45 age and service points as of the conversion;

(b) Other Tier 1 participants who were converted to cash balance;

(c) Tier 2 participants with less than 55 age and service points; and

(d) Tier 2 participants with 55 or more age and service points.

2. Subject to the numerical limits in the Local and Federal Rules of Civil Procedure, Defendants will serve interrogatories and document requests through class counsel on the 8 class members who Plaintiffs select, namely, Annette Glanz, Bruce Charette, Robert Upton, Barbara Hogan (who were identified in the Supplemental Declaration of Claude Poulin served on January 3, 2006), plus four others to be identified on or before March 15, 2006. Defendants' interrogatories and document requests may be served on or before March 17, 2006. Defendants may depose some or all of these 8 class members and Ms. Broderick. Defendants will limit the duration of their questioning to two hours, except for Ms. Broderick and Ms. Glanz, who may be deposed for up to four hours. If necessary, Defendants may request additional time from the Court. The depositions will be scheduled at times and places convenient for the deponents.

3. The parties agree that any interrogatories and document requests directed at the 8 absent class members selected by the Defendants shall be served on class counsel on or before March 17, 2006 and accompanied by a preliminary statement describing the lawsuit and the foundation for responses. The 8 absent class members selected by

Defendants will be asked to respond to the questions and document requests within 30 days of service.

4. Consistent with *McCarthy v. Paine Webber*, 164 F.R.D. 309, 313 (D. Conn. 1995), and *In re Publication Paper Antitrust Litig.*, 2005 WL 1629633, *1-2, 2005 U.S. Dist. LEXIS 13681, *5 (D. Conn. July 5, 2005), Plaintiffs propose that there be no default of those who do not respond and that any depositions be based on whether either party expects to call the individual to testify based on his or her written responses and be limited in duration as described above. The Plaintiffs further propose that any document requests not ask for tax returns or other personal financial records where the information is accessible to the Defendants through its own records, e.g., from W-2's, payroll, benefits, disability, and health records, or where it may intrude on the privacy of spouses and other family members, absent a "strong showing of a particular need" and that the request is "narrowly tailored" to that particular need. Id.[1]

5. Defendants disagree with the limitations on discovery of absent class members in Paragraph 4 and with the implications of any individual's failure to respond to discovery. Defendants submit that they are entitled to the financial records of class members who the Plaintiff class maintains were likely prejudiced with respect to financial matters, consistent with discovery conducted in *In re Unisys Retiree Medical*

---

1 Plaintiffs have agreed that if there are any documents which Defendants do not presently have which they believe will establish a "strong showing of particularized need" to support their position on discovery of absent class members, Defendants may informally seek such documents from the class members listed in "Exhibit A" to the April 3, 2003 letter from Defendants' counsel to Mr. Moukawsher, so long as copies of the requests and any responses or documents produced by those class members are supplied to class counsel by March 17, 2006. A copy of the April 3, 2003 letter is attached.

*Benefit "ERISA" Litigation*, 242 F.3d 497 (3d Cir. 2001), during which similar issues were litigated and discovery was approved by United States District Judges Edward N. Cahn and Bruce W. Kauffman. Defendants will submit copies of the written discovery served on absent class members in that case, along with any related orders approving that discovery, to Plaintiffs' counsel on or before March 17, 2006. Similarly, Defendants submit they are entitled to other documents to the extent such documents are relevant to the defense of harmless error. Defendants also believe they are entitled to take discovery about any releases executed by these individuals. Lastly, Defendants submit that the implications for any individual's failure to respond to discovery should not be decided now and should depend on the specific facts and circumstances at issue.

6. Because the parties have been unable to resolve the disputes described in Paragraphs 4 and 5, the parties agree to submit this dispute for resolution by the Court by filing letter memoranda and holding a conference call with the Court to discuss and resolve these issues. Absent class members may postpone responses to interrogatories and document requests and any resulting depositions until resolved by the Court.

7. For trial, Plaintiffs shall select no more than 10 class members (in addition to Ms. Amara and Ms. Broderick) from among the class members who participate in discovery to testify on the issue of "likely prejudice" and be subject to examination on the defense of "harmless error." Defendants may select and call any other persons who participate in discovery as adverse witnesses.

8. The parties expect that the trial will result in a final judgment on the issues

of likely prejudice and harmless error for all class members who testify. The Court will decide whether the trial results in a final judgment on these issues for all other class members.

9. Both parties anticipate that the Court will be able to issue findings of fact and conclusions of law as to all other issues tried by the parties on a class-wide basis.

10. Following the trial, the parties will meet with the Court to confer on:

(a) The appropriateness of an interlocutory appeal or Rule 54(b) certification;

(b) The need for, and procedures for, any individualized hearings on likely prejudice or harmless error, and any related discovery; and

(c) Whether a settlement conference would be worthwhile.

11. The current discovery deadline will be extended to May 15, 2006, conditioned on Defendants taking no more than four depositions after May 1, 2006, and requesting no further extension of discovery. The current Scheduling Order shall be revised so that the Plaintiffs' trial memorandum, proposed findings of fact and conclusions of law, trial exhibits, and trial brief are due May 30, 2006; the Defendants' trial memorandum, findings of fact, conclusions of law, trial exhibits, and trial brief are due June 20, 2006; and the Plaintiffs' reply memorandum is due July 18, 2006, after which the case shall be trial ready. The parties agree to forego filing motions for summary judgment, so there is sufficient time to conduct the discovery described above. The parties will also forego filing any motions to exclude experts until their respective trial memoranda are due.

WHEREFORE, the parties request that their Stipulation and Joint Motion be approved by the Court.

Dated: March 10, 2006

By: ______________________
Stephen R. Bruce (CT #23534)
805 15th Street, NW
Washington, DC 20005
(202) 371-8013
(202) 371-0121 (fax)

Thomas G. Moukawsher (CT #08940)
MOUKASHER & WALSH, LLC
328 Mitchell Street
Groton, CT 06340
(860) 445-1809
(860) 446-8161 (fax)

Attorneys for Plaintiffs

Respectfully submitted,

By: ______________________
James A. Wade (CT #00086)
280 Trumbull Street
ROBINSON & COLE
Hartford, CT 06103
(860) 275-8270
(860) 275-8299 (fax)

Christopher A. Parlo (CT #04700)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6062
(212) 309-6273 (fax)

Joseph J. Costello
Jeremy P. Blumenfeld
Jamie M. Kohen
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5295/5258/5472

Attorneys for Defendants

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

Morgan Lewis
COUNSELORS AT LAW

**Jeremy P. Blumenfeld**
215.963.5258
jblumenfeld@morganlewis.com

April 3, 2003

**VIA FACSIMILE & FIRST CLASS MAIL**

Thomas G. Moukawsher
Moukawsher & Walsh, LLC
328 Mitchell St.
Groton, CT 06340

Re: Amara v. CIGNA
3:01-CV-2361 (DJS)

Dear Tom:

There are a number of individuals who fall within the class definition certified by the Court who are essential to Defendants' ability to present their case in this matter. In order to ensure that Defendants can discuss this matter freely with these individuals, Defendants would like to exclude these individuals from the class. Accordingly, we have prepared the attached Stipulation identifying these individuals by name and job title. As reflected in the Stipulation, despite the fact that these individuals will not be in the class, Defendants will make available to these individuals the same remedies, if any, that are afforded to the class through this litigation.

Please let me know if this Stipulation meets with your approval or if you have any questions.

Sincerely,

Jeremy P. Blumenfeld

JPB/sdm
Enclosures

cc: Christopher A. Parlo, Esq.
Joseph J. Costello, Esq.

**Exhibit A**

| Name | Job Title |
|---|---|
| Robert Abbott | Senior Legal Assistant |
| John Arko | Director, Total Retirement |
| Douglas Battaglini | Systems Consultant |
| Justin Coffin | Editor, Corporate Publications |
| Stephen Comkowycz | Senior Pension Consultant |
| Sandra Daukaus | Business Systems Consultant |
| Robert Flanders | Assistant Director, Benefits |
| Denise Hill | Vice President, Corporate Relations |
| Beth Hollfelder | Business Systems Specialist |
| Cheryl Hurly | Assistant Director, Benefits |
| Cheryl Koda | Director, DB Production Services |
| Todd Lane | Assistant Director, Corporate Publications |
| Diane Lastinec | Team Leader, Benefits |
| Sandra Lau | Retirement Benefits Consultant |
| Ellen Matthews | Assistant Director, Benefits |
| Gerald Meyn | Vice President, Employee Benefits and Health Management |
| Lorraine Morris | Manager, Account Management Services |
| John Popsun | Associate/Transformation |
| Wendell Potter | Vice President, Chief Corporate Spokesperson |
| Barbara Rodegher | Manager, DB Service Center |
| Francine Smith | AVP, Signature Benefits Services |
| William West | Director, Corporate Publications |
| Anne Coleman | Enrolled Actuary |
| Helen Frye | Senior Vice President, Human Resources |
| Amy Kamstra | Claims Manager |
| Leona Utter | CIGNA Temp/Encore Associate |