## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

Janice C. Amara, Gisela R. Broderick,     :
Annette S. Glanz, individually            :
and on behalf of all others               :
similarly situated,                       :
                                          :
                  Plaintiffs,             :
                                          :
vs.                                       :        Civ. 3:01-CV-2361 (MRK)
                                          :
CIGNA Corp. and                           :            June 6, 2006
CIGNA Pension Plan,                       :
                                          :
                  Defendants.             :

## PLAINTIFFS' TRIAL MEMORANDUM

## I.    TRIAL COUNSEL

Plaintiffs:  Stephen R. Bruce (ct23534)        Thomas G. Moukawsher (ct08940)
             Suite 210                          Moukawsher & Walsh, LLC
             805 15th St., NW                   21 Oak Street
             Washington, DC 20005               Hartford, CT 06106
             (202) 371-8013                     (860) 278-7000
             (202) 371-0121 (fax)               (860) 275-8299 (fax)
             stephen.bruce@prodigy.net          tmoukawsher@mwlawgroup.com

Defendants: Joseph J. Costello                  James A. Wade (ct00086)
            jcostello@morganlewis.com           jwade@rc.com
            Jeremy P. Blumenfeld                Erin O'Brien Choquette (ct18585)
            jblumenfeld@morganlewis.com         echoquette@rc.com
            Jamie M. Kohen                      Robinson and Cole LLP
            jkohen@morganlewis.com              280 Trumbull Street

*admitted pro hac vice*               Hartford, CT 06103-3597
Morgan, Lewis & Bockius          (860) 275-8200
1701 Market Street                      (860) 275-8299 (fax)
Philadelphia, PA 19103-2921
(215) 963-5295
(215) 963-5001 (fax)

Christopher A. Parlo (ct04700)
cparlo@morganlewis.com
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
(212) 309-6062
(212) 309-6273 (fax)

## 2.    **JURISDICTION**

Jurisdiction of this Court exists pursuant to the Employee Retirement

Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq.  Venue is

proper under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), in that Defendants

CIGNA Corp. and the CIGNA Pension Plan may be found in this District and

alleged breaches took place in this District.

## 3.    **LENGTH OF TRIAL**

The parties estimate that the bench trial will require approximately five

days.

## 4.    **FURTHER PROCEEDINGS**

No further proceedings are necessary prior to trial.

2

## 5.    NATURE OF CASE:  PLAINTIFFS' CONTENTIONS

This action is about the retirement benefits that Janice Amara, Gisela

Broderick, Annette Glanz, and a nationwide class of similarly-situated CIGNA

employees are required to receive under the Employee Retirement Income Security

Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001, et. seq.  Effective January

1, 1998, Defendants adopted a "cash balance" pension plan to replace its

traditional defined benefit pension plan for most plan participants. As a result of

the conversion, Defendants reduced participants' future rates of retirement benefit

accruals, in general and to a still greater degree at older ages, and impermissibly

conditioned future accruals so that there are periods of years with no additional

benefits. This violates ERISA's vesting, backloading and age discrimination

standards. In violation of ERISA's disclosure requirements, CIGNA denied that

there were any benefit reductions and represented that benefits were "comparable"

or "larger." Employees also lost minimum benefits earned before 1998 when

CIGNA failed to protect them as required by ERISA and failed to disclose when

they had greater value than the cash balance accounts. Plaintiffs seek declarations

that:

(1)    Absent notice of a reduction in future rates of accrual, the prior rates
of accrual must be continued;

3

(2)    Receipt of future cash balance accruals may not be conditional on first "catching up" with the level of benefits that participants had previously earned,

(3)    The annual rate of accruals under the cash balance formula for each plan year must also actually be "payable" in conformity with the 133⅓% accrual rule,

(4)    The rate of an employee's benefit accrual under the cash balance plan may not be reduced because of age, and

(5)    The accrued benefits, including early retirement benefits and survivor's benefits, that participants earned before the cash balance conversion must be fully protected in conformity with ERISA, including its requirements on obtaining informed consent before an annuity option with a higher "relative value" is given up.

Plaintiffs request that this Court order appropriate equitable and remedial

relief to enjoin and provide redress for Defendants' violations of ERISA's vesting,

benefit accrual and anti-cutback standards and its disclosure requirements.

Plaintiffs further request an order specifically enforcing the Depenbrock v.

CIGNA decisions by the United States Court of Appeals for the Third Circuit and

the United States District Court for the Eastern District of Pennsylvania which

already required CIGNA to place 195 members of this class back under the prior

benefit formula.

## 6.    STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiffs' Proposed Findings of Fact and Conclusions of Law are being

4

filed simultaneously with this Memorandum. Defendants are to submit their

Proposed Findings and Conclusions by June 27, 2006, and will stipulate to the

Proposed Findings of the Plaintiffs with which they agree.

## 7.    TRIAL BRIEFS

Plaintiffs' trial brief is being filed simultaneously with this Memorandum.

## 8.    WITNESSES

### Plaintiffs' Anticipated Witnesses

The reports of the two experts are included in the Plaintiffs' Exhibit binders

as Exhibits 3-6 and 8. The witness statements are included in the Exhibit binders

as Exhibits 181 to 191. Individual calculations of the witnesses' benefits by the

Plaintiffs' actuarial expert are also included in Exhibit 7.

| Name and Address | Subject of Testimony | Expected Duration of Testimony |
|---|---|---|
| Claude Poulin, F.S.A. 117 East Hunter Madison, NC 27025 | Expert actuarial analysis of CIGNA's prior benefit formulas and its cash balance design | Three-fourths of one day. |
| Prof. James Stratman Director, Technical Communications Program University of Colorado at Denver Plaza Bldg., 102F Denver, CO 80217 | Expert communications analysis of CIGNA's ERISA Section 204(h) notice, Summary of Material Modifications, and Summary Plan Description | One-half day |

5

| Janice Amara<br>39 Town Beach Rd.<br>Old Saybrook, CT 06475 | Likely harm from CIGNA's disclosures | One hour |
|---|---|---|
| Gisela Broderick<br>143 Old Post Rd.<br>Tolland, CT 06084 | Same | Same |
| Annette Glanz<br>104 Bridgeport Dr.<br>Mooresville, NC 28117 | Same | Same |
| Patricia Flannery<br>420 Forest Hills Ave.<br>Philadelphia, PA 19116 | Same | Three-fourths of one hour |
| Steven Law<br>91 Pepperbush Way<br>Windsor, CT 06095 | Same | Same |
| Bruce Charette<br>63 Franklin Ave.<br>Plainville, CT 06062 | Same | Same |
| Robert Upton<br>371 Marple Rd.<br>Broomall, PA 19008 | Same | Same |
| Mitchell Haber<br>24705 Calle Altamira<br>Calabasas, CA 93102 | Same | Same |
| Barbara Hogan<br>32219 Pelican Ct.<br>Millsboro, DE 19966 | Same | Same |
| Stephen Curlee<br>417 Tinnan Ave.<br>Franklin, TN 37067 | Same | Same |

| Lillian Jones<br>240 Granby St.<br>Hartford, CT 06112 | Likely harm from omission of information about the relative value of benefit options and protected minimum benefits in CIGNA's benefit notices | Same |

## **Plaintiffs' Expert Witnesses**

### **(1)    Claude Poulin, F.S.A., M.A.A.A., E.A.**

#### **Expertise**

Actuary Claude Poulin has over 30 years of consulting experience related to defined benefit plans, including advising unions, employers, Federal and State governments and agencies, and employees. His curriculum vitae is attached to his report (Pl. Exhibit 3).

#### **Opinion to be Expressed**

Actuary Poulin will opine that the rates of benefit accrual under the prior plan's Tier 1 and Tier 2 benefit formulas were substantially higher than the rates of accrual under the cash balance plan. He will also opine that the rates of accrual under the cash balance plan progressively decrease with age because of the way the accrual formula is designed.

In analyzing CIGNA's cash balance conversion, Actuary Poulin found that the cash balance accruals are payable only if participants give up the pension

7

benefits that they previously earned in annuity form before January 1, 1998 (also called "minimum benefits"). To receive any of the annual cash balance accruals since 1998, participants must accept a valuation of their prior benefits as prescribed in Section 1.28 of the Plan document. Mr. Poulin found that the valuation procedures used to establish those opening accounts: (1) did not include the value of early retirement benefits or a "free 30%" survivor's benefit offered under the prior plan, (2) applied a "pre-retirement mortality" discount of up to 10%, and (3) did not protect participants against the risk of declining interest rates. In regard to the latter point, he found that because of declining interest rates, the opening account balances will not, with interest, repurchase the annuity benefits that participants had previously earned (even putting aside issues (1) and (2)). Mr. Poulin will opine that because of the differences between participants' previously-earned benefits and the benefits to which the opening balances translate, participants experience periods with no additional retirement benefits above those they had previously earned.

Mr. Poulin will also opine that the prior plan's minimum benefits and benefit options with unequal relative values have not been explained in CIGNA's benefit notices or other explanatory material when participants make benefit elections.

8

### Summary of Basis for Opinion

Actuary Poulin compared the prior plan's "Tier 1" and "Tier 2" benefit formulas with CIGNA's cash balance design. He reviewed the benefit computations for the named Plaintiffs and other employees and prepared computations of his own. He analyzed the reduction in rates of benefit accrual that can result solely from a change in a plan's pension formula from final average earnings to a career average earnings formula.

Mr. Poulin also examined the plan's rules for valuing previously earned benefits for purposes of determining opening account balances. He performed calculations to examine the periods with no further accruals above participants' previously-earned benefits produced by those valuation rules and the plan design, which makes the cash balance accruals payable only in conjunction with the opening balances.

Mr. Poulin also examined benefit commencement packages distributed to plan participants, finding no explanation in the benefit election packages about "minimum benefits" or related to the "relative value" of optional forms of benefit that participants are offered.

### Materials On Which Witness Intends to Rely

Actuary Poulin will rely on the following materials:

9

- Declaration of Claude Poulin dated April 23, 2003 with Exhibits A to H;

- Supplemental Declaration of Claude Poulin dated January 3, 2006 with Exhibits 1-10 and revised Exhibits 3 and 4;

- Individual computations of benefits for the named Plaintiffs and witnesses.

### (2)    **Professor James F. Stratman**

#### **Expertise**

Professor James F. Stratman is a tenured Associate Professor at the University of Colorado at Denver and Director of its Technical Communications Program. He is an expert in the understandability of written communications in the legal, business and technical fields and has written a law review article based on his research about Summary Plan Descriptions ("SPDs") under ERISA. His curriculum vitae is attached to his report (Pl. Ex. 8).

#### **Opinion to be Expressed**

Professor Stratman will opine that CIGNA's purported Section 204(h) notice, its December 1997 Summary of Material Modifications, and its 1998 and 1999 Summary Plan Descriptions do not disclose to the average plan participant the potential reductions of benefits associated with CIGNA's cash balance conversion.

10

## Summary of Basis for Opinion

Professor Stratman reviewed the ERISA regulations regarding understandable disclosures in SPDs, which are also applicable to Section 204(h) notices and Summaries of Material Modifications, and two GAO reports investigating communication and disclosure problems associated with conversions of traditional defined benefit plans to cash balance plans. Based on Actuary Poulin's findings that CIGNA's cash balance opening account balances do not represent the full value of the annuities participants earned before 1998 and that the new plan reduces rates of benefit accrual, Professor Stratman examined whether the documents CIGNA distributed to employees at the time of the conversion understandably disclosed these reductions. The documents he examined include: the "Signature Benefits Newsletter Special Edition" distributed in November 1997 (which CIGNA contends is an ERISA "Section 204(h)" notice of reductions), the "Retirement Information Kit" distributed in December 1997 (which CIGNA contends is a Summary of Material Modification under ERISA), and the 1998 and 1999 Summary Plan Descriptions.

Professor Stratman analyzed these documents for any statements related to reductions or differences in benefits obtainable under the old versus the new plan. He found that the communications repeatedly assured participants of steadier

11

benefit growth under the cash balance plan and larger or comparable benefits. He

found that none of them disclose that rates of benefit accrual drop in comparison

with the old plan, that they decrease further with age, or that there may be periods

of years after the cash balance conversion in which participants do not earn any

additional benefits over the value of their accrued benefits under the old plan.

Professor Stratman also analyzed CIGNA's disclosures with regard to any

explanation of the relative value of benefit options.

### Materials On Which Witness Intends to Rely

Professor Stratman will rely on the following materials:

-       Expert Report of James F. Stratman dated April 25, 2003, with
        Exhibits 1-4.

## 9.    TRIAL EXHIBITS

A list of the Plaintiffs' Trial Exhibits 1-199 with a brief description of their

contents is attached to this Memorandum. Social Security numbers have been

redacted from the exhibits that include individual records. To avoid unnecessary

duplication, Defendants' June 27, 2006 submission will designate the exhibits

from that list that will be Joint Exhibits.

## 10.   DEPOSITION TESTIMONY

To the extent that the Defendants do not call any of the following

12

individuals to testify at trial, Plaintiffs propose to read the following deposition

testimony into evidence:

| Deponent and depo. date | Page references to be read into evidence |
|---|---|
| Lawrence Sher<br>July 24, 2003 | Tr. at 78-79, 106-107, 148-51, 159-63, 173-77, 186-91, 231-36, 251-61, 269-72. |
| Lawrence Sher<br>November 30, 2005 | Tr. at 31-33, 55-87, 103-107, 166. |
| John Arko<br>July 3, 2003 | Tr. at 6, 17-30, 33-36, 41-58, 81-85, 107-128, 133-56, 190-91, 200-1, 212, 253-70, 285-300, 307, 317-21. |
| John Arko<br>April 28, 2006 | Tr. at 5, 109-12, 117-24, 143-48, 158-66, 203-4, 322-24. |
| Andrew Hodges<br>June 29, 2003 | Tr. at 91-93. |
| David Durham<br>December 3, 2002 | Tr. at 73-76, 165-71. |
| Lorraine Morris<br>April 18, 2006 | Tr. at 30-33, 97, 111-21, 135-37, 146-47, 151-57. |
| Greg Lobado<br>April 18, 2006 | Tr. at 84. |

The deposition extracts are included in the Plaintiffs' Exhibit binders as Exhibits

192 to 199. Defendants have identified one other individual, Denise Hill, as a

likely witness for trial, but she has been unavailable to be deposed to date.

Prudential, which has administered CIGNA's Pension Plan since its acqusition of

CIGNA's Retirement & Investment Services division in April 2004, is producing a

second Rule 30(b)(6) witness to answer questions concerning the production of documents. Plaintiffs reserve the right to supplement the above testimony with extracts from these depositions.

## 11.   **ANTICIPATED EVIDENTIARY PROBLEMS**

Plaintiffs do not anticipate any evidentiary problems in advance of trial. Plaintiffs reserve the right to make appropriate objections to the presentation of evidence at trial.

Dated: June 6, 2006

Respectfully submitted,

Stephen R. Bruce ct23534
Suite 210
805 15th St., NW
Washington, DC 20005
(202) 371-8013
stephen.bruce@prodigy.net

s/ Thomas G. Moukawsher
Thomas G. Moukawsher ct08940
Ian O. Smith ct24135
Moukawsher & Walsh, LLC
21 Oak Street
Hartford, CT 06106
(860) 278-7000
tmoukawsher@mwlawgroup.com

Attorneys for the Plaintiffs

14

## INDEX TO PLAINTIFFS' TRIAL EXHIBITS

## <u>AMARA v. CIGNA (CIV. 01 - 2361)</u>

## <u>BINDER I</u>

| <u>Exh. No.</u> | | <u>Bates No.</u> |
|---|---|---|
| 1. | CIGNA Pension Plan Document adopted December 21, 1998 and effective January 1, 1998. | D00263 - 349 (Pl. Dep. Ex. 5) |
| 2. | Prior CIGNA Pension Plan Document, in effect before January 1, 1998. | D00001 - 133 |
| 3. | Expert Report of Claude Poulin dated April 25, 2003 with Exhibits A - H. | (Pl. Dep. Ex. 88) (Defs. Poulin Dep. Ex. 1) |
| 4. | Supplemental Expert Report of Claude Poulin dated January 3, 2006 with Exhibits 1 - 10. | (Defs. Poulin Dep. Ex. 100) |
| 5. | Revised Exhibits 3 and 5 to Poulin Suppl. Rpt. identified as Ex. 103 in Poulin's January 30, 2006 deposition. | (Defs. Poulin Dep. Ex. 103) |
| 6. | Revised Exhibit 4 to Poulin Suppl. Rpt identified as Ex. 104 in Poulin's January 30, 2006 deposition. | (Defs. Poulin Dep. Ex. 104) |
| 7. | Supplemental Declaration of Claude Poulin dated June 5, 2006 on individual benefit calculations (with data provided by CIGNA after his Supplemental Report). | |
| 8. | Expert Report of Professor James F. Stratman dated April 25, 2003 with Exhibits 1 - 4 (the November 1997 Newsletter, the December 1997 Information Kit, the October 1998 Summary Plan Description and the September 1999 Summary Plan Description). | (Pl. Dep. Ex. 99) (Defs. Stratman Dep. Ex. 8) |
| 9. | Declaration of Allison Caalim dated May 30, 2006 summarizing electronic data on "class list" and underlying formulas in October 1997 Lotus worksheet prepared by CIGNA on "accrual rates." | |

i

| 10. | Expert Report of Lawrence Sher dated June 24, 2003. | (Pl. Dep. Ex. 85) |
| 11. | Supplemental Expert Report of Lawrence Sher dated October 28, 2005. | (Pl. Dep. Ex. 93) |

## BINDER II

| 12. | Excerpt from July 2000 PriceWaterhouse Coopers "Survey of Conversions from Traditional Pension Plans to Cash Balance Plans." | P 2092 - 2102 |
| 13. | August 1997 William Mercer memorandum advising CIGNA there are "no legal requirements" for determining opening account balances. | MER01798 - 1803 |
| 14. | "Survey of Cash Balance Conversions" by Lawrence Sher from *Benefits Quarterly,* First Quarter 2001. | (Pl. Dep. Ex. 90) |
| 15. | Article dated January 1995 entitled "Trends in Plan Design" discussing "first generation" cash balance formulas. | P 2210 - 2217 |
| 16. | August 1996 article in *Benefits Canada* discussing "second generation" cash balance formulas. | P 2205 - 2209 |
| 17. | 2004 Mellon Survey of Cash Balance Plans. | P 2070 - 2091 |
| 18. | U.S. Bureau of Labor Statistics Compensation Survey for 2002-2003. | P 2048 - 2049 |
| 19. | Mercer July 8, 1996 legal analysis of cash balance plans. | EPTO0004362, 4153 and 4164 - 4193 |
| 20. | March 2006 Employee Benefit Research Institute "Issue Brief" analyzing lost accruals for frozen final average plans and cash balance plans. | P 2162 - 2179 |
| 21. | May 27, 2003 Notice of Rule 30(b)(6) deposition on compliance with specified ERISA requirements. | (Pl. Dep. Ex. 64) |
| 22. | November 16, 1999 presentation on "Cash Balance Plans" written for Morgan Lewis & Bockius Labor and Employment Law Seminar. | P 1994 - 2016 |

ii

| 23. | Signature Benefits Newsletter for EQUICOR employees. | P 1676 - 1683 |
|-----|---|---|
| 24. | Extract from Part A Plan document adopted December 21, 1998 with amendment of Section 2.4 to "No Resumption of Participation Upon Reemployment." | AMARA-00001 - 4, 13 - 15, 23 - 24 and 105 |
| 25. | CIGNA 2005 Annual Report. | P 2053 - 2056 |
| 26. | Module for Calculation of Initial Retirement Account from CIGNA Operations Manual. | DO3922, 3924 - 3925 |
| 27. | Defendants' Responses to First Set of Interrogatories. | (Pl. Mot. to Compel Ex. C) |
| 28. | January 6, 1997 memorandum from Gerald Meyn to Donald Levinson about reduction of overall cost under cash balance. | D12287 - 12288 (Pl. Dep. Ex. 51) |
| 29. | Defendants' Responses to Second Set of Interrogatories. | |
| 30. | June 6, 1997 memorandum from Andrew Hodges to David Durham stating the cash balance plan's benefit is "effectively" a lump sum. | D12086 |
| 31. | February 12, 2002 letter from Gerry Meyn to Jim Stewart re: "Proposed Pension Changes" stating cash balance conversion lowers net pension liability. | D029113 |
| 32. | John Arko's January 2002 "Example of wear-away due to subsidized early retirement benefits." | D028174, 28629 |
| 33. | Defined Benefit Record Keeping ("DBRK") print-outs for named plaintiff Gisela Broderick. | SuppD1928, 1934, 1929 - 1933, 1935 - 1940 |
| 34. | Defendants' Supplemental Responses to Second Requests for Documents. | (Pl. Mot. to Compel Ex. A) |
| 35. | March 1, 2006 Joint Committee on Taxation Report on "A+B" formulas. | P 2057 - 2069 |
| 36. | "Class list" data for Gisela Broderick with summary tabulation of 2000-2004 Benefit credits. | Produced electronically by Defs. |

| 37. | March 30, 2000 Application for Determination to the IRS with cover letter and attachments from Drinker Biddle & Reath. | DO1949 - 2166 (Pl. Dep. Ex. 60) |
|---|---|---|
| 38. | Gisela Broderick's Distribution Election Form dated November 2004. | SuppD0456 - 457 |
| 39. | IRS Alert Guidelines on minimum vesting standards (12/98). | |
| 40. | January 7, 2002 memorandum from Gerald Meyn and David Cordani to Donald Levison acknowledging "wear-away." | D028632 - 28641 |
| 41. | November 20, 2001 memorandum from David Durham to Gerald Meyn explaining "wear-away." | D028653 - 28663 |
| 42. | Notes of CIGNA conversation dated December 7, 2000 with class member Michele Bergman with statements "Hope you didn't come back just for pension" and "if you fly by age 55-56, you'll actually wind up with more." | D020512 - 20522 (Pl. Dep. Ex. 69) |
| 43. | October 28, 2002 CIGNA letter stating class member Jack Lamb's pension "has not increased." | P 2017 - 2021 |
| 44. | December 28, 2000 e-mails and notes related to class member Peter Andruszkiewicz referring to wearaway and "He was rehired" and "fully converted. Guess what? He's upset." | D020525 - 20528 |
| 45. | July 6, 2001 benefit summary sheet notifying named plaintiff Janice Amara of benefits of $1,833.65 per month. | (Pl. Compl. Ex. 4) |
| 46. | March 24, 2005 recalculation of Janice Amara's benefits under Part A/Tier1 formula. | (Pl. Memo on *Depenbrock* Impact Ex. 3) |
| 47. | September 21, 1999 e-mail from Gerald Meyn with "Cash Balance Plans--Background for September 1999 Board Meeting." | Produced electronically by Defs. |
| 48. | January 1, 1999 memorandum from Gerald Meyn to Donald Levinson on *Wall Street Journal* "expose" article on cash balance. | D10837 - 10839 (Pl. Dep. Ex. 45) |

| 49. | July 15, 1997 memorandum to People Resources Committee on Proposed 1998 Benefits Program Changes with "no reduction in benefit value" for Tier 1 employees converted to cash balance. | D00599 - 606 (Pl. Dep. Ex. 10) |
|---|---|---|
| 50. | Mercer production of "binder" material with cash balance options. | MER00090 - 94 |
| 51. | November 10, 1997 Mercer memorandum to John Arko re: "CIGNA Retirement Program - Accrual Rules." | MER00766 - 770 |
| 52. | Excerpt from transcript of October 2003 Conference of Consulting Actuaries meeting responding to Lawrence Sher's questions about aggregation of benefit formulas. | P 2103 - 2115 |
| 53. | May 14, 1997 letter from David Durham to Lea Peterson re: preparation for HR Council meeting with "likely profiles." | D12982 - 12983 |
| 54. | January 2, 1997 memorandum from Gerald Meyn to Donald Levinson noting disadvantage of cash balance plans for employees closer to retirement. | D00464 - 469 (Pl. Dep. Ex. 7) |
| 55. | January 6, 1997 proposal by Gerald Meyn listing positives and negatives of cash balance. | MER01384 |
| 56. | March 12, 1997 "Cigna Discussion Outline: Cash Balance Plan Implementation Issues" by PriceWaterhouse Coopers. | SuppD1868 - 1871 |
| 57. | December 1997 "Questions and Answers: The New Retirement Program, Special Manager's Edition" and October 1997 draft "Managers' Q&A's." | D00592 - 598, 14465 - 14478 |
| 58. | "Commentary on Deloitte and Touche article" in "Retirement Plan Changes, Possible Media Questions" packet dated September 23, 1997. | SuppD1571 - 1586 |
| 59. | Cash Balance phone scripts. | D027433 - 27439 |
| 60. | Print-out from Hooker and Holcombe website on former CIGNA actuary Arthur Assantes. | P 2121 |

| | | |
|---|---|---|
| 61. | June 26, 1997 memorandum from Arthur Assantes to David Durham, John Arko, Donna Parker, and Andy Hodges on nondiscrimination testing, stating that accrual rates decline with age. | D10043 - 10049 (Pl. Dep. Ex. 46) |
| 62. | October 22, 1997 spreadsheet prepared by Andrew Hodges showing declining accrual rates as age and service increase. | D023750 - 23753 (Pl. Dep. Ex. 39) |
| 63. | Print-out of material on CIGNA's website with statement on material reduction of accrual rates under cash balance plans. | (Pl. Dep. Ex. 18) |
| 64. | Defendants' amended responses to Plaintiffs' First Requests for Documents. | |
| 65. | Price Waterhouse Coopers 2001 sales brochure entitled "Cash Balance Conversions/Choice Education." | D029100 - 29101 |

## BINDER III

| | | |
|---|---|---|
| 66. | PowerPoint presentation slides by Lawrence Sher and Richard Shea from Glasser LegalWorks Seminar on Cash Balance Pension Plans dated May 1999. | P 2334 - 2347 (Pl. Dep. Ex. 91) |
| 67. | *Wall Street Journal* article entitled "Actuaries Become Red-faced Over Recorded Pension Talk," dated May 5, 1999. | P 2051 - 2052 |
| 68. | "A Workable Alternative to Defined Benefit Plans" by Lawrence Sher, September/October 1999. | P 2248 - 2252 |
| 69. | GAO, Private Pensions: Implications of Conversions to Cash Balance Plans, GAO/HEHS-00-185, September 2000. | P 2253 - 2294 |
| 70. | March 13, 2000 internal memorandum with calculations by Gerald Meyn about class member John Depenbrock's benefits under cash balance vs prior formula. | D01146 (Pl. Mot. in Limine Ex. 13) |
| 71. | John Depenbrock's recalculated Part A/Tier 1 pension estimates dated November 30, 2004. | (Pl. Memo. on *Depenbrock* Impact Ex. I) |
| 72. | John Depenbrock's original benefit statement dated December 23, 2003. | P 2218 |

| 73. | Benefit recalculations made under <u>Depenbrock v. CIGNA</u> decision from March 2005 to date. | SuppD0680 - 683, 730 - 738, 14400 - 14408 and 21495 - 21567 |
|---|---|---|
| 74. | Jack Lamb's complaint e-mails and letters from January 2005 to February 2006. | P 2180 - 2204 |
| 75. | Article entitled "Aligning Your Retirement Program with Today's Workforce Realities" by Ian Glew from *Compensation and Benefits Management*, Summer 2001. | P 1986 - 1991 |
| 76. | February 1994 document from Towers Perrin advising CIGNA that "mid-career" and "long service" employees are "losers with cash balance." | D10656 - 10658 |
| 77. | June 19, 1997 memorandum from David Durham to Mike Bell and Frank Lamay estimating pension expense reductions. | D12156 - 12164 (Pl. Dep. Ex. 34) |
| 78. | February 26, 1998 memorandum from Arthur Assantes to David Durham and John Arko noting effect of cash balance on future "accrual pattern" for 24,000 participants. | D030298 - 30300 |
| 79. | November 2002 memorandum by Andrew Hodges examining options for grandfathered employees. | D029424 - 29425 |
| 80. | April 3, 1997 CIGNA memorandum asking Mercer to prepare a "comparability analysis to gauge the amount of additional <u>or reduced</u> benefit value relative to the current benefit formulas." | MER01320 - 1324 |
| 81. | Mercer July 1997 spreadsheets entitled "Cigna: Cash Balance Retirement Program." | MER00777 - 823 |
| 82. | July 24, 1997 e-mail from David Durham to Denise Hill with bar graphs entitled "Proposed Program vs. Current Program" showing impact of changes on Tier 2 employees. | SuppD1644, 1623 - 1626 and 1617 |
| 83. | July 25, 1997 packet of "Revised Discussion Points with division presidents" including "Proposed Program vs. Current Program" graphs. | SuppD1617 - 1628 |

| | | |
|---|---|---|
| 84. | E-mail dated May 10, 2006 from Morgan Lewis and Bockius counsel re: SIP contributions. | |
| 85. | Class member Stephen Curlee's 1994-2002 Total Compensation Reports. | P 1722 - 1804, 1806 - 1848 |
| 86. | Class member Bruce Charette's 2003-2005 Total Compensation Reports. | P 1956 - 1963, 1948 - 1955 and 1937 - 1947 |
| 87. | March 19, 1998 communication from Barry Wiksten to Denise Hill suggesting changes to 1998 Total Compensation Report to "reassure" employees with concerns about having "sufficient retirement income." | SuppD1641 - 1643 |
| 88. | IRS Monthly Weighted Average Interest Rate table for 30-year Treasury securities. | P 2295 - 2300 |
| 89. | CIGNA "Production Outline" showing comparisons assigned to Mercer in October 1997. | SuppD1724 - 1726 |
| 90. | October 1997 Mercer memorandum to Denise Hill re: draft Newsletter, "adjusting assumptions" in "comparison graph" to be "faxed separately." | SuppD1850 |
| 91. | October 2001 Gerald Meyn letter stating "our early retirement provisions effectively doubled the value of the plan for those who took advantage of early retirement." | D030950 - 30951 |
| 92. | Spreadsheets dated 1998 with handwritten note to class member Susanne Thistle stating "early retirement subsidy is what you lose." | P 1992 - 1993 |
| 93. | May 1997 Mercer presentation prepared for meeting at Eagle Lodge in Bucks County, Pennsylvania. | D029913 - 22962 |
| 94. | August 29, 1997 draft of chart prepared for another Eagle Lodge meeting with initial plan to adjust the cash balance accounts at age 55 for the minimum benefits including early retirement subsidies. | D11907 - 11912 |
| 95. | October 30, 1997 letter from Gerald Meyn to employees expecting new plan "to be a plus." | SuppD1275 |

| 96. | November 3, 1997 memorandum from Gerald Meyn to CIGNA Managers entitled "Introducing the New Retirement Plan." | D00583 - 585 |
| 97. | February 1998 Signature Benefits Newsletter. | SuppD1323 - 1332 |

## BINDER IV

| 98. | Class member Robert Upton's 1998 Total Compensation Report. | P 1524 - 1543 |
| 99. | Excerpts from Gisela Broderick's 2001-2002 Total Compensation Reports. | P 1277 - 1278 |
| 100. | "Cash Balancing Act," from *Plan Sponsor*, February 1999, quoting Lawrence Sher. | P 2116 - 2120 |
| 101. | June 1998 Signature Benefits Newsletter. | SuppD1277 - 1284 |
| 102. | Information on "Retirement Planner" software program. | SuppD1254 |
| 103. | CIGNA August 2004 "Pension Plan Part A: Guide to Understanding Plan Changes." | P 2022 - 2047 |
| 104. | Draft of pension plan "facts" attached to January 2, 2003 e-mail, stating that employees doing financial planning assume they continue to earn benefits. | D12394 - 12399 |
| 105. | Summary of results of April 1997 focus group sessions. | SuppD1852 - 1856 |
| 106. | David Durham's notes from discussions with groups of managers about the Pension changes dated August 12, 1997. | D11934 - 11936 (Pl. Dep. Ex. 68) |
| 107. | Retirement Plan Communications Survey and results dated March 3, 1998. | SuppD1587 - 1609 |
| 108. | November 6, 1997 e-mail from class member Janice Weidenborner to Signature Benefits Services. | SuppD1668 |
| 109. | November 6, 1997 e-mail from class member Steve Bailey to Signature Benefits Services. | SuppD1673 |

| | | |
|---|---|---|
| 110. | November 5, 1997 e-mail from class member Mike Walsh to Signature Benefits Services. | SuppD1671 |
| 111. | December 11, 1997 e-mail from Mike Walsh to Signature Benefits Services. | D030811 |
| 112. | December 16, 1997 e-mail from class member Barry Pitek to Signature Benefits Services. | SuppD1686 |
| 113. | January 6, 1998 e-mail from class member John Schwoerer to Signature Benefits Services. | D030795 |
| 114. | December 19, 1997 e-mail from class member Brian Mitchell to Signature Benefits Services. | D030797 |
| 115. | Mercer presentation materials on cash balance dated July 1996. | P 2122 - 2161 |
| 116. | Mercer March 1997 slides on "Communication Issues in Transitioning to a Cash Balance Plan." | SuppD1510 - 1521 |
| 117. | Mercer August 1997 presentation on "Meeting the Communication Challenge," stating that CIGNA has instructed "not to compare the old to the new plans." | SuppD1542 - 1564 |
| 118. | CIGNA September 1997 contract with Mercer to offer professional communications services to prepare CIGNA's disclosures. | SuppD1775 - 1783 |
| 119. | September 13, 1997 e-mail from David Durham on subject of "Retirement Communications." | D11708 (Pl . Dep. Ex. 22) |
| 120. | Response to Naomi Biggs' inquiry stating that CIGNA does not do benefit comparisons dated January 21, 2000. | D020529, 20531 (Pl. Dep. Ex. 66) |
| 121. | March 20, 2001 memorandum from Stewart Beltz to Robert Steele and others on not doing "what if" comparisons of benefits. | D021235 (Pl. Dep. Ex. 23) |
| 122. | Robert Upton's communications with CIGNA on comparisons between his old and new benefits dated November 1999 to October 2001. | D020829 - 20861 (Pl. Dep. Ex. 49) |

| | | |
|---|---|---|
| 123. | 1997 examples of CIGNA's refusal to compare pension benefits and false assurances, with letter stating "the new plan does not negatively impact you." | D029744 - 29745, 29766 - 29769 and 29771 - 29772 |
| 124. | March 13, 2000 e-mail from Gerald Meyn attaching draft of materials to send to employees "in case of a media challenge to our cash balance plan." | D14160 - 14165 |
| 125. | July 31, 2001 letter from Stewart Beltz to Gisela Broderick stating it is "difficult to quantify the impact" of the conversion. | P 1236 - 1237, 1233 |
| 126. | John Arko's notes of discussion with class member John Nystrom stating "I explained people employed 12/31/97 were examined to be sure projected benefits were fair." | D020597 (Pl. Dep. Ex. 62) |
| 127. | Memorandum from John Arko to Gerald Meyn dated December 31, 1998 concerning questions raised by class member Dave Carlson with directions to tell Mr. Carlson his accruals under cash balance will be greater than the old plan. | D020652 - 20657 |
| 128. | July 25, 1997 Discussion Points for division presidents with goal to "dispel perception of takeaways." | D14870 - 14881 |
| 129. | September 12, 1997 Project Planning Meeting with Mercer with "Objectives" to "dispel perception of a takeaway and focus on the new deal" | SuppD1881 - 1898 |
| 130. | *Wall Street Journal* and *New York Times* articles from 1997-1999 on employee complaints about cash balance conversions at Deloitte and Touche, IBM, Chase-Manhattan Bank, and Verizon. | (Pl. Mot. in Limine Ex. 15) |
| 131. | *Wall Street Journal* article dated July 1, 1999 on Prudential response to employees' complaints of 40% benefit reductions. | P 2219 - 2221 |
| 132. | December 20, 2001 memorandums from Gerald Meyn to Donald Levinson and from Levinson to the CEO about the plan amendment for rehires, which provides that they will "keep their already-earned old plan benefits." | D05532 - 5534 |

| 133. | March 3, 1998 memorandum from Gerald Meyn to HR Officers re: survey results and avoiding "bad press." | SuppD1565 - 1568 |
| 134. | E-mail dated January 15, 2003 from Kenneth Bottoms to Gerald Meyn and Donald Levinson warning that converting the grandfathered Tier 1 employees would spread complaints and "renew" the cash balance issue for the 90%. | D029362 - 29363 |
| 135. | March 10, 2006 Stipulation and Joint Motion of parties on Conduct of Discovery and Trial on "Likely Prejudice" and "Harmless Error" Issues Connected with Second and Fourth Claims for Relief. | (Dkt. # 167) |
| 136. | CIGNA's Summary Judgment Brief at 36-37 and Appellate Brief at 47-49 in Depenbrock v. CIGNA. | (C.A. 01-6161 E.D.Pa. and 03-3575 3d Cir.) |
| 137. | CIGNA December 1997 Information Kit for grandfathered employees. | D00637 - 671 |
| 138. | November 2000 draft of Tier 1 rehire letter stating "Recent patterns in rehires have shown that on average we are now rehiring more employees who are closer to early retirement age than ever before." | DO4353 - 4357 |
| 139. | Gisela Broderick's complaint letters dated January 2001 to February 2002. | P 1226, 1233, 1242 and 1246 |
| 140. | Memorandum on "Rehired Employees–Pension Issues" with proposal to modify the rehire rule for individuals rehired on or after January 1, 2001. | DO4646 - 4650 (Pl. Dep. Ex. 13) |
| 141. | CIGNA document dated May 16, 2000, originally withheld as privileged, on 2001 rehire amendment stating it "Facilitates re-hire of late career staff by grandfathering their favorable early retirement factors from the tier 1 plan." | SuppD0183 - 186 |
| 142. | October 31, 2000 David Durham e-mail on change to rule for rehired employees with statement about keeping any discussion oral and away from "xerox machines." | D04700 (Pl. Dep. Ex. 14) |

| 143. | December 5, 2005 e-mail from CIGNA's counsel on "exemplars" that CIGNA contends are responsive to discovery requests, with print-outs of those exemplars. | SuppD0408 - 410, 1090 - 1091 (Pl. Mot. to Compel Ex. I) |
|---|---|---|
| 144. | DBRK print-outs for class member Douglas Robinson. | SuppD2381 - 2408 |
| 145. | Janice Amara's February 23, 2001 benefit estimate without indication of her minimum benefit. | P 1010 - 1011 |
| 146. | Janice Amara's December 10, 2003 benefit estimate without indication of her minimum benefit. | P 1145 - 1166 |
| 147. | September 11, 2001 Andy Hodges e-mail about "flaw" in "populating" Janice Amara's conversion record with her prior benefits. | (Pl. Dep. Ex. 41) |
| 148. | July 29, 1997 e-mail from David Durham stating Mercer's warning of "pitfalls" if CIGNA's Retirement and Investment Services division had never designed a cash balance record keeping system. | D13473 |
| 149. | August 1999 document referring to problems with benefit statements for rehires. | D13647 - 13648 |
| 150. | August 1999 document referring to need examine why rehire records were not getting opening account balances. | D14589 |

## BINDER V

| 151. | September 6, 1999 e-mail string on "Missing OAB's for rehires." | Produced electronically by Defs. |
|---|---|---|
| 152. | 2002 Powerpoint slides on Pension Expense Review showing CIGNA's recognition of data problems, particularly for rehires. | SuppD19508 - 19538 |
| 153. | November 25, 2003 CIGNA Pension Activity Report. | SuppD15354 - 15358 |
| 154. | October 24, 2005 CIGNA Pension Activity Report. | SuppD15451 - 15457 |
| 155. | October 13, 2005 letter and benefits statement for class member Patricia Flannery with incorrect minimum benefit. | P1585 - 1586 |

| 156. | January 11, 2006 letter from CIGNA to Patricia Flannery correcting her "understated" minimum benefit amount. | P 1587 - 1588 |
| 157. | Correspondence from Patricia Flannery and her attorney to CIGNA. | SuppD0897, 14384, 14386, 14381 - 14383 and 14379 - 14380 |
| 158. | September 1997 review of detail design provisions with advice from Mercer that "any Tier 1 employee electing a lump sum would forfeit the value of the early retirement subsidy." | MER00658 - 661 |
| 159. | April 1997 document stating assumption of "100% utilization of the cash option, i.e., all CFP/Tier II participants elect cash at termination." | D12948 - 12949 |
| 160. | June 26, 2001 e-mail from Denise Belanger referring to "rare instances" where participants elect annuities. | D12683 |
| 161. | Memorandum from Robert Flanders dated January 9, 1998 with handwritten mention of relative values. | D028834 |
| 162. | January 9, 1998 memorandum with mention of relative values. | D028817 - 28833 |
| 163. | DBRK front end "Calc Rel Val" computation. | Produced electronically by Prudential |
| 164. | March 13, 2006 draft notice of" relative values." | SuppD14907 - 14918 |
| 165. | August 30, 2005 CIGNA Pension Activity Log. | SuppD15443 - 15450 |
| 166. | May 2, 2006 "draft" memorandum from Randolph Root to John Arko on situations where cash balance options have "unequal" values. | SuppD022755 - 22757 |
| 167. | CIGNA's old Summary Plan Description for Tier 1 participants. | D00882 - 922 |
| 168. | Excerpt from CIGNA Operations Manual on "free 30%" survivor's benefit. | D03922, 4161 - 4162 |

| | | |
|---|---|---|
| 169. | Handwritten notes of Jean Renshaw, CIGNA's outside counsel, on protection of free 30% survivor's benefit dated January 8, 1998. | SuppD0025 - 29, 31 - 32 |
| 170. | November 23, 2005 letter from CIGNA's counsel, Morgan Lewis & Bockius, stating there was "no amendment" to eliminate the free 30% survivor's benefit. | |
| 171. | November 2000 Summary Plan Description for Part A with rules that rehires from 1998-2000 will not receive the free 30% survivor's benefit. | A-0341 - 391 |
| 172. | March 31, 2006 letter from Prudential to Gisela Broderick stating that her original benefit was "understated" because it excluded the free 30% survivor's benefit. | P 2050 |
| 173. | August 3, October 25, and November 30, 2005 CIGNA Pension Activity Reports. | SuppD15466 - 15473, 15446 - 15463 |
| 174. | List of 194 Depenbrock rehires. | SuppD15668 - 15669 |
| 175. | Order of Hon. Robert F. Kelly, Jr., U.S.D.J., in Depenbrock v. CIGNA dated January 31, 2005. | (C.A. 01-6161 E.D.Pa.) |
| 176. | February 4, 2005 letter from CIGNA to participants affected by Depenbrock decision. | SuppD0484 (Pl. Mot. to Compel Ex. H) |
| 177. | Complaints from March 2005 to March 2006 about progress of Depenbrock recalculations. | SuppD15670 - 15688, 22395 - 22408 and 22428 - 22437 |
| 178. | November 30, 2005 e-mail from John Arko to Jack Lamb about "questions" from Prudential about benefit calculations for rehires affected by the Depenbrock decision. | (Pl. Mot. to Compel Ex. K) |
| 179. | Defendants' Responses to Fourth Requests for Documents. | |
| 180. | May 1998 Signature Benefits Newsletter. | SuppD1285 - 1292 |

## Witness Statements

| | | |
|---|---|---|
| 181. | Declaration of Janice C. Amara. | (Defs. Amara Dep. Ex. 6) |

xv

182.    Witness statement of Gisela R. Broderick.

183.    Witness statement of Annette S. Glanz.

184.    Witness statement of Patricia A. Flannery.

185.    Witness statement of Steven I. Law.

186.    Witness statement of Bruce A. Charette.

187.    Witness statement of Robert J. Upton.

188.    Witness statement of Mitchell A. Haber.

189.    Witness statement of Barbara A. Hogan.

190.    Witness statement of Stephen D. Curlee.

191.    Declaration of Lillian G. Jones.

## Deposition Extracts

192.    Deposition of Lawrence Sher on July 24, 2003:

   Tr. at 78-79, 106-107, 148-51, 159-63, 173-77, 186-91, 231-36,
   251-61, 269-72.

193.    Deposition of Lawrence Sher on November 30, 2005:

   Tr. at 31-33, 55-87, 103-107, 166.

194.    Deposition of John Arko on July 3, 2003:

   Tr. at 6, 17-30, 33-36, 41-58, 81-85, 107-128, 133-56, 190-91,
   200-1, 212, 253-70, 285-300, 307, 317-21.

195.    Deposition of John Arko on April 28, 2006:

   Tr. at 5, 109-12, 117-24, 143-48, 158-66, 203-4, 322-24.

196.    Deposition of Andrew Hodges on June 29, 2003:

   Tr. at 91-93.

197.    Deposition of David Durham on December 3, 2002:

       Tr. at 73-76, 165-71.

198.    Deposition of Lorraine Morris on April 18, 2006:

       Tr. at 30-33, 97, 111-21, 135-37, 146-47, 151-57.

199.    Deposition of Gregg Loboda on April 19, 2006:

       Tr. at 84.