# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-----------------------------------------------------X
                       :

JANICE C. AMARA, GISELA         :        3:01 CV 2361 (MRK)
R. BRODERICK, ANNETTE S. GLANZ :
individually, and on behalf of others    :
similarly situated,             :
                       :
             Plaintiffs,   :
        v.                :
                       :
CIGNA CORP. AND CIGNA       :
PENSION PLAN,             :
                       :
           Defendants.  :
                       :
-----------------------------------------------------X

## DEFENDANTS' RESPONSES TO PLAINTIFFS' PROPOSED FINDINGS OF FACT

Dated:  June 27, 2006

**MORGAN, LEWIS & BOCKIUS LLP**
By:  /s/ Joseph J. Costello
Joseph J. Costello
Jeremy P. Blumenfeld
Jamie M. Kohen
*Admitted pro hac vice*
1701 Market Street
Philadelphia, Pennsylvania  19103-2921
(215) 963-5295/5258/5472
(215) 963-5001 (fax)

**ROBINSON & COLE**
James A. Wade (CT # 00086)
280 Trumbull Street
Hartford, Connecticut  06103
(860) 275-8270
(860) 275-8299 (fax)

*Attorneys for Defendants*
*CIGNA Corporation and CIGNA Pension Plan*

Defendants hereby respond to Plaintiffs' proposed findings of fact in accordance with the numbered paragraphs set forth herein. Where facts are denied, some, but not necessarily all, of the grounds for the denial are stated herein. Further, where a finding of fact is not unqualifiedly admitted in its entirety, all of the facts within that finding of fact that are not explicitly admitted are denied. Defendants further direct the Court to their Proposed Findings of Fact, which set forth the facts that Defendants expect will be proven at trial. Defendants reserve the right to raise objections to any of the exhibits, deposition transcripts or other documents upon which Plaintiffs relied to provide the source for these proposed findings.

1.       Denied except as otherwise stated herein. Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted article constitutes hearsay. The proposed finding is also irrelevant and unduly prejudicial, as the opinions expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that the article Plaintiffs cite is accurately quoted, but is only a partial quote. Defendants further admit that traditional defined benefit plans in a non-union environment typically offer benefits based on a percentage of the employee's salary and the number of years of service.

2.       Defendants object to the proposed finding because it is based on inadmissible evidence. Specifically, the quoted article constitutes hearsay. The proposed finding is also irrelevant and unduly prejudicial, as the opinions expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure

requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that Plaintiff's description of a defined contribution plan is generally accurate.

3.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted article constitutes hearsay.  The proposed finding is also irrelevant and unduly prejudicial, as the opinions expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

4.     Defendants deny the proposed finding except admit that Plaintiffs accurately quote, in part and with ellipses, the decision of the 7th circuit in Berger v. Xerox, 338 F.3d 755, 758 (7th Cir. 2003).

5.     Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted documents constitute hearsay.  Notwithstanding the foregoing, Defendants admit the statements in the second and third sentences of the paragraph.

6.     Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted article constitutes hearsay.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have described how cash balance plans frequently are designed, except that Defendants deny the statements in the last sentence of this paragraph.

7.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted article constitutes hearsay.  The proposed finding is also irrelevant and unduly prejudicial, as the opinions expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash

balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that the article Plaintiffs cite is accurately quoted, but is only a partial quote.

8.      Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted article constitutes hearsay. The proposed finding is also irrelevant and unduly prejudicial, as the opinions expressed in news articles, periodicals, or other documents regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that the article Plaintiffs cite is accurately quoted, but is only a partial quote.

9.      Denied except as otherwise stated herein.  Defendants admit that a cash balance account balance is the cumulative total of all of the components of the account, including any opening balance, pay and interest credits, and other transition credits.  Defendants further admit that participants' accounts are not individually funded.

10.      Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted document constitutes hearsay.  The proposed finding is also irrelevant and unduly prejudicial, as there is no evidence that this document was ever provided to CIGNA and, even if it had been, advice CIGNA received when it was considering a cash balance conversion has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

3

CIGNA's intent is not material to that analysis.  Notwithstanding the foregoing, Defendants admit that the portion of this finding of fact that constitutes a quote accurately quotes the cited document, but is only a partial quote.

11.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted article constitutes hearsay.  The proposed finding is also irrelevant and unduly prejudicial, as the opinions expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Furthermore, Defendants deny that Plaintiffs have accurately represented the content of this document or that it bears any relationship to the CIGNA Pension Plan.

12.    Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted report constitutes hearsay.  The proposed finding is also irrelevant and unduly prejudicial, as the opinions expressed in the report, news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that the report Plaintiffs cite is accurately quoted, but is only a partial quote.  Defendants further deny that this document bears any relationship to the CIGNA Pension Plan and that the methodology used by the GAO was reasonable or consistent with sound analysis.

13.    Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted presentation constitutes hearsay.  The proposed finding is also

irrelevant and unduly prejudicial, as the opinions expressed in the presentation has no bearing on

the CIGNA Pension Plan, let alone whether CIGNA's cash balance plan violates ERISA,

whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or

whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing,

Defendants admit that the presentation Plaintiffs cite is accurately quoted, though it is only a

partial quote, taken out of context.

14.    Defendants deny the proposed finding except that Defendants admit that the

proposed finding partially describes some limited terms of the CIGNA Pension Plan before 1998,

and does not completely describe how the plan worked in its entirety and how benefits were

calculated.  Defendants admit that New Formula participants were subject to the  1.67% formula

and that other participants were subject to a 2% formula.

15.    Defendants deny the proposed finding except that Defendants admit that the

proposed finding partially describes some limited terms of the CIGNA Pension Plan before 1998,

and does not completely describe how the plan worked in its entirety and how benefits were

calculated.  Defendants admit that New Formula participants fell under the 1.67% formula

16.    Defendants admit that the proposed finding of fact generally describes some terms

of the CIGNA Pension Plan before 1998 and does not completely describe how the plan worked

in its entirety and how benefits were calculated.  Defendants deny that all Tier 1 participants

were entitled to the Preserved Spouse's Benefit.

17.    Admitted.

18.    Denied except as otherwise stated herein.  Defendants admit that effective in

1998, CIGNA amended the CIGNA Pension Plan to a cash balance formula ("Part B") for many

employees. Older and longer service employees, however, and former employees, remained in the traditional defined benefit plan ("Part A").

19.     Denied except as otherwise stated herein. Defendants admit that employees under the Tier 1 formula with 45 or more age and service points were grandfathered and remained subject to CIGNA's traditional defined benefit formula. Defendants admit that other employees became subject to the cash balance formula. Participants who were not employees (e.g., former employees) were not subject to the cash balance formula unless and until they were rehired.

20.     Defendants admit that the proposed finding of fact partially quotes from the Part B plan document accurately.

21.     Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically the cited report is irrelevant and unduly prejudicial, as the financial and funding status of the Plan has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants deny the proposed finding, as the report Plaintiffs cite aggregates all of "CIGNA's domestic and international pension obligations," and is not limited to the CIGNA Pension Plan at issue in this case.

22.     Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted document constitutes hearsay. The proposed finding is also irrelevant and unduly prejudicial, as the advice CIGNA received when it was considering a cash balance conversion has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. CIGNA's intent is not material to that

analysis.  Notwithstanding the foregoing, Defendants admit that the memo cited by Plaintiffs is quoted accurately, although only in part.

23.    Admitted.

24.    Denied except as otherwise stated herein.  Defendants admit that the initial retirement accounts established for younger and/or shorter service employees did not include the value of early retirement subsidies.  The initial retirement accounts for older and/or longer service employees, i.e., those with 55 or more combined age and service points, however, did include some or all of the subsidized early retirement benefits to which the employee was entitled under the prior plan.  Further, the subsidized early retirement benefits were protected by Section 7.3 of the Part B plan document.

25.    Denied except as otherwise stated herein.  Defendants admit that of the factors in the calculation of initial retirement accounts was the Applicable Mortality Table, in accordance with the terms of Part B, Section 1.28.

26.    Defendants admit that Plaintiffs have accurately set forth the pay credit schedule under Part B; however, Defendants object to Plaintiffs' characterization of such schedule as a "second generation" pay credit schedule, as such a characterization is based on evidence which Defendants would seek to exclude as inadmissible hearsay (see No. 8, supra).

27.    Admitted, except that Part B also has a maximum rate of 9%.

28.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as the issue of whether the cash balance conversion resulted in cost savings to CIGNA has no bearing on whether its cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA violated Section 204(g).  Notwithstanding the foregoing,

Defendants admit that the memorandum Plaintiffs cite is accurately quoted, but is only a partial quote. The cited memorandum, however, does not demonstrate or evidence that CIGNA expected to earn more on the plan's investments than the interest crediting rate.

29. Denied except as otherwise stated herein. Defendants admit that Section 1.1 generally defines the accrued benefit in terms of the account balance, subject to the terms of Section 1.1. Defendants deny the remaining statements or opinions in the finding of fact.

30. Denied.

31. Denied except as otherwise stated herein. Defendants deny the proposed finding because it is based on evidence that is irrelevant and unduly prejudicial. Specifically, whether or not CIGNA expected or realized cost savings in connection with the conversion to its cash balance formula has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately, but partially, quoted the cited documents. By way of further response, the documents do not indicate the specific pay credit and interest credit formula that was being considered at the time and that was the subject of the memos, nor does it address whether CIGNA expected current participants to suffer reductions in their future benefit accruals.

32. Defendants admit that the finding of fact accurately quotes from part of Judge Squatrito's Order describing what Plaintiffs allege.

33. Defendants admit that the finding of fact accurately quotes from part of Judge Squatrito's Order describing what Plaintiffs allege.

34.     Denied except as otherwise stated herein.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report.  Defendants deny that any participants lost any part of their previously earned benefits.  (Pls' Ex. 1, Part B, Sections 1.1, 1.32, 7.3).

35.     Denied except as otherwise stated herein.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report.  Furthermore, Defendants deny the accuracy and legal sufficiency of the conclusion drawn by Plaintiffs from such report.  Defendants deny that any participants lost any part of their previously earned benefits.  (Pls' Ex. 1, Part B, Sections 1.1, 1.32, 7.3).

36.     Denied except as otherwise stated herein.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report.  Defendants deny that any participants lost any part of their previously earned benefits.  (Pls' Ex. 1, Part B, Sections 1.1, 1.32, 7.3).

37.     Denied except as otherwise stated herein.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report.  Defendants deny that any participants lost any part of their previously earned benefits.  (Pls' Ex. 1, Part B, Sections 1.1, 1.32, 7.3).

38.     Denied except as otherwise stated herein.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal

sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report. Defendants deny that any participants lost any part of their previously earned benefits. (Pls' Ex. 1, Part B, Sections 1.1, 1.32, 7.3).

39.     Denied. This proposed finding of fact is misleading and compares apples and oranges. Furthermore, the evidence cited does not support the factual assertions made in the finding of fact. Moreover, Plaintiff Amara currently is receiving benefits in accordance with the Part A formula, not Part B's cash balance formula.

40.     Denied except as otherwise stated herein. Defendants admit that Amara earned a subsidized early retirement benefit with social security supplement under the Tier 1 formula starting at age 55, to be reduced pursuant to the Social Security offset once Amara reached age 65. Defendants deny that Amara earned a level benefit of $1,833.65 per month starting at age 55 under the prior plan.

41.     Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report. Defendants deny that any participants lost any part of their previously earned benefits. (Pls' Ex. 1, Part B, Sections 1.1, 1.32, 7.3). By way of further response, regardless of her account balance, Amara always was entitled to a benefit under Part B at least as valuable as her age-55 subsidized early retirement benefit under Part A. (Pls' Ex. 1, Part B, Section 7.3).

42.     Denied except as otherwise stated herein. Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report. Defendants deny that any participants lost any part of their previously

earned benefits. (Pls' Ex. 1, Part B, Sections 1.1, 1.32, 7.3). Further, this finding of fact is denied. Amara continued to accrue benefits to her age-65 normal retirement benefit and to her benefits if she elected to receive them in a lump sum.

43. Denied except as otherwise stated herein. Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report. Defendants deny that any participants lost any part of their previously earned benefits. (Pls' Ex. 1, Part B, Sections 1.1, 1.32, 7.3). Further, this finding of fact is denied. Amara continued to accrue benefits to her age-65 normal retirement benefit and to her benefits if she elected to receive them in a lump sum.

44. Denied except as otherwise stated herein. Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted witness statement constitutes hearsay, as Defendants never agreed in advance that the direct testimony of witnesses could be submitted in statement form. Notwithstanding the foregoing, Defendants admit that the witness statement Plaintiffs cite in the proposed finding is accurately quoted. Moreover, this finding of fact is denied.

45. Denied except as otherwise stated herein. Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report. Defendants deny that any participants lost any part of their previously earned benefits. (Pls' Ex. 1, Part B, Sections 1.1, 1.32, 7.3). Further, this finding of fact is denied. Broderick continued to accrue benefits to her age-65 normal retirement benefit and to her benefits if she elected to receive them in a lump sum.

46.    Denied except as otherwise stated herein.  Plaintiffs are purporting to compare Broderick's subsidized early retirement benefit (with social security supplement) to her account balance that was based on her age-65 normal retirement benefit under the prior formula.  This is misleading.

47.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted witness statement constitutes hearsay, as Defendants never agreed in advance that the direct testimony of witnesses could be submitted in statement form.  Notwithstanding the foregoing, Defendants admit that the witness statement Plaintiffs cite in the proposed finding is accurately quoted, but deny that the facts stated are correct.  Broderick continued to accrue benefits to her age-65 normal retirement benefit and to her benefits if she elected to receive them in a lump sum.

48.    Denied.  The documents cited do not confirm the factual statements claimed.

49.    Denied except as otherwise stated herein. Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report.  Further, this finding of fact is denied.  Participants frequently continued to accrue benefits to their age-65 normal retirement benefit and to their benefits in the form of a lump sum.

50.    Denied except as otherwise stated herein.  Defendants do not maintain the information requested.  Defendants admit that Prudential Retirement is the record-keeper for the CIGNA Pension Plan but likewise does not maintain electronic data showing how many participants were subject to the minimum benefit provisions of Part B in any given year.

51.    Denied except as otherwise stated herein. Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report.  Further, this finding of fact is denied.  Participants frequently continued to accrue benefits to their age-65 normal retirement benefit and to their benefits in the form of a lump sum.  There are no "lost accruals."

52.    Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted witness statement constitutes hearsay, as Defendants never agreed in advance that the direct testimony of witnesses could be submitted in statement form. Notwithstanding the foregoing, Defendants admit that the witness statement Plaintiffs cite in the proposed finding is accurately quoted.  By way of further response, Ms. Glanz was told on an annual basis that her account balance was growing every year with pay credits and interest.

53.    Denied except as otherwise stated herein. Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report.  Defendants admit that certain older, longer service participants (i.e., those with 55 or more combined age and service points) had their prior benefits converted to an Initial Retirement Account using a more favorable 5.05% interest rate.

54.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted report and survey constitute hearsay.  The proposed finding is also irrelevant and unduly prejudicial, as the opinions expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section

13

204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Nevertheless, Defendants admit that where the benefits under the prior plan formula and a new cash balance formula are maintained as two separate benefits, there is no wear-away and participants generally cannot elect to receive their prior benefits in the form of a lump sum (unless the prior plan also offered lump sum benefits).

55.    Denied except as otherwise stated herein. Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted survey constitutes hearsay. The proposed finding is also irrelevant and unduly prejudicial, as the opinions expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that the survey Plaintiffs cite is accurately quoted, but is only a partial quote.

56.    Defendants admit that rehires after 2000 did not have their previously earned benefits converted into an opening account balance. Instead, these rehired employees earned benefits under the cash balance formula starting with an account balance of zero, but they retained the rights to their previously earned benefits under the prior plan formula.

57.    Denied. The communications accurately described how opening account balances were created and how benefits were earned.

58.    Denied. By way of further response, the proposed finding is irrelevant as it has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA violated Section 204(g).

59.     Defendants admit that its cash balance formula complies with ERISA's 133 ⅓ % accrual rule.

60.     Denied except as otherwise stated herein.  Defendants admit only that Plaintiffs have accurately represented the financial numbers contained in the cited exhibits.  Defendants deny the accuracy and legal sufficiency of conclusions drawn by Plaintiffs based on such data.  The benefit credits and interest credits are not conditional.  By way of further response, the proposed finding is irrelevant as it has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA violated Section 204(g).  Plaintiffs are trying to compare benefits in a manner that is irrelevant under ERISA's statutory provisions.

61.     Denied except as otherwise stated herein.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report.  This finding of fact also is irrelevant, as it purports to consider previously earned benefits under a prior formula.  ERISA's 133 ⅓ % accrual rule requires that these previously earned benefits be ignored when testing for compliance with this rule.

62.     Denied except as otherwise stated herein.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report.  This finding of fact also is irrelevant, as it purports to consider previously earned benefits under a prior formula.  ERISA's 133 ⅓ % accrual rule requires that these previously earned benefits be ignored when testing for compliance with this rule.

63.     Denied except as otherwise stated herein.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report.  This finding of fact also is irrelevant, as it purports to consider previously earned benefits under a prior formula.  ERISA's 133 ⅓ % accrual rule requires that these previously earned benefits be ignored when testing for compliance with this rule.

64.     Denied except as otherwise stated herein.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report.  This finding of fact also is irrelevant, as it purports to consider previously earned benefits under a prior formula.  ERISA's 133 ⅓ % accrual rule requires that these previously earned benefits be ignored when testing for compliance with this rule.

65.     Denied.  This finding of fact also is irrelevant, as it does not address a plan amendment that changes a plan from one benefit formula to another benefit formula.

66.     Defendants admit the finding of fact accurately quotes Defendants' interrogatory responses.

67.     Defendants deny the proposed finding because it is irrelevant, misleading and unduly prejudicial, as it reflects nothing more than CIGNA's internal deliberations, presented through an incomplete quote, regarding the existence of the "wear-away" issue.  These deliberations have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA violated Section 204(g).  Notwithstanding the foregoing, Defendants admit that the memorandum Plaintiffs cite is accurately quoted, but is only a partial quote.

16

68.     Defendants deny the proposed finding because it is irrelevant, misleading and unduly prejudicial, as it reflects nothing more than CIGNA's internal deliberations, presented through an incomplete quote, regarding the existence of the "wear-away" issue.  These deliberations have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA violated Section 204(g).  Notwithstanding the foregoing, Defendants admit that the memorandum Plaintiffs cite is accurately quoted, but is only a partial quote.

69.     Defendants deny the proposed finding because it is irrelevant, misleading and based on hearsay.  The notes cited are not authored and do not reflect who said what to whom.  Moreover, these notes have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA violated Section 204(g).

70.     Defendants admit that the letter Plaintiffs cite is accurately quoted, but is only a partial quote.  Moreover, the letter is referring to early retirement benefits, as is made clear from the paragraphs above the one quoted in the finding of fact.

71.     Defendants deny the proposed finding because it is irrelevant, misleading and based on hearsay.  The notes cited are not authored and do not reflect who said what to whom.  Moreover, these notes have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA violated Section 204(g).  Notwithstanding the foregoing, Defendants admit that the notes Plaintiffs quote are accurately quoted, but is only a partial quote.

72.     Admitted.

73.    Denied except as otherwise stated herein.  Defendants admit that Amara's subsidized early retirement benefit exceeded the value of her account balance at age 55. Amara's normal retirement benefit and lump sum benefit, however, continued to earn additional benefits and grow.

74.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and misleading.  These statements have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA violated Section 204(g).  Furthermore, to the extent that Plaintiffs make representations based on that portion of the exhibit containing an article from the *Wall Street Journal*, Defendants deny that portion of the proposed finding as based on inadmissible hearsay.  Furthermore, Defendants deny the proposed finding to the extent it suggests that CIGNA deliberately established opening balances below the real value of employee's previously earned benefits.  To the contrary, opening balances (Initial Retirement Accounts) were based on the value of employee's normal retirement benefits (or subsidized early retirement benefits for older employees) as of the date of the cash balance conversion using interest rates applicable at the time.  Notwithstanding the foregoing, Defendants admit that the finding of fact accurately quotes the cited document.

75.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, misleading and unduly prejudicial, as it reflects nothing more than CIGNA's internal deliberations, presented through an incomplete quote, regarding the existence of "wear-away."  These deliberations have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA violated Section 204(g).    Notwithstanding the foregoing,

Defendants admit that the documents Plaintiffs cite (Pls' Ex. 47 and 49) are accurately quoted but is only a partial quote. Furthermore, Exhibit 47 does not purport to be a final document presented to the board of directors, but rather was a draft sent for comments. Plaintiffs' characterization of the document is misleading and inaccurate.

76.     Denied except as otherwise stated herein. Defendants deny the proposed finding because it is irrelevant, misleading and unduly prejudicial, as it reflects nothing more than CIGNA's deliberations, presented through an incomplete quote. These deliberations have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA violated Section 204(g). Furthermore, the testing for compliance with ERISA's accrual rules was conducted before December 31, 1997, the date referenced in the 30(b)(6) Notice of Deposition. CIGNA received guidance regarding its plan design from Mercer and from its outside counsel.

77.     Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted witness statement constitutes hearsay. Further, Defendants deny the proposed finding because it is irrelevant, misleading and unduly prejudicial, as it reflects nothing more than CIGNA's deliberations, presented through an incomplete quote.

78.     Denied except as otherwise stated herein. Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted memo constitutes hearsay. The proposed finding also is irrelevant and unduly prejudicial, as the discussion and advice contained therein regarding benefit accrual tests have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quote from one

19

portion of the memo, but deny that Plaintiffs' characterization of the memo is accurate.

Plaintiffs are taking a quote from one aspect of the memo that is addressing a particular question

about "social security wage overrides" out of context.  The portion of the memo does not address

any of ERISA's accrual rules.

79.     Denied.  Although Mr. Sher does opine that the 133 ⅓ % accrual rule can be

conducted without reference to the previously earned benefits (as is common practice whenever

a plan amendment causes wearaway), other aspects of his report also address this issue, including

his discussion and analysis of how benefits are earned under Part B.

80.     Denied.  Defendants deny the proposed finding because it is based on

inadmissible evidence.  Specifically, the cited audio tape transcript constitutes hearsay.  The

proposed finding is also irrelevant and unduly prejudicial, as the opinions expressed by

unidentified purported "IRS officials" at a seminar regarding cash balance plans have no bearing

on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section

204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section

204(g) of ERISA.  ERISA's 133 ⅓ % accrual rule requires that "any amendment to the plan

which is in effect for the current year shall be treated as if in effect for all other plan years."  29

U.S.C. § 1054(b)(1)(B).  This has been confirmed by at least two cases.  See Richards v.

FleetBoston Financial Corp., 427 F.Supp.2d 150 (D. Conn. 2006); Register v. PNC Fin. Servs.,

Group, No. 04-6097, 2005 WL 3120268 (E.D. Pa. Nov. 21, 2005).

81.     Denied except as otherwise stated herein.  Defendants admit that early retirement

subsidized benefits are more valuable than normal retirement benefits.  Because opening account

balances are generally based on the value of a participant's normal retirement benefit (except for

certain older employees, whose opening account balance is enhanced to include the value of

some early retirement benefits), wear-away with respect to early retirement benefits is more likely than wear-away with respect to normal retirement benefits. Wear-away with respect to early retirement benefits, however, is irrelevant to ERISA's nonforfeitability rule and ERISA's benefit accrual rule.

82.    Denied except as otherwise stated herein. Defendants admit that participants under Part B are entitled to the greater of their minimum benefit or their account balance. (Pls' Ex. 1, Part B, Sections 1.1(c), 7.3).

83.    Denied. See Response to Finding of Fact No. 82.

84.    Defendants deny the proposed finding because it is irrelevant and unduly prejudicial. Specifically, information contained in CIGNA's communications with its shareholders about what Plaintiffs allege has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that they are aware of the Class' claim against them and filed the Motion to Dismiss cited in the finding of fact.

85.    Denied except as otherwise stated herein. Sher opines that participants under Part B are entitled to the greater of their minimum benefit or their account balance, in accordance with Part B, Sections 1.1(c), 7.3. Furthermore, this is a benefit to participants, not a forfeiture.

86.    Denied except as otherwise stated herein. Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report. Furthermore, Mr. Poulin's analysis did not consider, let alone opine upon, rates of benefit accrual after normal retirement age. Notwithstanding the foregoing,

21

Defendants admit that the excerpt of Mr. Poulin's report Plaintiffs cite is accurately quoted, but is only a partial quote.

87.    Denied except as otherwise stated herein.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report.  In fact, as reflected in the Sher report, when benefit accruals are measured properly under Part B, the rate of benefit accrual increases with age.  Notwithstanding the foregoing, Defendants admit that the excerpt of Mr. Poulin's report Plaintiffs cite is accurately quoted, but is only a partial quote.

88.    Denied except as otherwise stated herein.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report.  In fact, as reflected in the Sher report, when benefit accruals are measured properly under Part B, the rate of benefit accrual increases with age.  Notwithstanding the foregoing, Defendants admit that the excerpt of Mr. Poulin's report Plaintiffs cite is accurately quoted, but is only a partial quote.

89.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted article constitutes hearsay. The proposed finding is also irrelevant and unduly prejudicial, as the opinions expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that the article Plaintiffs cite is accurately

quoted, but is only a partial quote.  Moreover, as reflected in the Sher report, when benefit accruals are measured properly under Part B, the rate of benefit accrual increases with age.

90.    Denied except as otherwise stated herein.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report.  In fact, as reflected in the Sher report, when benefit accruals are measured properly under Part B, the rate of benefit accrual increases with age.  Notwithstanding the foregoing, Defendants admit that the excerpt of Mr. Poulin's report Plaintiffs cite is accurately quoted, but is only a partial quote.

91.    Denied except as otherwise stated herein.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report.  In fact, as reflected in the Sher report, when benefit accruals are measured properly under Part B, the rate of benefit accrual increases with age.  Notwithstanding the foregoing, Defendants admit that the excerpt of Mr. Poulin's report Plaintiffs cite is accurately quoted, but is only a partial quote.

92.    Denied except as otherwise stated herein.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report.  In fact, as reflected in the Sher report, when benefit accruals are measured properly under Part B, the rate of benefit accrual increases with age.  Notwithstanding the foregoing, Defendants admit that the excerpt of Mr. Poulin's report Plaintiffs cite is accurately quoted, but is only a partial quote.

93.    Denied except as otherwise stated herein.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology, as documented in Defendants' expert report.  Notwithstanding the foregoing, Defendants admit that the excerpt of Mr. Poulin's report Plaintiffs cite is accurately quoted, but is only a partial quote  Defendants also admit that early retirement eligibility is a function of age.  However, the wear-away period for employees who are 65 will be less than the wearaway period for employees who are younger than 65.

94.    Denied.  No employees lost benefits under the conversion to the cash balance formula.  Rather, all previously earned benefits were protected and, the day after the conversion, any employee still had all of the same benefit options and benefit amounts available to him as were available the day before the conversion, plus the option to receive their benefits as a lump sum.  (Pls' Ex. 1, Part B. Sections 1.1(c), 1.28, 1.32, 7.2(a)(1), 7.3).  Moreover, older, longer service employees were grandfathered under the prior formula and were not placed into the cash balance plan.  Of the employees who were transferred to the cash balance formula, the older, longer service employees were transferred at more favorable terms than younger employees.  (Pls' Ex. 1, Part B, Section 1.28(a)).  In addition, some of the documents cited are hearsay and others do not make clear that they refer to the final plan design adopted by CIGNA, as opposed to early proposed plan designs.  The proposed finding is also irrelevant and unduly prejudicial, as the opinions expressed in news articles or internal discussions have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of

ERISA.  Notwithstanding the foregoing, Defendants admit that the exhibits Plaintiffs cite are accurately quoted, but are only partial quotes, taken out of context.

95.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as the information and advice CIGNA used in considering a cash balance conversion has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  CIGNA's intent is not material to that analysis.  Notwithstanding the foregoing, Defendants admit that the document Plaintiffs cite is accurately quoted, but is only a partial quote.  Defendants deny that the testing method used is the appropriate one for testing for age discrimination in a cash balance plan.  To the contrary, the testing conducted and referenced in the document was non-discrimination testing in favor of highly compensated employees pursuant requirements of the Internal Revenue Code different from those regarding age discrimination, and the methodology used to conduct such testing is different from the methodology used to test for age discrimination in a cash balance plan.  Indeed, there is a particular regulation cited in the memo – Treas. Reg. 1.401(a)(4)-5 – that addresses the specific requirements of such testing.  It provides in part "This paragraph (a) provides rules for determining whether the timing of a plan amendment or series of amendments has the effect of discriminating significantly in favor of HCEs [Highly Compensated Employees] or former HCEs."  There is no similar regulation for testing for age discrimination and the methods for testing are different.  Lastly, this document does not address the final plan design adopted in Part B, but rather considers alternative plan designs that were not adopted.

96.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as the information and advice CIGNA used in considering a cash balance conversion has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  CIGNA's intent is not material to that analysis.  Furthermore, the spreadsheet was prepared (as indicated) to test and demonstrate that Part B satisfies ERISA's 133 ⅓ % accrual rule.  As explained in Defendants' Trial Brief, ERISA's 133 ⅓ % accrual rule explicitly requires testing of the accrued benefit payable at normal retirement age.  29 U.S.C. § 1054(b)(1)(B).  ERISA's age discrimination provision does not contain the same language and does not require testing under the same methodology, so this document is irrelevant.  As explained in the Sher report, when one measures the rate of benefit accrual the way it should be measured, Part B is age favored.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately represented the contents of the offered exhibit.  Furthermore, Defendants deny that portion of the proposed finding based on inadmissible hearsay in the form of Ex. 9 (Caalim Decl.).

97.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the cited declaration constitutes hearsay.  Moreover, the finding is denied for the reasons stated in response to Plaintiffs' proposed finding 96.

98.     Denied except as otherwise stated herein.  The proposed finding is irrelevant and unduly prejudicial, as the opinions expressed on Defendant's website about whether older participants may or may not experience a reduction in the future rate at which they earn benefit compared to whatever prior plan formula was in place for that employer has no bearing on

whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that the exhibits Plaintiffs cite are accurately quoted, but are only partial quotes.  By way of further response, whether any participant (older or younger) experienced a reduction in the amount of future benefits to be earned as a result of a plan amendment depends on the terms of the particular plan before and after the amendment.  The website Plaintiffs quote in their finding of fact also states that "In order to protect the retirement security of all employees, some grandfathering of benefits is usually needed."  In this case, CIGNA not only grandfathered its older, longer service participants, but also provided enhanced benefits to older non-grandfathered participants.

99.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as the opinions expressed in internal memoranda regarding general challenges to cash balance plans and whether or not CIGNA's cash balance plan is susceptible to such challenges has no bearing on whether CIGNA's cash balance plan violates ERISA's age discrimination provision.  CIGNA's intent is not material to that analysis.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately represented the contents of the offered exhibit.   This is a draft document submitted for comments and proposed changes.  There is no evidence that this document was ever actually presented to the Board of Directors or discussed with the Board of Directors.

100.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as the opinions expressed in internal memoranda regarding general challenges to cash balance plans and whether or not CIGNA's cash balance plan is susceptible to such challenges has no bearing on whether CIGNA's cash balance plan

violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. CIGNA's intent is not material to that analysis. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately represented the contents of the offered exhibit. This is a draft document submitted for comments and proposed changes. There is no evidence that this document was ever actually presented to the Board of Directors or discussed with the Board of Directors.

101. Denied. Plaintiffs have no evidence to support this finding and their citation to Defendants' privilege logs is misleading and inaccurate. Moreover, Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as whether or not CIGNA sought legal advice regarding whether cash balance plans are age discriminatory is irrelevant to whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

102. Denied except as otherwise stated herein. Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted witness statement constitutes hearsay, as Defendants never agreed in advance that the direct testimony of witnesses could be submitted through deposition. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately described the contents of the testimony sections cited in this finding of fact.

103. Denied. The testimony cited does not support the proposition suggested in the finding of fact.

104. Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted document constitutes hearsay. The proposed finding is also

irrelevant and unduly prejudicial.  There is no evidence that it ever was provided to CIGNA.

Moreover, the advice CIGNA received when it was considering a cash balance conversion has

no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and

Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated

Section 204(g) of ERISA.  CIGNA's intent is not material to that analysis.  Notwithstanding the

foregoing, Defendants admit that the document Plaintiffs cite is accurately quoted, but is only a

partial quote.

105.    Defendants deny the proposed finding because it is based on inadmissible

evidence.  Specifically, the quoted document constitutes hearsay.  The proposed finding is also

irrelevant and unduly prejudicial, as the advice CIGNA received when it was considering a cash

balance conversion has no bearing on whether CIGNA'S cash balance plan violates ERISA,

whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or

whether CIGNA has violated Section 204(g) of ERISA.  CIGNA's intent is not material to that

analysis.  Notwithstanding the foregoing, Defendants admit the accuracy of the quotation used

by Plaintiffs, but deny the accuracy of Plaintiffs interpretation of such quotation as it is taken out

of context.  As explained previously, when the rates of benefit accrual are measured correctly,

Part B is age favored.

106.    Denied.  Mr. Sher's analysis and opinions are not legal arguments.

107.    Admitted.

108.    Defendants deny the accuracy of Plaintiffs' characterization of the contents of the

deposition testimony cited therein and of the exhibit referenced therein.

109.    Defendants deny the accuracy of Plaintiffs' characterization of the contents of the

deposition testimony cited therein.

110.     Defendants admit that Plaintiffs characterization of the contents of Mr. Sher's report is accurate.

111.     Admitted.

112.     Admitted.

113.     Denied.

114.     Denied except as otherwise stated herein.  Defendants admit that the prior plan formulas provide their highest benefit growth as employees become closer to retirement age. Plaintiffs' expert, however, disagrees with this analysis.  Defendants deny the remaining portion of the finding of fact, as the cited document explains why older employees would be grandfathered into the traditional plan, so they can continue to earn their benefits under that plan.

115.     Denied.  As explained previously, the growth in retirement benefits under Part B is age and service favored, so an older employee's benefit will grow more quickly than the benefit of a similarly situated younger employee.

116.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on evidence that is irrelevant and unduly prejudicial as an internal memorandum on proposed changes to the "old plan" has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Furthermore, Defendants deny that Plaintiffs quotation from said document, while technically accurate, in any way supports the fact put forth by Plaintiffs in this finding of fact.

117.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted article constitutes hearsay and the quotations within the article constitute hearsay within hearsay.  The proposed finding is

30

also irrelevant and unduly prejudicial, as the opinions expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that the article Plaintiffs cite is accurately quoted.

118.    Denied except as otherwise stated herein. Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted articles constitute hearsay. The proposed finding is also irrelevant and unduly prejudicial, as the opinions expressed in news articles or periodicals regarding other cash balance plans and disclosures associated with those disclosures have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that the article Plaintiffs cite is accurately quoted, but is taken out of context.

119.    Denied except as otherwise stated herein. Defendants deny the proposed finding because it is based on evidence that is irrelevant and unduly prejudicial, as the generic opinions expressed have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that the article Plaintiffs cite is accurately quoted.

120.    Defendants admit that Plaintiffs have accurately quoted the cited memorandum, although the 45% reduction is comparing an early retirement subsidized benefit (under Part A) with the cash balance formula which does not contain any subsidized early retirement benefits beyond those protected as part of the minimum benefit.

121.    Defendants admit that Mr. Depenbrock's age-55 early retirement benefits increased substantially when he was returned into Part A and became entitled to a subsidized early retirement benefit under Part A.

122.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial.  Plaintiffs' argument regarding CIGNA's compliance with the district court's order in Depenbrock rests on an incorrect reading of that order, which directed only that one individual -- John Depenbrock -- have his benefit recalculated under Part A.  The court in Depenbrock did not require the Plan Administrator to recalculate benefits for anyone besides Mr. Depenbrock.  Nonetheless, since the issuance of that order, the Plan Administrator has been working to ensure that he administers the CIGNA Pension Plan in a manner that is consistent with the Depenbrock decision.  Defendants admit that Amara's age-55 early retirement benefit increased as set forth in the finding of fact when her early retirement subsidized benefit was calculated under Part A.

123.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is partially based on inadmissible evidence.  Specifically, the cited emails constitute hearsay.  The proposed finding is also irrelevant and unduly prejudicial.  Plaintiffs' argument regarding CIGNA's compliance with the district court's order in Depenbrock rests on an incorrect reading of that order, which directed only that one individual -- John Depenbrock -- have his benefit recalculated.  The court in Depenbrock did not require the Plan Administrator to recalculate benefits for anyone besides Mr. Depenbrock.  Nonetheless, since the issuance of that order, the Plan Administrator has been working to ensure that he administers the CIGNA Pension Plan in a manner that is consistent with the Depenbrock decision.

124.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial.  Plaintiffs' argument regarding CIGNA's compliance with the district court's order in <u>Depenbrock</u> rests on an incorrect reading of that order, which directed only that one individual -- John Depenbrock -- have his benefit recalculated.  The court in <u>Depenbrock</u> did not require the Plan Administrator to recalculate benefits for anyone besides Mr. Depenbrock.  Nonetheless, since the issuance of that order, the Plan Administrator has been working to ensure that he administers the CIGNA Pension Plan in a manner that is consistent with the <u>Depenbrock</u> decision.

125.    Denied except as otherwise stated herein.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology.

126.    Denied except as otherwise stated herein.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Poulin used proper methodology.  The proposed finding also is irrelevant, as it has no relationship to CIGNA's Part B pension plan.

127.    Denied except as otherwise stated herein.  Defendants deny the proposed finding to the extent that it is misleading and does not accurately reflect Mr. Sher's full analysis and conclusions as set forth in Defendant's expert report.  Notwithstanding the foregoing, Defendants deny that the deposition excerpt Plaintiffs cite is accurately quoted.  Defendants further deny that the section of the report cited by Plaintiffs supports the factual contention put forth in this finding of fact.

128.    Denied except as otherwise stated herein.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal

sufficiency of his conclusions and deny that Poulin used proper methodology. These findings

also are irrelevant to any of the claims alleged, as the measurements and features referred to have

no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and

Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated

Section 204(g) of ERISA.

129.    Denied except as otherwise stated herein. Defendants admit that Mr. Sher agreed

that for some participants (those with less than 55 combined age and service points) who were

not grandfathered, early retirement subsidized benefits were not included in the opening account

balance. Defendants admit that Mr. Sher concluded that mortality was assumed in the

calculation of opening account balances, in accordance with the terms of the Plan, and that future

interest rate fluctuations can affect the relative value of a lump sum versus an annuity benefit.

The remaining findings and conclusions in this finding of fact are denied.

130.    Defendants deny the proposed finding because it is based on inadmissible

evidence. Specifically, the quoted document constitutes hearsay. The proposed finding is also

irrelevant and unduly prejudicial, as information CIGNA received in 1994 about cash balance

plans generally has no bearing on whether CIGNA's cash balance plan violates ERISA, whether

CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether

CIGNA has violated Section 204(g) of ERISA. CIGNA's intent is not material to that analysis.

Notwithstanding the foregoing, Defendants admit that the document Plaintiffs cite is accurately

quoted in part.

131.    Denied except as otherwise stated herein. Defendants deny the proposed finding

because it is irrelevant and unduly prejudicial, as internal memoranda CIGNA utilized when it

was considering a cash balance conversion have no bearing on whether CIGNA's cash balance

plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. CIGNA's intent is not material to that analysis. Notwithstanding the foregoing, Defendants admit that the document Plaintiffs cite is accurately quoted.

132.    Defendants deny the proposed finding because it is irrelevant and unduly prejudicial. Notwithstanding the foregoing, Defendants admit that certain Tier 1 participants were included in the conversion to Part B.

133.    Denied.

134.    Denied except as otherwise stated herein. Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as internal memoranda have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. CIGNA's intent is not material to that analysis. Notwithstanding the foregoing, Defendants admit that the documents Plaintiffs cite are accurately quoted.

135.    Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as internal memoranda CIGNA utilized have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. CIGNA's intent is not material to that analysis. Notwithstanding the foregoing, Defendants admit that the document Plaintiffs cite is accurately quoted. By way of further response, the memo in question addresses certain testing requirements and obligations with respect to non-discrimination in favor of highly compensated employees and does not address any of the issues involved in this case.

136.    Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as internal memoranda CIGNA utilized to compare one particular hypothetical employee's benefits under its cash balance plan to its traditional defined benefits plan have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  CIGNA's intent is not material to that analysis.  Notwithstanding the foregoing, Defendants admit Plaintiffs accurately represent the data contained within those memoranda as applied to the hypothetical employee described therein.

137.    Denied.

138.    Denied.  Defendants deny the proposed finding to the extent that it is based on inadmissible evidence.  Specifically, the cited letter and report constitute hearsay.   The proposed finding is also irrelevant and unduly prejudicial, as it has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Moreover, the proposed finding is denied.

139.    Denied.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as internal memoranda CIGNA utilized when it was considering a restructuring of its traditional defined benefits plan have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  CIGNA's intent is not material to that analysis.  Notwithstanding the foregoing, Defendants deny that the document Plaintiffs rely upon is accurately cited for the propositions advanced.

140.    Denied.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions. The cited report does not contain any methodology, identify the assumptions or provide analysis supporting his conclusions.

141.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as internal memoranda CIGNA utilized have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  CIGNA's intent is not material to that analysis.  Notwithstanding the foregoing, Defendants admit that the email and charts reflect what is described in the email.

142.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as internal memoranda CIGNA utilized when it was considering a cash balance plan have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  CIGNA's intent is not material to that analysis.  Notwithstanding the foregoing, Defendants deny Plaintiffs' finding of fact.

143.    Defendants admit that the SIP variable contribution rates from 1998 - 2005 are set forth in Exhibit 83, but deny the rest of the finding of fact.

144.    Admitted

145.    Admitted.

146.    Denied.

147.     Denied except as otherwise stated herein.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions.  This finding also is irrelevant.

148.     Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as the document has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.   Notwithstanding the foregoing, Defendants admit that the Plaintiffs accurately describe the content of the cited exhibit.

149.     Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted document constitutes hearsay.  The proposed finding is also irrelevant and unduly prejudicial, as the advice CIGNA received when it was considering a cash balance conversion has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  CIGNA's intent is not material to that analysis.  Notwithstanding the foregoing, Defendants admit that the document Plaintiffs cite is accurately quoted, but is only a partial quote.

150.     Defendants admit the cited Newsletter and Information Kit do not contain a comparison graph.

151.     Denied except as otherwise stated herein.  Defendants admit that Part B does not contain early retirement subsidized benefits except with respect to the protected minimum benefit.

152.    Denied except as otherwise stated herein.  Defendants admit that opening account balances do not include the value of subsidized early retirement benefits or social security supplements, except for employees with 55 age and service points, for whom some or all early retirement subsidized benefits were included in the opening account balance.

153.    Denied except as otherwise stated herein.  Defendants admit that opening account balances were based on the interest rate set forth in Section 1.28 of Part B and the Applicable Mortality Table.

154.    Denied except as otherwise stated herein.  Defendants admit that opening account balances were based on the interest rate set forth in Section 1.28 of Part B and the Applicable Mortality Table.

155.    Denied except as otherwise stated herein.  The cited exhibit is a letter sent to participants who would be grandfathered and not affected by Part B and the letter describes why such employees are being grandfathered.

156.    Admitted.

157.    Denied except as otherwise stated herein.  Defendants admit that the Newsletter satisfies the requirements of ERISA Section 204(h).  The newsletter is a written document whose terms speak for themselves.

158.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the newsletter is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the newsletter regarding changes to both the Pension Plan and CIGNA's 401(k) Plan.

159.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the newsletter is a written document whose terms speak for themselves.

Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the newsletter regarding changes to both the Pension Plan and CIGNA's 401(k) Plan.

160.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the newsletter is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the newsletter regarding changes to both the Pension Plan and CIGNA's 401(k) Plan.

161.    Denied except as otherwise stated herein.  Defendants admit that the Retirement Information Kit satisfies the requirements for a Summary of Material Modifications.  The Retirement Information Kit is a written document whose terms speak for themselves.

162.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the Retirement Information Kit is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the Retirement Information Kits regarding changes to both the Pension Plan and CIGNA's 401(k) Plan.

163.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the Retirement Information Kit is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the Retirement Information Kits regarding changes to both the Pension Plan and CIGNA's 401(k) Plan.

164.    Denied.  Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions.

165.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the Retirement Information Kit is a written document whose terms speak for

themselves. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the Retirement Information Kits regarding changes to both the Pension Plan and CIGNA's 401(k) Plan.  The Retirement Information Kit also explains that opening account balances do not include the full value of subsidized early retirement benefits.

166.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the Retirement Information Kit is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the Retirement Information Kits regarding changes to both the Pension Plan and CIGNA's 401(k) Plan.

167.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the Retirement Information Kit is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the Retirement Information Kits regarding changes to both the Pension Plan and CIGNA's 401(k) Plan.

168.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document regarding changes to both the Pension Plan and CIGNA's 401(k) Plan.

169.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately

quoted select portions of the document regarding changes to both the Pension Plan and CIGNA's 401(k) Plan.

170.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document.

171.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document.

172.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document.

173.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document.

174.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document.

175.    Denied.  Plaintiffs' proposed finding of fact is misleading and inaccurate.

176.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document.  By way of further response, the SPDs disclose the minimum benefit rule and its consequences – the same issues addressed by the wear-away about which Plaintiffs complain.

177.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document.

178.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that the 1999 SPD is similar in substance to the 1998 SPD.

179.    Admitted.

180.    Denied except as otherwise stated herein.  Defendants deny that Professor Stratman is an expert on the "understandability" of written communications and deny that he is an expert as to whether particular communications satisfy applicable legal requirements. Defendants admit the remaining statements in the finding of fact.

181.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, as described more fully in Defendants' Motion in Limine, this Court should exclude Mr. Stratman's report and trial

testimony.  Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements quoted in the finding of fact, but deny that these statements are correct.

182.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, as described more fully in Defendants' Motion in Limine, this Court should exclude Mr. Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements quoted in the finding of fact, but deny that these statements are correct.

183.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, as described more fully in Defendants' Motion in Limine, this Court should exclude Mr. Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements quoted in the finding of fact, but deny that these statements are correct.

184.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, as described more fully in Defendants' Motion in Limine, this Court should exclude Mr. Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements quoted in the finding of fact, but deny that these statements are correct.

185.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, as described more fully in Defendants' Motion in Limine, this Court should exclude Mr. Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements quoted in the finding of fact, but deny that these statements are correct.

186.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, as described more fully in Defendants' Motion in Limine, this Court should exclude Mr. Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements quoted in the finding of fact, but deny that these statements are correct.

187.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, as described more fully in Defendants' Motion in Limine, this Court should exclude Mr. Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements quoted in the finding of fact, but deny that these statements are correct.

188.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, as described more fully in Defendants' Motion in Limine, this Court should exclude Mr. Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements quoted in the finding of fact, but deny that these statements are correct.

189.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, as described more fully in Defendants' Motion in Limine, this Court should exclude Mr. Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements quoted in the finding of fact, but deny that these statements are correct.

190.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, as described more fully in Defendants' Motion in Limine, this Court should exclude Mr. Stratman's report and trial

testimony. Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements quoted in the finding of fact, but deny that these statements are correct.

191.    Defendants admit that they have not identified any purported expert to read the Newsletter, Retirement Information kits, and SPDs and opine on their "understandability" or compliance with ERISA's statutory disclosure requirements; whether these documents satisfy the applicable statutory requirements is a conclusion of law.

192.    Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted article constitutes hearsay. The proposed finding also is irrelevant and unduly prejudicial, as the articles do not address any of the communications at issue in this case. Opinions expressed in news articles or periodicals regarding cash balance plans generally have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that the articles Plaintiffs cite are accurately quoted in part; however, such quotes were removed from context so as to obfuscate their intended meaning.

193.    Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted article constitutes hearsay. The proposed finding is also irrelevant and unduly prejudicial, as the opinions expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that the article Plaintiffs cite is accurately quoted, but is only a partial quote.

194.    Defendants deny the proposed finding because it is based on inadmissible evidence.  The proposed finding is also irrelevant and unduly prejudicial as the nature of Mr. Sher's retention as a Defense expert has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that testimony Plaintiffs cite in the proposed finding is accurately quoted.

195.    Denied except as otherwise stated herein.  Defendants admit that Mr. Arko was produced as a 30(b)(6) witness on the specific topics indicated in the Notice of Deposition.  The 30(b)(6) notice of deposition requested testimony regarding compliance with Section 204(h) after December 31, 1997.  (Pls' Ex. 21, ¶ 2).  The Newsletter and Retirement Information Kits were all prepared and distributed before that date.

196.    Denied except as otherwise stated herein.  Defendants admit that Mr. Arko testified that the November 1997 Newsletter was intended to satisfy ERISA Section 204(h) notice obligations because it disclosed the benefit accrual freeze for participants, which was the only reduction in (more accurately, cessation of) future benefit accruals.

197.    Denied except as otherwise stated herein.  Defendants admit that Mr. Arko testified that the November 1997 Newsletter was intended to satisfy ERISA Section 204(h) notice obligations because it disclosed the benefit accrual freeze for participants, which was the only reduction in (more accurately, cessation of) future benefit accruals.

198.    Denied except as otherwise stated herein.  Defendants admit that Mr. Arko testified that the November 1997 Newsletter was intended to satisfy ERISA Section 204(h) notice obligations because it disclosed the benefit accrual freeze for participants, which was the

only reduction in (more accurately, cessation of) future benefit accruals. Further, the proposed finding takes quotations of testimony out of context and is misleading.

199.    Denied except as otherwise stated herein. Defendants admit that Mr. Arko testified that the November 1997 Newsletter was intended to satisfy ERISA Section 204(h) notice obligations because it disclosed the benefit accrual freeze for participants, which was the only reduction in (more accurately, cessation of) future benefit accruals. Further, the proposed finding takes quotations of testimony out of context and is misleading.

200.    Denied except as otherwise stated herein. Defendants admit that Mr. Arko testified that the November 1997 Newsletter was intended to satisfy ERISA Section 204(h) notice obligations because it disclosed the benefit accrual freeze for participants, which was the only reduction in (more accurately, cessation of) future benefit accruals. Further, the proposed finding takes quotations of testimony out of context and is misleading.

201.    Denied except as otherwise stated herein. Defendants admit that Mr. Arko testified that the Retirement Information Kits were not intended to be 204(h) notices, but he did not address whether they would satisfy the requirements of Section 204(h). The rest of the finding of fact is inaccurate and misleading.

202.    Denied except as otherwise stated herein. Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that testimony Plaintiffs cite in the proposed finding is accurately quoted. The rest of the finding of fact is denied.

203.    Denied.

204.    Denied except as otherwise stated herein. Defendants deny the finding of fact on the grounds that the SPD in question is a written document whose terms speak for themselves.

48

Notwithstanding the foregoing, Defendants admit that the SPD describes how benefits are earned under Part B, including benefit credits and interests credits.

205.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the documents in question are written documents whose terms speak for themselves.

206.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, as described more fully in Defendants' Motion in Limine, this Court should exclude Mr. Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements cited in the finding of fact, but deny that these statements are correct.

207.     Defendants admit the statements in the first sentence of the finding of fact, but deny the statements in the second finding of fact.

208.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document.  By way of further response, the November 1997 Newsletter uses similar terminology regarding the benefit freeze.  The Newsletter provides that "Employees participating in the new CIGNA Retirement Plan will stop earning benefits under the current Pension Plan on December 31, 1997."  (Defs' Ex. 516, at 5 [D00611]).

209.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document.

210.    Denied except as otherwise stated herein.  Defendants deny the accuracy of the characterization of Mr. Durham's testimony as cited in Plaintiffs proposed finding of fact. Further, Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

211.    Denied except as otherwise stated herein.  Defendants deny the proposed finding except that Defendants admit that, to the extent that Plaintiffs offered direct quotations from Mr. Sher's report, each such quotation was accurate, although taken out of context so as to obfuscate the intended meaning of such language.

212.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted articles constitute hearsay and the quotations within the article are hearsay within hearsay.  The proposed finding is also irrelevant and unduly prejudicial, as the opinions expressed in news articles has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  There also is no evidence that Mr. Strella was involved in preparing the Newsletter or the Retirement Information Kits.  Notwithstanding the foregoing, Defendants admit that the article Plaintiffs cite is accurately quoted, but is only a partial quote.

213.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  By way of further response, the Newsletter describes in general terms the cash balance plan and also describes the benefit freeze that resulted in a reduction in / cessation of future benefit accruals for affected participants.

214.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

215.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

216.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants admit that the benefit freeze is disclosed in the Newsletter. By way of further response, the November 1997 Newsletter provides that "Employees participating in the new CIGNA Retirement Plan will stop earning benefits under the current Pension Plan on December 31, 1997."  (Defs' Ex. 516, at 5 [D00611]).

217.     Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted article constitutes hearsay.  The proposed finding is also irrelevant and unduly prejudicial, as the opinions expressed in news articles or periodicals regarding general principles of economics have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that the article Plaintiffs cite is accurately cited.

218.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

219.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

220.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the Interrogatory responses cited do not actually state what Plaintiffs claim.  Defendants admit that the cash balance amendment was a material amendment to the Plan.

221.     Denied except as otherwise stated herein.  The cited exhibit refers to participants who were not converted to the cash balance plan.  Accordingly, Defendants deny the proposed finding because it is irrelevant, misleading and unduly prejudicial.

222.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that the finding of fact accurately quotes, in part, a portion of the document.

223.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that the finding of fact accurately quotes, in part, a portion of the document**.**

224.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that the finding of fact accurately quotes, in part, a portion of the document.

225.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for

themselves.  Notwithstanding the foregoing, Defendants admit that the finding of fact accurately quotes, in part, a portion of the document.

226.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that the finding of fact accurately quotes, in part, a portion of the document.

227.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that the finding of fact accurately quotes, in part, a portion of the document.

228.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that the finding of fact accurately quotes, in part, a portion of the document.

229.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that the finding of fact accurately quotes, in part, a portion of the document.

230.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that the finding of fact accurately quotes, in part, a portion of the documents.  To the extent Plaintiffs provide direct quotations

from the documents, such quotations are accurate, but sometimes taken out of context and, therefore, misleading in some cases.

231.    Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted documents constitute hearsay.  The proposed finding is also irrelevant and unduly prejudicial, as the documents have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that the documents Plaintiffs quote are quoted accurately.

232.    Denied except as otherwise stated herein.  Defendants admit that employees generally were not provided with comparisons of the cash balance formula versus what their benefits would have been had the cash balance formula not been adopted.

233.    Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the cited article and presentation constitute hearsay.  The proposed finding is also irrelevant and unduly prejudicial, as the opinions expressed in news articles or periodicals regarding cash balance plans generally have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  There is no evidence that the article and presentations referenced in the finding of fact were ever provided to CIGNA.   Notwithstanding the foregoing, Defendants admit that, to the extent Plaintiffs offer direct quotations from said communications, such quotations are technically accurate.  The presentation also describes numerous other benefits of cash balance plans for employees and employers.

234.    Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the cited presentation constitutes hearsay.  The proposed finding is also irrelevant and unduly prejudicial, as the advice received by CIGNA in contemplating a cash balance plan has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants deny that Plaintiffs have accurately cited the exhibit.

235.    Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the cited presentation constitutes hearsay.  The proposed finding is also irrelevant and unduly prejudicial, as the advice received by CIGNA in contemplating a cash balance plan has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately described a portion of the offered exhibit.

236.    Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the cited presentation constitutes hearsay.  The proposed finding is also irrelevant and unduly prejudicial, as the advice received by CIGNA in contemplating a cash balance plan has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted the offered exhibit, although Plaintiffs have offered only a partial quote, thereby failing to express the full scope of the information presented by the author.

237.    Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the cited presentation constitutes hearsay.  The proposed finding is also irrelevant and unduly prejudicial, as the advice received by CIGNA in contemplating a cash balance plan has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted the offered exhibit in part.

238.    Admitted, except that the quoted language is only a partial quote and does not contain Defendants' full response.

239.    Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as the details of CIGNA's arrangement with a consultant for the purpose of creating employee communications has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  CIGNA's intent is not material to that analysis.

240.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

241.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted the September 13, 1997 email in part.

242.    Defendants deny the proposed finding of fact except that Defendants admit that Mr. Upton received a comparison of benefits, and that said comparison reflected the stated results.

243.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves**.**  To the extent that Plaintiffs offer direct quotations from the cited exhibit, such quotations are technically accurate in part, although misleading because of the information that is omitted.

244.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted witness statement constitutes hearsay, as Defendants never agreed in advance that the direct testimony of witnesses could be submitted in statement form.  The proposed finding is also irrelevant and unduly prejudicial, as CIGNA's comparison of Ms. Biggs' benefits has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  In addition, the finding of fact does not accurately quote the documents cited.

245.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based, in part, on inadmissible evidence.  Specifically, the quoted e-mails constitute hearsay.  Defendants also deny the finding of fact on the grounds that the documents in question are written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that, to the extent that Plaintiffs offer direct quotations from said communications, such quotations are technically accurate.

246.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based, in part, on inadmissible evidence.  Specifically, the quoted e-mails constitute hearsay.  Defendants also deny the finding of fact on the grounds that the documents in question are written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that, to the extent that Plaintiffs offer direct quotations from said communications, such quotations are technically accurate, although incomplete.

247.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based, in part, on inadmissible evidence.  Specifically, the quoted e-mails constitute hearsay.  Defendants also deny the finding of fact on the grounds that the documents in question are written documents whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted the cited email, however, such quotation was offered as a partial quote, thereby failing to express the full scope of the information presented by the author.

248.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based, in part, on inadmissible evidence.  Specifically, the quoted e-mails constitute hearsay.  Defendants also deny the finding of fact on the grounds that the documents in question are written documents whose terms speak for themselves.  Notwithstanding the foregoing, Defendants deny that Plaintiffs have accurately quoted the cited email.

249.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted the cited document, in part.

250.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted the cited document, in part, but have taken it out of context.

251.    Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as these discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.   Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted the cited document, in part.

252.    Denied.

253.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant and unduly prejudicial, as these discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Moreover, the quotations from the document are incomplete and taken out of context.

254.    Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted article constitutes hearsay.  The proposed finding is also irrelevant and unduly prejudicial, as the opinions or facts expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure

59

requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately described the content of such articles in part.

255.     Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted article constitutes hearsay.  The proposed finding is also irrelevant and unduly prejudicial, as the opinions expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

256.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant and unduly prejudicial, as these discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

257.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves. Defendants further deny the proposed finding because it is irrelevant and unduly prejudicial, as these discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

258.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant and unduly prejudicial, as these discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

259.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant and unduly prejudicial, as these discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

260.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant and unduly prejudicial, as these discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

261.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for

themselves. Defendants further deny the proposed finding because it is irrelevant and unduly prejudicial, as these discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

262.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant and unduly prejudicial, as these discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

263.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves. Defendants further deny the proposed finding because it is irrelevant and unduly prejudicial, as these discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Defendants further deny the statements in the first sentence of the finding of fact.

264.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant and unduly prejudicial, as communications regarding the popularity of CIGNA's cash balance plan and

CIGNA's public relations outlook have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants deny the proposed finding except that, to the extent Plaintiffs have provided direct quotations from electronic communications, such quotations are technically accurate.

265.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant and unduly prejudicial, as communications regarding the popularity of CIGNA's cash balance plan and CIGNA's public relations outlook have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants deny the proposed finding and, to the extent Plaintiffs have provided direct quotations from electronic communications, such quotations are inaccurate and misleading.

266.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant and unduly prejudicial, as communications regarding the popularity of CIGNA's cash balance plan and CIGNA's public relations outlook have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the

foregoing, Defendants deny the proposed finding and, to the extent Plaintiffs have provided direct quotations from electronic communications, such quotations are inaccurate and misleading.

267.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant and unduly prejudicial, as communications regarding the popularity of CIGNA's cash balance plan and CIGNA's public relations outlook have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants deny the proposed finding and, to the extent Plaintiffs have provided direct quotations from electronic communications, such quotations are inaccurate and misleading.

268.    Admitted.

269.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted witness statement constitutes hearsay, as Defendants never agreed in advance that the direct testimony of witnesses could be submitted in statement form.  Notwithstanding the foregoing, Defendants admit that the witness statement Plaintiffs cite in the proposed finding is accurately quoted.

270.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted witness statement constitutes hearsay, as Defendants never agreed in advance that the direct testimony of witnesses

could be submitted in statement form.  Notwithstanding the foregoing, Defendants admit that the witness statement Plaintiffs cite in the proposed finding is accurately quoted.

271.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted witness statement constitutes hearsay, as Defendants never agreed in advance that the direct testimony of witnesses could be submitted in statement form.  Notwithstanding the foregoing, Defendants admit that the witness statement Plaintiffs cite in the proposed finding is accurately quoted.

272.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted witness statement constitutes hearsay, as Defendants never agreed in advance that the direct testimony of witnesses could be submitted in statement form.  Notwithstanding the foregoing, Defendants admit that the witness statement Plaintiffs cite in the proposed finding is accurately quoted.

273.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted witness statement constitutes hearsay, as Defendants never agreed in advance that the direct testimony of witnesses could be submitted in statement form.  Notwithstanding the foregoing, Defendants admit that the witness statement Plaintiffs cite in the proposed finding is accurately quoted.

274.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted witness statement constitutes hearsay, as Defendants never agreed in advance that the direct testimony of witnesses could be submitted in statement form.  Notwithstanding the foregoing, Defendants admit that the witness statement Plaintiffs cite in the proposed finding is accurately quoted.

275.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted witness statement constitutes hearsay, as Defendants never agreed in advance that the direct testimony of witnesses could be submitted in statement form.  Notwithstanding the foregoing, Defendants admit that the witness statement Plaintiffs cite in the proposed finding is accurately quoted.

276.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted witness statement constitutes hearsay, as Defendants never agreed in advance that the direct testimony of witnesses could be submitted in statement form.  Notwithstanding the foregoing, Defendants admit that the witness statement Plaintiffs cite in the proposed finding is accurately quoted.

277.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted witness statement constitutes hearsay, as Defendants never agreed in advance that the direct testimony of witnesses could be submitted in statement form.  Notwithstanding the foregoing, Defendants admit that the witness statement Plaintiffs cite in the proposed finding is accurately quoted.

278.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted witness statement constitutes hearsay, as Defendants never agreed in advance that the direct testimony of witnesses could be submitted in statement form.  Notwithstanding the foregoing, Defendants admit that the witness statement Plaintiffs cite in the proposed finding is accurately quoted.

279.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as the finding of fact has no bearing on whether

any particular class member or plaintiff suffered any likely or actual harm as a result of any alleged deficiencies with the SPD and Section 204(h) notice.

280.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that Section 2.4 of the prior plan document contained certain provisions regarding rehired employees, which are set forth in the plan document,  (Pls' Ex. 2, Part A, Section 2.4).

281.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that Part A was amended at the same time that Part B was amended to provide that terminated participants who are rehired shall be placed into Part B.

282.    Defendants admit that the Third Circuit in the <u>Depenbrock v. CIGNA</u> case determined that the Part A rehire rule was not effective as to Mr. Depenbrock until December 21, 1998.

283.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated

Section 204(g) of ERISA.  Defendants deny that the amendment was likely to affect vested separated participants upon the amendment.  The only former employees that would be affected by the amendment are those former employees who subsequently rejoined CIGNA at some time in the future.

284.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Defendants admit that the Newsletter did not mention the rehire provisions of Parts A and B, but that the Retirement Information Kits and SPDs did disclose the rehire provisions of Parts A and B.

285.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit the proposed finding of fact except that Defendants deny that "no explanation was given of the impact of that change."

286.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated

Section 204(g) of ERISA.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

287.    Admitted, except that such participants were provided information about their benefits, including the cash balance plan, upon their rehire.

288.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that the finding of fact quotes, in part, Defendants' Interrogatory responses.

289.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

290.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Defendants further deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that the finding of fact accurately quotes, in part, the SPD.

291.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Defendants admit that former employees who participated in Part A would only receive a Part B SPD upon their rehire unless they requested such an SPD prior to that time.

292.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Plaintiffs' factual analysis is misleading and distorted.  Only those particular former employees who had, as of December 15, 1997, a reasonable expectation of returning to CIGNA's employ were likely to be affected by the rehire provisions of Part A and Part B.  The cited evidence does not identify how many, or which, former employees had a reasonable expectation of returning to covered employment at that time.

293.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Defendants admit that some rehires wanted to participate in the prior plan formula.

294.   Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that, to the extent that Plaintiffs offer direct quotations from said communications, such quotations are technically accurate, although incomplete.

295.   Denied except as otherwise stated herein.  Defendants further deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

296.   Denied except as otherwise stated herein.  Defendants further deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  To the extent Plaintiffs have provided a direct quotation from the cited document, such quotation is technically accurate, though it is a partial quotation so as to obfuscate the intent of the author.

297.   Admitted.

298.   Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial, as communications relating to the potential state of mind of re-hired employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.   Notwithstanding the foregoing, Defendants deny the proposed finding except that, to the extent Plaintiffs have

provided direct quotations from electronic communications, such quotations are technically accurate.

299.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted witness statement constitutes hearsay, as Defendants never agreed in advance that the direct testimony of witnesses could be submitted in statement form.  Notwithstanding the foregoing, Defendants admit that the witness statement Plaintiffs cite in the proposed finding is accurately quoted, but deny the truth of those statements.

300.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves**.**  To the extent Plaintiffs have provided a direct quotation from the cited document, such quotation is technically accurate

301.    Denied.  Defendants provided exemplars of statements that notified participants of what their benefits would be in different forms, including in the form of an annuity based on the minimum benefit.

302.    Denied.  Defendants provided exemplars of statements that notified participants of what their benefits would be in different forms, including in the form of an annuity based on the minimum benefit.

303.    Denied.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves**.**

304.    Defendants admit that Mr. Robinson could have elected to delay receipt of his benefit until he became entitled to an age-55 subsidized early retirement minimum benefit that

was protected under Part B and that he would have been entitled to benefits in accordance with the terms of Part B had he done so.

305.    Denied.  Defendants deny the accuracy of Plaintiffs' description of the content of Defendants' interrogatory response.

306.    Denied except as otherwise stated herein.  Defendants further deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

307.    Denied except as otherwise stated herein.  Defendants further deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

308.    Defendants admit that Mr. Poulin's report states the conclusions contained therein.

309.    Defendants deny the proposed finding except that, to the extent Plaintiffs have provided a direct quotation from deposition testimony, such quotation is technically accurate, though removed from context.

310.    Denied except as otherwise stated herein.  Defendants deny the proposed finding as it is irrelevant and unduly prejudicial, as the cited exhibits have no bearing on whether plan participant's minimum benefits were protected under Section 204(g) of ERISA.  By way of further response, Part B always requires that minimum benefits be protected and the Plan Administrator and record keeper have procedures in place to ensure that the terms of the Plan are followed and that all participants receive the benefits to which they are entitled under the Plan and under ERISA.  Although there was a mistake in Amara's initial benefit calculations, that mistake was corrected and Amara received all of the benefits to which she was entitled.

311.     Denied except as otherwise stated herein.  Defendants deny the proposed finding as it is irrelevant and unduly prejudicial, as the cited exhibits have no bearing on whether plan participant's minimum benefits were protected under Section 204(g) of ERISA.  By way of further response, Part B always requires that minimum benefits be protected and the Plan Administrator and record keeper have procedures in place to ensure that the terms of the Plan are followed and that all participants receive the benefits to which they are entitled under the Plan and under ERISA.  Although there was a mistake in Amara's initial benefit calculations, that mistake was corrected and Amara received all of the benefits to which she was entitled.

312.     Denied except as otherwise stated herein.  Defendants deny the proposed finding as it is irrelevant and unduly prejudicial, as the cited exhibits have no bearing on whether plan participant's minimum benefits were protected under Section 204(g) of ERISA.  By way of further response, Part B always requires that minimum benefits be protected and the Plan Administrator and record keeper have procedures in place to ensure that the terms of the Plan are followed and that all participants receive the benefits to which they are entitled under the Plan and under ERISA.  Mistakes in calculating any participant's benefit are corrected as soon as those issues are brought to the attention of the record keeper or the Plan Administrator.

313.     Denied except as otherwise stated herein.  Defendants deny the proposed finding as it is irrelevant and unduly prejudicial, as the cited exhibits have no bearing on whether plan participant's minimum benefits were protected under Section 204(g) of ERISA.  By way of further response, Part B always requires that minimum benefits be protected and the Plan Administrator and record keeper have procedures in place to ensure that the terms of the Plan are followed and that all participants receive the benefits to which they are entitled under the Plan

and under ERISA.  Mistakes in calculating any participant's benefit are corrected as soon as those issues are brought to the attention of the record keeper or the Plan Administrator.

314.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the cited declaration constitutes hearsay as Defendants never agreed in advance that the direct testimony of witnesses could be submitted in statement form.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately cited the witness' statement.  The statement, however, is misleading.

315.    Denied.  Benefit calculations are checked by Prudential employees to ensure their accuracy.  Where appropriate, minimum benefit amounts are calculated or confirmed.

316.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the cited deposition constitutes hearsay.  Notwithstanding the foregoing, Defendants admit that Ms. Morris testified in her deposition that she became aware that some data fields in the DBRK system were not populated, but that Prudential had a process in place to ensure that benefits were calculated correctly and that minimum benefits were protected.

317.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the cited deposition constitutes hearsay.  Notwithstanding the foregoing, Defendants admit that Ms. Morris testified in her deposition that a batch of minimum benefits data was loaded in 2002.

318.    Denied.

319.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the cited declaration constitutes hearsay as Defendants never agreed in advance that the direct testimony of witnesses could be

submitted in statement form.  Defendants also deny the accuracy and legal sufficiency of

Poulin's conclusions because he did not use proper methodology, as documented in Defendants'

expert report.  Moreover, the finding of fact is misleading and inaccurate.  When the cash

balance formula was implemented, participants who received their benefits had their account

balances and associated information reduced to zero to reflect that all benefits had been paid.

320.    Denied except as otherwise stated herein.  Defendants deny the proposed finding

as it is irrelevant and unduly prejudicial, as the cited exhibits have no bearing on whether a plan

participant's minimum benefits were protected under Section 204(g) of ERISA.  By way of

further response, Part B always requires that minimum benefits be protected and the Plan

Administrator and record keeper have procedures in place to ensure that the terms of the Plan are

followed and that all participants receive the benefits to which they are entitled under the Plan

and under ERISA.  Mistakes in calculating any participant's benefit are corrected as soon as

those issues are brought to the attention of the record keeper or the Plan Administrator.

321.    Denied except as otherwise stated herein.  Defendants deny the proposed finding

as it is irrelevant and unduly prejudicial, as the cited exhibits have no bearing on whether plan

participant's minimum benefits were protected under Section 204(g) of ERISA.  By way of

further response, Part B always requires that minimum benefits be protected and the Plan

Administrator and record keeper have procedures in place to ensure that the terms of the Plan are

followed and that all participants receive the benefits to which they are entitled under the Plan

and under ERISA.  Mistakes in calculating any participant's benefit are corrected as soon as

those issues are brought to the attention of the record keeper or the Plan Administrator.  This

finding of fact is misleading and inaccurate.

322.     Denied except as otherwise stated herein.  Defendants object to the proposed finding because it is irrelevant and unduly prejudicial.  To the extent any class member believes that his or her benefit election form unlawfully omitted the relative value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator.  Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims.  By way of further response, no Plaintiff claims to have received inadequate "relative value" disclosures or to have been harmed by the absence of any such information.

323.     Denied except as otherwise stated herein.  Defendants object to the proposed finding because it is irrelevant and unduly prejudicial.  To the extent any class member believes that his or her benefit election form unlawfully omitted the relative value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator.  Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims.  By way of further response, no Plaintiff claims to have received inadequate "relative value" disclosures or to have been harmed by the absence of any such information.  The statement in the finding of fact is not supported by the cited document, which merely discusses different options for a cash balance design and does not address Part B.

324.     Denied except as otherwise stated herein.  Defendants object to the proposed finding because it is irrelevant and unduly prejudicial.  To the extent any class member believes that his or her benefit election form unlawfully omitted the relative value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator.  Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims.  By way of further response, no Plaintiff claims to have received inadequate "relative value" disclosures or to have been harmed by the absence of any such information.  Notwithstanding the

foregoing, Defendants admit that Plaintiffs have accurately cited deposition testimony, but take the testimony out of context. Defendants deny the finding of fact on the grounds that the SPD in question is a written document whose terms speak for themselves.

325. Denied except as otherwise stated herein. Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, as described more fully in Defendants' Motion in Limine, this Court should exclude Mr. Stratman's report and trial testimony. The proposed finding is also irrelevant and unduly prejudicial. To the extent any class member believes that his or her benefit election form unlawfully omitted the relative value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator. Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims. By way of further response, no Plaintiff claims to have received inadequate "relative value" disclosures or to have been harmed by the absence of any such information. Notwithstanding the foregoing, Defendants admit that the excerpt of Mr. Stratman's report Plaintiffs cite is accurately quoted, but is only a partial quote. Defendants deny the finding of fact on the grounds that the SPD in question is a written document whose terms speak for themselves.

326. Denied except as otherwise stated herein. Defendants admit that Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions. Furthermore, Defendants object to the proposed finding because it is irrelevant and unduly prejudicial. To the extent any class member believes that his or her benefit election form unlawfully omitted the relative value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator. Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims. By way

of further response, no Plaintiff claims to have received inadequate "relative value" disclosures or to have been harmed by the absence of any such information. Defendants deny the finding of fact on the grounds that the benefit commencement package is a written document whose terms speak for themselves

327.    Denied except as otherwise stated herein. Defendants object to the proposed finding because it is irrelevant and unduly prejudicial. To the extent any class member believes that his or her benefit election form unlawfully omitted the relative value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator. Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims. By way of further response, no Plaintiff claims to have received inadequate "relative value" disclosures or to have been harmed by the absence of any such information. Defendants deny the finding of fact on the grounds that the benefit commencement package is a written document whose terms speak for themselves.

328.    Denied except as otherwise stated herein. Defendants object to the proposed finding because it is irrelevant and unduly prejudicial. To the extent any class member believes that his or her benefit election form unlawfully omitted the relative value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator. Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims. By way of further response, no Plaintiff claims to have received inadequate "relative value" disclosures or to have been harmed by the absence of any such information. Defendants deny the finding of fact on the grounds that the benefit commencement package is a written document whose terms speak for themselves. By way of further response, whether a particular benefit is more or less valuable in one form versus another form depends on that participant's own

circumstances, including cash flow and other financial needs, as well as life expectancy and marital circumstances. Defendants deny the proposed finding except that Defendants admit that Plaintiffs accurately cite the witness statement.

329.    Denied except as otherwise stated herein. Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted witness statement constitutes hearsay, as Defendants never agreed in advance that the direct testimony of witnesses could be submitted in statement form. The proposed finding is also irrelevant and unduly prejudicial. To the extent any class member believes that his or her benefit election form unlawfully omitted the relative value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator. Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims. By way of further response, no Plaintiff claims to have received inadequate "relative value" disclosures or to have been harmed by the absence of any such information. Notwithstanding the foregoing, Defendants deny the proposed finding except that Defendants admit that Plaintiffs accurately cite the witness statement.

330.    Denied except as otherwise stated herein. Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the cited declaration constitutes hearsay as Defendants never agreed in advance that the direct testimony of witnesses could be submitted in statement form. The proposed finding is also irrelevant and unduly prejudicial. To the extent any class member believes that his or her benefit election form unlawfully omitted the relative value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator. Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims. By way of further response, no Plaintiff claims to have

received inadequate "relative value" disclosures or to have been harmed by the absence of any such information.  Notwithstanding the foregoing, Defendants deny the proposed finding except that Defendants admit that Plaintiffs accurately cite the declaration and the quoted documents.

331.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the cited exhibits constitute hearsay. The proposed finding is also irrelevant and unduly prejudicial.  To the extent any class member believes that his or her benefit election form unlawfully omitted the relative value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator. Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims.  By way of further response, no Plaintiff claims to have received inadequate "relative value" disclosures or to have been harmed by the absence of any such information. Notwithstanding the foregoing, Defendants deny the proposed finding except that Defendants admit that Plaintiffs accurately quote from a handwritten note.

332.    Denied except as otherwise stated herein.  Defendants object to the proposed finding because it is irrelevant and unduly prejudicial.  To the extent any class member believes that his or her benefit election form unlawfully omitted the relative value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator.  Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims. By way of further response, no Plaintiff claims to have received inadequate "relative value" disclosures or to have been harmed by the absence of any such information.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately cited a draft copy of an employee memorandum; however Plaintiffs have provided only a partial quote.  Defendants admit that no final draft of that document has been produced.

333.    Denied except as otherwise stated herein.  Defendants object to the proposed finding because it is irrelevant and unduly prejudicial.  To the extent any class member believes that his or her benefit election form unlawfully omitted the relative value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator.  Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims.  By way of further response, no Plaintiff claims to have received inadequate "relative value" disclosures or to have been harmed by the absence of any such information.  The finding of fact is denied.  CIGNA has not taken the position that the forms of annuity under the cash balance plan were all of equal value.

334.    Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the cited deposition of Lorraine Morris constitutes hearsay as Defendants never agreed in advance that the testimony of witnesses could be submitted via deposition.  The proposed finding is also irrelevant and unduly prejudicial.  To the extent any class member believes that his or her benefit election form unlawfully omitted the relative value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator.  Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims.  By way of further response, no Plaintiff claims to have received inadequate "relative value" disclosures or to have been harmed by the absence of any such information.  Notwithstanding the foregoing, Defendants admit that Plaintiffs accurately quote from the deposition testimony.

335.    Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the cited exhibit constitutes hearsay.  The proposed finding is also irrelevant and unduly prejudicial.  To the extent any class member believes that his or her benefit

election form unlawfully omitted the relative value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator. Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims. By way of further response, no Plaintiff claims to have received inadequate "relative value" disclosures or to have been harmed by the absence of any such information. Notwithstanding the foregoing, Defendants admit that the finding of fact accurately reflects part of the memo cited.

336.    Admitted, except that there were other conditions set forth in the plan document for eligibility for this benefit.

337.    Defendants admit that the description of the Free 30% survivor's benefit is generally accurate. The Plan documents sets forth all of the terms and conditions for the benefit, as well as the benefit amount. (Pls' Ex. 2, Part A, Section 6.4 [D00063-64]).

338.    Defendants admit that Section 1.32 of Part B generally protects the Preserved Spouse'e Benefit pursuant to the terms of Part B. (Pls' Ex. 1, Part B, Section 1.32).

339.    Defendants deny the finding of fact on the grounds that the SPDs in question are written documents whose terms speak for themselves.

340.    Defendants deny the proposed finding because it is irrelevant and unduly prejudicial. The terms of the operations manual and handwritten notes of outside counsel have no bearing on what Part B requires or provides.

341.    Denied. The finding of fact mischaracterizes the testimony referenced therein. Part B does preserve the previously earned benefits, including the Preserved Spouse's Benefit and has paid that benefit to eligible participants. By way of further response, Part B does not offer an independent Preserved Spouse's Benefit but instead only protects the benefit earned under the prior plan.

342.    Defendants deny the finding of fact on the grounds that the SPD in question is a written document whose terms speak for themselves.  Defendants admit that this SPD generally was provided only to Part A participants.  By way of further response, Part B does not offer an independent Preserved Spouse's Benefit but instead only protects the benefit earned under the prior plan.

343.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the cited declaration constitutes hearsay as Defendants never agreed in advance that the direct testimony of witnesses could be submitted in statement form.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately cited Ms. Caalim's Declaration but dispute the facts stated therein.

344.    Denied except as otherwise stated herein.  Defendants admit that Plaintiff Gisela Broderick's initial benefit calculation initially omitted a "free 30%" benefit to which she was entitled.  Once this issue was brought to the attention of the record keepers and the Plan Administrator, the calculations were corrected to provide Ms. Broderick the correct benefit amount.

345.    Denied except as otherwise stated herein.  Defendants admit that the Part B plan document does not provide for an ongoing Preserved Spouse's Benefit and that no separate amendments were adopted to eliminate this benefit.  Defendants further admit that the Preserved Spouse's Benefit is protected as required under Part B.

346.    Admitted, except that the finding of fact is only a partial quote from the letter.  By way of further response, when the error in Ms. Broderick's benefit was discovered, it was corrected.

347.    Defendants admit that Ms. Broderick's Preserved Spouse's Benefit should have been protected and was protected.

348.    Admitted.

349.    Denied.

350.    Denied.

351.    Denied.

352.    Defendants admit the statements in the first sentence of the finding of fact. Defendants deny the second sentence of the proposed finding because it is irrelevant and unduly prejudicial.  Plaintiffs' argument regarding compliance with the district court's order in Depenbrock rests on an incorrect reading of that order, which directed only that one individual -- John Depenbrock -- have his benefit recalculated.

353.    Defendants deny the proposed finding because it is irrelevant and unduly prejudicial.  The Depenbrock v. CIGNA decision did not Order CIGNA or the CIGNA Pension Plan to restore the 194 rehires between January 1, 1998 and December 21, 1998 or to recalculate benefits for anyone besides Mr. Depenbrock.  The court in Depenbrock did not require the Plan Administrator to recalculate benefits for anyone besides Mr. Depenbrock.  Nonetheless, since the issuance of that order, the Plan Administrator has been working to ensure that he administers the CIGNA Pension Plan in a manner that is consistent with the Depenbrock decision.  To that end, letters were sent to the affected individuals advising them that their benefits were going to be recalculated under the Tier 1 formula.

354.    Admitted, except that the finding of fact only contains a partial quote of the cited letter.

355.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial.  Plaintiffs' argument regarding CIGNA's compliance with the district court's order in <u>Depenbrock</u> rests on an incorrect reading of that order, which directed only that one individual -- John Depenbrock -- have his benefit recalculated.  The court in <u>Depenbrock</u> did not require the Plan Administrator to recalculate benefits for anyone besides Mr. Depenbrock.  Nonetheless, since the issuance of that order, the Plan Administrator has been working to ensure that he administers the CIGNA Pension Plan in a manner that is consistent with the <u>Depenbrock</u> decision.

356.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial.  Plaintiffs' argument regarding CIGNA's compliance with the district court's order in <u>Depenbrock</u> rests on an incorrect reading of that order, which directed only that one individual -- John Depenbrock -- have his benefit recalculated.  The court in <u>Depenbrock</u> did not require the Plan Administrator to recalculate benefits for anyone besides Mr. Depenbrock.  Nonetheless, since the issuance of that order, the Plan Administrator has been working to ensure that he administers the CIGNA Pension Plan in a manner that is consistent with the <u>Depenbrock</u> decision.

357.    Defendants deny the proposed finding because it is irrelevant and unduly prejudicial.  Plaintiffs' argument regarding CIGNA's compliance with the district court's order in <u>Depenbrock</u> rests on an incorrect reading of that order, which directed only that one individual -- John Depenbrock -- have his benefit recalculated.  The court in <u>Depenbrock</u> did not require the Plan Administrator to recalculate benefits for anyone besides Mr. Depenbrock.  Nonetheless, since the issuance of that order, the Plan Administrator has been working to ensure that he administers the CIGNA Pension Plan in a manner that is consistent with the <u>Depenbrock</u>

86

decision.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately cited the exhibited report.

358.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial.  Plaintiffs' argument regarding CIGNA's compliance with the district court's order in <u>Depenbrock</u> rests on an incorrect reading of that order, which directed only that one individual -- John Depenbrock -- have his benefit recalculated.  The court in <u>Depenbrock</u> did not require the Plan Administrator to recalculate benefits for anyone besides Mr. Depenbrock.  Nonetheless, since the issuance of that order, the Plan Administrator has been working to ensure that he administers the CIGNA Pension Plan in a manner that is consistent with the <u>Depenbrock</u> decision.  Notwithstanding the foregoing, Defendants deny the finding of fact.

359.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant and unduly prejudicial.  Plaintiffs' argument regarding CIGNA's compliance with the district court's order in <u>Depenbrock</u> rests on an incorrect reading of that order, which directed only that one individual -- John Depenbrock -- have his benefit recalculated.  The court in <u>Depenbrock</u> did not require the Plan Administrator to recalculate benefits for anyone besides Mr. Depenbrock.  Nonetheless, since the issuance of that order, the Plan Administrator has been working to ensure that he administers the CIGNA Pension Plan in a manner that is consistent with the <u>Depenbrock</u> decision.  Notwithstanding the foregoing, Defendants admit that the participants referenced in the cited exhibit were given the right to elect whether to remain in the cash balance plan or be restored to the Tier 1 plan formula.  The

remaining statements in the finding of fact are denied.

Respectfully submitted,

Dated:  June 27, 2006

**MORGAN, LEWIS & BOCKIUS LLP**
By:  /s/ Joseph J. Costello
Joseph J. Costello
Jeremy P. Blumenfeld
Jamie M. Kohen
*Admitted pro hac vice*
1701 Market Street
Philadelphia, Pennsylvania  19103-2921
(215) 963-5295/5258/5472
(215) 963-5001 (fax)

**ROBINSON & COLE**
James A. Wade (CT # 00086)
280 Trumbull Street
Hartford, Connecticut  06103
(860) 275-8270
(860) 275-8299 (fax)

*Attorneys for Defendants*
*CIGNA Corporation and CIGNA Pension Plan*