# Exhibit C

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

```
-------------------------------------------------X
                                                 :
JANICE C. AMARA, GISELA                          :   3:01 CV 2361 (MRK)
R. BRODERICK, ANNETTE S. GLANZ                   :
individually, and on behalf of others            :   Trial Date: 09/11/06
similarly situated,                              :
                                                 :
                    Plaintiffs,                  :
            v.                                   :
                                                 :
CIGNA CORP. AND CIGNA                            :
PENSION PLAN,                                    :
                                                 :
                    Defendants.                  :
                                                 :
-------------------------------------------------X
```

## MEMORANDUM REGARDING DEFENDANTS' RESPONSES
## TO PLAINTIFFS' PROPOSED TRIAL EXHIBITS

Dated: June 27, 2006         **MORGAN, LEWIS & BOCKIUS LLP**
                             By: /s/ Joseph J. Costello
                             Joseph J. Costello
                             Jeremy P. Blumenfeld
                             Jamie M. Kohen
                             *Admitted pro hac vice*
                             1701 Market Street
                             Philadelphia, Pennsylvania  19103-2921
                             (215) 963-5295/5258/5472
                             (215) 963-5001 (fax)

                             **ROBINSON & COLE**
                             James A. Wade (CT # 00086)
                             280 Trumbull Street
                             Hartford, Connecticut  06103
                             (860) 275-8270
                             (860) 275-8299 (fax)

                             *Attorneys for Defendants*
                             *CIGNA Corporation and CIGNA Pension Plan*

Defendants CIGNA Corporation ("CIGNA") and CIGNA Pension Plan (the "Plan") (together, "Defendants"), by and through counsel, hereby object to Plaintiffs' Proposed Exhibit ("PPE") Nos. 8,[1] 9, 12-17, 19-23, 25, 28, 30-32, 34-36, 40-44, 47-56, 58, 61-62, 65-68, 74-84, 87, 89-94, 100, 103-104, 108-118, 120-121, 124, 127, 130-131, 133-134, 136, 142, 144, 161, 181-191, 196, 198 and 199 on the specific bases set forth in detail below.[2] Accordingly, Defendants respectfully request that this Court bar the introduction of these PPEs at trial pursuant to the Federal Rules of Evidence.

## I.  INTRODUCTION

Plaintiffs bring this class action against Defendants alleging violations of the Employee Retirement Income Security Act ("ERISA").  Plaintiffs' Third Amended Complaint (the "Complaint") (dkt # 165) challenges certain aspects of, and communications about, CIGNA's cash balance pension plan, known as "Part B," which was effective January 1, 1998.  The Complaint contains five claims:

- Count 1 alleges that the formula used to calculate "opening account balances" for the cash balance plan violated the non-forfeitability or accrual rules of ERISA Sections 203(a) and 204(b)(1)(B), 29 U.S.C. §§ 1053(a) and 1054(b)(1)(B).

- Count 2 alleges that the summary plan descriptions ("SPD") for Part B did not satisfy applicable statutory disclosure requirements under ERISA Section 102, 29 U.S.C. § 1022.

- Count 3 alleges that Part B (and by definition all cash balance plans) is inherently age discriminatory and therefore violates ERISA Section 204(b)(1)(H)(i), 29 U.S.C. § 1054(b)(1)(H)(i).

---

[1]  PPE No. 8 is the subject of Defendants' Motion in Limine, filed contemporaneously herewith for the preclusion of PPE No. 8. In addition, PPE No. 135 is the March 10, 2006 Stipulation and Joint Motion of the Parties on the Conduct of Discovery and Trial on "Likely Prejudice" and "Harmless Error" Issues Connected with the Second and Fourth Claims for Relief and, as such, is incorrectly labeled an "exhibit."

[2]  For the Court's ease of reference, Defendants have prepared a spreadsheet listing all the PPEs, which identifies Defendants' stipulations and objections to each PPE, a copy of which is attached to the Trial Memorandum as Exhibit B.

1

- Count 4 challenges whether the Plan Administrator satisfied any disclosure obligations under ERISA Section 204(h), 29 U.S.C. § 1054(h), as that provision existed in 1997-1998.

- Count 5 alleges that Part B violated the anti-cutback rule under ERISA Section 204(g), 29 U.S.C. § 1054(g).

Counts 1, 3, and 5 depend exclusively on the written terms of Part B and the interpretation of applicable law. Counts 2 and 4 challenge particular communications about the Plan, i.e., the SPDs and Section 204(h) notice, and therefore turn on the content of those communications and the precise statutory provisions at issue. Accordingly, Defendants have stipulated to the admissibility of the Plan document, SPDs, Section 204(h) notice, and other communications and materials that establish that neither Plaintiffs nor the testifying class members suffered likely or actual harm as a result of purported deficiencies in the SPD or Section 204(h) notice.

However, notwithstanding the fact that Plaintiffs' claims turn almost exclusively on the text of the Plan documents and the various communications referred to above, Plaintiffs seek to admit as exhibits hordes of irrelevant documents. Plaintiffs' Proposed Exhibit List of approximately 200 exhibits, most of which are inadmissible under any theory, aims only to distract the Court's attention and mask the weaknesses of their claims. Indeed, in several instances, the PPEs are documents prepared by third parties who are not even listed as witnesses in this matter. As a result, many of the PPEs are nothing more than classic examples of hearsay, and must be stricken on that basis alone.

The remainder of the PPEs are irrelevant and of no probative value, since they shed no light on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPDs and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA violated Section 204(g) of ERISA. Nonetheless, Defendants recognize that this is a bench trial and that

the Court's inclination will be to admit a number of these irrelevant documents, giving them whatever weight it deems appropriate upon considering the evidence as a whole at the conclusion of the trial. Consequently, Defendants have stipulated to the admission of a number of irrelevant documents (without conceding their relevance) and limited their relevance objections to those documents that simply have no bearing on the issues in this case, even as a matter of background information. There is no reason to burden the Court with these materials, the admission of which would be entirely prejudicial to Defendants, and would be a waste of time to the Court and the parties.

## II.    ARGUMENT

### A.    Certain Proposed Exhibits Are Inadmissible Hearsay That May Not Be Admitted To Prove The Truth Of The Matters Asserted Therein.

Defendants object to the admission of PPE Nos. 9, 12-17, 19-22, 35, 42-43, 50-52, 56, 58, 65-68, 74-76, 80-81, 90, 92-94, 100, 108-117, 130-131, 161, 181-191, 196, 198 and 199 on the basis that they constitute inadmissible hearsay.

Federal Rule of Evidence 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Each of the PPEs listed above clearly constitutes hearsay as defined by this Rule. While Rules 803 and 804 permit the admission of certain hearsay documents that fall into limited specific categories of exceptions (e.g., public records, recorded collections), none of those exceptions even arguably applies to these PPEs.

Defendants provide the following further explanations for its objections to the PPEs, which are identified in Exhibit B:

PPE Nos. 12, 14, 15, 16, 17, 20, 22, 35, 58, 66, 67, 68, 75, 100, 130 and 131 consist solely of news or journal articles, benefits surveys or seminar materials written by persons who are neither parties to this suit nor identified as witnesses in this matter.[3]

PPE Nos. 13, 19, 50, 51, 80, 81, 90, 93, 94, 115, 116 and 117 are documents prepared by William M. Mercer, Incorporated ("Mercer"), an entity which is neither a party to this suit nor which is being represented for the purpose of presenting testimony at trial. Likewise, PPE Nos. 56, 65 and 76 are documents prepared by PriceWaterhouse Coopers (PPE Nos. 56 and 65) and Towers Perrin (PPE No. 76), third party entities not appearing at this trial.

PPE Nos. 74 and 108 through 114 are e-mails prepared by class members and addressed to CIGNA's Signature Benefits Services department. While these out-of-court statements may be available to refresh a witness's recollection should that testifying class member be called at trial, none of the documents may be entered as exhibits. See Fed. R. Evid. 803(5).

PPE Nos. 181 through 191 (witness statements of Plaintiffs and testifying class members) are nothing more than self-serving hearsay statements of various class members, each of which post-dates the filing of this lawsuit and, therefore, may not be entered as exhibits during the trial. Defendants never agreed that the direct testimony of witnesses could be submitted in statement form; rather, the parties have at all times contemplated that those class members providing testimony at trial would do so live, thereby giving Defendants the opportunity to cross examine any such witnesses before the Court.

---

[3] PPE Nos. 14 and 68 were authored by Defendants' expert, Lawrence Sher, who Defendants plan to call at trial. Additionally, PPE No. 66 was prepared, in part, by Mr. Sher. However, while Plaintiffs may use such documents on cross examination, provided that the documents are relevant to this case, no basis exists for the admission of these documents as exhibits.

PPE Nos. 196, 198 and 199 also are inadmissible hearsay in that they constitute out–of–court statements of non-party witnesses and the Federal Rules of Evidence provide no basis for their entry as exhibits.

PPE No. 52, an excerpt from a transcript recorded and prepared by an individual who is not identified as a witness in the instant matter, is a document which involves double hearsay purporting to quote un-named "Speakers" who were not under oath (despite the existence of certain statements contained therein allegedly attributable to Mr. Sher who, as noted above, plans to testify at trial). Again, while Mr. Sher may be cross-examined on the accuracy of the transcript with respect to his statements alone, if relevant, the transcript itself may not be admitted at trial as an exhibit. PPE Nos. 42, 43, 92 and 161 contain handwritten notes prepared by unidentified authors, and remain subject to the obvious preclusion on hearsay grounds. The notes lack context and meaning, and their introduction as an exhibit would be unduly prejudicial because Defendants would be precluded from cross examining any witness with regard to their content.

Finally, PPE Nos. 9 and 21 are documents that were prepared by Plaintiffs' counsel themselves in preparation for trial and cannot be admitted to prove the truth of the matters asserted therein.[4]

For these reasons, Defendants object to the admission of PPE Nos. 9, 12-17, 19-22, 35, 42-43, 50-52, 56, 58, 65-68, 74-76, 80-81, 90, 92-94, 100, 108-117, 130-131, 161, 181-191, 196, 198 and 199 for purposes of proving the truth of the matters asserted therein.

---

[4] PPE No. 9 may, in fact, reflect a voluntary disclosure of attorney work product, which raises waiver issues.

### B. Certain Proposed Exhibits Have No Bearing On The Issues In This Case And Should Be Excluded As Irrelevant, Unduly Prejudicial And A Waste Of Time To The Court And The Parties.

Defendants further object to PPE Nos. 12-17, 19-23, 25, 28, 30-32, 34-35, 40-44, 47-56, 58, 61-62, 65-68, 74-84, 87, 89-94, 100, 103-104, 108-118, 120-121, 124, 127, 130-131, 133-134, 136, 142, 144, 161 and 163 on the grounds that they are irrelevant under Fed. R. Evid. 401 and 402, and are otherwise unduly prejudicial and a waste of time to the Court and the parties under Fed. R. Evid. 403.

The term "relevant evidence" is defined as "evidence having any tendency to make the existence of any fact <u>that is of consequence to the determination of the action</u> more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added). Additionally, "[a]ll relevant evidence is admissible[.] … Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Moreover, even relevant evidence should be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues … or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

As stated above, this case depends almost entirely on the written terms of Part B, the applicable written communications which Plaintiffs allege were deficient, and any documents reflecting the fact that Plaintiffs and the testifying class members suffered no likely or actual harm as a result of such alleged deficiencies. As a result, where the PPEs do not inform the Court's analysis and are not relevant to the final determination of these claims, they can only serve as a distraction and should be excluded.

### 1. Articles, Surveys And Seminar Materials

PPE Nos. 12, 14, 15, 16, 17, 20, 22, 35, 66, 67, 68, 75, 100, 130 and 131 consist solely of news or journal articles, benefits surveys or seminar materials written by persons neither parties

6

to this suit nor identified as witnesses in this matter. Similarly, PPE No. 65, a sales brochure prepared by PriceWaterhouse Coopers, is of no consequence to the determination of the action before this Court. As a result, these PPEs are irrelevant and unduly prejudicial, as the opinions expressed in them regarding the legality of cash balance plans have no bearing on the claims or defenses, since CIGNA's intent is not an issue. Likewise, PPE Nos. 48 and 58, which consist of internal analysis and commentary regarding newspaper articles, also are irrelevant and unduly prejudicial, as CIGNA's opinion as to the contents and opinions expressed within the articles has no bearing on the claims or defenses raised in this matter.

## 2. Advice And Deliberative Materials

Mercer (PPE Nos. 13, 19, 50, 51, 80, 81, 90, 93, 94, 115, 116 and 117), PriceWaterhouse Coopers (PPE No. 56), and Towers Perrin (PPE No. 76) are all third party entities whose advice and consultancy to CIGNA is irrelevant to Plaintiffs' claims. As a result, the documents prepared by those entities are irrelevant and unduly prejudicial for the same reasons.

PPE Nos. 32, 40, 41, 44, 61, 62, 78 and 82 are irrelevant, misleading and unduly prejudicial, as they reflect nothing more than CIGNA's internal deliberations regarding the existence of the "wearaway issue." These deliberations have no bearing on whether CIGNA's cash balance plan violates ERISA, whether "wearaway" is lawful or unlawful, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

PPE Nos. 87 and 133 involve the results and internal commentary regarding the pension plan change survey. Similarly, PPE Nos. 54, 55, 79 and 134 (CIGNA notes regarding pension proposals suggested in 1997 and 2003) also are irrelevant and unduly prejudicial. CIGNA's deliberations regarding the consideration of a cash balance conversion, any amendments thereto, or any communications thereof, have no bearing on the claims or defenses since CIGNA's intent

is not material to the analysis. Again, these documents have no bearing on whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

### 3. Draft Communications

PPE Nos. 89 and 118 (relating to the retention of Mercer and the division of labor between CIGNA and Mercer with regard to the development and preparation of various information materials concerning CIGNA's pension benefits), are irrelevant and have no bearing on the claims or defenses involved in this matter. Similarly, PPE Nos. 49, 53, 83, 104, 124 and 142 constitute internal discussions and working drafts of documents relating to communications to participants regarding CIGNA's pension plan. Given that none of these materials were distributed to any plan participants in these formats, they are particularly irrelevant and have no bearing on whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements. Likewise, PPE Nos. 91 and 127, which are talking points to be discussed in responding to certain letters submitted by individual participants – not the letters actually sent to those participants – are irrelevant and unduly prejudicial, particularly since they were not distributed to any participant in those formats. Furthermore, PPE Nos. 108, 109, 110, 111, 112, 113, 114, 120 and 121 are irrelevant and unduly prejudicial, because CIGNA's rationale for not including comparison information in its written communications to participants regarding the cash balance plan has no bearing on whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

### 4. Benefit Fulfillment Documents

PPE No. 161, a communication to participants regarding benefits fulfillment, is irrelevant and unduly prejudicial. To the extent that any class member believes that his or her benefit election form unlawfully omitted the relative value of benefit options, that class member is

legally required to exhaust such a claim with the Plan Administrator. Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims.

### 5. Participant Communications Not Relevant To CIGNA's Pension Plan Part B

PPE No. 23, a newsletter prepared for former Equicor employees, is irrelevant and has no bearing on the claims or defenses at issue in this matter. Furthermore, PPE 103, the August 2004 Guide to Understanding Changes to CIGNA's Pension Plan Part A is irrelevant because the Plan Administrator's communications to participants in 2004 were developed under different regulations than were applicable in 1997-1998 and, therefore, has no bearing on the claims or defenses in this case.

### 6. Financial Impact Documents

PPE Nos. 25, 28, 30, 31, 37, 47 and 77, CIGNA documents relating to the potential or anticipated financial impact of the cash balance conversion as well as the Plan's financial statements themselves, are irrelevant and unduly prejudicial, as the issue of whether the cash balance plan conversion resulted in cost savings to CIGNA has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

### 7. Participant Complaints

PPE Nos. 42, 43 and 92, which include documentation detailing participant complaints regarding their valuation of their cash balance account and CIGNA's alleged responses thereto, are irrelevant and unduly prejudicial, as the documents have no bearing on whether Plan participants' Minimum Benefits were protected under Section 204(g) of ERISA. PPE No. 144, which consists of a printout from CIGNA's record keeping system for one of the class members, is irrelevant and unduly prejudicial, and has no bearing on whether CIGNA's cash balance plan

violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

### 8.    Transcript Prepared By An Unidentified Individual

PPE No. 52, which is an <u>excerpt</u> from a transcript of an October 2003 Conference of Consulting Actuaries meeting attended by Defendants' expert in this case, Mr. Sher, is irrelevant. The text of the transcript, which was prepared by an unidentified individual who is not testifying in this matter, presents a colloquy between Mr. Sher and certain unidentified individuals in which Mr. Sher raises questions regarding the aggregation of benefit formulas and the unidentified individuals respond. Mr. Sher's questions, and the responses received, are entirely irrelevant and unduly prejudicial, and have no bearing on whether CIGNA's cash balance plan violates ERISA.

### 9.    Depenbrock Materials

PPE Nos. 74 and 136, both of which relate to the decision of the Third Circuit in <u>Depenbrock v. CIGNA Corp.</u>, 389 F.3d 78 (3d Cir. 2004), also are irrelevant. CIGNA's compliance with the court's order in <u>Depenbrock</u> has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Plaintiffs' argument regarding CIGNA's compliance with the <u>Depenbrock</u> Order in that case, indeed, rests on an incorrect reading of that Order, which directed only that the benefits of one individual – John Depenbrock – be recalculated. The court in <u>Depenbrock</u> did not require the Plan Administrator to recalculate benefits for anyone else besides Mr. Depenbrock. Nonetheless, since the issuance of that order, the Plan Administrator has been working to ensure that he administers the Plan in a manner that is consistent with the <u>Depenbrock</u> decision. Furthermore, PPE 136, which consists of portions of the summary judgment brief and the appellate brief filed

on behalf of Defendants, by and through their counsel, in that case may not properly be entered as an exhibit at trial, as the text of a brief is not competent evidence to be presented before a fact finder.

### 10.     Litigation Materials

Finally, PPE No. 21, which is Plaintiffs' Notice of Rule 30(b)(6) deposition, PPE No. 34, which is Defendants' Supplemental Responses to Second Requests for Documents, and PPE No. 84, an e-mail prepared by Defendants' counsel which refers to and discusses CIGNA's 401(k) plan provisions, are litigation materials that are completely irrelevant and have no bearing on the claims or defenses presented in this matter.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Proposed Exhibits Nos. 8, 9, 12-17, 19-23, 25, 28, 30-32, 34-36, 40-44, 47-56, 58, 61-62, 65-68, 74-84, 87, 89-94, 100, 103-104, 108-118, 120-121, 124, 127, 130-131, 133-134, 136, 142, 144, 161, 163, 181-191, 196, 198 and 199 should not be admitted as exhibits at trial.

Dated: June 27, 2006                           Respectfully submitted,

                                        **MORGAN, LEWIS & BOCKIUS LLP**

                                        By: /s/ Joseph J. Costello_____
Joseph J. Costello
Jeremy P. Blumenfeld
Jamie M. Kohen
*Admitted pro hac vice*
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5295/5258/5472
(215) 963-5001 (fax)

**ROBINSON & COLE**
James A. Wade (CT # 00086)
280 Trumbull Street
Hartford, Connecticut 06103
(860) 275-8270
(860) 275-8299 (fax)

*Attorneys for Defendants*
*CIGNA Corporation and CIGNA Pension Plan*