<u>Amara v. CIGNA</u>, Case No. 01-2361 (MRK)

# EXHIBIT 205

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DEPENBROCK, | CIVIL ACTION NO. 01-CV-6161 |
| Plaintiff, | |
| v. | |
| CIGNA CORPORATION and CIGNA PENSION PLAN | |
| Defendants. | |

**MEMORANDUM OF DEFENDANTS CIGNA CORPORATION AND
CIGNA PENSION PLAN IN OPPOSITION TO
PLAINTIFF'S PROPOSED FORM OF ORDER ON REMAND
AND IN SUPPORT OF DEFENDANTS' REVISED FORM OF PROPOSED ORDER**

## I.   INTRODUCTION

Defendants CIGNA Corporation and CIGNA Pension Plan submit this Memorandum pursuant to the conference call with the Court on January 14, 2005. At the Court's direction, Defendants have tried to reach a good faith agreement with Plaintiff regarding the Court's proposed form of Order on remand, including numerous revisions to the Court's January 6, 2005 Order in an effort to address Plaintiff's concerns. Unfortunately, Plaintiff continues to insist upon a far-reaching Order that exceeds the Third Circuit's holding in its November 10, 2004 Opinion. As a result, the following issues remain in dispute for consideration by the Court:

- Whether the Court's Order should contain a statement that it "does not reach" the other Claims in Plaintiff's Complaint, even though this Court in fact addressed all Claims in its July 31, 2003 Decision;

- Whether the Court should issue a declaratory judgment providing for relief to individuals other than Plaintiff, even though Plaintiff never asserted class claims or sought class-wide relief, and even though general declaratory relief would

- ignore of effect of the Third Circuit Opinion upon the unique circumstances of other Plan participants who were rehired between January 1, 1998 and December 21, 1998;

- Whether the Court should order CIGNA, as opposed to the Plan Administrator, to reinstate Plaintiff into the Part A formula, even though CIGNA, as plan sponsor, has no authority to do so, and even though the Plan Administrator has in fact already reinstated Plaintiff into the Part A formula;

- Whether the Court should order that Plaintiff's benefits under the Supplemental Pension Plan ("Supplemental Plan") be "calculated and paid in accordance with the Part A benefit schedule," even though there is no "Part A benefit schedule" under the Supplemental Plan and even though Plaintiff's benefits under the Supplemental Plan have already been recalculated taking into account his reinstatement into the Part A formula;

- Whether the Court should order that Plaintiff be provided with a benefits estimate, even though he already received it on January 14, 2005; and

- Whether any disputes over the calculation of Plaintiff's benefits should be adjudicated by the Court in the first instance, rather than pursuant to the Plan's administrative procedures.

Plaintiff's most recent form of proposed Order ("Plaintiff's Proposed Order") is attached as Exhibit A. The form of Order to which Defendants will agree ("Defendants' Proposed Order") is attached as Exhibit B. For the reasons set forth below, the Court should reject Plaintiff's Proposed Order and adopt Defendants' Proposed Order.

## II.   BACKGROUND

### A.   Plaintiff's December 17, 2004 Proposed Order And Defendants' December 23, 2004 Memorandum In Opposition Thereto

On December 17, 2004, Plaintiff submitted a letter to the Court attaching a proposed form of Order, asserting that the Order "conform[ed] with the Third Circuit's opinion of November 10, 2004 and the mandate issued December 16, 2004." Plaintiff provided no explanation of the basis for the proposed Order, which, among other things: (1) granted summary judgment to Plaintiff without reflecting that the Third Circuit had not reached Claims Two

through Five; (2) contained a declaration that the amendment to Section 2.4 of the CIGNA Pension Plan (i.e., the "Rehire Rule") was "invalid" as applied to rehires before December 21, 1998; (3) stated that Defendants "must apply" the Rehire Rule to employees hired before December 21, 1998; (4) ordered that Plaintiff "be reinstated" under the Part A formula of the Pension Plan; and (5) stated that Defendants were "prohibited from adopting an amendment to circumvent this Order."

On December 23, 2004, Defendants filed a memorandum in opposition to Plaintiff's December 17, 2004 proposed Order which attached Defendants' proposed form of Order. In that Memorandum (which Defendants incorporate herein by reference), Defendants demonstrated that the Court should reject Plaintiff's proposed form of Order because it exceeded the scope of this lawsuit, and that the Court should instead adopt Defendants' proposed form of Order.

### B. The Court's January 6, 2005 Order Adopting In Full Defendants' December 23, 2004 Proposed Order

On January 6, 2005, the Court issued an Order that was identical to Defendants' December 23, 2004 proposed form of Order. Later that day, Plaintiff filed an Opposition to Defendants' December 23, 2004 submission and proposed Order. Plaintiff attacked the proposed Order adopted by the Court on numerous grounds, arguing, among other things, that the Order "silently deleted" relief under the Supplemental Plan (p. 6), and that the Order should provide for general declaratory relief to hundreds of similarly-situated individuals who were never parties to this lawsuit (pp. 9-10). Plaintiff attached another form of proposed Order which was identical to his December 17, 2004 proposed Order except that it did not contain the "must apply" language, which Plaintiff conceded was inappropriate (p. 12).

### C. The January 14, 2005 Conference Call And Defendants' Revised Form Of Proposed Order That Addressed Plaintiff's Concerns

In the January 14, 2005 conference call, the Court indicated a willingness to consider Plaintiff's arguments in his January 6, 2005 submission and asked for the parties' input. When the parties were unable to reach an agreement, the Court asked counsel to try to reach an agreement independently, and, if not successful, requested that Defendants submit a supplemental memorandum responding to Plaintiff's January 6, 2005 submission, which the Court would treat as a motion for reconsideration.

On January 20, 2005, counsel for the parties conferred in an effort to reach a resolution of the dispute, and Defendants' counsel sent Plaintiff's counsel an e-mail with a revised form of proposed Order aimed at addressing Plaintiff's concerns. After an exchange of e-mails on January 21, 2005, Defendants made additional concessions. As a result, the revised proposed form of Order to which Defendants will agree (attached as Exhibit B) differs from the January 6, 2005 Order in that it includes the following additional language:

- A declaration that "[i]n accordance with the Circuit opinion dated November 10, 2004, the effective date of the amendment of Section 2.4 ("the Rehire Rule") of the CIGNA Pension Plan is **DECLARED** to be December 21, 1998";
- A statement that "[t]he amendment of Section 2.4 shall not be applied retroactively to Plaintiff";
- A statement ordering that "Plaintiff's benefit under CIGNA's Supplemental Pension Plan shall be calculated in a manner that takes into account his reinstatement under the Part A formula of the CIGNA Pension Plan as of November 30, 1998; and
- A statement that "[t]he Court's Order of January 6, 2005 is superseded by this Order."

Although Plaintiff's counsel ultimately agreed to remove the statement "prohibiting Defendants from adopting an amendment to circumvent this Order," Plaintiff's counsel refused to accept any of the versions of Defendants' revised Proposed Order. Nor could Defendants

4

agree to the Proposed Order proffered by Plaintiff's counsel (Exhibit A), because, as demonstrated below, it continues to contain language which exceeds the scope of this lawsuit and is inconsistent with the Third Circuit's Opinion. Defendants thus had no choice but to file this Memorandum.

## III.    ARGUMENT[1/]

### A. The District Court Adjudicated Claims Two Through Five, And It Would Be Inaccurate For the District Court To State Otherwise

In the second sentence of Paragraph 1 of Plaintiff's Proposed Order, Plaintiff asks this Court to adopt language stating: "Because of the entry of judgment, the Court does not reach the other Claims in the Plaintiff's Complaint and Motion for Summary Judgment." In its July 31, 2003 Decision and Order, this Court expressly granted summary judgment to Defendants and denied summary judgment to Plaintiff with respect to all five of Plaintiff's Claims in his Complaint. In its November 10, 2004 Opinion, the Third Circuit reversed with respect to Claim One, but stated that "we do not reach" Plaintiff's remaining claims. 389 F.3d at 86. It would be inaccurate to state that this Court has not reached Plaintiff's other Claims, when in fact it has. Therefore, the Court should refuse to include such language in its Order on remand.

### B. The Court Should Decline To Enter A Declaratory Judgment Providing For Relief To Individuals Other Than Plaintiff

Defendants acknowledge the Third Circuit's holding that "December 21, 1998 is the effective date of the amendment" and that the Rehire Rule shall not be applied retroactively to Plaintiff, see Depenbrock v. CIGNA Corp., 389 F.3d 78, 84-86 (3d Cir. 2004), and they are agreeable to a reiteration of this holding in the Court's Order on remand. See Defendants' Proposed Order ¶2 (Ex. B). However, the Third Circuit properly did not address the effect of

---

[1/]    For ease of reference, Defendants will address the disputed portions of Plaintiff's Proposed Order in accordance with each numbered paragraph.

this holding upon the rights of other Plan participants because that issue was not before it. Therefore, the Court should decline to adopt the second sentence of Paragraph 2 of Plaintiff's Proposed Order, providing that "the amendment to Section 2.4 [i.e., the Rehire Rule]" is "not applicable" to "rehires that occurred before" December 21, 1998.

Indeed, Plaintiff's proposed declaratory judgment is inconsistent with the very authority upon which Plaintiff relies. The Second Circuit's decision in McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund, 320 F.3d 151 (2d Cir. 2003), cited by Plaintiff on page 8 of his January 6, 2005 submission, is directly on point. In that case, the district court held, inter alia, that the plan's break-in-service provision violated ERISA, and the plaintiff subsequently moved for class certification and sought an order "extending relief to all similarly-situated participants." McDonald, No. 99 Civ. 9054(NRB), 2001 WL 1154630, at 2 (S.D.N.Y. Oct. 1, 2001). The district court observed that ERISA does not prohibit a plaintiff from bringing a class claim, but that it was clear from the complaint that "while plaintiff might have brought such a claim, he did not." Id. The district court accordingly refused to grant class certification or to adopt the proposed order, finding that "plaintiff's attempt to transform what was clearly an individual claim into a class claim after a favorable decision on the merits is troubling." Id. at 3. The Second Circuit affirmed the District Court's decision to grant solely individual relief, and held that "the district court's decisions neither to certify a class nor to afford relief to beneficiaries who were not parties involved no abuse of discretion." 320 F.3d at 162.

The Court should follow McDonald here. It is clear from the face of Plaintiff's Complaint that he never asserted claims on behalf of a class of beneficiaries; he solely asserted

claims on behalf of himself. See, e.g., Compl. ¶ 58.[2] Nor did Plaintiff seek relief for other Plan participants. Rather, Plaintiff prayed for reinstatement in the Part A formula for himself and requested "appropriate equitable and remedial relief to ensure that his rights under both the qualified and non-qualified benefit plans are protected." Id. (emphasis added). Therefore, under McDonald, the Court should refuse to enter a declaratory judgment which provides for relief to other Plan participants. McDonald, 320 F.3d at 162.

Plaintiff's suggestion that Defendants are somehow seeking to escape application of the Third Circuit's Opinion to other Plan participants is simply wrong. Consistent with Defendants' statements in papers filed in Amara v. CIGNA Corp. et al, No. 3:01 CV 2361 (D. Conn.), quoted by Plaintiff on page 9, Defendants continue to acknowledge that the Plan Administrator of the CIGNA Pension Plan has a fiduciary duty to consider the implications of the Third Circuit's Opinion for other Plan participants. See also McDonald, 2001 WL 1154630, at 3 (observing that despite grant of individual relief, "we recognize that our decision may have other consequences for the defendants given their fiduciary duties to other plan beneficiaries"). The Plan Administrator is in the process of doing just that. If a Plan participant disagrees with the Plan Administrator's determinations, he or she may seek recourse.

Moreover, the broadly-worded declaratory judgment requested by Plaintiff ignores the unique circumstances of each Plan participant. For example, some Plan participants who were rehired before December 21, 1998 took advantage of the lump sum payment option under Part B -- an option which is not available under Part A. Compare Part B Plan §7.2(a)(1) (providing for "lump-sum distribution" option) with Part A Plan § 6.3 (omitting lump-sum payment option).

---

[2]    Under Section 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2), a plaintiff also may assert claims on behalf of a plan. E.g., In re Unisys Sav. Plan Litig., 173 F.3d 145, 159 (3d Cir. 1999). Here, Plaintiff did precisely the opposite: he sued and seeks relief from the Plan as a defendant.

How the election of the lump sum payment option would impact the value of the Part A benefit is a determination for the Plan Administrator. No doubt there may be some participants in Part B who would prefer to remain in Part B in order to receive a lump sum benefit.

The Plan Administrator must evaluate the effect of the Third Circuit's Opinion upon each Plan participant who was rehired between January 1, 1998 and December 21, 1998 on a case-by-case basis, considering each participant's unique circumstances. It is too simplistic to jump to the conclusion that every similarly-situated Plan participant was "adversely affected by Cigna's actions," as Plaintiff contends on page 11. Accordingly, the Court should refuse to adopt the language in the second sentence of Paragraph 2 of Plaintiff's Proposed Order.

### C. The Plan Administrator Of The CIGNA Pension Plan, Not CIGNA, Has The Authority To Reinstate Plaintiff Into The Part A Formula

The proposed language in the first sentence of Paragraph 3 of Plaintiff's Proposed Order is new and was not included in Plaintiff's December 17, 2004 submission. In yet another example of overreaching, Plaintiff asks the Court to order "Defendants" to reinstate him into the Part A formula. This is based on the incorrect assumption that CIGNA, as one of the Defendants, has the authority to reinstate Plaintiff into the Part A formula of the Plan. To the contrary, only the Plan Administrator has the authority to reinstate Plaintiff into the Part A formula. See Ex. C, Part A Plan § 14.2 (providing that Plan Administrator has the "sole discretion" to determine "whether a person is eligible to participate in the Plan or eligible to receive benefits under the Plan" and to determine the amount of benefits). CIGNA is merely the Plan sponsor; it has no control over the determination of who is entitled to benefits under the terms of the Plan. Id. The Court therefore should adopt the language in Defendants' Proposed Order, which simply orders that Plaintiff "shall be reinstated" under the Part A formula. See Ex. B.

Plaintiff's proposed language in the second sentence of Paragraph 3 requiring the calculation of Plaintiff's benefit under the Supplemental Plan pursuant to a "Part A benefit schedule" also should be rejected. Put simply, there is no "Part A benefit schedule" under the Supplemental Plan. As reflected in the Plan communications attached to Plaintiff's January 6, 2005 submission, the Plan and the Supplemental Plan involve separate benefit calculations. E.g., Plaintiff's Ex. 3, "Your CIGNA Supplemental Pension Plan" (explaining that "[y]our benefit is calculated when you are ready to receive your Pension Plan benefit. Your supplemental benefit is the lump sum value of the extra annuity payments to which you would have been entitled had your pension benefit been calculated ignoring the government limits described [above].").

Defendants acknowledge that as a natural consequence of Plaintiff's reinstatement in the Part A formula of the Plan, his benefits under the Supplemental Plan needed to be recalculated (and, indeed, they already have been, as discussed below). Although neither the District Court nor the Third Circuit addressed the issue of Plaintiff's entitlement to benefits under the Supplemental Plan in either of their decisions, Defendants are willing to include language in the Order that recognizes Plaintiff's entitlement to such benefits. The Court should reject Plaintiff's proposed language and it instead should adopt the language in Defendants' Proposed Order, which simply provides that "Plaintiff's benefit under CIGNA's Supplemental Pension Plan shall be calculated in a manner that takes into account his reinstatement under the Part A formula of the CIGNA Pension Plan as of November 30, 1998."

### D. The Plan Administrator Has Already Prepared And Provided An Estimate Of Plaintiff's Benefits Resulting From His Reinstatement Under The Part A Formula, And Any Disagreements Should Be Resolved Pursuant To The Plan's Administrative Procedures

The Court should reject Paragraph 4 of Plaintiff's Proposed Order. First, Plaintiff was provided with an estimate of his benefit under the Plan and the Supplemental Plan on January 14,

2005, so the issue is moot. Second, any disagreement regarding the calculations should not be adjudicated by the Court in the first instance, but rather should be raised in accordance with the appropriate administrative procedures. See Ex. C, Part A Plan §14.5 (providing for claims procedure). How Plaintiff's benefits are calculated under the Plan is outside the scope of this litigation.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court decline to adopt Plaintiff's Proposed Order and instead adopt Defendants' Proposed Order attached as Exhibit B.

Respectfully submitted,

/s/ Tamsin J. Newman
Joseph J. Costello (I.D. No. 44327)
Tamsin J. Newman (ID. No. 81001)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5295/5201

Attorneys for Defendants
CIGNA Corporation and
CIGNA Pension Plan

DATED: January 21, 2005