Amara v. CIGNA, Case No. 01-2361 (MRK)

# EXHIBIT 209

Stewart M. Beltz
AVP, Plan Administrator





March 26, 2001

Routing TL17B
1601 Chestnut Street
Philadelphia PA 19192
Telephone 215.761.4601
Facsimile 215.761.5510
stew.beltz@cigna.com

Ms. Gisela Broderick
143 Old Post Road
Tolland, CT 06084

Dear Ms. Broderick:

Thank you for your letter dated January 19, 2001 regarding your CIGNA Pension Plan benefit. I also want to thank you for your patience while we researched your appeal.

Specifically, you asked for an exception to the CIGNA Pension Plan rules that apply to rehires. Upon your rehire in June 2000, your CIGNA Pension Plan, Part A (old plan) benefit was converted to an account balance under the CIGNA Pension Plan, Part B (new plan). You have asked that we not convert your benefit and that you accrue post-rehire benefits under the Part A schedule. You state that by converting your benefit, the CIGNA Pension Plan is not in compliance with the ERISA rule that states that vested accrued benefits may not be reduced. However, I must advise you that the CIGNA Pension Plan is in full compliance with that ERISA rule. Your vested accrued benefit as of 12/31/1997 is preserved in your opening account balance in Part B of the CIGNA Pension Plan.

I must also note that in November of 1997, all CIGNA Pension Plan, Part A employees received a package, *Information Kit on Your Retirement Plans*. Enclosed in the package was a booklet, *Your CIGNA Retirement Program*. I have enclosed pages 3 – 4 of the booklet, which clearly state that Part A participants who leave CIGNA and are rehired after December 31, 1997 will discontinue participation in Part A. Upon rehire, these employees become eligible for participation in Part B and their Part A benefit is converted to an opening account balance in Part B.

Additionally, when you were rehired, you were provided with the CIGNA Pension Plan, Part B Summary Plan Description. I have enclosed Page J-5 of the SPD, which states the following:

> If you were in the old Plan when you left, the pension benefits you earned will be converted to an opening account balance in this plan [CIGNA Pension Plan, Part B] when you return.

We provided you with enough information to make an educated decision on your rehire and your pension benefits.

P 1228

March 26, 2001
Page 2

After reviewing all of the items above, I must deny your appeal. I am sorry that this is not what you had hoped for, however, I must apply the terms of the Plan consistently and accurately to all participants.

You should be aware that as the Plan Administrator for CIGNA's employee benefits plans, I have final authority on these matters. This decision is final and binding. If you have general questions about your CIGNA Pension Plan benefit, please feel free to contact the Retirement Service Center at 1.800.224.4624.

Sincerely,

Stewart M. Beltz

enclosures

## The CIGNA Pension Plan—Providing Benefit Security

The Pension Plan is designed to work together with Social Security to provide you with a secure benefit after you retire from CIGNA. This plan, which has been preserved for a select group of long-service employees hired before 1989, provides exceptional benefits to employees who retire from CIGNA.

The size of your Pension Plan benefit depends on your eligible earnings and length of service with the company. The longer you work for CIGNA and the more you earn, the larger your benefit will be.

CIGNA pays the full cost of the Pension Plan—you pay nothing. This benefit is part of CIGNA's commitment to helping you build a significant source of income for your retirement years.

The chart below provides a brief overview of the plan's key features.

### Eligibility and Enrollment

If you are an active participant in the Pension Plan on December 31, 1997, you will continue to participate in that plan without interruption on January 1, 1998, if:

- You were hired by CIGNA on or before December 31, 1988;
- Your age and service on December 31, 1997, total at least 45 years;
- You do not work for a health-plan company in the CIGNA HealthCare division; and
- You are not a former Equicor employee.

You do not have to complete any enrollment forms to continue your participation in the Pension Plan on January 1, 1998.

If you leave CIGNA companies and are reemployed after December 31, 1997, you will not participate in the Pension Plan when you return. Instead, you will be eligible to participate in the new CIGNA Retirement Plan. Most

### Key Features of the CIGNA Pension Plan

| Plan provides... | When... |
|---|---|
| **Normal retirement benefits** | At age 65 as long as you have at least 5 years of service |
| **Early retirement benefits** | As early as age 55 if you have at least 10 years of service |
| **Postponed retirement benefits** | At retirement, if you retire after age 65 |
| **Full vesting** | After five years of service |
| **Spousal benefits** | After you die, if your spouse is eligible |

P 1230

employees hired after 1988 will be transferred to the new plan as of January 1, 1998. If you are re-employed, the benefit you earned under the Pension Plan will be converted into an opening balance in the CIGNA Retirement Plan. Special rules will apply if you are already receiving a benefit under this plan when you are rehired.

### When You May Retire and Receive Your Benefit

You may retire and begin receiving your Pension Plan benefit at any time after you are eligible, as follows:

- **Normal Retirement.** Your normal retirement age is your 65th birthday, as long as you have at least five years of service. Once you reach normal retirement age, you are entitled to receive the full value of your Pension Plan benefit.

- **Early Retirement.** When you reach age 55 and have completed at least 10 years of service, you may choose to retire early.

- **Postponed Retirement.** You may continue working at CIGNA after your normal retirement date. If you do, your postponed pension payments will begin the first day of the month after the date you actually retire.

### Your Pension Benefit

### Normal Retirement Benefit

The amount of your normal retirement benefit is calculated by a formula that takes into account your:

- **Credited service.** This includes all of your years of service with a company that participates in the Pension Plan, up to a maximum of 30 years.

- **Final average earnings.** This is the larger of the following:

    - Your average annual eligible earnings during your last 36 consecutive months of employment, or

    - Your average annual eligible earnings during the three consecutive calendar years of your employment in which your eligible earnings were the highest.

    *Eligible earnings* include your base salary or wages, plus overtime, shift premium or differential pay, most annual incentive pay and bonuses, and commissions paid by participating companies. They also include your before-tax contributions to SIP or a flexible benefits plan.

- **Social Security offset.** This is an adjustment made to your pension benefit to reflect the portion of your retirement income from Social Security that was paid for by CIGNA.

P 1231

### If You Leave CIGNA

If you leave **CIGNA** and are vested, you are entitled your plan benefits right away.*  You may:
- receive an after-tax, lump sum payment or roll over the full amount into an individual retirement account (IRA) or your new employer's qualified retirement plan;
- take your distribution in another payment method (the IRS imposes additional taxes on certain early distributions — see When Benefits Are Paid on page J-3); or
- keep your account balance (if more than $5,000) in the Plan, where it will continue to earn interest credits until your benefit start date or you reach age 65.

### If You Are Reemployed by CIGNA

If you leave **CIGNA** and later return, you'll participate in the Plan if the company that rehires you participates. See Break in Service on page J-1 for an explanation of how an interruption in your **CIGNA** employment may affect your **vesting service** and plan benefits.

*If you were not vested when you left*, and your **vesting service** and account balance are restored when you return, **CIGNA** will again add your previous benefit credits and interest credits to the same account. If your vesting service and account balance are not restored when you return, you'll start a new account.

*If you were vested when you left*, quarterly interest credits were added to your account during your break in service. When you return to CIGNA, both benefit credits and interest credits will again be added to your account. But if you've received any benefits from the Plan, you'll have a new account when you return.

*If you were in the old plan when you left*, the pension benefits you earned will be converted to an opening account balance in this plan when you return. The conversion formula used is based on guidelines established by the federal government for valuing pension benefits. If you have questions about the conversion formula, you may call the CIGNA Retirement Service Center at 1.800.224.4624.

Your benefits will not be converted to the new Plan, but maintained in the *old plan*, if...
- you are age 65 or older when you return; or
- you are already receiving a pension under the *old plan* (see below);

**If you are receiving pension benefits when you return and you are...**
- **younger than 65**
  Your monthly pension payments will stop for any calendar month in which you work 80 hours or more. (Pension payments will resume following a month when you work less than 80 hours a month) You will earn a completely separate benefit for your future service.

- **65 or older**
  Your pension payments will continue and you'll earn a completely separate benefit (based on your prior credited service) for your future service.

### If You Die Before Your Benefit Commencement Date

If you're married, your spouse will automatically be your Plan beneficiary, unless he or she has consented in writing, before your death, to your naming someone else.

If you die after becoming vested but before your **benefit commencement date**, your account balance will be paid to your beneficiary. If your account balance is more than $5,000, your beneficiary may choose a lump sum or a single life annuity. If your account balance is $5,000 or less, your beneficiary will be paid in a lump sum.

If the beneficiary is your surviving spouse, he or she may keep your account balance in the plan until *you* would have reached age 65. A beneficiary other than your spouse must begin to receive a single life annuity by the end of the first calendar year after the year of your death or receive a lump sum payment by the end of five calendar years after the year of your death.

Interest credits will be made to the account until the month before your beneficiary's **benefit commencement date**.

If you have no surviving spouse and you have not named a Plan beneficiary, your benefit will be paid in a lump sum to the first available of:
- Your surviving natural and adopted children (in equal shares)
- Your surviving parents(s) (in equal shares)
- Your estate

(See What Should My Family Do if I Die? on page J-6.)

**Use JetForms to print out a Beneficiary Designation Form.**
Here's How:
- Click on the *JetForm Filler™* icon, then click the
- *Use Form* button at the top left of the screen, then
- *!GENERAL USAGE FORMS*, then
- *!Benefit Forms*, then
- *Pension Plan Beneficiary Designation* ...and print!

### If You Die After Your Benefit Commencement Date

| If you die while receiving a plan benefit paid as a... | Your beneficiary will receive... |
|---|---|
| Lump Sum | no benefits payable after your death. |
| Single Life Annuity with a cash refund | a lump sum that might be due (see page J-3). |
| Single Life Annuity | no benefits payable after your death. |
| 50% Contingent Pensioner Annuity | payments for the rest of his or her life, but only if he or she survives you. |
| 100% Contingent Pensioner Annuity | payments for the rest of his or her life, but only if he or she survives you. |

P 1232

Stewart M. Beltz
AVP, Plan Administrator





CIGNA®

July 31, 2001

Routing TL17B
1601 Chestnut Street
Philadelphia PA 19192
Telephone 215.761.4601
Facsimile 215.761.5510
stew.beltz@cigna.com

Ms. Gisela Broderick
143 Old Post Road
Tolland, CT 06084

Dear Ms. Broderick:

Thank you for your letter dated May 1, 2001 regarding your CIGNA Pension Plan benefit.

In your letter, you asked for a review of my previous response to you dated March 26, 2001. Specifically, you asked that we not convert the CIGNA Pension Plan, Part A (old plan) benefit that you had accrued during your initial term of employment to a CIGNA Pension Plan, Part B (new plan) benefit. Instead of the conversion, you requested 1) that we provide you with a frozen CIGNA Pension Plan, Part A benefit for your service from August 4, 1980 to December 31, 1997 and 2) that you accrue pension benefits for your service after your June 26, 2000 rehire date under the CIGNA Pension Plan, Part B schedule.

As I had explained in my previous response, your CIGNA Pension Plan, Part A benefit was converted to an account balance under the CIGNA Pension Plan, Part B schedule according to the terms of the Plan. Section 2.4(b) of the Plan Document, which I have enclosed, clearly states this rule. As a reminder, I also provided you with copies of communication and SPD materials, which likewise state this rule, in my March 26, 2001 response to you.

Additionally, you asked that I identify the impact of the pension benefit conversion to your pension benefit at the time of your retirement. It is difficult to quantify the impact; however, I can assure you that in no event will your benefit be less than the benefit you had accrued through December 31, 1997. In fact, Sections 1.1(c) and 1.32 of the Plan Document, which are attached, state this rule explicitly.

After a thorough review, I must uphold my earlier decision. I must apply the rules of the CIGNA Pension Plan consistently and accurately among all participants. I do not have the ability to "bend the rules" in an event like this – the CIGNA Pension Plan provisions forbid that. You should be aware that as the Plan Administrator for CIGNA's employee benefits plans, I have final authority on these matters. This decision is final and binding.

P 1236

July 31, 2001
Page 2


If you have questions about this letter, please contact me or Sandra Lau at 215.761.2564. If you would like an estimate of your CIGNA Pension Plan or if you have general questions about your benefit, please feel free to contact AnswerLine® at 1.800.253.2287.

Sincerely,

Stewart M. Beltz

enclosures

P 1237

ARTICLE II - Participation in the Plan

2.1 Commencement of Participation

Each Employee who was a participant in Part A on December 31, 1997 and who is an Eligible Part B Employee on January 1, 1998 shall participate in this Part B, effective January 1, 1998, in accordance with the terms herein. Each other Employee shall become a Participant in Part B on the date following January 1, 1998 that he first completes an Hour of Service as an Eligible Part B Employee.

2.2 Active Participation

Once an Employee becomes a Participant, active participation in Part B continues until suspension, death, or other severance from employment with CIGNA Corporation or a Related Company.

2.3 Suspended Participation

A Participant who remains an Employee but who ceases to be an Eligible Part B Employee shall cease to be an active Participant and shall become a suspended Participant in Part B. The Participant's Hours of Service during the period of suspension shall be counted in determining his Years of Vesting Service but shall not be counted in determining his Years of Credited Service. The Participant's compensation during the period of suspension shall not be considered as Eligible Earnings. The suspension shall end when the suspended Participant again becomes an Eligible Part B Employee, at which time the Participant shall resume active participation in Part B, or when the suspended Participant has a severance from employment with CIGNA Corporation and the Related Companies, at which time the suspended Participant shall cease to be a Participant in Part B.

2.4 Participation Upon Reemployment or Transfer After the Restatement Date

  (a) Termination under Part B: Reemployment. A Participant in this Part B who terminates employment with CIGNA Corporation or a Related Company after the Restatement Date, and who subsequently is re-employed by a Participating Company as an Eligible Part B Employee, shall resume participation in Part B upon his Reemployment Commencement Date.

  (b) Termination or Suspension under Part A: Reemployment or Transfer.

   (1) A participant in Part A who terminates employment with CIGNA Corporation or a Related Company either before or after the Restatement Date, and who subsequently is reemployed by a Participating Company as an Eligible Part B Employee after the Restatement Date, shall commence

PHBF1\56252\6                                                                P 1238

-16-

participation in Part B on the date that he first becomes an Eligible Part B Employee. This provision shall apply regardless of whether the participant had commenced receiving a distribution of his Part A Accrual Benefit prior to his reemployment.

(2) A participant in Part A who is a suspended participant on the Restatement Date and who, as a result of a subsequent transfer of employment, becomes an Eligible Part B Employee, shall commence participation in Part B on the date that he first becomes an Eligible Part B Employee.

(3) A former participant in Part A who is described in subparagraph 2.4(b)(1), above shall have his Part A Accrued Benefit converted into an Initial Retirement Account as of the date he commences participation in this Part B, unless the provisions of subparagraph 2.4(b)(4) are applicable.

(4) A former participant in Part A who is described in subparagraph 2.4(b)(1) or (2), above shall not have his Part A Accrued Benefit converted into an Initial Retirement Account if:

    a. He has attained age 65; or

    b. He received or commenced receiving a distribution of his Part A Accrued Benefit before his Reemployment Commencement Date, unless such distribution was:

        1. a deemed distribution of $0, and the Participant's Years of Vesting Service earned under Part A are not disregarded under subparagraph 3.2(c)(2); or

        2. an involuntary cash-out with respect to which buy-back rights are attached, and the Participant repays such distribution (plus interest), in accordance with the applicable provisions of Part A in effect at the time he received the distribution, in which event the Participant's Part A Accrued Benefit shall be converted into an Initial Retirement Account at the time he makes such repayment.

Such Participant's Part A Accrued Benefit shall be maintained (in accordance with the applicable provisions of Part A) separately from the benefit he accrues under this Part B following the date that he first becomes an Eligible Part B Employee.

PHBFI\56252\6

P 1239

-17-

CIGNA PENSION PLAN

PART B

(Amended and Restated Effective January 1, 1998)

ARTICLE I - Definitions

The following defined terms are indicated by the capitalized initial letters wherever they appear in Part B.

1.1  "Accrued Benefit" shall mean a Participant's accrued benefit under this Part B, determined in accordance with paragraphs (a), (b), and (c) below.

    (a)    General Rule. Except as provided in paragraph 1.1(b) or 1.1(c), a Participant's Accrued Benefit, expressed in the form of an immediate lump sum distribution, shall be an amount equal to the balance of his Retirement Account on the date of determination.

    (b)    Special Rule When Floor Interest Rate Applies. With respect to a Participant whose Benefit Commencement Date occurs in a Plan Year in which the interest rate for purposes of Interest Credits is the Floor Interest Rate, such Participant's Accrued Benefit, expressed in the form of an immediate lump-sum distribution, shall not be less than an amount which is the present Equivalent Actuarial Value (determined using the Applicable Interest Rate and the Applicable Mortality Table) of the Participant's Retirement Account Annuity Benefit.

    (c)    Minimum Benefit. In the case of a Participant who has a Part A Accrued Benefit which is converted into an Initial Retirement Account, such Participant's Accrued Benefit, expressed in the form of an immediate lump sum distribution, shall in no event be less than the present Equivalent Actuarial Value (determined using the Applicable Interest Rate and the Applicable Mortality Table) of the Participant's Minimum Benefit.

1.2  "Acquired Entity" shall mean a corporation or unincorporated entity that is acquired by CIGNA Corporation or a Related Company.

1.3  "Actuary" shall mean the enrolled actuary who is appointed to make actuarial determinations or certifications for the Plan.

1.4  "Adjustment Factor" shall mean the applicable cost of living adjustment factor prescribed by the Secretary of the Treasury, in accordance with Code Section 415(d), as amended by the Uruguay Round Agreements Act.

PHBF1\56252\6

P 1240

-1-

for such Plan Year. Notwithstanding the foregoing, the Integration Level for the 1998 Plan Year shall be $34,000.

1.30 "Interest Credits" shall mean the amounts added to a Participant's Retirement Account under section 4.2.

1.31 "Lincoln" shall mean Lincoln National Corporation, or any subsidiary or successor.

1.32 "Minimum Benefit" shall mean, in the case of a Participant who has a Part A Accrued Benefit which is converted into an Initial Retirement Account, the Participant's Part A Accrued Benefit, expressed in the form of a single life annuity commencing at the Participant's Normal Retirement Date. Notwithstanding the foregoing, if:

(a) the Participant survives to his Benefit Commencement Date and has a Spouse as of such Date; and

(b) such Spouse would have been eligible for a Preserved Spouse's Benefit under section 6.4 of Part A, or any successor thereto (as in effect on the later of December 31, 1997 or the date the Participant ceases accruing benefits under Part A), had the Participant been covered by Part A as of his Benefit Commencement Date,

the Participant's Part A Accrued Benefit, expressed in the form of a single life annuity, shall be increased by the Equivalent Actuarial Value of the applicable Preserved Spouse's Benefit.

For purposes of determining a Participant's Minimum Benefit under this section 1.32, if the Actuary estimates any of a Participant's salary history on which his annual primary old age insurance benefit under the Social Security Act is based:

(a) such estimate shall be made in accordance with Revenue Ruling 84-45;

(b) if the Participant supplies documentation of his actual salary history for years previously estimated by the Actuary, his annual primary old age insurance benefit under the Social Security Act based on such actual salary history shall be calculated and the Participant's Minimum Benefit shall be recalculated using such annual primary old age insurance benefit, provided that the Participant must supply such documentation within a reasonable period of time following the later of his severance from employment or the time he is notified of the benefit to which he is entitled; and

(c) except in cases where it is clear that this section 1.32 is not applicable, the Plan Administrator shall provide the Participant with notice of his right to supply actual salary history in accordance with Revenue Ruling 84-45.

John G. Arko
Director, Retirement Benefits
Office of the Plan Administrator

**CIGNA**®

October 26, 2001

Routing TL17B
1601 Chestnut Street
Philadelphia PA 19192
Telephone 215.761.2562
Facsimile 215.761.5510
john.arko@cigna.com

Ms. Gisela Broderick
143 Old Post Road
Tolland, CT 06084

Dear Ms. Broderick:

Allow me to provide a response to your August 21, 2001 letter to Stewart Beltz. I understand you remain concerned about the benefit you are earning under the CIGNA Pension Plan. While Stewart Beltz's letter of July 31, 2001 explains exactly how the rules of the Plan work given your specific circumstances, I'd like to offer a further explanation of your benefits.

The CIGNA Pension Plan benefit you've earned to date, including the benefit you earned before your initial termination date on December 31, 1997, can not be reduced. Doing so would violate not only ERISA regulations but also the terms of the Plan. What has changed for you is how you are earning pension accruals since your rehire date. You are earning Benefit Credits and Interest Credits per the account balance, Part B schedule, provisions of the Pension Plan. Based on your age and credited service, your Benefit Credits are 7.0% of your earnings up to half of the Social Security wage base ($40,200 for the 2001 Plan Year) and 8.5% of your earnings above that amount.

To attract high quality employees, we need to ensure that our benefits are at least as good as those found at companies with whom we compete for talent. And we believe they are. Our retirement program, which consists of the CIGNA Pension, 401(k) and Retiree Health Care Plans, is a generous, solid retirement program. Some of our competitor companies do not even have a defined benefit pension plan as we do, let alone subsidized retiree healthcare benefits. We have both of those benefits along with the CIGNA 401(k) Plan, which provides a fixed match and an annual variable match. They are 50% and up to 34% of your contributions up to 6% of pay, respectively. For the 2000 Plan Year, the variable match was 21%, so employees that participated in the Plan received 71% of their contributions up to 6% of pay as their total company match. Indeed, CIGNA's retirement program, combined with all other Signature Benefits, provides a very competitive set of benefits.

As explained to you in his July 31, 2001 letter, Stewart Beltz, the Plan Administrator has determined that, given your employment history, you are earning benefits under the appropriate Pension Plan schedule. While the Plan Administrator has made a determination based on your current circumstances, you may, of course, appeal again should the facts or

P 1244

Ms. Gisela Broderick
October 26, 2001
Page 2

circumstances change. The appeal process is explained on pages J-8 and J-9 of the CIGNA Pension Plan Summary Plan Description.

I hope this letter has lessened your concerns about your pension benefits and I appreciate your efforts to understand them. If you'd like to discuss this issue further, please call Stewart Beltz at 215.761.4601 or me at 215.761.2562. If you have questions about any other benefits you are receiving, please contact Signature Benefits Services at 1.800.551.3539.

Sincerely,

John Arko

P 1245