UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| JANICE C. AMARA, GISELA R. BRODERICK, ANNETTE S. GLANZ individually, and on behalf of others similarly situated, | 3:01 CV 2361 (MRK) |
| | Trial Date: 09/11/06 |
| Plaintiffs, | |
| v. | |
| CIGNA CORP. AND CIGNA PENSION PLAN, | |
| Defendants. | |

---

**MEMORANDUM REGARDING DEFENDANTS' RESPONSES
TO PLAINTIFFS' ADDITIONAL PROPOSED TRIAL EXHIBITS NOS. 200 - 216**

Along with their Reply to Defendants' Trial Brief, Plaintiffs filed a list of additional proposed trial exhibits, consisting of Exhibit Nos. 200-216. [See dkt #188]. Defendants CIGNA Corporation ("CIGNA") and CIGNA Pension Plan (the "Plan") (together, "Defendants"), by and through counsel, hereby object to Plaintiffs' Proposed Exhibit ("PPE") Nos. 200, 202, 203, 205, 206, 210, 211 and 215 on the specific bases set forth in detail below.[1] Defendants respectfully request that the Court bar the admission of these PPEs at the upcoming bench trial pursuant to the Federal Rules of Evidence.

---

[1] As noted in the attached spreadsheet reflecting Defendants' stipulations and responses to Plaintiffs' Additional Proposed Trial Exhibits, Defendants hereby stipulate to Plaintiffs' Additional Proposed Exhibit Nos. 201, 204, 207-209, 212-214 and 216.  See Ex. A, attached hereto.

1

## I. INTRODUCTION

As stated at length in Defendants' initial Memorandum Regarding Defendants' Responses to Plaintiffs' Proposed Trial Exhibits Nos. 1 - 199, Plaintiffs bring this class action against Defendants alleging violations of the Employee Retirement Income Security Act ("ERISA"), and their claims turn exclusively on the text of the Plan documents and certain specific written disclosures to the Plan participants.

Nonetheless, in addition to the first 199 exhibits Plaintiffs proposed, Plaintiffs seek to admit sixteen (16) further trial exhibits. For the reasons stated below, certain of these additional proposed trial exhibits are inadmissible, irrelevant and of no probative value, since they shed no light on whether the Plan violates ERISA, whether CIGNA's SPDs and Section 204(h) notice satisfied ERISA's disclosure requirements, or whether CIGNA violated Section 204(g) of ERISA. Defendants see no reason to burden the Court with these materials, the admission of which would be entirely prejudicial to Defendants, and would only waste the time of the Court and the parties.

## II. ARGUMENT

### A. Proposed Exhibit Nos. 202, 206, 210 and 215 Are Not Proper Trial Exhibits.

PPE Nos. 202, 206, 210 and 215 are not proper trial exhibits, as they are not competent evidence to be presented before a fact-finder. Rather, PPE No. 202, which is a 1986 House Conference Report 99 – 453, dated December 19, 1985, and PPE No. 206, which is a copy of a Treasury Department regulation as published in the August 22, 1988 edition of the Federal Register, constitute legal authority, and are not competent evidence to be entered as an exhibit at trial.

Likewise, PPE No. 215, which is the May 9, 2000 transcript of a hearing in the United States District Court for the District of New Jersey, purports to be legal authority, or Plaintiffs

intend to rely on the legal findings of the presiding district judge as represented in that transcript, but also is not competent evidence to be entered as an exhibit at trial.

Finally, PPE No. 210, which is Defendants' Reply Memorandum of Law in Support of Motion of Defendants to Decertify the Class, is a document on this Court's docket which was filed on or about July 26, 2004. Again, this document is not competent evidence to be entered as an exhibit at trial.

### B. Proposed Exhibit No. 200 Is Inadmissible Hearsay That May Not Be Admitted To Prove The Truth Of The Matters Asserted Therein.

Defendants object to the admission of PPE No. 200, which is a letter from Defendants' expert, Lawrence J. Sher, to United States Treasury Attorney Richard C. Shea, for purposes of proving the truth of the matters asserted therein, on the basis that it constitutes inadmissible hearsay.

Federal Rule of Evidence 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). While Rules 803 and 804 permit the admission of certain hearsay documents that fall into limited specific categories of exceptions (e.g., public records, recorded collections), none of those exceptions even arguably applies to this PPE, which consists solely of a letter written by Defendants' expert, Lawrence Sher, who Defendants plan to call at trial. While Plaintiff may use PPE No. 200 on cross examination, provided that the document is relevant to this case, no basis exists for the admission of this document as an exhibit.

### C. Certain Proposed Exhibits Have No Bearing On The Issues In This Case And Should Be Excluded As Irrelevant, Unduly Prejudicial And A Waste Of Time To The Court And The Parties.

Defendants further object to PPE Nos. 200, 203, 204, 205 and 211 on the grounds that they are irrelevant under Fed. R. Evid. 401 and 402, and are otherwise unduly prejudicial and a waste of time to the Court and the parties under Fed. R. Evid. 403.

As stated above, this case depends almost entirely on the written terms of Part B, the applicable written communications which Plaintiffs allege were deficient, and any documents reflecting the fact that Plaintiffs and the testifying class members suffered no likely or actual harm as a result of such alleged deficiencies. As a result, where the PPEs do not inform the Court's analysis and are not relevant to the final determination of these claims, they can only serve as a distraction and should be excluded, as next explained.

#### 1. Correspondence Between Lawrence Sher and Richard Shea, Esq.

Again, PPE No. 200 consists solely of a letter from Defendants' expert, Lawrence Sher, to U.S. Treasury Attorney Richard Shea. The letter sets forth, in very general terms, the position of Kwasha Lipton, Mr. Sher's firm, regarding cash balance plans. As such, PPE No. 200 is totally irrelevant and unduly prejudicial, as the opinions expressed in it regarding the legality of cash balance plans have no bearing on the claims or defenses, since CIGNA's intent is not an issue in this matter.

#### 2. CIGNA HealthCare Advertisements For Employee Heath and Welfare Benefits

PPE No. 203 includes two advertisements published by CIGNA which promote CIGNA HealthCare to other businesses. These advertisements do not even reference pension benefits—but rather health and welfare benefit services provided by CIGNA HealthCare to other businesses.

### 3. **Depenbrock Materials**

PPE No. 205, like PPE Nos. 74 and 136, relate to the decision of the Third Circuit in Depenbrock v. CIGNA Corp., 389 F.3d 78 (3d Cir. 2004), and are irrelevant to the claims in this litigation. Moreover, Plaintiffs' argument regarding CIGNA's compliance with the Depenbrock Order rests on an incorrect reading of that Order, which directed only that the benefits of one individual – John Depenbrock – be recalculated. The court in Depenbrock did not require the Plan Administrator to recalculate benefits for anyone else besides Mr. Depenbrock. Nonetheless, since the issuance of that Order, the Plan Administrator has recalculated the benefits of all participants who Plaintiffs claim were affected by Depenbrock. To ensure that he administers the Plan in a manner that is consistent with the decision.

### 4. **Litigation Materials**

Finally, PPE Nos. 204 and 211, which are cover letters prepared and signed by Defendants' counsel enclosing documents responsive to Plaintiffs' requests for production,[2] are litigation materials that are completely irrelevant and have no bearing on the claims or defenses presented in this matter.

---

[2] Defendants do not object to the document attached to PPE no. 204, which is a March 29, 1996 letter from Donald Levinson, Executive Vice President of Human Resources & Services for CIGNA, to Stewart M. Beltz, Assistant Vice President-Benefits for CIGNA, identified as SUPPD1098.

5

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Proposed Exhibits Nos. 200, 202, 203, 205, 206, 210, 211 and 215 should not be admitted as exhibits at trial.

Dated:  August 30, 2006                              **MORGAN, LEWIS & BOCKIUS LLP**

By:  /s/ Joseph J. Costello_____
Joseph J. Costello
Jeremy P. Blumenfeld
Jamie M. Kohen
*Admitted pro hac vice*
1701 Market Street
Philadelphia, Pennsylvania  19103-2921
(215) 963-5295/5258/5472
(215) 963-5001 (fax)
jcostello@morganlewis.com
jkohen@morganlewis.com

**ROBINSON & COLE**
James A. Wade (CT # 00086)
280 Trumbull Street
Hartford, Connecticut  06103
(860) 275-8270
(860) 275-8299 (fax)
jwade@rc.com

*Attorneys for Defendants
CIGNA Corporation and CIGNA Pension Plan*

6

**LIST OF DEFENDANTS' RESPONSES TO PLAINTIFFS' ADDITIONAL PROPOSED TRIAL EXHIBITS**

**AMARA v. CIGNA (CIV. 01 - 2361)**

| Ex. No. | Ex. Description* | Bates No. | Stipulated | Objection Hearsay | Objection Relevance/ Fed. R. Evid. 403 |
|---|---|---|---|---|---|
| | **BINDER VI** | | | | |
| 200. | Lawrence Sher, *Tax Notes* (April 1991): "Cash Balance Plans Can Meet the Defeined-Benefit Qualification Requirements, Says Kwasha Lipton" (with second copy) | (Pl. Dep. Ex. 86) | | X | X |
| 201. | CIGNA 2004 Form 5500 Schedule of Active Participants | Public Record | Stipulated | | |
| 202. | 1986 House Conference Report 99 - 453 on OBRA, December 19, 1985 | Public Record | Not an Exhibit | | |
| 203. | CIGNA advertisements from June/July 2006 issues of the *Washington Business Journal* | Periodical | | | X |
| 204. | September 15, 2006 letter from CIGNA's counsel producing March 1996 internal memorandum from Don Levinson appointing Stewart Beltz as plan administrator | SUPPD1098 | | | X** |
| 205. | CIGNA's Memorandum in Opposition of Plaintiff's Proposed Form of Order in Depenbrock v. CIGNA. | (C.A. 01-6161 E.D. Pa.) | | | X |
| 206. | 53 Fed. Reg. 31837, 31849 (Aug. 22, 1988). | | Not an Exhibit | | |
| 207. | Kanuary 2006 DBRK print-outs of class members who selected lump sum distributions instead of more valuable annuity options. | SUPPD1980, 2234, 2351, 2378 | Stipulated | | |

*Even where Defendants stipulate to the admissibility of certain exhibits, Defendants do not stipulate to Plaintiffs' characterization of the documents.

** Defendants do not object to the document attached to PPE No. 204, which is a March 29, 1996 letter from Donald Levinson, Executive Vice President of Human Resources & Services for CIGNA, to Stewart M. Beltz, Assistant Vice President-Benefits for CIGNA, identified as SUPPD1098.

| Ex. No. | Ex. Description* | Bates No. | Stipulated | Objection Hearsay | Objection Relevance/ Fed. R. Evid. 403 |
|---|---|---|---|---|---|
| 209. | Letters from CIGNA to Ms. Broderick refusing to return her to the Part A plan and denying her appeals. | P 1228 - 1232, 1236 - 1241, 1244 - 1245 | Stipulated | | |
| 210. | CIGNA's Reply Memorandum of Law in Support of Motion to Decertify the Class. | (Dkt. # 88) | Not an Exhibit | | |
| 211. | March 12, 2004 letter to CIGNA's counsel with supplemental document production from Janice Amara, including release. | Served but not numbered. | | | X |
| 212. | Cover letters for Agreement and Release of Janice Amara and Annette Glanz. | P 1137, P 2332 | Stipulated | | |
| 213. | CIGNA Severance Pay Plan 2002 Summary Plan Description. | P 2301 - 2331 | Stipulated | | |
| 214. | March 28, 2005 CIGNA Agreement and Release with revised exception for "claims for benefits." | SUPPD4284 - 4290 | Stipulated | | |
| 215. | May 9, 2000 transcript of hearing in *Engers v. AT&T*, granting Plaintiffs' motion for a preliminary injunction. | (C.A. 98-3660 D.N.J.)(dkt #56-57) | Not an Exhibit | | |
| | **Additional Deposition Extract** | | | | |
| 216. | Deposition of John Arko on April 28, 2006 | Tr. At: 37-44, 129-140, 297-304, 325-26 | Stipulated | | |