The amount of the annual **benefit credit** you can earn will generally increase as your age, your years of **credited service** and your **eligible earnings** increase.

> Note: The IRS limits the amount of **eligible earnings** upon which benefits can be based. For 2006, this limit is $220,000. This amount is adjusted for inflation annually.

Here are examples of the annual **benefit credits** that would apply at different earnings levels and years of **credited service**. The examples assume that the integration level is $47,100.

| EXAMPLES OF ANNUAL BENEFIT CREDITS | | | | | |
|---|---|---|---|---|---|
| **Annual Benefit Credits** | | | | | |
| **Eligible Earnings** | **Less than 35 points** | **35 to 44 points** | **45 to 54 points** | **55 to 64 points** | **65+ points** |
| **$30,000** | $900 | $1,200 | $1,500 | $1,800 | $2,100 |
| **50,000** | 1,544 | 2,044 | 2,544 | 3,044 | 3,544 |
| **70,000** | 2,444 | 3,144 | 3,844 | 4,544 | 5,244 |
| **100,000** | 3,794 | 4,794 | 5,794 | 6,794 | 7,794 |
| **150,000** | 6,044 | 7,544 | 9,044 | 10,544 | 12,044 |

*Example - calculating the base benefit credit:*

Sue is 41 years old, had 10 years of **credited service** at the end of 2005 and had $25,000 of **eligible earnings** in 2006. Sue's 2006 **benefit credit** would be calculated as follows:

| 2006 eligible earnings | $25,000 |
|---|---|
| base benefit credit percentage* | x 5% |
| benefit credit amount for 2006 | $1,250 |

* 41 years of age + 10 years of **credited service** = 51 points = 5% **benefit credit**

*Example — calculating the base and excess benefit credits:*

Sara is 55 years old, had 16 years of **credited service** at the end of 2005, and had $98,000 of **eligible earnings** in 2006. Sara's **benefit credit** for 2006 would be calculated as follows:

| **Base benefit credit** | |
|---|---|
| 2006 eligible earnings up to Integration Level ($47,100) | $47,100 |
| base benefit credit percentage* | x 7% |
| base benefit credit amount for 2006 | $3,297 |
| **Excess benefit credit** | |
| 2006 **eligible earnings** above Integration Level ($98,000 - 47,100 = $50,900) | $ 50,900 |
| excess benefit credit percentage* | x 8.5% |
| excess benefit credit amount for 2006 | $ 4,327 |

* 55 years of age + 16 years of **credited service** = 71 points = 7% base **benefit credit** and 8.5% excess **benefit credit**

Sara's total **benefit credit** for 2006 is $7,624 -- the sum of $3,297 + $4,327.

You will receive a **benefit credit** for the plan year in which you die, retire or terminate employment only if you earned a year of **credited service** (1,000 hours of **credited service**) during that plan year. The amount of that **benefit credit** will be based upon your **eligible earnings** as of the date of your death, retirement or termination.

6

**Interest Credits**

Your **Plan** account also grows through accumulating **interest credits**, which are added to your account on the last day of each calendar quarter. Your account will continue to receive **interest credits** through the end of the month before your **benefit commencement date**, generally the date you receive or begin to receive your **Plan** benefit.

The **interest credit** amount for a calendar quarter is based on an annual rate equal to the lesser of:

- 9% or
- the yield on the five-year U.S. Treasury Constant Maturity Notes for the month of November of the preceding calendar year, plus 25 basis points (0.25%).

However, the annual interest rate will not be less than 4.5%. These interest rates are consistent with guidelines established by the IRS for account balance plans.

The amount of the **interest credit** added to your account is determined by applying the interest rate described above to your account balance as of the last day of the calendar quarter for which the addition is made.

**Accessing your Benefit Information**

Your account balance is updated on a quarterly basis and is reported on Prudential Retirement's website, www.prudential.com/online/retirement. The quarterly update of **benefit credits** (and related **interest credits**) is merely a projection for the current plan year until you actually earn a year of **credited service** as of December 31 for that plan year.

Following the end of each plan year, you will receive a benefits statement reporting the value of your **Plan** account updated with **benefit credits** and **interest credits** earned for that plan year.

At any time before your termination of employment with **CIGNA**, you can request an estimate of your account balance on Prudential Retirement's website, www.prudential.com/online/retirement, or by contacting Prudential Retirement at 877.778.2100. An estimate of your account balance will be mailed to your home address within 10 business days of your request. Note that the calculation provided will only be an estimate as Prudential Retirement cannot provide a final calculation until it receives verification of your employment termination date from **CIGNA**.

**Account Growth Example**

Assume that Joan, age 38, joins the **Plan** on January 1 and her **eligible earnings** are $42,000 a year, or $10,500 per calendar quarter. Assume the annual **interest credit** rate is 5.00%, or 1.25% per calendar quarter. Based on her age, Joan will accrue a 4% **benefit credit** each quarter. Here is an example that shows how Joan's account grows over the course of one year by the accumulation of **benefit credits** and **interest credits**.

| Quarter Ending | Beginning of Quarter Balance | Interest Credit | Benefit Credit | End of Quarter Balance |
|---|---|---|---|---|
| March | $0 | $0 | $420 | $420 |
| June | $420 | $5.00 | $420 | $845 |
| September | $845 | $11.00 | $420 | $1,276 |
| December | $1,276 | $16.00 | $420 | $1,712 |

Joan will, however, be entitled to receive that year's **benefit credit** only if she earns a year of **credited service** by December 31, or, if earlier, by her death, retirement or termination.

## PLAN SERVICE

Two types of service are used under **Part B -- credited service** and **vesting service**. Both types of service are measured by counting your **hours of service** during any plan year (see **Counting Service** below). The plan year is the calendar year, January 1 to December 31.

### Credited Service

**Credited service** determines (a) whether your **Plan** account will receive a **benefit credit** for a particular plan year and (b) the number of **points** used in determining your **benefit credit** percentage. **Credited service** is measured by counting only your **hours of service** with those **CIGNA companies** that participate in the **Plan** and only during times when those companies are participating in the **Plan**.

#### *Special Rule for Employees on an International Payroll*

This special rule applies to you if you are an **eligible employee** on or after January 1, 2003 and, before you became an **eligible employee**, you had been employed by a **CIGNA company** that paid you on an international payroll.

In calculating your **points** after you become an **eligible employee** under **Part B**, your years of **credited service** will include the years of **credited service** you would have earned under **Part B** if you had been an **eligible employee** when you were paid by the **CIGNA company** from the international payroll. This extra service is counted in determining your **benefit credits** on or after January 1, 1998.

### Vesting Service; Becoming Vested

**Vesting service** determines when you become vested in (that is, when you have a non-forfeitable right to receive) the benefit you earn under the **Plan**. You become vested under **Part B** when you complete five years of **vesting service** or, if earlier, reach **normal retirement age** (provided you are a **CIGNA** employee on that date). If you leave **CIGNA** before you become vested, you will forfeit your **Plan** benefits. **Vesting service** is measured by counting all of your **hours of service** with any **CIGNA company**, even one that does not participate in the **Plan.**

#### *Special Rule for Employees of Acquired Companies*

This special rule applies to you if you are employed by a company when a **CIGNA company** acquires it.

- If the acquired company becomes a participating company in the **Plan** any time after the acquisition, then your **vesting service** includes your prior service with the acquired company. "Prior service" is the service you earned under the acquired company's tax-qualified retirement plan. If the acquired company had no such plan, "prior service" is your most recent continuous period of employment with the acquired company ending on the acquisition date.

- If the acquired company does not become a participating company in the **Plan**, your **vesting service** includes only your service from the acquisition date, unless CIGNA Corporation specifically permits your pre-acquisition service with the acquired company to count as **vesting service**.

### Counting Service

Your **credited service** and **vesting service** is counted in years and hours. You earn a **year of service** for each plan year in which you have at least 1,000 **hours of service**. Remember, your **year of service** will count as a year of **vesting service** if it is earned with any **CIGNA company**, even one not participating in the **Plan**; however, that same **year of service** will count as a year of **credited service** only if it is earned with a **CIGNA company** that participates in the **Plan**.

An **hour of service** is generally any hour for which you receive pay, whether or not you are actually working (for example, a vacation day counts toward your service). If your **hours of service** add up to at least 1,000 in a plan year, you will earn a **year of service** for that plan year. For purposes of determining a **year of service**, you are credited with an **hour of service** for the plan year in which you are paid for that **hour of service**.

Generally, your service is counted from the date you become an **eligible employee** and continues to be counted until you:

- Terminate employment with **CIGNA** (quit, retire or are discharged);
- Die;
- End an approved leave of absence (whether paid or unpaid); or

- Transfer to a non-participating **CIGNA company** (however, you will continue to earn **vesting service**).

## IF YOU ARE REHIRED BY CIGNA

If you are rehired as an **eligible employee**, you'll immediately begin participating in **Part B** if the **CIGNA company** that rehires you participates in the **Plan**.

Otherwise, if you participated in **Part B** before your earlier termination of employment, what happens to your **vesting service** and any earlier **Part B** benefit upon your rehire will depend upon a number of factors as described in this section.

### Breaks in Service

If you are not vested in your **Plan** benefit when your employment with **CIGNA** terminates, you will forfeit your **Plan** account balance and your accumulated years of **vesting service**.

If you are rehired as an **eligible employee**:

- *BEFORE* you have five consecutive one-year **breaks in service**, then your pre-break account balance and your pre-break years of **vesting service** will be restored, but your restored account balance will not receive **interest credits** for the period from the date of forfeiture to the date of restoration.

- *AFTER* you have five consecutive one-year **breaks in service**, neither your pre-break account balance nor your pre-break years of **vesting service** will be restored and you will be considered a new employee.

You have a one-year **break in service** in any plan year in which you receive credit for fewer than 501 **hours of service**.

A special rule for counting **hours of service** applies to help you avoid having a one-year **break in service** when you are on a **parental leave of absence**: during any continuous period of a **parental leave of absence** up to 501 hours that you would have worked but for the absence will be counted as **hours of service**.

If you had a vested **Plan** benefit when your employment with **CIGNA** terminated, the **break in service** rules do not apply to you. You keep your vested status upon your rehire.

### Your Post-Rehire Plan Account

After your rehire as an **eligible employee**, the **points** used to determine your **benefit credits** will include your years of **credited service** both before your termination and after your rehire. Otherwise, if you had a vested **Plan** benefit when your employment with **CIGNA** terminated, the effect on your **Plan** account of resumed participation in **Part B** depends upon your **Plan** benefit payment status on your rehire date:

- *If you received a lump sum payment of your vested account before your rehire date*, you will have a new **Plan** account with a zero balance when you resume participation.

- *If you are receiving your **Plan** benefit in an annuity form as of your rehire*, you will have a new **Plan** account with a zero balance when you resume participation. In addition, your annuity payments may be suspended when you return to employment with **CIGNA**. If you are:

  - *Younger than 65 at rehire:*

    Your monthly **Plan** benefit payments stop starting with any calendar month in which you work at least 80 hours for any **CIGNA company**. Benefit payments resume as of the first day of the month after the month you work less than 80 hours for any **CIGNA company**.

  - *65 or older at rehire:*

    Your monthly benefit payments continue while you work and earn an additional benefit.

- *If you received no **Plan** benefit payment before your rehire,* **benefit credits** you earn after your rehire are added to your existing **Plan** account.

## IF YOU TRANSFER BETWEEN CIGNA COMPANIES

If you transfer between two **CIGNA companies** that participate in the **Plan** and you remain an **eligible employee**:

- you'll continue to earn **credited service** and **vesting service** and your account will continue to receive **benefit credits** and **interest credits** without interruption.

If you transfer *TO* a **CIGNA company** that does not participate in the **Plan**:

- You will no longer be an **eligible employee**. You will become a suspended participant, and you will not accrue additional **benefit credits** under the **Plan** because you will no longer be earning **credited service**.
- Your account will continue to receive **interest credits** after your transfer, and your **hours of service** will continue to be counted in measuring your **vesting service**.
- In the year of the transfer, only the **hours of service** you earned as an **eligible employee** before your transfer will be used to determine if you have earned a year of **credited service** and, if so, only your **eligible earnings** before your transfer will be used in calculating your **benefit credit** for that year.

If you transfer *FROM* a **CIGNA company** that does not participate in the **Plan** to a position as an **eligible employee**:

- Your **hours of service** before your transfer will be counted in measuring your **vesting service** but not your **credited service**.
- Only the **hours of service** you earn after you have become an **eligible employee** will be counted in measuring your **credited service.**
- Only your compensation after your transfer will count as **eligible earnings** used to calculate your **benefit credit** for that year.

## RECEIVING YOUR BENEFIT

You may elect to receive your **Plan** benefit when you terminate your employment with **CIGNA**, regardless of your age at termination, if you are vested (see **Becoming Vested** on page 8). Your **Plan** benefit may be subject to a 10% early distribution tax imposed by the Internal Revenue Code, depending upon your age on your **benefit commencement date** and certain other factors (see **ABOUT TAXES**, page 13).

### If Your Account Balance Is $5,000 or Less

If your vested account balance is $5,000 or less and you terminate employment with **CIGNA** for any reason other than death, your benefit is not permitted to remain in the **Plan**. You will automatically receive a distribution package from Prudential Retirement 60 to 90 days after **CIGNA** reports your termination date to Prudential Retirement. The distribution package will explain your benefit amount and your payment options.

You may have your vested benefit paid directly to you in a lump sum or you may roll over your vested benefit to an **eligible retirement plan**. To do either, complete the applicable forms in your distribution package and return them to Prudential Retirement at the designated address within 80 days after you receive the distribution package.

If you do not make a payment election within 80 days after you receive the distribution package, your vested benefit will automatically be handled as follows:

- If your vested benefit is $1,000 or less, it will automatically be paid to you in a lump sum.
- If your vested benefit is more than $1,000 (but not more than $5,000), it will automatically be rolled over in approximately 90 days to an Individual Retirement Account (IRA) established in your name with Prudential Bank & Trust. The IRA will be invested in an investment product designed to preserve principal and provide a reasonable rate of return and liquidity. All related fees and expenses will be charged to your IRA.

Contact Prudential Retirement at 877.778.2100 for more information about the **Plan's** distribution options upon your termination of employment with **CIGNA**.

## If Your Account Balance Is More than $5,000

If your vested account balance is more than $5,000, and your employment with **CIGNA** terminates for any reason other than your death, your vested benefit will generally be paid in the normal form of payment (see page 11).

The **Plan** also permits you to elect other forms of benefit payment described on pages 11-12. Each optional form of payment provides a benefit that is actuarially equal to your vested benefit payable in the normal form.

You will automatically receive a distribution package from Prudential Retirement containing information about your benefit amount and your payment options 60 - 90 days after **CIGNA** reports your termination date to Prudential Retirement. To request payment of your vested benefit, complete the applicable paperwork, elect your desired form of payment, and return the election forms to Prudential Retirement at the designated address within 80 days after you receive the distribution package. If you fail to return the applicable paperwork within this 80-day period, you must request another distribution package.

If your **CIGNA** employment terminates before you reach **normal retirement age**, and you do not request an immediate distribution of your vested benefit, your vested benefit will remain in the **Plan**. You may contact Prudential Retirement (877.778.2100) at any time after you terminate employment with **CIGNA** to request a distribution package. If you have not requested a distribution by your **normal retirement date**, Prudential Retirement will automatically send you a distribution package. If you do not return the distribution paperwork with your election, your payment will be made in the normal form as of your **normal retirement date.**

If you terminate your **CIGNA** employment on or after you reach **normal retirement age**, you must begin receiving payment of your vested benefit immediately; you cannot defer payment of your **Plan** benefit.

## Payment Options

Here's a brief look at the available forms of payment you have after your **CIGNA** employment terminates if your vested account balance exceeds $5,000.

### Normal Form of Payment

The normal form of payment under the **Plan** is an annuity beginning in the month after you reach **normal retirement age**. An annuity pays your benefit in monthly installments. The type of annuity that is your normal form of payment will depend upon your marital status on your **benefit commencement date**. You may choose to begin receiving payments as of the first day of any month after you terminate employment. You don't have to wait until age 65.

- *Single Life Annuity*—This is the normal form of payment if you're not married and do not have a **domestic partner** on your **benefit commencement date**. A single life annuity provides you with equal monthly payments for your lifetime. When you die, payments end and there are no survivor benefits.

- *50% Joint and Survivor Annuity*—This is the normal form of payment if you're married or you have a **domestic partner** on your **benefit commencement date**. Your monthly payments begin on your **benefit commencement date** and continue until your death. After you die, your spouse or **domestic partner** (or other designated contingent survivor) will receive a 50% Survivor Annuity -- monthly payments equal to 50% of the amount you had been receiving -- for the rest of his or her lifetime, provided that person outlives you.

  There is no Survivor Annuity if your spouse or **domestic partner** (or other designated contingent survivor) dies before you. You "pay for" the Survivor Annuity feature because the monthly payments during your lifetime are lower than if you receive a Single Life Annuity form of payment.

Under either annuity form, the last lifetime monthly payment is for the month during which you or your survivor dies, whichever is later. The first monthly payment will include a "catch-up payment" for any monthly retirement benefits from the **benefit commencement date** until the date that payment of benefits actually begins.

### Optional Forms of Payment

Instead of the normal form of payment, you may choose one of the optional forms of payment described below. Please note, if you're married or have a **domestic partner** and elect a payment option other than the 50% Joint and Survivor

Annuity (or the Life Annuity with 100% Contingent Survivor Annuity with your spouse or **domestic partner** as your beneficiary), you must have the written, notarized consent of your spouse or **domestic partner**. (See **Rights of Spouses and Domestic Partners**, page 18.)

- *Lump Sum*—You receive a single lump sum cash payment equal to your vested account balance.
- *Single Life Annuity*— See description above.
- *Single Life Annuity with cash refund*—This option is similar to the Single Life Annuity. However, if you die before the total of the monthly payments you have received equals the amount of your vested account balance on your **benefit commencement date**, then the shortfall between the total payments received and your vested account balance will be paid in a lump sum to your beneficiary.

  > For example, your vested account balance is $20,000 on your **benefit commencement date** and you receive only $7,500 worth of monthly payments by the time you die. Your beneficiary will receive a lump sum payment of $12,500 after you die.

  To "buy" this added protection, your monthly payments will be less than under a regular Single Life Annuity form of payment.

- *Life Annuity with 50% Contingent Survivor Annuity*—This option is similar to the 50% Joint and Survivor Annuity, except that you may name anyone you wish as your designated contingent survivor. Payments equal to 50% of your monthly benefit payments will be made to your designated contingent survivor for his or her lifetime -- provided he or she outlives you.
- *Life Annuity with 100% Contingent Survivor Annuity*—This option is similar to the Life Annuity with 50% Contingent Survivor Annuity, except that the monthly payments you will receive will be smaller and the payments your designated contingent survivor receives after your death will equal 100% of your monthly payments.

The following chart shows benefit amounts under the normal and optional forms of payment for a **CIGNA** employee who retires at age 62 with a vested account balance of $200,000 and a beneficiary/contingent survivor age 62.

| If you elect this method of payment… | You can receive a monthly benefit of… | After your death, your beneficiary (or contingent survivor) receives a monthly benefit of… |
|---|---|---|
| **Normal Forms of Payment** | | |
| • Single Life Annuity | $1,379.90 for Life | $0 |
| • 50% Joint and Survivor Annuity | $1,290.48 for Life | $645.24 for Life |
| **Optional Forms of Payment** | | |
| • Lump Sum | One-time payment of $200,000 | $0 |
| • Single Life Annuity with Cash Refund | $1,312.70 for Life | Any remaining account balance in a lump sum |
| • 50% Contingent Survivor Annuity | $1,290.48 for Life | $645.24 for Life |
| • 100% Contingent Survivor Annuity | $1,211.83 for Life | $1,211.83  for Life |

*5.50 % interest rate is used in this example.*

### Special Payment Options for Former Employees of the Roos-Loos Medical Group

If you are a former employee of the Roos-Loos Medical Group, Inc. and you were eligible to participate in the Roos-Loos Medical Group, Inc. Defined Benefit Pension Plan on August 8, 1981, you may, in addition to the forms of payment described above, elect to receive your vested **Plan** benefit in the form of (i) an annuity for your life with 120

payments certain, so that if you die before your receive 120 monthly payments, the remaining guaranteed monthly payments will be paid to your beneficiary, or (ii) an installment annuity guaranteed payable for 120 months.

**Effect of interest rates on your annuity payments**

If you elect to receive payment of your vested **Plan** benefit in the form of an annuity, your vested account balance will be converted to monthly installment payments for life based on certain actuarial factors. These factors include:

- An applicable interest rate;
- Your life expectancy based on your age at **benefit commencement date** based on a mortality table required by the IRS; and
- The form of payment you choose.

The applicable interest rate used for this calculation is set as of your **benefit commencement date** and is based on the annual interest rate on 30-year U.S. Treasury Securities for November of the preceding calendar year.

The applicable interest rate for the year in which the payment of your annuity begins is important in determining the monthly amount you receive for the entire period of the annuity. For example, assume you were to begin receiving payment of your annuity at age 61 and your future life expectancy at that age is 21 years. If your vested account balance was $252,000, your monthly annuity payment, assuming an interest rate of 6 percent, would be about $1,800 per month.

The chart below shows the effect on the monthly amount of a 1% plus or minus change in the applicable interest rate:

| If your cash balance account balance is... | And the prior November's average 30-year U.S. Treasury bond rate is... | Your monthly annuity payment would be about... |
|---|---|---|
| | 5% | $1,647 |
| $252,000 | 6% | $1,800 |
| | 7% | $1,955 |

In determining the year in which you wish to begin receiving payment of your annuity, you should consider the impact of the applicable interest rate. This is especially true late in the year when the interest rate that will be used for the following year has already been announced. You may have the opportunity to have your annuity determined using the current year's applicable interest rate or, by postponing your **benefit commencement date** for a month or two, using the following year's rate. The higher the interest rate, the higher the monthly annuity payment when your vested account balance is converted into an annuity.

## ABOUT TAXES

Payment of your vested **Plan** benefit is subject to federal income tax. State and local income and inheritance taxes on the payment of vested **Plan** benefits vary by state and county.

Because the **Plan** is a tax-qualified retirement plan, the IRS generally imposes a 10% penalty tax on "early" distributions – those you receive before age 59½. However, this 10% tax will *not* apply if:

- The distribution is made after you reach age 59½;
- The distribution is made after you terminate employment with **CIGNA** and you are at least age 55 when you terminate employment;
- The distribution is made due to your death or disability;
- You roll over your distribution to an **eligible retirement plan**;
- The distribution is paid to you as equal (or almost equal) payments over your life (or life expectancy) or the joint lives (or joint life expectancies) of you and your beneficiary;
- The distribution is made to your spouse, child or other dependent, as required under the terms of a qualified domestic relations order; or
- The distribution is to pay for unreimbursed medical expenses, as defined by the IRS.

13

## DEATH BENEFITS

### If You Die Before Becoming Vested

If you die before becoming vested in your **Plan** benefit, no benefit will be payable to anyone after you die.

### If You Die Before Your Benefit Commencement Date

If you die after becoming vested in your **Plan** benefit but before your **benefit commencement date**, your vested account balance will be paid to your beneficiary. If your vested account balance is more than $5,000, your beneficiary may choose a lump sum payment or a single life annuity. If your vested account balance is $5,000 or less, your beneficiary will be paid in a lump sum.

If your beneficiary is your surviving spouse, he or she may keep your vested account balance in the **Plan** until *you* would have reached age 65. A beneficiary other than your spouse must either:

- Begin to receive a single life annuity by December 31 of the year following the year of your death; or
- Receive a lump sum payment by December 31 of the fifth year following the year of your death.

**Interest credits** will continue to be allocated to your account until the month before your beneficiary's **benefit commencement date.**

### Choosing a Beneficiary

If you're married or have a **domestic partner**, your spouse or **domestic partner** will automatically be your beneficiary, unless he or she consents in writing, within 90 days prior to your **benefit commencement date**, to your election of a different beneficiary and the consent is notarized.

If you have no surviving spouse or **domestic partner** and you have not named a beneficiary, your vested benefit will be paid in a lump sum to the first available of:

- Your surviving natural and adopted children (in equal shares);
- Your surviving parent(s) (in equal shares); or
- Your estate.

Beneficiary forms are available on the Your CIGNA Life website, **CIGNA**'s intranet site, or by contacting Prudential Retirement at 877.778.2100.

### If You Die After Your Benefit Commencement Date

If you die after your **benefit commencement date**, whether a death benefit is available depends on the form of payment you selected for your **Plan** benefit. The following chart summarizes the alternatives:

| If you your Plan benefit is paid as a…. | Your beneficiary (or contingent survivor) will receive… |
|---|---|
| **Lump Sum** | Nothing; no benefits payable after your death. |
| **Single Life Annuity with a cash refund** | A lump sum, if due. |
| **Single Life Annuity** | Nothing; no benefits payable after your death. |
| **Life Annuity with 50% Contingent Survivor Annuity** | Payments for the rest of his or her life, but only if he or she survives you. |
| **Life Annuity with 100% Contingent Survivor Annuity** | Payments for the rest of his or her life, but only if he or she survives you. |

## EFFECT OF TEMPORARY ABSENCES ON YOUR PLAN BENEFIT

Your temporary absence from work because of sickness, accident, military service or authorized leave of absence will not be considered a termination of employment.

**If You Take an Unpaid Leave of Absence**

If you take an approved unpaid leave of absence, your normal scheduled work hours will continue to count toward **credited service** and **vesting service.**

If you began your leave before 2004, you received **benefit credits** for up to six months following the month your leave began (but not after you terminated employment with **CIGNA**). If you began your leave after 2003, you will receive **benefit credits** for up to 30 months following the month your leave starts. **Benefit credits** will be based on your base salary at the time your leave begins, plus any other **eligible earnings** actually paid to you during this period.

Upon your return from a qualifying military leave of absence, **benefit credits** will be added to your account for the time you were gone, to the extent required by federal law.

**If You Take a Paid Leave of Absence**

If you take an approved paid leave of absence, including any period you are receiving CIGNA Short-Term Disability Plan (STD) benefits, your normal scheduled work hours will continue to count toward a year of **credited service** and a year of **vesting service.**

If you began your leave before 2004, you received **benefit credits** for up to six months following the month your leave began (but not after you terminated employment with **CIGNA**). If you began your leave after 2003, you will receive **benefit credits** for up to 30 months following the month your leave starts.

For any period you are receiving STD benefits, your **benefit credits** will be based on your base salary at the time your disability began, plus any other **eligible earnings** actually paid to you during the period you receive STD benefits. For any other period of paid leave, **benefit credits** will be based on your **eligible earnings** during this six-month period.

**If You Are on Long-Term Disability**

If you are disabled, on a leave of absence and eligible for CIGNA Long-Term Disability Plan benefits, your normal scheduled work hours will continue to count toward a year of **credited service** and **vesting service**.

If your Long-Term Disability (LTD) leave began before 2004, you will not earn **benefit credits** while you are on leave.

If your LTD leave began after 2003, you will earn **benefit credits** for up to 30 months following the month your STD leave begins. Your LTD leave and **CIGNA** employment will end no later than the end of the 30th continuous month of your LTD leave. You will stop earning **credited service** after your termination of employment.

## ADMINISTRATIVE DETAILS

Do you have any questions about your retirement benefits under the **Plan**? If so, *please call Prudential Retirement at 877.778.2100*, Monday – Friday, 8:00 a.m. to 9:00 p.m., Eastern Time.

| IF YOU... | YOU SHOULD... |
|---|---|
| **Have a General Question About Your Pension Plan** | Call Prudential Retirement. They will be able to answer most questions when you call. If your question requires special research, they will give you an answer as soon as possible. |
| **Need to Change Your Personal Information**<br>• address<br>• date of birth<br>• name<br>• status | Go to Your CIGNA Life Website > Self Service. You may also call Prudential Retirement. |
| **Need to Elect or Change Your Beneficiary** | Call Prudential Retirement for necessary forms.<br><br>Download forms from the Your CIGNA Life website |
| **Want an Estimate of Your Pension Plan Benefits** | Request benefit calculations on line at www.prudential.com/online/retirement. You may also call Prudential Retirement. They will send you a Benefit Summary detailing your benefits and your options. |
| **Want an Estimate of Your Social Security Benefits** | Call the Social Security Administration at 1.800.772.1213 to request your Earnings and Benefits Estimate Statement. This will tell you the earnings Social Security uses to calculate your Social Security benefit. Check your earnings carefully and notify Social Security if they're not correct. You can visit their website at http://www.ssa.gov. |
| **Want to Retire Soon and Need Some Counseling** | Please review the retiree benefits sections under Life on the Your CIGNA Life website. If you still have questions, contact the Your CIGNA Life Service Center. Pre-retirement counseling can help you understand which benefits stop and which continue, your pension, retiree life insurance, retiree health care, Medicare and Social Security.<br><br>• Phone: 1.800.551.3539<br><br>• Fax: 646.356.7711<br><br>• E-mail: YourCIGNALifeServiceCenter@cigna.com<br><br>Benefits counselors are available to answer your questions, Monday through Friday, 8:00 a.m. to 8:00 p.m., Eastern Time. |
| **Want to Begin Your Pension Benefits** | Call Prudential Retirement. When Prudential Retirement receives formal notification of your termination date, they will send you a distribution package which will include a final calculation of your payment options and the necessary forms to start your benefit payments. This process may take from 30-90 days, so it is important to notify Prudential Retirement of your plans as soon as you can. |
| **Want to Begin Your Social Security Benefits** | Call Social Security at 1.800.772.1213 to request a Social Security retirement application as early as six months before you plan to retire. (Return the application at least three months before you plan to retire). |
| **Die** | A family member or your beneficiary should call Prudential Retirement. Your spouse or beneficiary will be sent a distribution package which will include a final calculation of the death benefit and the necessary forms to initiate the benefit payment. If no benefit is payable, your family will be notified in writing. |

16

| Have Questions About or Need Copies of the Summary Annual Report (SAR), Form 5500, or Plan Document | Call Prudential Retirement. They will answer any questions that you have and will provide copies of the documents upon request. |
|---|---|
| Have General Questions About Your Other Benefits at Retirement | Go to Your CIGNA Life Website > Life & Work Events > Retirement and it will guide you through the different steps to take or things to do in preparing for retirement including pension, retiree life insurance, medical care, Medicare and Social Security. If you have questions, contact the Your CIGNA Life Service Center.<br><br>• Phone: 1.800.551.3539<br><br>• Fax: 646.356.7711<br><br>• E-mail: YourCIGNALifeServiceCenter@cigna.com<br><br>Customer Service Representatives are available to answer your questions, Monday through Friday, 8:00 a.m. to 8:00 p.m., Eastern Time. |

## ADDITIONAL PLAN INFORMATION

### Maximum Benefits

Federal tax law imposes several different limits that may affect the amount of retirement income you can receive from the **Plan**. For example:

- No more than $220,000 (for 2006) of your annual compensation may be taken into account when calculating **eligible earnings** to determine **benefit credits**; and

- Your annual **Plan** benefit (expressed in the form of an annuity starting at age 65) can't exceed $175,000 (for 2006).

These limits are periodically adjusted for inflation by the IRS and are sometimes changed by federal law. **CIGNA** makes up for benefits lost due to these limits through an unfunded, non-qualified plan called the CIGNA Supplemental Pension Plan.

Compensation you defer under the CIGNA Deferred Compensation Plan cannot be considered **eligible earnings** under this **Plan**. However, it may be considered eligible earnings under the CIGNA Supplemental Pension Plan.

### Change of Control Protection

Your **Plan** benefit is protected in several ways if there is a **change of control** of CIGNA Corporation.

For three years following a **change of control**, the **Plan** cannot be terminated. You must be allowed to earn **benefit credits** and **interest credits** if you remain employed during this three-year period and the rate at which you earn **benefit credits** (see the **YOUR BENEFIT CREDITS** chart, page 5) cannot be reduced.

For five years following a **change of control**, no CIGNA company (or successor) can take any steps that would result in a reversion of any **Plan** assets to any **CIGNA company** (or successor) or a reduction in **Plan** assets (except by paying benefits and covering reasonable costs of the **Plan**). For example, the merger of the **Plan** into an underfunded pension plan of a successor to CIGNA Corporation would not be permitted.

If you are a **CIGNA** employee on the effective date of the **change of control** and your employment terminates (except for cause) during the following three-year period, you will receive a special **benefit credit** for your year of termination. The **benefit credit** will be a percentage of your adjusted **eligible earnings**, calculated as follows:

1. Your **eligible earnings** will be your highest base salary in effect at any time between the date of the **change of control** and your termination date.
2. The percentage will be based on your **points** at date of termination. In calculating your **points**, you will be treated as having earned a year of **credited service** for the year of your termination (even if you are terminated before earning 1,000 hours of **credited service**).

3. The dollar amount resulting from the percentage in 2 multiplied by **eligible earnings** in 1 will be adjusted by being multiplied by the number of years (whole years and number of whole months in the twelfths) between January 1 of the year you terminate employment and the end of the three-year period beginning on the date of the **change of control**.
4. That result will be reduced by any **benefit credit** you actually earn for the year of your termination. The resulting special **benefit credit** will be added to your **Plan** account at the end of the month of your termination.

After a **change of control** occurs, these protections cannot be eliminated for five years. Before a **change of control**, CIGNA Corporation may change or even eliminate these protections.

## IRS Approval

Because the **Plan** is a tax-qualified plan under the Internal Revenue Code, it is subject to the continuing approval of the IRS. Therefore, it may be necessary from time to time to amend the **Plan** to accommodate changes in federal law or IRS regulations.

## Rights of Spouses and Domestic Partners

Under federal law, your spouse may have a right to some or all of your **Plan** benefit. Because of contractual requirements imposed by certain state and/or local governments with which **CIGNA** does business, **CIGNA** must generally treat an employee's **domestic partner** in the same manner as an employee's spouse under **CIGNA**'s employee benefit plans. Consequently, if you are married or have a **domestic partner**:

- You must receive your **Plan** benefit in the form of a 50% Joint & Survivor Annuity or a Single Life Annuity with a 100% Contingent Survivor Annuity, with your spouse or **domestic partner** as your contingent survivor, unless he or she agrees in writing to your election of another method of payment or another person as beneficiary/contingent survivor within 90 days before your **benefit commencement date**.

- If you die before your **benefit commencement date** but after you are vested in your **Plan** benefit, your spouse or **domestic partner** must receive a death benefit unless you had designated a different beneficiary and your spouse or **domestic partner** had consented in writing to that designation prior to your death.

Furthermore, *you must have the notarized, written consent of your spouse or **domestic partner*** to:

- Elect to receive your vested **Plan** benefit in the form of a Lump Sum or Single Life Annuity;

- Designate a beneficiary other than your spouse or **domestic partner** to receive a 50% or 100% Contingent Survivor Annuity; or

- Designate a beneficiary other than your spouse or **domestic partner** to receive any pre-retirement death benefits under the **Plan** if you die before your benefit payments begin.

To effect the selection of a beneficiary/contingent survivor other than your spouse or your **domestic partner** when you are making a benefit distribution election, you and your spouse or **domestic partner** must complete the spousal consent form included in the distribution package you receive from Prudential Retirement.

## Non-Assignment of Benefits; QDROs

Your account under the **Plan** may not be assigned, sold, transferred or pledged as collateral, except as provided for under a valid Qualified Domestic Relations Order (QDRO) described below. In addition, a creditor may not attach the value of your benefit under the **Plan** as a means of collecting a debt owed by you.

Your **Plan** benefit may be attached to satisfy a federal tax levy, and state courts can rule that your **Plan** benefits be paid to someone other than you or your named beneficiary in accordance with a QDRO. A QDRO is any court judgment, order, decree or approval of a property settlement agreement made under a state domestic relations law. The order may relate to child support, alimony or marital property rights for a spouse, **domestic partner**, child or other dependent and may direct payment of all or part of your **Plan** benefit to another person. There are specific QDRO procedures the **Plan** must follow. A copy of these QDRO procedures may be obtained, free of charge, by contacting Prudential Retirement at 877.778.2100.

**Paying for Your Pension**

Your **Plan** benefits are paid directly by Prudential Bank & Trust, FSB, the Trustee of the **Plan's** trust fund (Trust). The Trust contains money contributed over the years by **CIGNA** and investment earnings on those contributions. Money in the Trust is used solely to pay **Plan** benefits and to cover certain **Plan** expenses.

**Continuation of the Plan**

CIGNA Corporation expects to maintain this **Plan** indefinitely. However, CIGNA Corporation reserves the right to amend, modify or terminate the **Plan** at any time and for any reason. In general, no amendment or modification will reduce any benefit you have earned as of the date of amendment or modification. Future accruals of benefits may be modified, suspended or ended as a result of such a change. Any amendment or termination of the **Plan** will be by action of the Board of Directors of CIGNA Corporation (Board), a committee of the Board, or a duly authorized officer of CIGNA Corporation.

If the **Plan** is ever terminated, affected participants will immediately become 100% vested in all **Plan** benefits earned as of the **Plan's** date of the termination.

If the **Plan's** Trust has insufficient assets upon termination of the **Plan**, PBGC insurance provisions will become effective. If the **Plan's** Trust has excess assets, any excess assets beyond what are needed to purchase annuities to satisfy all benefit liabilities to participants and beneficiaries will be returned to **CIGNA.**

**Not a Contract of Employment**

Participation in the **Plan** does not imply a contract of employment between you and **CIGNA**. **CIGNA's** right to take disciplinary action against or terminate any employee, if necessary, is not affected by any provision of the **Plan**.

**The Pension Benefit Guaranty Corporation (PBGC)**

The Pension Benefit Guaranty Corporation (PBGC), a federal agency, insures benefits under this **Plan**. Generally, if the **Plan** terminates without enough money to pay all benefits, the PBGC will step in to pay pension benefits. Most people receive all of the benefits they would have received under their plan, but some people may lose certain benefits.

The PBGC generally covers: (1) normal and early retirement benefits; (2) disability benefits if you become disabled before the plan becomes insolvent; and (3) certain benefits for your survivors.

The PBGC generally does not cover: (1) benefits greater than the maximum guaranteed amount set by law for the year in which the plan terminates; (2) some or all of the benefit increases and new benefits based on plan provisions that have been in place for fewer than five years at the time the plan terminates; (3) benefits that are not vested because you have not worked long enough for the company; (4) benefits for which you have not met all of the requirements at the time the plan terminates; (5) certain early retirement payments (such as supplemental benefits that stop when you become eligible for Social Security) that result in an early retirement monthly benefit greater than your monthly benefit at the plan's normal retirement age; and (6) non-pension benefits, such as health insurance, life insurance, certain death benefits, vacation pay, and severance pay.

For more information about the PBGC and the benefits it guarantees, ask the Plan Administrator or contact the PBGC's Technical Assistance Division, 1200 K Street, NW, Suite 930, Washington, DC 20005-4026, or call the PBGC at 202.326.4000. TTY/TDD users may call the federal relay service toll-free number at 1.800.877.8339 and ask to be connected to 202.326.4000. Additional information about the PBGC's pension insurance program is available through the PBGC's website on the Internet at www.pbgc.gov.

## CLAIMS PROCEDURE & APPEAL PROCESS

### First Step

You should direct questions and requests for benefits to Prudential Retirement either by:

Calling:        Prudential Retirement at 1.877.778.2100 or

Writing:        Prudential Retirement
                CIGNA Accounts - H06A
                280 Trumbull Street
                P.O. Box 2975
                Hartford, CT 06103

If you request **Plan** benefits by telephone, you may receive a reply immediately. However, if additional information is needed to make a determination or you make your request in writing, you are entitled to receive a written reply about your request for **Plan** benefits within 90 days after Prudential Retirement receives your request. However, if special circumstances require more time to make a decision on your claim, an extension of up to 90 more days may be needed to consider your claim. You will be notified in writing of any extension and the reason for it. If the extension is required because you need to submit additional information, the 90-day period will be suspended from the date notice of the extension is sent to you until Prudential Retirement receives the additional information.

You will be notified in writing or by electronic communication of the decision on your claim. If your claim is denied, this notice will include:
- The specific reason for the denial;
- References to the **Plan** provision(s) upon which the denial is based;
- A description of any additional material or information needed to approve your claim and an explanation of the need for the additional material or information; and
- A description of the **Plan's** procedures for appealing the decision and a statement of your rights to bring a civil action under section 502(a) of the Employee Retirement Income Security Act of 1974, as amended.

If you have not received a decision by the end of the 90-day period (or the end of the extended period, if you received notice about the extension), your claim has been denied.

### Final Appeal

If your request for benefits is entirely or partially denied, or if you believe there is an error in the determination of your benefits, you or your beneficiary have the right to appeal to the Plan Administrator. Your appeal must be in writing and must be sent within 60 days from the date you receive the decision of Prudential Retirement on your claim. You should address your appeal to:

        John Arko, Plan Administrator
        CIGNA Corporation
        1601 Chestnut Street, TL17M
        Philadelphia, PA 19192

Your appeal letter should explain why you think Prudential Retirement's decision is wrong. You may submit comments, documents, records and other information related to your claim. Your appeal letter may be written by someone else if you clearly authorize that person in writing to represent you and a copy of that written authorization, signed by you, is included with the appeal letter.

If you make a written request, you are entitled to review or receive, free of charge, copies of documents and other information relevant to your claim. In considering your appeal, the Plan Administrator will review your written appeal letter, any relevant documents you provide, the relevant **Plan** provisions and other relevant information.

The Plan Administrator will normally make a decision on your appeal within 60 days after receiving your appeal letter. However, if special circumstances require more time, an extension of up to 60 more days may be needed to consider your claim. You will be notified in writing of any extension and the reason for it. If you must provide additional information to support your appeal, the 60-day period will be suspended from the date notice of the extension is sent to you until the Plan Administrator receives the additional information.

You will be notified in writing or by electronic communication of the Plan Administrator's decision on your appeal, and that decision is final. If your appeal is denied, this written notice will include:

- The specific reason for the denial;
- References to the **Plan** provision(s) upon which the denial is based;
- A statement that you may request access to or copies, free of charge, of all documents, records and other information relevant to your claim; and
- A statement of your right to bring a civil action for **Plan** benefits under section 502(a) of the Employee Retirement Income Security Act of 1974, as amended.

If you have not received a decision by the end of the 60-day period (or the end of the extended period, if you received notice about the extension), you may treat your appeal as denied.

### Statement of ERISA Rights

As a participant in the **Plan** described here, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974, as amended (ERISA). ERISA provides that all **Plan** participants are entitled to:

- Receive information about your **Plan** and benefits.

- Examine, without charge, at the Plan Administrator's office all **Plan** documents, including insurance contracts, trust agreements and copies of all documents filed with the U.S. Department of Labor, such as the latest detailed annual report (Form 5500 series).

- Obtain copies of the **Plan** documents and trust agreements and other **Plan** information upon written request to the Plan Administrator. The Plan Administrator may make a reasonable charge for the copies.

- Receive a summary of the **Plan's** annual financial report. The Plan Administrator is required by law to furnish each participant with a copy of summary annual reports.

- Obtain a statement telling you whether you have a right to receive a pension at your normal retirement age under the **Plan** and if so, what your benefit would be at normal retirement age if you were to stop working now. If you do not have a right to a pension, the statement will tell you how many years you have to work to earn one. This statement must be requested in writing and is not required to be given more than once every twelve months. The statement must be provided free of charge.

In addition to creating rights for plan participants, ERISA imposes duties upon the people who are responsible for the operation of employee benefit plans. The people who operate your plan, called "fiduciaries," have a duty to do so prudently and solely in the interest of you and other plan participants and beneficiaries.

No one, including **CIGNA** or any person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a pension benefit or exercising your rights under ERISA.

If your claim for a pension benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge and to appeal any denial, all within certain time schedules.

Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request materials from the plan and do not receive them within 30 days, you may file suit in federal court. In such a case, the court may require the

plan administrator to provide the materials and to pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the Plan Administrator.

If you have a claim for benefits that is denied or ignored, in whole or in part, you may file suit in federal or state court.

In addition, if you disagree with the **Plan's** decision or lack thereof concerning a qualified domestic relations order, you may file suit in federal court.

If it should happen that a plan fiduciary misuses the **Plan's** money or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor or file suit in federal court.

In the event of legal action, the court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees (for example, if the court finds your claim is frivolous).

If you have questions about the **Plan**, you should contact the Plan Administrator. If you have any questions about this statement or your rights under ERISA, or if you need assistance in obtaining documents from the Plan Administrator, you should contact your nearest area office of the Employee Benefits Security Administration, U.S. Department of Labor, found in your local telephone directory, or the Division of Technical Assistance and Inquiries, Employee Benefits Security Administration, U.S. Department of Labor, 200 Constitution Avenue, NW, Washington, DC 20210.

You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline of the Employee Benefits Security Administration.

### Plan Administrator's Discretion

The Plan Administrator has sole discretion to determine your eligibility for benefits and the amount of any benefits you might be entitled to, to make findings of fact and to construe **Plan** terms and provisions including disputed and doubtful terms. The Plan Administrator's determinations and interpretations shall be final and binding on all parties.

*No manager or Human Resources representative is authorized to waive any requirements of this **Plan**, to interpret its terms, to grant exceptions or to contract with employees to provide benefits beyond those described herein.*

### For More Information

If you have questions about how the **Plan** works, about your benefit under the **Plan**, whether or not you are vested or when you may retire and receive a benefit under the **Plan**, please contact Prudential Retirement at 877.778.2100.

### ADMINISTRATIVE INFORMATION

| NAME OF PLAN | CIGNA PENSION PLAN, PART B |
|---|---|
| **Type of Plan** | Defined Benefit Pension |
| **Plan Year** | January 1 to December 31 |
| **Administration** | Prudential Retirement<br>CIGNA Account Team – H06A<br>280 Trumbull Street<br>Hartford, CT  06103<br>877.778.2100 |
| **Plan Sponsor** | CIGNA Corporation<br>1601 Chestnut Street, TL17A<br>Philadelphia, PA  19192 |
| **Named Fiduciary** | Corporate Benefit Plan Committee<br>c/o Office of the Corporate Secretary<br>CIGNA Corporation<br>1601 Chestnut Street, TL17A<br>Philadelphia, PA  19192 |

22

| Plan Administrator | John Arko<br>CIGNA Corporation<br>1601 Chestnut Street, TL17M<br>Philadelphia, PA 19192<br>215.761.2562 |
| --- | --- |
| Plan Trustee | Prudential Bank & Trust, FSB<br>280 Trumbull Street<br>Hartford, CT 06103 |
| Agent for Legal Process | Office of Corporate Secretary<br>CIGNA Corporation<br>1601 Chestnut Street, TL17A<br>Philadelphia, PA 19192<br>*Process may also be served on the Plan Administrator or Plan Trustee* |
| Plan Sponsor Identification Number | 06-1059331 |
| Plan Number | 001 |

## GLOSSARY

Bold words in the SPD are defined in this glossary.

**benefit commencement date** — The date you receive a lump sum distribution or the date as of which you begin to receive **Plan** benefits under any other payment method.

**benefit credit** – A percentage of your **eligible earnings** credited to your account when you earn a year of **credited service** for a plan year.

**break in service** — A plan year in which you earn fewer than 501 **hours of service**. A special rule for counting **hours of service** applies when you are on a **parental leave of absence**.

**change of control** — A change in ownership of CIGNA Corporation or in the composition of CIGNA Corporation's Board of Directors that occurs in one of these ways:

- A person, entity or group acquires beneficial ownership of enough common or preferred shares of CIGNA Corporation stock to possess either:
  - more than 50 percent of the voting power of the shares that voted to elect Directors at the immediately preceding CIGNA Corporation shareholders meeting; or
  - more than 25 percent of the voting power of all outstanding CIGNA Corporation Common shares.
- After a merger or consolidation involving CIGNA Corporation, either:
  - CIGNA Corporation is not the surviving company; or
  - CIGNA Corporation Directors immediately before the merger or consolidation are less than a majority of the Board of Directors after the merger or consolidation.
- During any consecutive 24-month period, the Board of Directors of CIGNA Corporation changes so that those Directors on the Board at the beginning of the period, together with those Directors elected, nominated or recommended by at least a majority of Directors on the Board at the beginning of the period, cease being a majority of the Board.

**CIGNA** — CIGNA Corporation and its U.S. subsidiaries that participate in the Plan. As of January 1, 2006, these companies were authorized to participate in the **Plan**:

| | |
|---|---|
| Arizona Health Plan, Inc. | CIGNA HealthCare of Maine, Inc. |
| CIGNA Behavioral Health, Inc. | CIGNA HealthCare of Massachusetts, Inc. |
| CIGNA Behavioral Health of California, Inc. | CIGNA HealthCare of New Hampshire, Inc. |
| CIGNA Community Choice, Inc. | CIGNA HealthCare of New Jersey, Inc. |
| CIGNA Corporation | CIGNA HealthCare of New York, Inc. |
| CIGNA Dental Health, Inc. | CIGNA HealthCare of North Carolina, Inc. |
| CIGNA Dental Health of California, Inc. | CIGNA HealthCare of Ohio, Inc. |
| CIGNA Dental Health of Colorado, Inc. | CIGNA HealthCare of Pennsylvania, Inc. |
| CIGNA Dental Health of Delaware, Inc. | CIGNA HealthCare of South Carolina, Inc. |
| CIGNA Dental Health of Florida, Inc. | CIGNA HealthCare of St. Louis, Inc. |
| CIGNA Dental Health of Kansas, Inc. | CIGNA HealthCare of Tennessee, Inc. |
| CIGNA Dental Health of Kentucky, Inc. | CIGNA HealthCare of Texas, Inc. |
| CIGNA Dental Health of Maryland, Inc. | CIGNA HealthCare of Utah, Inc. |
| CIGNA Dental Health of New Jersey, Inc. | CIGNA HealthCare of Virginia, Inc. |
| CIGNA Dental Health of New Mexico, Inc. | CIGNA HealthCare Preferred of New Hampshire, Inc. |
| CIGNA Dental Health of Ohio, Inc. | CIGNA Holdings, Inc. |
| CIGNA Dental Health of Pennsylvania, Inc. | CIGNA International Corporation |
| CIGNA Dental Health of Texas, Inc. | CIGNA International Investment Advisors, Ltd. |
| CIGNA Dental Health Plan of Arizona, Inc. | CIGNA International Services, Inc. |
| CIGNA Direct Marketing Company, Inc. | CIGNA Investment Advisors, Inc. |
| CIGNA Health Corporation | CIGNA Investments, Inc. |
| CIGNA HealthCare Mid-Atlantic, Inc. | CIGNA Life Insurance Company of New York |
| CIGNA HealthCare of Arizona, Inc. | CIGNA RE Corporation |
| CIGNA HealthCare of California, Inc. | Connecticut General Life Insurance Company |
| CIGNA HealthCare of Colorado, Inc. | Healthsource, Inc. |
| CIGNA HealthCare of Connecticut, Inc. | International Rehabilitation Associates, Inc. |
| CIGNA HealthCare of Delaware, Inc. | Life Insurance Company of North America |
| CIGNA HealthCare of Florida, Inc. | Tel-Drug, Inc. |
| CIGNA HealthCare of Georgia, Inc. | Tel-Drug of Pennsylvania, L.L.C.. |
| CIGNA HealthCare of Illinois, Inc. | |
| CIGNA HealthCare of Indiana, Inc. | |

**CIGNA company** — CIGNA Corporation and any subsidiary in which CIGNA Corporation owns at least an 80% interest.

**credited service** — An **hour of service** with **CIGNA** -- used to determine whether you qualify for an annual **benefit credit** and the percentage level of your **benefit credit**.

**domestic partner** — An adult (1) who is at least 18 years old and legally competent to enter binding contracts; (2) to whom you are not married and not related by blood (so closely that a marriage between you would be illegal in the state where you live); and (3) with whom (a) you share a residence; (b) you share an intimate and committed relationship of mutual caring and intend to do so indefinitely; (c) you have agreed to be jointly responsible for each other's basic living expenses and (d) you have filed an Affidavit of Domestic Partnership with **CIGNA**. In addition, as of the date you file the Affidavit, neither of you may currently be married to anyone or have had another domestic partner during the previous 12 months. The Plan provisions on **domestic partners** first became effective on January 1, 2001; those provisions do not apply to you if your **CIGNA** employment ended before that date.

**eligible earnings** — Your annual **CIGNA** compensation that is counted in calculating your **benefit credits** for a given year. "**Eligible earnings**" includes most basic kinds of cash compensation paid to you before termination of employment, but excludes many kinds of special payments or long-term incentive awards.

**Eligible earnings** includes:

- base salary or wages;
- overtime pay;
- shift premium or differential pay;

- most types of annual incentive pay and bonuses; and
- commission payments.

In calculating **eligible earnings**, any reductions in your pay for pre-tax contributions to CIGNA 401(k) plans or flexible benefit plans are ignored. That is, your **eligible earnings** counts your pay before those reductions.

**Eligible earnings** do *not* include:

- allowances to expatriates or office managers;
- relocation allowances or cost-of-living adjustments;
- employee awards;
- educational achievement awards or bonuses;
- payments for cashed-out time off or holidays;
- payout under long-term incentive plans or arrangements, whether in cash or stock;
- expense reimbursements;
- cash payout of previously deferred bonuses, commissions, or salary or long-term incentive payments, whether in cash or stock;
- employee referral awards;
- cash expense reimbursements or special credits; or
- severance pay or continuity bonuses.

**eligible employee** – You are eligible to participate in **Part B** if you are an active full-time, part-time, temporary or hourly employee employed by a **CIGNA company** participating in the **Plan** and you work within the United States (including the District of Columbia, Guam, Puerto Rico and the Virgin Islands) and:

- You are credited, on or after January 1, 1998, with your first **hour of service** as a **CIGNA** employee, or your first **hour of service** as a **CIGNA** employee after your termination from employment with **CIGNA**; or
- After being employed in certain non-eligible employment described, you were transferred on or after January 1, 1998, to employment as an **eligible employee**.

You are *not* an **eligible employee** and *not* eligible to participate in **Part B** if you:

- Continue to be eligible for **Part A** after 1997;
- Were a **Part A** participant before 1998 and, absent a transfer to a **CIGNA company** that does not participate in the **Plan**, would have continued to be eligible to participate in **Part A** after 1997, provided you were not employed by Intracorp on January 1, 2000;
- Are in a unit covered by a collective bargaining agreement with **CIGNA** (unless that agreement specifically provides for **Plan** coverage);
- Are accruing a benefit based on current service or current compensation in a defined contribution plan (except for a savings or profit-sharing plan), or another defined benefit pension plan of **CIGNA companies** qualified under Internal Revenue Code section 401(a);
- After 1997, are an MCC clinician;
- After August 31, 2000, are employed by both CIGNA Dental Health of Florida, Inc. and Capital Insurance Agency;
- Are a leased employee (a person employed by an entity unrelated to **CIGNA** but who performs services for **CIGNA** under an arrangement between the person's employer and **CIGNA**);
- Are an independent contractor;
- Are in any category other than an employee as recorded on **CIGNA's** official payroll and personel records;
- Were employed by a **Healthsource company** anytime during 1997. However, this exclusion applies to you only during 1998 and only for the part of 1998 that you were employed in the CIGNA HealthCare Division. Furthermore, if you were first employed by a **Healthsource company** in 1997 in a temporary position, and then transferred to a non-temporary position after 1997, then this exclusion no longer applies after the date of that transfer;
- Are employed outside the U.S., the District of Columbia, Guam, Puerto Rico and the Virgin Islands (unless named a U.S. expatriate by the Plan Administrator).

**eligible retirement plan** – Means a tax-qualified retirement plan under Internal Revenue Code (Code) section 401(a); an annuity plan or contract described under Code sections 403(a) or (b); an individual retirement account or annuity described under Code sections 408(a) or (b); or an eligible plan described under Code section 457(b) maintained by a state or local government.

**healthsource company** – Means Healthsource, Inc. (or by any company that was a Healthsource, Inc. subsidiary before July 31, 1997).

**hour of service** — Means:

- Each hour that you are paid or entitled to payment by a **CIGNA company** for working.  You receive credit for these hours as of the year you receive the pay.

- Each hour that you are paid or entitled to payment by a **CIGNA company** for time that you do not work (such as vacation, severance, sickness or disability).  You will receive no more than 501 **hours of service** for any period you receive severance pay and any cash payment at termination of employment for earned but unused vacation days and personal holidays.  You receive credit for these hours in accordance with applicable department of labor regulations.

- Each hour for which you receive back pay from a **CIGNA company** under any award or agreement.  You will receive credit for these hours for the year(s) to which the back pay award related, rather than the year the payment is made.

If you are in Career Bands 3, 4, 5, 6 or 7, you receive credit for 190 **hours of service** for each month you are entitled to credit for any **hour of service** described above.  If you are a Career Band 1 or 2 employee, you receive credit for **hours of service** based on **CIGNA company** payroll and personnel records.

**interest credit** – An amount of interest added to your **Plan** account on a quarterly basis.

**normal retirement age** - The later of (1) the time you attain age 65 or (2) if you began participating in the **Plan** after age 60, the earlier of the fifth anniversary of the time you started participating in the **Plan** or the date you complete five years of **vesting service**.

**normal retirement date** - The first day of the month coincident with or next following the date you attain your **normal retirement age**.

**parental leave of absence -** Any period you are absent from work because of your pregnancy, the birth of your child, the placement of a child with you in connection with your adopting the child, or your caring for the child for a period beginning immediately after the birth or placement of a child.

**Part A** – The **Plan's** benefit formula based on final average pay.

**Part B** – The **Plan's** account balance formula.

**Plan** – The CIGNA Pension Plan, as set forth in **Part A** and **Part B**.

**points** — The sum of your age and years of **credited service** as of the beginning of a plan year.  Only completed, whole years are counted; there is no rounding up to the next highest year.  **Points** are used to calculate your **benefit credit** percentage for the plan year.

**vesting service** — An **hour of service** with any **CIGNA company**, even if the company does not participate in the **Plan**. It is the service used to determine when your **Plan** benefit is vested, or non-forfeitable.

**year of service** — A plan year in which you are credited with at least 1,000 **hours of service**.

26