# EXHIBIT 1

EXHIBIT
ZANARAS REPORTING & VIDEO

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **JANICE C. AMARA, GISELA R. BRODERICK, ANNETTE S. GLANZ, individually and on behalf of others similarly situated,** | : | |
| **Plaintiffs,** | : | **3:01 CV 2361 (MRK)** |
| **v.** | : | |
| **CIGNA CORP. and CIGNA PENSION PLAN,** | : | **February 24, 2006** |
| **Defendants.** | : | |

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE THAT pursuant to Fed.R.Civ.P. 30(b)(6), the plaintiffs will take the deposition upon oral examination of the defendant **CIGNA Corp.** ("CIGNA") on Wednesday, March 22, 2006, beginning at 10:00 a.m., and continuing until complete, regarding the following matters:

1. The steps CIGNA has taken to locate and produce documents responsive to Request Nos. 1-4, 6-7, 11-14, 18, 20-22, 24-27, and 29 in the Second Requests for Production of Documents and the documents CIGNA has located or produced.

2. The steps CIGNA has taken to locate and produce documents and obtain information responsive to the Plaintiffs' follow-up requests from the January 17, 2006 systems inspection in Hartford, including but not limited to locating and producing electronic records, spreadsheets, and administrative or systems documentation in CIGNA's or Prudential's possession, custody or control.

3. The methods used by CIGNA or the CIGNA Pension Plan to calculate and file or keep records of minimum benefits and opening account balances for participants

in the Part B Plan and the steps taken to locate and produce documents related to those methods in response to discovery requests in this litigation.

4. Any exceptions of which CIGNA is aware to the conversion of CIGNA Pension Plan Tier 1 or Tier 2 benefits to Part B (other than for Tier 1 participants with more than 45 age and service points on the conversion date and Tier 1 participants who were rehired on or after January 1, 2001).

5. Any exceptions of which CIGNA is aware to the protection of minimum benefits earned for participants who were converted to Part B.

6. The methods used by CIGNA or the CIGNA Pension Plan for responding to and filing or keeping records of complaints and inquiries related to the CIGNA Pension Plan, including the steps taken to locate and produce complaints and inquiries in response to discovery requests in this litigation.

7. CIGNA's records of issues, questions or complaints related to recalculations of benefits in conformity with the *Depenbrock v. CIGNA* decision and the steps that CIGNA has taken to locate and produce documents related to those recalculations in response to discovery requests in this litigation.

The deposition will take place at the offices of Moukawsher & Walsh, LLC, 21 Oak Street, Suite 209, Hartford, CT 06106, and shall be recorded by stenographic means by a qualified court reporter. Pursuant to Rule 30(b)(6), CIGNA shall designate persons to testify on these matters and set forth the matters on which each such person shall testify.

Pursuant to Rule 30(b)(6), CIGNA shall produce all documents related to these matters that have not been heretofore produced on or before March 17, 2006.

**Attachments:** 1. Defendants' Supplemental Objections and Responses to Plaintiff's

Second Requests for Production of Documents.

2. Plaintiff's First Requests for Production of Documents (which are incorporated by reference in Request No. 1 of the Second Requests).
3. The follow-up requests to the January 17, 2006 systems inspection.

FOR THE PLAINTIFFS:

By: Thomas G. Moukawsher SRB w/auth.

Thomas G. Moukawsher ct08940
Moukawsher & Walsh, LLC
21 Oak Street
Hartford, CT 06106
(860) 278-7000
tmoukawsher@mwlawgroup.com

Stephen R. Bruce ct 23534 (pro hac vice)
805 15th St., NW, Suite 210
Washington, DC 20005
(202) 371-8013
stephen.bruce@prodigy.net

**CERTIFICATE OF SERVICE**

This certifies that copies of the foregoing Notice of Deposition were sent on this 24th day of February 2006, by U.S. Priority Mail, postage prepaid, addressed to:

Joseph J. Costello
Jeremy P. Blumenfeld
Jamie M. Kohen
Morgan Lewis & Bockius
1701 Market St.
Philadelphia, PA 19103-2921

James A. Wade
Erin O'Brien Choquette
Robinson & Cole
280 Trumbull St.
Hartford, CT 06103-3597

Stephen R. Bruce

# TAB 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

Janice C. Amara,
individually and on behalf of all others
similarly situated,

Plaintiff,

vs.

CIGNA Corp. and CIGNA Pension Plan,

Defendants.

Civil No. 3:01-CV-2361 (MRK)

**DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants CIGNA Corporation ("CIGNA") and CIGNA Pension Plan (the "Plan") (collectively "Defendants"), by and through their counsel, hereby make the following supplemental objections and responses to Plaintiff's Second Requests for Production of Documents.

**GENERAL OBJECTIONS**

1. Defendants object to the Requests to the extent they call for documents or information which is subject to one or more privileges, including, but not limited to, the attorney-client privilege, or any information which constitutes or reflects the work product of Defendants' attorneys.

2. Defendants object to the Instructions in the Requests to the extent that they seek to impose any obligation on Defendants that is inconsistent with, or in addition to, obligations imposed by the Federal Rules of Civil Procedure or other Rule or Order of the Court.

3. Defendants object generally to producing documents or providing

information which is confidential, proprietary or sensitive in nature to Defendants or the employees or customers of Defendants without execution of an appropriate Stipulation of Confidentiality and Protective Order.

4. Defendants object to Plaintiff's Requests to the extent they are not limited to the operation of Part B of the Plan and to the extent they seek documents that are particular to individual participants.

5. Defendants object to producing documents at the time and place sought by Plaintiff. Defendants will make available for inspection and copying responsive documents at a mutually convenient date, time and location.

6. Defendants incorporate these objections into each of their responses below.

**SPECIFIC OBJECTIONS AND RESPONSES**

1. All documents that supplement, within the meaning of Rule 26(e), Defendants' production in response to the Plaintiff's First Requests for Production of Documents, including but not limited to any additional documents related to complaints or claims from current or former employees about their pensions.

**Objections and Response:** Defendants hereby incorporate their General Objections. Because this Request is unclear, Defendants further object to this Request to the extent it seeks to impose an obligation on Defendants beyond the obligations imposed by the Federal Rules of Civil Procedure. Subject to these objections and without waiver thereof, Defendants will make available for inspection and copying claims and appeals files regarding claims for benefits made by current or former participants in Part B that relate

to any of the claims in Plaintiff's Second Amended Complaint, as well as any releases signed by class members.

      2.     All legal advice, analyses, memos or other documents that the Plan administrator for the CIGNA Pension Plan or any other fiduciary used or relied on in considering whether implementation of the 1998 changes to the Pension Plan complied with ERISA, including but not limited to compliance with ERISA Sections 102, 204(b)(1)(B), 204(b)(1)(H), 204(g), 204(h), and 205(g).

**Objections and Response:** Defendants hereby incorporate their General Objections.

Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence. Defendants also object to this Request on the grounds that it is overbroad. Plaintiff's claims in this lawsuit are limited to only certain provisions of ERISA and, accordingly, to the extent Plaintiff seeks information related to provisions of ERISA other than those at issue in this case, Plaintiff's request is overbroad. Moreover, the legal advice the Plan Administrator (or other fiduciary) received regarding implementation of the Plan is irrelevant to whether the Plan's provisions comply with ERISA. Defendants further object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Subject to these objections and without waiver thereof, Defendants have produced documents responsive to this Request that the Court ordered Defendants to produce during the Court's ruling on Defendants' attorney-client and work product privilege objections.

      3.     All files related to the CIGNA Pension plan that are in the possession, custody or control of Michael Bell, Frank Lamay or Mordecai Schwartz, including but

not limited to all documents related to the CIGNA Pension Plan that were transmitted to or from Messrs. Bell, Lamay or Schwartz since January 1, 1997.

**Objections and Response:** Defendants hereby incorporate their General Objections.

Defendants further object to this Request on the grounds that it seeks information that is

neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery

of admissible evidence. Defendants also object to this Request on the grounds that it is

overbroad and purports to required Defendants to produce documents in the possession,

custody, or control of parties other than Defendants. Subject to these objections, and

without waiver thereof, Defendants will produce non-privileged documents in

Defendants' possession that are in the files of Michael Bell, Frank Lamay or Mordecai

Schwartz and that relate to the claims in the Second Amended Complaint.

     4.    A class list, in electronic form, with the data contained in the CIGNA pension system for each class member, including but not limited to name, address, gender, social security number, birth date, hire date 1, termination date 1, hire date 2 (if any), termination date 2 (if any), normal retirement date, prior pension plan code, final average eligible earnings (before conversion), annual accrued benefit (before conversion), conversion date, conversion interest rate, conversion present value factor, credited service, credited service @conversion date, CIGNA Pension Plan opening account balance, eligible salary for each year after conversion, benefit credits and interest credits for each year, pension commencement date, account balance @ pension commencement date, forms of benefit offered, form of benefit elected, and the benefit amount.

**Objections and Response:** Defendants hereby incorporate their General Objections.

Defendants further object to this Request to the extent it calls for Defendants to create a

document that does not currently exist. Defendants object to this Request on the grounds

that it is unduly burdensome and that the information requested is overbroad and

irrelevant to the extent Plaintiff seeks information about every member of the class. The

purpose of a class action is to enable the Court to decide the relevant issues without

having to consider the facts and circumstances of each individual participant. Subject to

these objections, and without waiver thereof, Defendants will work with Plaintiff to

provide reasonable documentation in electronic form to the extent such documents exist.

For example, Defendants will provide information regarding exemplar participants to be

negotiated with counsel for Plaintiff. Defendants also have made available to Plaintiff

the software used to administer the Plan.


5.    All documents related to Gisela R. Broderick's pension benefits, including
but not limited to all records related to the conversion of her pre-1998 benefits to cash
balance and to the protection of the benefits she earned before 1998.

**Objections and Response:** Defendants hereby incorporate their General Objections.

Defendants object to this Request on the grounds that the information requested is

overbroad and that the Request seeks documents that are protected from disclosure by the

attorney client privilege and/or constitute work product. Subject to these objections, and

without waiver thereof, Defendants will produce documents reflecting Ms. Broderick's

pension benefits, as well as her claims and appeal file.


6.    All documents related to the calculations of opening account balances that
were distributed in May 1998 and all documents or files related to those calculations that
still exist.

**Objections and Response:** Defendants hereby incorporate their General Objections.

Defendants further object to this Request on the grounds that it seeks information that is

neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery

of admissible evidence. Defendants also object to this Request on the grounds that it is

overbroad and unduly burdensome to the extent Plaintiff seeks particular information

about every member of the class. The purpose of a class action is to enable the Court to

decide the relevant issues without having to consider the particular facts and

circumstances of each individual participant. Subject to these objections, and without

waiver thereof, Defendants have already produced a copy of the Plan and the manual

which describe the procedures for creating opening account balances. Defendants also

have made available to Plaintiff the software used to administer the Plan.

 

       7.     All documents related to the conversion factors used for International
Rehabilitation Associates ("Intracorp") employees described in an April 3, 2000 letter
from Stewart Beltz to Intracorp employees (Bates numbered as D028621-23), including
but not limited to the Plan amendment which supports those factors.

**Objections and Response:** Defendants hereby incorporate their General Objections.

Defendants further object to this Request on the grounds that it seeks information that is

neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery

of admissible evidence. Subject to these objections and without waiver thereof,

Defendants will produce a copy of the Plan Amendment reflecting the conversion factors

for International Rehabilitation Associates employees.

 

8.     All documents reflecting or related to any disclosure to participants:

(a)     that the 1998 cash balance conversion changed the Plan's benefit formula from
one based on a highest average of pay to one based on year-by-year salary; or

(b)     that the cash balance conversion eliminated early retirement subsidies.

**Objections and Response:** Defendants hereby incorporate their General Objections.

Defendants further object to this Request on the grounds that it seeks information that is

neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery

of admissible evidence. Defendants also object to this Request on the grounds that it is

overbroad. Subject to these objections, and without waiver thereof, Defendants have

already produced copies of communications sent to participants describing Part B,

including the Retirement Information Kits, newsletters, SPDs, and other communications.

9.    All documents reflecting or related to any disclosure to participants:

(a)    about how participants can compute the retirement benefits that their cash balance accounts will support in the form of annuities beginning at age 55 or older;

(b)    about qualifications, limitations, or restrictions on the statement that "Each dollar's worth of credit is a dollar of retirement benefits payable to you after you are vested"; or

(c)    about qualifications, limitations or restrictions on the statement that "Under the plan, your benefit will grow steadily throughout your career as credits are added to your account."

**Objections and Response:**  Defendants hereby incorporate their General Objections.

Defendants further object to this Request on the grounds that it seeks information that is

neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery

of admissible evidence.  Defendants also object to this Request on the grounds that it is

overbroad.  Subject to these objections, and without waiver thereof, Defendants have

already produced copies of communications sent to participants describing Part B,

including the Retirement Information Kits, newsletters, SPDs, and other communications.

10.    All disclosures and other materials related to retirement benefits that were given employees in the fourth quarter of 1997 who were being transferred to Lincoln National.

**Objection:**  Defendants hereby incorporate their General Objections.  Defendants further

object to this Request on the grounds that it seeks information that is neither relevant to

the claims or defenses of the parties, nor likely to lead to the discovery of admissible

evidence. The Lincoln National employees did not participate in Part B and are not members of the class.

11. Readable and complete originals of the benefit comparisons performed by the William Mercer Company portions of which were Bates numbered as D14036-66 and D12357-90 and MER 777-823, and all letters, memoranda or other communications related to those comparisons.

**Objection and Response:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence. Defendants further object to this Request on the grounds that it is overbroad. To the extent this Request seeks information about any cash balance benefit formula other than the one actually adopted by CIGNA, the information sought has no bearing on the issues in this case. Subject to these objections, and without waiver thereof, Defendants will make available for inspection and copying documents Bates numbered D12357-90 and MER 777-823.

12. All recalculations and other documents related to the 178 class members potentially affected by the *Depenbrock v. Cigna* decision, including all documents related to the 35 class members potentially affected by the *Depenbrock* decision who have already been paid cash balance lump sums as stated in Joseph Costello's 2/1/2005 e-mail.

**Objections and Response:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it is unduly burdensome and that the information requested is overbroad and irrelevant to the extent Plaintiff seeks information about every person "potentially affected by" the Depenbrock v. CIGNA decision. Subject to these objections, and without waiver thereof, Defendants will

provide copies of the communications sent to the 178 persons affected by the

Depenbrock decision, as well as documents, if any, reflecting a recalculation of the

benefits for these persons.

      13.    All documents related to notifications about "old Plan benefits" that the October 1998 and September 1999 SPDs state will be given by the Retirement Service Center to participants if the "minimum benefits rule applies to you ... when you request a distribution."

**Objections and Response:**  Defendants hereby incorporate their General Objections.

Defendants further object to this Request on the grounds that it is overbroad and

production would be unduly burdensome to the extent this Request seeks documents

particular to individual participants. Subject to these objections and without waiver

thereof, Defendants will produce exemplars of responsive documents sent to particular

participants.

      14.    All documents related to the circumstances under which lump sum distributions offered before age 55 are based on a participant's "old Plan benefits" or "minimum benefits," including but not limited to all documents related to the issues discussed in the e-mails Bates numbered as D028193-95.

**Objections and Response:**  Defendants hereby incorporate their General Objections.

Defendants further object to this Request to the extent is seeks documents that are not

related to the allegations in Plaintiff's Second Amended Complaint.  Defendants object to

this Request on the grounds that it is overbroad and production would be unduly

burdensome to the extent this Request seeks documents particular to individual

participants.  Subject to these objections and without waiver thereof, Defendants have

produced a copy of the Plan and made available a copy of the software used to calculate

employees' benefits.  Defendants further direct Plaintiff to their Response to Plaintiff's

First Set of Interrogatories, Interrogatory No. 11.

15. All documents related to how deferred benefit estimates are prepared for employees who are younger than age 55 and all documents related to the projected interest credit rate and conversion interest rate assumptions on which any such estimates are based.

**Objections:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence. Defendants object to this Request on the grounds that it is overbroad and production would be unduly burdensome to the extent this Request seeks documents particular to individual participants.

16. All documents related to the statement on page 18 of the November 2000 Summary Plan Description for Part A participants that persons who are rehired in 1998-2000 will not receive the free 30% joint & survivor's annuity, including any documents related to the authority in the Plan document for doing this.

**Objections and Response:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence. The request also is overbroad and production would be unduly burdensome to the extent this Request seeks documents particular to individual participants. Subject to these objections and without waiver thereof, Defendants have produced a copy of the Plan and the SPD.

17. All documents related to any "rollover" options that CIGNA offered to Retirement & Investment Division employees after the 2004 sale of that division to Prudential.

**Objections:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence. Defendants object to this Request on the grounds that it is overbroad and production would be unduly burdensome to the extent this Request seeks documents particular to individual participants.

     18.    All documents related to any revisions or modifications of the commencement forms or related materials that have been made to date to comply with Treasury Regulations on benefit options with unequal relative values.

**Objections and Response:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence. Defendants object to this Request on the grounds that it is overbroad and production would be unduly burdensome to the extent this Request seeks documents particular to individual participants. Subject to these objections and without waiver thereof, Defendants will produce exemplars of commencement forms and other documents advising participants about the relative value of their benefit options.

     19.    All documents related to the Exhibit I "story" as referenced in the March 5, 2002 e-mail Bates numbered as D023886 (and included in Plaintiff's Dep. Ex. 50), including but not limited to all documents related to Section 4.9 or Exhibit I to the Part A Plan document and Section 4.1(e) or Exhibit I to the Part B Plan document.

**Objections:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that this Request seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery

of admissible evidence. This Request relates to a Plan provision that did not become effective and is unrelated to any of the claims in this case.

20. All documents related to how the amounts contained in the CIGNA Total Compensation reports that "CIGNA pays" for pension benefits are calculated.

**Objections**: Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence and is overbroad. This case involves allegations that the terms of Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy the SPD disclosure requirements, Section 204(h) notice requirements, and certain regulations regarding the relative value of benefit options available under Part B. This Request seeks information that has no bearing on the issues in this case.

21. All documents that support, or tend to support, the statement in Gerald T. Meyn's October 30, 1997 letter that the new plan was expected "to be a plus for most employees."

**Objections**: Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence and is overbroad. This case involves allegations that the terms of Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy the SPD disclosure requirements, Section 204(h) notice requirements, and certain regulations regarding the relative value of benefit options available under Part B. This Request seeks information that has no bearing on the issues in this case.

22. All documents that support, or tend to support, the statement that CIGNA was "not changing the plan [to cash balance] to cut costs" in Gerald Meyn's 11/3/97 memo to CIGNA managers or the statement in the November 1997 Special Edition of the Signature Benefits Newsletter that "One advantage the company will not get from the retirement program changes is cost savings."

**Objections:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence and is overbroad. This case involves allegations that the terms of Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy the SPD disclosure requirements, Section 204(h) notice requirements, and certain regulations regarding the relative value of benefit options available under Part B. This Request seeks information that has no bearing on the issues in this case.

23. All documents related to the "retirement plan communications survey" summarized on March 3, 1998 in the document Bates numbered as D00518 et seq. and all documents related to any surveys related to retirement plan communications conducted subsequent to that time.

**Objections:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence and is overbroad. This case involves allegations that the terms of Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy the SPD disclosure requirements, Section 204(h) notice requirements, and certain regulations regarding the relative value of benefit options available under Part B. This Request seeks information that has no bearing on the issues in this case.

24. All documents related to the "employee survey" on the cash balance plan "following implementation" which is described in the document entitled "Cash Balance Pension Plans Background December 2002" Bates numbered as D029352-54.

**Objections:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence and is overbroad. This case involves allegations that the terms of Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy the SPD disclosure requirements, Section 204(h) notice requirements, and certain regulations regarding the relative value of benefit options available under Part B. This Request seeks information that has no bearing on the issues in this case.

25. All documents related to the "focus groups" conducted in the May - July 1997 time frame that are referenced in the document Bates numbered as D12096 (and marked as Plaintiff's Dep. Ex. 67).

**Objections:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence and is overbroad. This case involves allegations that the terms of Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy the SPD disclosure requirements, Section 204(h) notice requirements, and certain regulations regarding the relative value of benefit options available under Part B. This Request seeks information that has no bearing on the issues in this case.

26. All documents related to the "discussions with groups of managers" or "focus groups with managers" referenced in the document which is Bates numbered as D11934-36 (and marked as Plaintiff's Dep. Ex. 68).

**Objections:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence and is overbroad. This case involves allegations that the terms of Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy the SPD disclosure requirements, Section 204(h) notice requirements, and certain regulations regarding the relative value of benefit options available under Part B. This Request seeks information that has no bearing on the issues in this case.

27. All documents related to accounting losses or gains that CIGNA recognized as a result of the 1998 conversion of the pension plan to a cash balance arrangement.

**Objections:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence and is overbroad. This case involves allegations that the terms of Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy the SPD disclosure requirements, Section 204(h) notice requirements, and certain regulations regarding the relative value of benefit options available under Part B. Any accounting gains or losses that CIGNA recognized have no bearing on the issues in this case.

28. All documents related to any ERISA Section 204(h) notice that was given to Part A participants about benefit changes made effective January 1, 2005.

**Objections:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence and is overbroad. This case involves allegations that the terms of Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy the SPD disclosure requirements, Section 204(h) notice requirements as to members of the Class, and certain regulations regarding the relative value of benefit options available under Part B. This Request seeks information that has no bearing on the issues in this case. In particular, changes made to Part A of the Plan are irrelevant to the members of the class, all of whom are in Part B of the Plan.

29. All documents related to the matching contributions that CIGNA has made since 1997 under the variable SIP match which is described, inter alia, in the November 1997 Special Edition of the Signature Benefits Newsletter.

**Objections:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence and is overbroad. This case involves allegations that the terms of Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy the SPD disclosure requirements, Section 204(h) notice requirements, and certain regulations regarding the relative value of benefit options available under Part B.

Matching contributions under the variable SIP – a different plan than the CIGNA Pension Plan – has no bearing on any of the issues in this case.

30. All documents evidencing or related to the designations or appointments of Stewart Beltz, Gerald Meyn and John Arko as "Plan administrator."

**Objections and Response:** Defendants hereby incorporate their General Objections. Defendants further object to this Request to the extent it is overbroad. Subject to these objections and without waiver thereof, Defendants will produce documents sufficient to reflect that Stewart Beltz, Gerald Meyn, and John Arko were designated or appointed as Plan Administrator.

**MORGAN, LEWIS & BOCKIUS LLP**

By:________________________
Joseph J. Costello
Jeremy P. Blumenfeld
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5295/5258

**ROBINSON & COLE**
James A.Wade (CT # 00086)
280 Trumbull Street
Hartford, Connecticut 06103
(860) 275-8270
(860) 275-8299

Attorneys for Defendants
CIGNA Corporation and CIGNA Pension Plan

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served this 8th day of July, 2005, via regular mail upon the following:

Thomas G. Moukawsher
Moukawsher & Walsh, LLC
328 Mitchell Street
Groton, CT 06340

and upon:

Stephen R. Bruce
805 15th Street, NW
Suite 210
Washington, DC 20005

[signature]

# TAB 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JANICE C. AMARA, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

CIGNA CORP. and CIGNA PENSION PLAN,

Defendants.

Civil No. 3:01-CV-2361 (DJS)

MAY 14, 2002

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed.R.Civ.P. 34, Plaintiff requests that the Defendants respond to the following requests for production of documents and produce the documents for inspection and copying at the offices of Moukawsher & Walsh, 328 Mitchell St., Groton, CT, no later than June 13, 2002.

**Definitions and Instructions**

1. The definitions and rules of construction set forth in Local Rule 39 are deemed incorporated by reference into these requests.

2. As used herein, the terms "file" or "files" includes all types of documents, including e-mails and other documents that are filed or otherwise stored in electronic form.

3. The "file" or "files" of an identified person who is a corporate employee includes all documents that are available to that person, not merely documents in the person's personal possession.

4. Defendants are to prepare a privilege log for any documents that are withheld on grounds of privilege, as required by Fed.R.Civ.P. 26(b)(5).

**Requests for Production**

1. All documents, data compilations, or tangible things described in Defendants' initial disclosures under Fed.R.Civ.P. 26(a), which were dated April 15, 2002.

2. All documents in the files of Stewart Beltz, Gerald Meyn, or John Arko (the three persons identified in Defendants' initial disclosures as reasonably likely to have discoverable information) related to the Cigna Pension Plan.

3. All documents in the files of Stewart Beltz, Gerald Meyn, or John Arko which may be used to support any claim or defense in this matter, or which are related to any fact which Defendants denied in their Answer to the Complaint, including but not limited to the denial that Plaintiff's annual accruals are conditional on foregoing part of her previously earned benefits or only taking a distribution at normal retirement age (see Defs. Answer to Para. 38 of the Complaint).

4. All documents related to the Cigna Pension Plan that were transmitted to or from the following individuals since 1996: Robert Steele, Andy Hodges, Mark Lynch,

Tom Malloy, Bill Farquahar, or Dave Nocera.

     5.    All actuarial valuation reports about the Cigna Pension Plan prepared after 1996.

     6.    All cost estimates related to the Cigna Pension Plan that were prepared after 1996.

     7.    All documents related to the Cigna Pension Plan that were transmitted to Don Levinson after 1996, or that were used in any presentation or meeting with him after that date.

     8.    All documents related to the Cigna Pension Plan that were transmitted to Wilson H. Taylor after 1996, or that were used in any presentation or meeting with him after that date.

     9.    All documents related to the Cigna Pension Plan that were transmitted to the People Resources Committee or CIGNA's Board of Directors after 1996, or that were used in any presentation to the PRC or the Board after that date.

     10.    Any and all drafts of Plan documents for the Cigna Pension Plan that were prepared between July 1997 and the December 21, 1998, and any documents related to those drafts, such as cover letters or memos.

     11.    Any Application for Determination for the Cigna Pension Plan, with attachments or related correspondence, submitted to the IRS after 1996.

     12.    All Form 5500's for the Cigna Pension Plan, with attachments, filed after

1996.

13. All documents, including notes or other records, relating to communications between CIGNA and Federal governmental officials, departments or agencies, including but not limited to the United States Department of Treasury and the Internal Revenue Service, related to cash balance pension plans.

14. Any and all legal advice, analyses, memos or other documents prepared on behalf of the Cigna Pension Plan or the Plan's fiduciaries relating to the Plan's compliance with ERISA which were prepared after 1996.

15. All spreadsheets, analyses, or other documents prepared after 1996 related to the Cigna Pension Plan's compliance with ERISA's vesting or benefit accrual rules, including but not limited to ERISA's rules on forfeitures of accrued benefits or its 133 1/3% accrual rule.

16. All spreadsheets, analyses, or other documents related to rates of benefit accrual under the Cigna Pension Plan, Part B.

17. Any and all documents related to the Cigna Pension Plan's method of preserving the benefits protected by ERISA Section 204(g), including but not limited to any documents related to the Plan's compliance with Treas. Reg. 1.401(a)(4)-13(c)(4)(ii).

18. All business requirements, algorithms, software programs, or other procedures related to the administration of the Cigna Pension Plan after January 1, 1998.

19. All documents related to the valuation of previously earned benefits for the

purpose of establishing initial cash balance accounts under the Cigna Pension Plan,
including but not limited to documents related to different options for valuing those
benefits.

20.    All documents related to the provisions on payment of pensions in Article
VII of the Cigna Pension Plan, Part B.

21.    All annuity tables or early retirement factors used to convert cash balance
account balances to annuity form since January 1, 1998.

22.    All forms and related documents, including benefit commencement and
election forms, that have been used in the administration of the Cigna Pension Plan since
January 1, 1998.

23.    All documents related to the disclosures about the Part B Cigna Pension
Plan in the Retirement Information Kits prepared in 1997 or the Summary Plan
Descriptions prepared in 1998 and 1999.

24.    All documents related to Janice Amara's pension benefits, including but not
limited to all records related to the conversion of her benefits to cash balance and the
protection of her previously earned benefits as required by ERISA Section 204(g).

25.    All documents related to questions, claims, or complaints from employees
about cash balance pensions or the requirements for remaining under the prior plan's
benefit formula.

Dated: May 14, 2002

Respectfully submitted,

Thomas G. Moukawsher ct 08940
Moukawsher & Walsh, LLC
328 Mitchell St.
Groton, CT 06340
(860) 445-1809

Stephen R. Bruce ct 23534
805 15th Street, NW, Suite 210
Washington, DC 20005
(202) 371-8013

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This certifies that copies of the foregoing Plaintiff's First Requests for Production of Documents were delivered overnight on this 14th day of May, 2002, to:

James A. Wade
Robinson & Cole
280 Trumbell St.
Hartford, CT 06103

and were mailed on the same day by first-class U.S. mail, addressed to:

Christopher A. Parlo
Morgan Lewis & Bockius
100 Park Ave.
New York, NY 10178

Joseph J. Costello
Jeremy P. Blumenfeld
Morgan Lewis & Bockius
1701 Market St.
Philadelphia, PA 19103-2921

Thomas Moukawsher

# TAB 3

**Subject:** Amara: Follow-up items from systems inspection
**From:** "Stephen R. Bruce" <stephen.bruce@prodigy.net>
**Date:** Mon, 23 Jan 2006 17:48:51 -0500
**To:** jkohen@morganlewis.com
**CC:** STaulman@lecg.com, "Thomas G. Moukawsher" <tmoukawsher@mwlawgroup.com>
**BCC:** claude@cpoulin.com

Jamie:

As you requested, attached is our list of follow-up items from the systems inspection in Hartford on 1/17/2006.

Please contact me if you have any questions.

Stephen Bruce

| | |
|---|---|
| **amarasysinspectionfollowup.wpd** | **Content-Type:** application/x-unknown-content-type-wpwin6.1file<br>**Content-Encoding:** base64 |

**Amara v. CIGNA Forensic Inspection (1/17/2006):**

This is in response to Jamie Kohen's request for a follow-up list of items from the 1/17/2006 forensic inspection:

1. The update and supplementation of the class list for the requested fields and for related fields reviewed in the inspection needs to be completed:

   a. Two of the requested fields that have not been provided to date are in the "DBRK" system, i.e., Termination Date 1 (where the employee was rehired); and the Account balance @ commencement date.

   b. "Final average earnings" before the cash balance conversion should be in the full Access database associated with "Pension Express," in an archive of DBRK, or in another system maintained by CIGNA Corporate.

   c. The "BAS" system contains the Form of Benefit elected (e.g., "12" for j&50%s) and the Benefit Amount elected.

   d. The inspection revealed that in the class list previously provided the amounts for "GRS Ann." and "GRS OAB" may combine qualified and non-qualified benefits, e.g., for Peter Andruszkiewicz. The fields produced in the revised class list should be the qualified amounts.

   e. In the inspection, we reviewed several records with zero dollar entries in the GRS Ann and GRS OAB fields, e.g., Linn McGlade. Our queries of the Excel databases show that 9,412 class members have such entries, including 2,841 of the rehires and 5,930 of the Tier 2 participants with less than 55 points at the conversion. The data for these fields needs to be supplied, or explanations and documentation furnished concerning the reasons why so many class members are missing this data.

   f. Based on the inspection, we are also requesting that the revised class list include the fields for EE code, the Early/Late Factor, and Total Vesting Service.

2. The documentation in the two types of manuals previously produced should be brought up to date, i.e., for the administrative "CIGNA Pension Plan Documentation" (D027360-28140) and the Systems/Operations Manual, Vol. 1 (DO5103-5530) and Vol. 2 (DO3922-4271).

3. In addition, system documentation should be produced for DBRK, BAS, and PRIDE. System documentation includes: data file layouts and descriptions of data elements; a description of the files and fields in the system and how they are utilized and updated; diagrams of processing flows and source systems; reports; and changes to fields and processing over time.

4. CIGNA/Prudential should disclose the platforms for DBRK, BAS, and PRIDE, and either furnish copies of those systems, or explain why copying is not feasible.

5. A copy of "CFE" (Common Front End) system should be provided. As we understand it, CFE contains images relating to each participant, including their benefit and tax election forms; in some instances, copies of other information provided to participants, such as benefit estimates; and other related information, such as logs of contacts and requests from participants.

6. "Pension Express" is a Microsoft Access database that can obviously be copied, along with any systems documentation of what is in it (see DO 27686 and 27691). During the inspection, Donna LeClair indicated that CIGNA Corporate has to date been denying Prudential access to the complete data.

7. Any Excel or similar spreadsheets that have been used to perform different parts of benefit calculations should be produced, including but not limited to spreadsheets used to calculate old Plan benefits (see May 25, 2005 calculations for Bruce Charette included under Ex. 6 to the Supplemental Poulin Declaration), compute OAB's for rehired participants (see DO27531), calculate minimum benefits (see DO28020-26), compute cash balance accruals (see DO5271-73), project future account balances in lump sum and annuity form (see D020857), and perform the "Depenbrock" Part A recalculations.

8. As agreed, CIGNA/Prudential should provide printouts from DBRK, BAS, CFE and Pension Express, as was done during the inspection, for the following individuals:

Theodora Abronze (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),
Steve J. Bailey (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),
Michele Bergman (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),
Naomi Biggs (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),
Anne Marie Bilka (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),
David S. Carlson (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),
Deborah Carson (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),
Bruce Charette (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),
Steven D. Curlee (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),
Cindy DiBerardino (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),
Ray Dokas (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),
Sally Dube (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),
Rosemarie Fitzpatrick (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),
Annette Glanz (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),
Barbara Hogan (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),
Steven Hook (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),
Nora Klein (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),
Steven Law (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),
Lisa Leenders (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),

David MacHenry (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),
Wendy Maiese (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),
Suellen Narducci (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),
Anne D. O'Brien (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),
Charles Perkins (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),
Penny Rowley (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),
Peter Savage (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),
Robert Upton (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),
Doug Vreeland (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),
Janice Weidenborner (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),
Joyce Younes (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),
Audrey McCash (Intracorp service, not currently in the class list),
Christine A. Neagle (Intracorp service, not currently in the class list),
Elynor Pohar (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) (Intracorp service).

9. Any more of the 178 "Depenbrock" recalculations that have been performed to date should be provided, including but not limited to recalculations for the following individuals:

Joseph W. Binkowski (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),
Colby Bridges (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),
Janet Dickson (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),
Douglas Guidotti (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),
John Lamb (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),
Michael A. McCormack (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),
Lynn Mitchell (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),
Virginia Nelson (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),
John Nystrom (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),
Karen Puglise (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),
Sandra Savitt (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),
Robert F. Scanlan (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),
Susanne Thistle (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),
Dino Vlahos (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).

10. Copies of the print-outs of Janice Amara's system records which were made before they were "expunged" from Part B should be provided.

11. For the forensic inspection, Donna LeClair, a non-supervisory benefits person since 2002, was offered as the sole source of information. Although Ms. LeClair was cooperative, CIGNA's and Prudential's counsel would not allow her to call anyone else to obtain information or even to bring her administrative binder in for inspection and Ms. LeClair lacked information about a large number of topics. She:

a. Did not know if any of the systems (DBRK, BAS or PRIDE) are Windows-based.

b. Did not know anything about AnswerNet or Retirement Planner.

c. Did not know about the free 30% survivor's annuity or how it is preserved for any Part B cash balance participants since there are no fields in the system for it.

d. Did not know how the data in DBRK for "minimum" benefits in single life annuity or lump sum form were calculated, from what source the data was loaded, or whether any part of that data is based system computations or on manual entries.

e. Did not know if the Early/Late Factors shown on reports produced from DBRK are system-determined or are entered manually.

f. Did not know whether any corrections had been made to the minimum benefit and related data in DBRK, such as for a "bug" in the "ERF's" identified in February 1999 (see DO5299-5300), a "flaw" in the population of Janice Amara's old plan data uncovered in April 2001 (see P1012-13), or the "understatement" of the annuity and OAB data for Patricia Flannery which Ms. LeClair said was detected in January 2006.

g. Could not explain how the record for Peter Andruszkiewicz could have a "minimum" annuity at age 47 when no annuity is available at that age, or explain how that annuity was calculated.

h. Did not know what the field for "Calc Rel Val" is in DBRK. As earlier print-outs of the form with this field show, this is a new field (compare DO5249, 5256, 5261). Ms. LeClair was also unaware of whether there have been any recent changes in the benefit notice forms to disclose relative values in conformity with Treasury Department regulations.

i. In addition, Ms. LeClair was unable to provide information for the following fields, e.g., data field definitions and how the fields are utilized in the DBRK system:

EE code
Key EE
ProAdmin Calc
BEC Code
1993 YE Crd Service
Override Vst %

The information in items "a" through "i" should be supplied or another inspection set up to provide it.