**EXHIBIT 2**

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**
# UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Janice C. Amara, Gisela R. Broderick, Annette S. Glanz, individually and on behalf of others similarly situated,

V.

CIGNA Corporation and CIGNA Pension Plan

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:01 CV 2361 (MRK)

TO: Prudential Financial, Inc.
280 Trumbull St. H05W
Hartford, CT 06103
ATTN: Thomas Schiaffo, Esq.

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Moukawsher & Walsh, LLC, 21 Oak Street, Suite 209 Hartford, CT 06106 | 3/15/2006 10:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See "Notice of Deposition" attached.

| PLACE | DATE AND TIME |
|---|---|
| Moukawsher & Walsh, LLC, 21 Oak Street, Suite 209 Hartford, CT 06106 | 03/10/2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Thomas G. Moukawsher, Esq. Moukawsher & Walsh, LLC, 21 Oak Street, Suite 209
Hartford, CT 06106   (860) 278-7000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

PLAINTIFF'S EXHIBIT

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    DATE                              SIGNATURE OF SERVER

                                                     _____
                                                     ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

 (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

 (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

  (i) fails to allow reasonable time for compliance,
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  (iv) subjects a person to undue burden.

 (B) If a subpoena

  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

 (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

 (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANICE C. AMARA, GISELA R. BRODERICK, ANNETTE S. GLANZ, individually and on behalf of others similarly situated, | : : : : : | |
| Plaintiffs, | : | 3:01 CV 2361 (MRK) |
| v. | : : | |
| CIGNA CORP. and CIGNA PENSION PLAN, | : : | February 24, 2006 |
| Defendants. | : | |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE THAT pursuant to Fed.R.Civ.P. 30(b)(6), the plaintiffs will take the deposition upon oral examination of **Prudential Financial, Inc.** ("Prudential"), an agent, servant or third-party contractor for the defendants, CIGNA Corp. and CIGNA Pension Plan on Wednesday, March 15, 2006, beginning at 10:00 a.m., and continuing until complete, regarding the following matters:

1. The steps Prudential has taken to locate and produce documents for CIGNA Corp. or the CIGNA Pension Plan in response to Request Nos. 1, 4, 6, 9(a), 12-15, 18, and 20 in the Plaintiffs' attached Second Requests for Production of Documents and the documents Prudential has located or produced.

2. The electronic and other records responsive to the data requests in Request No. 4 in the Second Requests for Production of Documents and the steps Prudential has taken to locate or produce those records.

3. The feasibility of copying the DBRK, BAS, CFE and Pension Express databases and related software.

4. The steps Prudential has taken to locate and produce operations manuals and systems documentation related to the administration of the CIGNA Pension Plan and manuals and documentation that it has located or produced.

5. The methods CIGNA or Prudential used for calculating and keeping records of "minimum benefits" and opening account balances for participants in the Part B CIGNA Pension Plan.

6. The reason, or reasons, why over 9,400 records in the DBRK system for Part B participants who were previously under Tier 1 or Tier 2 lack entries for the Opening Account Balance field and/or for the Gross or Qualified Annuity from the prior Pension Plan.

7. Any exceptions of which Prudential is aware to the benefits earned under Tier 1 or Tier 2 of the CIGNA Pension Plan being converted to opening account balances under Part B (other than for Tier 1 participants with 45 or more age and service points and for Tier 1 participants who were rehired after January 1, 2001).

8. Any exceptions of which Prudential is aware to the protection of minimum benefits earned under Tier 1 or Tier 2 of the CIGNA Pension Plan for participants who were converted to Part B.

9. The methods used by CIGNA or Prudential to extract data from the DBRK system or other databases or records to produce benefit estimates and benefit notices for Part B participants.

10. Any questions, issues, or problems that have arisen in the recalculation of benefits in conformity with the Third Circuit's *Depenbrock v. CIGNA* decision, the steps Prudential has taken to locate and produce documents related to those

recalculations and related questions, issues and problems, and the documents Prudential has located or produced.

11. Prudential's systems of records for claims, complaints or inquiries related to the CIGNA Pension Plan, including the steps taken to produce claims, complaints or inquiries in response to discovery requests in this litigation and the documents Prudential has located or produced.

12. The other subjects covered in the follow-up requests to the systems inspection conducted at Prudential's offices in Hartford on January 17, 2006, which Donna LeClair and Thomas Schiaffo attended. The follow-up requests are attached and incorporated by reference.

The deposition will take place at the offices of Moukawsher & Walsh, LLC, 21 Oak Street, Suite 209, Hartford, CT 06106, and shall be recorded by stenographic means by a qualified court reporter. Pursuant to Rule 30(b)(6), Prudential shall designate persons to testify on these matters and set forth the matters on which each such person shall testify.

Pursuant to Rules 30(b)(6) and 45, Prudential shall produce all documents related to these matters that have not been heretofore produced on or before March 10, 2006.

Attachments:  1. Defendants' Supplemental Objections and Responses to Plaintiff's Second Requests for Production of Documents.
2. Plaintiff's First Requests for Production of Documents (which are incorporated by reference in the request for supplementation in Request No. 1 of the Second Requests).
3. The follow-up requests to the January 17, 2006 systems inspection.

FOR THE PLAINTIFFS:

By:_____
Thomas G. Moukawsher ct08940

3

Ian O. Smith ct24135
Moukawsher & Walsh, LLC
21 Oak Street
Hartford, CT 06106
(860) 278-7000
tmoukawsher@mwlawgroup.com

Stephen R. Bruce ct 23534 (pro hac vice)
Suite 210
805 15th St., NW
Washington, DC 20005
(202) 371-8013
stephen.bruce@prodigy.net

## CERTIFICATE OF SERVICE

This certifies that copies of the foregoing Notice of Deposition were sent on this 24th day of February 2006, by hand-delivery addressed to:

Thomas Schiaffo, Esq.
Prudential Financial, Inc.
280 Trumbell St. H05W
Hartford, CT 06103

and by first-class U.S. mail, postage prepaid, addressed to:

Joseph J. Costello
Jeremy P. Blumenfeld
Jamie M. Kohen
Morgan Lewis & Bockius
1701 Market St.
Philadelphia, PA 19103-2921

James A. Wade
Erin O'Brien Choquette
Robinson & Cole
280 Trumbell St.
Hartford, CT 06103-3597

_____
Thomas G. Moukawsher