**EXHIBIT 5**

**Subject:** Re: Amara: Production of documents by CIGNA
**From:** jkohen@morganlewis.com
**Date:** Fri, 7 Jul 2006 14:55:24 -0400
**To:** stephen.bruce@prodigy.net
**CC:** jblumenfeld@morganlewis.com

Hi Stephen,

I am responding today to certain of the enumerated items in your email below and will send a response to the remaining items when I have confirmed CIGNA's response with John Arko, who currently is on vacation.

1- We maintain our objection, consistently stated throughout this litigation, to the production of documents related to accounting gains or losses from the conversion. Such documents are not relevant to any of the claims or defenses in this suit.

2- We maintain our objection, consistently stated throughout this litigation, to the production of these documents. CIGNA's recalculation of benefits per Depenbrock has no bearing on any of the claims or defenses in this suit. Nevertheless, as an accommodation to you, we previously had agreed to produce only the actual recalculations that were completed, and we have continued to supplement, and will continue to supplement, our production to provide such recalculations to you.

4- To the extent that any documents existed related to Mr. Arko's instructions to Prudential, they have been produced. Additionally, any documents related to Prudential's review must be obtained directly from Prudential.

5- The same response applies as to #4.

8- We maintain our objection, consistently stated throughout this litigation, to the production of documents related to the variable matches to the SIP/401(k) plan. Such documents are not relevant to any of the claims or defenses in this suit. We tried to be accommodating by providing you information regarding the historic match percentages, but maintain our objection to any further production.

9- We have produced all of the information that ever was contained in Pension Express. As I believe was previously explained to you, Pension Express was designed and used to calculate traditional defined benefit pensions - not cash balance pensions. The minimum benefit under Part B was calculated by CIGNA Retirement Services, and now by Prudential, and not by Pension Express.

10- Each of these individuals has confirmed that he possesses no responsive documents. The only documents these individuals possessed related to the accounting surrounding the conversion. As you know, CIGNA objects to the production of such materials.

* (unnumbered)- Our written document request responses stated that CIGNA has produced or will produce all non-privileged response documents. We are not withholding any remaining documents on the basis of privilege. All privileged documents have been included on our privilege log, and the court already has ruled on the privilege issues in this case.

Thanks,

Jamie M. Kohen
Morgan, Lewis & Bockius LLP

1701 Market Street
Philadelphia, PA 19103-2921
Tel. 215.963.5472
Fax 215.963.5001
jkohen@morganlewis.com
Winner of The American Lawyer's Litigation Department
of the Year - Labor and Employment

IRS Circular 230 Disclosure

To ensure compliance with requirements imposed by the IRS, we inform you
that any U.S. federal tax advice contained in this communication (including
any attachments) is not intended or written to be used, and cannot be used,
for the purpose of:  (i) avoiding penalties under the Internal Revenue
Code; or (ii) promoting, marketing, or recommending to another party any
transaction or matter addressed herein.  For information about why we are
required to include this legend in emails, please see
http://www.morganlewis.com/circular230.


| "Stephen R. Bruce" <stephen.bruce@prodigy.net><br><br>06/13/2006 02:25 PM<br><br>Please respond to stephen.bruce@prodigy.net | To jkohen@morganlewis.com<br><br>cc<br><br>Subject Re: Amara: Production of documents by CIGNA |
|---|---|

When can we expect a response to this email (which was sent May 24,
2006)? Thanks.

Stephen R. Bruce wrote:

> Your May 17, 2006 letter states that the production of documents
> identified in Mr. Arko's Rule 30(b)(6) deposition is now "complete."
> However, we have not received the following:
>
> 1. Mr. Arko testified that Paul Gontarek provided documents to Jeremy
> Blumenfeld related to accounting gains or losses from the cash balance
> conversion, and Mr. Blumenfeld stated that he was looking those
> documents over. Arko Depo at 261-3. Those documents have not been
> produced.
>
> 2. Documents related to questions, issues, and problems connected with
> the Depenbrock recalculations have not been produced. The Pension
> Activity reports indicate several communications which have not been
> produced. Mr. Arko's email to Jack Lamb also indicated that Prudential
> had raised "questions." Mr. Arko testified that he had provided such
> documents to counsel. Arko Depo at 89-94. But no such documents have
> been produced.
> 3. Mr. Arko testified that Lorraine Morris has sent him information
> related to minimum benefits, Arko Depo at 26-27, but no communications
> from Lorraine Morris to Mr. Arko have been produced.

4. Mr. Arko testified that he instructed Prudential about the Free 30% survivor's benefits "approximately two months ago" and that a review is taking place, Arko Depo at 109-17, but no documents, including emails, related to his instructions or to any review have been produced.

5. The same applies to Mr. Arko's instructions about disclosures of "relative value" of benefit options and to related review and other activities by Prudential. Arko Depo at 117-30. No such documents have been produced.

6. The production of Pension Activity/Pension Plan Initiatives reports is incomplete. Mr. Arko testified that the ones that have been produced were from his personal files and that he did not check whether any were missing. He also testified that there was a Pension Activity log from a recent 2006 meeting which he was going to provide to counsel. Arko Depo at 66-71. Prudential also indicated that it has a "shared drive" with all of these, which should be in CIGNA's custody or control.

7. Mr. Arko testified that Tomika Strickland maintains a database of inquiries to Mr. Arko like Patricia Flannery's inquiries. Arko Depo at 226-29. That database has not been produced. His testimony indicated that this was broader than the redacted "appeals" list included with your May 16, 2006 letter, which does not list any inquiries from Ms. Flannery. With respect to the appeals listed in the attachment to your May 16, 2006 letter, only a limited number of the appeals for the 17 listed individuals have been produced.

8. No documents were produced related to the history of variable matches to the SIP/401k plan recounted in your May 10, 2006 email. As you state, the variable matches listed in that email are the "maximum contribution amounts" for those eligible employees making "deferrals of at least 6% of eligible pay." There should be documents related to actual levels of deferrals by those who participate in the 401k plan and to the numbers of eligible employees who do not participate.

9. Mr. Arko was unable to answer questions related to the absence of minimum benefit information (aka the age 55 and 65 benefits under the prior plan) in the Pension Express CD that was produced. Arko Depo at 55-56. Your May 3rd email responded to my April 26th request about data on final average salary but did not respond to the request in that same email concerning minimum benefits. We request that the tables in that CD which contain minimum benefits data be identified so we can be sure that we have identified all such records that are contained on the Pension Express CD.

10. Mr. Arko testified that he relied on Mr. Gontarek to make the requests for files from Messrs. Bell, Lemay and Schwartz in response to Request No. 3, and he indicated that no follow up request was made in preparation for his 30b6 deposition, rather he was "reminded" of what had been done. Arko Depo at 229-232. The response to the request states that "non-privileged" documents would be produced, but none have been and Mr. Arko testified that little or no documents were provided to him, even though he identified Mr. Bell as being involved with the cash balance conversion from an accounting perspective. Arko Depo at 229-32 and 261-62. Any responsive documents that have not been produced need to be provided, and any documents that are being withheld on grounds of privilege, including the requests that were made to these individuals and any responses thereto, need to be logged.

The responses to Request Nos. 3 and 4 (related to CIGNA's reasons for deciding not to "compare the old to the new plans" and to Mercer's "comparison graph") in the Fourth Set of Requests for Production also indicate a reservation of the production to "non-privileged documents." No privilege log has been provided with respect to those requests.

DISKLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.