**EXHIBIT C**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Janice C. Amara, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>CIGNA Corp. and CIGNA Pension Plan,<br><br>       Defendants. | Civil No. 3:01-CV-2361 (MRK) |

**DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants CIGNA Corporation ("CIGNA") and CIGNA Pension Plan (the "Plan") (collectively "Defendants"), by and through their counsel, hereby make the following supplemental objections and responses to Plaintiff's Second Requests for Production of Documents.

**GENERAL OBJECTIONS**

1. Defendants object to the Requests to the extent they call for documents or information which is subject to one or more privileges, including, but not limited to, the attorney-client privilege, or any information which constitutes or reflects the work product of Defendants' attorneys.

2. Defendants object to the Instructions in the Requests to the extent that they seek to impose any obligation on Defendants that is inconsistent with, or in addition to, obligations imposed by the Federal Rules of Civil Procedure or other Rule or Order of the Court.

3. Defendants object generally to producing documents or providing

22. All documents that support, or tend to support, the statement that CIGNA was "not changing the plan [to cash balance] to cut costs" in Gerald Meyn's 11/3/97 memo to CIGNA managers or the statement in the November 1997 Special Edition of the Signature Benefits Newsletter that "One advantage the company will not get from the retirement program changes is cost savings."

**Objections:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence and is overbroad. This case involves allegations that the terms of Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy the SPD disclosure requirements, Section 204(h) notice requirements, and certain regulations regarding the relative value of benefit options available under Part B. This Request seeks information that has no bearing on the issues in this case.

23. All documents related to the "retirement plan communications survey" summarized on March 3, 1998 in the document Bates numbered as D00518 et seq. and all documents related to any surveys related to retirement plan communications conducted subsequent to that time.

**Objections:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence and is overbroad. This case involves allegations that the terms of Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy the SPD disclosure requirements, Section 204(h) notice requirements, and certain regulations regarding the relative value of benefit options available under Part B. This Request seeks information that has no bearing on the issues in this case.

26. All documents related to the "discussions with groups of managers" or "focus groups with managers" referenced in the document which is Bates numbered as D11934-36 (and marked as Plaintiff's Dep. Ex. 68).

**Objections:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence and is overbroad. This case involves allegations that the terms of Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy the SPD disclosure requirements, Section 204(h) notice requirements, and certain regulations regarding the relative value of benefit options available under Part B. This Request seeks information that has no bearing on the issues in this case.

27. All documents related to accounting losses or gains that CIGNA recognized as a result of the 1998 conversion of the pension plan to a cash balance arrangement.

**Objections:** Defendants hereby incorporate their General Objections. Defendants further object to this Request on the grounds that it seeks information that is neither relevant to the claims or defenses of the parties, nor likely to lead to the discovery of admissible evidence and is overbroad. This case involves allegations that the terms of Part B violate certain provisions of ERISA and that the Plan Administrator did not satisfy the SPD disclosure requirements, Section 204(h) notice requirements, and certain regulations regarding the relative value of benefit options available under Part B. Any accounting gains or losses that CIGNA recognized have no bearing on the issues in this case.

Matching contributions under the variable SIP – a different plan than the CIGNA Pension Plan – has no bearing on any of the issues in this case.

30. All documents evidencing or related to the designations or appointments of Stewart Beltz, Gerald Meyn and John Arko as "Plan administrator."

**Objections and Response:** Defendants hereby incorporate their General Objections. Defendants further object to this Request to the extent it is overbroad. Subject to these objections and without waiver thereof, Defendants will produce documents sufficient to reflect that Stewart Beltz, Gerald Meyn, and John Arko were designated or appointed as Plan Administrator.

MORGAN, LEWIS & BOCKIUS LLP

By: _____
Joseph J. Costello
Jeremy P. Blumenfeld
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5295/5258

**ROBINSON & COLE**
James A. Wade (CT # 00086)
280 Trumbull Street
Hartford, Connecticut 06103
(860) 275-8270
(860) 275-8299

Attorneys for Defendants
CIGNA Corporation and CIGNA Pension Plan

17

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 8th day of July, 2005, via regular mail upon the following:

>Thomas G. Moukawsher
>Moukawsher & Walsh, LLC
>328 Mitchell Street
>Groton, CT  06340

and upon:

>Stephen R. Bruce
>805 15th Street, NW
>Suite 210
>Washington, DC 20005