**EXHIBIT D**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---------------------------------------------------X
:
JANICE C. AMARA, GISELA            :     3:01 CV 2361 (MRK)
R. BRODERICK, ANNETTE S. GLANZ  :
individually, and on behalf of others    :     Trial Date: 09/11/06
similarly situated,                            :
:
                               Plaintiffs,   :
        v.                                      :
:
CIGNA CORP. AND CIGNA          :
PENSION PLAN,                         :
:
                               Defendants.  :
:
---------------------------------------------------X

**DECLARATION OF JAMIE MICHELE KOHEN**
**IN SUPPORT OF DEFENDANTS' OPPOSITION TO**
**PLAINTIFFS' MOTION FOR ADVERSE INFERENCES**
**AND SANCTIONS BASED ON DEFENDANTS' RESPONSES TO DISCOVERY**

    I, Jamie Michele Kohen, Esquire depose and state pursuant to 28 U.S.C. § 1746 as follows:

    1.    I am an attorney with Morgan Lewis & Bockius LLP, counsel for Defendants in the above captioned action. I am familiar with this lawsuit and with the correspondence between the parties and third-party Prudential Retirement ("Prudential") regarding the lawsuit.

    2.    Plaintiffs subpoenaed Prudential directly and coordinated discovery with three lawyers from Prudential's in-house legal department, Thomas Schiaffo, Robert (Nick) Merritt, and Amy Ravitz.

    3.    Neither CIGNA nor its counsel has prevented or in any way thwarted Plaintiffs' counsel from obtaining discovery from Prudential.

    4.    No data was provided to Defendants' counsel that was not provided to Plaintiffs.

5.   No data was excluded on the Class List provided by Prudential to Plaintiffs on account of any instruction from Defendants' counsel.

6.   Defendants' counsel had never seen the Prudential analysis of what information could be provided to Morgan Lewis for the Class List created in the fall of 2005, Motion Ex. 5, before Prudential produced that analysis to both parties in August 2006.

7.   Prudential has provided countless productions of documents totaling thousands of pages, and Defendant's counsel did not interfere with or impede this process in any way.

8.   Prudential's largest production of materials, consisting of three CDs containing hundreds of files, was first sent to Defendants' counsel days <u>after</u> it had been sent to Plaintiffs.

9.   Neither I, nor any of my colleagues who serve as Defendants' counsel, was involved in the selection or preparation of the Prudential witnesses for Prudential's Rule 30(b)(6) depositions.

10.   Plaintiffs' counsel complains that the additional electronic Class List data that Prudential provided in August 2006 did not include a key for the data codes therein.  Prudential provided the information to Plaintiffs' counsel on August 23, 2006 and yet Plaintiffs' counsel never asked Prudential's in-house counsel, with whom he was in almost-daily email contact, for a key to the document.  Nonetheless, upon Defendants' counsel's making Prudential aware of Plaintiffs' confusion after the filing of the instant Motion, Prudential provided a key.

11.   After receiving Plaintiffs' Class' Motion for Adverse Inferences and Sanctions Based on Defendants' Responses to Discovery on August 31, I forwarded the motion to Prudential's in-house counsel, Amy Ravitz.  I requested a telephone conference with Ms. Ravitz and certain Prudential employees involved in discovery in this case to review Plaintiffs' allegations therein.

12. Prudential's in-house counsel and employees confirmed that all requested documents in their custody had been produced to Plaintiffs' counsel and indicated the following information to me.

13. Prudential explained that Prudential understood the request for a participant's "benefit amount" to be the same as the request for the "account balance at pension commencement date," which has been provided.

14. Prudential explained that to date, the only participants whose OAB needed to be calculated were participants who were not yet paid benefits, and accordingly, no harm resulted from Prudential's correction of the OAB data from its record-keeping for any individuals.

15. Plaintiffs complain that Prudential only produced written policies concerning minimum benefits from 2006, however, Prudential explained that these are the only such written policies that Prudential possesses.

16. For the password-protected files electronically produced, Prudential did not provide a password to Defendants' counsel, and indeed Prudential reports that its own personnel are not able to open these files, and that it is investigating whether any of the information may be recovered by its information technologies department.

17. Prudential explained that it provided to Plaintiffs all Part B benefit data that is readily available on a class-wide basis.

18. The "account balance at pension commencement date" for each class member in fact was provided to Plaintiffs on a CD on August 23, 2006, more than a week before the instant motion was filed. Gathering this information for each class member required Prudential to extract information from three different record-keeping systems, including one which was shut down. The process for the Prudential Information Technology and Systems personnel to extract

this data from those various systems and input into a single readable format was very time-consuming, thus explaining the delay.

     I declare under penalty of perjury that the foregoing is true and correct.


Executed on September 10, 2006        _____
                                                    Jamie Michele Kohen