## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

_____

Janice C. Amara, Gisela R. Broderick,       :
Annette S. Glanz, individually and          :
on behalf of all others similarly situated, :
                                            :
Plaintiffs,                                 :
                                            :
v.                                          :       Civil. No. 3:01-CV-2361 (MRK)
                                            :
CIGNA Corp. and                             :       September 11, 2006
CIGNA Pension Plan,                         :
                                            :
Defendants.                                 :
_____:

### DEFENDANTS' PROPOSED LIST OF CLASS CLAIMS, ISSUES, AND DEFENSES AND INDIVIDUALIZED CLAIMS, ISSUES AND DEFENSES

Pursuant to the Court's instruction during the Final Pretrial Conference on September 6, 2006, Defendants CIGNA Corporation ("CIGNA") and the CIGNA Pension Plan ("the Plan") (collectively "Defendants") respectfully submit the following list of claims, issues and defenses that are appropriate for class-wide treatment and claims, issues and defenses that are not appropriate for class-wide treatment.

I.    COUNT I – WEAR-AWAY

    A.    Class-wide claims, issues and defenses.

        1.    Whether the terms of CIGNA's cash balance plan ("Part B") violate ERISA Sections 203 and/or 204(b)(1)(B), 29 U.S.C. § 1053 and/or 29 U.S.C. § 1054(b)(1)(B).

    B.    Individualized (or sub-class) claims, issues and defenses.

        1.    Whether any particular class member was harmed by the alleged violations in Count I.

II.   COUNT II – SPD DISCLOSURE CLAIM

    A.    Class-wide claims, issues and defenses.

1.  Whether the summary plan description ("SPD") for Part B satisfied ERISA's SPD disclosure requirements, 29 U.S.C. § 1022 and 29 C.F.R. § 2520.102-1 through 102-5.

2.  Whether ERISA permits a plan participant to recover benefits based on the terms of an SPD instead of the actual terms of the plan.

3.  Whether Count II is barred by the applicable statute of limitations.

4.  Whether the responsibility for publishing the SPD fell on the Plan Administrator, such that Plaintiffs' failure to name the Plan Administrator as a defendant is fatal to their claim.

B.  Individualized claims, issues and defenses.

1.  Whether any particular class member was likely prejudiced by any deficiency in the SPD.[1]

2.  Whether any deficiency in the SPD was harmless error as to any particular participant.

III.  COUNT III – AGE DISCRIMINATION

A.  Class-wide claims, issues and defenses.

1.  Whether the terms of Part B violate ERISA Section 204(b)(1)(H), 29 U.S.C. § 1054(b)(1)(H).

IV.  COUNT IV – 204(h) DISCLOSURE CLAIM

A.  Class-wide claims, issues and defenses.

1.  Whether the CIGNA Signature Benefits Newsletter satisfied ERISA's Section 204(h) disclosure requirements, 29 U.S.C. § 1054(h).

2.  Whether the CIGNA Retirement Information Kit satisfied ERISA's Section 204(h) disclosure requirements, 29 U.S.C. § 1054(h).

3.  Whether the Part B SPD satisfied ERISA's Section 204(h) disclosure requirements, 29 U.S.C. § 1054(h).

---

[1]  Defendants have argued, *inter alia*, that the individual account statements and Total Compensation Reports that were provided to all Part B participants preclude any finding of likely prejudice and establish harmless error.  If the Court agrees, it can find in favor of Defendants on this issue on a class-wide basis.

4.      Whether the Plan Administrator was required to provide a Section 204(h) notice to terminated vested participants who were not accruing any benefits under the Plan at the time the plan was amended.

5.      Whether Count IV is barred by the applicable statute of limitations.

6.      Whether the responsibility for publishing the Section 204(h) notice fell on the Plan Administrator, such that Plaintiffs' failure to name the Plan Administrator as a defendant is fatal to their claim.

B.      Individualized claims, issues and defenses.

1.      Whether any particular class member was likely to suffer a significant reduction in the rate of future benefit accrual as a result of the amendment adopting Part B.[2]

2.      Whether any particular class member was likely prejudiced by any deficiency in the Section 204(h) notice.

3.      Whether any deficiency in the Section 204(h) notice was harmless error as to any particular participant.

V.      COUNT V – ANTI-CUTBACK

A.      Class-wide claims, issues and defenses.

1.      Whether the terms of the amendment that froze accruals under Part A (Amendment No. 4) or the amendment that created Part B (the Part B Plan Document) violate ERISA Section 204(g), 29 U.S.C. § 1054(g).

B.      Individualized (or sub-class) claims, issues and defenses.

1.      Whether any particular class member has received, or is receiving, benefits that were not calculated in accordance with the terms of Part B.

2.      Whether any class member who has not commenced receipt of his or her benefits has any ripe claim sufficient for constitutional standing.

---

[2]      If the Court finds that Defendants' other communications disclosed the information that Plaintiffs claim should have been included in the Section 204(h) notice, the Court can find in favor of Defendants on this issue on a class-wide basis.

    3.      Whether any particular class member exhausted the Plan's internal claim and appeal process on any claim for benefits.

    4.      Whether any particular class member's claim in Count V is barred by the applicable statute of limitations.

## VI.   DEFENSES

A.    Individualized (or sub-class) claims, issues and defenses.

    1.      Whether any particular class member's claims are barred by the release of claims executed by that class member.

## VII.   REMEDIES

A.    After Plaintiffs identify the specific remedies they seek on each claim, Defendants will be able to respond to the appropriateness of litigating that remedy on a class-wide or individualized basis.

Dated:  September 11, 2006             Respectfully submitted,

By:  /S/ Jeremy P. Blumenfeld
**MORGAN, LEWIS & BOCKIUS LLP**
Joseph J. Costello
Jeremy P. Blumenfeld
Jamie M. Kohen
1701 Market Street
Philadelphia, Pennsylvania  19103-2921
(215) 963-5295/5258/5472
(215) 963-5001 (fax)

**ROBINSON & COLE**
James A. Wade (CT # 00086)
280 Trumbull Street
Hartford, Connecticut  06103
(860) 275-8270
(860) 275-8299 (fax)

Attorneys for Defendants CIGNA
Corporation and CIGNA Pension Plan

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served this 11th

day of September, 2006 via hand delivery upon the following:

Thomas G. Moukawsher
Moukawsher & Walsh, LLC
328 Mitchell Street
Groton, CT  06340

Stephen R. Bruce
805 15th Street, NW
Suite 210
Washington, DC 20005


/s/ Jamie M. Kohen
Jamie M. Kohen