UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Janice C. Amara, Gisela R. Broderick, Annette S. Glanz, individually and on behalf of all others similarly situated, | : : : : | |
| Plaintiffs, | : : | |
| vs. | : : | Civil. No. 3:01-CV-2361 (MRK) |
| CIGNA Corp. and CIGNA Pension Plan, | : : : | September 12, 2006 |
| Defendants. | : | |

### Plaintiff Class' Additional Submission on Relief

Under ERISA §§502(a)(1)(B),[1] and 502(a)(3),[2] the CIGNA Pension Plan must be read to conform with the law and appropriate relief should be offered to redress violations and provide recovery of benefits previously calculated under unlawful plan terms. Following these principles, Class counsel submit this summary of the relief requested under each Claim.[3]

---

[1] ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), provides specific authority for participants "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

[2] ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), separately provides specific authority for the Court "to enjoin any act or practice which violates any provision of this title or the terms of the plan or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this title or the terms of the plan."

[3] In accordance with the Court's direction, this is a summary of the relief requested, not a complete form of Order.

### Claim One: Conditioning of Cash Balance Accruals and Backloading of Accruals

Defendants should be enjoined from interpreting or applying the Plan's provisions that result in periods of "wear-away" with no additional benefit accruals in violation of ERISA's anti-forfeiture and backloading rules. Class members whose retirement benefits have been reduced because of wear-away periods must have their benefits recalculated without them. A class action administrator or special master should be appointed to oversee implementation of remedies, with authority to make an accounting and take necessary steps to bring the Plan into compliance. Interest should be awarded on past due benefits.

### Claim Two: Disclosures of Circumstances that May Result in Reductions, Losses or Forfeitures of Benefits that Participants Might Reasonably Expect Based on the Description of Benefits

The Plan cannot enforce benefit reductions that the SPD does not properly disclose. The circumstances in which the benefit and interest credits would not be paid because of the "greater of (a) or (b)" formulation in the Plan document were never disclosed. Instead, the Plan must be interpreted and applied in conformity with CIGNA's representations in the SPD and Retirement Kit that "Each dollar's worth of credit is a dollar of retirement benefits payable to you after you are vested" and that "any benefits" from the prior plan were "fully protected" with the cash balance benefits "grow[ing] steadily" as an addition. The Plan must also be interpreted and applied consistent with the

2

representations in the Retirement Kit that the cash balance plan would offer "comparable" or "larger" benefits than the prior Plan and the absence of any disclosures of reductions in either the Retirement Kit or the SPD. Accordingly, the benefits after January 1, 1998 must be comparable or larger to those provided under the benefit formula (Tier 1 or Tier 2) that previously applied to the participant and each dollar's worth of credits must actually be a dollar of retirement benefits payable to the participant.

### Claim Three: Age Discrimination in Rates of Benefit Accrual and Cessation of Accruals

The additional retirement benefits earned by older employees for years of service after January 1, 1998 must be conformed with the rates at which additional retirement benefits are earned by younger employees with same years of service and salary.

The wear-away periods with no future accruals must be eliminated to the extent they cause a "cessation" of accruals based on early retirement eligibility. Whether benefit accruals are measured by benefits at retirement (as Plaintiffs contend) or by benefit and interest credits (as Defendants contend), a cessation of benefits based on a factor that correlates precisely with age is not allowed.

### Claim Four: Section 204(h) Notice of Reductions and the Amendment to the "Rehire Rule"

1.   All members of the class who CIGNA employed on January 1, 1998 or who were rehired thereafter must be restored to the benefit formulas (Tier 1 or Tier 2) that applied on December 31, 1997. The absence of Section 204(h) notice of future reductions

and CIGNA's representations in the Newsletter and Retirement Kit that the cash balance changes offered "enhancements," an "overall improvement" and "comparable" or "larger" benefits "vitiates" the reductive amendments. Unless and until proper notice is given, current employees shall continue to accrue benefits under the benefit formulas in effect on December 31, 1997. Participants who commenced benefits after December 31, 1997 shall receive any difference between the benefit they have received and the benefit due under lawful Plan terms.

2. The December 21, 1998 amendment to the "rehire rule" is invalid because of the absence of timely notice. The "rehire rule" in effect before this amendment expressly provided that a rehired employee shall be returned to the formula that previously applied. As a result, all rehired employees who were under the Tier 1 (2%) formula and who had 45 age and service points to be grand-fathered must be treated in the same manner as other Tier 1 participants with 45 age and service points.

**Claim Five: Protection of Minimum Benefits and Disclosures of Relative Values**

1. Benefits earned under the old Plan must be fully protected to conform with ERISA §§204(g) and 209, 29 U.S.C. §§1054 and 1059. An accounting must be ordered of over 9,700 participant records where Defendants admit that prior benefit amounts are not in the "DBRK" benefit administration system and the remaining records must be examined, through systems checks developed by an independent administrator, to redress

understatements of prior benefits. Any previously-made lump sum and annuity distributions must be recalculated based on the protected benefits earned before January 1, 1998. The "Free 30%" survivor's annuity must be added to the protected benefits of eligible participants and provided to the surviving spouses and domestic partners of any deceased participants.

2.   No past or future consent to a lump sum distribution is valid unless the participant received notice of future benefit options of any higher protected retirement benefit (as promised in CIGNA's SPD), and an explanation of the "relative values" of their options. Accordingly, all members of the class who:

> (a) elected lump sum or annuity distributions before age 55 without notice of the benefits available to them beginning at that age, or

> (b) elected lump sum distributions after 55 without notice of the relative value of their options,

must be offered a recalculated benefit in annuity form. All class members affected by the Depenbrock decision must either be returned to the Part A Plan or provided with disclosures of the relative values of their options. No election to remain in the Part B Plan can be effective without understandable disclosure of the greater relative value of returning to the Part A Plan.

Dated: September 12, 2006

5

Respectfully submitted,

By: /s/ Thomas G. Moukawsher
Thomas G. Moukawsher ct08940
Ian O. Smith ct24135
Moukawsher & Walsh, LLC
21 Oak Street
Hartford, CT 06106
(860) 278-7000
(860) 446-8161 (fax)
tmoukawsher@mwlawgroup.com

Stephen R. Bruce ct23534 (pro hac vice)
Allison C. Caalim
805 15th St., NW, Suite 210
Washington, DC 20005
(202) 371-8013
(202) 371-0121 (fax)
stephen.bruce@prodigy.net

Attorneys for the Plaintiff Class

**CERTIFICATE OF SERVICE**

I certify that copies of the foregoing Plaintiff Class' Additional Submission on Relief, and this Certificate of Service, were filed electronically through the CM/ECF system on September 12, 2006. Notice of this filing will be sent by e-mail to all parties listed below by operation of the Court's electronic filing system:

Joseph J. Costello
Jeremy P. Blumenfeld
Jamie M. Kohen
Morgan, Lewis & Bockius
1701 Market St.
Philadelphia, PA 19103-2921

Christopher A. Parlo
Morgan Lewis & Bockius
101 Park Avenue
New York, NY 10178-0600

Brett J. Boskiewicz
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

/s/ Thomas G. Moukawsher
Thomas G. Moukawsher  ct08940
21 Oak Street
Hartford, CT 06106
(860) 278-7000
(860) 446-8161 (fax)
tmoukawsher@mwlawgroup.com

Attorney for the Plaintiffs