**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

Janice C. Amara, Gisela R. Broderick,      :
Annette S. Glanz, individually and          :
on behalf of all others similarly situated,   :
                                            :
                          Plaintiffs,       :
                                            :
vs.                                         :      Civil. No. 3:01-CV-2361 (MRK)
                                            :
CIGNA Corp. and                             :      September 11, 2006
CIGNA Pension Plan,                         :
                                            :
                          Defendants.       :
                                            :

## [*PLAINTIFFS' PROPOSED*]
## ORDER UNDER FEDERAL RULE 23(c)(1)(B)

Federal Rule of Civil Procedure ("FRCP") 23(c)(1)(B) was amended after this case was

certified as a class action on December 20, 2002. As amended effective December 1, 2003,

FRCP 23(c)(1)(B) provides that an order certifying a class action "must define the class and the

class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)."

1.      The definition of the class is set out in the Court's December 20, 2002 Order, as

follows:

Any and all persons who:

A.      Are former or current CIGNA employees,

B.      Participated in the CIGNA Pension Plan before January 1, 1998, and

C.      Have participated in the CIGNA "Part B" Pension Plan at any time since January
        1, 1998.

2.      The class claims or issues alleged in the Third Amended Complaint, for which

leave was granted on February 15, 2006, and developed in conformity with party admissions

subsequent to that date, are as follows (the Court is, of course, not expressing any opinion on the

merits of the claims by setting them forth in the manner that the Plaintiffs have chosen):

### Forfeiture and Back-Loading from Periods with No Additional Benefits (the "Wear-Away" Periods)

A.    Section 7.3 of CIGNA's Pension Plan makes payment of the annual cash balance credits after January 1, 1998 conditional on participants "elect[ing]" to forego receipt of their previously-earned benefits in annuity form in violation of the nonforfeitability rules in ERISA §203(a), 29 U.S.C. §1053(a). See Treas. Reg. 1.411(a)-4(b); Esden v. Bank of Boston, 229 F.3d 154 (2d Cir. 2000).

B.    To satisfy the "anti-backloading" rule in ERISA § 204(b)(1)(B), 29 U.S.C. § 1054(b)(1)(B), CIGNA must offer participants annual rates of benefit accrual in each plan year that do not vary between the current and any later plan year by more than 133⅓%. Id. and Treas. Reg. 1.411(b)-b(2). Plan years with no additional accruals (also called "wear-aways") violate this rule because the accrual rate in later years is infinitely more than the rate in the years with no accruals.

### Age-Based Reductions in Accrual Rates and Cessations in Accruals

C.    An employer is prohibited by ERISA §204(b)(1)(H)(i), 29 U.S.C. §1054(b)(1)(H), from establishing or maintaining plan provisions that reduce "the rate an employee's benefit accrual...because of the attainment of any age." Under a defined benefit plan, an employee's benefit accrual is expressed in the form of "an annual benefit commencing at normal retirement age." ERISA §3(23)(A), 29 U.S.C. §1002(23)(A); Richards v. FleetBoston, 427 F.Supp.2d 150 (D.Conn. 2006). The rate at which an employee earns an annual retirement benefit must therefore not be reduced, or cease for a period of time (through a "wear-away"), compared with the rate at which any younger employee with the same salary earns an annual retirement benefit.

### Advance Notice and Other Disclosure Rules for Benefit Reductions

D.    By converting to a cash balance pension formula with significantly reduced benefits without providing notice to participants of a reduction in the future rate of benefit accruals at least 15 days before the effective date, CIGNA violated ERISA §204(h), 29 U.S.C. §1054(h). This Section requires that notice of a significant reduction precede implementation of the amendment by at least 15 days and be "written in a manner calculated to be understood by the average plan participant." Treas. Reg. 1.411(d)-6, Q&A 10 (as in effect in 1997); Hirt v. Equitable, --- F.Supp.2d ---, 2006 WL 2023545 (S.D.N.Y. 2006).

E.    By implementing the amended "rehire rule" without notice to terminated vested participants of the significant reductions in their future rate of accruals, CIGNA also violated ERISA §204(h), 29 U.S.C. §1054(h). See Frommert v. Conkright, 433 F.3d 254 (2d Cir. 2005). Subsequent to the grant of leave to amend, CIGNA further admitted that no Summary Plan Description ("SPD") or Summary of Material Modification ("SMM") was distributed to any terminated vested participant with notice of the amended rehire rule.

F.    Under ERISA §102, 29 U.S.C. §1022, an updated SPD or SMM must be distributed to participants explaining any material modification to a Plan, including circumstances that may result in reductions, denial, loss, or forfeiture of benefits that a participant might otherwise reasonably expect to receive on the basis of the description of the benefits offered by the plan. Id. and 29 C.F.R. 2520.102-3(l) and 2520.104b-3(a) and (b). The updated SPD or SMM must be "written in a manner calculated to be understood by the average plan participant." 29 U.S.C. §1022(a), 29 C.F.R. 2520.102-2(a) and 2520.104b-3(a); Layaou v. Xerox, 238 F.3d 205 (2d Cir. 2001). Neither the updated SPD that CIGNA distributed in 1998 and 1999 nor the Retirement Information Kit distributed in 1997 (which CIGNA categorized, subsequent to the grant of leave to amend, as an SMM) describe any benefit reductions, conditions on receipt, or other disadvantages associated with the new cash balance accruals.

**Protection of Old Plan Benefits ("Minimum Benefits")**

G.    CIGNA has violated the anti-cutback rule in ERISA §204(g), 29 U.S.C. §1054(g), and the disclosure requirements in ERISA §102, 29 U.S.C. §1022, by offering cash balance options without notifying participants of their rights to protected benefits (also called "minimum benefits") earned before 1998 which have greater value. It has also violated the anti-cutback rules by denying payment of certain protected benefits, including the "Free 30%" survivor's benefit and offering participants who separate from service lump sum distributions that are not based on the value of the "minimum benefits" that ERISA requires to be protected.

H.    Under ERISA §205(g), 29 U.S.C. §1055(g), Treas. Reg. 1.401(a)-20, Q&A 36 (as in effect before October 2004) and Treas. Reg. 1.417(a)(3)-1 (as in effect thereafter), a participant and his or her spouse must be provided "sufficient" information "to explain the relative value of the optional forms of benefit available under the plan (e.g., the extent to which optional forms are subsidized relative to the normal form of benefit...)." Neither CIGNA's SPD nor its benefit election materials disclose that a lump sum payment of a participant's cash balance account may be less valuable than the annuity benefits which the participant earned prior to 1998. "No consent is valid" unless this explanation is

3

provided. Treas. Reg. 1.417(e)-1(b)(2)(i).

3.    The class defenses are set forth in the March 6, 2006 Answer to the Third

Amended Complaint, namely that (the Court again is expressing no opinion on the merits of the

class defenses through this recitation):

A.    The Third Amended Complaint fails to state any claim upon which relief can be granted.

B.    Plaintiffs and Class members' claims are barred in whole or in part by the applicable statute of limitations.

C.    Plaintiffs and certain Class members failed to exhaust administrative remedies.

D.    Plaintiffs and certain Class members are not entitled to relief beyond that which is authorized by ERISA §502(a)(3), 29 U.S.C. §1132(a)(3).

E.    The claims of Plaintiffs and certain Class members' claims are barred by releases signed at the conclusion of their employment with CIGNA.

4.    As class counsel, the Court appoints Stephen R. Bruce and Thomas G.

Moukawsher, with Mr. Bruce serving as lead counsel. As provided in FRCP 23(g), this is based

on the Court's consideration of:

A.    The work counsel has done in identifying or investigating potential claims in the action;

B.    Counsel's experience in handling class actions and claims of the type asserted in the action;

C.    Counsel's knowledge of the applicable law; and

D.    The resources counsel have committed, and will commit, to representing the class.

It is so ordered, this 11th day of September, 2006.

_____
Hon. Mark R. Kravitz, U.S.D.J.

4

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing Plaintiffs' Proposed Order Under Federal Rule

23(c)(1)(B) were offered to the Court and served on opposing counsel on September 11, 2006, as

requested in the Pre-Trial Conference on September 8, 2006, and are now being filed

electronically through the CM/ECF system on September 22, 2006. Notice of this filing will be

sent by e-mail to all parties listed below by operation of the Court's electronic filing system:

> Joseph J. Costello
> Jeremy P. Blumenfeld
> Jamie M. Kohen
> Morgan, Lewis & Bockius
> 1701 Market St.
> Philadelphia, PA 19103-2921
>
> Christopher A. Parlo
> Morgan Lewis & Bockius
> 101 Park Avenue
> New York, NY 10178-0600
>
> James A. Wade
> Brett J. Boskiewicz
> Robinson & Cole, LLP
> 280 Trumbull Street
> Hartford, CT 06103-3597

/s/ Thomas G. Moukawsher
Thomas G. Moukawsher ct08940
21 Oak Street
Hartford, CT 06106
(860) 278-7000
(860) 446-8161 (fax)
tmoukawsher@mwlawgroup.com

Attorney for the Plaintiffs