UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Janice C. Amara, Gisela R. Broderick, Annette S. Glanz, individually and on behalf of all others similarly situated, | : : : : | |
| Plaintiffs, | : : | |
| vs. | : : | Civil. No. 3:01-CV-2361 (MRK) |
| CIGNA Corp. and CIGNA Pension Plan, | : : : : | January 12, 2007 |
| Defendants. | : | |

**PLAINTIFF CLASS' SUPPLEMENTAL AUTHORITIES**

Stephen R. Bruce
Suite 210
805 15th St., NW
Washington, DC 20005
(202) 371-8013

Thomas Moukawsher Ct08940
Moukawsher & Walsh, LLC
21 Oak St.
Hartford, CT 06106
(860) 278-7000

Attorneys for Plaintiff Class

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Citigroup Pension Plan ERISA Litigation*, __ F. Supp. 2d __, 2006 WL 3613691 (S.D.N.Y. Dec. 12, 2006) ............................................................ 1-5, 8

*In re Citigroup Pension Plan ERISA Litigation,* 2006 WL 3770504 (S.D.N.Y. Dec. 19, 2006) ............................................................................. 4, 9

*Drutis v. Quebecor,* __F.Supp.2d__, 2006 WL 2971649 (E.D.Ky. Sept. 25, 2006) .................................................................................................................... 7

*In re J.P. Morgan Chase Cash Balance Litigation*, __ F. Supp. 2d __, 2006 WL 3063424 (S.D.N.Y. Oct. 30, 2006) ................................................ 2, 5-6, 8

*Laurent v. PriceWaterhouse*, 448 F. Supp. 2d 537 (S.D.N.Y. 2006) ...................... 7

*Parsons v. AT&T*, 2006 WL 3826694 (D.Conn. Dec. 26, 2006) ............................. 8

*Richards v. FleetBoston*, __ F.R.D. __, 2006 WL 2979373 (D.Conn. Oct. 16, 2006) ........................................................................................................ 2, 4

*Richards v. FleetBoston*, 2006 WL 3000768 (D.Conn. Oct. 16, 2006) ................. 7

*Swede v. Rochester Carpenters Pension Fund*, 467 F.3d 216 (2d Cir. 2006) ..... 8-9

*Tocker v. Philip Morris*, 470 F.3d 481 (2d Cir. 2006) ........................................... 2

**PLAINTIFFS' SUPPLEMENTAL AUTHORITIES**

Plaintiffs draw the Court's attention to the following supplemental authorities that have become available since the first part of this trial ended on September 15, 2006. This case is unusual in that a number of courts are concurrently addressing alleged violations of the same sections of ERISA in conversions to "cash balance" pension formulas. As a result, significant developments have occurred since the case was last briefed:

**1.** In *In re Citigroup Pension Plan ERISA Litigation*, __ F.Supp.2d __, 2006 WL 3613691 (S.D.N.Y. Dec. 12, 2006), Judge Scheindlin granted summary judgment to the plaintiff employees because Citigroup's ERISA §204(h) notices were insufficient to notify them of a reduction in benefits from a conversion to a cash balance pension formula. 2006 WL 3613691 *7 and 9. "Plaintiffs had every reason to expect that under the new cash balance plan, their pensions would continue to accrue at a rate approved by Congress. It therefore is immaterial that the December 1999 §204(h) notice stated in bolded font that the 2000 [Cash Balance Amendment] could result in a reduction of their benefits." *Id.* at 9.[1] "Nor can it be said that the notices 'allowed applicable individuals to understand the effect of the plan amendment' because plaintiffs were without fair warning that the formula endangered their right to a minimum rate of benefit accrual." *Id.* (quoting 68 Fed. Reg. at 17283 (1998)). The court concluded that "[g]iven the material omissions, [the notice] remained 'insufficiently accurate and comprehensive to reasonably

---

[1] CIGNA's purported Section 204(h) notice did not even contain this type of statement about any reduction of benefits, much less "in bolded font."

1

apprise Plan participants and beneficiaries of their rights'." *Id.* (quoting *Frommert v. Conkright*, 433 F.3d 254, 267 (2d Cir. 2006)).

    **2.**    In *Richards v. FleetBoston*, __ F.R.D. __, 2006 WL 2979373 *3 (D.Conn. Oct. 16, 2006), Judge Hall certified a class on the employees' ERISA §204(h) claim under Rule 23(b)(2), finding "no evidence that any of the putative class members had actual knowledge of the full impact of the cash balance plan prior to the effective date of the change." In *In re J.P. Morgan Chase Cash Balance Litig.*, __ F.Supp.2d __, 2006 WL 3063424 *11 (S.D.N.Y. Oct. 30, 2006), Judge Baer denied a motion to dismiss the ERISA §204(h) claim because plaintiffs had alleged that defendants "failed to inform them that the switch to the cash balance plan would reduce their retirement benefit."

    **3.**    In a case that does not involve a cash balance plan, *Tocker v. Philip Morris*, 470 F.3d 481, 488 (2d Cir. 2006), the Second Circuit followed its precedents in holding that a "two step approach" applies "[w]here the SPD is silent." First, the court "look[s] to see whether ERISA requires the term to be stated in the SPD." Second, the court "consider[s] whether plaintiff was likely prejudiced by the SPD's silence on the term or information at issue." In *Tocker*, the Second Circuit concluded that "the applicable statutes and regulations do not require" that the "level of discretion reserved to a plan administrator" be contained in the SPD and there was no "conflicting language" concerning that discretion in the SPD. *Id*.

Here, by contrast, the "information at issue" concerns losses or reductions from modifications to a pension formula, which ERISA specifically requires to be disclosed in

2

a Summary of Material Modification or updated SPD. 29 C.F.R. 2520.102-2(b), .102-3(l) and .104b-3(a). CIGNA's violation of these requirements was, moreover, not by mere "silence." CIGNA's purported Section 204(h) notice, SMM, and SPD expressly led the employees to believe that the cash balance benefits were "comparable" or "larger" and that "[e]ach dollar's worth of credit is a dollar of retirement benefits payable to you after you are vested."

**4.** In *In re Citigroup*, Judge Scheindlin rejected Citigroup's position that the plaintiffs could not establish the "likely prejudice" element because the plaintiffs remained employed after learning about the amendment and the "only consequence" of the deficient Section 204(h) notice, according to the defendants, was that plaintiffs could not bring a lawsuit sooner. The court held that *Frommert* "explicitly *rejected* the notion that beneficiaries must demonstrate the type of prejudice urged by defendants." 2006 WL 3613691 *10 (emph. in orig.). Because the notices were insufficient, "the plaintiffs here were deprived of the opportunity to take timely action in response to the purported amendment." *Id.* (citing *Frommert*, 433 F.3d at 266). The court found that where, as is also true in CIGNA's case, the notice is "substantively inadequate," "the amendments never took legal effect." In a later class certification decision, Judge Scheindlin reaffirmed the grant of summary judgment, finding that the court "need not make 'individualized assessments into each potential class member's proof and defenses, as the likely prejudice showing is satisfied by the terms of the plan itself. The defects in the Plan's accrual formula and in the section 204(h) notices were themselves significant

3

enough to establish a presumption of likely prejudice, common to all potential class members, and this presumption has not been rebutted." 2006 WL 3770504 *4 (S.D.N.Y. Dec. 19, 2006).

In certifying the class on the Section 204(h) and SPD claims in *Richards v. FleetBoston*, 2006 WL 2979373 *3 (D.Conn. Oct. 16, 2006), Judge Hall stated that "the court remains unpersuaded by the defendants' argument that these Counts require individualized assessments into each potential class member's proof and defenses, as the 'likely prejudice' showing may be satisfied by the terms of the plan itself."

**5.**     Judge Scheindlin's *In re Citigroup* decision also rejects the analysis of ERISA §204(b)(1)(H) in *Cooper v. IBM*, 457 F.3d 636 (7th Cir. 2006). *Citigroup* found that *Cooper*'s interpretation of the phrase "rate of an employees' benefit accrual" "ignore[s] the plain language of the statute as well as the critical distinctions between the types of plans outlined by the Second Circuit in *Esden*." 2006 WL 3613691 *11. Applying standard rules of construction, Judge Scheindlin declined to presume that "Congress wrote 'rate of benefit accrual' in one provision and 'allocations to the employee's account' in the other, but intended those phrases to say the same thing." *Id*. The court instead determined that "ERISA's binary regulatory framework" "exists because defined contribution plans and defined benefit plans make categorically different promises to employees." 2006 WL 3613691, *12. The court found that "projections and guesswork are at the heart of defined benefit plans;" therefore, "[e]ffective regulation of such plans necessarily involves monitoring the future value of the overall pension benefit

4

that will be payable at normal retirement age." *Id.*

*In re Citigroup* also rejects the argument–which CIGNA advances here, too–that a "'mere correlation' exists between reduced rates of accrual and older age, because any reduction in rates of benefit accrual is really a function of the time value of money." 2006 WL 3613691 *13, and see Dfs. Trial Br. (dkt. #182) at 23-4. Judge Scheindlin found that "[w]hile this is a fair statement, it is inaccurate to the extent it assumes that the time value of money and age are mutually exclusive." *Id.* "Because the actuarial conversion [to the age 65 annuity] requires knowing an individual's age, cash balance plans are not age neutral....[A]s a matter of plain arithmetic, a greater value is added to a younger employee's account than to an older employee's account." *Id.*

**6.** In the *In re J.P. Morgan Chase Cash Balance* decision, Judge Baer also declined to accept *Cooper's* view of ERISA §204(b)(1)(H). Judge Baer held that Section 204(b)(1)(H) is concerned with the accumulation of participants' "retirement benefits," and not notional "inputs" or credits. He found that the "plain meaning" of the phrase "rate of benefit accrual" is "the rate at which an employee accumulates retirement payments." 2006 WL 3063424 *6. This meaning is "supported by the purpose and structure of defined-benefit plans" because under ERISA the "inputs" (the notational benefit and interest credits) that the employer designates for a cash balance account "must be converted to the age 65 annuity." *Id.* at *6. The court concluded that "the age discrimination at issue here stems from the required conversion to an age 65 annuity (required because cash balance plans are defined benefit plans) combined with the fact

5

that under the JPMC Plan, JPMC allocates interest credits to the account through normal retirement age." *Id.* at *8.

Like *In re Citigroup*, *In re J.P. Morgan Chase* rejects *Cooper*'s position that the separate age discrimination standards for defined-benefit and defined-contribution plans "appear to say the same thing." Instead, Judge Baer found that "[t]he fact is accrual, using its dictionary meaning and in line with the structure of defined benefit plans, refers to what the employee accumulates (the outputs from the plan) whereas allocation, using its dictionary definition and in line with the structure of defined contribution plans, refers to what an employer puts into the account." 2006 WL 3063424 *9.

*In re J.P. Morgan Chase* further observes that the decisions ruling that cash balance formulas are not age discriminatory give "significant weight to policy arguments," citing *Hirt v. Equitable Retirement Plan*, 2006 WL 2023545, *34 (S.D.N.Y. 2006) and *Tootle v. ARINC, Inc.*, 222 F.R.D. 88, 94 (D.Md. 2004), which "miss[es] the point" that the "dispute i[s] not over what a 'better' regulatory regime, more accommodating to the design objectives of cash balance plans might look like; the dispute is over how to apply the existing regulations to this Plan." *Id.* at *10 (quoting *Esden v. BankBoston*, 229 F.3d 154, 171 (2d Cir. 2000)).

7.  On October 16, 2006, Judge Hall denied the Defendants' motion for interlocutory certification of the *Richards* decision. At the same time, she granted Defendants' motion for reconsideration in light of the August 2006 decision in *Cooper* but after reviewing it reaffirmed her ruling that "the statute is unambiguous." 2006 WL

3000768 *3. In *Parsons v. AT&T*, 2006 WL 3826694 (D.Conn. Dec. 26, 2006), Judge Hall denied AT&T's motion to dismiss plaintiffs' claim that four cash balance or "pension equity" formulas maintained by AT&T (formerly SBC) were age discriminatory. As in *Richards*, Judge Hall decided that "[i]n light of the great of similarity that 'rate of benefit accrual' bears to the statutorily defined term 'accrued benefit,' and the fact that ERISA requires accrued benefit to be measured as an annual benefit commencing at normal retirement age for defined benefit plans, but requires accrued benefit to be measured as the balance of an individual's account for defined contribution plans," the phrase "rate of benefit accrual" "refers to the rate measured as a change in the annual benefit commencing at normal retirement age." 2006 WL 3826694 *1.[2]

**8.**    The *J.P. Morgan Chase*, *Parsons* and *Citigroup* decisions also show why CIGNA's statute of limitations defense is misplaced. For a limitations period to begin to run in a civil action such as this: "Not only must there be a repudiation by the fiduciary, but the repudiation must be 'clear and made known to the beneficiaries.'" *J.P. Morgan*

---

[2] Two other cases decided after the parties' supplemental briefing reach the opposite conclusion: *Laurent v. PriceWaterhouse*, 448 F.Supp.2d 537 (S.D.N.Y. Sept. 5, 2006) (Mukasey), and *Drutis v. Quebecor*, __F.Supp.2d__, 2006 WL 2971649 (E.D.Ky. Sept. 25, 2006), appeal pending in the Sixth Circuit under C.A. 06-6380. These decisions adopt the opinions expressed in *Cooper* and *Hirt v. Equitable* without noticeable additions or variations.

The Court may also be interested to know that an appeal of the *Hirt v. Equitable* decision was filed on October 13, 2006 in the Second Circuit (06-4757), and that the appeal of *Register v. PNC* (05-5445) was argued in the Third Circuit on December 14, 2006 before a panel of Judges Greenberg, Fisher and Chagares.

*Chase*, 2006 WL 3063424 *4. Since the plaintiffs were "unaware of the reduction in their retirement benefits that resulted from the cash balance conversion until they left JPMC," the limitations period did not run until that time. *Id.* (the court also found that "the applicable statue of limitations is six years" because "[e]mployee benefit plans are contracts"). See also *Parsons v. AT&T*, 2006 WL 3826694 *2 (for purposes of starting the limitations period, the issue is when a "clear repudiation" occurred; also applying the six-year limitations period where the "case deals with determining specific benefits, and thus is about a contract"); *In re Citigroup*, 2006 WL 3613691 *8 n. 71 ("limitations period begins upon a clear and known repudiation of the benefits to which participants were previously entitled," citing *Carey v. IBEW Local 363 Pension Plan*, 201 F.3d 44, 47-8 (2d Cir. 1999); also applying six-year period).

9. Lastly, in another case like *Tocker* that does not involve a cash balance plan, the Second Circuit held in *Swede v. Rochester Carpenters Pension Fund,* 467 F.3d 216, 219 and 221-22 (2d Cir. 2006), that a former employee is entitled to "full retroactive benefits" for an ERISA violation. Although the Carpenters Pension Fund restored Mr. Swede's benefits as of November 2004 in light of the Supreme Court's decision on ERISA §204(g) in *Central Laborers' Pension Fund v. Heinz*, 541 U.S. 739 (2004), it refused to pay him his full retirement benefits for the period during which they had been suspended, contending that IRS Revenue Procedure 2005-23 limited the retroactive effect of *Heinz*. The Second Circuit disagreed, concluding that Rev. Proc. 2005-23 "does not affect the substantive rights of parties under ERISA." 467 F.3d at 221. In so holding, the

Second Circuit also rejected the argument that no retroactive relief should be allowed, citing the Supreme Court's decisions in *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86 (1993) and *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749 (1995).

In *In re Citigroup*, the defendants challenged whether restoring retirement benefits might fall outside the ambit of "restitutionary relief" available in equity. Judge Scheindlin held that "[w]hile it is true that Plan participants are suing to recover benefits, the primary relief being sought is declaratory" which "is neither restitutionary nor equitable." 2006 WL 3770504 *6. "What is sought is a declaration that [Citigroup's] method of computing [accrued benefits] is unlawful. [A] declaratory judgment is *normally* a prelude to a request for other relief, whether injunctive or monetary." *Id.* (quoting *Berger v. Xerox*, 338 F.3d 755, 764 (7th Cir. 2003)).

Dated: January 12, 2007

          Respectfully submitted,

           /s/ Stephen R. Bruce
          Stephen R. Bruce Ct23534
          Allison C. Caalim phv01316
          805 15th St., NW, Suite 210
          Washington, DC 20005
          (202) 371-8013

           /s/ Thomas G. Moukawsher
          Thomas G. Moukawsher Ct08940
          Moukawsher & Walsh, LLC
          21 Oak Street
          Hartford, CT 061060
          (860) 278-7000

          Attorneys for Plaintiff Class

**CERTIFICATE OF SERVICE**

I certify that copies of the foregoing Plaintiff Class' Supplemental Authorities and this Certificate of Service were filed electronically through the CM/ECF system on January 12, 2007.  Notice of this filing will be sent by e-mail to all parties listed below by operation of the Court's electronic filing system:

>Joseph J. Costello
>Jeremy P. Blumenfeld
>Jamie M. Kohen
>Morgan, Lewis & Bockius
>1701 Market St.
>Philadelphia, PA 19103-2921
>
>Christopher A. Parlo
>Morgan Lewis & Bockius
>101 Park Avenue
>New York, NY 10178-0600
>
>James A. Wade
>Brett J. Boskiewicz
>Robinson & Cole, LLP
>280 Trumbull Street
>Hartford, CT 06103-3597

/s/ Thomas G. Moukawsher
Thomas G. Moukawsher Ct08940
21 Oak Street
Hartford, CT 06106
(860) 278-7000
(860) 446-8161 (fax)
tmoukawsher@mwlawgroup.com

Attorney for the Plaintiff Class