**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

------------------------------------------------------X
:
JANICE C. AMARA, GISELA : 3:01 CV 2361 (MRK)
R. BRODERICK, ANNETTE S. GLANZ :
individually, and on behalf of others : Trial Date: 09/11/06
similarly situated, : Phase II:  01/24/07
:
Plaintiffs, :
v. :
:
CIGNA CORP. AND CIGNA :
PENSION PLAN, :
:
Defendants. :
:
------------------------------------------------------X

**DEFENDANTS' PROPOSED ORDER UNDER FED. R. CIV. P. 23(c)(1)(B)**

Pursuant to the Court's instruction during the telephonic conference on January 29, 2007, Defendants CIGNA Corporation ("CIGNA") and the CIGNA Pension Plan ("the Plan") (collectively "Defendants") propose the following class definition, designation of class counsel, and list of claims, issues and defenses under Fed. R. Civ. P. 23(c)(1)(B).  As further described below, the parties agree on the definition of the class and designation of class counsel, but do not agree on the claims, issues and defenses at issue in this case, or whether such claims, issues and defenses are amenable to class treatment.

**I.    DEFINITION OF THE CLASS**

Defendant have no objection to the class definition identified in Plaintiffs' February 16, 2007 submission, as it is consistent with the definition set forth in Judge Squatrito's December 20, 2002 class certification order.

- 1 -

## II.  PROPOSED DESIGNATION OF CLASS COUNSEL

Defendants do not oppose the designation of Stephen R. Bruce and Thomas G. Moukawsher as class counsel, with Mr. Bruce serving as lead counsel.

## III.  COUNT I – WEAR-AWAY CLAIM, ISSUES AND DEFENSES

### A.  Class-wide claims, issues and defenses.

1. Whether the terms of CIGNA's cash balance plan ("Part B") violate ERISA Sections 203 and/or 204(b)(1)(B), 29 U.S.C. § 1053 and/or 29 U.S.C. §1054(b)(1)(B).

2. Whether the relief sought by Plaintiffs is available under ERISA.

### B.  Individualized (or sub-class) claims, issues and defenses.

1. Whether any particular plan participant was harmed by the alleged violations in Count I.

2. Whether any particular plan participant exhausted the Plan's internal claim and appeal process for the claim in Count I.

3. Whether any particular plan participant's claim in Count I is barred by the applicable statute of limitations.

4. Whether any particular plan participant's claim in Count I is barred by a release executed by that plan participant.

## IV. COUNT II – SPD DISCLOSURE CLAIM, ISSUES AND DEFENSES

Although Judge Squatrito included Count II within the scope of his December 20, 2002 class certification order, he stated that he would "revisit" the issue if Plaintiffs succeeded in convincing the Court that the summary plan description ("SDP") was misleading. See December 20, 2002 Order at 7 n. 4 [dkt # 61]. Defendants believe that Plaintiffs have failed to prove that the SPD did not satisfy ERISA's disclosure requirements. If the Court were to disagree, however, there are certain individualized issues, noted below, that would preclude a class-wide judgment on Count II.

    **A.    Class-wide claims, issues and defenses.**

        1.    Whether the summary plan description for Part B satisfied ERISA's SPD disclosure requirements, 29 U.S.C. § 1022 and 29 C.F.R. § 2520.102-1 through 102-5.[1]

        2.    Whether ERISA permits a plan participant to recover benefits based on the terms of an SPD instead of the actual terms of the plan.

        3.    Whether the responsibility for publishing the SPD fell on the Plan Administrator, such that Plaintiffs' failure to name the Plan Administrator as a defendant is fatal to their claim.

        4.    Whether the relief sought by Plaintiffs is available under ERISA.

    **B.    Individualized claims, issues and defenses.**

        1.    Whether any particular plan participant was likely prejudiced by

---

[1] Plaintiffs also purport to assert a claim related to the adequacy of CIGNA's summary of material modifications, but no such claim was ever raised in any of the four versions of the Complaint filed with the Court.

- 3 -

any deficiency in the SPD.[2]

    2.    Whether any deficiency in the SPD was harmless error as to any particular plan participant.

    3.    Whether any particular plan participant's claim in Count II is barred by the applicable statute of limitations.

    4.    Whether any particular plan participant's claim in Count II is barred by a release executed by that plan participant.

### V.    COUNT III – AGE DISCRIMINATION CLAIM, ISSUES AND DEFENSES

**A.    Class-wide claims, issues and defenses.**

    1.    Whether the terms of Part B violate ERISA Section 204(b)(1)(H), 29 U.S.C. § 1054(b)(1)(H).

    2.    Whether the relief sought by Plaintiffs is available under ERISA.

**B.    Individualized claims, issues and defenses.**

    1.    Whether any particular plan participant's claim in Count III is barred by the applicable statute of limitations.

    2.    Whether any particular plan participant's claim in Count III is barred by a release executed by that plan participant.

---

[2] Defendants have argued, *inter alia*, that the individual account statements and Total Compensation Reports that were provided to all Part B participants preclude any finding of likely prejudice and establish harmless error. If the Court agrees, it can find in favor of Defendants on this issue on a class-wide basis.

## VI.    COUNT IV – ERISA SECTION 204(h) DISCLOSURE CLAIM, ISSUES AND DEFENSES

### A.    Class-wide claims, issues and defenses.

1. Whether the CIGNA Signature Benefits Newsletter satisfied ERISA's Section 204(h) disclosure requirements, 29 U.S.C. § 1054(h).

2. Whether the CIGNA Retirement Information Kit satisfied ERISA's Section 204(h) disclosure requirements, 29 U.S.C. § 1054(h).

3. Whether the Part B SPD satisfied ERISA's Section 204(h) disclosure requirements, 29 U.S.C. § 1054(h).

4. Whether the Plan Administrator was required to provide a Section 204(h) notice to terminated vested participants who were not accruing any benefits under the Plan at the time the plan was amended.

5. Whether the responsibility for publishing the Section 204(h) notice fell on the Plan Administrator, such that Plaintiffs' failure to name the Plan Administrator as a defendant is fatal to their claim.

6. Whether the relief sought by Plaintiffs is available under ERISA.

### B.    Individualized claims, issues and defenses.

1. Whether any particular plan participant was likely to suffer a significant reduction in the rate of future benefit accrual as a result of the amendment adopting Part B.

2. Whether any particular plan participant was likely prejudiced by

any deficiency in the Section 204(h) notice.[3]

   3. Whether any deficiency in the Section 204(h) notice was harmless error as to any particular plan participant.

   4. Whether any particular plan participant's claim in Count IV is barred by the applicable statute of limitations.

   5. Whether any particular plan participant's claim in Count IV is barred by a release executed by that plan participant.

## VII. COUNT V –ANTI-CUTBACK CLAIM, ISSUES AND DEFENSES

  **A.** **Class-wide claims, issues and defenses**.

   1. Whether the terms of the amendment that froze accruals under Part A (Amendment No. 4) or the amendment that created Part B (the Part B Plan Document) violate ERISA Section 204(g), 29 U.S.C. § 1054(g).

   2. Whether the requirement to provide present-value relative value disclosures on the Part B benefit election form, derived from Section 1.417(a)(3)-1 of the Income Tax Regulations, arose as of October 1, 2004 or January 1, 1998.

   3. Whether the responsibility for publishing the benefit election form with relative values of benefit options fell on the Plan Administrator, such that Plaintiffs' failure to name the Plan Administrator as a defendant is fatal to their claim.

---

[3] If the Court finds that Defendants' other communications disclosed the information that Plaintiffs claim should have been included in the Section 204(h) notice, the Court can find in favor of Defendants on this issue on a class-wide basis.

    4.  Whether Plaintiffs' failure to identify a Class Representative who suffered any harm from the alleged relative value violation is fatal to their claim.

    5.  Whether the relief sought by Plaintiffs is available under ERISA.

  **B.**  **Individualized (or sub-class) claims, issues and defenses.**

    1.  Whether any particular plan participant has received, or is receiving, benefits that were not calculated in accordance with the terms of Part B.

    2.  Whether any plan participant who has not commenced receipt of his or her benefits has any ripe claim sufficient for constitutional standing.

    3.  Whether any particular plan participant was likely prejudiced by any deficiency in the benefit election form.[4]

    4.  Whether any deficiency in the benefit election form was harmless error as to any particular plan participant.

    5.  Whether any particular plan participant exhausted the Plan's internal claim and appeal process on any claim for benefits.

    6.  Whether any particular plan participant's claim in Count V is barred by the applicable statute of limitations.

    7.  Whether any particular plan participant's claim in Count V is barred by a release executed by that plan participant.

---

[4] If the Court finds that Defendants' other communications disclosed the information that Plaintiffs claim should have been included in the benefit election form, or that such information was otherwise available to Plaintiffs, the Court can find in favor of Defendants on this issue on a class-wide basis.

- 8 -

Dated:  February 16, 2007

**MORGAN, LEWIS & BOCKIUS LLP**

By:  /s/ Jamie M. Kohen
Joseph J. Costello
Jeremy P. Blumenfeld
Jamie M. Kohen
*Admitted pro hac vice*
1701 Market Street
Philadelphia, Pennsylvania  19103-2921
(215) 963-5295/5258/5472
(215) 963-5001 (fax)
jcostello@morganlewis.com
jblumenfeld@morganlewis.com
jkohen@morganlewis.com

**ROBINSON & COLE**
James A. Wade (CT # 00086)
280 Trumbull Street
Hartford, Connecticut  06103
(860) 275-8270
(860) 275-8299 (fax)
jwade@rc.com

*Attorneys for Defendants*
*CIGNA Corporation and CIGNA Pension Plan*