UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Janice C. Amara, Gisela R. Broderick, Annette S. Glanz, individually and on behalf of all others similarly situated, | : : : : |
| Plaintiffs, | : : |
| vs. | : Civil. No. 3:01-CV-2361 (MRK) : |
| CIGNA Corp. and CIGNA Pension Plan, | : February 16, 2007 : : |
| Defendants. | : : |

## ORDER UNDER FEDERAL RULE 23(c)(1)(B)

Federal Rule of Civil Procedure ("FRCP") 23(c)(1)(B) was amended after this case was certified as a class action on December 20, 2002. As amended effective December 1, 2003, FRCP 23(c)(1)(B) provides that an order certifying a class action "must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)."

    1.    The class definition was set out in the Court's December 20, 2002 Order, and is unchanged. The class consists of "any and all persons who:

        A.    Are former or current CIGNA employees,

        B.    Participated in the CIGNA Pension Plan before January 1, 1998, and

        C.    Have participated in the CIGNA "Part B" Pension Plan at any time since January 1, 1998."

    2.    The Third Amended Complaint, for which leave to amend was granted on

February 15, 2006, sets out the class claims. Those claims have been developed in conformity with party admissions after that date. In addition to contesting the merits of the claims, the Defendants have identified class, sub-class and individual defenses. The recitation below generally sets forth the class claims in the manner the Plaintiffs have chosen and the class, sub-class and individual defenses in the manner that the Defendants have chosen. The Court expresses no opinion on the merits of the claims or defenses by setting them forth in the manner the parties have chosen.

> **COUNT 1 (the "wear-aways"): Whether periods without additional benefits violate the nonforfeiture and anti-backloading rules in ERISA §203(a), 29 U.S.C. §1053(a), and ERISA §204(b)(1)(B), 29 U.S.C. §1054(b)(1)(B).**
>
> A. Section 7.3 of CIGNA's Pension Plan makes payment of the benefits derived from the cash balance credits offered after January 1, 1998 conditional on whether a participant "elects" to forego receipt of his or her previously-earned benefits in annuity form. Plaintiffs allege that this violates the nonforfeitability rules in ERISA §203(a), 29 U.S.C. §1053(a). See Treas. Reg. 1.411(a)-4(b); Esden v. Bank of Boston, 229 F.3d 154 (2d Cir. 2000).
>
> B. To satisfy the "anti-backloading" rule in ERISA § 204(b)(1)(B), 29 U.S.C. § 1054(b)(1)(B), a participant must be offered annual rates of benefit accrual in each plan year that do not vary between the current and any later plan year by more than 133⅓%. *Id.* and Treas. Reg. 1.411(b)-b(2). Plaintiffs allege that plan years with no additional accruals violate this rule because the accrual rate in later years is infinitely more than the rate in the years with no accruals.
>
> **COUNT 1 class, sub-class, or individual defenses:**
>
> A. Whether individual class members were not harmed by the alleged violations in Count 1.
>
> B. Whether any individual class member's claims are barred by a

release executed by that individual.

**COUNT 2 ("SPD disclosures"): Whether CIGNA disclosed the material modifications to the plan's formula and the features that may result in reduction, losses, or forfeitures of benefits that a participant might otherwise reasonably expect to receive as required by ERISA §102, 29 U.S.C. §1022.**

    A.    Under ERISA §102, 29 U.S.C. §1022, an updated Summary Plan Description ("SPD") or Summary of Material Modification ("SMM") is to be distributed to participants explaining any material modification to a Plan, including circumstances that may result in reductions, denials, losses, or forfeitures of benefits that a participant might otherwise reasonably expect to receive on the basis of the description of benefits offered by the plan. *Id.* and 29 C.F.R. 2520.102-3(l) and 2520.104b-3(a) and (b). The updated SPD or SMM is to be "written in a manner calculated to be understood by the average plan participant." 29 U.S.C. §1022(a), 29 C.F.R. 2520.102-2(a) and 2520.104b-3(a); <u>Layaou v. Xerox</u>, 238 F.3d 205 (2d Cir. 2001).

    B.    Plaintiffs allege that neither the Retirement Information Kit distributed in 1997 (which CIGNA categorized, after the grant of leave to amend, as an SMM) nor the updated SPDs that CIGNA distributed in 1998 and 1999 describe periods without additional benefits, benefit reductions, conditions on receipt, or other disadvantageous features of the cash balance design. Subsequent to the grant of leave to amend, CIGNA admitted that no SMM or updated SPD was distributed to any terminated vested participant with notice of an amended "rehire rule."

**COUNT 2 class, sub-class, or individual defenses:**

    A.    Whether equitable relief for a violation of the disclosure requirements in ERISA §102 can provide for the recovery of benefits that the actual terms of the Plan do not offer.

    B.    Whether a violation of ERISA §102 is barred by any applicable statute of limitations.

    C.    Whether the responsibility for distributing an SPD that complies with

    ERISA §102 fell on an individual CIGNA employee, such that Plaintiffs' failure to name a Plan administrator other than CIGNA Corp. as a defendant is fatal to their claim.

 D. Whether Plaintiffs' Complaint gives Defendants' sufficient notice of the claim related to the adequacy of CIGNA's summary of material modifications (SMM).

 E. Whether any individual class member was not likely prejudiced by any deficiency in the updated SPD or SMM.

 F. Whether any deficiency in the updated SPD or SMM was harmless error for any individual participant.

 G. Whether any individual class member's claims are barred by a release executed by that individual.

**COUNT 3 ("age discrimination"): Whether reductions and cessations in benefit accruals violate the age discrimination provision in ERISA §204(b)(1)(H), 29 U.S.C. §1054(b)(1)(H), when the reductions or cessations are a function of age.**

 A. ERISA §204(b)(1)(H), 29 U.S.C. §1054(b)(1)(H), prohibits an employer from establishing or maintaining plan provisions that reduce "the rate an employee's benefit accrual...because of the attainment of any age." Under a defined benefit plan, an employee's benefit accrual is expressed in the form of "an annual benefit commencing at normal retirement age." ERISA §3(23)(A), 29 U.S.C. §1002(23)(A).

 B. Plaintiffs allege that CIGNA's cash balance pension formula inevitably reduces the rates at which older employees earn retirement benefits compared with the rates at which younger employees with the same salary earn retirement benefits. Plaintiffs also allege that CIGNA's transition to a cash balance pension formula caused the rate of benefit accruals for older employees who were eligible for early retirement benefits to cease altogether for a period of years.

**COUNT 3 class, sub-class, or individual defenses:**

  A. Whether any individual class member's claims are barred by a release executed by that individual.

**COUNT 4 ("204h notice"): Whether CIGNA provided a warning of significant reductions in the future rate of benefit accrual from the cash balance formula, or notice to rehired employees of the modification to the rehire rule as required by ERISA §204(h), 29 U.S.C. §1054(h).**

  A. Plaintiffs allege that by converting to a cash balance pension formula with significantly reduced benefits without providing warning to participants of the reduction in the future rate of benefit accruals, CIGNA violated ERISA §204(h), 29 U.S.C. §1054(h). This Section requires that notice of a significant reduction precede implementation of the amendment by at least 15 days and be "written in a manner calculated to be understood by the average plan participant." Treas. Reg. 1.411(d)-6, Q&A 10 (as in effect in 1997).

  B. By implementing the amended "rehire rule" without notice to terminated vested participants of significant reductions in their future rate of accruals, Plaintiffs also allege that CIGNA violated ERISA §204(h), 29 U.S.C. §1054(h). See <u>Frommert v. Conkright</u>, 433 F.3d 254 (2d Cir. 2005).

**COUNT 4 class, sub-class, or individual defenses:**

  A. Whether any violation of Section 204(h)'s requirements in the November 1997 Newsletter was remedied by subsequent communications in the December 1997 Retirement Information Kit or in the October 1998 or September 1999 SPDs.

  B. Whether terminated vested participants who were not accruing any benefits under the Plan were required to be provided with notice of the modification in the rehire rule.

  C. Whether Count 4 is barred by any applicable statute of limitations.

  D. Whether the responsibility for distributing the Section 204(h) notice fell on an individual CIGNA employee, such that Plaintiffs' failure to name a Plan administrator other than CIGNA Corp. as a defendant is fatal to their claim.

    E.     Whether any individual class member was not subject to a significant reduction in the rate of future benefit accrual.

    F.     Whether any individual class member was not likely prejudiced by any deficiency in the Section 204(h) notice.

    G.     Whether any deficiency in the Section 204(h) notice was harmless error for any individual class member.

    H.     Whether any indivdual class member's claims are barred by a release executed by that individual.

**COUNT 5 ("relative values"): Whether CIGNA disclosed the relative value of optional forms of benefit available under the Plan, including the extent to which any optional forms of benefit are subsidized as required by Treasury Regulation 1.401(a)-20, Q&A 36 (as in effect before October 2004) or by Treasury Regulation 1.417(a)(3)-1 (as in effect thereafter).**

    A.     Under ERISA §205(g), 29 U.S.C. §1055(g), Treas. Reg. 1.401(a)-20, Q&A 36 (as in effect before October 2004) and Treas. Reg. 1.417(a)(3)-1 (as in effect thereafter), a participant and his or her spouse must be provided "sufficient" information "to explain the relative value of the optional forms of benefit available under the plan (e.g., the extent to which optional forms are subsidized relative to the normal form of benefit...)."

    B.     Plaintiffs allege that neither CIGNA's SPD nor its benefit election materials disclose that a lump sum payment of a participant's cash balance account may be less valuable than the annuity benefits which the participant earned prior to 1998. "No consent is valid" unless this explanation is provided. Treas. Reg. 1.417(e)-1(b)(2)(i).

    C.     Plaintiffs also allege that CIGNA violated an express provision in Section 7.1(b)(1) of the Plan document that participants will be provided "sufficient additional information to explain the relative values of the optional forms of benefits available under the Plan" and a promise in its SPDs that participants will be "notified" if the cash balance account is less than their "old plan benefits."

**COUNT 5 ("relative values") class, sub-class, or individual defenses:**

6

  A. Whether the Plan's internal claim and appeal process concerning these disclosures were required to be exhausted and whether they were exhausted by any class member.

  B. Whether individual class members were unharmed by the alleged violations.

  C. Whether any individual class member's claim under Count 5 is barred by statute of limitations.

  D. Whether any individual class member's claims are barred by a release executed by that individual.

**COUNT 5 ("minimum benefits") [1]: Whether CIGNA has protected the benefits earned under the prior Plan formulas, including the present value of normal retirement benefits, the Plan's subsidized early retirement benefits, and the Plan's Free 30% survivor's benefit.**

  A. Plaintiffs allege that CIGNA violated the anti-cutback rule in ERISA §204(g), 29 U.S.C. §1054(g), by failing to maintain records of previously-earned benefits, and by failing to actually provide payments based on the value of the previously-earned normal retirement benefits, the Plan's subsidized early retirement benefits, and the Free 30% survivor's benefit.

**COUNT 5 ("minimum benefits") class, sub-class, or individual defenses:**

  A. Whether the Plan's internal claim and appeal procedures were required to be exhausted concerning these protections, and whether they were exhausted by any class member.

  B. Whether individual class members were unharmed by the alleged violations.

  C. Whether any individual class member's claim under Count 5 was

---

[1] This is the part of Count 5 that the parties did not cover when the trial resumed in January 2007 with the expectation that it will be settled.

    barred by an applicable statute of limitations.

  C. Whether any individual class member's claims are barred by a release executed by that individual.

3. As class counsel, the Court appoints Stephen R. Bruce and Thomas G. Moukawsher, with Mr. Bruce serving as lead counsel. As provided in FRCP 23(g), this is based on the Court's consideration of:

  A. The work counsel has done in identifying or investigating potential claims in the action;

  B. Counsel's experience in handling class actions and claims of the type asserted in the action;

  C. Counsel's knowledge of the applicable law; and

  D. The resources counsel have committed, and will commit, to representing the class.

It is so ordered, this ____ day of February, 2007.

                _____
                Hon. Mark R. Kravitz, U.S.D.J.