UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------X
: 
JANICE C. AMARA, GISELA : 3:01 CV 2361 (MRK)
R. BRODERICK, ANNETTE S. GLANZ :
individually, and on behalf of others : Trial Date: 09/11/06
similarly situated, : Phase II: 01/24/07
:
Plaintiffs, :
v. :
:
CIGNA CORP. AND CIGNA :
PENSION PLAN, :
:
Defendants. :
:
------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THE ADMISSION OF PORTIONS OF ABSENT CLASS MEMBERS'
DEPOSITION TESTIMONY, AND IN OPPOSITION TO THE ADMISSION OF
ABSENT CLASS MEMBERS' INTERROGATORY RESPONSES AND THE
<u>DEPOSITION TESTIMONY OF AN AVAILABLE THIRD-PARTY WITNESS</u>**

DATE: February 19, 2007

                                MORGAN, LEWIS & BOCKIUS LLP
                                Joseph J. Costello
                                Jeremy P. Blumenfeld
                                Jamie M. Kohen
                                *Admitted pro hac vice*
                                1701 Market Street
                                Philadelphia, Pennsylvania  19103-2921
                                (215) 963-5295/5258/5472
                                (215) 963-5001 (fax)

                                ROBINSON & COLE
                                James A. Wade (CT # 00086)
                                280 Trumbull Street
                                Hartford, Connecticut  06103
                                (860) 275-8270
                                (860) 275-8299 (fax)

                                *Attorneys for Defendants*
                                *CIGNA Corporation and CIGNA Pension Plan*

## TABLE OF CONTENTS

Page

I. THE COURT SHOULD ADMIT THE DEPOSITION TESTIMONY OF THE ABSENT CLASS MEMBERS WHOM PLAINTIFFS CHOSE NOT TO CALL AT TRIAL. ........................................................................................................ 1

    A. The Deposition Testimony Of Unavailable Absent Class Members Curlee And Haber Is Admissible. ........................................................................ 2

    B. The Deposition Testimony Of Messrs. Curlee, Haber and Law Constitutes An Admission By A Party-Opponent Which May Be Offered By Defendants As Non-Hearsay Evidence. ................................................... 2

        1. The Deposition Testimony Of A Party May Be Used By An Adverse Party "For Any Purpose." ............................................. 2

        2. Messrs. Curlee, Haber and Law Should Be Deemed "Parties" For The Purpose Of Admitting Portions Of Their Deposition Testimony In Defendants' Case. ............................................... 4

    C. The Depositions Of Messrs. Curlee, Haber And Law May Be Admitted Under Federal Rule of Evidence 807. ...................................................... 6

II. THE COURT SHOULD PERMIT PLAINTIFFS TO COUNTER-DESIGNATE DEPOSITION TESTIMONY UNDER THE RULE OF COMPLETENESS, BUT NOT TO INTRODUCE THEIR OWN INTERROGATORY RESPONSES. ................... 7

III. THE COURT SHOULD NOT PERMIT PLAINTIFFS TO INTRODUCE DEPOSITION TESTIMONY OF A FORMER CIGNA EMPLOYEE WHO WAS NOT EMPLOYED BY THE COMPANY AT THE TIME OF HIS DEPOSITIONS ................................................................................................... 10

    A. A Deposition Is Only Admissible As A Party Admission Where The Deponent Was An Officer, Director, Or Managing Agent Of The Corporation At The Time Of The Deposition. ...................................... 10

    B. Plaintiffs May Not Submit Testimony From Mr. Hodges' First Deposition. ....... 11

    C. Plaintiffs May Not Submit Testimony From Mr. Hodges' Second Deposition. .................................................................................................... 13

IV. CONCLUSION ............................................................................................................ 15

## TABLE OF AUTHORITIES

Burke v. Kodak Ret. Income Plan,
336 F.3d 103 (2d Cir. 2003).............................................................................................1

Carlingford Australia Gen. Ins. Ltd. v. St. Paul Fire & Maine Ins. Co.,
722 F. Supp. 48 (S.D.N.Y. 1989)....................................................................................11

Churchill Vill., L.L.C. v. Gen. Elec.,
361 F.3d 566 (9th Cir. 2004) ...........................................................................................5

Culp, Inc. v. Cain,
414 F. Supp. 2d 1118 (M.D. Ala. 2006) ..........................................................................3

Dellums v. Powell,
566 F.2d 167 (D.C. Cir. 1977) .........................................................................................5

Devlin v. Scardelletti,
536 U.S. 1 (2002).............................................................................................................4

Ennels v. Ala. Inns Assocs.,
581 F. Supp. 708 (D.C. Ala. 1984) ..................................................................................5

Kemsley, Millbourn & Co. v. United States,
19 F.2d 441 (2d Cir. 1927)...............................................................................................8

Kern v. Kollsman,
885 F. Supp. 335 (D.N.H. 1995)....................................................................................11

King & King Enters. v. Champlin Petroleum Co.,
657 F.2d 1147 (10th Cir. 1981) .................................................................................3, 11

Long Term Capital Holdings v. United States,
330 F. Supp. 2d 122 (D.Conn. 2004)...............................................................................3

Reed Paper v. P&G Paper Distrib. Co.,
144 F.R.D. 2 (D. Me. 1992)...........................................................................................14

In re Rezulin Prods. Liab. Litig.,
361 F. Supp. 2d 268, 272 (S.D.N.Y. 2005).....................................................................7

Rubin v. Gen. Tire and Rubber Co.,
18 F.R.D. 51 (S.D.N.Y. 1955) .......................................................................................14

Stavrides v. Mellon Nat'l Bank & Trust Co.,
60 F.R.D. 634 (W.D. Pa. 1973) .......................................................................................6

U.S. Football League v. Nat'l Football League,
842 F.2d 1335 (2d Cir. 1988)..................................................................................................8

In Re Unisys Corp. Retiree Med. Ben. Litig.,
MDL No. 969, 2003 WL 252106 (E.D. Pa. Feb. 4, 2003)......................................................6

United Airlines, Inc. v. McDonald,
432 U.S. 385 (1977).................................................................................................................4

United States v. Jackson,
180 F.3d 55 (2d Cir. 1999).......................................................................................................8

Wright v. Stern,
Nos. 01 Civ. 4437/02 Civ. 4699, 2003 WL 21543539 (S.D.N.Y. July 09, 2003)...................6

Young & Assocs. Pub. Relations, L.L.C. v. Delta Air Lines, Inc.,
216 F.R.D. 521 (D. Utah 2003) .............................................................................................14

Zwack v. Kraus Bros. & Co.,
237 F.2d 255 (2d Cir. 1956).....................................................................................................8

## FEDERAL STATUTES

Fed. R. Civ. P. 32.......................................................................................................................3

Fed. R. Civ. P. 32(a)(2)..................................................................................................3, 10, 13

Fed. R. Civ. P. 32(a)(3)(B) .........................................................................................................2

Fed. R. Civ. P. 32(a)(4)...............................................................................................................7

Fed. R. Civ. P. 33.......................................................................................................................5

Fed. R. Civ. P. 34.......................................................................................................................5

Fed. R. Civ. P. 36.......................................................................................................................5

Fed. R. Evid. 801(d)(1)...............................................................................................................8

Fed. R. Evid. 801(d)(2)(D) .......................................................................................................11

Fed. R. Evid. 807 ....................................................................................................................6, 9

Pursuant to the Court's instruction during the telephonic conference on January 29, 2007, Defendants CIGNA Corporation ("CIGNA" or "the Company") and the CIGNA Pension Plan (collectively "Defendants") respectfully request that the Court make the following evidentiary rulings, for the reasons explained below:

(1) Defendants may introduce the deposition testimony of absent class members Curlee, Haber and Law due to their unavailability for trial and/or as admissions by a party opponent;

(2) Plaintiffs may counter-designate deposition testimony from the depositions of these absent class members under the Rule of Completeness, but are not permitted to introduce their interrogatory responses;

(3) Plaintiffs may not introduce deposition testimony of third-party witness Andrew Hodges, who was a former CIGNA employee but was not employed by the Company at the time of his depositions.

## I. THE COURT SHOULD ADMIT THE DEPOSITION TESTIMONY OF THE ABSENT CLASS MEMBERS WHOM PLAINTIFFS CHOSE NOT TO CALL AT TRIAL.

The first evidentiary issue concerns Defendants' introduction of portions of the deposition testimony of three absent class members Stephen Curlee, Mitchell Haber and Steven Law, who did not testify at trial, but were deposed during discovery in this case.[1] The testimony

---

[1] This evidence is relevant to the disclosure claims in this case (Counts 2 and 4) and would assist the Court in its determination of whether any "likely prejudice" allegedly resulting from a deficiency in a summary plan description ("SPD") or Section 204(h) notice may be adjudicated on a class-wide basis. See Burke v. Kodak Ret. Income Plan, 336 F.3d 103 (2d Cir. 2003). For purposes of discovery, Plaintiffs selected two class members from each of four categories that were defined by the plan participants' prior plan benefit level, age and service. (See Stipulation, signed March 10, 2006 [dkt # 167]). Evidence from these various categories of participants is crucial, as it reflects the disparity of

of Messrs. Curlee and Haber is plainly admissible, given that they were unavailable for trial. Moreover, because all three of these absent class members will be bound by the Court's rulings in this case, and because considering them to be "plaintiffs" promotes the efficient resolution of this class action, their depositions constitute party admissions which are non-hearsay and therefore admissible in Defendants' case.

### A. The Deposition Testimony Of Unavailable Absent Class Members Curlee And Haber Is Admissible.

It is unclear whether Plaintiffs dispute the admissibility of the depositions of Stephen Curlee (who resides in Tennessee) and Mitchell Haber (who resides in California), both of whom indisputably are outside of the Court's subpoena power and therefore were unavailable for trial.[2] Given the unavailability of these individuals, their deposition testimony should be admitted under Rule 32(a)(3)(B) of the Federal Rules of Civil Procedure:

> (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
> . . .
> (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; . . .

Fed. R. Civ. P. 32(a)(3)(B).

### B. The Deposition Testimony Of Messrs. Curlee, Haber and Law Constitutes An Admission By A Party-Opponent Which May Be Offered By Defendants As Non-Hearsay Evidence.

#### 1. The Deposition Testimony Of A Party May Be Used By An Adverse Party "For Any Purpose."

Generally, the deposition of a plaintiff may be submitted by a defendant as evidence.

---

[2] experience between the different class members and highlights the individualized nature of the "likely prejudice" analysis. See also infra at 6-7.
Plaintiffs have been more direct in disputing the admissibility of the deposition testimony of Steven Law, who resides in Connecticut and was available for trial, but was not subpoenaed by Defendants.

- 2 -

Federal Rule of Civil Procedure 32(a) states in relevant part:

> At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
>
> . . .
>
> (2) <u>The deposition of a party</u> or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party <u>may be used by an adverse party for any purpose.</u>

Fed. R. Civ. P. 32(a)(2) (emphasis added).

The Federal Rules of Evidence further support the admission of a party's deposition and make clear that a "statement is not hearsay if [it] is offered <u>against a party</u> and is <u>the party's own statement</u>, in either an individual or representative capacity." Fed. R. Evid. 801(d)(2)(A) (emphasis added). Deposition testimony by a plaintiff offered by a defendant constitutes such an admission and is admissible as substantive trial testimony. See <u>Long Term Capital Holdings v. United States</u>, 330 F. Supp. 2d 122, 188 (D.Conn. 2004) (deposition testimony offered by the party opposing the deponent is admissible as substantive evidence under Fed. R. Evid. 801(d)(2)(A)). Moreover, because an admission by a party-opponent is not considered hearsay, such materials may be offered even when the deponent is available to testify at trial, and even where the deponent actually does testify at trial. <u>See</u> Fed. R. Civ. P. 32.[3]

---

3   <u>See also</u> <u>King & King Enters. v. Champlin Petroleum Co.</u>, 657 F.2d 1147, 1164 (10th Cir. 1981) (under Rule 32(a), a party may introduce the deposition of his adversary, and "it is quite immaterial that the adversary is available to testify at the trial or has testified there"); <u>Culp, Inc. v. Cain</u>, 414 F. Supp. 2d 1118, 1129 n.21 (M.D. Ala. 2006) (where an automobile accident plaintiff testified at trial concerning matters other than the cause of her injuries, her deposition testimony concerning the cause of said injuries was

### 2. Messrs. Curlee, Haber and Law Should Be Deemed "Parties" For The Purpose Of Admitting Portions Of Their Deposition Testimony In Defendants' Case.

Defendants are unaware of any case law directly addressing whether the deposition testimony of an absent class member may be admitted in a defendant's case as a party admission. Supreme Court case law is instructive, however, in holding that in situations where considering absent class members to be parties furthers the class action's goal of ease of litigation, such class members "may be parties for some purposes." Devlin v. Scardelletti, 536 U.S. 1, 10 (2002). The Supreme Court's holding in Devlin supports Defendant's position that Messrs. Curlee, Haber and Law should be deemed parties for the purpose of admitting portions of their deposition testimony.

In Devlin, the Supreme Court held that an absent class member who objected to a class action settlement at the fairness hearing would be deemed a "party" who could appeal without formally intervening in the case. The Court focused on the fact that absent class members "are parties in the sense of being bound by the settlement," and noted that granting such members party status where they will be bound by a judgment does not compromise a class action's goal of ease of litigation. Id.[4] Here, the Court should admit the deposition designations of Messrs. Curlee, Haber and Law, who Plaintiffs voluntarily opted not to call at trial, for the simple reason that they will be bound by any class-wide judgment in this case, and will be allowed to appeal any judgment in Defendants' favor. See Devlin, 536 U.S. at 10. See also United Airlines, Inc. v.

---

admissible non-hearsay when offered by the party opposing her because it constituted a party admission).

[4] In contrast, the Supreme Court acknowledged that for purposes of diversity jurisdiction, absent class members would not be considered parties because to do so would almost always defeat diversity, leading to inefficient, multiple litigations and undermining the class action goal of simplifying litigation. Devlin, 536 U.S. at 10.

McDonald, 432 U.S. 385, 394-96 (1977) (absent class member is party for purposes of tolling statute of limitations).[5]

Deeming Messrs. Curlee, Haber and Law "parties" and admitting the designated portions of their deposition testimony will also further the efficient resolution of this class action. Here the parties and the Court have effectively treated these individuals as parties throughout this litigation to facilitate the adjudication of the disclosure claims in Counts 2 and 4. See, e.g., Dellums v. Powell, 566 F.2d 167, 187 (D.C. Cir. 1977) (allowing discovery to be directed to absent class members). The parties' stipulation, approved by the Court, specifically contemplated that discovery could be directed to certain absent class members on the disclosure issues related to "likely prejudice" or "harmless error" flowing from any alleged deficiency in the disclosures regarding the cash balance plan. (See Stipulation, signed March 10, 2006 [dkt # 167]). Defendants served Messrs. Curlee, Haber and Law with interrogatories, document requests and requests for admissions, discovery devices reserved only for parties and not third-party witnesses. See Fed. R. Civ. P. 33, 34 and 36. Likewise, the responses prepared by Plaintiffs' counsel stated that they were from "plaintiffs," for example "Plaintiff Stephen D. Curlee's Answers to Defendants' First Set of Interrogatories." Moreover, Messrs. Curlee, Haber and Law were deposed as if they were parties, as most of the questions were directed specifically to the basis for their disclosure claims.

The aim of this discovery, and of the decision to allow testimony at trial by absent class members to whom discovery was directed, was to provide the Court with a factual basis for

---

[5]   See also Churchill Vill., L.L.C. v. Gen. Elec., 361 F.3d 566, 572 (9th Cir. 2004) (absent class members are "parties" for purposes of objecting to settlement, even where objectors could opt out of settlement, because each objector's individual claim was too small to justify independent litigation); Ennels v. Ala. Inns Assocs., 581 F. Supp. 708, 710-711 (D.C. Ala. 1984) (absent class member is party for purposes of enforcing consent decree).

considering the issues of "likely prejudice" and "harmless error," and for analyzing the question of whether these issues can be adjudicated on a class-wide basis. The designated deposition testimony of Messrs. Curlee, Haber and Law — distinct and individualized as it was — plainly is instructive in that regard. Given these circumstances, the Court's consideration of the deposition testimony of Messrs. Curlee, Haber and Law will further the class action goal of ease of litigation by providing the Court with an informed basis for ruling on these issues. See, e.g., In Re Unisys Corp. Retiree Med. Ben. Litig., MDL No. 969, 2003 WL 252106 at *4, ns. 9-10 (E.D. Pa. Feb. 4, 2003) (decertifying ERISA class based on the individualized experiences of class members, as reflected in the deposition testimony and interrogatory responses of absent class members and named plaintiffs).[6]

### C. The Depositions Of Messrs. Curlee, Haber And Law May Be Admitted Under Federal Rule of Evidence 807.

If for some reason the Court declines to admit the depositions of Messrs. Curlee and Haber based on their unavailability, or of Messrs. Curlee, Haber and Law as party admissions, the Court still should admit the depositions under Rule 807's residual exception to the hearsay rule.

Rule 807 authorizes the Court to admit:

> A statement . . . having equivalent circumstantial guarantees of trustworthiness [where] the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

---

[6] Stavrides v. Mellon Nat. Bank & Trust Co., 60 F.R.D. 634, 636 (W.D. Pa. 1973) (in putative class action, granting motion to compel depositions of class members for purposes of eliciting testimony relevant to the determination of the propriety of class certification); c.f., Wright v. Stern, Nos. 01 Civ. 4437/02 Civ. 4699, 2003 WL 21543539, at *5 (S.D.N.Y. July 09, 2003) (considering statistical evidence for evaluating commonality despite that it may not be admissible at trial).

Fed. R. Evid. 807.  Here, the depositions of these absent class members have the greatest indicia of trustworthiness possible, as they are the direct words of the individuals under oath.  Moreover, as noted above, given the importance of this deposition testimony to the adjudication of the "likely prejudice" and "harmless error" issues, and to the question of whether these issues can be decided on a class-wide basis, the interests of justice are served by admission of this testimony.

**II.     THE COURT SHOULD PERMIT PLAINTIFFS TO COUNTER-DESIGNATE DEPOSITION TESTIMONY UNDER THE RULE OF COMPLETENESS, BUT NOT TO INTRODUCE THEIR OWN INTERROGATORY RESPONSES.**

In response to Defendants' designations from the depositions of the absent class members discussed above, the Court should permit Plaintiffs to counter-designate from those depositions under Rule 32's so-called "Rule of Completeness."  The Court should reject outright, however, Plaintiffs' suggestion that they be permitted to introduce their own interrogatory responses.

Federal Rule of Civil Procedure 32 specifically addresses the situation where a party offers only part of a deposition into evidence, as Defendants seek to do in this case.  The "Rule of Completeness" dictates that Plaintiffs may counter-designate deposition testimony – from the same deposition – and only for purposes of completeness:

> If only part of a deposition is offered in evidence by a party, <u>an adverse party may require the offeror to introduce any other part which ought in fairness to be considered with the part introduced</u>, and any party may introduce any other parts.

Fed. R. Civ. P. 32(a)(4) (emphasis added).  From an evidentiary perspective, this rule creates an explicit exception to the hearsay rule for the admission of deposition testimony to complete the record, despite the fact that an adverse party's own deposition testimony normally would be hearsay inadmissible by that party.[7]

---

[7]     In contrast, Defendants could have, if they had chosen, introduced class members' interrogatory answers as non-hearsay admissions by party opponents.  See, e.g., In re Rezulin Prods. Liab. Litig., 361 F. Supp. 2d 268, 272 (S.D.N.Y. 2005) (in class action

Ignoring Rule 32's plain directive, Plaintiffs instead seek to introduce their own interrogatory responses as counter-designations, claiming Federal Rule of Evidence 106 permits them to introduce their own interrogatory answers to provide context to Defendants' submission of deposition testimony.[8] This is incorrect. The Second Circuit has made clear that Rule 106 "does not compel admission of otherwise inadmissible hearsay evidence." U.S. Football League v. Nat'l Football League, 842 F.2d 1335, 1375-76 (2d Cir. 1988) (holding that the district court properly excluded a letter on hearsay grounds even though a reply to that letter was admitted).[9] The Second Circuit also established long ago that a plaintiff's own interrogatory answers are just that: inadmissible hearsay. See Kemsley, Millbourn & Co. v. United States, 19 F.2d 441, 441 (2d Cir. 1927) (answers to interrogatories are incompetent as hearsay when offered by interrogatory respondents); see also, e.g., Zwack v. Kraus Bros. & Co., 237 F.2d 255, 260 (2d Cir. 1956) (when offered by interrogatory respondents, responses to interrogatories, rather than documents of record or on file in public office of foreign country, did not evidence a recorded act and were properly excluded as hearsay).[10]

---

      products liability case involving diabetes drug, plaintiffs' questionnaire responses similar to interrogatory answers were admissible when offered as admissions by party opposing questionnaire respondents).

[8] Federal Rule of Evidence 106 states: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

[9] See also United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999) (where the government offered a portion of a recorded conversation with a criminal defendant as evidence against him, and defendant sought to introduce another portion of the same conversation under Rule of Completeness, the court affirmed that Rule 106 did not require admission of defendant's requested portion consisting largely of defendant's "own self-serving statements, which, as offered by him, were inadmissible hearsay").

[10] Plaintiffs' own interrogatory answers are not admissions by a party-opponent and remain hearsay. Plaintiffs' statements also are not accepted from the hearsay rule as "prior statements by witnesses" because class members only could have offered such statements while testifying at trial. See Fed. R. Evid. 801(d)(1) (a prior consistent or inconsistent

- 8 -

Messrs. Curlee, Haber and Law's situation is not special; if they were permitted to introduce their own interrogatory responses in this case, the same argument for admission would arise every time a defendant introduced deposition testimony.  Their interrogatory responses, moreover, would not even fall within the Rule of Completeness since Defendants' deposition designations do not include testimony concerning their interrogatory responses.  In fact, Defendants did not even mark their interrogatory responses or ask these Plaintiffs about them in their depositions.  In short, the Rule of Completeness cannot justify admission of Plaintiff's own interrogatories.

The Court also should not admit Plaintiffs' own interrogatory responses under Rule 807's residual exception to the hearsay rule, as Plaintiffs suggest.  First, admission under Rule 807 requires that the statement be more probative than other available evidence.  See Fed. R. Evid. 807 (requiring that "the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts").  Without doubt, the deposition testimony of the non-named plaintiffs' under oath is more probative than their interrogatory responses, the latter of which clearly constitute an advocacy piece prepared by counsel with various objections and cross-references to the responses to the Request for Admissions.  Indeed, Plaintiffs' counsel himself could have utilized this more probative forum and questioned the individuals at their depositions, but chose not to.  What is worse, the class members' interrogatory objections and responses in this case lack the required "circumstantial guarantees of trustworthiness" to be admitted under Rule 807, particularly given that those from Law were unverified.  Id.  Moreover, if the interrogatories are consistent with the deposition

---

statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement).  Plaintiffs also may not avail themselves of a hearsay exception under Federal Rule of Evidence 804(b), because these class members were available to Plaintiffs to testify during trial.

- 9 -

testimony, the deposition testimony provided directly by the individual would be more probative. And if the interrogatories contradict the deposition testimony, an even stronger basis exists for rejecting the written interrogatory objections and responses prepared by counsel in favor of the testimony under oath. In short, Plaintiffs' interrogatory responses are inadmissible hearsay and no legal basis exists for their admission by Plaintiffs.

### III.    THE COURT SHOULD NOT PERMIT PLAINTIFFS TO INTRODUCE DEPOSITION TESTIMONY OF A FORMER CIGNA EMPLOYEE WHO WAS NOT EMPLOYED BY THE COMPANY AT THE TIME OF HIS DEPOSITIONS.

The final evidentiary issue concerns Plaintiffs' designations of testimony from two depositions of former CIGNA employee Andrew Hodges, a witness who was available for trial but Plaintiffs chose not to call. Plaintiffs contend that his testimony constitutes an admission by a party opponent. But because Mr. Hodges was not employed by CIGNA at the time of his depositions, his testimony plainly does not qualify.

#### A.    A Deposition Is Only Admissible As A Party Admission Where The Deponent Was An Officer, Director, Or Managing Agent Of The Corporation At The Time Of The Deposition.

Where a witness is within the Court's subpoena power, as Mr. Hodges was here,[11] a party generally is obliged to call that witness to trial, and may not introduce deposition testimony in lieu of live testimony. Where the witness is himself a party or employed by a corporate party, as noted above see supra Section 1, Federal Rule of Civil Procedure 32 permits the introduction of such deposition of a party opponent:

> The deposition of a party or of anyone **who at the time of taking the deposition** was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose.

---

[11]    Plaintiffs do not dispute that Mr. Hodges, a resident of the Hartford, Connecticut area, was within the Court's subpoena power and therefore not unavailable for trial.

Fed. R. Civ. P. 32(a)(2) (emphasis added).[12]  See, e.g., King, 657 F.2d at 1163 (Rule 32(a)(2) "specifies that insofar as [Rule 32(a)(2)] applies to agents, the agent must have been an agent at the time the deposition was taken"); Kern v. Kollsman, 885 F. Supp. 335, 343 n.6 (D.N.H. 1995) (deposition testimony of plaintiff-employee's former supervisor was not an admission of a party opponent where the supervisor's deposition was taken after the supervisor was discharged from the company-defendant); Carlingford Australia Gen. Ins. Ltd. v. St. Paul Fire & Maine Ins. Co., 722 F. Supp. 48, 53 n. 1 (S.D.N.Y. 1989) ("at the time of his deposition Dodwell was no longer an employee of plaintiff, so that his testimony does not constitute an admission.").

### B. Plaintiffs May Not Submit Testimony From Mr. Hodges' First Deposition.

Mr. Hodges's initial deposition testimony cannot be accorded the status of an admission by a party-opponent because it is undisputed that he was no longer employed by CIGNA at the time of the deposition. By the time of his first deposition, Mr. Hodges had returned to school to teach mathematics. (Deposition of Andrew Hodges, June 29, 2003 at 6) ("Q. And but you are an ex-CIGNA employee, right? A. Yes.").[13]

---

[12]   This party-admission rule is echoed in Federal Rule of Evidence 801, which states that a statement may be offered against a party as an admission by party-opponent when it is made "by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Fed. R. Evid. 801(d)(2)(D) (emphasis added).

[13]   As reflected at the start of his deposition in 2006:
> Q  And Mr. Hodges, you sat for a deposition once before, right?
> A  That's correct.
> Q  And that was in about June of 2003?
> A  Summer of 2003, yes.
> Q  And at that time I think you had already left CIGNA and you were doing the teacher training to start as a high school math teacher?
> A  That is correct.
> Q  And so that is what you've been doing since?

Moreover, Plaintiffs' suggestion that Morgan, Lewis & Bockius' representation of Mr. Hodges for purposes of his deposition means his testimony constitutes an admission by CIGNA is entirely without merit. Just because two parties are represented by the same counsel does not mean that a statement by one party is an admission against other parties that the lawyer represents. Plaintiffs' argument is almost laughable, given that at the first deposition Plaintiffs' counsel repeatedly stated that the interests of CIGNA and Mr. Hodges diverged:

> BY MR. BRUCE
>
> Q.   Why did you choose not to appear here by yourself or with another attorney?
>
> A.   Just confidence in Mr. Blumenfeld.
>
> Q.   Well, you realize that Mr. Blumenfeld actually represents CIGNA Corporation, don't you?
>
> A.   Correct.
>
> Q.   And you realize that that may not necessarily be consistent with your interests?

(Deposition of Andrew Hodges dated June 29, 2003 at 7). Plaintiffs' counsel made this point even more plainly later in the deposition:

> MR. BRUCE:  No, it's improper. It's improper for you to be representing him in the first place because you have a conflict, you're representing CIGNA Corporation, you're not representing Mr. Hodges. You don't have Mr. Hodge's interests at heart. You're representing CIGNA Corporation, and it's a farce for you to pretend that you're representing Mr. Hodges.

(Id. at 13-14.).[14] Plaintiffs' counsel's own remarks demonstrate that Mr. Hodges was an independent third party whose testimony does not constitute a party admission.

---

        A   Yes, sir.
    (Deposition of Andrew Hodges dated Aug. 4, 2006 at 5).
[14] Of course, Defendants dispute Plaintiffs' counsel's assertion that it was improper for Morgan, Lewis & Bockius to represent Mr. Hodges for purposes of his deposition, or that any conflict existed.

### C. Plaintiffs May Not Submit Testimony From Mr. Hodges' Second Deposition.

Likewise, Plaintiffs cannot introduce designations from Mr. Hodges' second deposition as admissions by a party-opponent. At the time of his second deposition, Mr. Hodges was serving as a part-time independent consultant to Prudential Retirement ("Prudential"), the Plan's third-party record-keeper—not working for CIGNA. (Deposition of Andrew Hodges dated August 4, 2006; see supra note 13).[15]

As noted above, under Rule 32(a), the deposition of an individual who was at the time of his deposition "an officer, director, or managing agent" of a corporation may be considered an admission of the corporation. Fed. R. Civ. P. 32(a)(2). It is axiomatic that since Mr. Hodges was not a CIGNA employee at the time of his second deposition, he was not an officer or director of CIGNA at that time.

Equally unavailing is Plaintiffs' theory that Mr. Hodges' relationship with Prudential at the time of his second deposition would qualify him as a "managing agent" for CIGNA. Rule 32(a) requires the "managing agent" to have a relationship with the actual corporate entity which

---

[15] As Mr. Hodges explained:
   Q  And you now have some capacity back with Prudential?
   A   I'm not positive of my employment relationship, but my paychecks come from an organization called Pay Wise, which I believe Prudential uses to bring folks in for focused assignments.
   Q  And when did your focused assignment start?
   A  End of June of 2006.
   Q  And since you left CIGNA in 2003, have you had any other assignments with either CIGNA or Prudential?
   A  No, sir.
   Q  So can you describe -- do you have a title or --
   A  I do not.
   Q  And how would you describe your relationship, then, with Prudential, as a contract employee?
   A  That sounds very formal, but I guess so.
(Deposition of Andrew Hodges dated August 4, 2006 at 5-6).

- 13 -

is an adverse party. For example, in Reed Paper Co. v. Proctor & Gamble Distrib. Co., the court determined that it need not even apply the three-part test for "managing agent" status under Rule 32(a) because the individual at issue, Mr. Hughes, "was not at the time of the taking of this deposition employed by the defendant corporation." 144 F.R.D. 2, 4 (D. Me. 1992) (citing Rubin v. Gen. Tire and Rubber Co., 18 F.R.D. 51, 56 (S.D.N.Y. 1955) (explaining the three-factor test for determining who is a "managing agent" for purposes of Rule 32(a))). In Reed Paper, at the time of his deposition Mr. Hughes was employed not by the defendant corporation Proctor & Gamble (P&G") Distributing Company, but by a related company, P&G Paper Manufacturing Company. 144 F.R.D. at 4. Just as Mr. Hughes' loyalty to his own employer, P&G Distributing Company, could not be imputed to a directly-related affiliate, P&G Paper Manufacturing Company, Plaintiffs here cannot use Mr. Hodges' relationship with Prudential to establish that Mr. Hodges was a "managing agent" of CIGNA.

Even if the Court excused the fact that Mr. Hodges' employment relationship was with Prudential and not CIGNA, his role at the time of his second deposition still fails to meet the "managing agent" test. Mr. Hodges did not have the power to exercise his judgment and discretion in dealing with CIGNA's corporate matters. See, e.g., Reed Paper, 144 F.R.D. at 5 (finding individual who served as a salesman lacked the required discretion in judgment to qualify as a managing agent); see also, e.g., Young & Assocs. Pub. Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 523 (D. Utah 2003) (employees were not managing agents where they were under supervision and lacked discretion to make decisions for the corporation without approval and authorization from higher authority). As Mr. Hodges' deposition testimony made clear, Mr. Hodges acted under the specific control and direction of Lorraine Morris; he did not

exercise independent judgment and lacked the authority to make decisions for CIGNA without approval. (Deposition of Andrew Hodges dated August 4, 2006 at 13, 22-24).

## IV.   CONCLUSION

For the foregoing reasons, the Court should admit the deposition testimony of absent class members Curlee, Haber and Law, preclude Plaintiffs from introducing their interrogatory responses, and preclude Plaintiffs from introducing the deposition testimony of Andrew Hodges.

Dated:  February 19, 2007                    **MORGAN, LEWIS & BOCKIUS LLP**

By:  /s/ Jamie M. Kohen
Joseph J. Costello
Jeremy P. Blumenfeld
Jamie M. Kohen
*Admitted pro hac vice*
1701 Market Street
Philadelphia, Pennsylvania  19103-2921
(215) 963-5295/5258/5472
(215) 963-5001 (fax)
jcostello@morganlewis.com
jblumenfeld@morganlewis.com
jkohen@morganlewis.com

**ROBINSON & COLE**
James A. Wade (CT # 00086)
280 Trumbull Street
Hartford, Connecticut  06103
(860) 275-8270
(860) 275-8299 (fax)
jwade@rc.com

*Attorneys for Defendants*
*CIGNA Corporation and CIGNA Pension Plan*

**CERTIFICATE OF SERVICE**

I certify that the foregoing Defendants' Memorandum of Law in Support of The Admission of Portions of Absent Class Members' Deposition Testimony and in Opposition to the Admission of Absent Class Members' Interrogatory Responses and the Deposition Testimony of an Available Third-Party Witnesss was filed electronically through the CM/ECF system on February 19, 2007. Notice of this filing will be sent by e-mail to all parties listed below by operation of the Court's electronic filing system. The parties may access this filing through the Court's CM/ECF system.

> Thomas G. Moukawsher
> Moukawsher & Walsh, LLC
> 328 Mitchell Street
> Groton, CT  06340
>
> Stephen R. Bruce
> 805 15th Street, NW
> Suite 210
> Washington, DC 20005

        /s/ Jamie M. Kohen
        Jamie M. Kohen