# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Janice C. Amara, Gisela R. Broderick, | : |
| Annette S. Glanz, individually and | : |
| on behalf of all others similarly situated, | : |
| | : |
| Plaintiffs, | : |
| | : |
| vs. | :    Civil. No. 3:01-CV-2361 (MRK) |
| | : |
| CIGNA Corp. and | :    February 19, 2007 |
| CIGNA Pension Plan, | : |
| | : |
| Defendants. | : |
| | : |

## PLAINTIFFS' MEMORANDUM REGARDING THE ADMISSIBILITY OF CERTAIN DEPOSITION TESTIMONY AND INTERROGATORY ANSWERS

Stephen R. Bruce Ct 23534
Allison C. Caalim
805 15th St., NW, Suite 210
Washington, DC 20005
(202) 371-8013

Thomas Moukawsher Ct 08940
Moukawsher & Walsh, LLC
21 Oak Street
Hartford, CT 06106
(860) 287-7000

Attorneys for the Plaintiff Class

## **Table of Contents**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.      The Deposition Testimony of Andrew Hodges, CIGNA's Consulting Actuary on the "Part B" Cash Balance Plan, Is Admissible Under Federal Rules of Evidence 801(d)(2)(C) and 807. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.     The Deposition Designations of Class Members Steven Law, Stephen Curlee, and Mitchell Haber Are Inadmissible Based on the Parties' Stipulation on the Conduct of Discovery and Trial; If the Designations Are Admitted, the Interrogatory Answers of these Individuals Should Be Admitted. . . . . . . . . . . . . 6

        A.      Mr. Law's Deposition Testimony is Not a Party Admission Under F.R.E. 801(d)(2) Because Absent Class Members Are Not Parties . . . . . . . . . . . . 9

        B.      The Deposition Designations of Messrs. Curlee and Haber Are Not Admissible Under FRE 804 or FRCP 32(a)(3) Because Both Were Available to Testify at Trial and Plaintiffs' Counsel Did Not Have a Similar Motive to Develop Their Testimony During the Depositions as Would Exist at Trial. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        C.      If Defendants' Designations from Messrs. Curlee's and Haber's Depositions Are Admitted, their Answers to Interrogatories Should Be Admitted Under FRE 807; Without the Context of the Answers to Interrogatories, the Deposition Designations Neither Support Nor Detract From the Classwide Evidence on "Likely Prejudice." . . . . . . . . . . . . . . . 14

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF AUTHORITIES

### FEDERAL CASES

*In re Air Crash Disaster*, 720 F. Supp. 1493 (D.Colo. 1989) ............................. 11

*Aubrey Rogers Agency v. AIG Life Insurance Co.*, 2000 U.S. Dist. LEXIS
    997 (D.Del. 2000) ........................................................................ 12

*Cameo-Parkway Records v. Premier Albums*, 42 F.R.D. 400 (S.D.N.Y. 1967) .... 6

*Kinser v. Gehl Co.*, 184 F.3d 1259 (10th Cir. 1999), *cert. denied*, 528 U.S.
    1139 (2000) ............................................................................... 3-4

*Kirk v. Raymark Industries*, 61 F.3d 147 (3d Cir. 1995) ...................................... 12

*McCarthy v. Paine Webber*, 164 F.R.D. 309 (D.Conn. 1995) ............................. 10

*In re Oxford Health Plans, Inc. Securities Litigation*, 244 F. Supp. 2d 247
    (S.D.N.Y. 2003) ............................................................................ 10

*Pace v. National R.R. Passenger Corp.*, 291 F. Supp. 93 (D. Conn. 2003) ........... 6

*Penguin Books U.S.A. v. New Christian Church of Full Endeavor*, 262 F.
    Supp. 2d 251 (S.D.N.Y. 2003) ......................................................... 3

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) ........................................ 10

*Polozie v. United States*, 835 F. Supp. 68 (D.Conn. 1993) ............................. 11-13

*In re Publication Paper Antitrust Litigation*, 2005 U.S. Dist. LEXIS 13681
    (D.Conn. 2005) ............................................................................ 10

*Schwartz v. Compagnie General Transatlantique*, 405 F.2d 270 (2d Cir. 1968) . 15

*Service v. Bd. of Public Utilities*, 1986 U.S. Dist. LEXIS 26978 (D.Kan.1986) . 14

*State of Md. for Use of Barresi v. Hatch*, 198 F. Supp. 1 (D.Conn. 1991) .......... 15

*Steinberg v. Obstetrics-Gynecological & Infertility Group*, 260 F. Supp. 2d
    492 (D. Conn. 2003) ...................................................................................... 5

## FEDERAL RULES

Fed. R. Civ. P. 32(a)(2)  ........................................................................... 6

Fed. R. Civ. P. 32(a)(3)  ....................................................................... 11, 13

Fed. R. Civ. P. 33(c)  ................................................................................ 14

Fed. R. Evid. 801(d)(2) ......................................................... 3, 5-6, 9-10

Fed. R. Evid. 804(b)(1) ............................................................................ 11-12

Fed. R. Evid. 807 ........................................................................... 5-6, 11

## MISCELLANEOUS

*Manual for Complex Litigation (Fourth)*  ............................................ 10

*Weinstein's Federal Evidence*  .............................................................. 3

**Introduction**

Plaintiffs submit this memorandum on the admissibility of certain deposition testimony and answers to interrogatories as evidence in this litigation.  Plaintiffs request that the Court admit the deposition testimony of Andrew Hodges, CIGNA's Consulting Actuary on the "Part B" Cash Balance Plan, as a party admission under F.R.E. 801(d)(2)(C). Defendants do not contest that the deposition testimony of John Arko, formerly CIGNA's Director of Retirement Benefits and currently its Benefits Strategy Director and Plan administrator, is admissible under these rules.[1] The designations and counter-designations for both these individuals are attached as Exs. 239-40 (Arko) and 241-42 (Hodges) (the page and line numbers as well as the deposition extracts themselves are being filed through the CM/ECF system; the color-coded deposition extracts will be delivered to Chambers).

At the same time, Plaintiffs object to CIGNA's request to admit into evidence the deposition designations of three absent class members: Steven Law, Stephen Curlee, and Mitchell Haber, who neither side called to testify at trial. The parties' March 10, 2006 Stipulation on Conduct of Discovery and Trial (dkt. #167) contemplated live testimony from any absent class members who cooperate in discovery on the issue of "likely prejudice." Defendants made no effort to have these individuals testify live. Under the

_____

[1] Defendants previously stipulated to the admissibility of deposition designations for Mr. Arko. Dkt. # 180, "Exhibit B" at 18-19. The only difference is that Plaintiffs' counsel identified some additional designations after Defendants decided not to call Mr. Arko as a witness.

parties' Stipulation, Plaintiffs' counsel did not have a similar motive to develop the testimony of the absent class members as would exist at trial. Plaintiffs specifically offered to make Steven Law, who lives in Connecticut, available for testimony in January 2007 but Defendants declined. Plaintiffs submit that, if the deposition testimony of these class members is admitted, their answers to CIGNA's interrogatories should be admitted in the interests of completeness because Plaintiffs did not have a similar motive to develop their testimony as at trial. As the Court will see, the deposition testimony that Defendants designate is fragmentary and lacks any classwide significance without the context of live testimony or the answers to interrogatories that preceded the depositions.

**I.      The Deposition Testimony of Andrew Hodges, CIGNA's Consulting Actuary on the "Part B" Cash Balance Plan, Is Admissible Under Federal Rules of Evidence 801(d)(2)(C) and 807.**

Plaintiffs request that the Court admit the deposition designations of Mr. Andrew Hodges, CIGNA's former Consulting Actuary for the "Part B" Cash Balance Plan. See Ex. 241 (6/29/2003 Depo.) at 29, 34-37 and Depo. Ex. 29 thereto. Mr. Hodges deposition was originally scheduled for December 20, 2002, but it was cancelled at the 11th hour because of an "indefinite leave of absence." Mr. Hodges later returned to work but was not made available for deposition until June 29, 2003–which turned out to be 19 days after his last day of active employment. Plaintiffs deposed Mr. Hodges a second time on August 4, 2006 after he became a contract employee for Prudential, which serves as the "recordkeeper" for the CIGNA Pension Plan, at the end of June 2006, nearly

2

simultaneous with CIGNA's designation of him as an intended defense witness.

Mr. Hodges' deposition testimony should be admitted as the admissions of a party opponent under Fed. Rule of Evid. 801(d)(2)(C). The testimony that Plaintiffs seek to introduce relates primarily to CIGNA's knowledge of "wear-aways" under its cash balance formula. Apart from the testimony of its actuarial expert, Lawrence Sher, Defendants have presented no witnesses concerning wear-aways or any other issue. Mr. Sher testified that he knows nothing about what CIGNA actually considered or knew. The only record of what CIGNA considered or knew consists of certain documents and Mr. Arko's deposition testimony. Mr. Hodges' deposition testimony adds to this record.

Under Fed. R. Evid. 801(d)(2)(C), "a statement by a person authorized by the party to make a statement concerning the subject" is admissible as a party admission. "The courts' inquiries generally require that a person making the statement be an agent of the party-opponent against whom the admission be offered." *Penguin Books U.S.A. v. New Christian Church of Full Endeavor*, 262 F.Supp.2d 251, 260 (S.D.N.Y. 2003). Under the rule, "speaking authority can be either 'expressly or implicitly' bestowed upon an individual." *Id*. (citing *Weinstein's Federal Evidence* § 801.32).

In *Kinser v. Gehl Co.*, 184 F.3d 1259, 1275 (10th Cir. 1999), *cert. denied*, 528 U.S. 1139 (2000), the Tenth Circuit held that the district court did not err in admitting the deposition testimony of a former employee like Mr. Hodges, finding that "Although Burrough had retired at the time of these depositions, he continued to perform consulting

3

services for Gehl on projects he had overseen during his full-time tenure with the company." The court also found that prior to the deposition, the witness met with another employee "to review the former structure of Gehl's engineering department and the evolution of Gehl's closed-throat balers' designs." *Id*. The court concluded that these facts "constitute independent and sufficient corroboration of Burrough's authority to make statements on behalf of Gehl and/or the scope of Burrough's employment" and that "the topics discussed in Burrough's deposition excerpts all concerned events and policies occurring during his employment." *Id*.

Here, despite the fact that Mr. Hodges was not actively employed by CIGNA at the time of his June 29, 2003 deposition, Mr. Hodges continued to have express or implicit authority to speak on CIGNA's behalf about events that occurred during his employment and he continued to perform consulting services for CIGNA on projects he oversaw during his tenure with the company. As mentioned, Mr. Hodges was originally scheduled to be deposed on December 20, 2002, while he was an active CIGNA employee. After Defendants' counsel confirmed his attendance, Plaintiffs' counsel were told on December 16, 2002, that Mr. Hodges had gone on an "indefinite leave of absence" and was not available on December 20th. Ex. A (attached). Mr. Hodges was not made available to be deposed until June 29, 2003.

During his June 2003 deposition, one of CIGNA's attorneys, Mr. Blumenfeld, represented Mr. Hodges without charge even though Mr. Hodges' last day of active work

4

was 19 days earlier. Hodges 6/29/2003 Depo. at 15. When Mr. Hodges was asked if he

was aware of Mr. Blumenfeld's conflict of interest in representing him, he responded "I

would be surprised if that were the case." *Id*. at 7-8. Mr. Hodges further testified that he

had spoken with John Arko, CIGNA's Director of Retirement Benefits, about his

deposition while he was still employed. *Id*. at 8.  Mr. Hodges' involvement with CIGNA

resumed at the end of June 2006, when he was rehired as a contract employee for

Prudential to address the problem of individuals with "zero" opening account balances

and minimum benefits in CIGNA's pension records that had arisen during his tenure. Ex.

240 (8/4/06 Depo.) at 6. Mr. Hodges' express or implied authority to speak for CIGNA is

confirmed by Defendants' listing of him in their June 27, 2006 Trial Memorandum as an

anticipated witness for the defense on the "[d]esign, operation and administration of Part

B." Defs. Mem. (dkt. # 180) at 9 and 12.

     In light of his record, it is clear that Mr. Hodges possesses express or implicit

authority to speak on CIGNA's behalf about the events that occurred during his

employment.  His deposition testimony can therefore be admitted under F.R.E.

801(d)(2)(C). In the alternative, Mr. Hodges' deposition testimony can be admitted under

the "residual exception" in F.R.E. 807 because his statements are "more probative" than

other available evidence and bear the "circumstantial guarantees of trustworthiness"

required by F.R.E. 807. See *Steinberg v. Obstetrics-Gynecological & Infertility Group*,

260 F.Supp.2d 492, 495-98 (D. Conn. 2003). Mr. Hodges' deposition testimony is "more

probative" than other evidence that Plaintiffs can procure through reasonable efforts given that CIGNA made an 11[th] hour decision not to call Mr. Hodges or any fact witnesses at trial. Mr. Hodges' statements bear the "circumstantial guarantees of trustworthiness" required by F.R.E. 807 because his statements were provided in depositions under oath and because CIGNA has designated Mr. Hodges as a witness on its behalf on the same subjects. [2]

## II.    The Deposition Designations of Class Members Steven Law, Stephen Curlee, and Mitchell Haber Are Inadmissible Based on the Parties' Stipulation on the Conduct of Discovery and Trial; If the Designations Are Admitted, the Interrogatory Answers of these Individuals Should Be Admitted.

The Stipulation on the Conduct of Discovery and Trial dated March 10, 2006 was developed to address the issue of "likely prejudice" from CIGNA's communications with its employees. Dkt #167. The Stipulation provided for discovery to be taken from a limited number of absent class members and for the presentation of the evidence developed thereby at trial. In pertinent part, the Stipulation provides:

   1.  Plaintiffs will select 8 class members...from whom discovery may be taken on the issues of "likely prejudice" or "harmless error."  Defendants will also select 8

---

[2] See *Pace v. National R.R. Passenger Corp.*, 291 F.Supp. 93, 103 n.4 (D. Conn. 2003) (admitting statement from defendants' own witness who was not called at the "11[th] hour"). Like the requirement in FRE 801(d)(2)(D) that a statement be made "during the existence of the [agency or employment] relationship," FRCP 32(a)(2) contains a temporal requirement to protect against admissions by "disgruntled former employees." See *Cameo-Parkway Records v. Premier Albums*, 42 FRD 400, 401 (S.D.N.Y. 1967). Here, CIGNA's designation of Mr. Hodges as a defense witness and its continuing use of him as a consultant show that he is not a disgruntled former employee. Thus, there are similar "circumstantial guarantees of trustworthiness."

6

persons from among the absent class members in this case....

2.  Subject to the numerical limits in the Local and Federal Rules of Civil Procedure, Defendants will serve interrogatories and document requests through class counsel on the 8 class members who Plaintiffs select, namely Annette Glanz, Bruce Charette, Robert Upton, Barbara Hogan...plus four others [who Plaintiffs] identified on or before March 15, 2006. Defendants' interrogatories and document requests may be served on or before March 17, 2006.  Defendants may depose some or all of these 8 class members and Mrs. Broderick...

7.  For trial, Plaintiffs shall select no more than 10 class members (in addition to Ms. Amara and Ms. Broderick) from among the class members who participate in discovery to testify on the issue of "likely prejudice" and be subject to examination on the defense of "harmless error."  <u>Defendants may select and call any other persons who participate in discovery as adverse witnesses.</u>

Emph. added. Thus, the parties agreed to a type of "Noah's Ark" principle under which each side selects two representatives from each of four categories of employees (rehired Tier 1 formula participants; continuously-employed Tier 1 formula participants; Tier 2 formula participants with less than 55 age and service points; and Tier 2 formula participants with 55 or more age and service points).

Pursuant to the Stipulation, Defendants could serve interrogatories and document requests upon these class members and take up to two-hour depositions. Defendants later decided not to select any absent class members themselves and served interrogatories and document requests only upon named Plaintiffs Broderick and Glanz and seven other class members who the Plaintiffs selected. Defendants' counsel then took the time-limited depositions of each of those individuals.

During the Plaintiffs' case-in-chief in September 2006, Plaintiffs called the named

7

Plaintiffs Amara, Broderick and Glanz plus four of the seven other class members who they designated under the Stipulation.[3] Based on the number of days scheduled for trial, the distances which individuals had to travel, and representation of the categories of employees, Plaintiffs opted not to call Messrs. Law, Curlee or Haber.[4] When Defendants presented their case in January 2007, Defendants' counsel also opted not to call Mr. Law, who is within the subpoena power of this Court, or Messrs. Curlee or Haber. Although Messrs. Curlee and Haber live the farthest away of any of the absent class members, both were available to testify at the request of either party. Defendants' counsel, in fact, specifically asked Mr. Curlee at the end of his deposition whether "you have an understanding that we [CIGNA] might call you to testify in this trial" if Plaintiffs decide not to.  Curlee 5/9/2006 Depo. at 85.

The Stipulation imposed no obligation on either side to call all of their designated absent class members to testify at trial (and as Defendants showed, no obligation to designate anyone). If the Plaintiffs did not call an absent class member from whom the limited discovery was taken, the Stipulation provided that the Defendants could call that individual to testify. The Stipulation did not contemplate the submission of witness

---

[3] Lillian Jones also testified for the Plaintiffs, but was not one of the class members selected to answer interrogatories and produce documents on "likely prejudice" from CIGNA's communications.

[4] Mr. Law was a rehired Tier 1 participant in the same category as Ms. Amara, Broderick and Flannery. Mr. Curlee was a Tier 2 formula participant with more than 55 points in the same category as Barbara Hogan. Mr. Haber was a Tier 2 formula participant with less than 55 points who was in the same category as Robert Upton.

statements or deposition extracts in lieu of live testimony. As Defendants stated in their Memorandum Regarding Defendants Responses to Plaintiffs' Proposed Trial Exhibits, "Defendants never agreed that the direct testimony of witnesses could be submitted in statement form; rather, the parties have at all times contemplated that those class members providing testimony at trial would do so live, thereby giving Defendants the opportunity to cross examine any such witnesses before the Court." Mem. at 4, filed 6/27/2006 (dkt. #180).

Because of this Stipulation, Plaintiffs' counsel did not have a similar motive to develop the testimony of the absent class members during the depositions as would exist at trial. The absent class members had already prepared verified interrogatory answers prior to their depositions. For strategic or tactical reasons, Defendants' counsel chose to steer away from the answers to interrogatories that the absent class members had provided. Plaintiffs' counsel did not have a motive to develop testimony related to their interrogatory answers at the depositions as would exist at trial.

## A.    Mr. Law's Deposition Testimony is Not a Party Admission Under F.R.E. 801(d)(2) Because Absent Class Members Are Not Parties.

As indicated, class member Steven Law resides in Windsor, Connecticut and is within the subpoena power of this Court. After Defendants announced that they wanted to designate portions of Mr. Law's deposition when the trial resumed in January 2007, Plaintiffs' counsel pointed out that Mr. Law is within the subpoena power and offered to call him as a live witness on rebuttal. Defendants represented to the Court that they did

9

not want Mr. Law to testify, but would seek to admit designated portions of his deposition as a party admission, or else drop any designations.

Defendants' suggestion that Mr. Law's deposition can be introduced as a party admission lacks merit. It is well-established that "absent class members are not parties to the action." *McCarthy v. Paine Webber*, 164 F.R.D. 309, 313 (D.Conn. 1995). Accord, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 n.2 (1985) ("Unlike a defendant in a normal civil suit an absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection"); *In re Publication Paper Antitrust Litig.*, 2005 U.S. Dist. LEXIS 13681 (D.Conn. 2005) ("general intention of Rule 23 [is] to allow unnamed class members to remain passive"); *In re Oxford Health Plans, Inc. Secs. Litig.*, 244 F. Supp. 2d 247, 251 (S.D.N.Y. 2003) ("A "plaintiff" is a party to the lawsuit. Absent class members whose interests are represented by a Plaintiff are not parties to the lawsuit. Congress when it uses terms of art such as "plaintiff" should be deemed to denote exactly that, and not non-party class members"); *Manual for Complex Litig. (Fourth)*, §21.41.

Although the Stipulation permitted Defendants to take limited discovery from designated absent class members, including Mr. Law, the Stipulation did not make Mr. Law a party or give Defendants permission to treat him or any other absent class members as a "party" under Rule 801(d)(2).  Plaintiffs have, furthermore, found no case in which a court has allowed this.  Because Mr. Law is an absent class member who was available to

10

testify in January 2007 but who Defendants chose not to call, his deposition extracts should not be admitted.[5]

**B.    The Deposition Designations of Messrs. Curlee and Haber Are Not Admissible Under FRE 804 or FRCP 32(a)(3) Because Both Were Available to Testify at Trial and Plaintiffs' Counsel Did Not Have a Similar Motive to Develop their Testimony During the Depositions as Would Exist at Trial.**

Notwithstanding the Stipulation and Defendants' recognition in their Trial Memo that the testimony of the absent class members would be presented live, Defendants seek to introduce deposition extracts from Messrs. Curlee and Haber under Rule 804 of the Federal Rules of Evidence and Rule 32(a)(3)(B) of the Federal Rules of Civil Procedure. Plaintiffs do not dispute that Messrs. Curlee and Haber are outside of the Court's subpoena power, but Plaintiffs submit that both individuals were available to testify if called by either party.

Under FRE 804 and FRCP 32(a)(3)(B), "the admission of deposition testimony lies in the sound discretion of the trial court." *Polozie v. United States*, 835 F.Supp. 68, 71 (D.Conn. 1993) (citing *In re Air Crash Disaster*, 720 F.Supp. 1493, 1502 (D.Colo. 1989)). Rule 804(b)(1) states that former testimony, including deposition testimony, of a

---

[5] Alternatively, Mr. Law's interrogatory answers should be admitted under the residual exception in FRE 807 because they are more probative than other evidence that Plaintiffs can present at this juncture and because they contain substantial assurances of trustworthiness because they were provided prior to Defendants' deposition of Mr. Law. Mr. Law's interrogatory answers are attached as Ex. 243.

11

declarant is admissible as an exception to the hearsay rule if the declarant is unavailable to testify and "if the party against whom the testimony is now offered...had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."

Under this rule, the "proponent must first demonstrate that the witness was unavailable." *Polozie v. United States*, 835 F.Supp. 68, 71 (D.Conn. 1993); *Kirk v. Raymark Industries*, 61 F.3d 147, 165 (3d Cir. 1995). A finding of unavailability requires that "the proponent of a statement has been unable to procure the declarant's attendance...by process or other reasonable means." F.R.E. 804(a). In this instance, Defendants cannot show that Messrs. Curlee and Haber were unavailable because they were available. Defendants made no attempt to procure their attendance at either phase of the trial. Defendants did not contact Mr. Curlee or Haber, nor did they request that Plaintiffs' counsel contact them to obtain their attendance. See, e.g., *Kirk*, 61 F.3d 147 at 165 (admission of deposition testimony was erroneous where plaintiff made no "independent attempt" to contact witness and "failed to prove that she used reasonable means" to procure his attendance); *Aubrey Rogers Agency v. AIG Life Ins. Co.*, 2000 U.S. Dist. LEXIS 997 *7 (D.Del. 2000) (deposition testimony inadmissible where nothing in record to indicate that plaintiff "has made any effort to secure Mr. Wise's attendance at trial or has even contacted Mr. Wise").[6]

_____

[6] Defendants alternatively seek to admit the deposition testimony of Messrs. Curlee and Haber under Rule 32(b)(3)(B), which provides that the deposition of a witness may be used where "the witness is at a greater distance than 100 miles from the place of trial

Defendants also fail to satisfy Rule 804(b)(1) because Plaintiffs did not have a similar motive to develop the testimony of Mr. Curlee or Mr. Haber during their depositions. "The admissibility of the former testimony turns on the issue of whether a 'similar motive' existed at the taking of the deposition as would exist at trial." *Polozie*, 835 F.Supp. at 72. Based on the parties' Stipulation, Plaintiffs' counsel presumed that if they did not call an absent class member, such as Mr. Curlee, to testify, the Defendants could call him to testify live as an adverse witness–or else that person would not testify at all. Thus, pursuant to the Stipulation, Plaintiffs' counsel did not have a similar motive to develop the testimony of Messrs. Curlee or Haber about "likely prejudice" at the depositions. Plaintiffs' counsel reasonably expected that they would be available to testify at trial about the issues covered in their interrogatory answers or else that their testimony would not be used. See *Polozie*, 835 F.Supp. at 71-72 (deposition inadmissible where "it would be unfair for the defendant to be bound at trial by the strategy it employed in examining an expert witness during a discovery deposition taken at a time when it was expected that the witness would be available to testify at trial"). By not calling Messrs. Curlee or Haber, Defendants are seeking to keep Plaintiffs' counsel from eliciting favorable testimony on "likely prejudice" at trial (as their answers to interrogatories

---

or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition." Again, however, the problem with Defendants' position is that the witness' absence was procured by the party offering the deposition. Defendants decided not to call either individual at trial when both were available.

indicate that they will provide). Having procured their absence, Defendants should not be allowed to present deposition extracts that do not reflect the complete testimony that would have been offered at trial.

### C. If Defendants' Designations from Messrs. Curlee's and Haber's Depositions Are Admitted, their Answers to Interrogatories Should Be Admitted Under FRE 807; Without the Context of the Answers to Interrogatories, the Deposition Designations Neither Support Nor Detract From the Classwide Evidence on "Likely Prejudice."

Plaintiffs alternatively submit that the deposition designations of Messrs. Curlee and Haber should not be admitted without the context supplied by their answers to CIGNA's interrogatories.[7] The verified interrogatory answers preceded their depositions and provided the context for the questions by Defendants' counsel. Under Rule 33(c), answers to interrogatories may be used at trial to the extent permitted by the Rules of Evidence. See *Service v. Board of Public Utilities,* 1986 U.S. Dist. LEXIS 26978 *16-17 (D.Kan. 1986) (no prejudicial error where interrogatory answers of deceased plaintiff were read to jury under Rule 33(b); court "reviewed each answer and admitted only those answers that in all reasonable probability were based on the decedent's personal

---

[7] Messrs. Curlee's and Haber's interrogatory answers are attached as Exs. 244 and 245. Plaintiffs have also provided counter-designations for Messrs. Curlee and Haber in the event that the Court finds their deposition testimony admissible.  However, as Plaintiffs have explained, the interrogatory answers are more important because Defendants' counsel directed their deposition questions only at the margins of those answers and Plaintiffs' counsel did not have a motive to ask them questions about those answers during the depositions.

knowledge and were otherwise admissible").[8]

Without the context of the interrogatory answers, the deposition designations that Defendants offer have no legal significance, pro or con, on the classwide evidence of "likely prejudice" from CIGNA's inadequate disclosures. For example, Defendants designate a portion of Mr. Curlee's deposition where he testified that he "scanned" the October 1998 Summary Plan Description.  Curlee Depo. at 42.  Without knowing that his interrogatory answers state that CIGNA's SPD and other written communications fail to tell him about any benefit reductions, the Court does not know the context of his deposition testimony.

To the extent that Defendants contend that Messrs. Curlee or Haber have offered any testimony that damages their claims individually, Defendants' contentions are simply misplaced. Plaintiffs' counsel's review of the designations shows no such testimony. Moreover, the parties' Stipulation expressly provides that individual rights to recovery can only be determined for "class members who testify." Stip. at 4-5.

Accordingly, the Court should either admit the interrogatory answers and

---

[8] Unless a genuine issue of fact is raised, interrogatory answers are frequently considered under Rule 56 as the basis for granting summary judgment. See *Schwartz v. Compagnie General Transatlantique*, 405 F.2d 270, 273 n.1 (2d Cir. 1968) ("answers to interrogatories may be considered" on motion for summary judgment "so far as they are admissible under the rules of evidence," except "where such answers are not based upon personal knowledge"); *State of Md. for Use of Barresi v. Hatch*, 198 F.Supp. 1 (D.Conn. 1991) (answers must be made on personal knowledge and be such statements as would be admissible in evidence).

deposition designations for Messrs. Curlee and Haber, or admit nothing at all. Designating deposition extracts without live testimony or the context of the interrogatory answers is like chipping away at a straw man. Without direct testimony or the interrogatory answers, there is no testimony from these two individuals about "likely prejudice" at which to chip away.

**Conclusion**

For the foregoing reasons, Plaintiffs request that this Court admit the deposition designations of CIGNA's Consulting Actuary on the Cash Balance Plan under FRE 801(d)(2)(C) or 807. Plaintiffs also request that this Court formally admit the deposition designations of John Arko, CIGNA's Director of Retirement Benefits.

Plaintiffs further request that this Court exclude the deposition designations of the absent class members, Messrs. Law, Curlee, and Haber, because Defendants made no effort to obtain their live testimony and specifically turned down the opportunity to have Mr. Law testify live. If the Court admits the deposition designations of Messrs. Curlee and Haber despite the terms of the Stipulation, Plaintiffs request that the interrogatory answers of these class members be admitted in conjunction with the deposition designations.

Dated: February 19, 2007

                                        Respectfully submitted,

                                        Stephen R. Bruce Ct23534
                                        Allison Caalim phv01316

16

805 15th St., NW, Suite 210
Washington, DC 20005
(202) 371-8013

 s/ Thomas G. Moukawsher 
Thomas G. Moukawsher Ct08940
Moukawsher & Walsh, LLC
21 Oak St.
Hartford, CT 06106
(860) 278-7000

Attorneys for Plaintiff Class

## CERTIFICATE OF SERVICE

I certify that the foregoing Plaintiffs' Memorandum Regarding the Admissibility

of Certain Deposition Testimony and Interrogatory Answers, with Exhibit A and Trial

Exhibits 239 - 245, was filed electronically through the CM/ECF system on February 19,

2007.  Notice of this filing will be sent by e-mail to all parties listed below by operation

of the Court's electronic filing system. The parties may access this filing through the

Court's CM/ECF system.

Joseph J. Costello
Jeremy P. Blumenfeld
Jamie M. Kohen
Morgan, Lewis & Bockius
1701 Market St.
Philadelphia, PA 19103-2921

James A. Wade
Brett J. Boskiewicz
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

Christopher A. Parlo
Morgan Lewis & Bockius
101 Park Avenue
New York, NY 10178-0600

/s/ Thomas G. Moukawsher
Thomas G. Moukawsher  ct08940
21 Oak Street
Hartford, CT 06106
(860) 278-7000
(860) 446-8161 (fax)
tmoukawsher@mwlawgroup.com

Attorney for the Plaintiffs