UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANICE C. AMARA, individually and on behalf of others similarly situated, | : : : |
| Plaintiff, | : |
| v. | :   Case No.  3:01CV2361(MRK) |
| CIGNA CORPORATION and CIGNA PENSION PLAN, | : : : : |
| Defendants. | : |

## RULING AND ORDER

Presently before the Court are the oral motions made by each party to admit certain discovery-related materials in support of their positions. Specifically, Plaintiffs seek to admit deposition excerpts of Andrew Hodges, a former consulting actuary to Defendant CIGNA, while Defendants seek to admit deposition excerpts of absent class members Steven Law, Stephen Curlee, and Mitchell Haber. Defendants oppose the introduction of Mr. Hodges' deposition. Plaintiffs, in turn, oppose the introduction of the depositions of the absent class members, but seek to introduce their interrogatory answers for the sake of "completeness" in the event the Court admits their depositions. Not surprisingly, Defendants oppose the introduction of the absent class members' interrogatory answers. *See* Defendants' Memorandum of Law in Support of the Admission of Portions of Absent Class Members' Deposition Testimony, and In Opposition to the Admission of Absent Class Members' Interrogatory Responses and the Deposition Testimony of an Available Third-Party Witness [doc. # 236]; Plaintiffs' Memorandum Regarding the Admissibility of Certain Deposition Testimony and Interrogatory Answers [doc. # 239].

The Court has high regard for the competence and professionalism of the lawyers involved

in this case. In this instance, however, the Court believes that in an apparent attempt at gamesmanship, they have each lost sight of the very purpose of presenting evidence in this case, which is to educate the Court about the facts so that its decision on the important issues in this case will be well informed and well grounded in the facts. To that end, the Court has already devoted eight days to the trial of this case, and has heard informative testimony from numerous witnesses, each of whom have been subject to examination by both parties and the Court. Now, rather than calling certain witnesses to testify before the Court, subject to cross-examination and the Court's own questioning, each side wishes to put before the Court excerpts from depositions taken for the purpose of discovery, not for the preservation of trial testimony. The Court has no objection to receiving deposition testimony when that is necessary or if the parties agree that a deposition is the most efficient way of presenting evidence. But that is not the case here. Depositions are not necessary, since all of the witnesses are able or willing to come to Court to testify; nor have the parties agreed that the deposition transcripts are the most efficient way to present the evidence involved. Instead, it seems painfully obvious to the Court that by skillful use of the evidence rules, each side hopes to limit the testimony presented to the Court and thereby deprive the other side, as well as the Court, of the ability to pose questions to these witnesses.

In all candor, the Court believes that these efforts are beneath each side. Messrs. Hodge and Law are both present in Connecticut (and therefore within the subpoena power of the Court) and Messrs. Curlee and Haber have made it clear at all relevant times that they would make themselves available for trial if their testimony were required. As a consequence, in the Court's view, none of the witnesses is unavailable. Indeed, all were at various times expected to be called as witnesses at trial. *See, e.g.*, Stipulation and Joint Motion on Conduct of Discovery and Trial on "Likely

Prejudice" and "Harmless Error" Issues Connected with Second and Fourth Claims for Relief [doc. # 167]; Plaintiffs' Trial Memorandum [doc. # 174]; Defendants' Trial Memorandum [doc. # 180]. Instead, the parties chose, for their own reasons, not to present these witnesses to the Court.

The Court, therefore, denies each party's request to designate deposition testimony from these four witnesses (and as a consequence, there is no need for the interrogatory answers of Messrs. Law, Curlee, or Haber). If the parties continue to wish to present the Court with the testimony of these four witnesses (and the Court leaves that question entirely to the parties), the Court will reopen the trial record and schedule an additional one or two days of trial on such dates as are convenient to the Court, the parties, and the witnesses. At the resumed trial (which will be devoted solely to the testimony of these four witnesses), rather than compelling the Court to make rulings on the admissibility of a witness's deposition testimony, the parties should simply cover in their live questioning of the witnesses whatever subjects from their depositions (or interrogatory answers) the parties wish to present to the Court. Obviously, each witness's deposition testimony (or interrogatory answers, for that matter) will be available to refresh a witness's memory or if appropriate, to impeach the witness. Whether any particular witness's trial testimony constitutes an admission against any party will be a subject that the Court can consider, if needed, in its final decision.

Counsel for the parties should contact Chambers no later than **March 9, 2007,** to schedule additional days of testimony or to report that no additional testimony will be required.[1]

---

[1] As an alternative to a resumed trial, the Court will allow the parties to agree to submit deposition excerpts or other discovery materials to the Court, but the parties must agree fully on the submissions. If there is any disagreement, the Court would prefer to hear the live testimony of the witnesses.

IT IS SO ORDERED.

/s/    Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **March 2, 2007**.