**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JANICE C.AMARA, GISELA R. BRODERICK, ANNETTE S. GLANZ, individually and on behalf of all others similarly situated, | : | |
| Plaintiffs, | : | |
| v. | : | Civil. No. 3:01-CV-2361 (MRK) |
| CIGNA CORP. and CIGNA PENSION PLAN | : | |
| Defendants. | : | |

**ORDER UNDER FEDERAL RULE 23(c)(1)(B)**

Rule 23(c)(1)(B) of the *Federal Rules of Civil Procedure* was amended after this case was certified as a class action on December 20, 2002. *See* Memorandum of Decision [doc. # 61]. As amended effective December 1, 2003, Rule 23(c)(1)(B) provides that an order certifying a class action "must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)." The parties agree that the Court should issue an order in compliance with Rule 23(c)(1)(B), though they disagree about the content of the proposed order. *See* Defendants' Proposed Order Under Fed. R. Civ. P. 23(c)(1)(B) [doc. # 231]; Plaintiffs' Statement Regarding Class Issues [doc. # 232]. Having considered the parties' proposed orders, the Court's prior orders in this case, and the requirements of Rule 23(c)(1)(B), the Court issues the following orders:

**1. DEFINITION OF THE CLASS**

The definition of the class was set out in the Court's December 20, 2002 Order, and it remains unchanged. The class consists of the following: Any and all persons who:

A. Are former or current CIGNA employees,

B. Participated in the CIGNA Pension Plan before January 1, 1998, and

C. Have participated in the CIGNA "Part B" Pension Plan at any time since January 1, 1998.

**2. APPOINTMENT OF CLASS COUNSEL**

Without objection from Defendants, the Court finds that the following counsel will fairly and adequately represent the interests of the class, and therefore the Court appoints the following to serve as class counsel:

Stephen R. Bruce, Esquire (Lead counsel)
805 15th St., NW
Suite 210
Washington, DC 20005

Thomas G. Moukawsher, Esquire
Moukawsher & Walsh
Capitol Place
21 Oak St., Suite 209
Hartford, CT 06106

In accordance with Rule 23(g)(1)(C), the foregoing appointment is based upon the Court's consideration of the following factors:

A. The work counsel has done in identifying or investigating potential claims in the action;

B. Counsel's experience in handling class actions and claims of the type asserted in the action;

C. Counsel's knowledge of the applicable law; and

D. The resources counsel have committed, and will commit, to representing the class.

**3. DESIGNATION OF CLASS ISSUES**

In designating the class issues, the Court relies upon the Third Amended Complaint [doc. #

165], for which leave to amend was granted on February 15, 2006 [doc. # 164]. In contesting the class claims, Defendants have identified class, sub-class, and individual defenses. The recitation below generally sets forth the claims of the parties as they have chosen to describe them, with such specificity as is required to understand the claim. The Court expresses no opinion on the merits of the claims or defenses of the parties, and therefore the parties should attach no significance to the particular phraseology chosen to describe any claim or defense:

**COUNT 1 – "WEAR-AWAY" CLAIMS, ISSUES, AND DEFENSES**

**A. Class-wide claims, issues, and defenses:**

1. Whether the terms of CIGNA's cash balance plan violate the nonforfeiture and anti-backloading rules in ERISA § 203(a), 29 U.S.C. § 1053(a), and ERISA § 204(b)(1)(B), 29 U.S.C. § 1054(b)(1)(B).

   (a) Specifically, Plaintiffs allege that Section 7.3 of CIGNA's Pension Plan makes payment of the benefits derived from the cash balance credits offered after January 1, 1998 conditional on whether a participant "elects" to forego receipt of his or her previously-earned benefits in annuity form, and that this provision violates the nonforfeitability rules in ERISA § 203(a), 29 U.S.C. § 1053(a).

   (b) Plaintiffs also allege that under CIGNA Pension Plan there were plan years in which participants had no additional accruals and that this violates the "anti-backloading" rule in ERISA § 204(b)(1)(B), 29 U.S.C. § 1054(b)(1)(B).

2. Whether the relief sought by Plaintiffs in Count I is available under ERISA.

**B Sub-class and individual issues and defenses:**

1. Whether any individual class member was likely harmed by the alleged violations in Count 1.

2. Whether any individual class member's claim in Count I is barred by a release executed by that individual.

3. Whether any individual class member's claim in Count I is barred by the

applicable statute of limitations.

4. Whether any individual class member exhausted the Plan's internal claim and appeal process for the claim asserted in Count I.

**COUNT 2 – "SUMMARY PLAN DESCRIPTION (SPD)" CLAIMS, ISSUES, AND DEFENSES**

**A. Class-wide claims, issues, and defenses:**

1. Whether CIGNA adequately disclosed material modifications to the CIGNA PENSION Plan's formula and the features that may result in reduction, losses, or forfeitures of benefits that a participant might otherwise reasonably expect to receive as required by ERISA § 102, 29 U.S.C. § 1022 and 29 C.F.R. § 2520.102-1 through 102-5.

   a.. Specifically, Plaintiffs allege that neither the Retirement Information Kit distributed in 1997 (which CIGNA purportedly characterized as a Summary of Material Modification (SMM)) nor the updated SPDs that CIGNA distributed in 1998 and 1999 describe periods without additional benefits, benefit reductions, conditions on receipt, or other allegedly disadvantageous features of the cash balance design and that CIGNA failed to provide an updated SPD or SMM to any terminated vested participant with notice of an amended "rehire rule," all in violation of ERISA § 102, 29 U.S.C. § 1022 and 29 C.F.R. § 2520.102-1 through 102-5.

2. Whether ERISA permits a plan participant to recover benefits based on the terms of an SPD instead of the actual terms of the plan.

3. Whether the individual account statements and Total Compensation Reports that were provided to Plan participants preclude any finding of likely prejudice and establish harmless error.

4. Whether the Plan Administrator had the responsibility for distributing an SPD that complied with ERISA, such that Plaintiffs' failure to name the Plan Administrator as a defendant precludes Plaintiffs' claims.

5. Whether Plaintiffs' claims regarding the SMM are properly before the Court.

6. Whether the relief sought by Plaintiffs in Count II is available under ERISA.

**B. Sub-class or individual issues and defenses:**

1. Whether any individual class member was likely prejudiced by any of the violations alleged in Count II.

2. Whether any violation alleged in Count II was harmless error as to any individual class member.

3. Whether any individual class member's claim in Count II is barred by the applicable statute of limitations.

4. Whether any individual class member's claim in Count II is barred by a release executed by that individual.

**COUNT 3 – "AGE DISCRIMINATION" CLAIMS, ISSUES AND DEFENSES**

**A. Class-wide claims, issues and defenses:**

1. Whether the Plan's alleged reductions and cessations in benefit accruals violate the age discrimination provision in ERISA § 204(b)(1)(H), 29 U.S.C. § 1054(b)(1)(H).

   (a) Specifically, Plaintiffs allege that CIGNA's cash balance pension formula inevitably reduces the rates at which older employees earn retirement benefits compared with the rates at which younger employees with the same salary earn retirement benefits, in violation of ERISA § 204(b)(1)(H), 29 U.S.C. § 1054(b)(1)(H).

   (b) Plaintiffs also allege that CIGNA's transition to a cash balance pension formula caused the rate of benefit accruals for older employees who were eligible for early retirement benefits to cease altogether for a period of years, in violation of ERISA § 204(b)(1)(H), 29 U.S.C. § 1054(b)(1)(H).

2. Whether the relief sought by Plaintiffs in Count III is available under ERISA.

**B. Sub-class or individual issues and defenses:**

1. Whether any individual class member's claim in Count III is barred by the applicable statute of limitations.

2. Whether any individual class members claim in Count III is barred by a

release executed by that individual.

**COUNT 4 – "204(h) Notice" CLAIMS, ISSUES AND DEFENSES**

**A. Class-wide claims, issues and defenses:**

1. Whether CIGNA provided a notice of significant reductions in the future rate of benefit accrual from the cash balance formula, or notice to rehired employees of the modification to the rehire rule, as required by ERISA § 204(h), 29 U.S.C. § 1054(h).

   (a) Specifically, Plaintiffs allege that by converting to a cash balance pension formula with allegedly significantly reduced benefits without providing warning to participants of the reduction in the future rate of benefit accruals, CIGNA violated ERISA § 204(h), 29 U.S.C. § 1054(h) and Treas. Reg. 1.411(d)-6, Q&A 10 (as in effect in 1997).

   (b) Plaintiffs also allege that by implementing the amended "rehire rule" without notice to terminated vested participants of significant reductions in their future rate of accruals, CIGNA violated ERISA §204(h), 29 U.S.C. §1054(h).

2. Whether CIGNA's Retirement Information Kit, Part B SPD, or Signature Benefits Newsletter satisfied the disclosure requirements of ERISA § 204(h), 29 U.S.C. § 1054(h).

3. Whether ERISA required a § 204(h) notice to terminated vested participants who were not accruing benefits under the Plan at the time it was amended.

4. Whether the Plan Administrator had responsibility for providing any § 204(h) notice required by ERISA, such that Plaintiffs' failure to name the Plan Administrator as a defendant precludes Plaintiffs' claims.

5. Whether the relief sought by Plaintiffs in Count IV is available under ERISA.

**B. Sub-class or individual issues and defenses:**

1. Whether any individual class member was likely to suffer a significant reduction in the rate of future benefit accrual as a result of the amendment adopting the Plan.

2. Whether any individual class member was likely prejudiced by any violation as alleged in Count IV.

3. Whether any violation alleged in Count IV was harmless error as to any individual class member.

4. Whether any individual class member's claim in Count IV is barred by the applicable statute of limitations.

5. Whether any individual class member's claim in Count IV is barred by a release executed by that individual.

**COUNT 5 – "RELATIVE VALUE/ANTI-CUTBACK" CLAIMS, ISSUES, and DEFENSES**

**A. Class-wide claims, issues, and defenses:**

1. Whether CIGNA disclosed the relative value of optional forms of benefit available under the Plan, including the extent to which any optional forms of benefit are subsidized as required by Treasury Regulation 1.401(a)-20, Q&A 36 and/or Treasury Regulation 1.417(a)(3)-1.

   (a) Specifically, Plaintiffs allege that neither CIGNA's SPD nor its benefit election materials disclose that a lump sum payment of a participant's cash balance account may be less valuable than the annuity benefits which the participant earned prior to 1998, in violation of ERISA § 205(g), 29 U.S.C. § 1055(g), Treas. Reg. 1.401(a)-20, Q&A 36 and/or Treas. Reg. 1.417(a)(3)-1 (as in effect thereafter).

   (b) Plaintiffs also allege that CIGNA violated an express provision in Section 7.1(b)(1) of the Plan document that participants will be provided "sufficient additional information to explain the relative values of the optional forms of benefits available under the Plan" and a promise in its SPDs that participants will be "notified" if the cash balance account is less than their "old plan benefits."

2. Whether CIGNA has protected the benefits earned under the prior Plan formulas, including the present value of normal retirement benefits, the Plan's subsidized early retirement benefits, and the Plan's Free 30% survivor's benefit.

   (a) Specifically, Plaintiffs allege that CIGNA violated the anti-cutback rule in ERISA § 204(g), 29 U.S.C. § 1054(g), by failing to maintain records of previously-earned benefits, and by failing to actually provide payments based on the value of the previously-earned normal

retirement benefits, the Plan's subsidized early retirement benefits, and the Free 30% survivor's benefit.

3. Whether the requirement to provide present-value relative value disclosures on the Part B election form, derived from Treasury Regulation 1.417(a)(3)-1, arose as of October 1, 2004, or January 1, 1998.

4. Whether the Plan Administrator had responsibility for publishing benefit election forms that complied with ERISA, such that Plaintiffs' failure to name the Plan Administrator as a defendant precludes Plaintiffs' claims.

5. Whether Plaintiffs have failed to identify a class representative who suffered harm from the alleged relative value violation and if so, whether that is fatal to Plaintiffs' relative value claim in Count V.

6. Whether the relief sought by Plaintiffs in Count V is available under ERISA.

**B. Sub-class or individual issues and defenses:**

1. Whether any individual class member has received, or is receiving, benefits that were not calculated in accordance with the terms of Part B.

2. Whether any individual class member who has not commenced receiving his or her benefits has a ripe claim under Count V.

3. Whether any individual class member was likely harmed by any deficiency in the benefit election form.

4. Whether any individual class member was required to exhaust the Plan's internal claim and appeal process for any claim for benefits, and if so, whether any individual class member did so.

5. Whether any individual class member's claim in Count V is barred by the applicable statute of limitations.

6. Whether any individual class member's claim in Count V is barred by a release executed by that individual.

**IT IS SO ORDERED.**

/s/ Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: March 12, 2007**.