## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

------------------------------------------------------X
:
JANICE C. AMARA, GISELA          :        3:01 CV 2361 (MRK)
R. BRODERICK, ANNETTE S. GLANZ   :
individually, and on behalf of others :       Trial Dates:
similarly situated,              :        September 11-15, 2006
:        January 24-25, 2007
Plaintiffs,   :
v.                  :
:
CIGNA CORP. AND CIGNA            :
PENSION PLAN,                    :
:
Defendants.   :
:
------------------------------------------------------X


## DEFENDANTS' RESPONSES AND OBJECTIONS
## TO PLAINTIFFS' PROPOSED POST-TRIAL FINDINGS OF FACT


Dated:  June 25, 2007              **MORGAN, LEWIS & BOCKIUS LLP**
Joseph J. Costello
Jeremy P. Blumenfeld
Jamie M. Kohen
*Admitted pro hac vice*
1701 Market Street
Philadelphia, Pennsylvania  19103-2921
(215) 963-5295/5258/5472
(215) 963-5001 (fax)

**ROBINSON & COLE**
James A. Wade (CT # 00086)
280 Trumbull Street
Hartford, Connecticut  06103
(860) 275-8270
(860) 275-8299 (fax)

*Attorneys for Defendants*
*CIGNA Corporation and CIGNA Pension Plan*

Defendants hereby respond to Plaintiffs' Proposed Post-trial Findings of Fact (dkt #248) in accordance with the numbered paragraphs set forth herein. Where facts are denied, some, but not necessarily all, of the grounds for the denial are stated herein. Further, where a finding of fact is not unqualifiedly admitted in its entirety, all of the facts within that finding of fact that are not explicitly admitted are denied. Defendants continue to assert the objections previously raised to any of the exhibits, deposition transcripts or other documents upon which Plaintiffs relied to provide the source for these proposed findings, and thereby incorporate herein their Objections to Plaintiffs' Proposed Trial Exhibit List (dkt #180).

1.        Denied except as otherwise stated herein. Defendants deny the proposed finding because it is based on inadmissible evidence, as the quoted article constitutes hearsay. The proposed finding is also irrelevant, as the opinions expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that the article Plaintiffs cite is accurately quoted, but is only a partial quote. Defendants further admit that traditional defined benefit plans in a non-union environment typically offer benefits based on a percentage of the employee's salary and the number of years of service.[1]

2.        Defendants object to the proposed finding because it is based on inadmissible evidence, as the quoted article constitutes hearsay. The proposed finding is also irrelevant, as the opinions expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD

---

[1]    Defendants further respond to proposed findings numbers 1-37 herein by directing the Court's attention to paragraphs 1-90, 180-81 of Defendants' Post-Trial Proposed Findings of Fact.

and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that Plaintiff's description of a defined contribution plan is generally accurate.

3.        Denied except as otherwise stated herein. Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted article constitutes hearsay. The proposed finding is also irrelevant, as the opinions expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

4.        Defendants deny the proposed finding except admit that Plaintiffs accurately cite Esden v. Bank of Boston, 229 F.3d 154, 158 (2d Cir. 2000), and quote, in part and with ellipses, the decision of the 7th Circuit in Berger v. Xerox Corp. Ret. Income Guarantee Plan, 338 F.3d 755, 758 (7th Cir. 2003).

5.        Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted documents constitute hearsay. Notwithstanding the foregoing, Defendants admit the statements in the second and third sentences of the paragraph.

6.        Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted article constitutes hearsay. Notwithstanding the foregoing, Defendants admit that Plaintiffs have described how cash balance plans frequently are designed, except that Defendants deny the statements in the last sentence of this paragraph.

7.        Denied except as otherwise stated herein. Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted article constitutes hearsay. The proposed finding is also irrelevant, as the opinions expressed in news articles or

periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that the article Plaintiffs cite is accurately quoted, but is only a partial quote.

8.        Denied except as otherwise stated herein. Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted article constitutes hearsay. The proposed finding is also irrelevant, as the opinions expressed in news articles, periodicals, or other documents regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that the article Plaintiffs cite is accurately quoted, but is only a partial quote.

9.        Denied except as otherwise stated herein. Defendants admit that a cash balance account balance is the cumulative total of all of the components of the account, including any opening balance, pay and interest credits, and other transition credits. Defendants further admit that participants' accounts are not individually funded.

10.        Denied except as otherwise stated herein. Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted document constitutes hearsay. The proposed finding is also irrelevant, as there is no evidence that this document was ever provided to CIGNA and, even if it had been, advice CIGNA received when it was considering a cash balance conversion has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's

3

disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  CIGNA's intent is not material to that analysis.  Notwithstanding the foregoing, Defendants admit that the portion of this finding of fact that constitutes a quote accurately quotes the cited document, but is only a partial quote.

11.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted article constitutes hearsay.  The proposed finding is also irrelevant, as the opinions expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Furthermore, Defendants deny that Plaintiffs have accurately represented the content of this document or that it bears any relationship to the CIGNA Pension Plan.

12.        Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted report constitutes hearsay.  The proposed finding is also irrelevant as the opinions expressed in the report, news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that the report Plaintiffs cite is accurately quoted, but is only a partial quote.  Defendants further deny that this document bears any relationship to the CIGNA Pension Plan and that the methodology used by the GAO was reasonable or consistent with sound analysis.

13.        Denied except as otherwise stated herein.  Defendants admit that the testimony Plaintiffs cite is accurately quoted, however Defendants deny the accuracy of

4

Plaintiffs' characterization of the contents of the trial testimony.  The proposed finding is also irrelevant, since Mr. Sher did not opine that he had personal knowledge concerning CIGNA's motivation for adopting a cash balance plan, and nevertheless, knowledge of the motivation of any employer's conversion to a cash balance formula has no bearing on whether a cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated 204(g) of ERISA.

14.     Denied except as otherwise stated herein.  Defendants admit that the trial testimony Plaintiffs cite is accurately described, but deny the proposed finding because it is based on inadmissible hearsay evidence.  The proposed finding is also irrelevant, as the opinions expressed in the survey regarding the possibility of future additional cost or cost savings associated with cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing,.

15.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the June 1985 Kwasha Lipton Newsletter "Exciting New Retirement Concept: The Cash Balance Pension Plan" (Ex. 236) constitutes inadmissible hearsay and the Court ruled at trial that it was admitted for identification purposes only.  Judge Kravitz Tr. 1384.  The proposed finding is also irrelevant, as the opinions expressed in actuarial service promotional material from 1985 regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated

Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that the Newsletter Plaintiffs cite is accurately quoted.

16.    Defendants deny the proposed finding except that Defendants admit that the proposed finding partially describes some limited terms of the CIGNA Pension Plan before 1998, and does not completely describe how the plan worked in its entirety and how benefits were calculated.  Defendants admit that New Formula participants were subject to the 1.67% formula and that other participants were subject to a 2% formula.

17.    Defendants deny the proposed finding except that Defendants admit that the proposed finding partially describes some limited terms of the CIGNA Pension Plan before 1998, and does not completely describe how the plan worked in its entirety and how benefits were calculated.  Defendants admit that New Formula participants fell under the 1.67% formula.

18.    Defendants admit that the proposed finding of fact generally describes some terms of the CIGNA Pension Plan before 1998, but it does not completely describe how the plan worked in its entirety and how benefits were calculated.  Defendants deny that all Tier 1 participants were entitled to the Preserved Spouse's Benefit.

19.    Admitted.

20.    Denied except as otherwise stated herein.  Defendants admit that effective in 1998, CIGNA amended the CIGNA Pension Plan to a cash balance formula ("Part B") for many employees.  Older and longer service employees, however, and former employees, remained in the traditional defined benefit plan ("Part A").

21.    Denied except as otherwise stated herein.  Defendants admit that employees under the Tier 1 formula with 45 or more age and service points were grandfathered and remained subject to CIGNA's traditional defined benefit formula.  Defendants admit that other

employees became subject to the cash balance formula.  Participants who were not employees (e.g., former employees) were not subject to the cash balance formula unless and until they were rehired.

22.     Defendants admit that the proposed finding of fact partially quotes from the Part B plan document accurately.

23.     Defendants deny the proposed finding because it is based on inadmissible hearsay evidence.  The cited report also is irrelevant, as the financial and funding status of the Plan has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants deny the proposed finding, as the report Plaintiffs cite aggregates all of "CIGNA's domestic and international pension obligations," and is not limited to the CIGNA Pension Plan at issue in this case.

24.     Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted document constitutes hearsay.  The proposed finding is also irrelevant, as the advice CIGNA received when it was considering a cash balance conversion has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  CIGNA's intent is not material to that analysis.  Notwithstanding the foregoing, Defendants admit that the memo cited by Plaintiffs is quoted accurately, although only in part.

25.     Admitted.

26.     Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Mr. Poulin's testimony accurately, although only in part and out of context, in that Mr. Poulin's discussion concerned wearaway, and did not discuss the distinctions in opening account balances as between younger and/or shorter service employees versus older and/or longer service employees, nor was there mention of the fact that any such subsidized early retirement benefits were protected by the terms of the Part B plan document.  Defendants admit that the deposition testimony of Arko and Hodges cited by Plaintiffs is quoted accurately, although only in part. The initial retirement accounts established for younger and/or shorter service employees did not include the value of early retirement subsidies.  The initial retirement accounts for older and/or longer service employees, i.e., those with 55 or more combined age and service points, however, did include some or all of the subsidized early retirement benefits to which the employee was entitled under the prior plan.  Further, the subsidized early retirement benefits were protected by Section 7.3 of the Part B plan document.

27.     Denied except as otherwise stated herein.  Defendants admit that of the factors in the calculation of initial retirement accounts was the Applicable Mortality Table, in accordance with the terms of Part B, Section 1.28.  Further, Defendants admit that Plaintiffs cite Mr. Poulin's trial testimony accurately, although only in part and out of context. Mr. Poulin, in discussing his opinion as to the cause of wearaway, explained that any "pre-retirement mortality" discount would "depend[] on the mortality table," and without reference to the mortality table actually used by the CIGNA plan, stated summarily that "a 10 percent discount is a good approximation of that discount."  Defendants admit that Plaintiffs cite Arko's deposition testimony accurately, although only in part.

28.        Defendants admit that Plaintiffs have accurately set forth the benefit credit schedule under Part B; however, Defendants object to Plaintiffs' characterization of such schedule as a "second generation" benefit credit schedule, as such a characterization is based on evidence which is inadmissible hearsay (see No. 8, supra).

29.        Admitted, except that Part B also has a maximum rate of 9%.

30.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as the issue of whether the cash balance conversion resulted in cost savings to CIGNA has no bearing on whether its cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA violated Section 204(g).  Notwithstanding the foregoing, Defendants admit that the memorandum Plaintiffs cite is accurately quoted, but is only a partial quote.  The cited memorandum, however, does not demonstrate or evidence that CIGNA expected to earn more on the plan's investments than the interest crediting rate.

31.        Denied except as otherwise stated herein.  Defendants admit that Plaintiffs accurately cite Mr. Poulin's testimony insofar as he sets forth his opinion that cash balance plans are "analogous" to a variable annuity.  Defendants admit that Section 1.1 generally defines the accrued benefit in terms of the account balance, subject to the terms of Section 1.1.  Defendants deny the remaining statements or opinions in the finding of fact.

32.        Defendants admit that Plaintiffs have accurately quoted from one portion of the transcript, but deny that Plaintiffs' characterization of Mr. Sher's statements is accurate or complete.  Mr. Sher did not agree that converting to a cash balance plan from a traditional defined benefit plan transfers the risk of interest rate fluctuations from employers to employees. See Tr. 1001.

33.    Defendants admit that Plaintiffs have accurately quoted from one portion of the transcript, but deny that Plaintiffs' characterization of Mr. Sher's testimony is accurate or complete. The Proposed Finding of Fact quotes one aspect of the transcript that is addressing a particular question about annuities. Specifically, Mr. Sher noted that the "dramatic impact" of interest rate fluctuations is simply "the nature of pension plans," whether traditional defined benefit plans or cash balance plans. Tr. 1119, line 24-1120, line 2.

34.    Denied.

35.    Denied except as otherwise stated herein. Defendants deny the proposed finding because it is irrelevant, because whether or not CIGNA expected or realized cost savings in connection with the conversion to its cash balance formula has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately, but partially, quoted the cited documents. By way of further response, the exhibits cited in this proposed finding do not indicate the specific benefit credit and interest credit formula that was being considered at the time and that was the subject of the memos, nor does it address whether CIGNA expected current participants to suffer reductions in their future benefit accruals.

36.    Denied except as otherwise stated herein. Defendants admit that Plaintiffs requested additional documents but deny that Defendants resisted producing relevant documents, or that Defendants failed to produce any documents that the Court ordered CIGNA to produce. The Court simply inquired as to whether Defense counsel had received any additional documents from their clients "that bear on this cost savings issue from `97 to `98," to which Defense counsel replied no. Tr. 929.

37.      Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, because whether or not CIGNA expected cost savings in connection with the conversion to its cash balance formula has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that the proposed finding accurately, but partially, quotes Mr. Poulin's trial testimony.  The proposed finding omits the fact that Mr. Poulin did not prepare the documents to which he was referring, his response was premised on a hypothetical review of alternative 6A, and he stated clearly that one "would need to do an individual analysis for each person" to determine whether or not there was any savings resulting from the cash balance conversion.  Poulin Tr. 1506.  By way of further response, Defendants deny that there were generally expected to be cost savings as a result of the changes to its retirement program that were effective January 1, 1998.

38.      Defendants admit that the finding of fact accurately quotes from part of Judge Squatrito's Order describing what Plaintiffs allege.[2]

39.      Defendants admit that the finding of fact accurately quotes from part of Judge Squatrito's Order describing what Plaintiffs allege.

40.      Denied except as otherwise stated herein.  Defendants admit that the proposed finding accurately, but partially, cites to the pages of Mr. Poulin's trial testimony in which he described the scope of his report and he adopted his reports/declarations as testimony at trial.  Defendants admit that Mr. Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Mr.

---

[2]      Defendants further respond to proposed findings numbers 38 - 123 herein by directing the Court's attention to paragraphs 151-172 of Defendants' Post-Trial Proposed Findings of Fact.

Poulin used proper methodology, as documented in Defendants' expert report. Defendants deny that any participants lost any part of their previously-earned benefits. Ex. 1, Part B, Sections 1.1, 1.32, 7.3.

41.    Denied except as otherwise stated herein. Defendants admit that Plaintiffs have accurately quoted Mr. Poulin's testimony, but deny the accuracy or legal sufficiency of Mr. Poulin's conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants' expert report. Defendants deny that any participants lost any part of their previously-earned benefits. Ex. 1, Part B, Sections 1.1, 1.32, 7.3.

42.    Denied except as otherwise stated herein. Defendants admit that Mr. Poulin's expert report draws the conclusions described in the proposed finding and that Plaintiffs have accurately quoted Mr. Poulin's testimony, but deny the accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants' expert report. Furthermore, Defendants deny the accuracy and legal sufficiency of the conclusion drawn by Plaintiffs from such report. Defendants deny that any participants lost any part of their previously-earned benefits. Ex. 1, Part B, Sections 1.1, 1.32, 7.3.

43.    Denied except as otherwise stated herein. Defendants admit that the Mr. Poulin testimony cited by Plaintiffs is quoted accurately, that Mr. Poulin's expert report draws the conclusions described in the proposed finding, and that Plaintiffs have accurately quoted Mr. Poulin's testimony, but deny the accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants' expert report. Defendants deny that any participants lost any part of their previously-earned benefits. Ex. 1, Part B, Sections 1.1, 1.32, 7.3.

44.         Denied except as otherwise stated herein.  Defendants admit that Mr.
Poulin's expert report draws the conclusions described in the proposed finding and that Plaintiffs
have accurately quoted Mr. Poulin's testimony, but deny the accuracy or legal sufficiency of his
conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants'
expert report.  Defendants deny that any participants lost any part of their previously-earned
benefits.  Ex. 1, Part B, Sections 1.1, 1.32, 7.3.

45.         Denied except as otherwise stated herein.  Defendants admit that Mr.
Poulin's expert report draws the conclusions described in the proposed finding, but deny the
accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper
methodology, as documented in Defendants' expert report.  Defendants admit that Mr. Poulin's
trial testimony is accurately cited, although in part.  Defendants deny that any participants lost
any part of their previously-earned benefits.  Ex. 1, Part B, Sections 1.1, 1.32, 7.3.

46.         Denied.  This proposed finding of fact is misleading and does not accurately
describe the various factors that interact to create a potential wear-away effect.  Moreover,
Defendants deny that a wear-away period makes the cash balance accruals "illusory."  Moreover,
Plaintiff Ms. Amara currently is receiving benefits in accordance with the Part A formula, not
Part B's cash balance formula.

47.         Denied except as otherwise stated herein.  Defendants admit that Ms. Amara
earned a subsidized early retirement benefit with a social security supplement under the Tier 1
formula starting at age 55, to be reduced pursuant to the Social Security offset once Ms. Amara
reached age 65.  Defendants deny that Ms. Amara earned a level benefit of $1,833.65 per month
starting at age 55 under the prior plan.

48.        Defendants admit that Mr. Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants' expert report. Defendants deny that any participants lost any part of their previously-earned benefits. Ex. 1, Part B, Sections 1.1, 1.32, 7.3. By way of further response, regardless of her account balance, Ms. Amara always was entitled to a benefit under Part B at least as valuable as her age-55 subsidized early retirement benefit under Part A. Ex. 1, Part B, Section 7.3.

49.        Denied except as otherwise stated herein. Defendants admit that Mr. Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants' expert report. Defendants deny that any participants lost any part of their previously-earned benefits. Ex. 1, Part B, Sections 1.1, 1.32, 7.3. Further, this finding of fact is denied. Ms. Amara continued to accrue benefits to her age-65 normal retirement benefit and to her benefits if she elected to receive them in a lump sum.

50.        Denied except as otherwise stated herein. Defendants admit that Mr. Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants' expert report. Defendants deny that any participants lost any part of their previously-earned benefits. Ex. 1, Part B, Sections 1.1, 1.32, 7.3. Further, this finding of fact is denied. Ms. Amara continued to accrue benefits to her age-65 normal retirement benefit and to her benefits if she elected to receive them in a lump sum.

51.        Denied except as otherwise stated herein. Defendants admit that the testimony Plaintiffs cite in the proposed finding is accurately quoted but object on the ground

that the quoted statement constitutes inadmissible hearsay.  Moreover, Ms. Amara's awareness

of any wear-way effect under Part B is irrelevant, since Ms. Amara is currently receiving

benefits in accordance with the Part A formula.

52.      Denied except as otherwise stated herein.  Defendants admit that Mr. Poulin

made the determinations described in the proposed finding, but deny the accuracy or legal

sufficiency of his determinations and deny that Mr. Poulin used proper methodology, as

documented in Defendants' expert report.  Defendants deny that any participants lost any part of

their previously-earned benefits.  Ex. 1, Part B, Sections 1.1, 1.32, 7.3.  Further, Ms. Amara

continued to accrue benefits to her age-65 normal retirement benefit and to her benefits if she

elected to receive them in a lump sum.  Moreover, Defendants object to the relevance of this

proposed finding since Ms. Amara was placed back into Part A and is receiving benefits in

accordance with the old plan.

53.      Denied except as otherwise stated herein.  Defendants admit that Mr.

Poulin's expert report draws the conclusions described in the proposed finding and that Plaintiffs

have accurately quoted Mr. Poulin's testimony, but deny the accuracy or legal sufficiency of his

conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants'

expert report.  Defendants deny that any participants lost any part of their previously-earned

benefits.  Ex. 1, Part B, Sections 1.1, 1.32, 7.3.  Further, Ms. Broderick continued to accrue

benefits to her age-65 normal retirement benefit and to her benefits if she elected to receive them

in a lump sum.

54.      Denied except as otherwise stated herein.  Defendants admit Plaintiffs have

accurately quoted Mr. Poulin's testimony, but deny the accuracy or legal sufficiency of his

conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants'

expert report.  Plaintiffs are purporting to compare Ms. Broderick's subsidized early retirement benefit (with the social security supplement) to her account balance that has based on her age-65 normal retirement benefit under the prior formula.  Defendants deny that any participants lost any part of their previously-earned benefits.  Ex. 1, Part B, Sections 1.1, 1.32, 7.3.  Further, Ms. Broderick continued to accrue benefits to her age-65 normal retirement benefit and to her benefits if she elected to receive them in a lump sum.  Defendants deny that Ms. Broderick's benefit and interest credits were not credited to her account.

55.     Denied except as otherwise stated herein.  Defendants admit that Mr. Poulin's supplemental expert report draws the conclusions described in the proposed finding of fact and that Plaintiffs cite his trial testimony accurately, although in part.  However, Defendants deny the accuracy or legal sufficiency of Poulin's conclusions, and deny that Mr. Poulin used proper methodology with regard to his analysis of Ms. Broderick's benefits, and it is, therefore, misleading, as documented in Defendants' expert report.  Plaintiffs are purporting to compare Ms. Broderick's subsidized early retirement benefit (with social security supplement) to her account balance that was based on her age-65 normal retirement benefit under the prior formula.  Defendants deny that any participants lost any part of their previously-earned benefits.  Ex. 1, Part B, Sections 1.1, 1.32, 7.3.

56.     Denied except as otherwise stated herein.  Defendants admit that the testimony Plaintiffs cite in the proposed finding is accurately quoted, but deny that Ms. Broderick was working until the end of 2001 without accruing additional cash balance benefits.  Ms. Broderick continued to accrue benefits to her age-65 normal retirement benefit and to her benefits if she elected to receive them in a lump sum.

16

57.        Denied except as otherwise stated herein.  Defendants admit that the testimony Plaintiffs cite in the proposed finding is accurately quoted, but deny that the facts stated are correct.  Ms. Broderick continued to accrue benefits to her age-65 normal retirement benefit and to her benefits if she elected to receive them in a lump sum.

58.        Denied.  Moreover, Defendants deny that Ms. Flannery had zero accruals, since she continued to accrue benefits to her age-65 normal retirement benefit and to her benefits if she elected to receive them in a lump sum.  The documents cited do not confirm the factual statements claimed.

59.        Denied except as otherwise stated herein.  Defendants admit that the testimony Plaintiffs cite in the proposed finding is accurately quoted, but it omits that Defendants explained that the Court's question likely related "to whether there's an early retirement subsidy in the minimum benefit that wouldn't be part of the normal retirement benefit."  Tr. 922.  Moreover, Defendants deny the proposed finding because the testimony of Larry Mr. Sher addressed Ms. Flannery's circumstances.

60.        Denied except as otherwise stated herein. Defendants admit that Mr. Poulin's expert report draws the conclusions described in the proposed finding and that his trial testimony is accurately cited with regard to his assertion that certain cash balance accruals become "lost" and are never recouped, but deny the accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants' expert report.  Further, this finding of fact is denied because participants continued to accrue benefits to their age-65 normal retirement benefit and to their benefits in the form of a lump sum.  There are no "lost accruals."

61.        Admitted.

62.        Denied except as otherwise stated herein.  Defendants admit that the testimony Plaintiffs cite in the proposed finding is accurately cited, but deny that the facts stated are correct.  Mr. Sher also testified that if interest rates had remained the same, Ms. Glanz would not have experienced a wear-away with regard to her lump sum benefit.  DFF ¶ 277.

63.        Denied except as otherwise stated herein.  Defendants admit that the testimony Plaintiffs cite in the proposed finding is accurately quoted but deny that the facts stated are correct.  Ms. Glanz continued to accrue benefits to her age-65 normal retirement benefit and to her benefits in the form of a lump sum.

64.        Denied except as otherwise stated herein. Defendants admit that Mr. Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants' expert report.  Further, this finding of fact is denied.  Participants frequently continued to accrue benefits to their age-65 normal retirement benefit and continued to accrue benefits to their benefits in the form of a lump sum.

65.        Denied except as otherwise stated herein.  Defendants admit that Plaintiffs have accurately quoted Mr. Poulin's testimony, but deny the accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants' expert report.  Mr. Poulin did not conduct any analyses as to the number of participants who experienced wear-away, and accordingly his conclusion is not entitled to any deference.  Moreover, Defendants deny that any participants lost any part of their previously-earned benefits.  Ex. 1, Part B, Sections 1.1, 1.32, 7.3.

66.        Denied except as otherwise stated herein.  Defendants do not maintain the information requested, and this Court has never ordered Defendants to produce such information.

18

Defendants admit that Prudential Retirement is the record-keeper for the CIGNA Pension Plan but it likewise does not maintain electronic data showing how many participants had benefits in excess of their cash balance accounts in any given year.

67.        Denied except as otherwise stated herein. Defendants admit that Mr. Poulin's expert report draws the conclusions which are described in the finding of fact and that Mr. Poulin's trial testimony is accurately cited by Plainitiffs, but Defendants deny the accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants' expert report.  Defendants admit that certain older, longer service participants (i.e., those with 55 or more combined age and service points) had their prior benefits converted to an Initial Retirement Account using a more favorable 5.05% interest rate.

68.        Denied except as otherwise stated herein.  Defendants admit Plaintiffs have accurately cited Mr. Sher's testimony, though only in part and taken out of context.  By way of further response, Mr. Sher testified that it "doesn't matter what the benefit formula per se is when looking at this phenomenon; what matters is the general level of benefits, however they're expressed.  And the higher they are [or] relatively lower that they are, the more likely you are going to have this type of [wearaway] effect."  Tr. at 1348.  Moreover, Defendants deny that the wear-away effect was illegal or that it could have been foreseen.

69.        Admitted.

70.        Denied except as otherwise stated herein.  Defendants admit that early retirement subsidized benefits are more valuable than normal retirement benefits.  Because opening account balances are generally based on the value of a participant's normal retirement benefit (except for certain older employees, whose opening account balance is enhanced to include the value of some early retirement benefits), wear-away with respect to early retirement

19

benefits is more likely than wear-away with respect to normal retirement benefits. Wear-away with respect to early retirement benefits, however, is irrelevant to ERISA's nonforfeitability rule and ERISA's benefit accrual rule.

71.     Denied except as otherwise stated herein. Defendants admit that the testimony Plaintiffs cite in the proposed finding is accurately quoted, but deny the accuracy or legal sufficiency of his conclusions. Depending upon how interest rates changed (or ceased to change) after the conversion, participants may have experienced no wear-away at all, or at least no wear-away as to their lump sum benefit, as Mr. Sher's testimony and expert reports reflected. Moreover, Mr. Poulin did not do any analyses concerning the number of participants who were eligible for a subsidized early retirement benefit or for the Free 30 benefit. Additionally, all CIGNA employees who either were grandfathered in Part A, or became Part B participants with a zero opening account balance would experience no wear-away.

72.     Denied except as otherwise stated herein. Defendants admit that the testimony Plaintiffs cite in the proposed finding is accurately quoted, though only in part and taken out of context. However, Defendants deny Plaintiffs' misleading characterization of Mr. Sher's testimony, in that he did not simply acknowledge or admit that "the wearaways could be predicted." By way of further response, Mr. Sher clarified that it would be difficult to predict any wearaway effect and that it is hard to account for unpredictable future interest rate changes when attempting to do so. Tr. 1029.

73.     Denied except as otherwise stated herein. Defendants deny the proposed finding as irrelevant, as "typical" analyses regarding cash balance plans for companies other than CIGNA have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether

CIGNA has violated Section 204(g) of ERISA.  Moreover, Plaintiffs lack any evidence regarding whether or not, or to what extent, CIGNA anticipated that participants would experience a wear-away effect upon conversion.  Notwithstanding the foregoing, Defendants admit that the transcript testimony Plaintiffs cite is accurately quoted, but that they are only a partial quotes.

74.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted report and survey constitute hearsay.  The proposed finding is also irrelevant, as the opinions expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Nevertheless, Defendants admit that where the benefits under the prior plan formula and a new cash balance formula are maintained as two separate benefits, there is no wear-away and participants generally cannot elect to receive their prior benefits in the form of a lump sum (unless the prior plan also offered lump sum benefits).

75.     Denied except as otherwise stated herein.  Defendants admit Plaintiffs have accurately quoted Mr. Poulin's testimony, although in part.  The proposed finding is also irrelevant, as the opinions expressed regarding other companies' cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

76.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted survey constitutes hearsay.  The proposed finding is also irrelevant, as the opinions or results expressed in surveys

regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Moreover, Defendants deny that participants' cash balance pensions "do not grow" during a wear-away period, since participants are continuing to accumulate benefit and interest credits.  Notwithstanding the foregoing, Defendants admit that the survey Plaintiffs cite is accurately quoted, but is only a partial quote.

77.     Defendants admit that Tier 1 rehires after 2000 did not have their previously-earned benefits converted into an opening account balance.  Instead, these rehired employees earned benefits under the cash balance formula starting with an account balance of zero, but they retained the rights to their previously-earned benefits under the prior plan formula.

78.     Defendants admit only that the Pension Protection Act subjects plan conversions occurring after June 29, 2005 to particular requirements different from the "A+B" approach advocated by Plaintiffs here.  The details of those requirements are set forth in the statute, 29 U.S.C. § 1054(b)(5)(B)(iii), as amended.

79.     Denied except as otherwise stated herein.  Mr. Sher's analysis only purported to show that an "A + B" Age 65 Benefit would be less beneficial for Ms. Hogan and Mr. Curlee than the Plan's greater of "A or B" approach under specific defined circumstances and given certain assumptions regarding interest rate fluctuations.

80.     Denied as stated.  Defendants deny that CIGNA did not produce an electronic spreadsheet with Mr. Sher's calculations.  To the contrary, the spreadsheet was produced, as Plaintiffs' counsel admitted at trial.  Defendants admit that some of Mr. Sher's calculations were performed using macros for calculating annuities that expedite the annuity

calculation process.  Defendants also deny that it was established that Mr. Sher miscalculated the "A + B" benefits for Ms. Hogan and Mr. Curlee.   Even Mr. Poulin admitted that the opening balance approach (greater of A or B) produced a greater benefit than the A+B approach for participants converted on January 1, 1998 with more than 55 age and service points, like Mr. Curley and Ms. Hogan.

81.       Defendants admit the finding of fact accurately quotes Defendants' interrogatory responses.

82.       Denied except as otherwise stated herein.  While Plaintiffs have accurately quoted Mr. Hodges' testimony in part, Mr. Hodges only testified that dropping interest rates "<u>could</u> give rise to a wearaway period," and he did not state that he believed prior to conversion that a wear-away period necessarily would result.  Mr. Hodges further explained that "the duration of the wearaway period [is] highly contingent upon some of the variables" such as "[e]arly retirement utilization, compensation patterns subsequent to the conversion event, and continued employment at CIGNA Corporation."  Ex. 241 (emphasis added)

83.       Denied except as otherwise stated herein.  While Plaintiffs have accurately cited Mr. Hodges' testimony in part, Mr. Hodges did <u>not</u> testify that he was aware <u>before</u> the conversion that wear-away periods would necessarily exist, or what the length of wear-away periods might be.  Mr. Hodges testified only that based on his <u>current</u> knowledge he "speculat[ed]" that in some rehire situations, the wearaway "may be on the order of four, five, or six years."  Ex. 241.

84.       Admitted.

85.       Denied except as otherwise stated herein.  The proposed finding of fact is irrelevant, as the alleged opinions expressed by unnamed, rehired plan participants regarding the

23

fact that they did not read their SPDs upon rehire or ask the right questions, has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that the deposition transcript Plaintiffs cite is accurately quoted, but is only a partial quote.

86.     Defendants deny the proposed finding because it is irrelevant, misleading, as it reflects nothing more than CIGNA's internal deliberations, presented through an incomplete quote, regarding the existence of the "wear-away" issue.  Most significantly, this memorandum from 2002 casts no light on whether prior to the conversion CIGNA anticipated the wear-away effect that would up occurring due to falling interest rates.  These deliberations have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA violated Section 204(g).  Notwithstanding the foregoing, Defendants admit that the memorandum Plaintiffs cite is accurately quoted, but is only a partial quote.

87.     Defendants deny the proposed finding because it is irrelevant, misleading, as it reflects nothing more than CIGNA's internal deliberations, presented through an incomplete quote, regarding the existence of the "wear-away" issue.  Defendants deny that all long-service employees experience a wear-away effect due to a subsidized early retirement benefit.  Defendants further deny that during a wear-away period participants are not earning any benefit since participants continue to earn benefit and interest credits and their lump sum continues to grow.  These deliberations have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA violated Section 204(g).  Notwithstanding the foregoing,

Defendants admit that the memorandum Plaintiffs cite is accurately quoted, but is only a partial quote.

88.        Defendants deny the proposed finding because it is irrelevant, misleading and based on inadmissible hearsay.  The notes cited are not authored and do not reflect who said what to whom.  Ms. Bergman did not testify at trial and any statements made to her, as well as the notes themselves have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA violated Section 204(g).  Moreover, Defendants deny that Ms. Bergman lost any part of her previously-earned benefits.

89.        Defendants deny the proposed finding because it is irrelevant and misleading.  Defendants deny that there was a period in which Mr. Lamb's lump sum benefit was not increasing.  Notwithstanding the foregoing, Defendants admit that the letter Plaintiffs cite is accurately quoted, but is only a partial quote.  The letter is referring to early retirement benefits, as is made clear from the paragraphs above the one quoted in the finding of fact.  Moreover, Defendants deny that Mr. Lamb lost any part of his previously-earned benefits.

90.        Defendants deny the proposed finding because it is irrelevant, misleading and based on inadmissible hearsay.  The notes cited are not authored and do not reflect who said what to whom.  Mr. Andruszkiewicz did not testify at trial and any statements made to him, as well as these notes have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA violated Section 204(g).  Notwithstanding the foregoing, Defendants admit that the notes Plaintiffs quote are accurately quoted, but is only a partial quote.

91.        Admitted.

92.        Denied except as otherwise stated herein.  Defendants admit that

Ms. Amara's subsidized early retirement benefit exceeded the value of her account balance at

age 55.  Ms. Amara's age-65 normal retirement benefit and lump sum benefit, however,

continued to earn additional benefits and grow.

93.        Denied except as otherwise stated herein.  Defendants deny the proposed

finding because it is irrelevant and misleading.  These statements have no bearing on whether

CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice

satisfy ERISA's disclosure requirements, or whether CIGNA violated Section 204(g).

Furthermore, to the extent that Plaintiffs misrepresentations based on that portion of the exhibit

containing an article from the *Wall Street Journal*, Defendants deny that portion of the proposed

finding as based on inadmissible hearsay.  Furthermore, Defendants deny the proposed finding to

the extent it suggests that CIGNA deliberately established opening balances below the real value

of employee's previously-earned benefits.  To the contrary, opening balances (Initial Retirement

Accounts) were based on the value of employee's normal retirement benefits (or subsidized early

retirement benefits for older employees) as of the date of the cash balance conversion using

interest rates applicable at the time.  Notwithstanding the foregoing, Defendants admit that the

finding of fact accurately quotes the cited document.

94.        Denied except as otherwise stated herein.  Defendants deny the proposed

finding because it is irrelevant, misleading, as it reflects nothing more than CIGNA's internal

deliberations, presented through an incomplete quote, regarding the existence of "wear-away."

These deliberations have no bearing on whether CIGNA anticipated a wear-away effect before

the conversion or whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD

and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA violated

26

Section 204(g).  Notwithstanding the foregoing, Defendants admit that the documents Plaintiffs cite (Exs. 47 and 49) are accurately quoted but is only a partial quote.  Furthermore, Exhibit 47 does not purport to be a final document presented to the CIGNA Board of Directors, but rather was a draft sent for comments.  Plaintiffs' characterization of the document is misleading and inaccurate.

95.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, misleading, as it reflects nothing more than CIGNA's deliberations, presented through an incomplete quote, regarding the existence of a wear-away and its legality.  These deliberations have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA violated Section 204(g).  Furthermore, the testing for compliance with ERISA's accrual rules was conducted before December 31, 1997, the date referenced in the 30(b)(6) Notice of Deposition.  CIGNA received guidance regarding its plan design from Mercer and from its outside counsel.

96.    Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted witness statement constitutes hearsay.  Further, Defendants deny the proposed finding because it is irrelevant and misleading, as it reflects nothing more than Mercer's analyses.  Moreover, the materials cited in no way reflect that prior to the conversion CIGNA anticipated a wear-away effect.

97.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted memo constitutes hearsay.  The proposed finding also is irrelevant, as the discussion and advice contained therein regarding benefit accrual tests, as well as CIGNA's intent upon conversion, have no bearing on

27

whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h)
notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g)
of ERISA. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately
quote from one portion of the memo, but deny that Plaintiffs' characterization of the memo is
accurate. Plaintiffs are taking a quote from one aspect of the memo that is addressing a
particular question about "social security wage overrides" out of context. The portion of the
memo does not address any of ERISA's accrual rules or indicate that CIGNA was entirely
unconcerned with accrual rules.

98.       Denied except as otherwise stated herein. Defendants admit Plaintiffs have
accurately quoted portions of Mr. Sher's testimony, but deny Plaintiffs' characterization of Mr.
Sher's testimony. The proposed finding does not explain to what it is comparing the "greater of"
approach. By way of further response, Mr. Sher testified that "after a period of time, [] the
present accrued benefit . . . would wearaway" and an opening account balance is only "one
aspect" contributing to wearaway. Tr. 1338 -39.

99.       Defendants admit the finding of fact accurately quotes Mr. Sher's testimony.
However, Mr. Sher also testified to the various factors and conditions that may potentially
contribute to a wear-away effect.

100.      Defendants admit the finding of fact accurately quotes Mr. Sher's testimony
but deny Plaintiffs' characterization of Mr. Sher's statements as unprompted and extended.

101.      Denied except as otherwise stated herein. Defendants admit that the
Application for Determination is accurately described. Defendants further admit that Mr.
Poulin's trial testimony draws the conclusions described in the proposed finding, but deny the
accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper

methodology, as documented in Defendants' expert report.  Moreover, the proposed finding

inappropriately presents a legal conclusion.  Defendants deny that Part B of CIGNA's Plan

cannot satisfy ERISA's 133⅓ % accrual rule.

102.      Denied except as otherwise stated herein.  Defendants admit only that

Plaintiffs have accurately represented the financial numbers contained in the cited exhibits.

Defendants deny the accuracy and legal sufficiency of conclusions drawn by Plaintiffs based on

such data.  Defendants deny that the benefit and interest credits added to participants' accounts

provided no additional value to their lump sum retirement benefit.  By way of further response,

the proposed finding is irrelevant as it has no bearing on whether CIGNA's cash balance plan

violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure

requirements, or whether CIGNA violated Section 204(g).  Plaintiffs are trying to compare

benefits in a manner that is irrelevant under ERISA's statutory provisions.

103.      Denied.  The documents cited in Plaintiffs' paragraph 58 do not confirm the

factual statements claimed.  By way of further response, the proposed finding is irrelevant as it

has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD

and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA violated

Section 204(g).  Plaintiffs are trying to compare benefits in a manner that is irrelevant under

ERISA's statutory provisions.  ERISA's 133⅓% accrual rule requires that the previously-earned

benefits be ignored when testing for compliance with this rule.

104.      Denied except as otherwise stated herein.  Defendants admit that Mr.

Poulin's expert report draws the conclusions described in the proposed finding, but deny the

accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper

methodology, as documented in Defendants' expert report.  This finding of fact also is irrelevant,

as it purports to consider previously-earned benefits under <u>a prior formula</u>.  ERISA's 133⅓%

accrual rule requires that the previously-earned benefits be ignored when testing for compliance

with this rule.

      105.      Denied except as otherwise stated herein. Defendants admit that Mr. Poulin's

trial testimony draws the conclusions described in the proposed finding, but deny the accuracy or

legal sufficiency of his conclusions and deny that Mr. Poulin used proper methodology, as

documented in Defendants' expert report.  Moreover, the proposed finding does not specify to

what it is comparing Ms. Glanz's wear-away period.

      106.      Denied except as otherwise stated herein.  Defendants admit that Mr. Sher's

handwritten notes reflect Ms. Glanz's accruals and that the citations to Mr. Sher's trial testimony

are accurately cited, although only in part.  However, Defendants deny Plaintiffs'

characterization of Mr. Sher's testimony as it relates to Ms. Glanz's annuity value from 2001 to

2002 in that Mr. Sher did not state that there would have been no accrual in 2002.  This finding

of fact also is irrelevant, as it purports to consider previously-earned benefits under <u>a prior

formula</u>.  ERISA's 133⅓% accrual rule requires that these previously-earned benefits be ignored

when testing for compliance with this rule.

      107.      Denied except as otherwise stated.  Defendants admit that Mr. Poulin's trial

testimony is accurately quoted, although only in part.  Further, Defendants admit that Mr.

Poulin's trial testimony and expert report draw the conclusions described in the proposed

finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin

used proper methodology, as documented in Defendants' expert report.  This finding of fact also

is irrelevant, as it purports to consider previously-earned benefits under <u>a prior formula</u>.

ERISA's 133⅓% accrual rule requires that these previously-earned benefits be ignored when testing for compliance with this rule.

108.    Denied.  Although Mr. Sher did opine in his report and testimony that the 133⅓% accrual rule can be conducted without reference to the previously-earned benefits (as is common practice whenever a plan amendment causes wearaway), other aspects of his report also address this issue, including his discussion and analysis of how benefits are earned under Part B.

109.    Denied except as otherwise stated herein.  Defendants admit that Plaintiffs have accurately quoted Mr. Sher's testimony, but deny this finding of fact as taken out of context and misleading.  Mr. Sher was referring to Mr. Poulin's interpretation of the 133⅓% accrual rule when he testified "if that were the way the test <u>were</u> to be applied, there would be many, many situations in practice that would have a problem."  Tr. 1045 (emphasis added).  As Plaintiffs note, Mr. Sher went on to explain that because the test is <u>not</u> applied that way, wearaway had "never been considered to be problematic or raised as problems by the government."  <u>Id.</u>

110.    Denied.  Defendants deny the proposed finding as irrelevant, because it does not address a plan amendment that changes a plan from one benefit formula to another benefit formula.  Rather, the Treasury Department was examining the instance where a plan has two simultaneous benefit formulas, a situation not present in this case.

111.    Denied.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the cited audio tape transcript constitutes hearsay.  The proposed finding is also irrelevant, as the opinions expressed by unidentified purported "IRS officials" at a seminar regarding cash balance plans are not entitled to any deference and have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated

31

Section 204(g) of ERISA.  ERISA's 133⅓% accrual rule requires that "any amendment to the plan which is in effect for the current year shall be treated as if in effect for all other plan years." 29 U.S.C. § 1054(b)(1)(B).  This has been confirmed by at least two cases.  See Richards v. FleetBoston Fin. Corp., 427 F.Supp.2d 150, 168-70 (D. Conn. 2006); Register v. PNC Fin. Servs., Group, 477 F.3d 56, 70-72 (3d Cir. 2007).

112.     Denied except as otherwise stated herein.  Defendants deny the proposed finding as irrelevant, as Mr. Sher's recollection of the IRS' approach to plans transitioning benefit formulas, and informal statements by IRS officials which are not entitled to any deference, have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted Mr. Sher's testimony, but is only a partial quote.

113.     Denied.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the American Benefits Council comments constitute hearsay.  The proposed finding is also irrelevant, as the opinions expressed by unidentified Council members have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted the Council's comments, although they are taken out of context.

114.     Denied.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the ERISA Industry Committee comments constitute hearsay.  The proposed finding is also irrelevant, as the opinions expressed by unidentified

Committee members have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted the Committee's comments, although they are taken out of context.

115.    Defendants admit the finding of fact accurately quotes Mr. Sher's testimony.

116.    Denied except as otherwise stated herein.  Defendants admit that Plaintiffs have accurately cited Mr. Sher's testimony, but deny this finding of fact as incomplete and taken out of context.  Mr. Sher went on the state that an "A + B" formula would not necessarily be more favorable under such circumstances.  Tr. 1332, line 24-1333, line 10.

117.    Denied.  The proposed finding does not accurately reflect Mr. Sher's trial testimony and is incorrect, misleading and incomplete.  Mr. Sher did not admit that the illustration in Table G would have problems complying with the 133⅓ % accrual rule because of Example (3) in the 1977 Treasury Regulations on that rule.  Rather, Mr. Sher stated that the illustration in Table G "<u>might</u>" have problems complying with the 133⅓ % accrual rule because of Example (3) because "<u>[y]ou could argue</u> that you have two, in this example, had an ongoing benefit formula and then a fixed minimum, you could say, well, those are two benefit formulas and then you <u>might</u> have a problem with the 133-⅓."  Mr. Sher Tr. 1425.  Further, Mr. Sher made clear that the focus of that portion of his expert report "was not on the 133-⅓[% rule.] … It was on the contention that there was some type of a forfeiture."  <u>Id.</u>

118.    Denied as stated.  Defendants admit that Mr. Sher was not offering a legal opinion regarding whether CIGNA's Plan complied with ERISA's 133⅓% accrual rule.  Plaintiffs allege in this case that Part B did not comply with the 133⅓ % rule because of

33

wearaway and the protection and previously earned benefits. Mr. Sher demonstrated that

Plaintiffs' analysis was incorrect. The proposed finding of fact also is irrelevant, in that neither

Mr. Poulin nor Mr. Sher opined on the CIGNA Plan's compliance with ERISA's 133⅓ %

accrual rule on an ongoing basis, because such a claim was not alleged.

119.        Denied except as otherwise stated herein. Defendants deny the proposed

finding because it is irrelevant, since CIGNA's communications with its shareholders about what

Plaintiffs allege has no bearing on whether CIGNA's cash balance plan violates ERISA.

Notwithstanding the foregoing, Defendants admit that the proposed finding accurately quotes

CIGNA's 2005 Annual Report.

120.        Denied except as otherwise stated herein. Defendants admit that participants

under Part B are entitled to the greater of their minimum benefit or their account balance. (See

Ex. 1, Part B, Sections 1.1(c), 7.3.

121.        Denied except as otherwise stated herein. Defendants admit that Mr.

Poulin's trial testimony is accurately quoted by Plaintiffs, although only in part. In addition,

Defendants admit that Mr. Poulin's trial testimony draws the conclusions described in the

proposed finding of fact, but denies the accuracy or the legal sufficiency of his conclusions.

Defendants further admit that participants under Part B are entitled to the greater of their

minimum benefit or their account balance. Ex. 1, Part B, Sections 1.1(c), 7.3. However, this

minimum benefit is a benefit to participants, not an illegal forfeiture.

122.        Denied except as otherwise stated herein. Defendants admit that the

subsidized early retirement benefit from the old plan is not protected as part of Part B's

minimum lump sum benefit. Defendants further admit that Mr. Sher's trial testimony is

accurately quoted by Plaintiffs, although only in part, and in a misleading way since Mr. Sher did

34

not use the quoted term "accomplish" in that testimony.  Defendants vehemently deny that Mr.

Sher "refused to answer the question as to 'what effect' the election of an annuity has on a

participant's 'rights to any other benefits that were earned under the cash balance formula."

Rather, Plaintiffs' counsel simply did not agree with Mr. Sher's response to that repeated

question.  Further, Mr. Sher's opinion as to the effect that a Plan provision has on a participant's

rights is irrelevant and has no bearing on whether CIGNA's cash balance plan violates ERISA, to

the extent that the Plaintiffs' question required a legal conclusion for a response.

123.     Denied except as otherwise stated herein.  Defendants admit that Mr. Sher

opines that participants under Part B are entitled to the greater of their minimum benefit or their

account balance, in accordance with Part B, Sections 1.1(c), 7.3.  Defendants deny that Part B

"conditions" the payment of its accruals.  Furthermore, the minimum benefit is a benefit to

participants, not an illegal forfeiture.

124.     Denied except as otherwise stated herein.  Defendants admit that Mr.

Poulin's expert report draws the conclusions described in the proposed finding, but deny the

accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper

methodology, as documented in Defendants' expert report.  Furthermore, Mr. Poulin's analysis

did not consider, let alone opine upon, rates of benefit accrual after normal retirement age.

Notwithstanding the foregoing, Defendants admit that the excerpt of Mr. Poulin's report

Plaintiffs cite is accurately quoted, but is only a partial quote.[3]

125.     Denied except as otherwise stated herein.  Defendants admit that Mr.

Poulin's expert report draws the conclusions described in the proposed finding, but deny the

accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper

---

[3]     Defendants further respond to proposed findings numbers 124-57 herein by directing the Court's attention to
paragraphs 91-150 of Defendants' Post-Trial Proposed Findings of Fact.

methodology, as documented in Defendants' expert report.  In fact, as reflected in the Mr. Sher report, when benefit accruals are measured properly under Part B, the rate of benefit accrual increases with age.  Notwithstanding the foregoing, Defendants admit that the excerpt of Mr. Poulin's report Plaintiffs cite is accurately quoted, but is only a partial quote.

126.    Denied except as otherwise stated herein.  Defendants admit that Mr. Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants' expert report.  In fact, as reflected in the Mr. Sher report, when benefit accruals are measured properly under Part B, the rate of benefit accrual increases with age.  The effect Mr. Poulin attributes to age actually is the mere result of the time value of money.  Notwithstanding the foregoing, Defendants admit that the excerpt of Mr. Poulin's report Plaintiffs cite is accurately quoted, but is only a partial quote.

127.    Denied except as otherwise stated herein. Defendants admit that Plaintiffs have accurately cited Mr. Poulin's testimony, but deny the accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants' expert report.  In fact, as reflected in the Mr. Sher report, when benefit accruals are measured properly under Part B, the rate of benefit accrual increases with age.  The effect Mr. Poulin attributes to age actually is the mere result of the time value of money.

128.    Denied except as otherwise stated herein.  Defendants admit that the testimony Plaintiffs cite in the proposed finding is accurately quoted, and that Mr. Poulin drew the conclusion described, but deny the accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants' expert report.  In fact, as reflected in the Mr. Sher report, when benefit accruals are measured properly under Part B, the

rate of benefit accrual increases with age.  The effect Mr. Poulin attributes to age actually is the mere result of the time value of money.

129.     Denied except as otherwise stated herein.  Defendants admit that the testimony Plaintiffs cite in the proposed finding is accurately quoted, but deny the accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants' expert report.  In fact, as reflected in the Mr. Sher report, when benefit accruals are measured properly under Part B, the rate of benefit accrual increases with age.  The effect Mr. Poulin attributes to age actually is the mere result of the time value of money.

130.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted article constitutes hearsay.  The proposed finding is also irrelevant, as the opinions expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that the article Plaintiffs cite is accurately quoted.

131.     Denied except as otherwise stated herein.  Defendants admit that Mr. Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants' expert report.  In fact, as reflected in the Mr. Sher report, when benefit accruals are measured properly under Part B, the rate of benefit accrual increases with age.  Notwithstanding the foregoing, Defendants admit that the excerpt of Mr. Poulin's report and Mr. Poulin's testimony are accurately cited.

132.     Denied except as otherwise stated herein.  Defendants admit that Mr. Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants' expert report.  In fact, as reflected in the Mr. Sher report, when benefit accruals are measured properly under Part B, the rate of benefit accrual increases with age.

133.     Denied except as otherwise stated herein.  Defendants admit that Mr. Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants' expert report.  In fact, as reflected in the Mr. Sher report, when benefit accruals are measured properly under Part B, the rate of benefit accrual increases with age.

134.     Denied except as otherwise stated herein.  Defendants admit that the excerpt of Mr. Poulin's report Plaintiffs cite is accurately quoted, but is only a partial quote, and that Mr. Poulin's expert report draws the conclusions described in the proposed finding, but Defendants deny the accuracy or legal sufficiency of Mr. Poulin's conclusions and deny that Mr. Poulin used proper methodology, as documented in Defendants' expert report.  Defendants also admit that early retirement eligibility is a function of age.  However, the wear-away period for employees who are 65 will be less than the wearaway period for employees who are younger than 65.

135.     Denied.  No employees lost benefits under the conversion to the cash balance formula.  Rather, all previously-earned benefits were protected and, the day after the conversion, any employee still had all of the same benefit options and benefit amounts available to him or her as were available the day before the conversion, plus the option to receive his or her benefits

as a lump sum.  Ex. 1, Part B. Sections 1.1(c), 1.28, 1.32, 7.2(a)(1), 7.3.  Moreover, older, longer service employees were grandfathered under the prior formula and were not placed into the cash balance plan.  Of the employees who were transferred to the cash balance formula, the older, longer service employees were transferred at more favorable terms than younger employees.  Ex. 1, Part B, Section 1.28(a)).  In addition, some of the documents cited are hearsay and others do not make clear that they refer to the final plan design adopted by CIGNA, as opposed to earlier proposed plan designs.  The proposed finding is also irrelevant, as the opinions expressed in news articles or internal discussions have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that the exhibits Plaintiffs cite are accurately quoted, but are only partial quotes, taken out of context.

136.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as it does not reflect information CIGNA had or considered prior to the conversion, and nevertheless, as the information and advice CIGNA used in considering a cash balance conversion has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  CIGNA's intent is not material to that analysis.  Notwithstanding the foregoing, Defendants admit that the document Plaintiffs cite is accurately quoted, but is only a partial quote.  Defendants deny that the testing method used is the appropriate one for testing for age discrimination in a cash balance plan.  To the contrary, the testing conducted and referenced in the document was non-discrimination testing in favor of highly compensated employees pursuant to requirements of the Internal Revenue Code which are

different from those regarding age discrimination. The methodology used to conduct such testing is also different from the methodology used to test for age discrimination in a cash balance plan. Indeed, there is a particular regulation cited in the memo – Treas. Reg. 1.401(a)(4)-5 – that addresses the specific requirements of such testing. It provides in part "This paragraph (a) provides rules for determining whether the timing of a plan amendment or series of amendments has the effect of discriminating significantly in favor of HCEs [Highly Compensated Employees] or former HCEs." There is no similar regulation for testing for age discrimination and the methods for testing are different. Lastly, this document does not address the final plan design adopted in Part B, but rather considers alternative plan designs that were not adopted.

137.    Denied except as otherwise stated herein. Defendants deny the proposed finding because it is irrelevant, as the information and advice CIGNA used in considering a cash balance conversion has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. CIGNA's intent is not material to that analysis. Furthermore, the spreadsheet was prepared (as indicated) to test and demonstrate that Part B satisfies ERISA's 133⅓% accrual rule. As explained in Defendants' Trial Brief, ERISA's 133⅓% accrual rule explicitly requires testing of the accrued benefit payable at normal retirement age. 29 U.S.C. § 1054(b)(1)(B). ERISA's age discrimination provision does not contain the same language and does not require testing under the same methodology, so this document is irrelevant. As explained in the Mr. Sher report, when one measures the rate of benefit accrual the way it should be measured, Part B is age favored. Notwithstanding the

foregoing, Defendants admit that Plaintiffs have accurately represented the contents of the offered exhibit.

138.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the cited declaration constitutes inadmissible hearsay.  The declaration of counsel cannot suffice as admissible evidence.  Moreover, the finding is denied for the reasons stated in response to Plaintiffs' proposed finding 137.

139.    Denied except as otherwise stated herein.  The proposed finding is irrelevant, as the opinions expressed on Defendant's website about whether older participants may or may not experience a reduction in the future rate at which they earn benefit compared to whatever prior plan formula was in place for that employer has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that the exhibits Plaintiffs cite are accurately quoted, but are only partial quotes.  By way of further response, whether any participant (older or younger) experienced a reduction in the amount of future benefits to be earned as a result of a plan amendment depends on the terms of the particular plan before and after the amendment. The website Plaintiffs quote in their finding of fact also states that "In order to protect the retirement security of all employees, some grandfathering of benefits is usually needed."  In this case, CIGNA not only grandfathered its older, longer service participants, but also provided enhanced benefits to older non-grandfathered participants.

140.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as the opinions expressed in internal memoranda regarding

general challenges to cash balance plans and whether or not CIGNA's cash balance plan is susceptible to such challenges has no bearing on whether CIGNA's cash balance plan violates ERISA's age discrimination provision.  CIGNA's intent is not material to that analysis. Notwithstanding the foregoing, Defendants admit that Plaintiffs have quoted the cited exhibit. However, the exhibit is a draft document submitted for comments and proposed changes.  There is no evidence that this document was ever actually presented to the Board of Directors or discussed with the Board of Directors.

141.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as the opinions expressed in internal memoranda regarding general challenges to cash balance plans and whether or not CIGNA's cash balance plan is susceptible to such challenges has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  CIGNA's intent is not material to that analysis.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted the cited exhibit.  However, the exhibit is a draft document submitted for comments and proposed changes.  There is no evidence that this document was ever actually presented to the Board of Directors or discussed with the Board of Directors.

142.    Denied.  Plaintiffs have no evidence to support this finding and their citation to Defendants' privilege logs is misleading and inaccurate.  Plaintiffs have no evidence that CIGNA or its Board was informed of the Company's "vulnerability" to an age discrimination claim.  Moreover, Defendants deny the proposed finding because it is irrelevant, as whether or not CIGNA sought legal advice regarding whether cash balance plans are age discriminatory is irrelevant to whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and

Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. CIGNA's motive is not relevant to that analysis.

143.    Denied. The testimony cited does not support the proposition suggested in the finding of fact.

144.    Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted document constitutes hearsay. The proposed finding is also irrelevant. There is no evidence that the document ever was provided to CIGNA. Nonetheless, the advice CIGNA received when it was considering a cash balance conversion has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. CIGNA's intent is not material to that analysis. Notwithstanding the foregoing, Defendants admit that the document Plaintiffs cite is accurately quoted, but is only a partial quote.

145.    Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted document constitutes hearsay. The proposed finding is also irrelevant, as the advice CIGNA received when it was considering a cash balance conversion has no bearing on whether CIGNA'S cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. CIGNA's intent is not material to that analysis. Notwithstanding the foregoing, Defendants admit the accuracy of the quotation used by Plaintiffs, but deny the accuracy of Plaintiffs interpretation of such quotation as it is taken out of context. As described in Defendants' expert report, when the rates of benefit accrual are measured correctly, Part B is age favored.

43

146.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant to whether CIGNA's cash balance plan violates ERISA. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately described the contents of the testimony sections cited in this finding of fact.

147.    Denied except as otherwise stated herein.  Defendants deny that Mr. Sher is a "well-known defender" of cash balance designs, but admit that the proposed finding accurately describes his prior experiences, in part.

148.    Denied except as otherwise stated.  Defendants admit Kwasha Lipton's recognition for its involvement in "what was recognized as the first, what was recognized as the first, conversion to a cash balance plan" in 1985.  Sher Tr. 1174.  Defendants deny, however, the accuracy of Plaintiffs' characterization of Kwasha Lipton's history.  Sher Tr. 945-46. Defendants object to the remainder of the proposed finding of fact because it is based on inadmissible evidence.  Specifically, the quoted "sales brochure" not only constitutes hearsay, but also constitutes commercial speech.  In addition, the proposed finding of fact is irrelevant, as neither Kwasha Lipton's history nor PriceWaterhouse Coopers' opinion of itself as expressed in a 2001 sales brochure have any bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

149.    Defendants deny the proposed finding because it is irrelevant, as CIGNA does not maintain in this suit that it relied on Mr. Sher's legal advice, and nevertheless CIGNA's intent is not relevant to whether Part B is age discriminatory.  Defendants further deny the proposed finding to the extent that it relies on the slide prepared by Mr. Sher (Ex. 66) because the exhibit is inadmissible hearsay evidence.  Defendants further deny the accuracy of Plaintiffs'

characterization of the contents of the deposition testimony cited therein and of the exhibit referenced therein.

150.     Denied except as otherwise stated herein.  Defendants admit that Plaintiffs have accurately quoted Mr. Sher's testimony, although only in part and taken out of context, but deny the accuracy of Plaintiffs' characterization of his statements.  Mr. Sher did not testify that Part B "does not conform" to ERISA or with ERISA's requirements.

151.     Defendants admit that Plaintiffs' characterization of the contents of Mr. Sher's report and deposition testimony is accurate.

152.     Admitted.

153.     Admitted.

154.     Denied except as otherwise stated herein.  Defendants admit only that under Part B, benefit and interest credits are added to a participant's hypothetical account.

155.     Denied except as otherwise stated herein.  Defendants admit that the prior plan formulas provide their highest rate of growth in benefits as employees become closer to retirement age.  Defendants deny the remaining portion of the finding of fact, as it is misleading, since the cited document explains that older employees would be grandfathered into the traditional plan.

156.     Denied.  As explained previously, the growth in retirement benefits under Part B is age and service favored, so an older employee's benefit will grow more quickly than the benefit of a similarly situated younger employee.

157.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on evidence that is irrelevant, as an internal memorandum on proposed changes to the "old plan" has no bearing on whether CIGNA's cash balance plan

45

violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Furthermore, Defendants deny that Plaintiffs' quotation from said document, while technically accurate, in any way supports the conclusion put forth by Plaintiffs in this proposed finding, which Defendants deny.

158.    Denied except as otherwise stated herein. Defendants deny the proposed finding because it is based on inadmissible evidence, as the quoted article constitutes hearsay and the quotations within the article constitute hearsay within hearsay. Indeed, the Court ruled at trial that the June 1985 Kwasha Lipton Newsletter "Exciting New Retirement Concept: The Cash Balance Pension Plan" (Ex. 236) was admitted for identification purposes only. Judge Kravitz Tr. 1384. The proposed finding is also irrelevant, as the opinions expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that the article Plaintiffs cite is accurately quoted.

159.    Denied except as otherwise stated herein. Defendants deny the proposed finding because it is based on inadmissible evidence. Specifically, the quoted articles constitute hearsay. The proposed finding is also irrelevant, as the opinions expressed in news articles or periodicals regarding other cash balance plans and disclosures associated with those disclosures have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that the

article Plaintiffs cite is accurately quoted, but is taken out of context.  Moreover, Mr. Sher

testified that the reductions referred to were typically "for a relatively small group of employees

several years away from retirement and primarily at the earliest retirement ages, where the

subsidies were greatest under the prior plan formula."  Sher Tr. 1191.

160.    Denied except as otherwise stated herein.  Defendants admit that Plaintiffs'

accurately quote Mr. Sher's trial testimony, although in part and without context.  Defendants

deny the proposed finding of fact in that it is irrelevant, as Mr. Sher's opinion with regard to the

difficulty of communicating how benefits are expressed under one paradigm as opposed to how

benefits are expressed under another, distinctly different paradigm has no bearing on whether

CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice

satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of

ERISA.

161.    Denied except as otherwise stated herein.  Defendants deny the proposed

finding because it is based on evidence that is irrelevant, as the generic opinions expressed have

no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and

Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated

Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that the article

Plaintiffs cite is accurately quoted.

162.    Denied except as otherwise stated herein.  Defendants admit that Plaintiffs

have accurately quoted the cited memorandum, however the 45% reduction is comparing an

early retirement subsidized benefit (under Part A) with the cash balance formula that does not

contain any subsidized early retirement benefits beyond those protected as part of the minimum

benefit.

163.     Denied except as otherwise stated herein.  Defendants admit that Mr. Depenbrock's age-55 early retirement benefits increased substantially when he was returned into Part A and became entitled to a subsidized early retirement benefit under Part A.

164.     Admitted.

165.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is partially based on inadmissible evidence.  Specifically, the cited emails constitute hearsay.  The proposed finding is also misleading.  Plaintiffs' argument regarding CIGNA's compliance with the district court's order in Depenbrock rests on an incorrect reading of that order, which directed only that one individual -- John Depenbrock -- have his benefit recalculated.  The court in Depenbrock did not require the Plan Administrator to recalculate benefits for anyone besides Mr. Depenbrock.  Nonetheless, since the issuance of that order, the Plan Administrator has been working to ensure that he administers the CIGNA Pension Plan in a manner that is consistent with the Depenbrock decision.  Notwithstanding the foregoing, Defendants admit that Mr. Lamb's benefits increased after he was placed into Part A.

166.     Denied except as otherwise stated herein.  Defendants deny the proposed finding as irrelevant.  The court in Depenbrock did not require the Plan Administrator to recalculate benefits for anyone besides Mr. Depenbrock.  Nonetheless, since the issuance of that order, the Plan Administrator has been working to ensure that he administers the CIGNA Pension Plan in a manner that is consistent with the Depenbrock decision.  Notwithstanding the foregoing, Defendants admit that evidence of Michael Ferris' placement back in the Part A formula is included in Ex. 73.

167.     Denied except as otherwise stated herein.  Defendants admit that Plaintiffs quote Mr. Poulin's testimony accurately and that Mr. Poulin's expert report draws the

48

conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper methodology.

168.        Denied except as otherwise stated herein.  Defendants' counsel only made the admission in the proposed finding with regard to participants "like Ms. Flannery."  Tr. 908. For certain (younger) employees, however, their benefits under the cash balance plan will be greater than what they would have earned under the prior pension plan.

169.        Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Mr. Poulin's testimony accurately and that Mr. Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper methodology.  The proposed finding also is irrelevant, as it has no relationship to CIGNA's Part B pension plan.

170.        Denied.  Defendants deny the proposed finding to the extent that it is misleading and does not accurately reflect Mr. Sher's full analysis and conclusions as set forth in Defendant's expert report.  Notwithstanding the foregoing, Defendants deny that the deposition excerpt Plaintiffs cite is accurately quoted.  Defendants further deny that the section of the report cited by Plaintiffs supports the factual contention put forth in this finding of fact.

171.        Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Mr. Poulin's testimony accurately and that Mr. Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions and deny that Mr. Poulin used proper methodology.  These findings also are irrelevant to any of the claims alleged, as the measurements and features referred to have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice

satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

172.    Denied except as otherwise stated herein.  Defendants admit that Mr. Sher agreed that for some participants (those with less than 55 combined age and service points) who were not grandfathered, early retirement subsidized benefits were not included in the opening account balance.  Defendants admit that Mr. Sher concluded that mortality was assumed in the calculation of opening account balances, in accordance with the terms of the Plan, and that future interest rate fluctuations can affect the present value of a lump sum versus an annuity benefit. The remaining findings and conclusions in this finding of fact are denied.

173.    Denied as stated.  Defendants admit that Plaintiffs' accurately quote, although only in part, Mr. Sher's Supplemental Report and trial testimony regarding his understanding and opinion as to the legal status of Social Security supplements as they relate to ERISA plans.  Defendants deny, however, Plaintiffs' mischaracterization of Mr. Sher's testimony, in that he made clear that it was his understanding that Social Security supplements, in general, were not benefits protected by ERISA, while acknowledging that an employer or plan sponsor may protect certain Social Security supplements, referred to as "qualified Social Security supplements," above and beyond what is required under ERISA if such protection is expressly stated within the plan itself.  Further, Mr. Sher's opinion as to the legal protection afforded Social Security supplements by ERISA is irrelevant.

174.    Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted document constitutes hearsay and has nothing to do with CIGNA's cash balance plan or its conversion.  As Mr. Sher explained, whether a cash balance plan is better or worse for any particular participant than a final average plan depends on the

benefit formulas of each plan.  Moreover, CIGNA's intent is not material to the analysis of Plaintiffs' claims.

175.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as internal memoranda CIGNA utilized when it was considering a cash balance conversion have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  CIGNA's intent is not material to that analysis.  Notwithstanding the foregoing, Defendants admit that the document Plaintiffs cite is accurately quoted in part.

176.     Defendants deny the proposed finding because it is irrelevant. Notwithstanding the foregoing, Defendants admit that certain Tier 1 participants were included in the conversion to Part B.

177.     Denied.

178.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as internal memoranda have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. CIGNA's intent is not material to that analysis.  Notwithstanding the foregoing, Defendants admit that the documents Plaintiffs cite are accurately quoted in part.

179.     Defendants deny the proposed finding because it is irrelevant, as internal memoranda CIGNA utilized to compare one particular hypothetical employee's benefits under its cash balance plan to its traditional defined benefits plan have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy

ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. CIGNA's intent is not material to that analysis. Notwithstanding the foregoing, Defendants admit Plaintiffs accurately represent the data contained within those memoranda as applied to the hypothetical employee described therein.

180.    Denied. Moreover, the document does not purport to represent the cash balance formula of pay and interest credits actually adopted by CIGNA.

181.    Denied. Defendants deny the proposed finding to the extent that it is based on inadmissible evidence. Specifically, the cited letter and report constitute hearsay. Moreover, the document does not purport to represent the cash balance formula of pay and interest credits actually adopted by CIGNA. The proposed finding is also irrelevant, as it has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

182.    Denied. Defendants deny the proposed finding because it is irrelevant, as internal memoranda CIGNA utilized when it was considering a restructuring of its traditional defined benefits plan have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. CIGNA's intent is not material to that analysis. Notwithstanding the foregoing, Defendants deny that the document cited by Plaintiffs accurately says what Plaintiffs' claim.

183.    Denied. Defendants admit that Plaintiffs accurately cite Mr. Poulin's testimony and that Mr. Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions. The cited testimony and

report do not contain any methodology, identify the assumptions or provide analysis supporting his conclusions.

184.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as internal memoranda CIGNA utilized have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  CIGNA's intent is not material to that analysis.  Notwithstanding the foregoing, Defendants admit that the email and charts reflect what is described in the email.

185.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as internal memoranda CIGNA utilized when it was considering a cash balance plan have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  CIGNA's intent is not material to that analysis.  Notwithstanding the foregoing, Defendants deny Plaintiffs' finding of fact.

186.        Defendants admit that the SIP variable contribution rates from 1998 - 2005 are set forth in Exhibit 83, but deny the rest of the finding of fact.

187.        Defendants admit that CIGNA decided to add a variable SIP match in company stock to the CIGNA 401(k) plan. Defendants deny the remainder of the proposed finding of fact.  CIGNA's principal goal in the re-designing of its retirement program was to ensure that the total program was competitive with that of other insurers, and to encourage Plan participants to consider both components of the retirement program – the Pension Plan and the 401(k) Plan – in their retirement planning.

188.        Admitted

189.       Admitted.

190.       Denied.

191.       Denied except as otherwise stated herein.  Defendants admit that Mr.
Poulin's expert report draws the conclusions described in the proposed finding, but deny the
accuracy or legal sufficiency of his conclusions.  This finding also is irrelevant.

192.       Defendants deny the proposed finding because it is irrelevant, as the
document has no bearing on whether CIGNA's cash balance plan violates ERISA, whether
CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether
CIGNA has violated Section 204(g) of ERISA.    Notwithstanding the foregoing, Defendants
admit that the Plaintiffs accurately describe the content of the cited exhibit.

193.       Defendants deny the proposed finding because it is based on inadmissible
evidence.  Specifically, the quoted document constitutes hearsay.  The proposed finding is also
irrelevant, as the advice CIGNA received when it was considering a cash balance conversion has
no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and
Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated
Section 204(g) of ERISA.  CIGNA's intent is not material to that analysis.  Notwithstanding the
foregoing, Defendants admit that the document Plaintiffs cite is accurately quoted, but is only a
partial quote.

194.       Defendants admit the cited Newsletter and Information Kit do not contain a
comparison graph.

195.       Denied except as otherwise stated herein.  Defendants admit that Part B does
not contain early retirement subsidized benefits except with respect to the protected minimum
benefit.

196.     Denied except as otherwise stated herein.  Defendants admit that opening account balances do not include the value of subsidized early retirement benefits or social security supplements, except for employees with 55 age and service points, for whom some or all early retirement subsidized benefits were included in the opening account balance.

197.     Denied except as otherwise stated herein.  Defendants admit that opening account balances do not include the value of subsidized early retirement benefits or social security supplements, except for employees with 55 age and service points, for whom some or all early retirement subsidized benefits were included in the opening account balance.

198.     Denied except as otherwise stated herein.  Defendants admit that opening account balances were based on the interest rate set forth in Section 1.28 of Part B and the Applicable Mortality Table.

199.     Denied except as otherwise stated herein.  Defendants admit that opening account balances were based on the interest rate set forth in Section 1.28 of Part B and the Applicable Mortality Table.

200.     Denied except as otherwise stated herein.  The cited exhibit is a letter sent to participants who would be grandfathered and not affected by Part B and the letter describes why such employees are being grandfathered.[4]

201.     Admitted.

202.     Denied except as otherwise stated herein.  Defendants admit that the Newsletter satisfies the requirements of ERISA Section 204(h).  The newsletter is a written document whose terms speak for themselves.

---

[4]     Defendants further respond to proposed findings numbers 200-399 herein by directing the Court's attention to paragraphs 173-407 of Defendants' Post-Trial Proposed Findings of Fact.

203.        Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the newsletter is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the newsletter regarding changes to both the Pension Plan and CIGNA's 401(k) Plan.

204.        Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the newsletter is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the newsletter regarding changes to both the Pension Plan and CIGNA's 401(k) Plan.

205.        Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the newsletter is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the newsletter regarding changes to both the Pension Plan and CIGNA's 401(k) Plan.

206.        Denied except as otherwise stated herein.  Defendants admit that the Retirement Information Kit satisfies the requirements for a Summary of Material Modifications. The Retirement Information Kit is a written document whose terms speak for themselves.

207.        Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the Retirement Information Kit is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the Retirement Information Kits regarding changes to both the Pension Plan and CIGNA's 401(k) Plan.

208.        Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the Retirement Information Kit is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately

quoted select portions of the Retirement Information Kits regarding changes to both the Pension Plan and CIGNA's 401(k) Plan.

209.    Denied.  Defendants admit that Plaintiffs have cited Mr. Poulin's testimony accurately and that Mr. Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions.

210.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the Retirement Information Kit is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the Retirement Information Kits regarding changes to both the Pension Plan and CIGNA's 401(k) Plan.  The Retirement Information Kit also explains that opening account balances do not include the full value of subsidized early retirement benefits.

211.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the Retirement Information Kit is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the Retirement Information Kits regarding changes to both the Pension Plan and CIGNA's 401(k) Plan.

212.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the Retirement Information Kit is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the Retirement Information Kits regarding changes to both the Pension Plan and CIGNA's 401(k) Plan.

213.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for

themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document regarding changes to both the Pension Plan and CIGNA's 401(k) Plan.

214.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document regarding changes to both the Pension Plan and CIGNA's 401(k) Plan.

215.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document.

216.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document.

217.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document.

218.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for

themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document.

219.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document.

220.    Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Ms. Broderick's testimony accurately but otherwise deny the proposed finding of fact as misleading and inaccurate.

221.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document.  By way of further response, the SPDs disclose the minimum benefit rule and its consequences – the same issues addressed by the wear-away about which Plaintiffs complain.

222.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document.

223.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that the 1999 SPD is similar in substance to the 1998 SPD.

224.        Defendants admit the first sentence of the proposed finding.  Defendants deny the remainder of the proposed finding on the grounds that (1) it is irrelevant, (2) the document in question is a written document whose terms speak for themselves, and (3) it misrepresents the contents of disclosures made to Plan participants in 1997 and 1998.

225.        Defendants deny the proposed finding on the grounds that (1) it is irrelevant, and (2) the document in question is a written document whose terms speak for themselves.

226.        Denied except as otherwise stated herein.  Defendants admit that the new SPD and Supplement were produced on August 2, 2006, but deny that they were obligated under the Federal Rules of Civil Procedure or by any order of this Court to produce any additional information.

227.        Admitted.

228.        Denied except as otherwise stated herein.  Defendants deny that Professor Stratman is an expert on the "understandability" of written communications and deny that he is an expert as to whether particular communications satisfy applicable legal requirements. Defendants admit the remaining statements in the finding of fact.

229.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements quoted in the finding of fact and that Plaintiffs cite his testimony accurately, but deny that these statements and testimony are correct.

230.        Defendants admit that in Stratman's trial testimony, he makes the statement quoted; however, Stratman qualified his testimony by stating that "maybe for a lot of people that won't happen, but it's certainly a plausible thing to happen."

231.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements quoted in the finding of fact, but deny that these statements are correct.

232.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Defendants further deny that Stratman's testimony is correct.

233.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman made the statements quoted in the finding of fact, but deny that these statements are correct.

234.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman made the statements quoted in the finding of fact, but deny that these statements are correct.

235.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman made the statements quoted in the finding of fact, but deny that these statements are correct.

236.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that in Stratman's testimony, he makes the statements quoted in the finding of fact, but deny that these statements are correct.

237.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements quoted in the finding of fact and that Plaintiffs accurately cite his testimony, but deny that these statements and testimony are correct.

238.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements quoted in the finding of fact and that Plaintiffs accurately cite his testimony, but deny that these statements are correct.

239.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object

to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman made the statements quoted in the finding of fact, but deny that these statements are correct.

240.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman made the statements quoted in the finding of fact, but deny that these statements are correct.

241.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements quoted in the finding of fact and that Plaintiffs accurately cite his testimony, but deny that these statements and testimony are correct.

242.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements quoted in the finding of fact, but deny that these statements are correct.

243.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing,

Defendants admit that Stratman's expert report and trial testimony made statements quoted in the finding of fact, but deny that these statements are correct.

244.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements quoted in the finding of fact, but deny that these statements are correct.

245.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman made the statements quoted in the finding of fact, but deny that these statements are correct.

246.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman made the statements quoted in the finding of fact, but deny that these statements are correct.

247.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman made the statements quoted in the finding of fact, but deny that these statements are correct.

248.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements quoted in the finding of fact, but deny that these statements are correct.

249.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman made the statements quoted in the finding of fact, but deny that these statements are correct.

250.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman made the statements quoted in the finding of fact, but deny that these statements are correct.

251.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements quoted in the finding of fact, but deny that these statements are correct.

252.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing,

Defendants admit that Stratman made the statements quoted in the finding of fact, but deny that these statements are correct.

253.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman made the statements quoted in the finding of fact, but deny that these statements are correct.

254.     Admitted.

255.     Defendants admit that they have not identified any purported expert to read the Newsletter, Retirement Information kits, and SPDs and opine on their "understandability" or compliance with ERISA's statutory disclosure requirements; whether these documents satisfy the applicable statutory requirements is a conclusion of law.

256.     Defendants deny the proposed finding on the ground that Plaintiffs, in their selective quotation of Mr. Costello, have ignored Mr. Costello's reference to the fact that Plan participants were advised that they were no longer earning benefits under CIGNA's old plan, and that under the Minimum Benefit provision, Plan participants were advised that they would get the higher of the benefit they claimed under the old plan or their account balance under the new plan.  Plaintiffs' expert Professor Stratman, conceded that this put Plan participants on notice that "there might be some circumstance in which maybe I don't earn any more" benefits for some period of time.  Stratman Tr. 570.

257.     Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted article constitutes hearsay.  The proposed finding also is irrelevant, as the articles do not address any of the communications at issue in this case.

66

Opinions expressed in news articles or periodicals regarding cash balance plans generally have

no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and

Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated

Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that the articles

Plaintiffs cite are accurately quoted in part; however, such quotes were removed from context so

as to obfuscate their intended meaning.

258.    Defendants deny the proposed finding because it is based on inadmissible

evidence.  Specifically, the quoted article constitutes hearsay.  The proposed finding is also

irrelevant, as the opinions expressed in news articles or periodicals regarding cash balance plans

have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD

and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has

violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that the

article Plaintiffs cite is accurately quoted, but is only a partial quote.

259.    The proposed finding is irrelevant as the nature of Mr. Sher's retention as a

Defense expert has no bearing on whether CIGNA's cash balance plan violates ERISA, whether

CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether

CIGNA has violated Section 204(g) of ERISA.  Moreover, neither Mr. Sher nor Mr. Poulin

purport to be communications experts.  Notwithstanding the foregoing, Defendants admit that

testimony Plaintiffs cite in the proposed finding is accurately quoted.

260.    Denied except as otherwise stated herein.  Defendants admit that Mr. Arko

was produced as a 30(b)(6) witness on the specific topics indicated in the Notice of Deposition.

The 30(b)(6) notice of deposition requested testimony regarding compliance with Section 204(h)

<u>after</u> December 31, 1997.  Ex. 21, ¶ 2).  The Newsletter and Retirement Information Kits were all prepared and distributed <u>before</u> that date.

261.     Denied except as otherwise stated herein.  Defendants admit that Mr. Arko testified that the November 1997 Newsletter was intended to satisfy ERISA Section 204(h) notice obligations because it disclosed the benefit accrual freeze for participants, which was the only reduction in (more accurately, cessation of) future benefit accruals.

262.     Denied except as otherwise stated herein.  Defendants admit that Mr. Arko testified that the November 1997 Newsletter was intended to satisfy ERISA Section 204(h) notice obligations because it disclosed the benefit accrual freeze for participants, which was the only reduction in (more accurately, cessation of) future benefit accruals.

263.     Denied except as otherwise stated herein.  Defendants admit that Mr. Arko testified that the November 1997 Newsletter was intended to satisfy ERISA Section 204(h) notice obligations because it disclosed the benefit accrual freeze for participants, which was the only reduction in (more accurately, cessation of) future benefit accruals.  Further, the proposed finding takes quotations of testimony out of context and is misleading.

264.     Denied except as otherwise stated herein.  Defendants admit that Mr. Arko testified that the November 1997 Newsletter was intended to satisfy ERISA Section 204(h) notice obligations because it disclosed the benefit accrual freeze for participants, which was the only reduction in (more accurately, cessation of) future benefit accruals.  Further, the proposed finding takes quotations of testimony out of context and is misleading.

265.     Denied except as otherwise stated herein.  Defendants admit that Mr. Arko testified that the November 1997 Newsletter was intended to satisfy ERISA Section 204(h) notice obligations because it disclosed the benefit accrual freeze for participants, which was the

only reduction in (more accurately, cessation of) future benefit accruals.  Further, the proposed

finding takes quotations of testimony out of context and is misleading.

266.        Denied except as otherwise stated herein.  Defendants admit that Mr. Arko

testified that the Retirement Information Kits were not intended to be 204(h) notices, but he did

not address whether they would satisfy the requirements of Section 204(h).  The rest of the

finding of fact is inaccurate and misleading.

267.        Denied except as otherwise stated herein**.**  Defendants deny the finding of

fact on the grounds that the document in question is a written document whose terms speak for

themselves.  Notwithstanding the foregoing, Defendants admit that testimony Plaintiffs cite in

the proposed finding is accurately quoted.  The rest of the finding of fact is denied.

268.        Denied.

269.        Denied except as otherwise stated herein**.**  Defendants deny the finding of

fact on the grounds that the SPD in question is a written document whose terms speak for

themselves.  Notwithstanding the foregoing, Defendants admit that the SPD describes how

benefits are earned under Part B, including benefit credits and interests credits.

270.        Admitted.  Both parties could have called Mr. Arko to testify at trial and

elected not to do so.

271.        Denied.  Stewart Beltz was appointed as the Plan Administrator and that

appointment was communicated to Plan participants in the SPDs.

272.        Defendants deny the first sentence of the proposed finding.  Mr. Beltz was

appointed as the Plan Administrator, as set forth in the SPDs, and ERISA specifically assigns

responsibility for the distributor of the Section 204(h) notice, SMM and SPD to the Plan

Administrator.  Defendants admit the remainder of the proposed finding, but deny that Mr. Beltz played no role in reviewing any benefit communications.

273.     Admitted.

274.     Denied except as otherwise stated herein**.**  Defendants deny the finding of fact on the grounds that the documents in question are written documents whose terms speak for themselves.

275.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Stratman's report and trial testimony.  Notwithstanding the foregoing, Defendants admit that Stratman's expert report makes the statements cited in the finding of fact, but deny that these statements are correct.

276.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document, which addresses benefit changes that occurred after Section 204(h) was amended in 2001 and new 204(h) disclosure regulations were adopted in 2003.  By way of further response, the November 1997 Newsletter uses similar terminology regarding the benefit freeze.  The Newsletter provides that "Employees participating in the new CIGNA Retirement Plan will stop earning benefits under the current Pension Plan on December 31, 1997."  (Ex. 516, at 5 [D00611]).

277.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for

themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted select portions of the document.

278.    Defendants deny the accuracy of the characterization of Mr. Durham's testimony as cited in Plaintiffs proposed finding of fact.  Further, Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

279.    Denied except as otherwise stated herein.  Defendants deny the proposed finding except that Defendants admit that, to the extent that Plaintiffs offered direct quotations from Mr. Sher's report, each such quotation was accurate, although taken out of context so as to obfuscate the intended meaning of such language and to mischaracterize Mr. Sher's testimony, which does not contradict his report.

280.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted articles constitute hearsay and the quotations within the article are hearsay within hearsay.  The proposed finding is also irrelevant, as the opinions expressed in news articles has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. There also is no evidence that Mr. Strella was involved in preparing the Newsletter or the Retirement Information Kits.  Notwithstanding the foregoing, Defendants admit that the article Plaintiffs cite is accurately quoted, but is only a partial quote.

281.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  By way of further response, the Newsletter describes in general terms the cash

71

balance plan and also describes the benefit freeze that resulted in a reduction in / cessation of future benefit accruals for affected participants.

282.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

283.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

284.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants admit that the benefit freeze is disclosed in the Newsletter. By way of further response, the November 1997 Newsletter provides that "Employees participating in the new CIGNA Retirement Plan will stop earning benefits under the current Pension Plan on December 31, 1997."  (Ex. 516, at 5 [D00611]).

285.     Defendants admit the first sentence of the proposed finding and admit that Stratman gave the testimony attributable to him in the second sentence of the proposed finding. Defendants deny, however, the substantive of the second sentence of the proposed finding.

286.     Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted article constitutes hearsay.  The proposed finding is also irrelevant, as the opinions expressed in news articles or periodicals regarding general principles of economics have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether

CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants admit that the article Plaintiffs cite is accurately cited.

287.    Denied except as otherwise stated herein. Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

288.    Denied except as otherwise stated herein. Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

289.    Denied except as otherwise stated herein. Defendants deny the finding of fact on the grounds that the Interrogatory responses cited do not actually state what Plaintiffs claim. Defendants admit that the cash balance amendment was a material amendment to the Plan.

290.    Denied except as otherwise stated herein. The cited exhibit refers to participants who were not converted to the cash balance plan. Accordingly, Defendants deny the proposed finding because it is irrelevant and misleading.

291.    Denied except as otherwise stated herein. Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that the finding of fact accurately quotes, in part, a portion of the document.

292.    Denied except as otherwise stated herein. Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves. Notwithstanding the foregoing, Defendants admit that the finding of fact accurately quotes, in part, a portion of the document.

293.        Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that the finding of fact accurately quotes, in part, a portion of the document.

294.        Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that the finding of fact accurately quotes, in part, a portion of the document.

295.        Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that the finding of fact accurately quotes, in part, a portion of the document.

296.        Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that the finding of fact accurately quotes, in part, a portion of the document.

297.        Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that the finding of fact accurately quotes, in part, a portion of the document.

298.        Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for

themselves.  Notwithstanding the foregoing, Defendants admit that the finding of fact accurately

quotes, in part, a portion of the document.

299.    Denied except as otherwise stated herein.  Defendants deny the finding of

fact on the grounds that the document in question is a written document whose terms speak for

themselves.  Notwithstanding the foregoing, Defendants admit that the finding of fact accurately

quotes, in part, a portion of the documents.  To the extent Plaintiffs provide direct quotations

from the documents, such quotations are accurate, but sometimes taken out of context and,

therefore, misleading in some cases.

300.    Defendants deny the proposed finding because it is based on inadmissible

evidence.  Specifically, the quoted documents constitute hearsay.  The proposed finding is also

irrelevant, as the documents have no bearing on whether CIGNA's cash balance plan violates

ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure

requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the

foregoing, Defendants admit that the documents Plaintiffs quote are quoted accurately.

301.    Denied except as otherwise stated herein.  Defendants admit that employees

generally were not provided with comparisons of the cash balance formula versus what their

benefits would have been had the cash balance formula not been adopted.

302.    Defendants deny the proposed finding because it is based on inadmissible

evidence.  Specifically, the cited article and presentation constitute hearsay.  The proposed

finding is also irrelevant, as the opinions expressed in news articles or periodicals regarding cash

balance plans generally have no bearing on whether CIGNA's cash balance plan violates ERISA,

whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or

whether CIGNA has violated Section 204(g) of ERISA.  There is no evidence that the article and

presentations referenced in the finding of fact were ever provided to CIGNA.   Notwithstanding the foregoing, Defendants admit that, to the extent Plaintiffs offer direct quotations from said communications, such quotations are technically accurate.  The presentation also describes numerous other benefits of cash balance plans for employees and employers.

303.     Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the cited presentation constitutes hearsay.  The proposed finding is also irrelevant, as the advice received by CIGNA in contemplating a cash balance plan has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants deny that Plaintiffs have accurately cited the exhibit.

304.     Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the cited presentation constitutes hearsay.  The proposed finding is also irrelevant, as the advice received by CIGNA in contemplating a cash balance plan has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately described a portion of the offered exhibit.

305.     Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the cited presentation constitutes hearsay.  The proposed finding is also irrelevant, as the advice received by CIGNA in contemplating a cash balance plan has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section

204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted the offered exhibit, although Plaintiffs have offered only a partial quote, thereby failing to express the full scope of the information presented by the author.

306.     Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the cited presentation constitutes hearsay.  The proposed finding is also irrelevant, as the advice received by CIGNA in contemplating a cash balance plan has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted the offered exhibit in part.

307.     Admitted, except that the quoted language is only a partial quote and does not contain Defendants' full response.

308.     Defendants deny the proposed finding because it is irrelevant, as the details of CIGNA's arrangement with a consultant for the purpose of creating employee communications has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  CIGNA's intent is not material to that analysis.

309.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

310.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for

themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately

quoted the September 13, 1997 email in part.

311.    Defendants admit that when Part B was adopted, CIGNA did not generally

provide participants with side by side comparisons of what their benefits might have been under

certain assumptions had CIGNA's traditional pension plan continued versus what their benefits

might be under certain assumptions in the future under Part B.  Defendants further admit that

exceptions were made for some participants who did receive such comparisons.  In addition, all

participants received Total Compensation Reports before the conversion indicating the pension

benefits they had earned to date and what they might expect to earn going forward, all under the

traditional formula.  These same participants received similar Total Compensation Reports after

the adoption of Part B showing the same information, but under the Part B cash balance formula.

Thus, participants were provided with sufficient information to compare how Part B affected

them personally.

312.    Denied except as otherwise stated herein.  Defendants deny the finding of

fact on the grounds that the document in question is a written document whose terms speak for

themselves.  To the extent that Plaintiffs offer direct quotations from the cited exhibit, such

quotations are technically accurate in part, although misleading because of the information that is

omitted.

313.    Denied except as otherwise stated herein.  Defendants deny the proposed

finding because it is based on inadmissible evidence.  Specifically, the quoted witness statement

constitutes hearsay, as Defendants never agreed in advance that the direct testimony of witnesses

could be submitted in statement form.  The proposed finding is also irrelevant, as CIGNA's

comparison of Ms. Biggs' benefits has no bearing on whether CIGNA's cash balance plan

violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  In addition, the finding of fact does not accurately quote the documents cited.

314.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based, in part, on inadmissible evidence.  Specifically, the quoted e-mails constitute hearsay.  Defendants also deny the finding of fact on the grounds that the documents in question are written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that, to the extent that Plaintiffs offer direct quotations from said communications, such quotations are technically accurate.

315.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based, in part, on inadmissible evidence.  Specifically, the quoted e-mails constitute hearsay.  Defendants also deny the finding of fact on the grounds that the documents in question are written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that, to the extent that Plaintiffs offer direct quotations from said communications, such quotations are technically accurate, although incomplete.

316.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based, in part, on inadmissible evidence.  Specifically, the quoted e-mails constitute hearsay.  Defendants also deny the finding of fact on the grounds that the documents in question are written documents whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted the cited email, however, such quotation was offered as a partial quote, thereby failing to express the full scope of the information presented by the author.

317.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based, in part, on inadmissible evidence.  Specifically, the quoted e-mails constitute hearsay.  Defendants also deny the finding of fact on the grounds that the documents in question are written documents whose terms speak for themselves.  Notwithstanding the foregoing, Defendants deny that Plaintiffs have accurately quoted the cited email.

318.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted the cited document, in part.

319.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted the cited document, in part, but have taken it out of context.

320.    Defendants deny the proposed finding because it is irrelevant, as these discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately quoted the cited document, in part.

321.    Denied.

322.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant, as these discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan

80

violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Moreover, the quotations from the document are incomplete and taken out of context.

323.     Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted article constitutes hearsay.  The proposed finding is also irrelevant, as the opinions or facts expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately described the content of such articles in part.

324.     Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted article constitutes hearsay.  The proposed finding is also irrelevant, as the opinions expressed in news articles or periodicals regarding cash balance plans have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

325.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant, as these discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

326.        Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant, as these discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

327.        Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant, as these discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

328.        Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant, as these discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

329.        Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant, as these discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan

violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

330.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant, as these discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

331.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant, as these discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

332.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant, as these discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

333.    Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant, as these

discussions between CIGNA employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Defendants further deny the statements in the first sentence of the finding of fact.

334.     Denied except as otherwise stated herein. Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves. Defendants further deny the proposed finding because it is irrelevant, as communications regarding the popularity of CIGNA's cash balance plan and CIGNA's public relations outlook have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants deny the proposed finding except that, to the extent Plaintiffs have provided direct quotations from electronic communications, such quotations are technically accurate.

335.     Denied except as otherwise stated herein. Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves. Defendants further deny the proposed finding because it is irrelevant, as communications regarding the popularity of CIGNA's cash balance plan and CIGNA's public relations outlook have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA. Notwithstanding the foregoing, Defendants deny the proposed finding and, to the extent Plaintiffs have provided direct quotations from electronic communications, such quotations are inaccurate and misleading.

336.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant, as communications regarding the popularity of CIGNA's cash balance plan and CIGNA's public relations outlook have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants deny the proposed finding and, to the extent Plaintiffs have provided direct quotations from electronic communications, such quotations are inaccurate and misleading.

337.     Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Defendants further deny the proposed finding because it is irrelevant, as communications regarding the popularity of CIGNA's cash balance plan and CIGNA's public relations outlook have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants deny the proposed finding and, to the extent Plaintiffs have provided direct quotations from electronic communications, such quotations are inaccurate and misleading.

338.     Admitted.

339.     Admitted.[5]

340.     Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Ms. Amara's testimony accurately but otherwise deny the proposed finding of fact as

---

[5]     Defendants further respond to proposed findings numbers 339-343 herein by directing the Court's attention to paragraphs 311-326 of Defendants' Post-Trial Proposed Findings of Fact.

misleading and inaccurate.  Ms. Amara testified that she did not read the Part B SPD before she

returned to CIGNA, and when she did read it in 1999, she did not read it carefully, but simply

skimmed through it.  DFF ¶ 317.  Beginning in 1999, Ms. Amara received annual account

statements and Total Compensation Reports the described the exact amount of her Part B

benefits.  DFF ¶ 320.  Ms. Amara understood that the purpose of the annual cash balance benefit

statement that CIGNA provided to her on an annual basis was to illustrate to participants how

their account operated, what their benefit credits were and what their interest credits were.

Amara Tr. 48.

341.    Denied except as otherwise stated herein.  Defendants admit that Ms. Amara

received a Total Compensation Report in 2001 and that Plaintiffs cite Ms. Amara's testimony

correctly but otherwise deny the proposed finding of fact as misleading and inaccurate.  Ms.

Amara understood that the Total Compensation Report  portrayed what she had already earned

and what those earnings would yield to her on an annual basis, as well as what she could earn

with future service and what that benefit would be on an annual basis.  Amara Tr. 52-53.

Plaintiffs also are mixing up Ms. Amara's normal retirement benefits and her subsidized early

retirement benefits.

342.    Denied except as otherwise stated herein.  Defendants admit that Plaintiffs

cite Ms. Amara's testimony accurately but otherwise deny the proposed finding of fact as

misleading and inaccurate.  Ms. Amara in fact understood what a "wearaway" was at the time

Mr. Lynch spoke with her, and the DOL confirmed to her that the "wearaway" was legal.  DFF ¶

318.

343.    Denied except as otherwise stated herein.  Defendants admit that Plaintiffs

cite Ms. Amara's testimony accurately but otherwise deny the proposed finding of fact as

misleading and inaccurate.  Ms. Amara testified that she declined to pursue employment at

Massachusetts Mutual because of her positive past work experience at CIGNA.  Amara Tr. 23,

46.  Furthermore, she testified that she received a signing bonus from CIGNA and knew that her

salary was not static.  Amara Tr. 46.

344.     Admitted.[6]

345.     Denied except as otherwise stated herein.  Defendants admit that Plaintiffs

cite Ms. Broderick's testimony accurately but otherwise deny the proposed finding of fact as

misleading and incomplete.  Ms. Broderick admitted that she was never advised she would be

placed in the Part A plan upon her return to CIGNA in 2000, but merely assumed it.  Broderick

Tr. 124-26.  She maintained this unfounded assumption even though she received and carefully

annual account statements and Total Compensation Reports that described the exact amount of

her Part B benefits, and never raised any questions about them.  DFF ¶ 334.

346.     Denied except as otherwise stated herein.  Defendants admit that Plaintiffs

cite Ms. Broderick's testimony accurately but otherwise deny the proposed finding of fact as

misleading.  Despite her alleged concern about Part B, Ms. Broderick and her husband never

prepared a financial plan.  DFF ¶ 341.

347.     Denied except as otherwise stated herein.  Defendants admit that Plaintiffs

cite Ms. Broderick's testimony accurately but otherwise deny the proposed finding of fact as

misleading.  Ms. Broderick admitted she did not read the Total Compensation Report CIGNA

provided to her.  Broderick Tr. 136.

348.     Denied except as otherwise stated herein.  Defendants admit that Plaintiffs

cite Ms. Broderick's testimony accurately but otherwise deny the proposed finding of fact as

---

[6]     Defendants further respond to proposed findings numbers 344-49 herein by directing the Court's attention to
paragraphs 327-349 of Defendants' Post-Trial Proposed Findings of Fact.

misleading.  Ms. Broderick also admitted that when she returned to CIGNA in 2000, she knew

the SPD was available on CIGNA's Intranet website, but did not review it until 2002.  DFF ¶

335.  Ms. Broderick admitted she did not read the Total Compensation Report CIGNA provided

to her, which would have provided her the information she needed.  Broderick Tr. 136.

349.    Denied except as otherwise stated herein.  Defendants admit that Plaintiffs

cite Ms. Broderick's testimony accurately but otherwise deny the proposed finding of fact as

misleading.  Although Ms. Broderick testified that she was interested in returning to CIGNA so

she could be eligible for retiree medical benefits and earn additional pension benefits, she never

initiated contact with CIGNA to explore re-employment.  However, representatives of CIGNA

did initiate contact with her to ask her to consider returning in 2000.  DFF ¶ 332.

350.    Admitted.[7]

351.    Denied except as otherwise stated herein.  Defendants admit that Plaintiffs

cite Ms. Flannery's testimony accurately but otherwise deny the proposed finding of fact as

inaccurate and misleading.  During the interview process, Ms. Flannery asked the Human

Resources representative about her pension, and was told that her previous service would be

bridged, that she would get her pension, and that more information would be provided in

orientation when she began her job.  DFF ¶ 371.  The materials provided on the first day of

orientation instructed Ms. Flannery to contact the pension department for more information on

her pension.  Two months later, at the beginning of 2001, she spoke with human resources

regarding her pension.  DFF ¶ 372.  Although Ms. Flannery claimed that she would not have

returned to CIGNA had she known she would be placed in Part B, she had been working for

---

[7]    Defendants further respond to proposed findings numbers 350-57 herein by directing the Court's attention to
paragraphs 366-82 of Defendants' Post-Trial Proposed Findings of Fact.

years doing calligraphy and framing and not earning any pension, and she did not turn down any other job offers to work for CIGNA.  DFF ¶ 373.

352.    Denied except as otherwise stated herein.  Defendants admit that Ms. Flannery testified that she retained a lawyer who sent two letters to John Arko but otherwise deny the proposed finding of fact as inaccurate and misleading.  DFF ¶ 379.  Ms. Flannery testified that she received a letter informing her that the SPDs she requested would be forthcoming, and then received another letter directing her to the Part B SPD posted on CIGNA's Intranet.  Flannery Tr. 917-919.  Ms. Flannery admitted that even when she was told that the Part B SPD was available online, she did not review it.  DFF ¶ 374.

353.    Denied except as otherwise stated herein.  Defendants admit that Ms. Flannery called Prudential Retirement in July 2004 to inquire regarding her service credits for her prior CIGNA employment.  DFF ¶ 378.

354.    Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Ms. Flannery's testimony accurately but otherwise deny the proposed finding of fact as inaccurate and misleading.  Prudential reviewed Ms. Flannery's prior CIGNA employment service history and determined that an error had been made in the calculation of Ms. Flannery's opening account balance.  Prudential then recalculated her opening account balance and sent her a statement indicating how such balance was derived.  DFF ¶ 380.

355.    Defendants admit that Plaintiffs cite the Court's statements accurately but otherwise deny the proposed finding of fact as misleading and incomplete.  Defendants agreed not to present testimony on these Count 5 issues during trial because of the pending settlement discussions between the parties.  Per the agreement at trial, if, for some reason, testimony

regarding these Count 5 issues becomes necessary, Defendants will call the appropriate witnesses at trial.

356.    Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Mr. Arko's deposition testimony accurately but otherwise deny the proposed finding of fact as misleading and incomplete.  Mr. Arko testified that in light of a calculation error such as Ms. Flannery's, Prudential would "take further steps to decide if there is something beyond a simple specific series of events that led to this person's misstatement."  Arko 4/2006 Dep. at 204.  He further stated that Ms. Flannery's circumstances was not determined to require examination on a broader basis.  Arko 4/2006 Dep. at 203.  By way of further response, Defendants agreed not to present testimony on these Count 5 issues during trial because of the pending settlement discussions between the parties.  Per the agreement at trial, if, for some reason, testimony regarding these Count 5 issues becomes necessary, Defendants will call the appropriate witnesses at trial.

357.    Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Ms. Flannery's testimony accurately but otherwise deny the proposed finding of fact as misleading and incomplete.  Although Ms. Flannery claimed that she would not have returned to CIGNA had she known she would be placed in Part B, she had been working for years doing calligraphy and framing and not earning any pension, and that she did not turn down any other job offers to work for CIGNA.  DFF ¶ 373.  Even though she claimed that had she known that rehired employees would be participants in Part B, she would have negotiated a higher salary upon her rehire, Ms. Flannery conceded on cross examination that, in fact, she tried to negotiate a higher salary upon her rehire, but was unsuccessful.  DFF ¶ 370.  Ms. Flannery was uncertain

as to whether she increased her 401(k) contributions after learning that she was in Part B. Flannery Tr.  905.

358.    Admitted.[8]

359.    Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Ms. Glanz's testimony accurately but otherwise deny the proposed finding of fact as inaccurate and misleading.  In 1997, Ms. Glanz received the November 1997 Newsletter and Retirement Kit describing the Part B cash balance plan.  In 1998, she received the Part B SPD, but did not read that document carefully.  In 1999, she received the revised Part B SPD, but did not read that document carefully.  DFF ¶ 344.

360.    Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Ms. Glanz's testimony accurately but otherwise deny the proposed finding of fact as inaccurate and misleading.  Beginning in 1998, Ms. Glanz received annual account statements and Total Compensation Reports that described the exact amount of her Part B benefits.  She acknowledged that because she was only about 40 years old at the time, she did not pay close attention to any pension-related information provided to her by CIGNA.  DFF ¶ 345.  Ms. Glanz read the first annual account statement carefully, understood what her benefits under Part B were, and thereafter did not read these statements carefully because she already understood what they portrayed.  DFF ¶ 346.  Ms. Glanz admitted that she would have stayed with CIGNA, even if she knew that her pension was being reduced.  While she alleges that she would have requested a pay increase, she conceded that raises typically were not negotiated at CIGNA.  DFF ¶ 353.

---

[8]    Defendants further respond to proposed findings numbers 358-61 herein by directing the Court's attention to paragraphs 343-55 of Defendants' Post-Trial Proposed Findings of Fact.

361.        Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Ms. Glanz's testimony accurately but otherwise deny the proposed finding of fact as inaccurate and misleading.  As a result of the information communicated on the annual account statements, Ms. Glanz was aware that there was a toll-free number she could call to raise questions about her Part B opening account balance and benefits, but she never did so.  Ms. Glanz opted not to request a pension estimate, because she understood that all of the "factors" affecting her pension amount could change substantially in the future, and that interest rates could fluctuate.  DFF ¶ 347.

362.        Admitted.[9]

363.        Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Mr. Charette's testimony accurately but otherwise deny the proposed finding of fact as misleading.  Mr. Charette admitted that in 1997, he received the November 1997 Newsletter and the Retirement Kit describing the Part B cash balance plan, but did not read the entire document.  DFF ¶ 358.  In 1998, he received the Part B SPD, but did not read it carefully.  He found nothing misleading in the SPD.  In 1999, he received the revised Part B SPD, but did not read it carefully.  There is nothing he found misleading in the SPD.  DFF ¶ 359.

364.        Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Mr. Charette's testimony accurately but otherwise deny the proposed finding of fact as misleading.  Beginning in 1998, Mr. Charette received annual account statements and Total Compensation Reports that described the exact amount of his Part B benefits.  Upon receiving the first report, which described his Part B opening account balance, he contacted the CIGNA

---

[9]    Defendants further respond to proposed findings numbers 362-65 herein by directing the Court's attention to paragraphs 356-65 of Defendants' Post-Trial Proposed Findings of Fact.

benefits counselors, who explained why he had been placed in Part B and how his opening account balance had been determined.  DFF ¶ 360.

366.        Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Mr. Charette's testimony accurately but otherwise deny the proposed finding of fact as inaccurate misleading.  Mr. Charette did not alter his retirement goals, increase his 401(k) plan contributions, or change his decision to remain employed at CIGNA based on the information he received regarding the amount of his Part B opening account balance.  DFF ¶ 363.

366.        Admitted.[10]

367.        Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Mr. Upton's testimony accurately but otherwise deny the proposed finding of fact as misleading.  Mr. Upton's financial advisor was able to incorporate the pension information set forth in the Total Compensation Report and individual account statement CIGNA provided him regarding his cash balance into a financial plan.  DFF ¶ 401.

368.        Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Mr. Upton's testimony accurately, that Mr. Upton received a comparison of benefits, and that said comparison reflected the stated results.

369.        Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Mr. Upton's testimony accurately but otherwise deny the proposed finding of fact as inaccurate and misleading.  The pension information set forth in the Total Compensation Report and individual account statement CIGNA provided him regarding his cash balance had no impact on the amount Mr. Upton was contributing to his 401(k) account, as he had already reached the maximum contribution limits.  DFF ¶ 402.

---

[10]    Defendants further respond to proposed findings numbers 366-70 herein by directing the Court's attention to paragraphs 395-407 of Defendants' Post-Trial Proposed Findings of Fact.

370.     Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Mr. Upton's testimony accurately but otherwise deny the proposed finding of fact as misleading.  Mr. Upton never clarified his interpretation of his supervisor's comments and provided no foundation for considering the comments to be a "warning."

371.     Admitted.[11]

372.     Admitted that Plaintiffs cite Ms. Hogan's testimony accurately.

373.     Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Ms.  Hogan's testimony accurately but otherwise deny the proposed finding of fact as misleading.  Beginning in 1998, Ms. Hogan received annual account statements and Total Compensation Reports that described the exact amount of her Part B benefits, how her opening account balance was created, and how her cash balance account grew with pay and interest credits.  DFF ¶ 389.

374.     Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Ms.  Hogan's testimony accurately but otherwise deny the proposed finding of fact as inaccurate and misleading.  Ms. Hogan had received the 1998 Part B SPD, but did not read it carefully.  DFF ¶ 388.  Further, Ms. Hogan's testimony establishes that participants were able to compare their benefits under the prior benefit formula versus the cash balance formula, using the information in the Total Compensation Reports.

375.     Denied except as otherwise stated herein.  Defendants admit that Plaintiffs cite Ms.  Hogan's testimony accurately but otherwise deny the proposed finding of fact as inaccurate and misleading.  Although Ms. Hogan claimed that she would have increased her savings had she better understood her pension benefits, she admitted that she made no

---

[11]     Defendants further respond to proposed findings numbers 371-75 herein by directing the Court's attention to paragraphs 383-94 of Defendants' Post-Trial Proposed Findings of Fact.

adjustments to her savings and even purchased a more expensive house after she learned that her benefits were less than she expected.  DFF ¶ 392.  Despite her alleged concerns, Ms. Hogan did not retire from CIGNA until 2001 and has made no effort to obtain employment since retiring from CIGNA.  DFF ¶ 394.  Moreover, Ms. Hogan decided not to apply for other jobs in early 1997, before the cash balance plan was even announced.

376.     Denied.  Bruce Charette testified that he found nothing misleading in the 1998 or 1999 SPDs.  DFF ¶ 359.

377.     The proposed finding of fact has nothing to do with the testimony or documents presented as evidence at trial.  Instead, it purports to describe the resolution of certain discovery disputes between the parties.

378.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that Section 2.4 of the prior plan document contained certain provisions regarding rehired employees, which are set forth in the plan document.  Ex. 2, Part A, Section 2.4.

379.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that Part A was amended at the same

time that Part B was amended to provide that terminated participants who are rehired shall be placed into Part B.

380.    Defendants admit that the Third Circuit in the <u>Depenbrock v. CIGNA</u> case determined that Part B was not effective as to Mr. Depenbrock until December 21, 1998.

381.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Defendants deny that the amendment was likely to affect vested separated participants upon the amendment.  The only former employees that would be affected by the amendment are those former employees who subsequently rejoined CIGNA at some time in the future.

382.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Defendants admit that the Newsletter did not mention the rehire provisions of Parts A and B, but that the Retirement Information Kits and SPDs did disclose the rehire provisions of Parts A and B.

383.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of

ERISA.  Notwithstanding the foregoing, Defendants admit the proposed finding of fact except that Defendants deny that "no explanation was given of the impact of that change."

384.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

385.     Admitted, except that such participants were provided information about their benefits, including the cash balance plan, upon their rehire.

386.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that the finding of fact quotes, in part, Defendants' Interrogatory responses.

387.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.

388.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as any issues related to the rehire rule have no bearing on whether

CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Defendants further deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  Notwithstanding the foregoing, Defendants admit that the finding of fact accurately quotes, in part, the SPD.

389.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Defendants admit that former employees who participated in Part A would only receive a Part B SPD upon their rehire unless they requested such an SPD prior to that time.

390.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Plaintiffs' factual analysis is misleading and distorted.  Only those particular former employees who had, as of December 15, 1997, a reasonable expectation of returning to CIGNA's employ were likely to be affected by the rehire provisions of Part A and Part B.  The cited evidence does not identify how many, or which, former employees had a reasonable expectation of returning to covered employment at that time.

391.     Denied except as otherwise stated herein.  Defendants admit that Plaintiff quotes Mr. Sher's trial testimony, although in part only and without context, in that the former employees referenced as "still part of Part A" are those former employees who were Part A

participants and either separated from employment with CIGNA prior to the adoption of Part B or those former employees who remained participants of Part A even after the adoption of Part B but are no longer employed by CIGNA.  The proposed finding is also irrelevant, as Mr. Sher's statement that the pension benefits of certain rehires "may be being affected in some way because they are moving from A to B" has no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Furthermore, Mr. Sher explained that the pension benefits of rehires may be affected upon their rehire, not upon the adoption of Part B.  Mr. Sher also explained that the benefit accrual rate of these individuals (no matter how defined) would increase, not decrease, upon their rehire.

392.    Denied as stated.  Defendant admits that Plaintiffs accurately quote Mr. Sher's trial testimony, although in part only and not in context as a result.  Defendant denies that Plaintiffs' characterization of Mr. Sher's testimony with regard to his understanding of the facts and circumstances involving rehires at the time that Part B was adopted is accurate, however. Rather, Plaintiffs' mischaracterization of Mr. Sher's trial testimony is expressly misleading and inaccurate, in that Mr. Sher did not testify that it was his understanding that "only a 'relatively small number' of employees, or 'less than maybe two or three thousand' … would have been affected by the rehire rule.  Mr. Sher was asked to identify what a "relatively small number would be" out of a class of 26,000.  The proposed finding is also irrelevant, as Mr. Sher's knowledge of how many people were affected by Part B's rehire rule after the fact would have no bearing on whether, in retrospect, the CIGNA Plan administrator should have issued 204(h) notices to former employees at the time Part B was adopted without any other indication that more than a relatively small portion of that population may be rehired in the future.

99

393.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Mr. Stratman's report and testimony.  The proposed finding is also irrelevant, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Defendants admit that some rehires wanted to participate in the prior plan formula.  Defendants admit that Plaintiffs cite Mr. Stratman's testimony accurately, but deny that this statements are correct.

394.    Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as any issues related to the rehire rule have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.  Notwithstanding the foregoing, Defendants admit that, to the extent that Plaintiffs offer direct quotations from said communications, such quotations are technically accurate, although incomplete.

395.    Denied except as otherwise stated herein.  Defendants further deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

396.    Denied except as otherwise stated herein.  Defendants further deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  To the extent Plaintiffs have provided a direct quotation from the cited document, such quotation is technically accurate, though it is a partial quotation so as to obfuscate the intent of the author.

397.        Admitted.

398.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is irrelevant, as communications relating to the potential state of mind of re-hired employees have no bearing on whether CIGNA's cash balance plan violates ERISA, whether CIGNA's SPD and Section 204(h) notice satisfy ERISA's disclosure requirements, or whether CIGNA has violated Section 204(g) of ERISA.   Notwithstanding the foregoing, Defendants deny the proposed finding except that, to the extent Plaintiffs have provided direct quotations from electronic communications, such quotations are technically accurate.

399.        Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, the quoted witness statement constitutes hearsay, as Defendants never agreed in advance that the direct testimony of witnesses could be submitted in statement form.  Notwithstanding the foregoing, Defendants admit that the witness statement Plaintiffs cite in the proposed finding is accurately quoted, but deny the truth of those statements.

400.        Denied except as otherwise stated herein.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.  To the extent Plaintiffs have provided a direct quotation from the cited document, such quotation is technically accurate.[12]

401.        Denied.  Defendants provided exemplars of statements that notified participants of what their benefits would be in different forms, including in the form of an annuity based on the minimum benefit.

---

[12]    Defendants further respond to proposed findings numbers 400-42 herein by directing the Court's attention to paragraphs 408-34 of Defendants' Post-Trial Proposed Findings of Fact.

402.        Denied.  Defendants provided exemplars of statements that notified participants of what their benefits would be in different forms, including in the form of an annuity based on the minimum benefit.

403.        Denied.  Defendants deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

404.        Defendants admit that Mr. Robinson could have elected to delay receipt of his benefit until he became entitled to an age-55 subsidized early retirement minimum benefit that was protected under Part B and that he would have been entitled to benefits in accordance with the terms of Part B had he done so.

405.        Denied.  Defendants deny the accuracy of Plaintiffs' description of the content of Defendants' interrogatory response.

406.        Denied except as otherwise stated herein.  Defendants further deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

407.        Denied except as otherwise stated herein.  Defendants further deny the finding of fact on the grounds that the document in question is a written document whose terms speak for themselves.

408.        Defendants deny the proposed finding except that, to the extent Plaintiffs have provided a direct quotation from deposition testimony, such quotation is technically accurate, though removed from context.

409.        Denied except as otherwise stated herein.  Defendants deny the proposed finding as it is irrelevant, as the cited exhibits have no bearing on whether plan participant's minimum benefits were protected under Section 204(g) of ERISA.  By way of further response,

Part B always requires that minimum benefits be protected and the Plan Administrator and record keeper have procedures in place to ensure that the terms of the Plan are followed and that all participants receive the benefits to which they are entitled under the Plan and under ERISA. Although there was a mistake in Ms. Amara's initial benefit calculations, that mistake was corrected and Ms. Amara received all of the benefits to which she was entitled.

410.    Denied except as otherwise stated herein.  Defendants deny the proposed finding as it is irrelevant, as the cited exhibits have no bearing on whether plan participant's minimum benefits were protected under Section 204(g) of ERISA.  By way of further response, Part B always requires that minimum benefits be protected and the Plan Administrator and record keeper have procedures in place to ensure that the terms of the Plan are followed and that all participants receive the benefits to which they are entitled under the Plan and under ERISA. Although there was a mistake in Ms. Amara's initial benefit calculations, that mistake was corrected and Ms. Amara received all of the benefits to which she was entitled.

411.    Defendants deny the first sentence of the proposed finding on the ground that the document in question is a written document whose terms speak for themselves.  Defendants deny the remainder of the proposed finding insofar as it suggests the Plan Administrator has not provided sufficient information regarding present value to comply with the terms of the Plan.

412.    Denied except as otherwise stated herein.  Defendants object to the proposed finding because it is irrelevant.  To the extent any class member believes that his or her benefit election form unlawfully omitted the present value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator.  Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims.  By way

of further response, no Plaintiff claims to have received inadequate present value disclosures or to have been harmed by the absence of any such information.

413.     Denied except as otherwise stated herein.  Defendants object to the proposed finding because it is irrelevant.  To the extent any class member believes that his or her benefit election form unlawfully omitted the present value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator.  Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims.  By way of further response, no Plaintiff claims to have received inadequate present value disclosures or to have been harmed by the absence of any such information.  Notwithstanding the foregoing, Defendants admit that Plaintiffs have accurately cited deposition testimony, but take the testimony out of context.  Defendants deny the finding of fact on the grounds that the SPD in question is a written document whose terms speak for themselves.

414.     Denied except as otherwise stated herein.  Defendants deny the proposed finding because it is based on inadmissible evidence.  Specifically, Defendants continue to object to the admission of Mr. Stratman's report and trial testimony.  The proposed finding is also irrelevant.  To the extent any class member believes that his or her benefit election form unlawfully omitted the present value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator.  Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims.  By way of further response, no Plaintiff claims to have received inadequate present value disclosures or to have been harmed by the absence of any such information.  Notwithstanding the foregoing, Defendants admit that the excerpt of Mr. Stratman's report Plaintiffs cite is accurately quoted, but is only a partial quote.

Defendants deny the finding of fact on the grounds that the documents in question are written documents whose terms speak for themselves.

415.     Denied except as otherwise stated herein.  Defendants admit that Mr. Poulin's expert report draws the conclusions described in the proposed finding, but deny the accuracy or legal sufficiency of his conclusions.  Furthermore, Defendants object to the proposed finding because it is irrelevant.  To the extent any class member believes that his or her benefit election form unlawfully omitted the present value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator.  Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims.  By way of further response, no Plaintiff claims to have received inadequate present value disclosures or to have been harmed by the absence of any such information.  Defendants deny the finding of fact on the grounds that the benefit commencement package is a written document whose terms speak for themselves

416.     Denied except as otherwise stated herein.  Defendants object to the proposed finding because it is irrelevant.  To the extent any class member believes that his or her benefit election form unlawfully omitted the present value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator.  Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims.  By way of further response, no Plaintiff claims to have received inadequate present value disclosures or to have been harmed by the absence of any such information.  Defendants deny the finding of fact on the grounds that the benefit commencement package is a written document whose terms speak for themselves.

417.        Denied except as otherwise stated herein.  Defendants object to the proposed finding because it is irrelevant.  To the extent any class member believes that his or her benefit election form unlawfully omitted the present value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator.  Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims.  By way of further response, no Plaintiff claims to have received inadequate present value disclosures or to have been harmed by the absence of any such information.  Defendants deny the finding of fact on the grounds that the benefit commencement package is a written document whose terms speak for themselves.  By way of further response, whether a particular benefit is more or less valuable in one form versus another form depends on that participant's own circumstances, including cash flow and other financial needs, as well as life expectancy and marital circumstances.  Defendants further deny the proposed finding to the extent that it relies on the Declaration of Lillian G. Jones (Ex. 191) (and not the attached benefit election form) because the Court specifically held at trial that such declaration was not admissible evidence.  Judge Kravitz Tr. 10.

418.        Denied except as otherwise stated herein.  Defendants object to the proposed finding because it is irrelevant.  To the extent any class member believes that his or her benefit election form unlawfully omitted the present value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator.  Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims.  By way of further response, no Plaintiff claims to have received inadequate present value disclosures or to have been harmed by the absence of any such information.  Notwithstanding the foregoing,

Defendants deny the proposed finding except that Defendants admit that Plaintiffs accurately cite Jones' testimony, although only in part and out of context.

419.    Denied as stated.  Defendants admit that Plaintiffs accurately quote Mr. Poulin's trial testimony, although only in part and out of context.  Defendants further admit that Mr. Poulin testified that he had reason to believe that Ms. Jones "was not an isolated case[,]" but only to the extent that it is admitted that Mr. Poulin testified he had reason to believe that she was not the only Plan participant who was given the choice of electing an annuity that included the value of an early retirement subsidy and a lump sum, which did not.  By way of further response, no Plaintiff claims to have received inadequate present value disclosures or to have been harmed by the absence of any such information.

420.    Denied except as otherwise stated herein.  Defendants object to the proposed finding because it is irrelevant.  To the extent any class member believes that his or her benefit election form unlawfully omitted the present value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator.  Unless and until such exhaustion is completed, this Court lacks subject matter jurisdiction over such claims.  By way of further response, no Plaintiff claims to have received inadequate present value disclosures or to have been harmed by the absence of any such information.  Notwithstanding the foregoing, Defendants deny the proposed finding except that Defendants admit that Plaintiffs accurately cite the declaration and the quoted documents.

421.    Denied except as otherwise stated herein.  Defendants object to the proposed finding because it is irrelevant.  To the extent any class member believes that his or her benefit election form unlawfully omitted the present value of benefit options, that class member is legally required to exhaust such claim with the Plan Administrator.  Unless and until such

exhaustion is completed, this Court lacks subject matter jurisdiction over such claims. By way of further response, no Plaintiff claims to have received inadequate present value disclosures or to have been harmed by the absence of any such information. The finding of fact is denied. CIGNA has not taken the position that the forms of annuity under the cash balance plan were all of equal value.

422.    Defendants admit that Ms. Morris gave the testimony described, but explained that Prudential subsequently determined that certain early retirement benefits might have different values if the participant was entitled to a subsidized early retirement annuity benefit.

423.    Admitted.

424.    Admitted.

425.    Admitted.

426.    Admitted.

427.    Defendants admit that Ms. Morris testified that Prudential was reviewing benefit election forms that post-dated the effective date of the Treasury Department's new regulations regarding present value disclosures to see if any benefits were offered of equal present value. Although it was suggested at trial initially that the date was 2005, that suggestion was subsequently corrected. Morris Tr. 807-810.

428.    Defendants deny the proposed finding of fact. Mr. Sher explained that participants were told about each benefit option, when that option would be paid, and how much the participant would receive.

429.    Defendants deny the last sentence of the proposed finding insofar as Plaintiffs claim that CIGNA's Plan "specifically provided for these disclosures in conformity

with" the new present value disclosure regulations.  The Plan was drafted when the old present value disclosure regulations were in force, and necessarily makes no reference to the requirements of the new present value regulations.  Defendants admit the remainder of the proposed finding.

430.     Denied except as otherwise stated.  Defendants admit that Mr. Sher testified that other companies provided the same type and form of disclosures that were provided by Prudential and CIGNA.  When asked to name specific companies, Mr. Sher identified two of them.

431.     Admitted, except that Mr. Sher testified that there could be many reasons, not just special circumstances, that might cause someone to elect a lump sum over an annuity, regardless of the actuarial value of the two benefits.

432.     Defendants deny the proposed finding on the ground that Plaintiffs, in their selective quotation of Mr. Sher, have ignored Mr. Sher's explanation regarding the specific circumstances under which he believes pending present value information, without more, can be misleading.

433.     Admitted.

434.     Admitted.

435.     Defendants admit the first sentence of the proposed finding.  Defendants deny the remainder of the proposed finding to the extend Plaintiffs' claim that the contents of CIGNA's election form somehow reflected an admission that was contrary to Mr. Sher's opinion or the governing present value regulation, or to the extent Plaintiffs rely on Mr. Bruce's statements to the Court as evidence.

436.        Defendants deny the proposed finding to the extent Plaintiffs claim that their heavily-edited summary of Mr. Sher's testimony regarding Defendants' compliance with the Treasury present value disclosure regulations should be given greater weight than the remaining portions of testimony that Mr. Sher offered on this issue.

437.        Defendants admit the statements in the first sentence of the finding of fact. Defendants deny the second sentence of the proposed finding because it is irrelevant. Plaintiffs' argument regarding compliance with the district court's order in Depenbrock rests on an incorrect reading of that order, which directed only that one individual -- John Depenbrock -- have his benefit recalculated.

438.        Defendants deny the proposed finding because it is irrelevant. The Depenbrock v. CIGNA decision did not Order CIGNA or the CIGNA Pension Plan to restore the 194 rehires between January 1, 1998 and December 21, 1998 or to recalculate benefits for anyone besides Mr. Depenbrock. The court in Depenbrock did not require the Plan Administrator to recalculate benefits for anyone besides Mr. Depenbrock. Nonetheless, since the issuance of that order, the Plan Administrator has been working to ensure that he administers the CIGNA Pension Plan in a manner that is consistent with the Depenbrock decision. To that end, letters were sent to the affected individuals advising them that their benefits were going to be recalculated under the Tier 1 formula.

439.        Admitted, except that the finding of fact only contains a partial quote of the cited letter.

440.        Denied except as otherwise stated herein. Defendants deny the proposed finding because it is irrelevant. Plaintiffs' argument regarding CIGNA's compliance with the district court's order in Depenbrock rests on an incorrect reading of that order, which directed

only that one individual -- John Depenbrock -- have his benefit recalculated. The court in Depenbrock did not require the Plan Administrator to recalculate benefits for anyone besides Mr. Depenbrock. Nonetheless, since the issuance of that order, the Plan Administrator has been working to ensure that he administers the CIGNA Pension Plan in a manner that is consistent with the Depenbrock decision.

441.    Denied except as otherwise stated herein. Defendants deny the proposed finding because it is irrelevant. Plaintiffs' argument regarding CIGNA's compliance with the district court's order in Depenbrock rests on an incorrect reading of that order, which directed only that one individual -- John Depenbrock -- have his benefit recalculated. The court in Depenbrock did not require the Plan Administrator to recalculate benefits for anyone besides Mr. Depenbrock. Nonetheless, since the issuance of that order, the Plan Administrator has been working to ensure that he administers the CIGNA Pension Plan in a manner that is consistent with the Depenbrock decision. Notwithstanding the foregoing, Defendants admit that the participants referenced in the cited exhibit were given the right to elect whether to remain in the cash balance plan or be restored to the Tier 1 plan formula. The remaining statements in the finding of fact are denied.

442.    Admitted.

443.        Admitted.

Respectfully submitted,

Dated:  June 25, 2007

**MORGAN, LEWIS & BOCKIUS LLP**
By:  /s/ Joseph J. Costello
Joseph J. Costello
Jeremy P. Blumenfeld
Jamie M. Kohen
*Admitted pro hac vice*
1701 Market Street
Philadelphia, Pennsylvania  19103-2921
(215) 963-5295/5258/5472
(215) 963-5001 (fax)

**ROBINSON & COLE**
James A. Wade (CT # 00086)
280 Trumbull Street
Hartford, Connecticut  06103
(860) 275-8270
(860) 275-8299 (fax)

*Attorneys for Defendants*
*CIGNA Corporation and CIGNA Pension Plan*