# EXHIBIT A

# Ivins, Phillips & Barker

CHARTERED

1700 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20006-4723

TELEPHONE (202) 393-7600

FACSIMILE (202) 393-7601
IPB@IPBTAX.COM
WWW.IPBTAX.COM

H. STEWART DUNN, JR.
CARROLL J. SAVAGE
ERIC R. FOX
LESLIE JAY SCHNEIDER
ROBERT H. WELLEN
KEVIN P. O'BRIEN
JOSEPH DECARLO, JR.*
PATRICK J. SMITH
JEFFREY B. COHEN
MICHAEL R. HUFFSTETLER
LAURIE E. KEENAN
JEFFREY E. MOELLER
STEVEN H. WITMER
ROSINA B. BARKER
WILLIAM L. SOLLEE, JR.
JODI H. EPSTEIN
ROBIN M. SOLOMON
H. CARTER HOOD
_____
DAVID D. SHERWOOD
JENNIFER J. FINN
DANIELLE E. ROLFES
LISA MILOT
JONATHAN ZIMMERMAN
VICTOR S. CHANG
NICOLE OCCHUIZZO

JAMES S.Y. IVINS (1885-1960)
PERCY W. PHILLIPS (1892-1969)
RICHARD B. BARKER (1906-1988)

OF COUNSEL
JAY W. GLASMANN
STEPHEN N. SHULMAN
CLIFTON B. CATES III

LOS ANGELES OFFICE
1925 CENTURY PARK EAST
SUITE 2140
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 551-6633

*NOT ADMITTED IN THE DISTRICT OF COLUMBIA

May 18, 2007

# Post-PPA Cash Balance Plan Determination Letter Process

### IRS Closely-Scrutinizing "Greater-Of" Benefit Formulas
### for Compliance with Anti-Backloading Standards

As the post-PPA determination letter process for cash balance plans gets into full swing, it has become increasingly clear that a particular area of focus during the IRS review process will be whether the plan's benefit formula satisfies the Code's "anti-backloading" standards.

For example, it is apparent that review agents have been instructed to look for and challenge formulas that determine benefits as the "greatest of" the amounts calculated under the cash balance formula and one or more other formulas. The IRS evidently is concerned that where two or more formulas interact to determine a "winning benefit," there can be wear-away periods during which a participant's net benefit accruals may cease and then pick up again. In the IRS's view, this can result in a *per se* violation of the anti-backloading

IVINS, PHILLIPS & BARKER

standards because any positive rate of accrual following a wear-away period is by definition more than 133-1/3 percent greater than the zero rate experienced during the wear-away.

Our experience to date has been that the IRS will not press this position if there are only two competing formulas: The cash balance formula and a *frozen* traditional formula. In that instance, the IRS understands that a "greater of" formula is just a mechanism for complying with Code § 411(d)(6): *i.e.*, the cash balance formula governs, but with a back-stop guarantee that a participant's benefit will never be less than the value of the traditional benefit accrued as of the date of conversion.

But the IRS is taking a harder line where a greatest-of formula involves one or more *active* formulas in addition to the cash balance formula. For instance, a participant's benefit under some plans is the greatest of the cash balance formula, the frozen accrued benefit, and the old traditional formula under which benefits continue to accrue for certain grandfathered participants. In these cases, the IRS is requiring a demonstration that the interaction of the formulas (holding compensation and other variables constant) does not violate the backloading rules. Such a demonstration may be impossible under some plan designs – for example, a benefit projection may reveal that the traditional formula produces the "winning benefit" for a number of years but then accruals under the formula will stop because the participant reaches a service limit, with cash balance accruals overtaking the traditional benefit after a wear-away period. Other interactive formulas may lead to similar problematic results.

What should a cash balance sponsor do when asked by an IRS reviewer to demonstrate that a plan's "greatest-of" formula complies with the anti-backloading

IVINS, PHILLIPS & BARKER

standards? As a threshold matter, it would be unwise to respond that you will not be providing a demonstration based on net accruals because the Code does not require such a demonstration. The IRS is aware of the argument that the backloading rules are meant to be applied separately to each formula rather than to the net accrual produced by applying a "greater-of" rule. While the argument may be sound, asserting it to the IRS as a basis for not responding to an agent's concerns is likely to get you nothing but a conference of right followed by a negative technical advice memorandum from the IRS National Office. Take this route only if you are certain you want to litigate the issue.

    A more prudent reaction would be to closely review the agent's questions and concerns and determine whether the agent has identified a simple § 411(d)(6) wear-away of a frozen benefit – in which case there should not be a problem – or if the plan's greatest-of formula involves a grandfathered (or other) traditional formula under which participants continue to actively accrue benefits. In the latter case, the plan should be tested for backloading. It is important that the test methodology comply with Code standards, so benefits counsel should be closely involved in helping to establish the test parameters, if not actually performing the test.

    If the plan passes, great. If the plan does not pass on a first run, there may be simple fixes: For example, it might be possible to modify the cash balance formula to provide that cash balance pay credits will stop if the service cap under the traditional formula is reached. Other options could include lifting the service cap on the traditional formula or providing that once the cap is reached, cash balance pay credits will be made to a separate account that will be paid on top of the traditional benefit – although these may come with a cost. Where

3

IVINS, PHILLIPS & BARKER

a service cap is not the problem, there are likely to be different solutions.  Explore potential options with the IRS.

Of course, if it turns out that any "fix" to a backloading problem identified by the IRS would be prohibitively expensive, you should explore other options.  Perhaps the plan has an earlier determination letter on which it can rely for violations that may have occurred in the past.  As a last resort, if you believe you have a winning case on the merits, an IRS appeal followed by a request for a declaratory judgment from the Tax Court may be the most viable option.

William L. Sollee, Jr.<br>(202) 393-7600

This communication has not been written as an opinion of counsel.  Accordingly, IRS regulations require us to state that any tax advice contained herein was not intended or written to be used and cannot be used for the purpose of avoiding federal tax penalties.