**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---------------------------------------------------X
                                        :

| | | |
|---|---|---|
| JANICE C. AMARA, GISELA | : | 3:01 CV 2361 (MRK) |
| R. BRODERICK, ANNETTE S. GLANZ | : | |
| individually, and on behalf of others | : | Trial Dates: |
| similarly situated, | : | September 11-15, 2006 |
| | : | January 24-25, 2007 |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| CIGNA CORP. AND CIGNA | : | |
| PENSION PLAN, | : | |
| | : | |
| Defendants. | : | |
| | : | |

---------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE**
**TO THE COURT'S SEPTEMBER 24, 2007 ORDER**
**REGARDING THE ADDITION OF A NEW**
**DEFENDANT AND NOTICE OF SUPPLEMENTAL AUTHORITY**

Dated: October 8, 2007        MORGAN, LEWIS & BOCKIUS LLP
Joseph J. Costello
Jeremy P. Blumenfeld
Jamie M. Kohen
*Admitted pro hac vice*
1701 Market Street
Philadelphia, Pennsylvania  19103-2921
(215) 963-5295/5258/5472
(215) 963-5001 (fax)

**ROBINSON & COLE**
James A. Wade (CT # 00086)
280 Trumbull Street
Hartford, Connecticut  06103
(860) 275-8270
(860) 275-8299 (fax)

*Attorneys for Defendants CIGNA Corporation and*
*CIGNA Pension Plan*

## I.    INTRODUCTION

The Court's Order of September 24, 2007 directed the parties to file simultaneous briefs as to whether the plan administrator for the CIGNA Pension Plan ("the Plan") should or could now be added as a defendant in this action. For all of the reasons explained below, Defendants submit that the plan administrator cannot and should not be added as a defendant at this late date.

In the interest of efficiency, Defendants also direct the Court to two recent decisions in which courts rejected claims that were virtually identical to claims asserted by Plaintiffs in this case: Drutis v. Rand McNally & Co., --- F.3d ----, 2007 WL 2409762 (6th Cir. Aug. 27, 2007), holding that cash balance plans are not age discriminatory, and Wheeler v. Pension Value Plan for Employees of the Boeing Co., No. 06-500-DRH, 2007 WL 2608875 (S.D. Ill. September 6, 2007), rejecting plaintiffs' backloading claim under the 133 ⅓% rule.

## II.    ARGUMENT

As Defendants explained in their Post-Trial Brief, the only proper defendant in an action challenging the legal sufficiency of a summary plan description ("SPD") or Section 204(h) Notice is the plan administrator for the plan at the time the communication was published, because that person – and only that person – has statutory responsibility for publishing these documents. See 29 U.S.C. §§ 1022, 1024, 1054(h); Defs' Post-Trial Brief at p. 104-08. In this case, neither CIGNA Corporation ("CIGNA") nor the Plan had statutory responsibility for publishing the SPDs or 204(h) notices at issue and therefore neither is a proper defendant on Counts 2 and 4. Accordingly, *regardless of whether Plaintiffs are permitted to add a new party as a defendant on Counts 2 and 4, these current Defendants – CIGNA and the Plan – are both entitled to judgment in their favor on Counts 2 and 4.*

Stewart Beltz was the plan administrator for the Plan when the SPDs and Section 204(h) notices were published. (Defendants' Proposed Post-Trial Findings of Fact ("DFF") ¶¶ 80, 83).

1

For the reasons explained below, Defendants submit that Plaintiffs cannot and should not be permitted to amend their Complaint a fourth time to add Mr. Beltz as a defendant at this late date.

A.     __Applicable Legal Standards__

Whether Plaintiffs should be permitted to amend their Complaint *now* to add Mr. Beltz as a new defendant is governed by Fed. R. Civ. P. 15, 16, and 21, and this Court's Scheduling Order of March 21, 2005. See Godlewska v. HDA, No. 03-3985, 2006 WL 1422410, at *2 (E.D.N.Y. May 18, 2006) ("Rule 15 and 21 are inextricably linked, as Rule 21 is subject to the standards set forth in Rule 15(a)"); Deal v. Yurack, No. 04-0072, 2007 WL 2789615, at *6 (N.D.N.Y. Sept. 24, 2007) (same); Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir. 2003) ("Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.' *A finding of good cause depends on the diligence of the moving party.*") (citation omitted, emphasis added); Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000) ("Several circuits have ruled that the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings.").[1]

---

[1]     See also Datastrip Intern. Ltd. v. Intacta Technologies, Inc., 253 F.Supp.2d 1308, 1317 (N.D.Ga. 2003) ("Courts evaluating motions to amend under these circumstances must apply the good cause rubric of Rule 16 before considering whether amendments are proper under Rule 15 or 21.").

### B.    Plaintiffs Should Not Be Permitted To Amend Their Complaint To Add Mr. Beltz As An Additional Defendant.

Plaintiffs should not be permitted to amend their Complaint to add Mr. Beltz as an additional defendant after trial in this matter because any such amendment (1) would be untimely and would unduly delay these proceedings, (2) would prejudice Mr. Beltz and Defendants, (3) would be futile, and (4) would not relate back to the original complaint filed in this matter.

### 1.    Any Amendment Adding Mr. Beltz As A New Defendant Would be Untimely And Would Unduly Delay These Proceedings.

As one court of appeals explained, "[a]lthough Rule 21 permits the addition of a new party at any stage, the court typically will deny a request that comes so late in the litigation that it will delay the case." Giannetta v. Boucher, 981 F.2d 1245, 1992 WL 379416, at *8 (1st Cir. 1992) (citing 7 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure 2d. § 1688 (1986) (hereinafter "Federal Practice and Procedure").  Moreover, "[i]f permission to add a party defendant is granted, plaintiff must comply with the requirements of Rules 3 and 4 relating to the issuance of a summons and service on the added party."  Federal Practice and Procedure 3d. § 1688.  Here, any amendment would be untimely and would delay this case for months, if not years.

As an initial matter, this Court's March 21 Scheduling Order set a deadline for any amendments to the Complaint of May 2, 2005.[2]  Plaintiffs cannot demonstrate the "good cause" required under Rule 16 to modify this Court's Scheduling Order and permit them to amend more two years after the deadline.  As the Second Circuit has explained, "[a] finding of good cause depends on the diligence of the moving party." Grochowski, 318 F.3d at 86.  Here, Plaintiffs have known Mr. Beltz was the plan administrator of the Plan from the outset of this case – he is

---

[2]    This was a deadline proposed by the parties in their Joint Status Report of March 4, 2005 and subsequently accepted by the Court.

identified *by name* in the SPDs as the plan administrator and Plaintiffs either sent letters to him as the plan administrator or received letters specifically identifying him as the plan administrator. (DFF ¶¶ 80, 83; Trial Exhibits 139, 552). In similar circumstances, the First Circuit in <u>Giannetta</u> affirmed the district court's decision denying leave to add an additional defendant after a default had been ordered against one defendant and a trial on damages scheduled because "the facts in support of the addition of a new defendant must have been known to appellant all along." <u>Giannetta</u>, 981 F.2d 1245, 1992 WL 379416, at *9. The same is true here. Plaintiffs were not diligent in adding Mr. Beltz as a defendant, and there is no good cause to permit Plaintiffs to amend now, particularly when the relevant facts "must have been known to [plaintiffs] all along." <u>Id.</u>

Moreover, permitting Plaintiffs to add Mr. Beltz as a defendant at this late stage will delay these proceedings and likely require a new trial. Mr. Beltz is not a current CIGNA employee, having terminated his employment in 2003. Counsel for CIGNA and the Plan do not represent Mr. Beltz, and, presumably, if named as a defendant, Mr. Beltz has the right to select counsel of his choice. If leave to amend were granted, however, Mr. Beltz would need to be served with the Complaint and afforded the right to answer the allegations against him. In addition, as this Court is well-aware, discovery is closed and a trial has been held. If Mr. Beltz were added as a new defendant, however, due process would require that he be permitted to take discovery and present his own evidence at trial – including his own communications expert if he deems it appropriate. Indeed, to not afford Mr. Beltz the opportunity to answer the allegations against him and present a defense would violate his fundamental due process rights. See <u>Nelson v. Adams USA, Inc.</u>, 529 U.S. 460, 466-68 (2000) (amended complaint adding additional party

after trial and without giving the new party an opportunity to answer the complaint and present a defense violated the additional party's fundamental due process rights).

In sum, Defendants should not be subjected to additional delay and expense – delay and expense that could have easily been avoided – just because Plaintiffs made a tactical decision in this lawsuit that they may now regret.

**2.    Any Amendment Adding Mr. Beltz As A New Defendant Would Prejudice Defendants.**

Putting aside any prejudice to Mr. Beltz,[3] Defendants will be prejudiced if leave to amend is granted now.  First, Defendants will be prejudiced by the delay and expense that could have been avoided but for Plaintiffs' *tactical decision* not to sue Mr. Beltz in a timely fashion.  Moreover, adding Mr. Beltz as a defendant now creates potential indemnity and fiduciary liability insurance problems that would not have existed but for Plaintiffs' delay.  First, there are different notice obligations attendant to suits against individual fiduciaries, who likely have different insurance coverage (paid for by CIGNA) than that applicable to Defendants.  Mr. Beltz may have lost that coverage if the insurance companies complain about late or inadequate notice, or if any of the policies have lapsed.  This, in turn will impact any indemnity obligations (and obligations to defend and pay attorneys' fees) that Defendants have to Mr. Beltz.  Defendants have not yet worked through all of these issues, and cannot reasonably do so until the relevant insurance companies respond after Mr. Beltz is added as a defendant and notice is provided to them.  But Defendants should not be forced to bear that risk when it was Plaintiffs' delay – and Plaintiffs' tactical decision – that caused these potential problems in the first place.

---

[3]    Again, Defendants cannot speak to any prejudice that Mr. Beltz may suffer because of Plaintiffs' delay in amending the Complaint to add him as a defendant because we do not represent him and have not contacted him about this issue.

**3.      Any Amendment Adding Mr. Beltz As A New Defendant Would Be Futile.**

Defendants will not repeat the arguments made in their post-trial briefs and at oral

argument explaining why the SPD and Section 204(h) notices being challenged by Plaintiffs

satisfy ERISA's disclosure standards.  They are incorporated by reference here.  See Defendants'

Post-Trial Brief at p. 45-108.  There is one issue that was raised at oral argument, however, that

Defendants believe deserves additional mention and that also counsels against permitting

Plaintiffs to add Mr. Beltz as a defendant.

Specifically, at oral argument, the Court requested that the parties assume that the

October 31, 1997 amendment freezing accruals under Part A as of December 31, 1997 and the

December 21, 1998 amendment creating Part B retroactive to January 1, 1998 were one

amendment for purposes of the Section 204(h) notice requirements.  Based on that assumption,

the Court asked whether a Section 204(h) notice must include either (1) a comparison of benefits

under the old formula against those under the new formula or (2) an explanation that benefits

under the new formula might be lower than they were under the old formula.  The Second

Circuit's decision in Frommert v. Conkright, 433 F.3d 254 (2d Cir. 2006), demonstrates that

neither of these is necessary to satisfy Section 204(h).

In Frommert, the Second Circuit addressed whether certain communications satisfied

Section 204(h).  Although the court held that some communications had been deficient, it also

held that the 1998 SPD for the plan at issue in Frommert ("Frommert SPD") satisfied the

defendants' Section 204(h) Notice obligations.[4]  Id. at 263, 268-69.  Critically, although the

---

[4]      The defendants in Frommert believed there had been no plan amendment, and therefore that no Section 204(h) notice was required.  See Frommert, 433 F.3d at 264 ("[T]he defendants contend, and the district court agreed, that the phantom account has always been part of the Plan.").  Accordingly, the defendants did not *intend* for the Frommert SPD to constitute a

<u>Frommert</u> SPD described how benefits were calculated, it did *not* notify participants that benefits would be lower than under the previous formula or include any comparison of benefits under the old formula versus the new formula.[5]  <u>Id.</u> at 260-61, 268-69.  Of course, if the <u>Frommert</u> SPD satisfied Section 204(h) even though it did not contain this information, then *a fortiori* this information cannot be required to satisfy Section 204(h).

The holding in <u>Frommert</u> is consistent with the text of Section 204(h) in effect at the time of the cash balance conversion in this case.  The only information required by Section 204(h) was a summary of the plan amendment and its effective date.  29 U.S.C. § 1054(h) (1998); 26 CFR § 1.411(d)-6, Q&A 10 (1998) (communication that contains a summary of a plan amendment and its effective date satisfies Section 204(h) notice obligations).  As demonstrated at trial, the various communications at issue – the Signature Benefits Newsletter, Retirement Kits, SPDs, opening account balance statements, annual account statements, and Total Compensation Reports – provided all of the information required.  Thus, even if the separate amendments freezing accruals under Part A and creating Part B had been part of the same amendment, the disclosures describing those changes were sufficient under Section 204(h), and adding Mr. Beltz as an additional defendant would be futile.

Furthermore, there is persuasive authority for the proposition that the Section 204(h) notice requirement does not apply to retroactive amendments like the December 21, 1998 amendment that created Part B.  Section 204(h), as it existed in 1997-98, required the plan administrator to provide notice "*after* the adoption of the plan amendment and not less than 15 days *before* the effective date of the plan amendment . . . ."  29 U.S.C. § 1054(h) (emphasis

---

Section 204(h) notice.  Nevertheless, the Second Circuit held that the <u>Frommert</u> SPD satisfied any Section 204(h) notice obligations.

[5]  For the Court's convenience, a complete copy of the <u>Frommert</u> SPD is attached hereto as Exhibit A.

added).  As the Eleventh Court held in <u>Scott v. Administrative Committee of the Allstate Agents</u>

<u>Pension Plan</u>, 113 F.3d 1193 (11th Cr. 1997):

> In the context of an amendment which is properly to be applied retroactively, it is obviously impossible to give notice thereof both after the adoption of the amendment and before the effective date thereof.  In other words, § 204(h) clearly contemplates prospective amendments, not retroactive amendments.

<u>Id</u>. at 1202.

In this case, the amendment creating Part B was adopted on December 21, 1998, but

retroactively effective as of January 1, 1998.  The impossibility of complying with Section

204(h) under these circumstances lends further support to Defendants' position that the

December 21, 1998 amendment did not trigger a notice requirement under Section 204(h).[6]  The

December 21, 1998 amendment actually increased benefit accruals that had been frozen by the

October 31, 1997 amendment.  Since the plan administrator issued a proper Section 204(h)

notice in connection with the October 31, 1997 amendment, it would be futile to add Mr. Beltz as

a defendant to that claim.

### 4.    Any Amendment Adding Mr. Beltz As A Defendant Would Not Relate Back To The Filing Of The Original Complaint.

An amendment adding an additional party will not relate back to an earlier complaint

unless:

> within the period provided by Rule 4(m) for service of the summons and complaint [120 days], the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but

---

[6]    There is no risk that a plan administrator can circumvent ERISA by simply reducing the rate of benefit accruals retroactively.  Section 204(g) goes well beyond Section 204(h), *prohibiting* amendments that reduce benefits that have already accrued.  29 U.S.C. § 1054 (g).  Since the December 21, 1998 amendment that created Part B actually increased benefit accruals that had been frozen under the October 31, 1997 amendment, there was obviously no Section 204(g) violation in this case.

for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(3).  Importantly, "[t]he requirement that a new defendant 'knew' he was not named due to a mistake concerning identity *presupposes that in fact the reason for his not being named was a mistake in identity*."  Cornwell v. Robinson, 23 F.3d 694, 705 (2d Cir. 1994).

Thus, in Cornwell, for example, the Second Circuit held that an amended complaint adding a new defendant did not relate back to the original filing because:

> *[Plaintiff], however, does not allege that she would have named the individual appellants as defendants in her original complaint but for a mistake concerning identity.*  Nor, in light of the record in the present case, would such an assertion be tenable.  Plainly she knew the identities of the [defendants'] employees who she contended had harassed and discriminated against her.  Further, an exhibit to the original complaint identified those individuals and set out details of their alleged misconduct. . . .  *Her failure to [sue the additional defendants] in the original complaint, in light of her obvious knowledge and the detailed nature of that pleading's exhibit, must be considered a matter of choice, not mistake.*

Id.  (emphasis added).

The same is true here.  Plaintiffs knew when the original complaint was filed that Mr. Beltz was the plan administrator.  Mr. Beltz is identified by name in the SPDs that Plaintiffs admit they received and that Defendants attached to their original Motion to Dismiss in this litigation.  Ms. Broderick wrote a letter in 2001 addressed to Mr. Beltz as "CIGNA Pension Administrator."  (Trial Exhibit 139).  Also in 2001, John Arko wrote a letter to Plaintiffs' counsel, Mr. Bruce, in which he explained that "you may appeal to the Plan Administrator by writing to:  Stewart M. Beltz    Plan Administrator. . . ."  (Trial Exhibit 552).  In short, as in Cornwell, Plaintiffs decision not to sue Mr. Beltz was "a matter of choice, not mistake."

Cornwell, 23 F.3d at 705. Any new complaint against Mr. Beltz would not relate back to the original complaint and would therefore be time-barred.[7]

Moreover, Rule 15(c) does not merely require that Mr. Beltz receive some notice of the lawsuit, but rather that he receive, within 120 days of the filing of the original complaint, sufficient notice to ensure that he "will not be prejudiced in maintaining a defense on the merits." Fed. R. Civ. P. 15(c)(3)(A). As explained before, discovery has already concluded and a trial has been held, all without notice to Mr. Beltz and an opportunity for him to be heard. Regardless of whether he knew that a lawsuit had been filed against CIGNA and the Plan, he did not receive sufficient notice that he was being sued to ensure that he would not be prejudiced by allowing the amendment now. Accordingly, any amended complaint against Mr. Beltz cannot relate back to the original complaint in this matter and would be time-barred.

---

[7]  As Defendants explained in their post-trial brief, Plaintiffs' Section 204(h) notice claim cannot relate back to the original Complaint even as against the existing Defendants, because it does not arise out of the same operative facts. (Defendants' Post-Trial Brief at 104 n.85).

### III.    <u>CONCLUSION</u>

For each and all of the foregoing reasons, Defendants respectfully request that this Court

not allow Plaintiffs to amend their Complaint a fourth time at this late stage to add Mr. Beltz as a

new defendant.

Dated:  October 8, 2007                    Respectfully submitted,

                                           By: <u>/s/ Joseph J. Costello</u>

                                           **MORGAN, LEWIS & BOCKIUS LLP**
                                           Joseph J. Costello
                                           Jeremy P. Blumenfeld
                                           Jamie M. Kohen
                                           *Admitted pro hac vice*
                                           1701 Market Street
                                           Philadelphia, Pennsylvania  19103-2921
                                           (215) 963-5295/5258/5472
                                           (215) 963-5001 (fax)

                                           **ROBINSON & COLE**
                                           James A. Wade (CT # 00086)
                                           280 Trumbull Street
                                           Hartford, Connecticut  06103
                                           (860) 275-8270
                                           (860) 275-8299 (fax)

                                           *Attorneys for Defendants*
                                           *CIGNA Corporation and CIGNA Pension Plan*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Defendants' Memorandum of Law in Response to the Court's September 24, 2007 Order Regarding the Addition of a New Defendant and Notice of Supplemental Authority was filed electronically through the CM/ECF system on October 8, 2007.  Notice of this filing will be sent by e-mail to all parties listed below by operation of the Court's electronic filing system.  The parties may access this filing through the Court's CM/ECF system.

The aforementioned documents were also served on the parties listed below by first class United States mail, postage prepaid, this 8th day of October 2007.

Thomas G. Moukawsher
Moukawsher & Walsh, LLC
328 Mitchell Street
Groton, CT  06340

Stephen R. Bruce
805 15th Street, NW
Suite 210
Washington, DC  20005

By: /s/ Joseph J. Costello