UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANICE C. AMARA,<br>GISELA R. BRODERICK,<br>ANNETTE S. GLANZ,<br>individually and on behalf<br>of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>CIGNA Corp. and<br>CIGNA Pension Plan,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil No. 3:01-CV-2361 (MRK)<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFFS' BRIEF ON WHETHER AN INDIVIDUAL
EMPLOYEE/PLAN ADMINISTRATOR CAN BE ADDED
AS A DEFENDANT**

Stephen R. Bruce Ct23534
Allison C. Caalim
805 15th St., NW, Suite 210
Washington, DC 20005
(202) 371-8013

Thomas G. Moukawsher Ct08940
Moukawsher & Walsh, LLC
21 Oak St.
Hartford, CT 06106
(860) 278-7000

Attorneys for Named Plaintiffs and
Plaintiff Class

## Table of Contents

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.     An Individual Employee/Plan Administrator Can Be Added As a Party to this Action Under Rule 21. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.    Alternatively, an Individual Employee/Plan Administrator Can Be Added As a Defendant Under Rules 15(b) or (d). . . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.     Rules 15(b) and (d) Permit Amendment of the Pleadings to Add a Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B.     Plaintiffs' Claims Against an Individual Employee/Plan Administrator Should Relate Back to the Original Complaint. . . . . 10

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Baez v. Kahanowicz*, 469 F. Supp. 2d 171 (S.D.N.Y. 2007) ...................... 11

*Bilal v. East Hartford Police Dept.*, 2005 WL 3455119 (D. Conn. 2005) . 11

*City of Syracuse v. Onondaga County*, 464 F.3d 297 (2d Cir. 2006) ........... 5

*Commerzanstalt v. Telewide System*, 880 F.2d 642 (2d Cir. 1989) .............. 2

*Dupree v. Pough*, 454 F. Supp. 2d 166 (S.D.N.Y. 2006) ........................... 11

*FDIC v. Haines*, 179 F.R.D. 66 (D. Conn. 1997) ......................................... 2

*Griffin v. County School Board*, 377 U.S. 218 (1964) ................................. 9

*Gussack Realty Co. v. Xerox Corp.*, 224 F.3d 85 (2d Cir. 2000) .................. 8

*Hunt v. Hawthorne Associates*, 119 F.3d 888 (11th Cir. 1997) .................... 6

*In re Joint Eastern and Southern Districts Asbestos Litigation*, 124 F.R.D. 538 (E.D.N.Y. 1989), *aff'd sub nom*, *Johnson v. Celotex Corp.*, 899 F.2d 1281 (2d Cir. 1990) ............................................................... 7

*Maynard, Merel & Co. v. Carcioppolo*, 51 F.R.D. 273 (S.D.N.Y. 1970) ..... 7

*Merrill Lynch Research Reports Sec. Litigation*, 214 F.R.D. 152 (S.D.N.Y. 2003) .............................................................................. 2-3

*Momentum Luggage and Leisure Bags v. Jansport, Inc.*, 2001 WL 58000 (S.D.N.Y. 2001) ................................................................................. 3

*Monahan v. New York City Dept. of Corrections*, 214 F.3d 275 (2d Cir. 2000) ..................................................................................................... 7

*Rosen v. TRW, Inc.*, 979 F.2d 191 (11th Cir. 1992) ...................................... 7

*Royal American Managers, Inc. v. IRC Holding Corp.*, 885 F.2d 1011 (2d Cir. 1989) .................................................................................. 8

*Ruotolo v. City of New York*, 2005 WL 1253936 (S.D.N.Y. 2005) ............... 9

*Sims v. Florida Department of Highway Safety & Motor Vehicles*, 862 F.2d 1449 (11th Cir. 1989) ................................................................... 4

*Soto v. Brooklyn Correctional Facility*, 80 F.3d 34 (2d Cir. 1996) ............ 11

*Sullivan v. Stein*, 2005 WL 465425 (D. Conn. 2005) ................................. 3

*The Cadle Company v. Jones*, 2004 WL 2049321 (D. Conn. 2004) ......... 7, 9

*Wasley Products, Inc. v. Bulkalites*, 2006 WL 3834240 (D. Conn. 2006) .... 6

*Wuliger v. Canella Response Television*, 2007 WL 2156291 (N.D. Ohio July 25, 2007) ...................................................................................... 7

### FEDERAL STATUTES, RULES AND REGULATIONS

ERISA §3(16)(A), 29 U.S.C. §1002(16)(A) .................................................. 1

Fed. R. Civ. P. 15(b) .................................................................................. 7

Fed. R. Civ. P. 15(c) ................................................................................ 11

Fed. R. Civ. P. 15(d) .................................................................................. 9

Fed. R. Civ. P. 21 ....................................................................................... 2

Treas. Reg. 1.414(g)-1 ............................................................................... 1

### MISCELLANEOUS

*Moore's Federal Practice* ........................................................................... 2

Wright and Miller, *Federal Practice and Procedure* .................................. 9

**Introduction**

Plaintiffs submit this brief in response to Your Honor's Order (dkt. # 260) directing the parties to address "whether the Plan Administrator should or could now be added to this action in order to avoid the arguments occasioned by his absence from this case." As an alternative to its merits defenses, CIGNA contends that judgment cannot be rendered in favor of the Plaintiffs on any of the disclosure claims (Claims Two and Four and the pending part of Claim Five) because Plaintiffs did not name the proper "Plan administrator" as a defendant in this case. Defs. Br. (Dkt. #251) at 104-7, 118-19. Plaintiffs contend that the Complaint properly names CIGNA as the Plan administrator because no individual apart from CIGNA is "specifically so designated" in "the instrument under which the plan is operated" to serve as the "Plan administrator" for ERISA purposes and because CIGNA indisputably controlled the preparation and distribution of all of the Plan's disclosures. Pls. Reply (dkt. #254) at 75-81.[1]

Plaintiffs agree with the Court that, in the interest of judicial economy, one or both of the individual employees who CIGNA internally identifies as the Plan administrator could be added as a defendant pursuant to Fed. R. Civ. P. 21 or Fed.

---

[1] ERISA §3(16)(A), 29 U.S.C. §1002(16)(A), defines the "Plan administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated" and "if an administrator is not so designated, the plan sponsor." See also Treas. Reg. 1.414(g)-1.

R. Civ. P. 15. As explained below, CIGNA will not be prejudiced because the proposed employee-plan administrators are current or former CIGNA employees with the same interests as CIGNA. The addition of these individuals will not alter CIGNA's defenses on the merits or the remedies if Defendants are found liable. And it will not prejudice these individuals because, according to CIGNA, they agreed to fulfill all the functions of Plan administrators under ERISA.

**I.     An Individual Employee/Plan Administrator Can Be Added As a Party to this Action Under Rule 21.**

Fed. R. Civ. P. 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." An order to add or drop a party "is a matter within the court's discretion." *FDIC v. Haines*, 179 F.R.D. 66, 68 (D. Conn. 1997); *Merrill Lynch Research Reports Sec. Litig.*, 214 F.R.D. 152, 14 (S.D.N.Y. 2003) (court has "broad discretion" to determine if parties should be added).

Under Rule 21, a party may be added at any time during the litigation, including after trial. See *Moore's Federal Practice*, § 21.02[3] ("Parties may be added or dropped at any time, including after trial, after notice of appeal has been filed, or even on appeal"); *Commerzanstalt v. Telewide Sys.*, 880 F.2d 642, 646 (2d Cir. 1989) (permitting addition of plaintiff after close of trial where plaintiff

2

was already referenced several times in pretrial order).

"Joinder of additional parties under Rule 21" "is governed by the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Sullivan v. Stein*, 2005 WL 465425, *1 (D. Conn. 2005); *Momentum Luggage and Leisure Bags v. Jansport, Inc.*, 2001 WL 58000, *2 (S.D.N.Y. 2001). "[T]he court must consider principles of fundamental fairness and judicial efficiency. As part of this inquiry, the court should consider whether an order under Rule 21 would prejudice any party, or would result in undue delay." *Merrill Lynch & Co. Inc. Research Reports Sec. Litig.*, supra, 214 F.R.D. at 154.

Here, the Court can add an individual employee/plan administrator as a defendant under Rule 21 to avoid the parties' arguments on this issue, and thereby avoid "undue delay."[2] The CIGNA Defendants will not be prejudiced by the addition of an individual employee/plan administrator because Defendants themselves suggest that such person or persons are indispensable.

CIGNA's litigation position is that it has delegated all of the Plan administrator functions under ERISA to a series of individual, non-executive level employees who, while under CIGNA's control, assume the legal responsibilities

---

[2] However, if Defendants oppose the addition of individual employee/plan administrators, the Court will still need to reach the parties' earlier arguments.

3

for the functions that ERISA assigns to the "Plan administrator." During closing arguments on August 23, 2007, CIGNA's counsel could not, however, tell the Court whether Stewart Beltz, a retired former CIGNA employee, or John Arko, the current employee/plan administrator, should, in CIGNA's view, be named as a defendant in this case. CIGNA's Post-Trial Brief indicates that Mr. Beltz was identified as a Plan administrator in the 1998-99 Summary Plan Descriptions. Defs. Br. at 106. But CIGNA admits that Mr. Beltz no longer has any association with CIGNA and was not responsible for any of the disclosures at issue. See Defs. Responses to Pls. Facts (dkt. # 249) ¶273. Currently, John Arko, who attended the trial, is identified internally as CIGNA's Plan administrator. Mr. Arko was deposed twice, including as CIGNA's 30(b)(6) representative on disclosures. See Exs. 239 and 240. CIGNA listed Mr. Arko as a potential witness but did not call him to testify.

    Whether it is Mr. Arko or Mr. Beltz, or both, an individual employee/plan administrator will not be prejudiced because they share the same interest in this litigation as CIGNA. As Your Honor recognized, "The Administrator here ... would have been represented by the same counsel as represented CIGNA." Dkt. # 260. In *Sims v. Florida Dep't of Highway Safety & Motor Vehicles*, 862 F.2d 1449, 1460 n.16 (11th Cir. 1989), the court found no prejudice to a state official

added as a defendant where the state attorney general represented the official's and the state's interest throughout the litigation. See also *City of Syracuse v. Onondaga County*, 464 F.3d 297, 309 (2d Cir. 2006) (joinder of the City as third-party defendant was not prejudicial where City was already "involved, to a limited extent in this litigation").

The addition of Mr. Arko or Mr. Beltz, or both, as an individual Plan administrator would not alter CIGNA's defenses on the merits. Defendants' Post-Trial Brief offers extensive arguments about how "the Plan Administrator" fulfilled ERISA's disclosure obligations by providing participants with the information contained in the Newsletter, the Information Kits, the Summary Plan Descriptions, and benefit election materials. See Defs. Opp. at 46-54, 61-96, 114-18. In support of its exhibits and legal arguments, CIGNA intentionally decided not to call any witnesses at trial, including Messrs. Arko, Beltz or Meyn (who was identified as the individual plan administrator between the former two).

If Plaintiffs prevail, the addition of individual employee/plan administrators will not have any effect on remedies. Because it is uncontested that all of the functions that Mr. Arko and Mr. Beltz performed were within the scope of their duties as CIGNA employees, the doctrine of respondeat superior ensures that the Plaintiffs receive relief from the entity that ultimately controlled and was

responsible for their actions. See, e.g., *Wasley Prods., Inc. v. Bulkalites*, 2006 WL 3834240 (D. Conn. 2006). In addition, CIGNA represented to Judge Squatrito in 2002 that "If the Court orders that a provision of the Plan must be changed or removed, the Plan acting through its trustees and fiduciaries, must then implement that relief as to all of the Plan's participants." Dfs. Opp. Br. filed June 7, 2002, at 8. As a result, CIGNA concedes that it is responsible for affording relief to the participants should liability be established. An individual employee/plan administrator will not be personally liable for any additional benefits.[3] Lastly neither Mr. Arko nor Mr. Beltz can complain about the inconvenience of being a defendant when CIGNA's litigation position is that this is what each agreed to do.[4]

## II. Alternatively, an Individual Employee/Plan Administrator Can Be Added As a Defendant Under Rules 15(b) or (d).

### A. Rules 15(b) and (d) Permit Amendment of the Pleadings to Add a Defendant.

In the alternative, an individual employee/plan administrator can be added

---

[3] An individual like Mr. Beltz who is not currently a CIGNA employee is not capable of providing injunctive relief no matter what his prior authority. *Hunt v. Hawthorne Associates*, 119 F.3d 888, 909 (11th Cir. 1997) ("order enjoining the payment of benefits from an ERISA plan must issue against a party capable of providing the relief requested").

[4] Mr. Beltz might understandably contend that he did not agree that any such role would follow him into retirement.

as a defendant in this case under Fed. R. Civ. P. 15(b) or (d).  Rule 15 reflects the federal policy of having every claim "decided on the merits," *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 283 (2d Cir. 2000), instead of on "formalisms." *Maynard, Merel & Co. v. Carcioppolo*, 51 F.R.D. 273, 279 (S.D.N.Y. 1970).  Courts have allowed amendment of the pleadings to add new parties, particularly where the addition is a formalism. See, e.g., *Rosen v. TRW, Inc.*, 979 F.2d 191, 194 (11th Cir. 1992) (allowing plaintiff to amend complaint to add Plan and administrative committee as defendants); *Wuliger v. Canella Response Television*, 2007 WL 2156291, *1 (N.D. Ohio July 25, 2007) (allowing amendment to add individual who was "alter ego" of corporate defendant).

"Under FRCP 15(b), a party may move to amend the pleadings to reflect issues which were tried by express or implied consent of the parties. A court has discretion to allow a party to amend the pleadings under FRCP 15(b) to conform to the evidence presented at trial." *The Cadle Company v. Jones*, 2004 WL 2049321, *4 (D. Conn. 2004). "Implied consent can be inferred from a party's failure to object to the introduction of evidence relating to the issue" and "from the introduction of evidence on that issue by the very party opposing the implied amendment." *In re Joint Eastern and Southern Districts Asbestos Litig.*, 124 F.R.D. 538, 540-41 (E.D.N.Y. 1989), aff'd sub nom, *Johnson v. Celotex Corp.*,

7

899 F.2d 1281 (2d Cir. 1990). Specifically, courts examine whether the defendant "had a fair opportunity to defend and whether he could offer any additional evidence if the case were to be retried on a different theory." *Royal American Managers, Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1018 (2d Cir. 1989). The amendment will be permitted "if the party against whom the amendment is offered will not be prejudiced by the amendment." *Gussack Realty Co. v. Xerox Corp.*, 224 F.3d 85, 94 (2d Cir. 2000).

Here, as described more below, the CIGNA Defendants introduced the only evidence which supports any effort to delegate ERISA responsibilities to individual employees, namely, the internal memos identified as Ex. 507. Defendants cannot be prejudiced by an amendment to the pleadings based on the very evidence that Defendants themselves have introduced.

CIGNA has also already offered all of its defenses on the merits on behalf of both itself and any such Plan administrators. Defendants' Post-Trial Brief argues at length about how the communications provided by "the Plan Administrator" fulfill all of ERISA's disclosure requirements. See Defs. Br. at 46-54, 61-96, 114-18; DFF ¶¶170-172, 174-254. Having tried those issues, this Court has discretion to conclude that it can add Mr. Arko or Mr. Beltz, or both, to ensure that all potentially indispensable parties have been joined so that relief can be

provided. The addition of individual employee/plan administrators will not alter CIGNA's defenses or create a need to present additional evidence. Compare *The Cadle Co.*, supra, 2004 WL 2049321 at *4 (denying motion to amend under Rule 15(b) where "defendants would need to provide additional briefing in their defense" as a result of the addition of two alternate theories of liability).

F.R.C.P. 15(d) also allows the pleadings to be supplemented based on "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Parties may supplement their original pleadings "to include new parties when events make it necessary to do so." *Id*.; accord, Wright and Miller, *Federal Practice and Procedure* §1504 ("Litigants also have been allowed to supplement their original pleadings to include new parties when events make it necessary to do so"); *Griffin v. County School Board*, 377 U.S. 218, 227 (1964) (Rule 15(d) "plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary"); *Ruotolo v. City of New York*, 2005 WL 1253936, *4 (S.D.N.Y. 2005) (R. 15(d) "may be appropriate when the movant seeks to add new parties or claims arising from the new events").

Here, the pleadings can be amended to add the individual employees/plan administrators because it is undisputed that "the instrument under which the plan

9

is operated" does not name any individual employee as the Plan administrator. See Pls. Reply at 75-76 and Ex. 1 at Section 13.1. CIGNA only produced internal memos related to purported appointments nearly four years after the original Complaint was filed and two months after the amendment to the pleadings that added the Section 204(h) and "relative value" disclosure claims. CIGNA's opposition to the motion for leave to amend never objected that an individual employee/plan administrator was not named as a defendant, but opposed the motion on grounds of delay and prejudice. Dkt. #117. Two months later, CIGNA produced internal memoranda which state that the head of Human Resources appointed Mr. Beltz as the Plan administrator for all of CIGNA's benefit plans in March of 1996 and that an Executive Vice President appointed Mr. Arko in 2004. See Ex. 507 and Pls. Ex. 204. Without regard to the legal sufficiency of those internal memoranda under ERISA §3(16)(A), Plaintiffs should be able to amend their pleadings to add Mr. Arko or Mr. Beltz as a defendant in light of these subsequent events.

    **B.    Plaintiffs' Claims Against an Individual Employee/Plan Administrator Should Relate Back to the Original Complaint.**

If an individual employee/Plan administrator is added as a defendant, the Plaintiffs' claims against the Plan administrator should relate back to the original

10

Complaint pursuant to Rule 15(c)(3)(B). This rule provides that an amendment changing a party relates back to the date of the original pleading if "the party to be brought in by amendment" "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." "While actual notice is preferable, constructive notice has also been held to be sufficient to satisfy the relation back doctrine." *Baez v. Kahanowicz*, 469 F. Supp. 2d 171, 177 (S.D.N.Y. 2007) (citing cases). Furthermore, "where a plaintiff can show that he misapprehended the identity of the person he wished to sue (a factual mistake), or failed to understand the legal requirements of his claim (a legal mistake), then the claim satisfies the "mistake" requirement of Rule 15(c)(3) and relates back to the original pleading." *Dupree v. Pough*, 454 F. Supp. 2d 166, 174 (S.D.N.Y. 2006); *Soto v. Brooklyn Correctional Facility*, 80 F.3d 34, 36-37 (2d Cir. 1996) ("mistake" can be a mistake of law or fact). "The court should permit an amendment to relate back to add a defendant that was not named at the outset, but was added later when plaintiff realized that the defendant should have been named." *Bilal v. East Hartford Police Dept.*, 2005 WL 3455119, *3 (D. Conn. 2005) (quoting *Moore's Federal Practice*).

    As this Court's Order states, the Plan administrator "clearly had notice of the suit." Dkt. #260. The original Complaint names CIGNA as a Defendant in its

11

capacity as the "Plan administrator." According to CIGNA's current litigation theory, CIGNA and the individual employee/plan administrators would immediately have known that this was a mistake. Assuming arguendo that Defendants' position is correct, Plaintiffs' failure to name an individual employee/Plan administrator as a defendant in this case was a mistake. The original and the amended Complaints name CIGNA as the Plan administrator because CIGNA's Plan document does not designate any other person as the Plan administrator. It is undisputed, moreover, that all of the disclosures were prepared and distributed by CIGNA, not by an individual employee, and were designated as CIGNA communications.  Pls. Reply at 77. Accordingly, if Plaintiffs' position is determined to be incorrect, it would be a well-justified mistake. The addition of any individual employee/plan administrator should therefore relate back to the original Complaint.

**Conclusion**

    For the foregoing reasons, an individual employee/plan administrator can and should be added as a Defendant in this lawsuit.

Dated: October 8, 2007

Respectfully submitted,

 /s/ Stephen R.Bruce
Stephen R. Bruce Ct23534
Allison C. Caalim
805 15th St., NW, Suite 210
Washington, DC 20005
(202) 371-8013

 /s/ Thomas G. Moukawsher
Thomas G. Moukawsher Ct08940
Moukawsher & Walsh, LLC
21 Oak St.
Hartford, CT 06106
(860) 278-7000

Attorneys for Named Plaintiffs and the Plaintiff Class

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing Plaintiffs' Brief on Whether an Individual Employee/Plan Administrator Can Be Added as a Defendant and this Certificate of Service, were filed electronically through the CM/ECF system on October 8, 2007. Notice of this filing will be sent by e-mail to all parties listed below by operation of the Court's electronic filing system:

>Joseph J. Costello
>Jeremy P. Blumenfeld
>Jamie M. Kohen
>Morgan, Lewis & Bockius
>1701 Market St.
>Philadelphia, PA 19103-2921
>
>Christopher A. Parlo
>Morgan Lewis & Bockius
>101 Park Avenue
>New York, NY 10178-0600
>
>James A. Wade
>Erin O'Brien Choquette
>Robinson & Cole, LLP
>280 Trumbull Street
>Hartford, CT 06103-3597

>/s/ Stephen R. Bruce
>Stephen R. Bruce ct23534
>
>Attorney for Plaintiffs