UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANICE C. AMARA, : | |
| GISELA R. BRODERICK, : | |
| ANNETTE S. GLANZ, : | |
| individually and on behalf : | |
| of all others similarly situated, : | |
| : | |
| Plaintiffs, : | |
| : | |
| vs. : | Civil No. 3:01-CV-2361 (MRK) |
| : | |
| CIGNA Corp. and : | |
| CIGNA Pension Plan, : | |
| : | |
| Defendants. : | |

**PROPOSED ORDER**

Having considered the parties' memoranda on remedies, this Court's February 15, 2008 decision, and the entire record in this matter and for the reasons explained in the accompanying memorandum of decision, the Court hereby orders:

1. **Revised Disclosures to Class Members.**

    A. **Section 204(h) Notice.** Within 30 days of the date of this Order, Class counsel shall submit to the Court a revised ERISA §204(h) notice of significant reduction in the rate of future benefit accruals to be distributed to all class members concerning the Plan amendments that Defendants claimed took effect on January 1, 1998 along with the proposed method for distribution. The revised notice shall affirmatively describe the reductions in a manner that is understandable to the

average plan participant and shall correct each of the misleading statements about reductions that are identified in this Court's February 15, 2008 decision. Within 14 days of the date this document is filed, Defendants shall submit to the Court any objections to Class counsel's proposal. The Court will then issue an order finalizing the contents of the notice and how it shall be distributed.

  B. **Summary of Material Modification and Summary Plan Description.** Within 30 days of the date of this Order, Class Counsel shall also submit to the Court a revised summary of material modification/updated summary plan description to be distributed to class members that fully and fairly explains the changes in the Plan amendment Defendants claimed took effect on January 1, 1998 and corrects all of the misleading statements identified in the February 15, 2008 decision. The revised SMM/SPD shall also explain the steps that will be taken under this Order to remedy the previous violations of the disclosure rules. Within 14 days of the date this document is filed, Defendants shall submit to the Court any objections to Class counsel's proposal. The Court will issue an order finalizing the contents of the revised SMM/SPD and how it will be distributed.

  C. **Relative Value Disclosures.** Within 30 days of the date of this Order, Class Counsel shall submit to the Court disclosures of the relative value of benefit options that comply with ERISA and this Court's February 15, 2008 ruling to be

used by CIGNA and its Plan administrators in all future benefit election notices to Plan participants. Within 14 days of the date this document is filed, Defendants will submit to the Court any objections to Class counsel's proposal. The Court will then issue an order on the relative value disclosures including their distribution.

**2.     Part B Is Ineffective Until Adequate Notice Is Given.**

  **A.**     The Part B formula of the CIGNA Pension Plan the Defendants claimed to be effective on January 1, 1998 is ineffective for class members whose benefits under this formula are less than the additional retirement benefits they would have earned under the Part A formulas from January 1, 1998 until the date on which the revised Section 204(h) notice and SMM/updated SPD described above are provided.

  **B.**     Because of the ineffectiveness of Part B until the revised notices are provided, these class members shall earn additional retirement benefits under the Part A Tier 1 and Tier 2 formulas from January 1, 1998, until CIGNA distributes the revised notices about the Part B reductions. To conform with CIGNA's representations, the Court determines, without contest from Plaintiffs, that the additional benefits provided during the period when Part B is ineffective shall be considered to be at least roughly equivalent to the benefits provided under the Tier 1 and Tier 2 formulas if they are no less than 90% of the additional benefits that

would have been earned under those formulas.

**3.    The Plan Must Make Up the Difference to Those Who Did Not Receive Proper Relative Value Disclosures.**

    **A.**    Within 30 days of this Order, the Plan and its trustees and fiduciaries are ordered to identify all class members who elected lump sum distributions after January 1, 1998 when they could have taken more valuable early retirement annuities. Those class members shall be due annuity payments equal to the difference between the two choices. The annuity will be calculated by taking the early retirement annuity they could have chosen and subtracting the prior lump sum distribution converted to annuity form (using the actuarial assumptions specified in ERISA §205(g)(3) as in effect at the time of the distribution).

    **B.**    The annuities described above shall be placed in pay status on or before 90 days of this Order. Past due payments accumulated with interest at CIGNA's prejudgment interest rate shall be distributed at the time of the first monthly payment.

**4.    The Court Will Appoint a Class Action Administrator with a Joint Oversight Committee and Neutral Chair.**

    **A.**    The Court orders that within 30 days of the date of this Order, the parties shall each submit to the Court the names of two persons to represent their respective sides of the lawsuit on a joint oversight committee. At the same time,

Plaintiffs and Defendants shall submit to the Court for its review the names and qualifications of two class action administrators and two potential persons to serve as the neutral chair of the joint committee along with their qualifications and why they should be named. The parties shall have 7 days following the filing to comment on the other parties' submission.

      **B.**    The Court orders that the Joint Committee shall have the responsibility for determining the benefits due to class members under Paragraph 2 of the Order and also for verifying that everyone affected by the inadequate relative value disclosures has been identified and had their benefits remedied as provided in Paragraph 3. The Joint Committee shall also have the responsibility for developing appropriate notices to inform class members about how their benefits were recalculated under Paragraphs 2 and 3 of the Order.

      **C.**    CIGNA shall provide the Joint Committee and its experts with full access to its records for purposes of making these recalculations. Based on the discrepancies which both parties agree sometimes exist in CIGNA's records as to previously-earned retirement benefit amounts, years of credited service, early retirement eligibility, and Free 30% survivor's eligibility, the Joint Committee shall also determine and prescribe how the class action administrator will systematically check for and correct any such discrepancies to resolve that part of

Plaintiffs' Claim 5.

**D.** Each party's representatives on the Joint Committee shall have full authority to bind the party on all related issues. The Committee will submit any disputes which are not resolved by the neutral chair in the form of requests for additional orders to carry out the relief the Court has ordered. The reasonable costs of the Joint Committee, the class action administrator, and any experts needed to assist the Committee shall be paid as an administrative expense of the Plan.

**5. Class Counsel Will Submit a Motion for Prejudgment Interest, Provisions for Deceased and Unlocated Class Members, Incentive Awards, and Attorneys' Fees and Expenses.**

**A.** Within 45 days of the date of this Order, Class Counsel shall file any motion they wish to make with respect to prejudgment interest, provisions for deceased and unlocated class members, incentive awards to the named Plaintiffs and witnesses, and attorneys' fees and expenses.

**B.** Defendants shall file their responses to any of these motions within 20 days after the motions are filed. Any replies shall be filed within 10 days.

**IT IS SO ORDERED.**

_____
Hon. Mark. R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: _____, 2008.**