UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANICE C. AMARA, GISELA R. BRODERICK, ANNETTE S. GLANZ individually and on behalf of all others similarly situated, : : : : : Plaintiff, : : vs. : CIGNA Corp. and CIGNA Pension Plan, : : : Defendants. : : | Civil. No. 3:01-CV-2361 (MRK) May 16, 2008 |

### DECLARATION OF SHARON L. TAULMAN

1. My name is Sharon L. Taulman. I have over 25 years of experience in computer systems, software and databases and over 12 years of experience in both retirement plan administration and class action administration. I graduated with a B.B.A in Accounting in 1978 from Texas A&M University and an M.B.A in Management in 1981 from the University of North Texas. I am over 21 years of age and make this Declaration based on personal knowledge.

2. I have set up a database for Plaintiffs' counsel to compile the various databases that CIGNA has produced in this litigation to date and to develop the calculation routines to recalculate retirement benefits. Along with Mr. Bruce, I met with representatives of CIGNA and Prudential in Hartford in January, 2006 and in April, 2007 to go over the databases that CIGNA/Prudential possess and to enhance my understanding.

3. The database that I have developed recalculates Part A Tier 1 and Tier 2 benefits. At this stage, the recalculations are not entirely precise. For example, the database is not set up to

1

run a subroutine to recompute Social Security benefits for offset purposes. In addition, the last data update that Plaintiffs' counsel received was in August 2006.

4. The database is also not currently set up to separately calculate wear-away periods. But I have taken the wear-away periods that Plaintiffs' counsel supplied based on CIGNA's printouts and calculations that Plaintiffs' and Defendants' actuarial experts have otherwise performed for the nine named Plaintiffs and witnesses listed in Mr. Poulin's Exhibit 7. Using those wear-periods, I brought the benefit credits allocated to the participants' accounts during those years forward with interest to 12/31/2007. I then compared those values with the value of the benefit increases that these participants would have if Part A continued to be effective.

5. I calculate that the percentage of the benefit losses accounted for by the wear-aways for these nine individuals is approximately 21%. If the two persons without wear-aways (Barbara Hogan and Stephen Curlee) are excluded from the calculation, the percentage is approximately 25%.

6. The percentages of the benefit reductions accounted for by wear-away are not consistent from individual to individual. For some Tier 2 formula employees whose tenure ended close to the end of the wear-away effect, the percentage of the benefit reductions accounted for by wear-away may exceed 60%. For others like Ms. Broderick, it could be less than 20%. For employees like Barbara Hogan, it is 0%.

7. As indicated, these calculations can be performed with more precision, but I believe this provides the Court with useful information on the benefit losses accounted for by wear-away.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May 16, 2008

_____
Sharon L. Taulman