UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Janice C. Amara, Gisela R. Broderick, Annette S. Glanz, individually and on behalf of all others similarly situated, : : : : Plaintiffs, : : vs. : : CIGNA Corp. and CIGNA Pension Plan, : : : Defendants. : : | Civil. No. 3:01-CV-2361 (MRK) July 3, 2008 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO DEFER CONSIDERATION OF CLAIM FOR ATTORNEYS' FEES PENDING APPEAL**

Stephen R. Bruce Ct 23534
Allison C. Pienta
805 15th St., NW, Suite 210
Washington, DC 20005
(202) 371-8013

Thomas Moukawsher Ct 08940
Moukawsher & Walsh, LLC
21 Oak Street
Hartford, CT 06106
(860) 287-7000

Attorneys for the Plaintiff Class

**Table of Contents**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.  F.R.C.P. 54 and 58 Permit the District Court to Defer a Determination of Fees Until After an Appeal; Deferral Is Appropriate Here for the Same Reasons that the Court Stayed Implementation of the Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. A Decision on Fees Is Impractical Because F.R.C.P. 23(h)(1) Requires that Notice of the Fee Motion Be Directed to the Class Before Any Decision Is Reached; It Is Impractical to Provide Notice to the Class When the Relief Has Been Stayed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Introduction**

Plaintiffs file this memorandum pursuant to the Court's June 13, 2008 Memorandum of Decision (dkt. #285) directing Plaintiffs to file a brief on the issue of attorneys' fees. Considering all the circumstances, including the stay the Court issued on all of the remedies laid out in the opinion and the relief which the Court declined to provide for the violations of ERISA's Section 204(h) notice requirement and the Summary of Material Modification disclosure requirement, Plaintiffs respectfully ask that the Court defer consideration of the claim for attorneys' fees until appeals are resolved.

**I.    F.R.C.P. 54 and 58 Permit the District Court to Defer a Determination of Fees Until After an Appeal; Deferral Is Appropriate Here for the Same Reasons that the Court Stayed Implementation of the Relief Ordered.**

Plaintiffs submit that their request for attorneys' fees will be more appropriately resolved after the Second Circuit reviews this Court's decisions on liability and remedies. The Federal Rules allow for the deferral of the issue of attorneys' fees until appeals are complete. The 1993 Advisory Committee Notes to F.R.C.P. 54 state: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Accord, *Mendes Junion Int'l Co. v. Banco do Brasil*, 215 F.3d 306, 313 (2d Cir. 2000) (citing Rule 58 and observing that "in some cases the district court might prefer to address requests for attorneys' fees only after the merits of the underlying judgment have been reviewed"); *Local Union No. 1992 of IBEW v. The Okonite Co.*, 358 F.3d 278, 287 (3d Cir. 2004) ("[I]t is often the

case that an order embodying a final judgment leaves open the assessment of attorneys fees"; "Rule 58 expressly allows a court to defer the determination of attorneys' fees"); *Tancredi v. Metropolitan Life Ins. Co.*, 256 F.Supp.2d 196, 1999 (S.D.N.Y. 2003), rev'd on other grounds, 378 F.3d 220 (2d Cir. 2004) (under Rule 54(d)(2), "a district court remains free, notwithstanding an appeal from a judgment on the merits...to defer such motion until the appeal is decided").

The 1993 Advisory Committee Notes to Rule 58 provide that "[p]articularly if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved." Here, this Court has already recognized that there are substantial issues on appeal which justify staying relief. Slip Op. at 49-50. For the same reasons, it is appropriate for the Court to defer the issue of attorneys fees until the appeals are resolved. The outcome of the appeals may affect Plaintiffs' request for fees. If the parties and the Court were to address fees now, the notice to the class, the briefing, the supporting documents, and the Court's decision could all be required to be revisited and revised after the appeals are resolved.

**II.    A Decision on Fees Is Impractical Because F.R.C.P. 23(h)(1) Requires that Notice of the Fee Motion Be Directed to the Class Before Any Decision Is Reached; It Is Impractical to Provide Notice to the Class When the Relief Has Been Stayed.**

Perhaps most critically, it is appropriate to defer a decision on attorneys' fees until after the appeal because the stay which the Court has issued combined with F.R.C.P.

2

23(h)(1) make it impractical to do anything else. F.R.C.P. 23(h)(1) requires that "[n]otice of the motion [for fees] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." This Court's June 13th decision ordered that "all of the remedies laid out in this opinion are to be stayed pending their review by the Court of Appeals for the Second Circuit." Slip Op. at 50. It is impractical to provide notice to the members of the class of a motion for attorneys' fees based on remedies which have all been stayed and which may be modified, either in favor of the class or in favor of CIGNA, as a result of appeals.

**Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that consideration of their claim for fees be deferred pending appeal.

Dated: July 3, 2008

Respectfully submitted,

 s/ Stephen R. Bruce
Stephen R. Bruce Ct23534
Allison C. Pienta phv01316
805 15th St., NW, Suite 210
Washington, DC 20005
(202) 371-8013

 s/ Thomas G. Moukawsher
Thomas G. Moukawsher Ct08940
Moukawsher & Walsh, LLC
21 Oak St.
Hartford, CT 06106
(860) 278-7000

Attorneys for Plaintiff Class