UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
JANICE C. AMARA, GISELA          :   3:01 CV 2361 (MRK)
R. BRODERICK, AND ANNETTE S.     :
GLANZ individually, and on behalf :
of others similarly situated,    :
                                 :
                    Plaintiffs,  :
          v.                     :
                                 :
CIGNA CORP. AND CIGNA            :
PENSION PLAN,                    :
                                 :
                    Defendants.  :
                                 :
---------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW
ON THE APPROPRIATE BOND AMOUNT**

**I.   INTRODUCTION**

The parties have been unable to reach agreement on the appropriate amount of the bond to be posted by Defendants CIGNA Corporation ("CIGNA") and the CIGNA Pension Plan (the "Plan") pending their appeal in this case. Plaintiffs have advised Defendants that they believe the appropriate amount of the bond is $140 million. By contrast, Prudential, the Plan's record-keeper, has calculated that the immediate financial impact of the Court-ordered "A+B" remedy (which includes liability associated with any relative value claims) to the Plan would range from $2.3 million to $25 million in payments of additional benefits and interest to those class members who have already retired. Although the total exposure to the Plan as other class members retire in future years would be approximately $68 million, Defendants respectfully submit that only the amount that would have been due immediately to class members had the

judgment not been stayed should be secured under Federal Rule of Civil Procedure 62(c).

Accordingly, the Court should require a bond of no more than $25 million.

**II.     The Court Should Require Defendants to Post a Bond That Is Sufficient to Secure the Payments That Would Presently Be Due to Class Members Had the Court Not Stayed the Judgment.**

Rule 62 of the Federal Rules of Civil Procedure allows for the stay of the enforcement or execution of a judgment entered by a district court. Specifically, Rule 62(c), which the Court cited in staying the judgment in this case, provides:

> While an appeal is taken from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

Fed. R. Civ. P. 62(c).

The purpose of a bond required under Rule 62(c) is simply to secure payment of the amounts awarded. As noted in its June 13, 2008 Memorandum of Decision, the Court required Defendants to post a bond "in recognition of Plaintiffs' interest in guaranteeing that any award affirmed is indeed paid. . . ." June 13, 2008 MOD at 50. *See also Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1190-91 (5th Cir. 1979). ("The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal."). Thus, the bond required by the Court should only be in an amount sufficient to accomplish this purpose, and "should not be used as a penalty for a party availing itself of its appeal rights. . . ." *Id.* at 1190.

Here, the Plan's total additional liability as a result of the Court's judgment is approximately $68 million. *See generally* Declaration of Matthew J. Henderson, dated July 11, 2008 attached hereto as Exhibit A ("Henderson Dec'l"), and at ¶17. Of that amount, however, only between $2.3 million and $25 million would have been due to class members as of the date

2

of the judgment. Henderson Dec'l at ¶¶18-22. The actual amount due within that broad range depends on whether the benefits already received by class members are attributed towards their Part A annuity benefits or their Part B benefits (or some combination thereof). Henderson Dec'l at ¶20. The rest of the $68 million represents benefits to which Plaintiffs and the class are not yet entitled, but which would be payable by the Plan in the future, as additional class members retire and additional annuity payments are payable. Henderson Dec'l at ¶17. Such payments would be made to retirees in the form of annuities under Part A, or lump sums and annuities under Part B. To put it differently, had the Court not stayed its judgment, the Plan would have been required to make immediate additional benefit payments only to those class members who had already retired, and only in an amount between $2.3 million and $25 million.

Under these circumstances, the Court should exercise its discretion under Rule 62(c) and require Defendants to post a bond in an amount of no more than $25 million. This should be more than an adequate to provide the security Rule 62(c) affords to Plaintiffs and the class. This is particularly true where, as here, the Plan's assets are held in trust and no evidence exists that CIGNA, a company with $1.115 billion in net income in 2007 (*see* CIGNA Corp. 2007 10-K), would be unable to pay any additional required contributions to the Plan. *See Berger v. Xerox Retirement Income Guaranty Plan*, No. 00-cv-0584 (S.D. Ill. Dec. 18, 2002) (staying execution of judgment and ordering payment of additional pension benefits without need for posting of bond where the defendants have sufficient assets to pay the benefits) (copy attached hereto as Exhibit B).

### III. CONCLUSION

For the foregoing reasons, this Court should find that a bond in an amount of no more than $25 million is appropriate in this case, and order Defendants to post a bond in that amount to secure this Court's stay pending resolution of this matter on appeal.

Dated: July 11, 2008                                                    Respectfully submitted,


By: /s/ Joseph J. Costello

**MORGAN, LEWIS & BOCKIUS LLP**
Joseph J. Costello
Jeremy P. Blumenfeld
Jamie M. Kohen
*Admitted pro hac vice*
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5295/5258/5472
(215) 963-5001 (fax)

**ROBINSON & COLE**
James A. Wade (CT # 00086)
280 Trumbull Street
Hartford, Connecticut 06103
(860) 275-8270
(860) 275-8299 (fax)

*Attorneys for Defendants*
*CIGNA Corporation and CIGNA Pension Plan*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Defendants' Memorandum of Law on the Appropriate Bond Amount was was filed electronically through the CM/ECF system on July 11, 2008. Notice of this filing will be sent by e-mail to all parties listed below by operation of the Court's electronic filing system. The parties may access this filing through the Court's CM/ECF system.

Thomas G. Moukawsher
Moukawsher & Walsh, LLC
328 Mitchell Street
Groton, CT  06340

Stephen R. Bruce
805 15th Street, NW
Suite 210
Washington, DC  20005

By: /s/ Joseph J. Costello
Joseph J. Costello