**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

------------------------------------------------------X
:
JANICE C. AMARA, GISELA        :   3:01 CV 2361 (MRK)
R. BRODERICK, AND ANNETTE S.   :
GLANZ individually, and on behalf :
of others similarly situated,  :
:
      Plaintiffs,   :
  v.                       :
:
CIGNA CORP. AND CIGNA          :
PENSION PLAN,                  :
:
      Defendants.  :
:
------------------------------------------------------X

**DEFENDANTS' REPLY MEMORANDUM OF LAW**
**ON THE APPROPRIATE BOND AMOUNT**

**I. INTRODUCTION**

In their July 11, 2008 submission, Plaintiffs argue that the Court should require Defendants CIGNA Corporation ("CIGNA") and the CIGNA Pension Plan (the "Plan") to post a bond in the amount of $106 million pending Defendants' appeal. For at least two reasons, however, Plaintiffs' estimate is grossly inflated. First, it is grounded in the erroneous assumption that the bond should cover even those amounts that would not be immediately due to class members in the absence of a stay of the Court's judgment. Plaintiffs fail to identity any support for imposing such an unnecessary burden on Defendants under Federal Rule of Civil Procedure 62(c). Second, the Plan's actuary, Matthew Henderson from Prudential, has identified a number of flawed assumptions upon which Plaintiffs' estimate is based.

Prudential has also calculated the exposure amount of 400 additional class members who were identified in Defendants' original submission to the Court, but whose additional benefits

had not yet been quantified. Accounting for these additional class members adds no more than $2 million to the Plan's total exposure. Accordingly, Defendants urge the Court to impose a bond requirement of no more than $27 million.

## II. THE BOND SHOULD BE FOR THE AMOUNT OF EXPOSURE PRESENTLY OWED, WHICH IS NO MORE THAN $27 MILLION.

The most significant difference between Plaintiffs' and Defendants' proposed bond amount is that Plaintiffs argue that the bond should represent the full liability owed now and in the future on the judgment, whereas Defendants suggest that the bond represent only the actual benefits that would be presently due to class members in the absence of Defendants' appeal. As Defendants explained in their original submission, under Federal Rule of Civil Procedure 62(c) the bond amount should represent the amount that Defendants would have to pay had the Court not stayed execution of the judgment – and no more.

Rule 62(c) seeks to ensure that a bond protects plaintiffs' interests pending appeal. *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979). Here, Plaintiffs' interests are protected by requiring a bond representing the amount the Plan would pay now absent any appeal, which is only those amounts immediately due to class members who already commenced benefits. Requiring instead that the bond also secure future payments to class members who have not yet commenced benefits would put those class members in a better position than all other Plan participants. Given that all participants' claims to benefits depend on the adequacy of funds in the Plan trust, no justification exists to put those class members in a better and more secure position to the disadvantage of Plan participants who are not part of the class. *See* 29 U.S.C. Sec. 1322 (providing for guarantee of "all non-forfeitable benefits" by Pension Benefit Guaranty Corporation); *C.f. Arndt v. Security Bank S.S.B. Employees' Pension Plan*, 182 F.3d 538, 542 (7th Cir. 1999) (finding preferential

2

treatment of one plan participant inappropriate because pension plan administrator "has a fiduciary duty toward *all* plan participants") (emphasis added).

Prudential calculated the Plan's total exposure for the Court-ordered "A+B" remedy (which includes liability associated with any relative value claims) to be approximately $68 million. However, as noted in Matthew Henderson's original declaration, that figure did not take into account 400 class members whose data had not yet been analyzed at the time of Defendants' submission. Declaration of Mathew J. Henderson dated July 11, 2008, at ¶10. Prudential has since calculated that accounting for these 400 class members increases the total exposure by a maximum of $2 million dollars. Declaration of Matthew Henderson dated July 18, 2008 ("Henderson Reply Decl'n") attached hereto as Exhibit A, at ¶¶3-4. It follows, therefore, that the immediate financial impact of the judgment would increase by no more than $2 million dollars. Consequently, the benefits immediately due to class members in the absence of a stay range from $4.3 million to $27 million. Thus, Defendants' position is that no more than $27 million is currently owed to class members, and therefore the maximum bond amount required should be no more than $27 million.

### III. PLAINTIFFS' ESTIMATE OVERSTATES THE EXPOSURE FOR THE COURT-ORDERED "A+B" REMEDY.

Plaintiffs contend that the amount of exposure for the A+B remedy the Court ordered totals $106 million. They base this estimate on an examination of certain Plan data by Plaintiffs' expert, Sharon Taulman. Ms. Taulman's analysis overstates the exposure for at least three reasons.

First, Ms. Taulman assumed certain early retirement value factors, whereas Prudential actually calculated the expected value of the early retirement subsidies for individual class members at their assumed commencement age. As a result, Plaintiffs overstated the Plan's

3

exposure by approximately $18 million.  Henderson Reply Decl'n at ¶5.  Next, Ms. Taulman overestimated the number of Tier 1 participants eligible for a more valuable subsidy on the Tier 1 benefit that was converted to an opening balance, leading to an additional overstatement of the Plan's exposure by approximately $26 million.  Henderson Reply Decl'n at ¶6.  Finally, Ms. Taulman also overestimated the impact of the so-called Free 30% benefit, which is only available to some former Tier 1 participants who meet specific eligibility requirements.  Henderson Reply Decl'n at ¶¶7-8.  By contrast, Prudential properly accounted for the Free 30%, recognizing that it would be reflected in both the current Part B minimum benefit and the A+B remedy.  Consequently, its effect on the Plan's overall exposure is de minimis.  Henderson Reply Decl'n at ¶9.

Thus, Plaintiffs' estimate overstates the Plan's total exposure by at least $44 million.  Without that inappropriate $44 million, Plaintiffs' estimated total exposure is actually even less than Defendants' $70 million figure — $62 million.

## IV.    CONCLUSION

In sum, Defendants respectfully submit that the Court should require Defendants to secure only the amount that would have been due immediately to class members had the Court's judgment not been stayed.  For these reasons and the reasons stated in Defendants' original submission, the Court should require a bond of no more than $27 million.

Dated:  July 18, 2008                                    Respectfully submitted,


                                                         By: /s/ Joseph J. Costello

                                                         **MORGAN, LEWIS & BOCKIUS LLP**
                                                         Joseph J. Costello
                                                         Jeremy P. Blumenfeld
                                                         Jamie M. Kohen
                                                         *Admitted pro hac vice*

4

1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5295/5258/5472
(215) 963-5001 (fax)

**ROBINSON & COLE**
James A. Wade (CT # 00086)
280 Trumbull Street
Hartford, Connecticut 06103
(860) 275-8270
(860) 275-8299 (fax)

*Attorneys for Defendants*
*CIGNA Corporation and CIGNA Pension Plan*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Defendants' Reply Memorandum of Law on the Appropriate Bond Amount was filed electronically through the CM/ECF system on July 18, 2008. Notice of this filing will be sent by e-mail to all parties listed below by operation of the Court's electronic filing system. The parties may access this filing through the Court's CM/ECF system.

> Thomas G. Moukawsher
> Moukawsher & Walsh, LLC
> 328 Mitchell Street
> Groton, CT  06340
>
> Stephen R. Bruce
> 805 15th Street, NW
> Suite 210
> Washington, DC  20005

By: /s/ Joseph J. Costello
      Joseph J. Costello