UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
JANICE C. AMARA, GISELA                  :       3:01 CV 2361 (MRK)
R. BRODERICK, AND ANNETTE S.             :
GLANZ individually, and on behalf        :       Trial Dates:
of others similarly situated,            :       September 11-15, 2006
                                         :       January 24-25, 2007
                    Plaintiffs,          :
         v.                              :
                                         :
CIGNA CORP. AND CIGNA                    :
PENSION PLAN,                            :
                                         :
                    Defendants.          :
                                         :
---------------------------------------------------------X

## DECLARATION OF MATTHEW J. HENDERSON

I, Matthew J. Henderson, do depose and state of my own personal knowledge as follows:

1.   I am a Vice President and Senior Consulting Actuary with Prudential Retirement. I have been employed by Prudential since 2001. I also am an actuary for the CIGNA Pension Plan ("the Plan"). I have served as an actuary for the Plan since approximately 2003.

2.   This affidavit supplements the earlier affidavit I submitted in this matter regarding my estimate of the present value of the additional benefits ordered by the Court, and also responds to the affidavit submitted by Sharon Taulman.

3.   In my earlier affidavit, I referenced (in paragraph 10) approximately 400 plan participants who were not included as part of the calculation of the total value of the additional benefits ordered by the Court. I now have had an opportunity to analyze that group to a greater extent. Although individual calculations for these participants were not performed, potential cost for these participants was evaluated by reviewing specific demographics for the group such as

their applicable Part A benefit formula (Tier 1 or Tier 2), their current eligibility for early or normal retirement, and their current status as an active, terminated vested or paid participant.

4.  I estimate that including these additional 400 people would increase my previous valuation by a maximum of $ 2 million in additional benefits, bringing the total to approximately $70 million.

5.  I also have had a chance to review Sharon Taulman's affidavit. In Assumption "D" of her affidavit, Ms. Taulman indicates that she assumed early retirement value factors of 1.25 for Tier 2 and 1.75 for Tier 1. We did not make such assumptions, because we calculated the expected value of the early retirement subsidies for individual class members at their assumed age at commencement as I described in paragraph 16 of my earlier affidavit. For example, the early retirement subsidy for a person who commences his or her Part A benefit at age 63 is less valuable than the early retirement subsidy for a person who commences his or her Part A benefit at age 58 because of the Plan's early retirement reduction schedule and the declining value of the social security supplement as the retirement age increases. I estimate that using Ms. Taulman's assumptions, instead of the actual individual subsidy values I calculated, results in an overstatement of the value of the benefits by approximately $18 million.

6.  In addition, Ms. Taulman indicates she determined that 19 percent of the non-annuitants eligible for early retirement (307 out of 1,635) were Tier 1 participants eligible for a more valuable subsidy on the Tier 1 benefit that was converted to an opening balance, as opposed to Tier 2 participants eligible for a less valuable subsidy on the Tier 2 benefit converted to an opening balance. The Plan's records reflect that only 3 percent of the early retirement eligible non-annuitants who had either a Tier 1 or Tier 2 benefit converted to an opening balance (54 out of 1,624) were Tier 1 participants. Ms. Taulman's affidavit does not describe how she

determined whether individuals were Tier 1 or Tier 2, so I cannot determine how she arrived at her conclusion. I estimate that using Ms. Taulman's proportion of Tier 1 early retirement eligible non-annuitants instead of the actual numbers from Plan records results in an additional overstatement of the value of the benefits by approximately $26 million.

7.  Finally, in Assumption "F" of her affidavit, Ms. Taulman indicates that she applied a 1.10 value factor to account for the so-called Free 30% benefit for former Tier 1 participants. A subsidized post-retirement death benefit, often referred to as "Free 30%," is available to participants with a Tier 1 pension benefit who terminate from employment after becoming eligible for early retirement and have an eligible spouse or domestic partner at benefit commencement. This subsidized death benefit is included in minimum benefit under the current Part B, and would also be available under Part A of the "A+B" approach, for those meeting eligibility requirements. Not all of the participants with a Tier 1 benefit will meet these requirements. This Free 30% benefit is not available to Tier 2 participants.

8.  Using Plaintiffs' assumption of a 10% premium for the Free 30% for all Tier 1 participants that Plan records show are eligible now for early/normal retirement and already have been paid adds 10% to a Part A (of A+B) value of $11M, or a maximum value of $1.1M. The actual Free 30% value added by the remedy will be less because (a) not all of these people were early retirement eligible when they terminated, (b) not all of these people had or will have an eligible spouse or domestic partner when commencing their Part A benefit and (c) this figure does not take into account the additional Part B value of the Free 30% for the minimum benefit. For actives with a Tier 1 minimum benefit who are currently early or normal retirement eligible, Plaintiffs' Free 30% assumption adds to a Part A value of 10% of $2.5M, or a maximum value of another $0.2M. The actual Free 30% value added by the remedy likewise will be less because

3

these employees have yet to retire and may not meet the eligibility criteria for the Free 30% at the time of their retirement.

9. I did not value the Free 30% subsidy in calculating the difference in benefit values between the current plan and the A+B remedy because its effect on the estimated remedy cost appears to be de minimis. I have reached that conclusion based on the fact that (a) Plan records indicate a small number of participants with a Tier 1 minimum benefit are now eligible for early or normal retirement such that they could qualify for the Free 30%, (b) not all of those currently eligible for early or normal retirement were or will be eligible for early retirement at the time of their termination and (c) not all of those currently eligible for early or normal retirement had or will have an eligible spouse or domestic partner at benefit commencement, and (d) even for those meeting the requirements, the subsidy would be reflected in both the current Part B minimum benefit and the A+B remedy.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18th day of July, 2008.

*[signature]*
Matthew J. Henderson