UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANICE C. AMARA, individually and on behalf of others similarly situated, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Case No. 3:01CV2361(MRK) |
| CIGNA CORPORATION and CIGNA PENSION PLAN, | : : : | |
| Defendants. | : : | |

**RULING AND ORDER**

Having failed to reach agreement on the issue of the appropriate amount of the appeal bond that Defendants must post in this case, the parties have submitted briefs in support of their position. *See* Plaintiffs Mem. on Appropriate Amount of Supersedeas Bond [doc. # 296]; Defendants' Mem. of Law on the Appropriate Bond Amount [doc. # 295]; Plaintiffs' Reply Mem. on Appropriate Amount of Bond [doc # 299]; Defendants' Reply Mem. of Law on the Appropriate Bond Amount [doc. # 298].

The parties do not markedly disagree regarding the governing legal principles. The purpose of a bond required by Rule 62(d) of the *Federal Rules of Civil Procedure* is to secure the payment of amounts awarded. *See, e.g., Westpoint Stevens v. Aretex*, 2007 WL 1346616, at *7 (S.D.N.Y. May 9, 2007); *Rand-Whitney Containerboard P'ship v. Maontville*, 245 F.R.D. 65, 69 (D. Conn. 2007). As one of the Court's colleagues has put it, "[t]he philosophy underlying Federal Rule of Civil Procedure 62(d) is that a plaintiff who has won in the trial court should not be put to the expense of defending his judgment on appeal unless the defendant takes reasonable steps to assure

1

that the judgment will be paid if it is affirmed." *Id.*; *see also Lightfoot v. Walker*, 797 F.2d 505 (7th Cir. 1986). Therefore, the bond required by the Court should be in an amount sufficient to accomplish this purpose and should not be used to penalize the party exercising its right to appeal.

Where the parties disagree is in calculating the amount that will reasonably assure that the judgment will be paid. There are two sets of disagreements among the parties. First, CIGNA argues that the bond should cover only those amounts that CIGNA will have to pay immediately as of the date of the judgment, and it should not cover those amounts that CIGNA will have to pay class members in the future. The Court agrees with CIGNA. In requiring a bond for appeal, the Court intended CIGNA to secure only those amounts that it would be required to pay its employees immediately and not all additional amounts CIGNA may have to pay in the future as a result of the Court's declaratory and injunctive relief. There is an important caveat, however. If CIGNA's or the Plan's financial resources should begin to decline markedly during the pendency of the appeal, Plaintiffs may return to the Court to seek an additional amount to protect the rights they secured in this litigation. That flexibility should allay Plaintiffs' concerns over the full amount of benefits awarded by the Court's decision. *See* Plaintiff's Reply Mem. on Appropriate Amount of Bond [doc. # 299] at 4 ("If something happens while the appeal is pending so that CIGNA cannot pay the benefits that are immediately due, how will the future benefits ordered under the Memorandum of Decision be guaranteed?").

Second, the parties disagree over how much CIGNA will have to pay to Plaintiffs immediately. CIGNA's expert contends it is no more than $27 million; Plaintiffs' expert says it is closer to $47 million. Each side's expert advances seemingly valid criticisms in response to the other

2

side's calculations, and if the parties themselves—with their in-depth knowledge of the case and their clients—cannot resolve these disputes, it is difficult to see how the Court can do so on the basis of competing affidavits. The Court is concerned that $27 million proposed by CIGNA may be too low, particularly since CIGNA has the burden of proof on this issue. But the Court is also concerned about the validity of some of the calculations and assumptions made by Plaintiffs' expert. Discounting each side's calculations somewhat and seeking to err on the side of protecting the Plaintiffs, the Court determines that CIGNA should post a bond of $40 million. If during the pendency of the appeal, it appears that this amount is either significantly too low or too high, either party can return to the Court to seek adjustment in the bond amount.

Accordingly, CIGNA shall post an appeal bond of $40 million no later than **August 5, 2008.**

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: July 22, 2008.**