UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANICE C. AMARA *et al*, individually, and on behalf of others similarly situated,<br>  *Plaintiffs*,<br>v.<br>CIGNA CORP. AND CIGNA PENSION PLAN,<br>  *Defendants*. | Civil No. 3:01-CV-2361 (JBA)<br><br>January 10, 2020 |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF RULING ON ENFORCEMENT AND SANCTIONS**

On August 16, 2019, the Court issued a ruling [Doc. # 579] (the "Enforcement Ruling") that denied aspects of Plaintiffs' Motion to Enforce Court Rulings and for Sanctions [Doc. # 571] (the "Enforcement Motion"). Specifically, the Court ruled that Defendant Cigna was in compliance with an earlier ruling [Doc. # 486] (the "Methodology Ruling") that set forth the method for converting already-paid lump sum retirement benefits into annuities. (Enforcement Ruling at 3-4.) In reaching that conclusion, the Court clarified and reiterated its prior ruling that Cigna was to utilize the mortality tables and interest rates in effect at the time the lump sum was received. (*Id.*) Separately, the Court declined to entertain a methodological dispute regarding the payment of early retirement benefits because Plaintiffs had not pursued that issue in their motions related to methodology, and the Court also declined to consider arguments regarding Cigna's February 26, 2019 Plan Amendment that Plaintiffs made for the first time in reply briefing. (*Id.* at 4-5.)

On August 23, 2019, Plaintiffs moved for reconsideration [Doc. # 580] of these aspects of the Court's Enforcement Ruling.

For the reasons set forth below, Plaintiffs' Motion is DENIED.

I. Discussion[1]

Motions for reconsideration require the movant to set "forth concisely the matters or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c)1. The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 4478). This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). If "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision. *Id.*

In support of their motion, Plaintiffs make four principal arguments. First, Plaintiffs argue that the Enforcement Ruling's order as to the "'year(s) to be used to determine the interest rate and mortality table for calculating the annuity value of the lump sum distribution for purposes of determining the offset,'" (Reconsideration Motion at 7 (quoting Enforcement Ruling at 3)), should be reconsidered because it "simply adopts the 'Company Interpretation' that Cigna fabricated *after* this Court's January 2016 and January 2017 methodology rulings" and because the "Court never addresses the arguments Plaintiffs made about the reformation that the Second Circuit affirmed

---

[1] The Court assumes the parties' familiarity with this case's extensive background and history.

requiring Cigna to provide the 'full value' of the A+B relief, the plain terms of the 'the plan provisions' on the Applicable Interest Rate, the regulations prohibiting use of 'lookback' interest rates for present value calculations . . ., and the language in the Section 204(h) notices that this Court approved," (*id.*). Second, Plaintiffs argue that it was error for the Court to treat their motion as to early retirement benefits as foreclosed because Cigna "had an obligation under Second Circuit precedent to seek clarification or modification of the reformation and this Court's orders," (*id.* at 11 (citing *CBS Broadcasting v. FilmOn.com*, 814 F.3d 91, 99-100 (2016)), and because "this Court invited Plaintiffs to file a motion after refusing to hear Plaintiffs' arguments on these issues until Cigna 'implement[ed] its interpretation,'" (*id.* (citing Ruling on Methodology for Calculating Attorneys' Fees [Doc. # 550] at 1-2)). Third, Plaintiffs take the position that the Court was wrong to "'decline[] to consider'" arguments raised on reply related to Cigna's February 26, 2019 Plan Amendment "'to the extent that Plaintiffs raise[d] a new issue.'" (*Id.* at 5 (quoting Enforcement Ruling at 6).) Plaintiffs maintain that their arguments as to Cigna's February 26, 2019 Plan Amendment were properly raised because these arguments were intended "to show that Cigna was continuing the strategy expressly described in its 10-Ks and 10-Q's of applying the 'Company's interpretation' to 'open aspects' of this Court's orders." (*Id.*) Fourth, Plaintiffs contend that reconsideration is necessary because the Enforcement Ruling "does not address the standards for deciding Plaintiffs' motion." (*Id.* at 4.) To this point, Plaintiffs maintain that their Enforcement Motion should have been governed by the standards of an equitable decree and that Cigna as a fiduciary was required to "'diligently attempt to comply with the injunction in a reasonable manner' by seeking clarification from the court," (*id.* (citing *CBS Broadcasting*, 814 F.3d at 99-100)), while Cigna has taken the position that the Enforcement Motion was governed by the contempt standard, (*id.* at 4).

Cigna generally responds that Plaintiffs "fail to identify any data or controlling decisions that the court overlooked in the [Enforcement] Order" and that they "simply rehash the same arguments they have made – and the Court has rejected – for years, even citing to their own briefs as support" as to most issues. (Def.'s Opp. [Doc. # 585] at 1.) Cigna also specifically addresses Plaintiff's four arguments. First, Cigna opposes Plaintiffs' Reconsideration Motion on the basis that the Enforcement Ruling was correct on the merits, as "the Court did not misinterpret its prior methodology orders (Dkts. 459, 485, 486, 507, 517) on interest rates/mortality tables" that ordered "Cigna to convert the Part B amount already paid from a lump sum to an annuity in the year that the Part B amount was paid using the actual assumptions in place that year." (*Id.* at 2.) Second, Cigna states that the Court properly declined to entertain Plaintiffs' argument as to early retirement benefits because Plaintiffs "failed to timely object to the payment of remedy benefits as of the later of the earliest retirement date under Part A or the person's actual benefit commencement date," noting that "[t]his 'later of' approach has not changed since Cigna's 2015 filings." (*Id.* at 2.) Third, Cigna maintains that the Court properly refused to consider Plaintiffs' argument as to the February 26, 2019 Plan Amendment because it amounted to a "new argument and new evidence" raised "for the first time in Reply" and, further, "ha[d] no bearing" on the Enforcement Ruling entered by the Court. (*Id.* at 22.) Fourth, Cigna argues that the Court properly explained the standards it was applying in the Enforcement Ruling as it "interpreted and applied its own prior orders, explained the reasons for its decision, and concluded . . . that Cigna's approach was correct under the A+B methodology ordered by the Court." (*Id.* at 20.)

The Court agrees with Cigna that Plaintiffs are essentially attempting to relitigate issues already decided. Plaintiffs' Reconsideration Motion does not present any previously overlooked

decisions or facts, but instead restates the arguments presented in their Enforcement Motion and subsequent reply.

Although Plaintiffs insist that the Enforcement Ruling conflicts with "the reformation that this Court ordered and the Second Circuit affirmed in 2014," (Reconsideration Motion at 1), the Court cannot agree that it overlooked its previous ruling on reformation, *Amara v. CIGNA Corp.*, 925 F. Supp. 2d 242 (D. Conn. 2012), or the Second Circuit's opinion affirming that ruling, *Amara v. CIGNA Corp.*, 775 F.3d 510, 513 (2d Cir. 2014). Indeed, both of those earlier rulings formed the basis of the very Methodology Ruling that Plaintiffs sought to enforce. The Enforcement Ruling necessarily considered and adhered to those earlier rulings, as the Enforcement Ruling simply reexamined the Methodology Ruling and reiterated the conclusions made there. For the Court to agree that the Enforcement Ruling conflicts with controlling authority would be to disturb the Methodology Ruling itself.[2] Plaintiffs' argument as to controlling authority is thus unavailing.[3]

---

[2] Relatedly, Plaintiffs have made arguments in both their Enforcement Motion and Reconsideration Motion regarding IRC § 417's requirements as to on annuities and interest rates, (*see* Pls.' Reconsideration Reply [Doc. # 586] at 6; Reconsideration Motion at 8; Enforcement Motion at 21-22), which were previously raised and litigated at the methodology phase, (*see, e.g.*, Pls.'s Objs. to Cigna's Revised 204(h) Notices [Doc. # 464] at 17-25 (arguing that IRC § 417 and its implementing regulations prohibit "lookback" interest rates); Pls.' Response to Cigna's Submission on Methodology [Doc. # 437] at 43 (raising argument that "regulations allow 'look-backs' but for no more than five months")). The Court did not overlook these arguments previously in finalizing its methodology, and thus it has no obligation to revisit them now.

[3] To the extent that Plaintiffs raised other arguments as to controlling authority in their supplemental notices, these also fail.

In their First Notice of Supplemental Authority [Doc. # 581], Plaintiffs provided the Court with a collection of ten recent lawsuits from across the country that "challenge the use of 'old and outdated' interest rates and mortality tables in order to lower retirement benefits compared with retirement benefits calculated using current interest and mortality factors." (First Notice of

Plaintiffs' Reconsideration Motion also fails to identify any facts that the Court overlooked that would alter its conclusion. Plaintiffs argue that the Court should reconsider the Enforcement Ruling because it did not "address how named Plaintiff Annette Glanz's or deposition witness Steven Curlee's retirement benefits are being diminished by Cigna's use of 'lookback' interest rates and 'outdated,' and unlawful, mortality tables." (Reconsideration Motion at 1.) Plaintiffs had used these beneficiaries as examples to show how the use of interest rates and mortality tables in place at the time the lump sum was received "would cut into 'the full value' of the A+B relief." (Enforcement Motion at 26.) Although the Enforcement Ruling did not discuss these specific examples, they were presented in Plaintiffs' briefing along with the demonstration of how these beneficiaries would receive more compensation if the Court were to adopt the methodology that Plaintiffs now advance. The Court was not persuaded that this argument was relevant to enforcing the methodology *actually adopted*, and so did not address it in its ruling. Because the Court has previously considered these facts, the Court has no need to reconsider these facts now.

Plaintiffs' argument as to Cigna's February 26, 2019 Plan Amendment also fails to satisfy the standard for reconsideration. Plaintiffs introduced their argument that the Cigna Plan

---

Supplemental Authority at 2.) All of these cases are in the early stages of litigation, and none has produced an opinion that is binding on this court.

Plaintiffs also filed a Second Notice of Supplemental Authority [Doc. # 587] alerting the Court to the Second Circuit's recent decision in *Laurent v. PricewaterhouseCoopers LLP*, No. 18-487-CV, 2019 WL 7042414 (2d Cir. Dec. 23, 2019). In that case, the Second Circuit "authorize[d] district courts to grant equitable relief -- including reformation -- to remedy violations of subsection I of ERISA, even in the absence of mistake, fraud, or other conduct traditionally considered to be inequitable." *Id.* at *6. Although that case *is* controlling authority, the Court does not see how this proposition about the *availability* of a remedy is relevant to the enforcement of the remedy here.

Amendment was "clearly contemptuous of the Class' rights under the reformation and the Court's methodology orders and of this Court's authority to enforce its own orders" on reply, (Pls.' Enforcement Reply [Doc. # 573] at 2), and, as such, the Court declined to consider this argument "to the extent that Plaintiffs raise a new issue," (Enforcement Ruling at 6 n.1). In doing so, the Court considered whether the Cigna Plan Amendment had relevance as to Plaintiffs' earlier arguments regarding the annuitization of the offsets but otherwise foreclosed any new argument that the Cigna Plan Amendment itself was contemptuous and in violation of the Court's earlier rulings. Such an approach was not manifestly unjust, as arguments made in a reply brief cannot be used to broaden the issues before the Court. *See Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993).

Finally, Plaintiffs assert that reconsideration is necessary on the grounds that the Enforcement Ruling did not directly address the standard of review, citing *Beckford v. Portuondo*, 234 F.3d 128 (2d Cir. 2000), in support of this argument. In *Beckford*, the Second Circuit remanded a two-sentence summary judgment order and explained that the decision was "too spare to serve as a basis for [appellate] review." *Id.* at 130. The Court explained that the district court must explain the standard it applies to facts, and that it must set forth the "legal theory forming the basis of the ruling." *Id.* (quoting *Atkinson v. Jory*, 292 F.2d 169, 171 (10th Cir. 1961)). The eight-page Enforcement Ruling satisfied those requirements. In addressing what was ultimately a purely legal question, the Court provided references to its prior opinions and elaborated on the logic behind its earlier conclusions. Thus, the Court has set forth its "conclusions of law sufficient to permit appellate review" of its Enforcement Ruling. *Badgley v. Santacroce*, 815 F.2d 888, 889 (2d Cir. 1987).

In sum, Plaintiffs have not satisfied the strict standard for reconsideration, and the Court will not alter its Enforcement Ruling.

## II. Conclusion

For the reasons set forth above, the Court DENIES Plaintiffs' Motion.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 10th day of January 2020.